## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:_____

DR. JASSIN JOURIA

        Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant.

_____/

### PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT
### AND RELIEF PURSUANT TO 17 U.S.C. §101 *et seq*., AND FOR NO BREACH OF
### CONTRACTS

Plaintiff, Dr. Jassin Jouria ("Plaintiff"), files this complaint for declaratory judgment

against the Defendant CE Resource, Inc., doing business as CME Resource and NetCE

("Defendant"), and alleges as follows:

### NATURE OF THE ACTION

1.      Plaintiff seeks declaratory judgment of non-infringement of alleged copyrights, and for non

      breach of seven contracts asserted against Plaintiff by Defendant.  A copy of the seven

      contracts is attached to this complaint as composite Exhibit 1.

2.      Defendant has asserted that Plaintiff is infringing Defendant's alleged copyrights, and has

      breached seven contracts related to research material compiled by Plaintiff and articles

      written by him for Defendant pertaining to continuing medical education for medical

      professionals.

3.      Plaintiff denies that he has infringed any copyrights allegedly owned by Defendant, and

denies that he has breached any contracts he entered into with Defendant.

## THE PARTIES

4.    Plaintiff is a medical doctor and medical researcher residing in the State of Florida, and

within this Southern District of Florida.

5.    Upon information and belief, Defendant is a California corporation with a principal place of

business address located in Roseville, California.

## JURISDICTION AND VENUE

6.    This is an action for declaratory judgment arising under (i) the United States Copyright Act

of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"); (ii) 28 U.S.C. §§2201 and 2202 (the

Declaratory Judgment Act); and (iii) the court's supplemental jurisdiction over the contract

claim.   Thus, this Court has original jurisdiction over the subject matter of this action

pursuant to 28 U.S.C. §§1331, 1338 and 1367.

7.    Defendant is also subject to the personal jurisdiction of this court because the Defendant

regularly conducts business in the State of Florida and throughout this District, and entered

into the contracts at issue with Plaintiff who executed them in this District.   In addition,

Defendant's false assertions of infringement of alleged copyrights, and contract breaches,

were directed to the Plaintiff in the state of Florida.   Thus, this court has both general and

specific personal jurisdiction over the Defendant.

8.    Venue of this action is proper in the Southern District of Florida under 28 U.S.C. §

1391(b)(1) and (2) because Defendant is subject to the personal jurisdiction of this court in

this judicial district and thus qualifies as a resident of this judicial district under 28 U.S.C.

§ 1391(c)(2).  In addition, a substantial part of the events giving rise to Plaintiff's claims has

occurred in the Southern District of Florida.

## FACTUAL BACKGROUND

9.    Plaintiff re-avers and re-states the foregoing Paragraphs 1-8 inclusively as if fully set forth herein.

10.    Plaintiff is a medical doctor, and a medical researcher and writer.

11.    Between 2012 and 2013, Plaintiff entered into seven written contracts in Florida with Defendant.  Under the terms of the contracts, Plaintiff was engaged by Defendant to render medical research and writing services for Defendant's review and consideration for publication.  These services were directed to research for continuing medical education articles to be offered to medical professionals by Defendant.  Plaintiff completed the required research, drafted articles derived from the research in accordance with the terms of the contracts, and was compensated for his services at the parties' agreed-upon rate.

12.    Upon receipt by Defendant of Plaintiff's drafted articles, Defendant thereafter had the right to edit them for the purpose of publishing the articles in the form of course material for continuing medical education.

13.    Subsequently, Plaintiff used the same research and prepared new articles that were substantially different from those prepared for Defendant.  The subsequent articles were then sold to a third party.

## DEFENDANT'S ACTS COMPRISING ACTUAL CONTROVERSY

14.    Plaintiff re-avers and re-states the foregoing Paragraphs 1-13 inclusively as if fully set forth herein.

15.    On April 15, 2015, Defendant threatened litigation against Plaintiff, asserting that Plaintiff

is infringing Defendant's claimed copyrights in the seven articles written by Plaintiff pursuant to the seven agreements. As part of the threatened litigation, Defendant also asserts that the Plaintiff is in breach of the seven agreements for using the same or similar research to write new and different articles for a third party. Such threats were communicated through written correspondence between counsel for Defendant, and Plaintiff, which clearly and unambiguously articulated Defendant's intent to commence litigation to enforce Defendant's purported intellectual property and contractual rights.

16.     More specifically, as part of the written correspondence counsel for Defendant sent to Plaintiff dated April 9, 2015, the letter expressly asserted that Plaintiff "materially breached the terms of the various [agreements]," and that Plaintiff may have "violated [Defendant's] rights under (1) United States Copyright Law (Title 17 of the United States Code)." In the same letter, Defendant demanded of Plaintiff that he cease and desist from his "unlawful" conduct; provide an accounting of sales to the third party; provide documentation between Plaintiff and the third party; pay to Defendant $200,000.00; preserve all records; and provide an affidavit complying with the demands.

17.     There presently exists a justiciable controversy regarding the Plaintiff's right to utilize his medical research to write articles for third parties free of any allegation by Defendant that such conduct constitutes an infringement of any intellectual property rights, or contractual rights, allegedly owned by Defendant.

## FIRST CLAIM FOR RELIEF

### (Non-Infringement of Copyright)

18.     Plaintiff re-avers and re-states the foregoing Paragraphs 1-17 inclusively as if fully set forth

herein.

19.     This is a declaratory judgment action under (i) the United States Copyright Act of 1976, 17

        U.S.C. § 101 *et seq.* (the "Copyright Act"), and 28 U.S.C. §§ 2201 and 2202 (the Declaratory

        Judgment Act). As an actual justiciable controversy exists by way of the credible threat of

        immediate litigation and demand to cease and desist writing medical articles by Plaintiff for

        third party use, Plaintiff seeks relief from this Court.

20.     Plaintiff is entitled to a declaratory judgment that he is not infringing, has not infringed, and

        is not liable for infringing, contributing to infringement, and/or inducing infringement of any

        valid copyright owned by Defendant relating to the medical research compiled by Plaintiff

        for use in articles he has written for Defendant pursuant to the parties' various written

        contracts.

## SECOND CLAIM FOR RELIEF

### (Non-Breach of Contracts)

21.     Plaintiff re-avers and re-states the foregoing Paragraphs 1-17 inclusively as if fully set forth

        herein.

22.     This is a declaratory judgment action under 28 U.S.C. §§ 2201 and 2202 (the Declaratory

        Judgment Act), and pursuant to the Court's supplemental jurisdiction to adjudicate the

        parties' rights and obligations created pursuant to the aforementioned seven written

        contracts.  As an actual justiciable controversy exists by way of the credible threat of

        immediate litigation by Defendant alleging that Plaintiff is in breach of the contracts,

        Plaintiff seeks relief from this Court.

23.     Plaintiff requests an order declaring that the Plaintiff is not in breach of the aforementioned

seven written contracts.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff seeks judgment awarding it the following relief:

(A)    An order declaring that Plaintiff has not infringed, directly, by contribution and/or by inducement, any valid copyright owned by Defendant relating to medical research compiled by Plaintiff and any articles written by Plaintiff for the benefit of Defendant pursuant to the parties' written contracts;

(B)    An order declaring that Plaintiff has not breached any of the seven written agreements entered into by and between the parties;

(C)    An order awarding attorneys' fees, costs, and expenses incurred in connection with this action to Plaintiff as provided by statute, 17 U.S.C. §101 *et. seq*; and

(D)    An order awarding such other and further relief as this Court deems just and proper.


Dated: June 2, 2015

                                        Respectfully Submitted,



                                        /s/ Richard S. Ross, Esq.
                                        RICHARD S. ROSS, ESQ.
                                        Attorney for Plaintiff Dr. Jassin Jouria
                                        Fla. Bar No. 436630
                                        Atrium Centre
                                        4801 South University Drive
                                        Suite 237
                                        Ft. Lauderdale, Florida 33328
                                        Tel 954/252-9110
                                        Fax 954/252-9192
                                        E mail: prodp@ix.netcom.com