**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 0:15-cv-61165-WPD**

DR. JASSIN JOURIA

Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

Defendant.

______________________________________/

**DEFENDANT NETCE'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND COUNTERCLAIMS AND TO FILE A THIRD PARTY COMPLAINT**

Defendant CE Resource, Inc. d/b/a CME Resource and NetCE ("NetCE"), by and through its attorneys, hereby moves this Court for leave to amend its Answer and Counterclaims, filed in the United States District Court for the Southern District of Florida on October 6, 2015 [ECF No. 10], and to add claims pursuant to Rule 14(a) against third parties Elite Continuing Education, Inc. ("Elite"), and Alpine Management Services III, LLC ("Alpine") . A copy of the Amended Answer and Counterclaims is attached hereto as Exhibit A.

## I. INTRODUCTION

Defendant filed its original Answer and Counterclaims in this matter on October 6, 2015. On October 23, 2015, Dr. Jassin Jouria filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Florida [ECF No. 17]. This Court, on October 26, 2015, issued an order staying this action and denying as moot NetCE's Motion to Dismiss, Transfer, or Consolidate the Complaint [ECF No. 18], which NetCE had filed alongside its Answer and Counterclaims on October 6, 2015. Dr. Jouria's bankruptcy case was dismissed with prejudice

and this Court issued an order lifting the stay on June 15, 2016 [ECF No. 25]. This Court later entered a scheduling order on July 20, 2016, which included a deadline for amending pleadings and adding parties of March 9, 2017 [ECF No. 27].

During the seven months in which the stay was in place, NetCE has discovered additional parties and facts giving rise to additional causes of action. Consequently, NetCE seeks leave to amend its Answer and Counterclaims to reflect and incorporate these additional allegations.

## II. STATEMENT OF FACTS

Dr. Jouria filed the original Complaint in this matter (the "Florida Lawsuit") on June 2, 2015, seeking declaratory relief of no copyright infringement and no breach of contract. On September 4, 2015, NetCE filed a lawsuit regarding the same facts (the "California Lawsuit") in the United States District Court for the Eastern District of California (the "California Court"). The California Lawsuit named Dr. Jouria and Elite as defendants in actions for copyright infringement, breach of contract, tortious interference with contractual relations, and unfair business practices under California Business and Professions Code s. 17200, *et seq*. Shortly after NetCE filed the California Lawsuit, on September 15, 2015, NetCE was served the complaint in the Florida Lawsuit. On October 6, 2015, in the United States District Court for the Southern District of Florida ("Florida Court"), NetCE timely filed its Answers and Counterclaims against Dr. Jouria for copyright infringement, breach of contract, and unfair business practices under California Business and Professions Code s. 17200, *et seq* . On that day, NetCE also filed a motion ("NetCE's Motion") to dismiss, transfer (to the California Court), or stay the Florida Lawsuit. (NetCE is presently withdrawing this motion and plans to litigate this matter in this Court. )

#48112225_v1

In October of 2015, before filing any opposition to NetCE's Motion and before the Florida Court had an opportunity to decide NetCE's Motion, Dr. Jouria filed for bankruptcy in the U.S. Bankruptcy Court for the Southern District of Florida ("Florida Bankruptcy Court"). Upon Dr. Jouria's request, this Court issued a stay, halting the Florida Lawsuit.

On May 10, 2016, the Florida Bankruptcy Court dismissed Dr. Jouria's bankruptcy case with prejudice and, crucially, without discharging any of his debts. Shortly thereafter, on June 15, 2016, this Court lifted its stay.

In the seven months during which the Florida Lawsuit was stayed, NetCE continued to litigate the California Lawsuit and to develop facts against Dr. Jouria, Elite, and a third party Alpine Management Services III, LLC ("Alpine"). On December 16, 2015, while the Florida Lawsuit was still stayed, NetCE even filed an amended complaint in the California Lawsuit incorporating some of these facts and a new cause of action for misappropriation of trade secrets.

On May 18, 2016, the California Court ordered the California Lawsuit stayed, pending the outcome of the Florida Motion. Now that Dr. Jouria's bankruptcy case has been dismissed with prejudice and this Court has lifted its stay, NetCE plans to withdraw its Motion and litigate the matter in Florida. In order to do so effectively and equitably, however, NetCE needs to supplement and augment its Answer and Counterclaims to include additional parties and causes of action.

## III. ARGUMENT

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Here, Dr. Jouria, the existing opposing party has stipulated he will not oppose NetCE's motion for leave to amend its pleadings.

#48112225_v1

This Court also has the discretion to allow a party to amend its pleadings. The decision whether to grant leave to amend a complaint is within the court's discretion, but leave should be freely granted when justice so requires. *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999). *Bruhl v. Price Waterhousecoopers Int'l*, No. 03-23044-CIV, 2007 WL 983263, at *10–11 (S.D. Fla. Mar. 27, 2007); *Gulf Grp. Holdings, Inc. v. Coast Asset Mgmt. Corp.*, 516 F. Supp. 2d 1253, 1265 n.3 (S.D. Fla. 2007). Courts commonly consider four factors when determining whether to grant leave to amend: (1) bad faith on the part of the moving party; (2) undue delay; (3) prejudice to the opposing parties; and the (4) futility of the proposed amendment. *McKinley*, 177 F.3d at 1258.

In light of the significant factual and procedural developments, the stay of the California Lawsuit, the dismissal with prejudice of Dr. Jouria's bankruptcy case, the presence in the California Lawsuit of two additional parties, Elite and Alpine, and the additional available causes of action discovered against these additional parties, ample cause exists to grant leave to amend the operative Complaint.

First, there is no bad faith. NetCE has timely filed all pleadings in this Court and has abided strictly by the bankruptcy stay previously in place against Dr. Jouria. NetCE's request to amend its pleadings is a good faith effort to avoid prolonged parallel litigation in district courts across the country now that this Court has lifted its stay. In amending its pleadings here, NetCE will begin the process of consolidating the claims and parties in the California Lawsuit with the claims and party involved the Florida Lawsuit.

Second, NetCE moved swiftly to file these papers. Although the bankruptcy stay was lifted against Dr. Jouria on May 10, 2016, the California Court did not resolve the motions

before it until July 6, 2016. [1] To avoid litigating in two district courts at the same time, once the California Court made its rulings and stayed its case pending this Florida case, NetCE now moves for leave to amend the pleadings.

Third, there is no prejudice to Dr. Jouria, Elite, or Alpine. Dr. Jouria, as mentioned previously, has stipulated that he will not oppose NetCE's motion for leave to amend its Answer and Counterclaims. This motion is filed well before this Court's March 9, 2017 deadline for amending pleadings and adding parties. No discovery has taken place, and, the trial is not set until October 2, 2017. Elite and Alpine are well aware of the allegations facing them with respect to the facts at issue.

Indeed, refusing to grant the motion for leave to amend *would* prejudice NetCE. NetCE filed what it believed was the primary lawsuit in California last September, not knowing that Dr. Jouria was filing what it came to believe was an anticipatory lawsuit in this Court. Removing Dr. Jouria in order to respect the bankruptcy stay, NetCE continued to litigate the California case and discovered additional facts and available causes of action. To deny NetCE the opportunity to present fulsome pleadings to this Court would deprive NetCE of an opportunity to pursue the multiple remedies at its disposal.

Fourth, the proposed amendments are not futile. NetCE has substantive, non-conclusory factual allegations substantiating each element of every claim against Dr. Jouria, Elite, and Alpine. (See Proposed Amended Answer and Counterclaims, attached as Exhibit A). NetCE has every expectation that it will be able to prove the allegations set forth in its amended pleadings.

---

[1] On July 6, 2016, the California Court denied NetCE's motion for leave to lift the stay in place in order to amend the California complaint to re-insert Dr. Jouria as a defendant. NetCE had removed Dr. Jouria as a defendant in the California Lawsuit in order to respect the bankruptcy stay in place against him.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)**

Counsel for NetCE has conferred with counsel for Dr. Jouria, and counsel for Dr. Jouria has agreed to the requested relief of allowing NetCE to amend its pleadings and to add additional parties.

**CONCLUSION**

For the reasons set forth above, this Court should allow NetCE to amend its Answer and Counterclaims and to file its Third-Party Complaint.

Dated: September 23, 2016

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s Philip E. Rothschild*

Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

*/s John P. Kern*

John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Jessica E. Lanier, Esq. (pro hac vice)
Email: Jessica.Lanier@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910

*Attorneys for CE RESOURCE, INC. d/b/a CME RESOURCE and NetCE*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronic notice through the Court's CM/ECF filing system on September 23, 2016 on all counsel or parties of record on the Service List below.

*/s/ Philip E. Rothschild*
Philip E. Rothschild

**SERVICE LIST**

Richard S. Ross, Esq.
4801 S. University Drive
Suite 237
Fort Lauderdale, FL 33328
Email: prodp@ix.netcom.com
*Attorneys for Plaintiff Dr. Jassin Jouria*
***[VIA E-MAIL]***