**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:15-61165-WPD**

| | |
|---|---|
| DR. JASSIN JOURIA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CE RESOURCE, INC. d/b/a CME | ) |
| RESOURCE and NetCE, | ) |
| | ) |
|     Defendant. | ) |
| | ) |
| CE RESOURCE, INC. d/b/a CME | ) |
| RESOURCE and NetCE, | ) |
| | ) |
|     Defendant/Counter-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DR. JASSIN JOURIA, | ) |
| | ) |
|     Plaintiff/Counter-Defendant. | ) |
| | ) |
| CE RESOURCE, INC. d/b/a CME | ) |
| RESOURCE and NetCE, | ) |
| | ) |
|     Defendant/Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Elite Continuing Education, Inc. and Alpine | ) |
| Management Services III, LLC, | ) |
| | ) |
|     Third-Party Defendants. | ) |

**ELITE CONTINUING EDUCATION'S MOTION TO DISMISS**
**AND INCORPORATED MEMORANDUM OF LAW**

{40301611;1}

## MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Third-Party Defendant Elite Continuing Education ("Elite") respectfully moves to dismiss Claim Four (entitled "Tortious Interference with Contractual Relations"), Claim Six (entitled "Misappropriation of Trade Secrets Under Florida's Uniform Trade Secrets Act (Civil Code §§ 688.001 *et seq.*)"), and the claim for statutory damages and attorney's fees under the Copyright Act, in Defendant's Amended Answer to the Complaint, Affirmative Defenses, Amended Counterclaim, and Third-Party Complaint (DE 36), for the reasons as set forth in the supporting memorandum of law which follows.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

### I.   INTRODUCTION

Elite is a third-party defendant in a dispute between Dr. Jassin Jouria ("Dr. Jouria") and CE Resource, Inc. d/b/a CME Resource and NetCE ("NetCE"). As alleged by NetCE, Dr. Jouria wrote several draft continuing medical education articles for NetCE. (DE 36 at ¶¶ 34-35). Dr. Jouria entered into a series of "Freelance Writer Agreements" allegedly covering his work for NetCE. (*Id*. at ¶ 34). NetCE alleges that it later learned that Dr. Jouria was also in a similar relationship with Elite and had written seven articles for Elite for use with Elite's continuing medical education business. (*Id*. at ¶ 67). NetCE claims that its rights have been violated through Elite's publication of these seven articles from Dr. Jouria. (*Id*. at ¶¶ 82-86). Dr. Jouria disagrees with this assessment, and filed the original Complaint in this case requesting a declaratory judgment that he has not violated any copyrights of NetCE or breached any contract through his work with Elite. (DE 1). After some procedural issues and delay caused by Dr. Jouria' bankruptcy and litigation in California on NetCE's second-filed

complaint, this case is now proceeding in this Court with Dr. Jouria, NetCE, Elite, and another third party defendant, Alpine Management Services III, LLC ("Alpine"), as parties.

In addition to the federal copyright infringement claim, NetCE has sued Elite for two state law causes of action: tortious interference with contractual relations (Claim Four) and misappropriation of trade secrets (Claim Six). In support of its tortious interference with contractual relations claim (Claim Four), NetCE alleges that Elite intentionally interfered with the Freelance Writer Agreements with Dr. Jouria, (*Id.* at ¶¶ 100-10), and that Elite intentionally interfered with a purported nondisclosure agreement ("NDA") between NetCE and Alpine. (*Id.* at ¶¶ 111-16). In support of its misappropriation of trade secrets claim (Claim Six), NetCE alleges that Elite has violated the Florida Uniform Trade Secrets Act ("FUTSA") by obtaining and using NetCE's purported confidential and proprietary business information as a result of Elite's relationship with Dr. Jouria and Alpine. (*Id.* at ¶¶ 126-38).

NetCE's two state law claims against Elite are defective and subject to dismissal. To the extent NetCE's tortious interference with contractual relations claim is predicated on NetCE's copyright infringement allegations, it is preempted by the Copyright Act. To the extent NetCE's tortious interference with contractual relations claim is predicated on NetCE's misappropriation of trade secrets allegations, it is preempted by FUTSA. As for the misappropriation of trade secrets claim, NetCE relies entirely upon conclusory allegations and threadbare recitations of claim elements, and has failed to plead sufficient factual allegations to meet the Rule 8 pleading standard. Consequently, NetCE has failed to state a claim for misappropriation of trade secrets against Elite.

Finally, NetCE asserts a claim for statutory damages and attorney's fees under 17 U.S.C. §§ 504 and 505, respectively. However, NetCE is not entitled to recover such relief, as a matter

of law.  Indeed, based on NetCE's own pleadings, it is indisputable that NetCE's requested relief is barred by statute.  17 U.S.C. § 412.

## II.   FACTUAL BACKGROUND

NetCE is a publisher of continuing medical education articles, content, and course materials.  (DE 36 at ¶ 19).  NetCE entered into Freelance Writer Agreements with Dr. Jouria, a medical doctor and writer, pursuant to which Dr. Jouria rendered writing services to NetCE for authoring continuing medical education articles.  (*Id*. at ¶¶ 29-36).  Through 2012 and early 2013, Dr. Jouria allegedly authored ten articles for NetCE, seven of which are at issue in this litigation.  (*Id*. at ¶¶ 35-36).  NetCE alleges that there were "complications" with the seven articles, arising from the articles' "significant deficits" in the areas of "medical/scientific accuracy, grammatical and stylistic, and plagiarism."  (*Id*. at ¶¶ 53-55).  As a result, NetCE alleges that "significant editorial work" and "significant improvements and substantive edits" were made by NetCE to Dr. Jouria's "ultimately unusable" articles.  (*Id*. at ¶¶ 59-61).

NetCE alleges that, in February 2015, it discovered that Dr. Jouria published seven articles through Elite, which NetCE asserts was a violation of its purported copyright rights and the Freelance Writer Agreements.  (*Id*. at ¶ 67).  The relationship between NetCE and Dr. Jouria continued to deteriorate, and culminated in the commencement of this action by Dr. Jouria on June 2, 2015, seeking a declaratory judgment of noninfringement of NetCE's copyright rights and no breach of the Freelance Writer Agreements.  (DE 1).  In response, NetCE asserted a host of claims against third parties Elite and Alpine.  (DE 36).  NetCE has also asserted that it is entitled to statutory damages and attorney's fees for purported copyright infringement.  (DE 36 at ¶ 81) ("As NetCE now has registered federal copyrights for the offending courses, effective May 15, 2015, Elite's continued willful infringement entitled NetCE to attorneys' fees and

statutory damages.").  NetCE repeats its request for statutory damages and attorney's fees in its "Prayer for Relief."  (*Id.*, Prayer for Relief at ¶¶ 11-12).

### III.   <u>STANDARD OF REVIEW</u>

Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). This pleading standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (internal citations omitted).  To survive dismissal, the factual allegations must not only be "plausible," they also "must be enough to raise a right to relief above the speculative level."  *Id.* at 555; *see also Edwards v. Prime Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).  In order to rise above a speculative level, factual allegations beyond the "unadorned, the-defendant-unlawfully-harmed-me accusation" must be pleaded.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (internal citations omitted).

On a motion to dismiss, the court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007).  However, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth."  *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) (internal citations omitted).  Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678. Indeed, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Mamani*, 654 F.3d at 1153.

# IV.    ARGUMENT

**A.    NETCE'S STATE LAW CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS IS PREEMPTED.**

NetCE's tortious interference with contractual relations claim (Claim Four) alleges

interference by Elite with two distinct contracts: the Freelance Writer Agreements between Dr.

Jouria and NetCE, and the NDA between Alpine and NetCE.  As explained in further detail

below, the claim as directed to the Freelance Writer Agreements is preempted by the Copyright

Act, while the claim as directed to the NDA is preempted by the Florida Uniform Trade Secrets

Act.  Consequently, the entirety of NetCE's tortious interference with contractual relations

claim is preempted and should be dismissed.

**1.    NetCE's claim of tortious interference with the Freelance Writer Agreements is preempted by the Copyright Act.**

When a complaint asserts a claim of copyright infringement, state law claims therein are

susceptible to dismissal pursuant to the Copyright Act's preemption clause.  As provided in 17

U.S.C. § 301(a), "all legal or equitable rights that are equivalent to any of the exclusive rights

within the general scope of copyright … and come within the subject matter of copyright … are

governed exclusively by" federal copyright law.  In the Eleventh Circuit, "[i]f the state law

rights at issue fall within the subject matter of copyright, then the court applies the 'extra

element test' to determine whether the rights at issue are equivalent to the exclusive rights" of

the Copyright Act.  *Jaggon v. Rebel Rock Entm't, Inc.*, 2010 U.S. Dist. LEXIS 90685, at *5-6

(S.D. Fla. Aug. 31, 2010) (citing *Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305, 1311 (11th Cir.

2001)).  Under this test, a state law claim is preempted by the Copyright Act unless "an extra

element is required instead of or in addition to the acts of reproduction, performance,

distribution or display, in order to constitute a state-created cause of action." *Lipscher*, 266

F.3d at 1311-12.  However, "[t]he name 'extra element test' [ ] is somewhat misleading because this analysis is not a rote comparison of the elements of the two claims." *Jaggon*, 2010 U.S. Dist. LEXIS 90685, at *6.  Rather, to the extent a state law claim requires an extra element, the "extra element of the state law claim must change the nature of the claim, so that it is *qualitatively* different from a copyright infringement claim." *Id*. ("For example, awareness and intent are not considered to be qualitatively different elements substantial enough to serve as an extra element.") (internal quotations omitted).

Indeed, as this Court has found, "[i]f the promise in a contract amounts only to a promise to refrain from reproducing, performing, distributing or displaying the work, then the contract claim is preempted, as such claims amount to exclusive rights under" the Copyright Act. *Chen v. Cayman Art, Inc.*, 2011 U.S. Dist. LEXIS 99678, at *18 (S.D. Fla. Sept. 6, 2011) (internal citations omitted).  Similarly, where the alleged tortious interference with contractual relations causes the breach of a contract term promising to refrain from reproducing, performing, distributing or displaying a work, federal copyright law exclusively governs the claim, as the rights set forth in the contract amount to the rights under the Copyright Act.  *See Pac. & Southern Co. v. Satellite Broad. Networks, Inc.*, 694 F. Supp. 1565, 1573 (N.D. Ga. 1988), *rev'd on other grounds*, 940 F.2d 1467 (11th Cir. 1991) (finding tortious interference with contract relations claim preempted where the exclusive right to broadcast a work granted by the Copyright Act was the same exclusive right in the contracts with which defendant was allegedly interfering.); *cf. Telecom Tech. Servs. v. Rolm Co.*, 388 F.3d 820, 833 (11th Cir. 2004) ("the tortious interference claim involve[d] an additional element" because it required plaintiff to demonstrate that the interference caused breach of "the terms of [plaintiff's] software license for third parties, which is an element beyond federal copyright law that prohibits unauthorized

copying"). Accordingly, a tortious interference with contractual relations claim is preempted if the alleged breach is no more than an unauthorized reproduction, performance, distribution or display of a work.

The first component of NetCE's tortious interference with contractual relations claim is directed to the Freelance Writer Agreements between Dr. Jouria and NetCE. NetCE alleges that Elite intentionally interfered with its contractual relations with Dr. Jouria "by soliciting and publishing articles identical or substantially similar to articles Dr. Jouria submitted to NetCE"— the same articles underlying NetCE's copyright infringement claim—thereby preventing Dr. Jouria from fulfilling his agreement not to submit his articles to another party. This obligation set forth in the Freelance Writer Agreements is simply the promise to refrain from unauthorized reproduction and/or distribution of the articles-at-issue, which are exclusive rights under the Copyright Act. As such, the rights asserted by NetCE in its tortious interference with contractual relations claim are equivalent to the exclusive rights under the Copyright Act, and do not meet the "extra element test." Because NetCE's tortious interference with contractual relations claim is based on Dr. Jouria's unauthorized reproduction and/or distribution of the articles-at-issue, it is preempted by the Copyright Act and subject to dismissal.

2. **NetCE's claim of tortious interference with the NDA is preempted by the Florida Uniform Trade Secrets Act, Fla. Stat. §§ 688.001 *et seq.*

A claim of tortious interference with contractual relations may also be preempted by the Florida Uniform Trade Secrets Act (FUTSA). Pursuant to its preemption provision, the FUTSA "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret," and thereby "preempts all claims based on misappropriation of trade secrets. *Allegiance Healthcare Corp. v. Coleman*, 232 F. Supp. 2d 1329, 1335 (S.D. Fla. 2002) (citing Fla. Stat. § 688.008(1)). Thus, in determining whether a state law cause of

action is preempted by the FUTSA, "the issue becomes whether allegations of trade secret misappropriation alone comprise the underlying wrong; if so, the cause of action is barred by § 688.008." *Id*. at 1335-36.

The second component of NetCE's tortious interference with contractual relations claim—directed to the alleged NDA between Alpine and NetCE—is duplicative of its misappropriation of trade secrets claim (Claim Six). NetCE alleges that "Elite intentionally interfered with the NDA between Alpine and NetCE by obtaining and utilizing confidential information about articles and courses NetCE was preparing to publish, subject matter NetCE was preparing to explore for future publication, and NetCE's business strategy information and financials …. [and] other confidential and proprietary information NetCE shared with Alpine." (DE 36 at ¶ 113). The purported "confidential and proprietary information" subject to the NDA is the same information that NetCE alleges constitutes its trade secrets. (*Id*. at ¶ 130). Accordingly, to the extent NetCE's tortious interference with contractual relations claim alleges that Elite "intentionally and unjustifiably interfered with the relationship between [NetCE and Alpine] by inducing [Alpine] to breach [ ] confidentiality … [t]he only way for [NetCE] to prevail on this claim is to prove misappropriation of trade secrets or other confidential information." *Am. Registry, LLC v. Hanaw*, 2014 U.S. Dist. LEXIS 101158, at *20 (M.D. Fla. July 16, 2014). "Because all claims based on the misappropriation of information … are preempted or displaced by the FUTSA," NetCE's tortious interference with contractual relations claim, as based on the NDA, is subject to dismissal. *Id*. (dismissing tortious interference claim as preempted by the FUTSA).

**B.   NETCE'S STATE LAW CLAIM FOR MISAPPROPRIATION OF TRADE SECRETS UNDER THE FLORIDA UNIFORM TRADE SECRETS ACT FAILS TO STATE A CLAIM.**

NetCE's misappropriation of trade secrets claim (Claim Six) is comprised of vague and conclusory allegations claiming that Elite has misappropriated its purported confidential and proprietary information.  However, NetCE's allegations are devoid of factual support, and are "too vague to support a claim for misappropriation of trade secrets," and, consequently, "fails to place [Elite] on notice of the claims it must defend."  *Swiss Watch Int'l, Inc. v. Movado Group, Inc.*, 2010 U.S. Dist. LEXIS 101400, at *8 (S.D. Fla. June 20, 2010).  Accordingly, as explained in further detail below, NetCE's misappropriation of trade secrets claim is subject to dismissal for failure to state a claim.

**1.     NetCE has failed to allege its trade secret information with the requisite reasonable particularity.**

Under Florida Law, a trade secret is defined "as information that 1) derives economic value from not being readily ascertainable by others and 2) is the subject of reasonable efforts to maintain its secrecy."  *Swiss*, 2010 U.S. Dist. LEXIS 101400, at *7.  "For there to be actionable misappropriation, the [plaintiff] … bears the dual burden of describing the alleged trade secret information and also showing that it has taken reasonable steps to protect this secrecy."  *Levenger Co. v. Feldman*, 516 F. Supp. 2d 1272, 1287 (S.D. Fla. 2007).  This requires the alleged trade secrets to be pleaded with "reasonable particularity."  *Id.*  Indeed, if the allegations of trade secret information are not sufficiently specific to place a defendant "on notice of the claims it must defend," they are "too vague to support a claim for misappropriation of trade secrets."  *Swiss,* 2010 U.S. Dist. LEXIS 101400, at *8 (dismissing misappropriation of trade secret claim for failure to state a claim where trade secret descriptions were "too vague"); *see also DynCorp Int'l LLC v. AAR Airlift Grp., Inc.*, 2016 U.S. Dist. LEXIS 4803, at *12 (M.D.

Fla. Jan 14, 2016) (dismissing FUTSA claim finding that because plaintiff "has failed to identify the allegedly misappropriated trade secrets with reasonable particularity, it has failed to state a claim under FUTSA").

NetCE alleges that its trade secrets include confidential and proprietary information, such as "NetCE's strategies for the marketplace, industry reports regarding competitors, the competitive landscape, and consumer needs, NetCE's process for curating courses, and NetCE's financial performance data—histories and projections." (DE 36 at ¶ 127). These are merely "broad and generic categories of information and provide insufficient notice as to the actual trade secrets misappropriated." *Am. Registry*, 2013 U.S. Dist. LEXIS 171889, at *9 (finding categories such as "financial data", "sales and marketing strategies and data", and "statistics" to be "broad and generic" and insufficient to state a claim). Similarly, in *Swiss*, a case where the plaintiff also pleaded its trade secrets by alleging broad and vague categories of information, this Court found that "operational techniques and processes as trade secrets … is [ ] too vague to support a claim for misappropriation of trade secrets," as it "fails to place [defendant] on notice of the claims it must defend." *Swiss*, 2010 U.S. Dist. LEXIS 101400, at *8.

In addition to each alleged trade secret lacking reasonable particularity, at least some of NetCE's alleged trade secrets cannot be "actionable because the information is readily ascertainable" by Elite and others. *Id.* at *9. For example, NetCE claims that its trade secrets include its "strategy" to develop and publish articles in the subject matter areas of the seven articles-at-issue. (DE 36 at ¶¶ 131-33). However, by NetCE's own admission, its decision to develop course offerings in these areas were "in response to newly adopted CME requirements for nurses across the country." (DE 36 at ¶ 32). Continuing medical education requirements are publicly-available information, and NetCE's "strategy" is neither confidential nor proprietary

when it is merely adhering to predetermined national standards.  Moreover, to the extent NetCE is alleging that its trade secrets include the contents of the articles-at-issue, this contention is not plausible.  According to NetCE's own allegations, the articles-at-issue were submitted to the U.S. Copyright Office for registration, and thus are publicly available and cannot be considered secrets.

Whether NetCE has failed to plead its trade secrets with reasonable particularity or its trade secrets are not actionable, "the result is the same, [and NetCE] has not stated a cause of action for misappropriation of trade secrets."  *Swiss*, 2010 U.S. Dist. LEXIS 101400, at *10 (dismissing misappropriation of trade secrets claim where some trade secrets were alleged without reasonable particularity and some trade secrets were not actionable as alleged).

### 2.      NetCE's claim is devoid of any factual allegations to support misappropriation of its trade secrets.

Even if NetCE had alleged its trade secrets with the requisite reasonable particularity, it has failed to allege factual allegations sufficient to state a claim.  "In order to state a claim for misappropriation of trade secrets under the FUTSA, Fla. Stat. § 688.001 *et seq.*, a plaintiff must allege that (1) it possessed secret information and took reasonable steps to protect its secrecy and (2) the secret it possessed was misappropriated, either by one who knew or had reason to know that the secret improperly obtained or by one who used improper means to obtain it."  *VAS Aero Servs., LLC v. Arroyo*, 860 F. Supp. 2d 1349, 1358 (S.D. Fla. 2012).  While a plaintiff may not "know, prior to discovery, the details surrounding the purported misappropriation," the plaintiff is "still required to provide more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Am. Registry, LLC v. Yonah*, 2013 U.S. Dist. LEXIS 171889, at *8 (M.D. Fla. Dec. 5, 2013).  Indeed, in order to survive dismissal, "allegations regarding the misappropriation" must have "adequate factual support."  *Id.* at *10 (dismissing FUTSA claim

because "the complaint is devoid of any factual allegations supporting this assertion" of misappropriation); *see also Knights Armament Co. v. Optical Sys. Tech.*, 568 F. Supp. 2d 1369, 1377 (M.D. Fla. 2008) (dismissing FUTSA claim finding "bare allegations … [of] trade secret misappropriation lack factual support and cannot survive a motion to dismiss").

NetCE's allegations are merely threadbare recitals of the FUTSA claim elements. NetCE simply alleges that "Elite, even knowing that the information was confidential and proprietary and being shared impermissibly, exploited it, and even claimed some of the information as its own work product." (DE 36 at ¶ 127). NetCE provides no actual facts, as opposed to conclusions, supporting the assertion that any trade secrets were misappropriated by Elite. Without any facts to support its conclusory allegations that any actionable trade secrets were misappropriated, NetCE has failed to state a claim under the FUTSA.

Support for dismissal is found in analogous cases from other federal courts in Florida. In *Am. Registry*, a case in which the plaintiff alleged, like NetCE, that trade secrets it disclosed pursuant to an agreement were misappropriated by another party, the court found that "alleg[ing], upon information and belief, that [defendant] is using the confidential information in the operation of" a competing business is "conclusory and merely consistent with [defendant's] liability and lack an adequate factual basis." *Am. Registry, LLC*, 2013 U.S. Dist. LEXIS 171889, at *6. In *Knights*, another similar case, the court dismissing a misappropriation of trade secrets claim where the allegations were that the defendant "had access to trade secrets through business dealings that exposed them to" confidential and proprietary information, but did not provide "further details as to how the [defendant] allegedly used the trade secrets." 568 F. Supp. 2d at 1377. The court held that such allegations, like those from NetCE, are "are a formulaic recitation of the elements … [and] will not suffice to state a claim." *Id*.

**C.**     **NETCE IS NOT ENTITLED STATUTORY DAMAGES OR ATTORNEYS' FEES UNDER THE COPYRIGHT ACT**

NetCE's claim for copyright infringement against Elite requests relief in the form of statutory damages and attorney's fees.  NetCE has included this request in its pleadings even though, as NetCE is well aware, such relief is not available as a matter of statutory law. NetCE's claim for statutory damages and attorney's fees must be dismissed.

For copyright infringement claims brought under the Copyright Act, a "copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action."  17 U.S.C. § 504(c).  The Copyright Act also allows the court to award the recovery of costs, including "[e]xcept as otherwise provided by this title … reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.  However, awards of statutory damages and attorney's fees are constrained by 17 U.S.C. § 412, which states (with emphasis added):

> "In any action under this title . . . , **no award of statutory damages or of attorney's fees**, as provided by sections 504 and 505, **shall be made for**—
>
> (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
>
> (2) **any infringement of copyright commenced after first publication of the work and before the effective date of its registration**, unless such registration is made within three months after the first publication of the work.

Indeed, by statute, a copyright owner is not entitled to statutory damages or attorney's fees where the "work[ is] not registered for copyright protection within three months of its initial publication or before commencement of any alleged infringement by defendants." *Fuentes v. Mega Media Holdings, Inc.*, 2011 U.S. Dist. LEXIS 5298, at *2-3 (S.D. Fla. Jan. 20, 2011); *see also Roig v. Star Lofts on the Bay Condo. Ass'n*, 2011 U.S. Dist. LEXIS 142625, at

*6 (S.D. Fla. Dec. 12, 2011) (citing 17 U.S.C. § 412).  Furthermore, for purposes of statutory damages or attorney's fees, "[w]here there is a series of ongoing separate infringements, the infringement is deemed to 'commence' when the first act of infringement occurs." *Pegasus Imaging Corp. v. Northrop Grumman Corp.*, 2010 U.S. Dist. LEXIS 118586, at *12 (M.D. Fla. Nov. 4, 2010) (denying statutory damages and attorney's fees finding infringement commenced prior to registration based on the date of "the first act of alleged infringement") (internal citations omitted).  This is well-established law, and, indeed, "[e]very Circuit to consider the issue has held that infringement commences for the purposes of § 412 when the first act in a series of acts constituting infringement occurs." *EarthCam, Inc. v. OxBlue Corp.*, 49 F. Supp. 3d 1210, 1240 (N.D. Ga. 2014).

According to NetCE's own allegations, and the materials attached to its Third Party Complaint against Elite, NetCE published its copyrighted works between September 6, 2012, and May 15, 2013; yet, each of the works has an effective date of registration of May 15, 2015, or several years after first publication.  (*See* DE 36-1; DE 36 at ¶ 81).  NetCE further alleges that it learned of Elite's purported infringement in February 2015, before the effective date of any of NetCE's asserted copyright registrations.  (DE 36 at ¶ 67).  By these allegations, NetCE has admitted that Elite's purported infringement commenced **_after_** first publication of the works at issue and **_before_** the effective dates of their registrations.  NetCE has also admitted that it **_did not_** register the works at issue within three months of first publication.  Pursuant to the plain language of 17 U.S.C. § 412, as confirmed by courts around the country, NetCE is not entitled to statutory damages or attorney's fees.

Counsel for Elite informed counsel for NetCE of this inappropriate request for relief, and the well-established authority from around the country refuting NetCE's claims, before

NetCE filed its Third Party Complaint in this Court. NetCE should never have included requests for these forms of relief in its pleadings in this Court. NetCE's claims for statutory damages and attorney's fees should be dismissed. *See GlobalOptions Servs. v. N. Am. Training Grp., Inc.*, 131 F. Supp. 3d 1291, 1298 (M.D. Fla. 2015) (granting motion to dismiss and striking "claims for statutory damages and attorney's fees" where alleged infringement occurred prior to registration).

## V.     CONCLUSION

For the foregoing reasons, Third-Party Defendant Elite respectfully requests that the Court grant its motion to dismiss Defendant/Third-Party Plaintiff NetCE's Claim Four, Claim Six, and claims for statutory damages and attorney's fees under the Copyright Act.

Dated: December 22, 2016

Respectfully submitted,

/s/Peter A. Chiabotti
Peter A. Chiabotti
Florida Bar No. 0602671
Akerman LLP
peter.chiabotti@akerman.com
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Facsimile: (561) 659-6313
*Attorneys for Elite Continuing Education, Inc.*

J. Mark Wilson
*Pro Hac Vice* To Be Filed
Kathryn G. Cole
*Pro Hac Vice* To Be Filed
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(704) 331-1000
(704) 331-1159 (facsimile)
E-mail:  markwilson@mvalaw.com
              katecole@mvalaw.com

**Certificate of Service**

      I hereby certify that on December 22, 2016, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system and that a true and correct copy of the foregoing was served this December 22, 2016 by transmission of Notices of Electronic Filing generated by CM/ECF or via e-mail to all parties on the attached Service List.

                                       /s/Peter A. Chiabotti
                                       Peter A. Chiabotti

**Service List**

Philip E. Rothchild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Email: phil.rothschild@hklaw.com

John P. Kern, Esq.
Jessica E. Lanier, Esq.
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Email: john.kern@hklaw.com
             Jessica.lainer@hklaw.com

*Attorneys for CE RESOURCE, INC.*
*d/b/a CME RESOUCE and NetCE*

Richard S. Ross, Esq.
Atrium Centre
4801 S. University Drive
Suite 237
Fort Lauderdale, FL 33328
Email: prodp@ix.netcom.com
*Attorney for Plaintiff Dr. Jassin Jouria*