IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:15-61165-WPD

| | |
|---|---|
| DR. JASSIN JOURIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CE RESOURCE, INC. d/b/a CME RESOURCE and NetCE, | ) |
| | ) |
| Defendant. | ) |
| CE RESOURCE, INC. d/b/a CME RESOURCE and NetCE, | ) |
| | ) |
| Defendant/Counter-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DR. JASSIN JOURIA, | ) |
| | ) |
| Plaintiff/Counter-Defendant. | ) |
| CE RESOURCE, INC. d/b/a CME RESOURCE and NetCE, | ) |
| | ) |
| Defendant/Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Elite Continuing Education, Inc. and Alpine Management Services III, LLC, | ) |
| | ) |
| Third-Party Defendants. | ) |

**DEFENDANT AND THIRD PARTY PLAINTIFF CE RESOURCE INC.'S OPPOSITION TO DR. JOURIA'S MOTION TO STAY**

Defendant and Third Party Plaintiff CE Resource Inc. d/b/a CME Resource and NetCE

("NetCE") hereby opposes Plaintiff Dr. Jassin Jouria's Motion to Stay the above-captioned action (Dkt. 48). Dr. Jouria has given NetCE every reason to believe that Dr. Jouria's bankruptcy filing is not borne of a genuine need for relief from creditors, but, rather, calculated to evade judgment for copyright infringement and breach of contract.

As this Court is aware, this is not Dr. Jouria's first—or even second[1]—foray into bankruptcy court: Dr. Jouria first filed for Chapter 13 bankruptcy on October 23, 2015. (*See* Dkt. 17.) Yet, the specter of bankruptcy loomed over this case long before Dr. Jouria actually filed.

During the summer of 2015, Dr. Jouria and his attorney were engaged in settlement conversations with NetCE's attorney. Dr. Jouria offered a settlement amount that NetCE believed was unacceptable. Dr. Jouria's attorney then attempted to extort NetCE's acceptance of this offer by threatening to have Dr. Jouria file for bankruptcy.

In anticipation of NetCE's filing a coercive lawsuit in the Eastern District of California, and shortly after NetCE rejected Dr. Jouria's offer, Dr. Jouria filed the above-captioned lawsuit in this Court. NetCE promptly filed a motion to dismiss or transfer. Then, *and only then*, did Dr. Jouria file for bankruptcy. Dr. Jouria's bankruptcy case was ultimately dismissed on May 10, 2016 with prejudice for failure to prosecute, and the bankruptcy court, pursuant to Bankruptcy Code § 109(g), prohibited him from refiling for 180 days. (Dkt. 24.). Meanwhile, in the Eastern District of California case, NetCE attempted to proceed against the two "publisher" defendants (Alpine Management Services III, LLC ("Alpine") and Elite

---

[1] Dr. Jouria filed for Chapter 7 Bankruptcy in 2008. That case was closed on June 30, 2009. *See In re Jouria* 08-19440-JKO. Dr. Jouria will be able to file Chapter 7 bankruptcy again in December 2018. Chapter 13 bankruptcy proceedings tend to require longer time to resolve than proceedings under Chapter 7. See 9 Am. Jur. 2d Bankruptcy § 3070 (Chapter 13 cases last anywhere from three to five years). NetCE believes, with good reason, that Dr. Jouria is serially filing for Chapter 13 bankruptcy until he is once again eligible to appeal to the Bankruptcy Court under Chapter 7.

Continuing Education, Inc. ("Elite")) alone. Given Dr. Jouria's behavior up to that point, NetCE believed (correctly, it turns out) that Dr. Jouria would play endless games with bankruptcy court filings and district court stays. NetCE believed then—and believes now—that it deserves its day in court and that it should not be held hostage to Dr. Jouria's chicanery. The Eastern District of California, however, opted to wait until this Court opined on NetCE's then-pending motion to dismiss or transfer.

In light of the stay in the Eastern District of California, and by negotiated agreement among the parties, NetCE returned to this Court and amended its answer and counterclaims to address Alpine, Elite, and Dr. Jouria effectively and efficiently. In response, Dr. Jouria seeks *yet again* to abuse the bankruptcy process—all with the effect of depriving NetCE its day in court.

For most debtors, bankruptcy is an opportunity for reprieve and reorganization in the face of overwhelming obligations and burdens the debtor cannot meet. Dr. Jouria, however, has cynically abused the bankruptcy process to avoid contending with this litigation. NetCE has every indication that Dr. Jouria has filed for bankruptcy in bad faith—purely to avoid his obligations under this lawsuit without any intention to reorganize or obtain a fresh start, and therefore NetCE intends to seek dismissal of Dr. Jouria's bankruptcy.

Under Section 305 of the Bankruptcy Code, a bankruptcy court may dismiss a case if it determines that "the interests of creditors and the debtor would be better served by such dismissal." This most commonly occurs when a bankruptcy case essentially involves a two-party dispute between the debtor and a single creditor, so that a bankruptcy filing serves no purpose other than to prolong resolution of the dispute or to give the debtor a tactical advantage. In addition, bankruptcy courts may invoke their broad equitable powers under

Section 105(a) of the Bankruptcy Code to issue any order "that is necessary or appropriate to carry out the provisions" of the Code "or to prevent an abuse of process." That includes dismissing an abusive bankruptcy filing.

Finally, NetCE would like to draw this Court's attention to the fact that, pursuant to Section 362(c)(3) of the Bankruptcy Code, the automatic stay as to Dr. Jouria expires by its own terms 30 days after filing (Dr. Jouria's previous bankruptcy case having been dismissed within the past 365 days). In order to extend the stay beyond 30 days, Dr. Jouria is required to file a motion to stay that presents this Court with clear and convincing evidence to rebut the presumption of bad-faith serial filing.

NetCE has the utmost respect for this Court's time and wishes to promote the efficient use of judicial resources by not separately prosecuting its claims against Alpine and Elite from Dr. Jouria. In that spirit, and, fully expecting that this Court will honor the 30 day automatic stay[2] as to Dr. Jouria, NetCE does not ask this Court to allow it to proceed against the two third party defendants alone. Rather, NetCE asks that, at the expiration of the 30 day stay or when the Bankruptcy Court dismisses Dr. Jouria's case, as NetCE fully expects it to do, this Court issue new deadlines for NetCE to file Oppositions to the pending Motions to Dismiss filed by Alpine Management Services III, LLC and Elite Continuing Education, Inc. (Prior to Dr. Jouria's bankruptcy filing, this Court granted NetCE's unopposed motion for an extension of time to January 19, 2017.)

---

[2] As a procedural matter, NetCE understands that Dr. Jouria's motion to stay was initially denied due to a failure of compliance with local rules and that there is no motion to stay currently pending before this Court.

Date: January 6, 2017                                    Respectfully submitted,


                                           HOLLAND & KNIGHT LLP

                                           /s/ Philip E. Rothschild
                                           Philip E. Rothschild
                                           Florida Bar No. 0088536
                                           Email: phil.rothschild@hklaw.com

                                           HOLLAND & KNIGHT LLP
                                           515 East Las Olas Blvd., 12th Floor
                                           Fort Lauderdale, FL 33301
                                           Telephone: (954)525-1000
                                           Facsimile: (954)463-2030

                                           /s/ John P. Kern

                                           John P. Kern, Esq. (pro hac vice)
                                           Email: john.kern@hklaw.com
                                           Jessica E. Lanier, Esq. (pro hac vice)
                                           Email: Jessica.Lanier@hklaw.com

                                           HOLLAND & KNIGHT LLP
                                           50 California Street, Suite 2800
                                           San Francisco, CA 94111
                                           Telephone: (415)743-6918
                                           Facsimile: (415)743-6910

                                           Attorneys for CE RESOURCE, INC. d/b/a
                                           CME RESOURCE and NetCE