**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

DR. JASSIN JOURIA

    Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

    Third Party Defendant.
_____/

**PLAINTIFF'S REPLY TO DECLARATION OF JOHN KERN, ESQ. IN SUPPORT OF NETCE'S OPPOSITION TO ELITE'S MOTION TO DISMISS**

    COMES NOW, Plaintiff, Dr. Jassin Jouria ("Jouria"), who respectfully replies to the declaration of John Kern, Esq., DE 67, admitted *pro hac vice*, DE 16, which was filed in support of Defendant CE Resource, Inc.'s ("NetCE") opposition, DE 66, to the motion to dismiss filed by Elite Continuing Education, Inc. ("Elite"). Jouria seeks from the court consideration of disciplinary action under the Local Rules Governing Attorney Discipline and Local Rule 10 therein against Mr. Kern for filing a perjurious declaration.

    While the motion to dismiss was filed by Elite, Mr. Kern's declaration, on numerous occasions, seeks to disparage, inappropriately and falsely, both Jouria and his counsel. Jouria's counsel of record and Mr. Kern discussed the accusations previously, and Mr. Kern was advised that

they were not true, and to stop falsely accusing Jouria and his counsel of misdeeds. Regardless, Mr. Kern persists.

Some of the false assertions and disparaging remarks Mr. Kern makes against Jouria and his counsel in the declaration include, but are not limited to: (1) accusing Jouria of "bad acts" (DE 67, ¶2); (2) an accusation that Jouria's counsel "pretended to be conciliatory" *id.* ¶7; (3) a declaration that Jouria's lawyer "threatened" Mr. Kern or his client *id.* ¶8; (4) the statement that Jouria's attorney was "intransigen[t]" and "missed deadlines" *id.* ¶9; (5) an accusation that Jouria "was actively avoiding process servers" *id.* ¶13; and (6) again, a second accusation, that Jouria's counsel threatened Mr. Kern or his client *see id.* ¶15. All of these personal attacks by Mr. Kern go well beyond zealous advocacy, and all are vehemently rejected by Jouria and his undersigned counsel as false statements of fact.

Moreover, the most egregious statement that Mr. Kern declares <u>under penalty of perjury</u>, is the declaration that NetCE "convinced the Bankruptcy Court that Dr. Jouria was a bad faith filer." *Id.* ¶18. Attached hereto is the order from the bankruptcy court granting Jouria's Notice of Voluntary Dismissal of the bankruptcy proceeding (BC 36); and also the order, on the motion of NetCE, vacating the automatic stay, granting the motion for relief from the automatic stay, and continuing the motion to dismiss the bankruptcy case (BC 37). Nowhere in either of these orders does the bankruptcy court find or conclude that Jouria's bankruptcy filings were in "bad faith" or that Jouria was a "bad faith filer."[1] Mr. Kern's declaration that Jouria is a "bad faith filer" is grossly false and untrue.

---

[1] Had the bankruptcy judge found Jouria to be in bad faith, he would have granted NetCE's motion to dismiss the petition, rather than continue it pending further order of the court. *See* BC 37 ¶3.

WHEREFORE, Jouria respectfully makes the court aware of the false and disparaging declarations made by Mr. Kern against him and his counsel. Jouria seeks whatever remedy the court deems appropriate, including an order to show cause why Mr. Kern should not be disciplined for the perjurious statements contained in his declaration, DE 67.

Respectfully submitted,

/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 24, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Richard S. Ross
Richard S. Ross, Esq.

**SERVICE LIST**
Dr. Jassin Jouria v. CE Resource, et al.
Case No.: 15-61165-CIV-DIMITROULEAS
United States District Court, Southern District of Florida
(Ft. Lauderdale Division)

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*


J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*