# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA

    Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

    Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Third Party Plaintiff,

v.

Elite Continuing Education, Inc. and Alpine
Management Services III, LLC,

    Third Party Defendants.

_____/

## SECOND DECLARATION OF JOHN KERN

I, John Kern, declare as follows:

1. I am a partner with the law firm of Holland & Knight LLP (based out of the firm's San Francisco office), and I am duly licensed to practice law in the State of California. I am admitted *pro hac vice* in the United States District Court for the Southern District of Florida, to represent CE RESOURCE, INC. d/b/a CME RESOURCE and NetCE ("NetCE"), in the above-captioned litigation.

2. I have personal knowledge of the circumstances described below and, if so called, can testify under oath regarding these events.

3. On May 22, 2017, I submitted a declaration in support of NetCE's Opposition to Elite Continuing Education, Inc.'s Motion to Dismiss (DE 67).

4. Shortly thereafter, counsel for Plaintiff and Counter-Defendant Dr. Jassin Jouria submitted a declaration challenging the veracity of my statements, accusing me of perjury, and petitioning the Court to consider disciplinary action against me (DE 72).

5. A declaration is a statement, under oath, of one's honest, sincere impressions and personal knowledge. I stand by the accuracy and truthfulness of every statement I made in the at-issue declaration.

6. Although this entire exercise strikes me as a profound waste of the Court's time and resources, I feel compelled to provide a detailed response to Richard Ross's allegation that I have committed multiple acts of perjury. I will address, in order, each of his stated bases.

7. Mr. Ross claims (DE 72) I made a false assertion and disparaging statement when I accused Dr. Jouria of "bad acts" (DE 67, ¶2). My reference to "bad acts" was an allusion to the evidence NetCE uncovered that Dr. Jouria had published seven (7) continuing medical education courses to which NetCE owns the copyrights.

8. Mr. Ross claims (DE 72) I made a false assertion and disparaging statement when I stated that Dr. Jouria's counsel (Mr. Ross) "pretended to be conciliatory" (DE 67, ¶7). My honest recollection and belief is that upon notifying Mr. Ross of his client's multiple acts of copyright infringement, he initially conveyed contrition, regret, and a desire to settle—rather than litigate—for the practical reason that his client lacked resources. Shortly thereafter, Mr. Ross and his client adopted a more defensive position, and Mr. Ross threatened his client would file for bankruptcy if we did not accept a settlement offer. My shorthand description for this course of events (which included Mr. Ross moving from apologetic to defensive), was that Mr. Ross had initially "pretended to be conciliatory." I stand by that statement as an accurate reflection of my honest recollections and beliefs, based on my firsthand knowledge.

9. Mr. Ross claims I made a false assertion and disparaging statement when he claims I stated Mr. Ross "threatened" my client and me. Perhaps Mr. Ross was hoping to mislead the Court by taking a single word ("threatened") out of context, but thankfully my complete statement can be viewed *in the record* and is as follows: "At one point, Dr. Jouria's attorney made a settlement offer and then threatened to put his client through bankruptcy if the offer were rejected." (DE 67, ¶8, ¶15). I stand behind my statements 100%, not only because they reflect my honest recollection of events, but also because they are consistent with what ultimately transpired in the chronology of events (*i.e.,* NetCE rejected the settlement offer, and Dr. Jouria filed for bankruptcy).

10. Mr. Ross claims I made a false assertion and disparaging statement when I stated he was "intransigent" and "missed deadlines." (DE 67, ¶9). My statements simply were a reference to the fact (1) Mr. Ross adopted views disagreeable to ours (the dictionary definition of "intransigent"), and (2) on numerous occasions Mr. Ross stated he would communicate some

3

settlement update to us by a date certain, but failed to (*i.e.*, he "missed deadlines").  Again, I stand by my statements, because they are based on my honest recollections and beliefs of events, and they are based on my firsthand knowledge.

11. Mr. Ross claims I made a false assertion and disparaging statement when I stated that we *believed* Dr. Jouria was " actively avoiding process servers."  (DE 67, ¶13).  My statement (from which Mr. Ross omitted our qualifier "believes") was based on the fact (1) process servers reported to us Dr. Jouria appeared to be home but refused to answer the door, and (2) Mr. Ross, counsel of record, himself claimed he was not authorized to accept service of process.  Again, I stand by my statement, because it was my honest recollection and belief of events, based on my firsthand knowledge.

12. Finally, we come to Mr. Ross's claim I made a false assertion when I stated NetCE "convinced the Bankruptcy Court that Dr. Jouria was a bad faith filer." (DE 67, ¶18).  I attended and participated in oral arguments at the hearing in question.  Mr. Ross did not attend or participate.  Although my bankruptcy co-counsel elaborates on this issue more fully in a separate Declaration, I stand by the accuracy of my description.  NetCE filed for relief from the order extending the stay *based on the argument Dr. Jouria had filed for bankruptcy in bad faith*.  After reviewing the parties' briefs, considering evidence, and hearing oral arguments, the bankruptcy judge granted NetCE's motion.

Dated this 31st day of May, 2017

By: _____
John Kern