UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA

        Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

        Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Third Party Plaintiff,

v.

Elite Continuing Education, Inc. and Alpine
Management Services III, LLC,

        Third Party Defendants.

_____/

## **DECLARATION OF JOAQUIN ALEMANY**

I, Joaquin J. Alemany, declare as follows:

1. I am a partner with the law firm of Holland & Knight LLP (based out of the firm's Miami office), and I am duly licensed to practice law in the State of Florida. I practice regularly in the United States Bankruptcy Court for the Southern District of Florida.

2. I have personal knowledge of the circumstances described below and, if so called, can testify under oath regarding these events.

3. Along with John P. Kern, I represented CE RESOURCE, INC. d/b/a CME RESOURCE and NetCE ("NetCE"), at the April 6, 2017 hearing before the Bankruptcy Court for the Southern District of Florida. At this Court-ordered evidentiary hearing, the Honorable Raymond B. Ray heard arguments from NetCE as to why it should be granted relief from the automatic stay. In its moving papers (attached hereto as composite **Exhibit A**) and throughout the evidentiary hearing, NetCE's only stated basis for seeking relief from the automatic stay was that Dr. Jouria had filed his latest bankruptcy case in *bad faith*.

4. In fact, the circumstances were such that there was a statutory presumption of bad faith, which Dr. Jouria could only rebut by *clear and convincing* evidence, since Dr. Jouria's prior bankruptcy case was dismissed within a 1-year period.

5. Furthermore, the Eleventh Circuit has also provided guidance on other factors that may be considered when determining whether a bankruptcy petition has been filed in bad faith, and those factors were also pled and argued at the evidentiary hearing.

6. At the conclusion of the hour long hearing (which included testimony from Dr. Jouria), the Judge granted NetCE relief from the automatic stay and instructed me to prepare and submit a proposed Order.

7. Following the hearing, in accordance with the local rules, I provided a draft of the proposed Order to bankruptcy counsel for Dr. Jouria for her review. Bankruptcy counsel for Dr. Jouria responded by email approving the proposed order and advising that the Debtor would be voluntarily dismissing the Chapter 13 case as it "serves no purpose at this time."

8. Later that day, bankruptcy counsel for Dr. Jouria filed a notice of voluntary dismissal stating that in light of the court's recent order granting NetCE relief from the automatic stay, the Debtor was voluntarily dismissing the current bankruptcy petition ("Notice of Dismissal").

9. On April 12, 2017, in response to the Debtor's Notice of Dismissal, the Court entered its Order of Dismissal with Prejudice.

10. On April 13, 2017, the court entered an order in NetCE's favor vacating the prior order extending the automatic stay, granting relief from the automatic stay to continue the prosecution of this litigation against the Debtor and other parties through final judgment, and continuing the motion to dismiss until further order of the court ("Order Granting Relief from the Automatic Stay"). A true and correct copy of the Order Granting Relief from the Automatic Stay is attached hereto as **Exhibit B**.

11. Because "bad faith" was the sole basis NetCE had advanced with respect to seeking relief from the automatic stay in both its moving papers and at the bankruptcy

3

evidentiary hearing, it is accurate and entirely fair to surmise that "bad faith" was the basis for the Judge's ruling against Dr. Jouria.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 30th day of May, 2017

By: _____
Joaquin J. Alemany