# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### FT. LAUDERDALE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| JASSIN JOURIA, | ) | Case No. 16-27150-RBR |
| | ) | |
| Debtor. | ) | |

## MOTION FOR ENTRY OF AN ORDER (A) VACATING ORDER EXTENDING AUTOMATIC STAY AS TO ALL CREDITORS; (B) DISMISSING DEBTOR'S BANKRUPTCY CASE DUE TO BAD FAITH FILING; OR, ALTERNATIVELY (C) MODIFYING THE AUTOMATIC STAY TO PERMIT THE CONTINUANCE OF NONBANKRUPTCY LITIGATION

NOW COMES CE Resource Inc. d/b/a CME Resource and NetCE ("**NetCE**"), a creditor of the estate, by and through its counsel, Holland & Knight LLP, and, pursuant to §§ 305 and 362 of 11 U.S.C. § 101, *et seq.* ("**Bankruptcy Code**"), Rule 9024 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") and Rule 9073 of the Local Rules of the Bankruptcy Court for the Southern District of Florida ("**Local Rules**"), requests that this Court enter an Order (a) vacating this Court's January 24, 2016 Order extending the automatic stay as to all creditors due to the failure of Debtor's counsel to timely serve NetCE or its attorneys with a copy of its motion to extend the automatic stay; (b) dismissing Debtor's chapter 13 bankruptcy; or, alternatively (c) modifying the automatic stay for cause to permit the Nonbankruptcy Litigation (defined below) to continue and to permit NetCE to enforce its rights under nonbankruptcy law. In support of its Motion, NetCE respectfully states the following:

### JURISDICTION

1.      This Court has jurisdiction to hear this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. 157.

2.    NetCE requests relief pursuant to Bankruptcy Code §§ 305 and 362, Bankruptcy Rule 9024 and Local Rule 9073.

## PRELIMINARY STATEMENT

The Order Extending the Automatic Stay should be vacated and this Case should be dismissed, due to Debtor's continual violation of the rules and customs of this Court and Debtor's lack of respect for the bankruptcy process.  Debtor's serial filings have not been made for the purpose of reorganization or a fresh start; rather, they are a desperate tactic to stall a nonbankruptcy two-party dispute until Debtor will once again be eligible for chapter 7 discharge later this year. As evidenced by Debtor's previous bankruptcies and his current schedules, Debtor does not have the means or will to submit a confirmable chapter 13 plan.  Debtor's serial filings have caused prejudice to NetCE, as they have stalled nonbankruptcy proceedings against Debtor's co-defendants in the Nonbankruptcy Litigation for several months.

Debtor repeatedly fails to comply with the Rules of this Court.  Debtor's previous bankruptcy was initially dismissed because Debtor refused to provide financial information to the Chapter 13 Trustee.  In this case, Debtor filed a Motion to Extend the Stay, necessitated by Debtor's serial filings, but then failed to comply with the rules regarding service of motions. NetCE did not receive a copy of the Court-generated notice of hearing until one day after the hearing date for Debtor's Motion to Extend the Automatic Stay.

If NetCE had been provided an opportunity to respond to this Motion, it would have responded as it does here:  Debtor's serial bankruptcy filings have been made in bad faith in order to gain leverage in a two-party dispute.  Debtor's bankruptcy should be dismissed or, in the alternative, the automatic stay should be modified to permit NetCE to proceed with the Nonbankruptcy Litigation.

## BACKGROUND

### The Parties

3.      NetCE is a California-based company specializing in commissioning and publishing continuing medical education ("**CME**") courses for a variety of medical professionals in multiple subjects.

4.      In 2012 and 2013, NetCE and Dr. Jassin Jouria ("**Debtor**") executed ten (10) Freelance Writer Agreements, whereby Debtor was commissioned to write ten (10) courses in the area of general medicine, internal medicine, and pharmacology.  Each Freelance Writer Agreement explicitly states that NetCE is the author of the materials under the work for hire doctrine, that NetCE had full leeway to edit and revise submissions, and that Debtor reserves the rights to the articles only in the event of NetCE's explicit refusal of the tendered product.

5.      In early 2015, NetCE discovered that, without its permission, Debtor had submitted seven (7) of these articles to Elite Continuing Education, Inc. ("**Elite**"), one of NetCE's online publishing competitors. Pursuant to the Freelance Writer Agreements and under United States Copyright law, each of these articles was and is the property of NetCE.

6.      Immediately upon discovering these bad acts, NetCE sent a cease and desist letter to Debtor dated April 9, 2015. Declaration of John Kern ("**Kern Decl**.")[1] at ¶ 4. The letter summarized the contracts and provisions and asked that Debtor provide an accounting of his profits from his infringing activity.  *Id.*  The letter closed by offering to enter into a settlement agreement with Debtor if he satisfied the conditions in the letter and stating that, if Debtor did not comply, NetCE would pursue all available legal remedies.  *Id.*

---

[1] A true and correct copy of the Kern Declaration is attached hereto as **Exhibit A**.

7.      NetCE's attorney also sent Elite a cease and desist letter and then periodically communicated with Elite.  *Id.* at ¶¶ 4-5.  Yet, despite Elite's repeated assurances it would take down the infringing content, it failed to successfully remove the offending material from its website or block internet users' access to it.  *Id.* at ¶ 5.

8.      Dr. Jouria responded to the cease and desist letter through his attorney, initiating an extensive email and phone conversation with NetCE's attorney.  *Id.* at ¶ 6.  Dr. Jouria pretended to be conciliatory, and NetCE believed a settlement agreement was at least possible, if not probable.  *Id.* at ¶ 6.

9.      At one point, Dr. Jouria's attorney made a settlement offer and then threatened to put his client through bankruptcy if the offer were rejected.  *Id.* at ¶¶ 7-9.

10.      After weeks of intransigence, Dr. Jouria's attorney's delayed responsiveness, and missed deadlines, NetCE concluded Dr. Jouria was stalling in order to stave off a lawsuit. *Id.* at ¶ 11.

11.      At this time, NetCE discovered Dr. Jouria had engaged in infringing activities with yet *another* CME provider ("**NurseCE4Less**").  *Id.*

12.      Thus, NetCE began preparing its complaint to be filed in the Eastern District of California where its place of business is located.  *Id.*

**The California and Florida Litigation**

13.      On September 4, 2015, NetCE filed a civil action against Debtor, Elite and Alpine Management Services III, LLC's, an affiliate of Elite ("**Alpine**"), in the United States District Court for the Eastern District of California, Case-No. 2-15-cv-01908-WBS-AC ("**California Litigation**").

14.     NetCE made several attempts to serve Dr. Jouria with the complaint filed in the California Litigation before succeeding. Kern Decl. at ¶ 11. NetCE believes Dr. Jouria was actively avoiding process servers at his home. *Id.* Dr. Jouria's attorney also refused to accept service for him. *Id.* NetCE was finally able to serve Dr. Jouria on September 22, 2015. *Id.*

15.     Unbeknownst to NetCE (and while NetCE and Dr. Jouria's attorney were *still* communicating), Dr. Jouria filed a declaratory judgment action in the United States District Court for the Southern District of Florida, Case No. 0:15-cv-61165-WPD ("**Florida Litigation**" and collectively with the California Litigation, the "**Nonbankruptcy Litigation**") in June of 2015. Dr. Jouria did not serve NetCE until September 15, 2015. Kern Decl. at ¶ 10.

16.     On October 6, NetCE filed a motion to dismiss or transfer ("**Motion to Dismiss**") and consolidate the Florida Litigation based primarily on the premise that Dr. Jouria's Florida lawsuit was an anticipatory suit filed subsequent to the California Litigation. *Id.* at ¶ 12.

17.     Following this, Dr. Jouria filed for Chapter 13 bankruptcy in this Court on October 23, 2015. *Id.* at ¶ 13.

18.     Dr. Jouria's bankruptcy resulted in a stay of the Florida Litigation. *Id.*

19.     Dr. Jouria did not enter an appearance in the California Litigation or notify the California Court of his bankruptcy. *Id.* at 14. NetCE, out of an abundance of caution and desirous of respecting Bankruptcy Rules, amended its pleadings in the California Court to temporarily leave out Dr. Jouria. This resulted in a host of motion practice from the remaining two defendants, Elite Continuing Education, Inc. ("Elite") and Alpine Management III ("Alpine"). *Id.* at 15. In motions to dismiss and stay, based in part on the merits, both of these defendants argued that Dr. Jouria was a necessary party and used his absence to stall their own cases. *Id.*

20.     The judge in the California case opted to refrain from ruling on the merits, in order to see how the Florida Court would ultimately decide on the issues. *Id.* at 16. NetCE's entire case was left in limbo due to Dr. Jouria's bad faith actions. *Id.*

21.     Simultaneously to the California Court's decision, Dr. Jouria's Chapter 13 bankruptcy case was dismissed. *Id.* at 17. Shortly thereafter, the Florida Court lifted the stay. *Id.* Due to agreement by Alpine, Elite, and NetCE, the Nonbankruptcy Litigation is proceeding forward chiefly in Florida. *Id.* at 18.

**Debtor's Bankruptcy Cases**

22.     Debtor has a long history of bankruptcy filings. On August 18, 2010, Debtor filed a petition for voluntary relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida, Case-No. 10-34316 ("**Debtor's First Bankruptcy Case**").

23.     On December 22, 2010, this Court entered an Order of Chapter 7 Discharge for Debtor.

24.     On October 23, 2015, in response to the California Litigation and NetCE's Motion to Dismiss the Florida Litigation, Dr. Jouria filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida, Case No. 15-28811 ("**Debtor's Second Bankruptcy Case**").

25.     Debtor's case was initially dismissed due to repeated failures to disclose financial information to the Standing Chapter 13 Trustee and this Court and repeated failures to comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules. Attached as **Exhibit B** is the Standing Chapter 13 Trustee's Notice of Non-Compliance, filed on

February 16, 2016, listing in detail Debtor's efforts to withhold financial information from this Court and the Chapter 13 Trustee.

26.     As a result of the Notice of Non-Compliance, this Court dismissed Debtor's Second Bankruptcy Case on February 17, 2016.

27.     This Court subsequently granted a motion of Debtor to reinstate his Second Bankruptcy Case, but then dismissed the Second Bankruptcy Case once again on May 10, 2016, after Debtor was unable to file a confirmable chapter 13 plan with this Court.

28.     On December 30, 2016, after the Section 109(g) 180-day prohibition concluded, Debtor once again filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code, Case No. 16-27150 ("**Debtor's Third Bankruptcy Case**").

29.      On January 10, 2016, Debtor filed a motion to extend the automatic stay to all creditors that was set to expired on January 29, 2017 due to Debtor's repeated filings under Bankruptcy Code Section 362(c)(3) [Dkt. No. 6] ("**Motion to Extend Stay**").  The Court set the hearing on the Motion to Extend Stay for January 19, 2017 [Dkt. No. 7] ("**Notice of Hearing**").

30.     Seven (7) days after filing the Motion to Extend Stay, Debtor's attorney filed a certificate of service, signed under penalty of perjury by Debtor's attorney, stating that, on January 13, 2017 he served NetCE's attorney with a copy of the Motion to Extend Stay and Notice of Hearing.  Declaration of Phillip Rothschild ("**Rothschild Decl**")[2] at ¶ 4.

31.     On January 20, 2017, attorney Phillip Rothschild of Holland & Knight LLP received the Notice of Hearing, <u>one day after the hearing on Debtor's Motion to Extend Stay</u>.  Due to Debtor's failure to timely serve NetCe's attorney with the Motion to Extend Stay, NetCe was unable to make an appearance or lodge an objection.  Moreover, despite Dr. Jouria's attestation

---

[2] A true and correct copy of the Rothschild Declaration is attached hereto as **<u>Exhibit C</u>**.

and certificate of service, Holland & Knight LLP was never served with a copy of the Motion to Extend Stay or the accompanying notice of motion.  *Id.* at ¶ 5.

32.  On January 24, 2017, this Court entered an Order Extending the Automatic Stay as to all creditors [Dkt. No. 19] ("**Extension Order**").

33.  The property interest subject to the California and now Florida Lawsuits has not been claimed exempt by the debtor or abandoned by the trustee.  The amount of damages for breach of contract and copyright infringement are likely in the tens of millions of dollars, but will be determined at litigation.

## DISCUSSION

### I.  The Extension Order Should Be Vacated

34.  Debtor's failure to timely serve NetCE with the Motion to Extend Stay and the Notice of Hearing is consistent with Debtor's pattern of non-compliance with the rules of this Court and nonbankruptcy Courts in the States of California and Florida.  The Extension Order should be vacated to provide NetCE with an opportunity to object and to provide NetCE with a fair hearing.

35.  Rule 60(b) of the Federal Rules of Civil Procedure, made applicable to bankruptcy cases pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure, provides, in pertinent part, that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

36.     To prevail on a motion to vacate, a movant must demonstrate a compelling reason of fact or law to convince the Court to vacate its order. *In re Bryan Rd., LLC*, 389 B.R. 297, 300 (Bankr. S.D. Fla. 2008). Entry of an order or judgment in clear violation of rules and statutes is sufficient justification to vacate under Rule 60. *See Fackelman v. Bell*, 564 F.2d 734, 737 (5th Cir. 1977) (error must be more than disagreement with the Court's ruling).

37.     Insufficient service raises due process concerns, and an order of a court is void where service was insufficient. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n,* 674 F.2d 1365, 1368 (11th Cir. 1982) (finding a judgment void under Rule 60(b)(4) where the defendant was not properly served); *see also Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) ("An elementary and fundamental requirement of due process in any proceeding ... accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the ... action and [to] afford them an opportunity to present their objections.").

38.     Bankruptcy Rule Rule 9006(d) states: A written motion, other than one which may be heard ex parte, and notice of any hearing shall be served not later than seven days before the time specified for such hearing, unless a different period is fixed by these rules or by order of the court.

39.     Local Rule 2002-1(F) states, in part: A party who provides notice of any requested relief, proposed action or other service pursuant to the Bankruptcy Rules, these rules, or by order of the court, shall file with the court, within **two business days** after service, a certificate of service substantially conforming to the Local Form "Certificate of Service", that shall list the names and addresses and date and manner of service of all parties required to be served. (emphasis added).

40.      Local Rule 9073-1(B) states: The movant shall file a certificate of service for that notice of hearing as required under Local Rule 2002-1(F). A request for relief as to which a notice of hearing is not timely served or a certificate of service timely filed may be denied *sua sponte* by the court without further notice or hearing.

41.      It is clear by the plain meaning of the Bankruptcy Rules and the Local Rules that Debtor and his attorney did not comply with the rules for service of motions.  Debtor did not serve NetCE with the Motion to Extend Stay itself.  Even if NetCE's attorney received the served copy of the Notice of Hearing on the day it was delivered via U.S. Mail, it would only have provided NetCE with six days' notice, in violation of Rule 9006(d).  In reality, NetCE did not receive the Notice of Hearing until one day **after** the hearing on the Motion to Extend Stay.  This is clear misconduct by the Debtor and justifies relief under Fed. R. Civ. P. 60(b).

42.      Accordingly, the Extension Order should be vacated to permit the NetCE with an opportunity to respond to the Motion to Extend Stay.

## II.      Debtor's Third Bankruptcy Case Should Be Dismissed

43.      Under Section 305 of the Bankruptcy Code, a bankruptcy court may dismiss a case if it determines that "the interests of creditors and the debtor would be better served by such dismissal." This most commonly occurs when a bankruptcy case essentially involves a two-party dispute between the debtor and a single creditor, so that a bankruptcy filing serves no purpose other than to prolong resolution of the dispute or to give the debtor a tactical advantage.

44.  11 U.S.C. Section 1307(c) allows for the dismissal of a Chapter 13 case for cause on a finding of bad faith based upon the totality of the circumstances. *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1222-23 (9th Cir. 1999); accord *In re Love*, 957 F.2d 1350 (7th Cir. 1992). There are four factors to take into consideration: (1) whether the debtor misrepresented facts in his

petition or plan, unfairly manipulated the Code, or otherwise filed his petition or plan in an inequitable manner; (2) the debtor's history of filings and dismissals; (3) whether the debtor intended to defeat state court litigation; and (4) whether egregious behavior is present. *Id.*

45.    In addition, bankruptcy courts may invoke their broad equitable powers under Section 105(a) of the Bankruptcy Code to issue any order "that is necessary or appropriate to carry out the provisions" of the Code "or to prevent an abuse of process." That includes dismissing an abusive bankruptcy filing.

46.  It is well-settled law in this Circuit that dismissal is warranted where a debtor is using the bankruptcy court as an alternative forum for a two-party dispute. *In re Phoenix Piccadilly*, Ltd., 849 F.2d 1393 (11th Cir.1988); *In re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir. 1984).

47.    In general, § 305 grants significant discretion to the bankruptcy courts to decline, in certain circumstances, to exercise jurisdiction over a case filed under title 11 even when jurisdiction is otherwise appropriate. Alan N. Resnick & Henry J. Sommer 2-305 *Collier on Bankruptcy* ¶ 305.01 and ¶ 305.02 (2014).

48.    Some of the factors considered by other courts applicable to our case are (1) an absence of a bankruptcy purpose, (2) cases where there is a pending state law proceeding, (3) another forum is better suited to see the case, (4) efficiency and economy of administration and (5) the case is a two party dispute. *See, e.g., In re Costa Bonita Beach Resort*, 479 B.R. 14 (Bankr.D.P.R.2012); *In re Seff Enters. & Holdings, LLC*, 2010 BNH 011, 2010 WL 7326760 (Bankr.D.N.H.2010); *ELRS Loss Mitigation*, 325 B.R. 604, 634 (Bankr. N.D.Okla.2005); *In re Spade*, 258 B.R. 221, 231 (Bankr.D.Colo. 2001).

49.    Most bankruptcy courts applying § 305(a)'s dismissal provisions consider the effect of keeping a particular case in bankruptcy on the basis of efficiency and economy of the judicial

system as a whole since a cause of action should only be heard once. *In re Owen-Johnson*, 115 B.R. 254 (Bankr.S.D.Cal.1990). "Other factors to consider are whether resolution of case involves interpretation of state law, and whether interests of justice and comity prevail." *Id.* at 257.

50.     Here, dismissal is warranted because Debtor's bankruptcy, like his previous bankruptcy filing, is nothing more than a litigation tactic in a two-party dispute.  Debtor's Schedules list two substantial debts: nondischargeable student loans and the ongoing litigation with NetCE [Dkt. No. 9].  There are pending nonbankruptcy cases involving this dispute in California and Florida, and economy and administration dictates that the nonbankruptcy issues involved in the Nonbankruptcy Litigation be decided in the proper forum.

51.     There is also no present bankruptcy purpose for this case.  Debtor has repeatedly used this bankruptcy court, not as a tool to reorganize or obtain a fresh start, but as a ham-handed litigation tactic to delay and frustrate the Nonbankruptcy Litigation.  Debtor's current income, disclosed in his schedules, indicates that he will be unable to file a confirmable chapter 13 plan, just like he was unable to file a confirmable plan in his previous bankruptcy case.  Much like his previous chapter 13 case, this case is an attempt to delay the Nonbankruptcy Litigation until he is eligible to file chapter 7 bankruptcy later this year.

52.     Accordingly, Debtor's Third Bankruptcy Case should be dismissed pursuant to Section 305 of the Bankruptcy Code.

### III.     In the Alternative, the Automatic Stay Should Be Modified to Permit the Parties to Proceed with the Nonbankruptcy Litigation

53.     The Bankruptcy Code permits the Court to modify the automatic stay imposed by § 362(a).  Specifically, § 362(d) states:

> (d)     On request of a party in interest after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

(1)     for cause, including lack of adequate protection of an interest in property for such party in interest;

(2)     with respect to a stay of an act against property under subsection (a) of this section if –

(A)     the debtor does not have an equity in such property; and

(B)     such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

54.     It is well established that a debtor's bad faith constitutes cause for relief from the automatic stay under Section 362(d)(1) for cause. *See In re AMC Realty Corp.*, 270 B.R. 132, 140-41 (Bankr. S.D.N.Y. 2001); *In re CTC 9th Ave. P'ship v. Norton Co.*, 113 F. 3d. 1304 (2d Cir. 1997); *In re 234-6 West 22nd St. Corp.*, 214 B.R. 751 (Bankr. S.D.N.Y. 1997).

55.     Section 362(c)(3) of the Bankruptcy Code states that there is a presumption of a bad faith filing as to all creditors, only to be rebutted by clear and convincing evidence, if a debtor, within the prior year, had a chapter 13 case dismissed due to failure to file provide or amend documents.

56.     The Eleventh Circuit has provided guidance on other factors that may be considered when determining whether a bankruptcy petition was filed in bad faith, including, in part, the following: the probable or expected duration of the debtor's plan; (2) the motivations of the debtor and his sincerity in seeking relief under the provisions of [the Bankruptcy Code]; (3) the debtor's degree of effort; (4)  the frequency with which the debtor has sought relief under the Bankruptcy Code; and (5) the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors.  *In re Kitchens*, 702 F.2d 885, 888-89 (11th Cir. 1983).

57.     Here, cause under §362(d) exists because the bankruptcy filing has been made in bad faith.  Debtor has no desire to seek relief under chapter 13 of the Bankruptcy Code.  Much like his previous bankruptcy filing, this case is a stall tactic until he will be able to obtain a chapter 7 discharge.  Debtor is a serial filer that has not complied with the rules of procedure in this Court and others.  Debtor and his attorney have repeatedly used bankruptcy as a settlement threat in a two-party dispute, rather than a tool to reorganize or obtain a fresh start.

58.     The District Court's decision in *Makozy v. Crawford (In re Makozy)*, 2013 WL 6162823 (S.D. Fla. 2013) is instructive.  In *Makozy*, the District Court affirmed this Court's order denying a debtor's motion to continue an automatic stay which was triggered by the debtor's third bankruptcy filing in this district.  The Court held that there was a "clear indicia of bad faith" where the debtor was "using the bankruptcy code as a sword … and.. has been on the run from the litigation … [for] quite a while, and is using this District to do it." *Id.* at 7.

59.     Accordingly, modification of the automatic stay is appropriate as to all of debtor's creditors due to the bad faith filing of this bankruptcy case.

60.  In the alternative, NetCe requests modification of the automatic stay to proceed with the Nonbankruptcy Litigation for determination of liability purposes only.  The Nonbankruptcy Litigation has been on hold for several months due to Debtor's serial bankruptcy filings, and judicial economy demands that these cases proceed, and the nonbankruptcy forum is the court best suited to decide this dispute due its familiarity with the issues.  *See In re Sonnax Indus.*, 907 F.2d 1280 (2nd Cir. 1990)

61.  NetCE further requests that this Court waive the 14-day stay of any order granting this Motion pursuant to Fed. R. Bankr. P. 4001(a)(3) and authorize NetCE to exercise its rights immediately upon entry of such Order.

WHEREFORE, NetCe respectfully requests that this Court enter an Order: (i) vacating the Extension Order; (ii) dismissing this Case pursuant to Section 305 of the Bankruptcy Code; (iii) modifying the automatic stay pursuant to § 362(d) of the Bankruptcy Code to permit NetCE to enforce its rights under nonbankruptcy law (iv) waiving the 14-day stay under Fed. R. Bankr. P. 4001(a)(3) and authorizing NetCE to exercise its rights immediately upon entry of such order; and (v) for such other and further relief as this Court deems just and appropriate.

Dated: February 6, 2017.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

Joaquin J. Alemany
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500
Facsimile: (305) 789-7799
E-mail: joaquin.alemany@hklaw.com

-and-

Philip Rothschild
515 E Las Olas Blvd #1200
Fort Lauderdale, Florida 33301
Telephone: (954) 468-7881
Facsimile: (305) 789-7799
E-mail: phil.rothschild@hklaw.com

By: /s/ Joaquin J. Alemany
　　　Joaquin J. Alemany, Esq.
　　　Florida Bar No. 662380
　　　Philip Rothschild, Esq.
　　　Florida Bar No. 0088536

*Counsel for CE Resource Inc. d/b/a CME Resource and NetCE*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of February, 2017, a true and correct copy of the foregoing was served via electronic transmission on all CM/ECF registered users for this case and via U.S. Mail and/or E-mail as indicated below:

By: /s/ Joaquin J. Alemany

Joaquin J. Alemany, Esq

**Via U.S. Mail**

Jassin M Jouria, 2648 N. 26 Terrace, Hollywood, FL 33020-1904
Broward County Tax Collector, 115 S Andrews Ave, Ft Lauderdale, FL 33301-1818
Florida Department of Revenue, POB 6668, Bankruptcy Division, Tallahassee, FL 32314-6668
Aes/Nct, Aes/Ddb, Po Box 8183, Harrisburg, PA 17105-8183
Brazos-lsc, 4030 Highway 6 S, College Station, TX 77845-1805
CE Resources, c/o Phillip Rothschild, Esq, 515 E. Las Olas Blvd. 12th floor, Fort Lauderdale, FL 33301-2296
CE Resources INC, c/o Dennis Meinyer Agent, 1482 Stone Point Drive #120, Roseville, CA 95661-2839
Citi Corp Credit Services, Citicorp Cr Srvs/Centralized Bankruptcy, Po Box 790040, S Louis, MO 63179-0040
Macys/DSNB, Attn: Bankruptcy, Po Box 8053, Mason, OH 45040-8053
Nelnet on behalf of ECMC, PO Box 16408, St. Paul, MN 55116-0408

**Via E-mail**

ebnbankruptcy@ahm.honda.com, American Honda Finance, Po Box 168088, Irving, TX 75016
ebnbankruptcy@ahm.honda.com, American Honda Finance Corporation, National Bankruptcy Center, P.O. Box 168088, Irving, TX 75016-8088 93869372
bankruptcy@icsystem.com, IC Systems, Inc, 444 Highway 96 East, St Paul, MN 55127-2557
electronicbkydocs@nelnet.net, Nelnet, Nelnet Claims, Po Box 82505, Lincoln, NE 68501-2505
pa_dc_claims@navient.com, Sallie Mae, Attn: Navient, Po Box 9500, Wilkes-Barr, PA 18773-9500
gecsedi@recoverycorp.com, Synchrony Bank/Care Credit, Po Box 965064, Orlando, FL 32896-5064

#49497416_v1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

IN RE:                       )      Chapter 13

                          )
JASSIN JOURIA,            )      Case No. 16-27150-RBR

                          )
          Debtor.          )

## DECLARATION OF JOHN KERN IN SUPPORT OF CE RESOURCE INC. *d/b/a/* NETCE's MOTION FOR ENTRY OF AN ORDER (A) VACATING ORDER EXTENDING AUTOMATIC STAY AS TO ALL CREDITORS; (B) DISMISSING DEBTOR'S BANKRUPTCY CASE DUE TO BAD FAITH FILING; OR, ALTERNATIVELY (C) MODIFYING THE AUTOMATIC STAY TO PERMIT THE CONTINUANCE OF NONBANKRUPTCY LITIGATION

I, John Kern, hereby declare and state as follows:

1.     I am duly admitted to practice law in California, and I am admitted *pro hac vice* to appear in the Southern District of Florida. I am a partner at Holland & Knight LLP, and counsel of record for CE RESOURCE, INC. *d/b/a* NetCE ("NetCE") in its lawsuit against Dr. Jouria in the United States District Court for the Southern District of Florida ("Florida Lawsuit").

2.     I make this declaration in support of NetCE's Motion for Entry of an Order (A) Vacating Order Extending Automatic Stay as to all Creditors; (B) Dismissing Debtor's Bankruptcy Case Due to Bad Faith Filing; or, Alternatively (C) Modifying the Automatic Stay to Permit the Continuance of Nonbankruptcy Litigation. I have personal knowledge of the facts set forth below, and if called as a witness, I would and could competently testify thereto.

3.     The Florida Lawsuit arose from Dr. Jouria's breach of seven Freelance Writer Agreements and his infringement of NetCE's copyright in seven continuing education courses

NetCE hired Dr. Jouria to draft. After commissioning the courses, receiving drafts from Dr. Jouria, and beginning to curate those drafts, NetCE discovered that Dr. Jouria had sold the seven courses to NetCE's chief competitor, Elite Continuing Education, Inc. ("Elite").

4.  Upon discovering the publication of the seven courses, I sent both Elite and Dr. Jouria cease and desist letters. The cease and desist letter to Dr. Jouria was dated April 9, 2015. This letter summarized the contracts and provisions and asked that Dr. Jouria provide an accounting of his profits from his infringing activity and offered to enter into a settlement agreement with Dr. Jouria if he satisfied the conditions in the letter. I indicated that NetCE would pursue all available legal remedies if Dr. Jouria did not comply. Subsequent to my sending these letters, I spoke with attorneys for both parties by phone and by email.

5.  Elite, on several occasions, represented it would remove the seven infringing course. Yet, Elite only removed the offending content after NetCE pointed out its continued infringement in pleadings—over a year-and-a-half after NetCE pointed out its problematic behavior.

6.  Meanwhile, Dr. Jouria's attorney and I engaged in what I, at the time, believed were good faith negotiations for settlement. I believed that a settlement agreement was at least possible, if not probable.

7.  Dr. Jouria's attorney made an offer that I believe was not commensurate with his bad acts. NetCE rejected the settlement offer.

8.  Dr. Jouria's attorney then re-asserted that offer and threatened to file for bankruptcy if the offer was rejected.

2

9. NetCE again rejected the offer.

10. Dr. Jouria, in June 2015, filed the Florida Lawsuit—an anticipatory lawsuit—for declaratory judgment in the Southern District of Florida. At this point, Dr. Jouria's attorney was still negotiating with NetCE. On September 15, 2015, NetCE was served the summons and complaint.

11. NetCE filed a lawsuit in the United States District Court for the Eastern District of California ("California Lawsuit") on September 4, 2015, after it realized Dr. Jouria's "negotiations" and "offers" were mere stall tactics and after Dr. Jouria's attorney's increasingly delayed responsiveness and missed deadlines. NetCE also discovered that Dr. Jouria had engaged in infringing activities with yet *another* CME provider ("NurseCE4Less"). NetCE made several attempts to serve Dr. Jouria with the complaint filed in the California litigation before succeeding. NetCE believes Dr. Jouria was actively avoiding process servers at his home. Dr. Jouria's attorney also refused to accept service for him. NetCE was finally able to serve Dr. Jouria on September 22, 2015.

12. On October 6, NetCE filed a motion to dismiss, transfer, or stay Dr. Jouria's Florida litigation.

13. Dr. Jouria then, on October 23, 2015, filed for bankruptcy in the Southern District of Florida, resulting in the stay of the Florida Lawsuit Dr. Jouria had filed. *See In re Jouria*, 15-28811-LMI.

14. Dr. Jouria did not enter an appearance in the California Litigation or notify the California Court of his bankruptcy.

3

15.     NetCE, out of an abundance of caution and desirous of respecting Bankruptcy Rules, amended its pleadings in the California Court to temporarily leave out Dr. Jouria. This resulted in a host of motion practice from the remaining two defendants, Elite and Alpine Management III ("Alpine").   In motions to dismiss and stay, based in part on the merits, both of these defendants argued that Dr. Jouria was a necessary party and used his absence to stall their own cases.

16.     The judge in the California case opted to refrain from ruling on the merits, in order to see how the Florida Court would ultimately decide on the issues. NetCE's entire case was left in limbo due to Dr. Jouria's bad faith actions.

17.     On May 10, 2016, Dr. Jouria's bankruptcy case in this Court was dismissed with prejudice for 180 days. *See In re Jouria*, 15-28811-LMI, Dkt. 64. The Florida Lawsuit's stay was lifted.  (By this point the remaining parties had agreed to proceed forward in Florida and dismissed the California Lawsuit.)  At the expiration of this period, Dr. Jouria filed for Chapter 13 bankruptcy again (the instant proceeding), setting off the temporary automatic stay in the Florida Lawsuit.

18.     Due to agreement by Alpine, Elite, and NetCE, the Nonbankruptcy Litigation is proceeding forward chiefly in Florida.


John Kern

4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

PROCEEDINGS UNDER CHAPTER 13
CASE NO. 15-28811-BKC-LMI

IN RE:
JASSIN M. JOURIA,
                    DEBTOR(S).
_____/

TRUSTEE'S NOTICE OF NON-COMPLIANCE

Nancy K. Neidich, Standing Chapter 13 Trustee, files this Notice of Non-Compliance and states as follows:

1.  At the Confirmation Hearing held on February 2, 2016, the debtor(s) agreed to provide **a) WDO, b) LF 90, c) DSO, d) amend plan to include lawsuit language, e) BDQ with P/L, balance sheet and bank statements, f) evidence and calculation of CMI 22c-1 line 5, 22c-2 line 16, 26, 33d (1 household only 1 car), g) amend plan to pay at least debtor's calculation of CMI ($34,669.80), h) explain wire transfers 10/19 and 10/22 of $12,500 total to Gilbert Abramson & Assoc, i) provide explanation of services provided by R Rosse on 9/8 ($5605 and 8/24 $3000 (possible preference issue), j) using business account for personal expenses need calculation of income, k) obj/conform to cl#6** by five o'clock in the afternoon on Friday, February 12, 2016 or that the debtor(s) agreed to the entry of a dismissal order.

2.  As of February 16, 2016, the debtor(s) have failed to comply with this agreement or provide any alternative which could resolve the pending issues.

3.  Accordingly, the Trustee is requesting entry of an Order Dismissing the Chapter 13 Case.

I hereby certify that a true and correct copy of the foregoing was served by NEF on debtor's attorney and was mailed by postage prepaid mail to the debtor at the address below on February 16, 2016.


/s_____
NANCY K. NEIDICH, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
P.O. BOX 279806, MIRAMAR, FL 33027
(954) 443-4402


COPIES FURNISHED TO:

Jassin M. Jouria
1500 NW 12 Avenue
Unit 1516
Miami, FL 33136

Iman I. Abouelazm, Esq (ECF)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### FT. LAUDERDALE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 13** |
| | ) | |
| **JASSIN JOURIA,** | ) | **Case No. 16-27150-RBR** |
| | ) | |
| **Debtor.** | ) | |

**DECLARATION OF PHILIP E. ROTHSCHILD IN SUPPORT OF CE RESOURCE INC.**
*d/b/a/* **NETCE's MOTION FOR ENTRY OF AN ORDER (A) VACATING ORDER EXTENDING AUTOMATIC STAY AS TO ALL CREDITORS; (B) DISMISSING DEBTOR'S BANKRUPTCY CASE DUE TO BAD FAITH FILING; OR, ALTERNATIVELY (C) MODIFYING THE AUTOMATIC** STAY TO PERMIT THE CONTINUANCE OF NONBANKRUPTCY LITIGATION

I, Philip E. Rothschild, hereby declare and state as follows:

1.      I am an attorney duly admitted to practice law before all Courts of the State of Florida and the United States District Court for the Southern District of Florida. I am a senior counsel at Holland & Knight LLP and counsel of record for CE RESOURCE, INC. d/b/a NetCE ("NetCE") in an action pending in the Southern District of Florida, Case No. 15-cv-61165-WPD. I make this declaration in support of NetCE's Motion for Entry of an Order (A) Vacating Order Extending Automatic Stay as to all Creditors; (B) Dismissing Debtor's Bankruptcy Case Due to Bad Faith Filing; or, Alternatively (C) Modifying the Automatic Stay to Permit the Continuance of Nonbankruptcy Litigation. I have personal knowledge of the facts set forth below, and if called as a witness, I would and could competently testify thereto.

2.      On December 30, 2016, after the Section 109(g) 180-day prohibition resulting from Debtor's previous bankruptcy concluded, Debtor once again filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code, Case No. 16-27150. The filing of the

1

above-captioned case is Debtor's second Chapter 13 filing in two years. His first Chapter 13 filing, also filed in this District, was dismissed with prejudice for 180 days. *See In re Jouria*, 15-28811-LMI. The filing of the above-captioned case triggered a temporary automatic stay that, due to Dr. Jouria's recent prior filing and 11 U.S.C. § 362, was only to last thirty (30) days.

3. On January 10, 2016, Debtor filed a motion to extend the automatic stay to all creditors that was set to expired on January 29, 2017 due to Debtor's repeated filings under Bankruptcy Code Section 362(c)(3) [Dkt. No. 6] ("**Motion to Extend Stay**"). The Court set the hearing on the Motion to Extend Stay for January 19, 2017 [Dkt. No. 7] ("**Notice of Hearing**").

4. Seven (7) days after filing the Motion to Extend Stay, on Tuesday, January 17, 2017, Debtor's attorney filed a certificate of service, signed under penalty of perjury by Debtor's attorney, stating that, on January 13, 2017 he served NetCE's attorney by United States mail with a copy of the Motion to Extend Stay and Notice of Hearing [Dkt. No. 14]. Debtor's attorney served his own client by email, yet did not serve NetCE's attorney of record in the District Court case by email. *Id.*

5. On Friday, January 20, 2017, I received the Notice of Hearing by regular United States mail, one day after the hearing occurred on Debtor's Motion to Extend Stay. Due to Debtor's failure to timely serve NetCE or myself with the Motion to Extend Stay, NetCE was unable to make an appearance or lodge an objection. Moreover, despite Dr. Jouria's attestation and certificate of service, Holland & Knight LLP was never served with a copy of the Motion to Extend Stay or the accompanying notice of motion.

6.      In other words, the notice of the hearing we received on January 20ᵗʰ was the first we learned of Dr. Jouria's motion to stay.

7.      On January 24, 2017, this Court entered an Order Extending the Automatic Stay as to all creditors [Dkt. No. 19].

8.      I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 6, 2017

Philip E. Rothschild

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 13** |
| | ) | |
| **JASSIN JOURIA,** | ) | **Case No. 16-27150-RBR** |
| | ) | |
| Debtor. | ) | |

**NOTICE OF FILING SUPPLEMENTAL DECLARATION OF JOHN KERN IN**
**SUPPORT OF MOTION FOR ENTRY OF AN ORDER (A) VACATING ORDER**
**EXTENDING AUTOMATIC STAY AS TO ALL CREDITORS;**
**(B) DISMISSING DEBTOR'S BANKRUPTCY CASE DUE TO BAD FAITH**
**FILING; OR, ALTERNATIVELY (C) MODIFYING THE AUTOMATIC**
**STAY TO PERMIT THE CONTINUANCE OF NONBANKRUPTCY LITIGATION**

CE Resource Inc. d/b/a CME Resource and NetCE ("**NetCE**"), a creditor of the estate, hereby files the attached supplemental declaration of John Kern in support of NetCE's Motion for Entry of an Order (a) vacating this Court's January 24, 2016 Order extending the automatic stay as to all creditors due to the failure of Debtor's counsel to timely serve NetCE or its attorneys with a copy of its motion to extend the automatic stay; (b) dismissing Debtor's chapter 13 bankruptcy; or, alternatively (c) modifying the automatic stay for cause to permit the Nonbankruptcy Litigation to continue and to permit NetCE to enforce its rights under nonbankruptcy law (the "Motion") [ECF No. 20].

Dated: April 5, 2017.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500
Facsimile: (305) 789-7799
E-mail: joaquin.alemany@hklaw.com
E-mail: eric.funt@hklaw.com

By: /s/ Joaquin J. Alemany
    Joaquin J. Alemany

Florida Bar No. 662380

*Counsel for CE Resource Inc. d/b/a CME Resource and NetCE*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th of March, 2017, a true and correct copy of the foregoing was served via electronic transmission on all CM/ECF registered users for this case:

By: /s/ Joaquin J. Alemany
Joaquin J. Alemany, Esq

2

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| JASSIN JOURIA, | ) | Case No. 16-27150-RBR |
| | ) | |
| Debtor. | ) | |

## SUPPLEMENTAL DECLARATION OF JOHN KERN IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER (A) VACATING ORDER EXTENDING AUTOMATIC STAY AS TO ALL CREDITORS; (B) DISMISSING DEBTOR'S BANKRUPTCY CASE DUE TO BAD FAITH FILING; OR, ALTERNATIVELY (C) MODIFYING THE AUTOMATIC STAY TO PERMIT THE CONTINUANCE OF NONBANKRUPTCY LITIGATION

I, John P. Kern, declare as follows:

1.        I am a partner with the law firm of Holland & Knight LLP, and I am duly licensed to practice law in the State of California.  I am also admitted *pro hac vice* in the United States District Court for the Southern District of Florida in 0:15-cv-61165-WPD.  I am one of the attorneys representing defendant CE Resource, Inc. *d/b/a* CME Resource and NetCE (hereafter, "NetCE").  I am accompanied in Bankruptcy Court by my colleague Joaquin Alemany, also a partner at Holland & Knight, who is an experienced bankruptcy attorney and licensed and admitted to all courts in Florida.

I have personal knowledge of the circumstances described below and, if so called, can testify under oath regarding these events.  A table of the dates and events described below is attached hereto as **Exhibit A**.

## FLORIDA LAWSUIT FILED

2.        On June 2, 2015, Dr. Jouria's attorney Richard Ross filed a declaratory judgment action against NetCE in the United States District Court for the Southern District of Florida

("Florida District Court") (henceforth this proceeding referred to as the "Florida Lawsuit") (0:15-cv-61165-WPD).

## CALIFORNIA LAWSUIT FILED

3.      On September 4, 2015, before Dr. Jouria served the Florida Lawsuit summons and complaint on NetCE, NetCE filed a coercive suit against Dr. Jouria and Elite Continuing Education, Inc. ("Elite"), in the United States District Court for the Eastern District of California ("California District Court") (henceforth this proceeding referred to as the "California Lawsuit"). (2:15-cv-09108-WBS-DB, Dkt. 1.)

4.      Dr. Jouria finally served NetCE the Florida Lawsuit summons and complaint on September 16, 2015.

5.      In response to the Florida Lawsuit, on October 6, 2015, NetCE filed a motion to dismiss, transfer, or stay, arguing that the Florida Lawsuit was an anticipatory lawsuit and should be dismissed or, in the alternative, that the case should be transferred to the Eastern District of California, where the California Lawsuit, the coercive suit that preserved NetCE's place as the rightful plaintiff, was ongoing.

## FLORIDA LAWSUIT STAYED AGAINST ALL PARTIES

6.      On October 23, 2015, instead of filing an opposition or response to NetCE's motion, Dr. Jouria filed for Chapter 13 bankruptcy in the Southern District of Florida, triggering an automatic stay. The Florida Lawsuit was stayed October 26, 2015.

7.      On December 16, 2015, after learning new facts requiring NetCE to plead allegations against a new defendant (Alpine Management Services III, LLC or "Alpine"), filed its First Amended Complaint in the California Lawsuit. Dkt. 15. Dr. Jouria, despite being duly served the summons and complaint in the California Lawsuit, did not enter an appearance. Nor did he

apply to the California District Court to have the automatic stay recognized and applied there. Still, out of an abundance of caution with respect to the automatic stay in place in the Florida Lawsuit, NetCE did not list Dr. Jouria as a party to the First Amended Complaint. In the First Amended Complaint, NetCE reserved the right to restore Dr. Jouria to the pleadings in the event his bankruptcy case was dismissed or otherwise resolved.

8. On February 1, 2016, Alpine filed a Motion to Dismiss or Stay the California Lawsuit. Dkt. 23. In it, Alpine argued that Dr. Jouria was a necessary and indispensable party and that he could not be joined as a party due to his ongoing bankruptcy proceedings.

9. On March 7, 2017, Elite filed a Motion to Stay the California Lawsuit. Dkt. 26. In their motion, Elite made arguments similar to those presented by Alpine, arguing that the case would be handicapped and the parties prejudiced if the litigation proceeded without Dr. Jouria.

10. NetCE opposed both of these motions, arguing that Dr. Jouria's bankruptcy should not be allowed to impede the coercive cases against Alpine and Elite. Citing to black letter law, NetCE argued (a) that Dr. Jouria could be subpoenaed for deposition and the production of documents as a non-party, even while protected by a bankruptcy stay and (b) that an automatic stay applied only to the debtor in question. NetCE also argued that it was inequitable to allow Dr. Jouria's tactical and bad faith bankruptcy filing to indefinitely stall its valid claims for relief against Alpine and Elite.

11. Shortly before the hearing on these motions, Dr. Jouria's bankruptcy case was dismissed from the Bankruptcy Court for the Southern District of Florida.

**CALIFORNIA LAWSUIT STAYED AGAINST ALL PARTIES**

12. At the hearing for these motions on May 16, 2016, counsel for Alpine notified Judge William Shubb of this development. NetCE requested an opportunity to again amend its

pleadings in order to restore Dr. Jouria as a defendant. Reasoning that the automatic stay in place would consequently be lifted in the Florida District Court, Judge Shubb stayed the California Lawsuit pending the Florida District Court's decision on NetCE's pending motion to dismiss, transfer, or stay, which NetCE had filed roughly seven months earlier. While, Judge Shubb did not rule on the merits of the arguments raised by NetCE, Alpine, or Elite, he expressed dismay that Dr. Jouria, an essential defendant, was not before the Court in California and was concerned that, if he allowed NetCE to proceed without him, judicial economy would not be well-served.

13.     Given the timing of this procedural development, NetCE found itself in a peculiar Catch-22. The California Lawsuit was stayed, and at the time NetCE's motion to dismiss, transfer, or stay in the Florida District Court was revived, did not list Dr. Jouria as a defendant. NetCE believed that the Florida District Court would not grant a motion to dismiss, transfer, or stay to the Eastern District of California if Dr. Jouria were not a named party to the operative complaint.

14.     Accordingly, on June 1, 2016, NetCE applied to the California District Court, asking Judge Shubb for leave to temporarily lift the stay in order to obtain leave to amend the First Amended Complaint and restore Dr. Jouria. Dkt. 42. Judge Shubb denied NetCE's motion. Dkt. 49.

15.     NetCE believed that the motion to dismiss, transfer, or stay would be unsuccessful, given the fact that Dr. Jouria was not an active defendant in the California Lawsuit. On June 15, 2016, the Florida District Court lifted the bankruptcy stay and, on September 23, 2016, NetCE filed a motion for leave to file an amended answer and counterclaims and to file a third party complaint and then, on October 21, 2016, filed its amended pleadings. Dtk. 25, 33, 36. These amended pleadings contained allegations against Dr. Jouria, Elite, and Alpine. On

December 22, 2016, Elite and Alpine filed motions to dismiss, echoing the arguments each party

had presented in California. Dkt. 41, 43.

16.     NetCE secured an extension to reply to both motions, but before NetCE could file

its opposition, Dr. Jouria *once again* filed for Chapter 13 bankruptcy and applied to the Florida

District Court for a stay.  Dkt. 48, 55.

17.     On January 24, 2017, Dr. Jouria reported to the Florida District Court that he had

received an extension of the automatic stay from the Bankruptcy Court.  The Florida District

Court stayed the action again as to all parties.  Dkt. 59, 60.

18.     On January 27, 2017, the District Court entered an Order Staying the Florida

District Court Action and the Florida Lawsuit has remained stayed throughout the pendency of

these proceedings.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 5th day of April, 2017

By:_____

John P. Kern, Esq.

5

# Exhibit A

| United States District Court for the Southern District of Florida | United States District Court for the Eastern District of California | Bankruptcy Court for the Southern District of Florida |
|---|---|---|
| June 2, 2015:<br><br>*Jouria files Declaratory Judgment Action Against NetCE* | | |
| | September 4, 2015:<br><br>*NetCE files coercive suit against Dr. Jouria and Elite* | |
| September 16, 2015:<br><br>*Dr. Jouria serves complaint and summons on NetCE* | | |
| | October 6, 2015:<br><br>*NetCE files motion to dismiss, transfer, or stay* | |
| | | October 23, 2015:<br><br>*Dr. Jouria files for Chapter 13 bankruptcy* |
| October 26, 2015:<br><br>*Suit stayed* | | |
| | December 16, 2015:<br><br>*NetCE files First Amended Complaint, adds Alpine, removes Dr. Jouria, keeps Elite* | |
| | February 1, 2016:<br><br>*Alpine moves to dismiss or stay* | |
| | | |

| | March 7, 2017:<br><br>*Elite moves to stay* | |
| | April 1, 2016:<br><br>*NetCE opposes both motions* | |
| | | May 10, 2016:<br><br>*Dr. Jouria's first Chapter 13 case is dismissed with prejudice* |
| | May 16, 2016:<br><br>*Hearing on motions to dismiss, transfer, stay; Judge Shubb stays California Lawsuit pending decision of Florida Court regarding motion to dismiss, transfer, or stay* | |
| | June 1, 2016:<br><br>*NetCE seeks leave to temporarily lift stay to obtain leave to amend First Amended Complaint and restore Dr. Jouria; California Court denies* | |
| June 15, 2016:<br><br>*Bankruptcy Stay lifted* | | |
| September 23, 2016:<br><br>*NetCE files motion for leave to file amended answer and counterclaims and to file third party complaint* | | |
| | | |

| | | |
|---|---|---|
| October 21, 2016:<br><br>*NetCE files amended pleadings, naming Dr. Jouria, Alpine, and Elite* | | |
| December 22, 2016:<br><br>*Elite and Alpine file motions to dismiss* | | |
| | | December 30, 2016:<br><br>*Dr. Jouria again files for Chapter 13 bankruptcy* |
| | | January 24, 2017:<br><br>*Court enters Order Granting Debtors' Motion to Extend the Automatic Stay* |
| January 27, 2017:<br><br>*Court enters Order Staying District Court Action* | | |