IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:15-61165-WPD

| | |
|---|---|
| DR. JASSIN JOURIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CE RESOURCE, INC. d/b/a CME RESOURCE and NetCE, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| CE RESOURCE, INC. d/b/a CME RESOURCE and NetCE, | ) |
| | ) |
| Defendant/Counter-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DR. JASSIN JOURIA, | ) |
| | ) |
| Plaintiff/Counter-Defendant. | ) |
| | ) |
| CE RESOURCE, INC. d/b/a CME RESOURCE and NetCE, | ) |
| | ) |
| Defendant/Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Elite Continuing Education, Inc. and Alpine Management Services III, LLC, | ) |
| | ) |
| Third-Party Defendants. | ) |

**ELITE CONTINUING EDUCATION'S REPLY
IN SUPPORT OF MOTION TO DISMISS**

This is a copyright case, nothing more and nothing less. NetCE's state law claims for tortious interference of contractual relations and misappropriation of trade secrets are copyright claims dressed in state-law clothing, as each is predicated on the same alleged conduct as its copyright claims: Elite's publication of seven articles in which NetCE claims to own copyright rights. "No matter how [NetCE] attempts to describe the offending conduct in its Complaint and Response, the conduct is no different from the conduct underlying [its] copyright infringement claim." *Stripteaser, Inc. v. Strike Point Tacke, LLC*, 2014 U.S. Dist. LEXIS 28091, at *15 (S.D. Fla. Mar. 5, 2014). As such, NetCE's state law claims must be dismissed.

In response to Elite's motion, NetCE finally agrees that its claim to statutory damages and attorneys' fees must be dismissed because such relief is not available to NetCE under the Copyright Act. While Elite appreciates this belated concession,[1] NetCE is continuing to maintain state law claims even though they, too, are not available to NetCE as a matter of law. Elite is caught in the cross-fire of a contentious dispute between NetCE and Dr. Jouria that has spanned several years and traveled through multiple courts. There is no reason to make this case any more complicated than it already appears to be. Elite is ready to defend against NetCE's copyright infringement claim based on Elite's publication of the seven articles, but

---

[1] NetCE first asserted a claim for statutory damages and attorney's fees on September 4, 2015, in its Complaint filed in the now-dismissed California Action (*CE Resources*, 2:15-cv-01908, DE 2, attached hereto as Exhibit A). Elite moved to dismiss these requests. (*Id.*, DE 13-1, attached hereto as Exhibit B). NetCE filed an Amended Complaint in the California Action (*Id.*, DE 15) and again requested statutory damages and attorneys' fees. Elite continuously requested through correspondence that NetCE remove these requests because such relief is not available to NetCE under the Copyright Act. Elite even provided NetCE with copious case citations showing that NetCE is unequivocally precluded from such relief for its copyright claims in this case. Undeterred, NetCE pursued such relief again in this Court, and only finally conceded that its requests were not proper almost two years later after being forced into this concession by Elite's motion to dismiss. Elite hereby requests that the Court take judicial notice of its exhibits comprised of district court filings, which constitute public records not subject to reasonable dispute. *Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010).

NetCE's add-on claims are not necessary or proper.  NetCE's arguments opposing dismissal of its state law claims confirm that these claims cannot survive.  For the reasons set forth below and in Elite's original Motion (DE 43), NetCE's claims for tortious interference with contractual relations and misappropriation of trade secrets should be dismissed.

I.     **NetCE's Claim for Tortious Interference Does Not Allege any "Extra Elements."**

Despite this Court's guidance that the extra element test for preemption "is not a rote comparison of the elements of the two claims," *Jaggon v. Rebel Rock Entm't, Inc.*, 2010 U.S. Dist. LEXIS 90685, at *6 (S.D. Fla. Aug. 31, 2010), NetCE provides nothing more than a mechanical recitation of the claim elements for tortious interference, then contends that this claim is somehow different from a claim of copyright infringement because of the different elements.  (DE 66, p. 12).  NetCE cannot satisfy the extra element test by simply "pleading [the] elements" of a tortious interference claim when "[a]t its heart … [it] remains a copyright infringement claim, complaining about the copying and distribution of [NetCE's] copyrighted work by [Elite]."  *Millennium Travel & Promotions, Inc. v. Classic Promotions & Premiums, Inc.*, 2008 U.S. Dist. LEXIS 43486, at *9 (M.D. Fla. June 2, 2008) (dismissing claim because "reiteration of the elements of [a] claim is not enough to save [a] repackaged copyright infringement claim[ ] from preemption").

NetCE's tortious interference claim amounts to allegations of Elite's unauthorized copying and distribution of seven articles—all acts prohibited by the Copyright Act—and the rights at issue in the tortious interference claim are thus equivalent to copyright rights.  *See Fedoseyev*, 2016 U.S. Dist. LEXIS 157557, at *5-6 (citing *Computer Assocs. Int'l v. Altai, Inc.*, 982 F.2d 693, 716-17 (2nd Cir. 1992) ("We have also held to be preempted a tortious interference with contract claim grounded in the impairment of a plaintiff's right under the

Copyright Act ….")); *Pac. & Southern Co v. Satellite Broad. Networks, Inc.*, 694 F. Supp. 1565, 1573 (N.D. Ga. 1988) (finding tortious interference claim preempted); *Harper & Row, Inc. v. Nation Enters.*, 501 F. Supp. 848, 853 (S.D.N.Y. Oct. 21, 1980) (dismissing tortious interference claim and noting that "the House Report strongly supports the conclusion that the Copyright Act preempts a common law claim for interference with a contractual relationship").

The additional claim elements cited by NetCE in an attempt to avoid dismissal (i.e., knowledge and the existence of a contract) do not "render the [tortious interference] claim qualitatively different from a copyright infringement claim." *Jaggon*, 2010 U.S. Dist. LEXIS 90685, at *10-11. "[A]dditional elements of mental status such as knowledge, intent and scienter … [do] not [ ] add rights different in kind from those protected by copyright laws." *Fedoseyev v. CFD Research Corp.*, 2016 U.S. Dist. LEXIS 157557, at *6-7 (N.D. Ala. Nov. 15, 2016) (citing *Crow v. Wainwright*, 720 F.2d 1224 (11th Cir. 1983)); *see also Jaggon*, 2010 U.S. Dist. LEXIS 90685, at *6 ("[A]wareness and intent are not considered to be qualitatively different elements substantial enough to serve as an extra element.") (internal quotations omitted).

Nor does an "existing contract requirement" preclude preemption of a tortious interference claim, <u>unless the contract is between the parties</u>. It is indisputable that Elite was not bound by the referenced Freelance Writer Agreements between NetCE and Jouria given that Elite was not a party to any of the agreements. NetCE does not address this important distinction in its opposition. Indeed, the facts of the present case are distinguishable from each case cited by NetCE.

NetCE first cites to *Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C.*, 596 F.3d 1313 (11th Cir. 2010), for its proposition that an existing contract requirement alone satisfies

41948710;1

3

the extra element test. (DE 66, p. 12). *Utopia* actually states that the "need to show the existence of a valid contract" saves a claim from preemption when the contract is "between the parties" and seeks "to enforce rights created by a simple two-party contract…." 596 F.3d at 1326. Contract claims are exempt from preemption because contract rights "affect only their parties" and are not equivalent to copyright rights. *Id.* (affirming breach of contract claim not preempted). Here, there is no breach of contract claim against Elite and *Utopia* is not applicable.

In *Telecom*, another case relied upon by NetCE, the defendant counterclaimed for, *inter alia*, breach of contract, alleging that the plaintiffs violated terms of licensing agreements between the parties. *Telecom Tech. Servs. v. Siemens Rolm Co.*, 66 F. Supp. 2d 1306, 1326 (N.D. Ga. 1998). The defendant also asserted a counterclaim for tortious interference, which "allege[d] that plaintiffs violated the terms of [defendant's] software license," namely, the provisions governing the distribution and copying of defendant's software. *Id.* The *Telecom* court found that the breach of contract and tortious interference claims, although premised on acts that "implicate [defendant's] exclusive rights under the Copyright Act," were not preempted because the plaintiffs' alleged failure to comply with their contractual obligations under the license agreements was an extra element beyond a copyright infringement claim. *Id.* Significantly, the court further "note[d] … that if, in fact, the plaintiffs [were] not bound by [defendant's] software license, then these claims would be preempted under the Copyright Act because the claims would essentially amount to allegations that plaintiffs did something that the copyright laws reserve exclusively to [defendant], such as unauthorized reproduction, distribution, or display." *Id.* n.23. The Eleventh Circuit, agreeing with the district court,

affirmed this holding in *Telecom*, 388 F.3d 820, 833 (11th Cir. 2004). NetCE's allegations are not any different, and the distinction noted in *Telecom* is determinative.

NetCE also cites to *Bollea v. Clem*, 937 F. Supp. 2d 1344 (M.D. Fla. 2013). NetCE is not correct in its recitation of the facts or outcome of *Bollea*. First, NetCE claims that the *Bollea* plaintiff "alleged copyright infringement…." (DE 66, p. 12). There was no claim for copyright infringement in that case. NetCE further contends that "[t]he Eleventh Circuit found that, 'even though [plaintiff sought] to regulate and control the distribution and display' of a work, the additional claims required inquiries into privacy and were therefore not preempted by copyright law." *Id.* The cited decision was issued by the Middle District of Florida, not the Eleventh Circuit. And more importantly, this decision addressed copyright preemption only in the context of whether the case, originally filed in state court, was properly removed to federal court. *Id.* at 1355.

NetCE finally argues that its tortious interference claim is not preempted because "the Freelance Writer Agreements entitle[d] NetCE to a right of first refusal, a right not addressed or encompassed by copyright law." (DE 66, p. 13). This is nothing more than semantics. The right of first refusal under the Freelance Writer Agreements is equivalent to NetCE's right of distribution under the Copyright Act, and NetCE's own allegations show that "[t]he prohibited act—wrongfully distributing a copyrighted work—remains the same" under either right. *Crow*, 720 F.2d at 1226. As alleged, both NetCE's right of first refusal and copyright rights were simultaneously contravened when Dr. Jouria submitted the seven articles to Elite. (DE 36 ¶¶ 86, 92). Every purported right NetCE seeks to enforce with its tortious interference claim is an exclusive right under the Copyright Act. NetCE cannot avoid preemption of its tortious interference claim "by attempting to characterize the stolen property rights as contract rights,"

41948710;1

5

particularly when the facts of this case show that "the Copyright Act clearly affords [NetCE] its sole remedy … against [Elite]." *Id.*[2]

NetCE has shown no basis for its contention that it has "sufficiently pled an 'extra element' in order to survive a motion to dismiss." (DE 66, pp. 13-14). Unlike the plaintiff in *Treiber v. StorCOMM, Inc.*, 2005 U.S. Dist. LEXIS 42658 (M.D. Fla. Aug. 16, 2005), who alleged wrongful acts beyond copyright infringement—such as passing off derivative works and causing consumer confusion—NetCE's tortious interference claim is premised on Elite's publication of the seven articles, which "is the same conduct which forms the basis of [NetCE's] copyright infringement claims." *Stripteaser*, 2014 U.S. Dist. LEXIS 28091, at *14-15 (dismissing claim as preempted). NetCE's tortious interference claim is indistinguishable from its copyright infringement claim, and under applicable Eleventh Circuit law, NetCE's tortious interference claim is preempted and should be dismissed. *Id.*

## II.     NetCE's Tortious Interference Claim is Identical to its FUTSA Claim.

The allegations comprising the "underlying wrong" for NetCE's claim of tortious interference with the NDA are identical to NetCE's allegations for misappropriation of trade secrets under FUTSA. (*Compare* DE 36, ¶ 113 *with* ¶ 132). There are no distinctions between these claims, much less material ones, because "the allegations are both based on [Elite's] alleged misuse of certain information that [Elite] obtained" from Alpine pursuant to the NDA, and consequently, NetCE's tortious interference claim is preempted by FUTSA. *Allegiance Healthcare Corp. v. Coleman*, 232 F. Supp. 2d 1329, 1335-36 (S.D. Fla. 2002) (dismissing claim based on "alleged misuse of certain information" as "barred" by FUTSA).

---

[2] It is of no moment that NetCE has also alleged that Elite "*solicit[ed]* and publish[ed]" the seven articles. (DE 66, p. 13). "Obtaining access to a work is a necessary condition to copying it," and is not an "extra element which would remove [the] claim[ ] from the general scope of copyright." *Lipscher v. LRP Publs., Inc.*, 266 F.3d 1305, 1312 (11th Cir. 2001).

NetCE "does not attempt … to distinguish the factual basis for its [tortious interference] claim from the factual basis for its trade secrets claim, because the basis is indistinguishable." *EarthCam, Inc. v. OxBlue Corp.*, 2012 U.S. Dist. LEXIS 191822, at *32 (N.D. Ga. Mar. 26, 2012). Instead, NetCE again compares threadbare claim elements in order to manufacture the illusion of distinct factual allegations. (DE 66, p. 14). In doing so, NetCE essentially admits that the only difference between its tortious interference and FUTSA claim are the claim elements—that Elite was "aware of the NDA" and "intentionally [ ] induce[d] a breach" of the NDA—but the underlying misconduct for both claims is the same alleged misappropriation of the same confidential and proprietary information. Claim elements alone are immaterial differences, and a claim based solely on the misappropriation of trade secrets, like NetCE's tortious interference claim, "is preempted irrespective of whatever surplus elements or proof [are] necessary to establish it." *Am. Registry, LLC v Hanaw*, 2014 U.S Dist. LEXIS 101158, at *18 (M.D. Fla. July 16, 2014) (citing *Hauck Mfg. Co. v. Astec Indus., Inc.*, 375 F. Supp. 2d 649, 658 (E.D. Tenn. 2004)) (finding FUTSA preemption); *see also Mortg. Now, Inc. v. Stone*, 2009 U.S. Dist. LEXIS 110222, at *34 (N.D. Fla. Nov. 24, 2009) (same); *Chetu, Inc. v. Salihu*, 2009 U.S. Dist. LEXIS 129841, at *3 (S.D. Fla. July 3, 2009) (same); *New Lenox Indus. v. Fenton*, 510 F. Supp. 2d 893, 910 (M.D. Fla. 2007) (same); *Allegiance*, 232 F. Supp. 2d at 1337 (same).

NetCE cites *American Honda* for support for the proposition that, even where state law claims contain "nearly identical allegations" to a trade secret claim, preemption may not apply. (DE 66, p. 15) (citing *Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1181 (M.D. Fla. May 6, 2005)). NetCE argues that the *American Honda* court "opined that non-FUTSA state law claims…were closely related—even nearly identical to—the FUTSA claims alleged." *Id.* Contrary to NetCE's arguments, the *American Honda* court stated that the

non-FUTSA claims contained "nearly identical allegations" as <u>each other</u>, and <u>not the FUTSA claim</u>. *Id.* at 1181.  Additionally, the court held that additional factual allegations of further misconduct (such as false representations), not merely different claim elements, created material distinctions between the non-FUTSA state law claims and the FUTSA claim. *Id.* at 1180.

NetCE makes a final argument that preemption is premature because its FUTSA claim may be dismissed, or it may be determined that NetCE does not have any trade secrets.  (DE 66, pp. 14 n.11, 15).  NetCE's argument is not persuasive for the same reason its claim is preempted—it is "wholly based upon a trade secret" claim.  (*Compare* DE 36 ¶ 113 *with* ¶ 130). *Penalty Kick Mgmt. v. Coca Cola Co.*, 318 F.3d 1284, 1297 (11th Cir. 2003).  "Preemption is appropriate where other claims are no more than a restatement of the same operative facts which would plainly and exclusively spell out only trade secret misappropriation." *Id.* (citing Roger M. Milgrim, Milgrim on Trade Secrets § 1.01[4], at 1-68.14 (1996)).  Moreover, "[a] majority of jurisdictions considering this issue have rejected [NetCE's] argument," and have found that "FUTSA preempts all non-contract claims based on the misappropriation of confidential and/or commercially valuable information <u>even if the information does not constitute a trade secret under the FUTSA</u>." *Hanaw*, 2014 U.S. Dist. LEXIS 101158, at *15-17 (emphasis added) (following majority and finding preemption).

### III. NetCE's Alleged Trade Secrets Are Not Properly Pleaded.

Without any supporting authority, NetCE claims that "[w]here trade secrets are not highly technical, less specificity is required." (DE 66, p 16).[3]  The proper standard here is whether NetCE's pleadings describe the allegedly misappropriated trade secrets with enough specificity that Elite has fair notice of the basis for NetCE's FUTSA claim. *See Zike, LLC v.*

---

[3] None of the cases cited by NetCE (nor any case of which Elite is aware) sets forth a sliding standard for specificity based on the complexity of the alleged trade secrets.

41948710;1                                    8

*Catalfumo*, 2013 U.S. Dist. LEXIS 198437, at \*8, \*20 (S.D. Fla. Feb. 21, 2013) (dismissing FUTSA claim because alleged trade secrets were "too vague and non-specific"); *see also Am. Registry, LLC v. Hanaw*, 2013 U.S. Dist. LEXIS 171889, at \*9 (M.D. Fla. Dec. 5, 2013) (same).

NetCE relies on two cases, *Hanaw* and *Lighthouse*, where broad categories of information—seemingly similar to those alleged by NetCE—were supposedly found to allege the trade secrets with reasonable particularity. (DE 66, p. 17). Both cases are distinguishable from the present case. In *Hanaw*, the list of broad categories of information that NetCE quotes (DE 66, p. 17) was merely the court's summary of the trade secrets, *see Hanaw*, 2014 U.S. Dist. LEXIS 101158, at \*2-3, not the actual allegations that were found to be sufficiently specific, such as "profit margins with customers in connection with its sale of personalized, customized achievement recognition items, such as plaques … and banners." *See Hanaw*, No. 2:13-cv-352, DE 36, ¶ 22 (attached hereto as Exhibit C).[4] The allegations in *Lighthouse* provided sufficient factual context such that the trade secrets allegedly misappropriated were readily identifiable. For example, the plaintiff alleged facts about specific incidents, and even attached emails as exhibits, from which the defendant could identify the specific information claimed as trade secrets. *Lighthouse List Co., LLC v. Cross Hatch Ventures Corp.*, 13-cv-60524, DE 1, ¶¶ 49-52 (attached hereto as Exhibit E).

NetCE's trade secrets allegations describe, at best, all of its trade secrets, not those allegedly misappropriated. Nor has NetCE alleged any additional facts to provide context

---

[4] Notably, the *Hanaw* court found that the alleged trade secrets were only then, as pleaded in the Third Amended Complaint, identified with reasonably particularity because "the long and broad list of alleged trade secrets found in the Second Amended Complaint [were replaced] with ten specific categories of trade secrets." *Id.* at \*10. The alleged trade secrets in the *Hanaw* Second Amended Complaint, which the court dismissed for being "so broad as to be meaningless," mirrors NetCE's trade secrets allegations here. *Compare* 2013 U.S. Dist. LEXIS 171889, at \*9; *Hanaw*, 2:13-cv-352, DE 7, ¶ 22 (attached hereto as Exhibit D), *with* DE 36 ¶¶ 43, 127.

sufficient to identify the trade secrets Elite allegedly misappropriated.  As such, NetCE's "broad and generic categories of information" do not provide "notice as to the actual trade secrets misappropriated," and fail to satisfy the reasonable particularity requirement.  *Hanaw*, 2013 U.S. Dist. LEXIS 171889, at *9.

### V.     NetCE Has Not Sufficiently Alleged Misappropriation to State a Claim.

In its opening brief, Elite showed that NetCE has not sufficiently alleged misappropriation to support its FUTSA claim.  (DE 43, pp. 11-12).  In response, NetCE's sole argument is that it "describe[d] in detail Elite's complicity in the misappropriation—that Elite was not planning to develop courses in the same field as the Seven Courses, [and] that Elite obtained information from Alpine while knowing it should not surreptitiously gather or use NetCE's trade secrets…." (DE 66, p. 16).[5]  Adding party names to a formulaic recitation of claim elements does not make a factual allegation.  NetCE has not alleged any facts showing that Elite misappropriate anything, much less trade secrets.  Elite respectfully submits that NetCE's conclusory allegations do not properly state a FUTSA claim.

Dated: June 6, 2017                                         Respectfully submitted,

/s/ Peter A. Chiabotti
Peter A. Chiabotti
Florida Bar No. 0602671
AKERMAN LLP
peter.chiabotti@akerman.com
777 South Flagler Driver
Suite 1100, West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Facsimile: (561) 659-6313

---

[5] NetCE cannot claim trade secrets in the content or subject matter areas of the seven articles because such information is described in the Freelance Writer Agreements, which are not confidential, and is not secret given that it is known to at least Dr. Jouria. (DE 36-2).

J. Mark Wilson (*pro hac vice*)
markwilson@mvalaw.com
Kathryn G. Cole (*pro hac vice*)
katecole@mvalaw.com
MOORE & VAN ALLEN PLLCS
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-1000
Facsimile: (704) 331-1159

*Attorneys for Third Party Defendant Elite Continuing Education, Inc.*

## Certificate of Service

I hereby certify that on June 6, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/Peter A. Chiabotti
Peter A. Chiabotti

## Service List

Richard S. Ross, Esq.
915 SE 2nd Court
Fort Lauderdale, FL 33328
Email: prodp@ix.netcom.com
Telephone: (954) 252-9110
Fax: (954) 252-9192
*Attorneys for Plaintiff Dr. Jassin Jouria*

Philip E. Rothchild, Esq.
Holland & Knight LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Email: phil.rothschild@hklaw.com
Telephone: (954) 525-1000
Fax: (954) 463-2030
*Attorneys for Defendants CE Resource, Inc.
d/b/a CME Resource and NetCE*

John P. Kern, Esq.
Jessica E. Lanier, Esq.
Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Email: john.kern@hklaw.com
       jessica.lanier@hklaw.com
Telephone: (415) 743-6918
Fax: (415) 743-6930
*Attorneys for Defendants CE Resource, Inc.
d/b/a CME Resource and NetCE*

Peter A. Chiabotti
Florida Bar No. 0602671
Akerman LLP
peter.chiabotti@akerman.com
777 South Flagler Driver
Suite 1100, West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Facsimile: (561) 659-6313
*Attorney for Third Party Defendant Elite
Continuing Education, Inc.*

J. Mark Wilson (*pro hac vice*)
markwilson@mvalaw.com
Kathryn G. Cole (*pro hac vice*)
katecole@mvalaw.com
Moore & Van Allen PLLCS
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-1000
Facsimile: (704) 331-1159
*Attorneys for Third Party Defendant Elite
Continuing Education, Inc.*