# EXHIBIT B

1  MOORE & VAN ALLEN, PLLC
   Kathryn G. Cole (CA Bar No. 244307)
2  100 North Tryon Street, Suite 4700
3  Charlotte, North Carolina 28202-4003
   Telephone: (704) 331-1045
4  Facsimile: (704) 339-5659
   Email: katecole@mvalaw.com
5

6
   Attorneys for Defendant Elite
7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10                        **SACRAMENTO DIVISION**

11

12

13 CE RESOURCE, INC. *d/b/a* NetCE,                    )
                                                       ) Case No.: 2:15-cv-01908-WBS-AC (TEMP)
14               Plaintiff,                            )
15                                                     )
                                                       ) Memorandum in Support of
16               vs.                                   ) Defendant Elite's
17                                                     ) Motion to Dismiss the Complaint and
   DR. JASSIN JOURIA, an individual, and               ) Motion to Stay
18 ELITE CONTINUING EDUCATION, INC., a                 )
   Florida Corporation.                                )
19                                                     )
20               Defendant.                            )
                                                       )
21

22

23

24

25

26

27

28
                                    1
                     MEMORANDUM IN SUPPORT OF
   MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STAY

I.      **INTRODUCTION**

Plaintiff's complaint is the second-filed action between NetCE and Dr. Jassin Jouria. Indeed, this dispute now spans the continental United States and involves two separate Federal District Courts and a Federal Bankruptcy Court.[1]   While NetCE describes its problems with Dr. Jouria (and non-party NurseCE4Less) at length, only a few of NetCE's allegations have anything to do with Elite.   The allegations that do reference Elite show that NetCE's claims against Elite are rooted in NetCE's belief that, by purchasing certain continuing education materials from Dr. Jouria and making them available to nurses, Elite infringed copyrights that NetCE allegedly obtained from Dr. Jouria.   NetCE's state-law claims for tortious interference with contractual relations and unfair business practices under California Business & Professional Code § 17200, which are both predicated on NetCE's copyright infringement allegations, do no more than dress a copyright infringement claim in state-law clothing.   Consequently, NetCE's state-law claims against Elite are preempted pursuant to the Copyright Act, 17 U.S.C. § 301(a).   Moreover, even if NetCE's complaint arguably recites a plausible claim for copyright infringement, it fails to allege any facts that would entitle NetCE to statutory damages, exemplary damages, punitive damages, or attorneys' fees from Elite, and NetCE's demands for such relief should be dismissed.

Additionally, this case should be stayed because of the first-filed case and bankruptcy proceeding involving Defendant Jouria in Florida.   NetCE's claim for copyright infringement against Elite —and each of NetCE's related state-law claims—is inextricably tied to actions

---

[1] Dr. Jouria first filed a complaint for declaratory relief against NetCE in the U.S. District Court for the Southern District of Florida on June 2, 2015.   *Jouria v. CE Resources, Inc.*, No. 15-cv-61165 (S.D. Fla.).   While NetCE has challenged Dr. Jouria's complaint as an allegedly improper anticipatory filing, the fact remains that Dr. Jouria's action in Florida was filed more than three months before NetCE filed its case in this District.   On October 23, 2015, Dr. Jouria filed for Chapter 13 bankruptcy protection in the U.S. Bankruptcy Court for the Southern District of Florida, and the Florida case is currently stayed, pursuant to the mandatory bankruptcy stay. (*See* Exs. A-B.)

2
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STAY

1   attributable to Dr. Jouria.   However, Dr. Jouria has filed for Chapter 13 Bankruptcy, and is currently

2   protected by the mandatory bankruptcy stay.   Allowing this case to go forward against Elite,

3   without Dr. Jouria, would inevitably lead to duplicative, inefficient, and piecemeal litigation.

4

5   **II.      FACTUAL BACKGROUND**

6          NetCE and Dr. Jouria are embroiled in a contentious dispute about written materials that Dr.

7   Jouria prepared to be used as "continuing medical education" courses.   Elite is caught in the cross-

8   fire.   The complaint in this case is primarily aimed at presenting NetCE's side of its dispute with Dr.

9   Jouria, and describes at length the problems that NetCE has with Dr. Jouria, his credentials, his

10   character, and his work product.   A significant portion of the complaint is also directed to the

11   actions of a non-party, NurseCE4Less, presumably to further bolster NetCE's claims against Dr.

12   Jouria.   In contrast, only a few of the allegations in the complaint are directed against Elite.   The

13

14   few allegations actually directed to Elite reveal that the dispute between NetCE and Elite is a dispute

15   about copyrights and the alleged infringement of those copyrights.

16          As set out in the complaint, Dr. Jouria drafted ten continuing medical education courses

17   directed to various medical issues.   (Complaint, ¶¶ 25-26.)   According to the complaint, NetCE

18   entered into a series of contracts with Dr. Jouria which transferred ownership of each of the articles

19   to NetCE.[2]   (*Id.*, ¶ 29.)   As alleged by NetCE, Elite infringed the copyrights that NetCE

20   purportedly obtained from Dr. Jouria when Elite published seven articles that Elite obtained from

21

22   Dr. Jouria.   (Complaint, ¶ 47.)   Notwithstanding NetCE's other allegations directed against Dr.

23   Jouria, each of NetCE's claims against Elite are rooted in this same factual pattern:   Dr. Jouria

24

25

26

27   _____

28   2 None of the alleged agreements were submitted with the Complaint or otherwise entered into the
    record of this case.

3

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STAY

writes several articles, NetCE purports to obtain the copyrights to those articles, Dr. Jouria provides the articles to Elite, and Elite publishes the articles as part of Elite's continuing education business.

### III.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court is empowered to dismiss a complaint for "failure to state a claim upon which relief can be granted." *Ass'n for Info. Media & Equip. v. Regents of the Univ. of California*, No. 10-cv-9378, 2011 U.S. Dist. LEXIS 154011, *5 (C.D. Cal. Oct. 3, 2011) (dismissing state-law claims as preempted under the Copyright Act).   A complaint may be dismissed "based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id.* (citing *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990)).   In the context of a motion to dismiss for failure to state a claim, "the court accepts as true all well-pleaded allegations of material fact, and construes them in light most favorable to the non-moving party." *Id.*, 2011 U.S. Dist. LEXIS 154011 at *5-6 (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008)).   However, a formulaic recitation of the elements of a cause of action is insufficient to survive a motion to dismiss.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citations omitted).   Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1938, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570).

### IV.   PLAINTIFF'S STATE-LAW CLAIMS FOR TORTIOUS INTERFERENCE AND UNFAIR COMPETITION ARE PREEMPTED BY THE COPYRIGHT ACT

Section 301(a) of the Copyright Act explicitly preempts claims that "are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301(a).   The purpose of § 301(a) "is to preempt and abolish any rights under the common law or statutes of a State that are equivalent to copyright and that extend to works, within the scope of the Federal copyright law."

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STAY

1  *Laws v. Sony Music Entm't*, 448 F.3d 1134, 1137 (9th Cir. 2006).   Courts in the Ninth Circuit use a

2  two-part test to determine whether a state-law claim is preempted by the Copyright Act.   *Id.*   "A

3  state-law claim is preempted if:   (1) the work involved falls within the general subject matter of the

4
5  Copyright Act, and (2) the rights asserted under the state law are equivalent to those protected by the

6  Act."   *Ass'n for Info. Media & Equip.*, 2011 U.S. Dist. LEXIS 154011, at *19 (dismissing tortious

7  interference and other state-law claims as preempted); *Zito v. Steeplechase Films, Inc.*, 267 F. Supp.

8  2d 1022, 1027 (N.D. Cal. 2003) (dismissing conversion and unjust enrichment claims as preempted).

9       In evaluating whether state rights are "equivalent" to those under the Copyright Act, the
10
11  Court of Appeals for the Ninth Circuit has held that:

12       To satisfy the "equivalent rights" part of the preemption test . . . the . . . alleged
         misappropriation . . . must be equivalent to rights within the general scope of
13       copyright as specified by section 106 of the Copyright Act.   Section 106 provides a
         copyright owner with the exclusive rights of reproduction, preparation of derivative
14       works, distribution, and display.   To survive preemption, the state cause of action
         must protect rights which are qualitatively different from the copyright rights.   The
15       state claim must have an extra element which changes the nature of the action.

16  *Laws*, 448 F.3d at 1143.   In doing so, the Ninth Circuit has "squarely rejected" the argument that the
17
18  existence of an extra element in a state-law claim automatically immunizes that claim from

19  preemption.   *Id*. at 1144 (citing *Del Madera Props. v. Rhodes & Gardner*, 820 F.2d 973 (9th Cir.

20  1987), *overruled on other grounds, Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S. Ct. 1023 (1994)).

21  Instead, a state-law claim is properly preempted by the Copyright Act if the "underlying nature" of

22  the claim is "part and parcel" of a claim for copyright infringement.   *Laws*, 448 F.3d at 1144.

23       NetCE has asserted two state-law claims against Elite, one styled as "Tortious Interference
24
25  With Contractual Relations" and one styled as "Unfair Business Practices" under California

26  Business & Professional Code § 17200.   (Complaint, p. 12.)   Regardless of their titles, these state-

27  law claims are rooted in NetCE's copyright infringement allegations—that by publishing materials

28

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STAY

that Elite purchased from Dr. Jouria, Elite infringed copyrights that Dr. Jouria had allegedly

transferred to NetCE.   NetCE's state-law claims against Elite are qualitatively identical to its

copyright infringement claim, and are therefore preempted.

      A.    NetCE's Tortious Interference Claim is Preempted.

      NetCE's claim for tortious interference with contract satisfies the two elements of the

preemption test set out by the Ninth Circuit and is therefore preempted by the Copyright Act.

Claims for tortious interference are "generally preempted when they involve acts of unauthorized

use of copyrighted work, even though they require proof of additional elements." *Ass'n for Info.*

*Media & Equip.*, 2011 U.S. Dist. LEXIS 154011, at *19.   "This is because the additional element

does not 'make the rights qualitatively different.'"   *Id.*; *see also Oldcastle Precast, Inc. v. Granite*

*Precasting & Concrete, Inc.*, No. C10-322, 2010 U.S. Dist. LEXIS 53775, *7-8 (W.D. Wash. June

1, 2010) (dismissing tortious interference claim as preempted).   Moreover, "to the extent an alleged

wrongful act by the [Defendant] is based on copyright infringement, it is preempted."   *Sybersound*

*Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1151 (9th Cir. 2008).

      NetCE's cause of action for tortious interference with contract—on its own terms—is based

on Elite's alleged publication of copies of articles that NetCE purports to own:

> Elite intentionally interfered with the contracts between Dr. Jouria and NetCE ***by***
> ***soliciting and publishing articles identical or substantially similar to articles Dr.***
> ***Jouria submitted to NetCE.***   Pursuant to the terms of the Contracts, these articles
> were the property of NetCE.   In soliciting and publishing articles that were properly
> the property of NetCE, Elite prevented Dr. Jouria from performing his obligations
> pursuant to the Contracts.

(Complaint, ¶ 79 (emphasis added).)   This allegation confirms that NetCE's tortious interference

claim is preempted.   With regards to the first prong, the articles referenced in Paragraph 79 of the

Complaint are the same articles that are the subject of NetCE's copyright infringement claim.   In its

copyright infringement claim, NetCE alleges that these articles are the subject of copyright

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STAY

1   registrations and completed copyright registration applications, and that NetCE "is the sole author

2   and lawful owner of the copyright" for each of the articles.   (Complaint, ¶¶ 62-63.)   Consequently,

3   NetCE's complaint concedes that the articles fall within the general subject matter of the Copyright

4   Act, and thus satisfy the first prong of the preemption test.

5

6       NetCE's tortious interference claim satisfies the second prong of the preemption test

7   because—as set out by NetCE—it is Elite's alleged copying and publication of articles purportedly

8   owned by NetCE that forms the basis for NetCE's tortious interference claim.   The exclusive rights

9   to reproduce, publish, and distribute works like the articles claimed by NetCE are precisely the rights

10   protected by copyright law.   *See* 17 U.S.C. § 106.   NetCE's tortious interference claim is therefore

11   no more than its copyright infringement claim recast under the guise of a state-law cause of action,

12

13   and is therefore preempted.   *See Sybersound Records, Inc.*, 517 F.3d at 1150-51 (affirming

14   dismissal of state law claims that were "merely copyright claims dressed up to look like state law

15   claims").

16       B.    NetCE's Unfair Business Practices Claim is Preempted.

17

18       NetCE's claim under §17200 of the California Business and Professional Code attempts to

19   blend allegations directed against Dr. Jouria with allegations directed against Elite.   Regardless of

20   whether actions attributable to *Dr. Jouria* give rise to a claim between NetCE and Dr. Jouria,

21   NetCE's allegations against *Elite* are predicated on NetCE's allegations of copyright infringement:

22             Upon information and belief, Elite was aware of the Contracts and was aware that Dr.

23             Jouria had submitted articles pursuant to the Contracts to NetCE and that NetCE had
                  edited, refined, and finalized the articles Dr. Jouria eventually submitted to Elite.

24             Upon information and belief, Elite did not require Dr. Jouria to make any
                  representations or warranties that selling articles to Elite would not violate the

25             intellectual property rights of any third party.   ***Elite accepted the articles Dr. Jouria***

26             ***submitted and published them with minimal, if any, editing or revision***.

27

28

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STAY

1    (Complaint, ¶ 87 (emphasis added).)   As with NetCE's tortious interference claim, the basis for

2    NetCE's § 17200 claim against Elite is Elite's alleged violation of the exclusive right to publicly

3    distribute copies of written works—a right that arises under the Copyright Act.   The Copyright Act

4    therefore preempts NetCE's § 17200 claim.   *See Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209,

5    1212-13 (9th Cir. 1998) (holding claim under § 17200 was preempted under the Copyright Act);

6    
7    *Sybersound Records, Inc.*, 517 F.3d at 1152 ("To the extent the improper business act complained of

8    is based on copyright infringement, the claim was properly dismissed because it is preempted.").

9          Moreover, NetCE's additional allegation that "consumers were erroneously led to believe

10   that material Elite and Dr. Jouria published together was a product the Defendants had crafted

11   together and that Elite had vetted" does not save NetCE's claim from preemption.   The Ninth

12   Circuit has recognized that:

13   
14        [I]f B is selling B's products and representing to the public that they are B's products, a
          claim by A that B's products replicate A's is a disguised copyright infringement claim and is
15        preempted.

16   *Kodadek*, 152 F.3d at 1213 (citing 1 Nimmer § 1.01[B][1][e]).   Consequently, NetCE's claim

17   against Elite under § 17200 is preempted by the Copyright Act.

18   
19   **V.    NETCE IS NOT ENTITLED STATUTORY DAMAGES, EXEMPLARY DAMAGES,
         PUNITIVE DAMAGES, OR ATTORNEYS' FEES**

20   
21        A.    Punitive and Exemplary Damages are Unavailable Under the Copyright Act.

22        Punitive or exemplary damages are not available under the Copyright Act.   *Reinicke v.*

23   *Creative Empire, LLC*, No. 12-cv-1405, 2013 U.S. Dist. LEXIS 9793, *12 (S.D. Cal. Jan. 24, 2013)

24   ("Punitive damages are not available under the Copyright Act." (citing *Oboler v. Goldin*, 714 F.2d

25   211, 213 (2d Cir. 1983)); *Design Art v. NFL Props., Inc.*, No. 00-cv-593, 2000 U.S. Dist. LEXIS

26   20172, *14 (S.D. Cal. Nov. 27, 2000) (same); 4 Melville B. Nimmer & David Nimmer, Nimmer on

27   
28

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STAY

1  Copyright § 14.02 (Matthew Bender, Rev. Ed.) ("The cases are clear that exemplary or punitive

2  damages should not be awarded in a statutory copyright infringement action.").

3         As discussed above in Section IV, NetCE's state-law claims against Elite are preempted by

4  the Copyright Act and should be dismissed.   Consequently, the only plausibly-pleaded claim against

5  Elite is NetCE's allegation of copyright infringement (which Elite denies).   The punitive and

6

7  exemplary damages sought by NetCE are not legally available under the Copyright Act, and

8  NetCE's claim for these categories of damages from Elite should be dismissed.

9         B.      NetCE has Failed to Allege Facts Supporting the Availability of Statutory Damages
                  or Attorneys' Fees.

10

11        Under the Copyright Act, a copyright holder is not entitled to statutory damages or attorneys'

12  fees "if any infringement of copyright in an unpublished work commenced before the effective date

13  of its registration unless such registration is made within three months after the first publication of

14  the work."   17 U.S.C. § 412; *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 700-701 (9th

15  Cir. 2008) (reversing award of statutory damages).   "Section 412 requires the identification of three

16
    events—the date of registration, the date of first publication, and the date infringement commenced."
17

18  *Martin v. Walt Disney Internet Group*, No. 09-cv-1601, 2010 U.S. Dist. LEXIS 65036, *10 (S.D.

19  Cal. June 30, 2010) (granting motion to dismiss requests for statutory damages and attorneys' fees);

20  *see also Zito*, 267 F.Supp.2d at 1026 (barring plaintiff from seeking statutory damages and

21
    attorneys' fees in copyright infringement claim).   NetCE's complaint fails to allege any of this
22

23  required information.   While the complaint alleges that each of the articles in dispute is "either

24  registered with the United States Copyright office of is the subject of a completed application for

25  copyright registration with the same," the complaint is devoid of any information indicating *when*

26  such registration or application for registration occurred.   (*See* Complaint, ¶ 62.)   Similarly, while

27
    the Complaint alleges that NetCE "discovered" that articles submitted by Dr. Jouria to NetCE had
28

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STAY

1    been published by Elite in April of 2015, the Complaint provides no indication of when that alleged

2    infringement actually commenced.   (*See id.*, ¶ 47.)   Nor does the complaint identify when the

3    articles at issue were first published.   The bare allegations of the complaint render it impossible to

4    tell whether NetCE satisfied the requirements of § 412.   Consequently, NetCE has not set out a

5    plausible case that it is entitled to statutory damages or attorneys' fees, and its requests for such

6    relief should therefore be dismissed.

7

8    **VI.**     **THE ENTIRETY OF THIS CASE SHOULD BE STAYED PENDING THE**

9    **RESOLUTION OF DR. JOURIA'S BANKRUPTCY PROCEEDINGS**

10        Staying the case pending the resolution of Dr. Jouria's bankruptcy proceeding, and related

11    first-filed case in Florida federal court, will prevent the waste inherent in duplicative and piecemeal

12    litigation.   Dr. Jouria has filed for bankruptcy, and the automatic stay established under 11 U.S.C. §

13    362 prevents NetCE's claims against him from going forward at this time.   *See Wordtech Sys. v.*

14    *Integrated Network Solutions, Inc.*, No. 2:04-cv-1971, 2012 U.S. Dist. LEXIS 172789, *5 (E.D. Cal.

15    Dec. 4, 2012) (citing *In re White*, 186 B.R. 700, 703 (B.A.P. 9th Cir. 1995) ("The automatic stay

16    provisions of the Bankruptcy Code prohibit the continuation of a judicial action against the debtor

17

18    that was commenced before the bankruptcy; the Code also prohibits any act to obtain possession of

19    property of the estate . . . or to exercise control over the property of the estate.") (internal quotations

20    omitted)).

21

22        The Ninth Circuit has stated that the "trial court may, with propriety, find it is efficient for its

23    own docket and the fairest course for the parties to enter a stay of an action before it, pending

24    resolution of independent proceedings which bear upon the case."   *Mediterranean Enters., Inc. v.*

25    *Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Circ. 1983).   Courts in this District routinely stay entire

26    actions when one party to the action is subject to bankruptcy proceedings.   *See PNC Bank, N.A. v.*

27    *Smith*, No. 2:10-cv-1916, 2014 U.S. Dist. LEXIS 46163, *5-7 (E.D. Cal. March 31, 2014) (staying

28

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STAY

entire action where "[s]taying the case as to only [the bankrupt defendant] could result in two separate trials involving the same factual disputes and the same property, thereby wasting already strained judicial resources."); *Wordtech Sys.*, 2012 U.S. Dist. LEXIS 172789, at *5 ("[T]he Court finds that judicial resources will be conserved by staying the entire action pending the conclusion of the bankruptcy proceedings, rather than continuing the litigation on a piecemeal basis."); *Zurich Am. Ins. Co. v. Trans Cal Assocs.*, No. 2:10-cv-1957, 2011 U.S. Dist. LEXIS 145080, *9-11 (E.D. Cal. Dec. 16, 2011) (Shubb, J.) (staying entire case where claims against non-bankrupt entities and bankrupt individuals arose out of the same set of facts).

NetCE's claims against Elite depend on the same alleged facts that support a subset of NetCE's claims against Dr. Jouria.   According to NetCE, Elite infringed the copyrights that NetCE purportedly obtained from Dr. Jouria when Elite published seven articles that Elite obtained from Dr. Jouria.   (*See* Complaint, ¶ 47.)   Dr. Jouria is at the center of this case–so much so that he filed his own declaratory judgment action in the United States District Court in the Southern District of Florida three full months before NetCE filed its complaint in this case.   Questions regarding what he wrote, when he wrote it, what he relied upon in writing it, what he provided to Elite (and others), whether he transferred all of his alleged rights to NetCE, and what was the precise nature of his relationship with and work for NetCE are all likely to feature prominently in NetCE's case against Elite.   These same questions are central to NetCE's case against Dr. Jouria.   Allowing this case to proceed without him would invite the sort of duplicative, piecemeal litigation that courts in this District have sought to avoid.   Consequently, staying this entire case pending the resolution of Dr. Jouria's bankruptcy proceedings is proper and prudent.   Elite respectfully requests that the Court exercise its inherent authority and stay this case pending the outcome of the proceedings in the U.S. District Court and U.S. Bankruptcy Court for the Southern District of Florida.

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STAY

VII.   **CONCLUSION**

For the foregoing reasons, Defendant Elite respectfully requests that the Court grant its motion to dismiss Claim Three and Claim Four of NetCE's complaint, and dismiss the portions of NetCE's complaint seeking statutory damages, punitive damages, exemplary damages, and attorneys' fees.   Defendant Elite also respectfully requests that the Court grant its motion seeking a stay of this case pending the resolution of the court proceedings in the federal and bankruptcy courts in the Southern District of Florida.

Dated: November 25, 2015                    Respectfully submitted,

/s/ Kathryn G. Cole
Kathryn G. Cole
CA Bar No. 244307
MOORE & VAN ALLEN, PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003
Telephone: (704) 331-1045
Facsimile: (704) 409-5659
Email: katecole@mvalaw.com

*Attorneys for Defendant Elite*

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STAY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

     I hereby certify that on November 25, 2015, counsel for Defendant Elite electronically filed the foregoing *MEMORANDUM IN SUPPORT OF DEFENDANT ELITE'S MOTION TO DISMISS THE COMPLAINT AND MOTION TO STAY* with the Clerk of the Court by using the Court's CM/ECF system.   The electronic case filing system will be sending a "Notice of Electronic Filing" to all attorneys of record who have consented to accept service by electronic means.

     The foregoing was also served on the party listed below via email and U.S. Mail, postage prepaid:

                      Richard S. Ross, Esq.
                      Atrium Centre
                      4801 S. University Drive, Suite 237
                      Ft. Lauderdale, FL 33328

                      *Attorney for Defendant Dr. Jassin Jouria*

Dated:   November 25, 2015                  /s/ Kathryn G. Cole
                                              Kathryn G. Cole

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STAY