UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)

CASE NO.:15-61165-CIV-DIMITROULEAS

DR. JASSIN JOURIA

      Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

      Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

      Third Party Defendant.

_____/

**PLAINTIFF'S RESPONSE TO NETCE'S MOTION FOR SANCTIONS (DE 78)**

      COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully responds to Defendant CE Resource, Inc.'s d/b/a CME Resource and NetCE ("Defendant"), motion for sanctions. (DE 78). The further Second Declaration of Mr. John Kern, DE 78-1, to the motion, stands in stark contrast to his first, DE 67, and highlights the reply to the original Kern declaration filed by Plaintiff. *See* DE 72, 72-1, 2.

      In his original declaration, DE 67, Mr. Kern makes statements that are intended to be read as true facts. He does not declare that any of what he states is based upon his perceptions or beliefs. However, in his second declaration, Mr. Kern explains that all of the contents of his original declaration are based upon his "recollections" and/or "beliefs." *See* DE 78-1 ¶¶8-11. The crux of the problem is Mr. Kern's apparent misunderstanding of the nature of an unsworn declaration under

28 U.S.C. §1746.  Mr. Kern thinks that "[a] declaration is a statement, [made] under oath, **of one's honest, sincere impressions** and personal knowledge."  DE 78-1¶5 (Emphasis Added).  However, a declaration is not a statement containing impressions.  It is a statement certifying under penalty of perjury that the contents are true and correct.[1]  "A declaration is a written statement submitted to a court in which the writer swears 'under penalty of perjury' that the contents are true."  The Lectric Law Library, http://www.lectlaw.com/def/d106.htm.

Additionally, Mr. Kern's original declaration concludes by saying that he "declare[s] under penalty of perjury that the foregoing is true and correct."  *See* DE 67.  Now, in the second declaration, he declares that the contents are based upon his sincere impressions, and does not add the statement saying his impressions are made under penalty of perjury and are truthful and correct in violation of 28 U.S.C. §1746(2).  *See* DE 78-1.  But this omission understandable because impressions are just that; they are not truths.

Furthermore, Mr. Kern presents no evidence to support his "sincere impressions." For example, Mr. Kern states that during settlement conversations, it was "threatened" that Plaintiff would file bankruptcy if the Defendant did not accept a settlement offer.  *See* DE 78-1 ¶8 ("...Ross threatened his client would file for bankruptcy if [Defendant] did not accept a settlement offer."). Mr. Kern declared that there was an extensive e mail exchange between him and counsel for Plaintiff, Mr. Ross.  DE 67 ¶6.  If Mr. Kern or his client were truly threatened by Plaintiff's counsel, Mr. Kern would surely have e mail evidence.  However, Mr. Kern filed no evidence of any threat; and he did not do so simply because neither Mr. Kern nor his client was never threatened.

---

[1]*See* 28 U.S.C. §1746 (2) ("If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).  (Signature)".").

Had Mr. Kern stated in his original declaration that all of its contents were based upon his perceptions and beliefs, it would have been bad enough.  What is worse though is Mr. Kern's scurrilous attacks against the Plaintiff and his counsel, seeking to impugn their character and integrity under the guise of fact and truth.[2]  Plaintiff was compelled to defend himself through his reply to the original Kern declaration.  *See* DE 72.

Even the most egregious statement from Mr. Kern's first declaration, that the Defendant "convinced the Bankruptcy Court that Dr. Jouria was a bad faith filer," DE 67 ¶18, arises not from fact or truth, but through "surmise."  Here, Mr. Kern's co-counsel in the bankruptcy proceeding, Mr. Alemany, does not declare that the bankruptcy court was convinced that Plaintiff was a bad faith filer.  *See* DE 79.  Rather, Mr. Alemany declares that it is "fair to surmise" that bad faith was the basis of that court's ruling. *Id*. ¶11.[3]  "Surmise" means "[to] [s]uppose that something is true without having evidence to confirm it."   English  Oxford  Living  Dictionaries, https://en.oxforddictionaries.com/definition/surmise.  Neither Mr. Kern nor Mr. Alemany declares a truth with regard to the bankruptcy court's reason for ruling the way that it did.  *See* DE 72-1, 2. That is because to do so, either or both would have had to be inside of the bankruptcy judge's head. Suffice it to say that the court did not make any finding, in words or substance, that Plaintiff was a

---

[2]To this point, the original Kern declaration, DE 67, was filed in support of the Defendant's response (DE 66) to third-party defendant Elite Continuing Education, Inc.'s motion to dismiss, DE 43.  There was no need for Mr. Kern to attack the Plaintiff and his counsel in order to respond to the motion - the attack was gratuitous.  In fact, none of the Defendant's argument beginning on page 10 thereof in response to the motion to dismiss cites to the Kern declaration.

[3]It is also interesting to observe that the signature page containing a portion of Paragraph 11 to Mr. Alemany's declaration is of a different type set than the rest of the document.  One could "surmise" that it was drafted with certain language that Mr. Alemany was uncomfortable signing, and he required it to be changed.

bad faith filer, and its orders are the only evidence of record on point. *See id.*

When Plaintiff complained about the nature of the original Kern declaration, DE 72, he did so to point out that the statements contained therein were not true. Plaintiff requested that the court consider any remedy necessary to prevent Mr. Kern from filing similar declarations under penalty of perjury. *Id.* The pending motion makes clear that Mr. Kern believes that he can file declarations based upon "sincere impressions." If this is the case, the penalty for perjury would be rendered pointless.

In order for the court to sanction under 28 U.S.C. §1927 as the motion seeks, three essential requirements must be satisfied: (1) the attorney must engage in "unreasonable and vexatious" conduct; (2) the "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings;" and (3) the dollar amount of the sanctions must bear a financial nexus to the excess proceedings. *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997). Here, it was neither unreasonable nor vexatious for Plaintiff or his counsel to cause Mr. Kern to clarify that his first declaration was not based on truth or facts, but rather was based on his impressions and perceptions. Respectfully, it was entirely inappropriate for Mr. Kern to attack Plaintiff and his counsel personally with his impressions in furtherance of a response to a motion by the Defendant that did not even rely on those impressions as part of its argument. Therefore, indeed, it was the declaration of Mr. Kern that was unreasonable and vexatious, and caused Plaintiff's reply thus multiplying these proceedings.

The motion highlights the Defendant's misconception of what is proper for inclusion in an unsworn declaration under 28 U.S.C. §1746. Moreover, the Defendant has submitted no evidence to support either of the two declarations from Mr. Kern that his sincere impressions were

accurate or true, or that Plaintiff was a bad faith bankruptcy court filer.  The Plaintiff's reply, DE 72,

was necessary to set the record straight, and was neither unreasonable nor vexatious in light of Mr.

Kern's needless personal attacks.  For these reasons, Plaintiff respectfully requests the court to deny

the pending motion for sanctions.

Respectfully submitted,


/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 14, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


s/Richard S. Ross
Richard S. Ross, Esq.

**SERVICE LIST**
**Dr. Jassin Jouria v. CE Resource, et al.**
**Case No.: 15-61165-CIV-DIMITROULEAS**
**United States District Court, Southern District of Florida**
**(Ft. Lauderdale Division)**

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12ᵗʰ Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*