UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61165-CIV-DIMITROULEAS/Snow

DR. JASSIN JOURIA,

    Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC., d/b/a CME Resource and NetCE,

    Defendant/Counter-Claimant.
_____/

CE RESOURCE, INC.,

    Third Party Plaintiff,

v.

ALPINE MANAGEMENT SERVICES III, LLC
and ELITE CONTINUING EDUCATION, INC.,

    Third Party Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court on NetCE's Motion for Sanctions (ECF No. 84) which was referred to Lurana S. Snow, United States Magistrate Judge. The motion is fully briefed and is ripe for consideration.

On June 2, 2015, Plaintiff Jassin Jouria, filed this action for declaratory judgment of non-infringement of alleged copyrights against NetCE, a California corporation for which Dr. Jouria provided medical research and writing services pursuant to contract. NetCE threatened litigation when Dr. Jouria utilized the same research to prepare new articles which he sold to a third party. (ECF No. 1)  On October 6, 2015, NetCE filed its counterclaim alleging copyright infringement, breach of contract, and unfair business practices under California law. (ECF No. 10)  On the same date, NetCE moved to dismiss the complaint and transfer venue to the Eastern District of California.

(ECF No. 11)  On October 23, 2015, Dr. Jouria notified the Court that he had filed for bankruptcy protection, and on October 26, 2015, the Court stayed this action. (ECF Nos. 17, 18)  The stay was lifted on June 15, 2016, after Dr. Jouria notified the Court that his bankruptcy petition had been dismissed. (ECF Nos. 24, 25).

On October 21, 2016, NetCE, with leave of court, filed an amended answer, counterclaim and its third party complaint against Alpine Management Services and Elite Continuing Education. (ECF No. 36)  Both third party defendants moved to dismiss.  (ECF Nos. 41, 43)  On January 11, 2017, the Court again stayed the case owing to Dr. Jouria's second bankruptcy filing. Ultimately, on April 21, 2017, the bankruptcy stay was lifted, and on the same date, NetCE voluntarily dismissed its third party complaint against Alpine Management Services. (ECF Nos. 63, 64)

Elite Continuing Education's motion to dismiss NetCE's third party complaint against it remains pending.  NetCE filed the instant motion for sanctions in response to a reply filed by Dr. Jouria, a filing which NetCE asserts was not required, in connection with the briefing on the motion to dismiss.  Dr. Jouria's "reply," which can be found at ECF No. 72 accuses NetCE's counsel, John Kern, of filing a perjurious declaration, and petitions the Court to consider disciplinary action.[1] According to NetCE, Dr. Jouria's reply is a frivolous attack, sanctionable pursuant to 28 U.S.C. § 1927. NetCE contends that Jouria's counsel falsely asserts that Mr. Kern was wrong when he averred that bad faith was the basis for the bankruptcy court ruling dismissing Jouria's latest bankruptcy filing.  According to NetCE, bad faith was the sole basis NetCE advanced in its moving papers

---

[1] The specific false assertions, according to Dr. Jouria include 1) accusing Jouria of "bad acts;" 2) an accusation that Jouria's counsel "pretended to be conciliatory;" 3) twice stating that Jouria's lawyer "threatened" Mr. Kern or his client; 4) the statement that Jouria's attorney was "intransigen[t]" and "missed deadlines;" 5) an accusation that Jouria "was actively avoiding process servers;" and finally, **6) d**eclaring that NetCE "convinced the Bankruptcy Court that Dr. Jouria was a bad faith filer."  Mr. Kern's declaration can be found at ECF No. 67.

before the Bankruptcy Court, and it is therefore a fair statement that bad faith was the basis of the Court's ruling.

As for the other alleged false assertions, Mr. Kern stands by his Declaration as accurate and well within the bounds of advocacy.  Mr. Kern's second Declaration (ECF No. 78-1) clarifies: 1) that his reference to "bad acts" was an allusion to the evidence NetCE uncovered which led to this lawsuit; 2) that his honest recollection was that when Mr. Ross was notified of his client's multiple acts of copyright infringement, he initially conveyed contrition and a desire to settle to avoid expending resources (pretended to be conciliatory), but shortly thereafter adopted a more defensive position; 3) that when he referred to threats in his original declaration, it is clear that this refers to the threat that Mr. Jouria would declare bankruptcy if his settlement offer was rejected; 4) that his reference to intransigence and missed deadlines referred to Mr. Ross' adoption of views different from those of Dr. Jouria, and to his failure on numerous occasions to communicate updates on promised dates; and 5) that his belief that Dr. Jouria was actively avoiding process servers was based upon what he was told by the process servers and upon Dr. Jouria's counsel's claim that he was not authorized to accept process on his behalf.  NetCE seeks $1,500.00 for having to respond to Dr. Jouria's accusations and request for discipline.

Dr. Jouria responds that his reply, which was necessary to set the record straight, was neither unreasonable nor vexatious, making sanctions pursuant to § 1927 unwarranted.  According to Dr. Jouria, the fact that Mr. Kern felt it necessary to clarify in a second Declaration that the assertions made in his first were based upon his "sincere beliefs" supports this argument.

28 U.S.C. §1927 states, "Any attorney or other person admitted to conduct cases in any court of the United States. . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct."  There are three essential requirements for an award of sanctions under §1927: (1) the attorney must engage in unreasonable and vexatious

3

conduct, (2) the unreasonable and vexatious conduct must multiply the proceedings, and (3) the sanction must bear a financial nexus to the excess proceedings. Peterson v. BMI Refractories, 124 F.3d 1386 (11th Cir. 1997). The Eleventh Circuit requires the attorney's conduct to be so egregious that it is tantamount to bad faith. Amlong & Amlong, P.A. v. Denny's Inc., 500 F.3d 1230, 1239 (11th Cir. 2007). Bad faith turns not on the attorney's subjective intent, but on his or her objective conduct. Id. In other words, the attorney's conduct should be compared against the conduct of "reasonable" attorney. Id. at 1240. Objectively reckless conduct like carelessly or deliberately covering up evidence, is enough to warrant sanctions. Id. at 1241. Negligent conduct however, standing alone, will not support a finding of bad faith under §1927, and something more than a lack of merit is required. Id. at 1241-42.

Although, after a review of the record, the undersigned agrees with NetCE that Mr. Kern's original declaration was probably within the bounds of zealous advocacy, it does not appear that Dr. Jouria's desire to set the record straight amounts to the kind of egregious conduct warranting sanctions pursuant 28 U.S.C. § 1927. Being fully advised, it is hereby

ORDERED AND ADJUDGED that NetCE's Motion for Sanctions (ECF No. 84) is DENIED.

DONE AND ORDERED at Fort Lauderdale, Florida, this 13th day of July, 2017.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record and Pro Se Parties