## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### (Fort Lauderdale Division)

### CASE NO.:15-61165-CIV-DIMITROULEAS/SNOW

DR. JASSIN JOURIA,

      Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

      Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

      Third Party Defendant.

_____/

### PLAINTIFF'S MOTION TO COMPEL AGAINST DEFENDANT CE RESOURCE, INC.

      COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully moves this court to compel Defendant, CE Resource, Inc.'s d/b/a CME Resource and NetCE ("Defendant"), to respond to Plaintiff's first set of interrogatories, and first set of requests for the production of documents and things.  The responses violate this court's General Order on Discovery Objections and Procedures, DE 77 ("Order").   Attached as exhibits to this motion, and incorporated herein by reference, are Defendant's responses to Plaintiff's interrogatories and requests for production.

### Defendant's Violations of the Order.

1.    The Order provides in part that "[t]he parties shall not make nonspecific, boilerplate objections." *Id*. ¶1.  Defendant has violated this portion of the Order by making "General Objections" to all interrogatories and requests for production.

      Furthermore, courts have made clear that general objections are ineffective and not supported by the federal rules of civil procedure. *See, e.g., Fischer v. Forrest*, 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017) (Peck, Mag.); *Sagness v. Duplechin*, 2017 WL 1183988, at *2 (D. Neb.

Mar. 29, 2017) (Zwart, Mag.); *Liguria Foods, Inc. v. Griffith Labs., Inc.*, 2017 WL 976626 (N.D. Iowa Mar. 13, 2017); *Cafaro v. Zois*, 2016 WL 903307, at *1 (S.D. Fla. Mar. 9, 2016) ("Boilerplate objections may also border on a frivolous response to discovery requests." citing *Steed v. Everhome Mortg. Co.*, 308 F. App'x 364, 371 (11th Cir. 2009)); *Heller v. City of Dallas*, 303 F.R.D. 466, 482-85 (N.D. Tex. 2014) ("Counsel should cease and desist from raising these free-standing and purportedly universally applicable 'general objections' in responding to discovery requests."); *Waldrop v. Discover Bank (In re Waldrop)*, 560 B.R. 806, 810 (Bankr. W.D. Okla. 2016).

       In *Chavez v Mercantil Commercebank, N.A.*, Case No. 10-23244-CIV-UNGARO/SIMONTON (S. D. Fla. Mar. 28, 2011) (Simonton, Mag.), the court, in granting a motion to compel, stated that "[a]s an initial matter, Plaintiff's General Objections are overruled. Nonspecific, boilerplate objections do not comply with U.S. Southern District of Florida Local Rule 26.1(g)(3)(A), which provides, 'Where an objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds.'" This is the same quoted language contained in the Order, ¶1.

2.    Paragraph 1 of the Order also provides that "[o]bjections that state a request is 'vague, overly broad or unduly burdensome' are, standing alone, meaningless and will be found meritless by this Court," and that if a party believes a request is vague, it *shall* attempt to obtain clarification prior to objecting on this ground." *Id.* (Emphasis Added). Defendant disregarded this section of the order in its General Objection No. 4 to the interrogatories. Defendant also raises the following unauthorized, specific objections to the interrogatories as "compound," (Int. Response Nos. 2, 3 and 4 [Int Response No. 4 also raises the inappropriate objection that the interrogatory calls for a "legal conclusion"]), and "unclearly worded, confusing and opaque" (Int. Response Nos. 9 and 10). Defendant further asserts specific objections to the requests for production by stating they are "vague, ambiguous [and/or] overbroad" concerning Request Nos. 2, 4, 6, 9, 10-12, and 14-18. For all of these objections, the Defendant did not attempt to obtain clarification prior to objecting on these grounds.

3.    The Defendant moreover violates Paragraph 3 of the Order by generally objecting to the interrogatories and requests for production by stating they are not relevant and not calculated to lead

to the discovery of admissible evidence. *See* General Objection to Interrogatories No. 4, and General Objection to Request for Production No. 3.

4.     The Order further directs that "[t]he parties shall not recite a formulaic objection followed by an answer to the request." *Id.* ¶4.  Defendant has recited formulaic general and/or specific objections followed by an answer to <u>all</u> interrogatories and requests for production.

5.     The court further ordered the parties not to assert generalized objections based upon attorney-client privilege or work product doctrine. *Id.* ¶5.  The Defendant violated this component of the Order in its General Objection No. 2 to the interrogatories, and General Objection No. 5 to the requests for production.  Additionally, Defendant specifically objected to the following production requests, in part, based upon the assertion of "work product privilege or any other applicable privilege or immunity": Nos. 3, 6, 7, 9, 10, and 12-18 inclusive.  For all of these objections, Defendant failed and refused to produce a privilege.  The Order states that "[i]f a general objection of privilege is made without attaching a proper privilege log, the objection of privilege may be deemed to have been waived." *Id.* ¶5.

6.     Defendant additionally did not provide <u>fully</u> responsive answers to Interrogatory Nos. 6, 9 and 10.  These interrogatories attempt to discover information relating to Defendant's analysis of similarly between works Plaintiff submitted to the Defendant and works Plaintiff submitted to third party defendant Elite Continuing Education, Inc. ("Elite"), as well as any similar analysis between the works Plaintiff submitted to Defendant, and the <u>published</u> works of Elite.[1]  Defendant responded only to any analysis between Plaintiff's works submitted to Defendant and to Elite's <u>published</u> works.  It did not respond at all to whether such analysis took place between the works Plaintiff submitted to Defendant and the works Plaintiff submitted to Elite.

7.     Finally, Defendant violated Rule 34 of the Federal Rules of Civil Procedure, Rule 34(b)(2)(E)(i), in the production of documents since it chose to produce documents electronically without labeling them to correspond to the categories in the request.  Currently, Defendant has produced documents numbered from 1-11304, without providing any index or other label to identify

---

[1]Works that were published by Elite may contain edits and/or revisions not attributable to Plaintiff, and possibly could be considered separate new works depending upon the nature of any edits and/or revisions.

which documents respond to which requests.  Without such labeling, it is humanly impossible to go through thousands of documents only to guess how they are or are not responsive to any specific request.

The Defendant has violated the Order in just about every imaginable way.  Plaintiff respectfully requests that the court strike or overrule all of the Defendant's objections, deem all privileges including the work product doctrine waived, compel Defendant to be responsive fully to Interrogatory Nos. 6, 9 and 10, and compel Defendant to produce documents accurately labeled to correspond to the categories in the request.  Plaintiff further requests $1500 in attorney fees as a sanction against Defendant pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure for its willful violation of the Order, and of Fed.R.Civ.P. 34.

## CERTIFICATION UNDER L.R. 71.(a)(3)

Counsel for Plaintiff, and Defendant (Jesse Lanier and Philip Rothschild), conferred by telephone on July 13, 2017 regarding the foregoing.  Counsel for Defendant contended that all objections are appropriate but would reconsider them pending a full review and updated production of documents.  Counsel did not express how updating documents would address the present dispute as it relates to the objections to the interrogatories.  Counsel for Plaintiff directed counsel for Defendant to the Order, but counsel for Defendant believes it is in full compliance thereof.

Counsel for Plaintiff suggested, in order to avoid filing a motion to compel, and based upon the representation that Defendant needed more time to produce additional documents, that Defendant file a motion for extension of time to respond to discovery which Plaintiff would not oppose.  Counsel for Defendant refused the suggestion by letter dated July 17, 2017 and therein maintained its position that it will not consider making changes to its discovery responses until it completes its review and production of documents.  Counsel for Defendant suggested that the parties stipulate to extending the 30 day time limit for filing a motion to compel set forth in L.R. 26.1(g)(1).  However, that rule does not provide that parties may stipulate to such an extension.  Furthermore, Defendant requested an expedited discovery period which was granted by the court (November 15, 2017 cutoff).  Defendant's refusal to respond to written discovery fully and any delay associated therewith should be borne by the Defendant, and not the Plaintiff.

The parties did agree that Defendant would supplement its response to Interrogatory

No. 7 to include a response relative to the seven works at issue that were not published by Defendant. Plaintiff also explained that the term "works" (Request for Production Response No. 2, 4, 6) referred to the articles submitted by Plaintiff to Defendant, that "deposit specimen" (Request for Production Response No. 9) referred to the specimens Defendant submitted to the Copyright Office, and that "due diligence" (Request for Production No. 10) meant Defendant's factual investigation.

Finally, the Defendant refused to withdraw its objections to Request Nos. 2, 4, 6, 9, 10-12, and 14-18, *see* ¶2, *supra*, or to supplement its interrogatory answers to Int. Nos. 6, 9 and 10 to respond fully to them.  *See* ¶6, *supra*.

Respectfully submitted,


/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 18, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


<u>s/Richard S. Ross</u>
Richard S. Ross, Esq.

**SERVICE LIST**
**Dr. Jassin Jouria v. CE Resource, et al.**
**Case No.: 15-61165-CIV-DIMITROULEAS**
**United States District Court, Southern District of Florida**
**(Ft. Lauderdale Division)**

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12ᵗʰ Floor
Ft. Lauderdale, FL 33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*