**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 0:15-cv-61165-WPD**

DR. JASSIN JOURIA

        Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

        Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Third Party Plaintiff,

v.

Elite Continuing Education, Inc. and Alpine
Management Services III, LLC,

        Third Party Defendants.

_____

## **NETCE'S RESPONSE TO DR. JOURIA'S MOTION TO COMPEL**

Parties should, if possible, resolve disagreements during discovery without resorting to the Court. Dr. Jouria's decision to file this motion without any sincere effort to compromise, and without reviewing a *single* document NetCE has produced, is confounding.[1] This premature, unnecessary motion only distracts NetCE from completing review and production of responsive documents, compiling a privilege log, and supplementing its written responses (as it has repeatedly agreed to do). This Court should deny Dr. Jouria's Motion to Compel.

### A. NetCE's Objections Reflect The Status of Its Rolling Production

NetCE repeatedly explained in detailed meet-and-confer letters (attached as **Exhibits A, B, and C**) that it is diligently reviewing hundreds of thousands of potentially relevant documents. Given the volume of documents, NetCE has provided responsive documents to Dr. Jouria's counsel in installments to facilitate his immediate review. At the same time, mindful of waiving objections not posed in its first responses, NetCE served written objections with as much specificity as possible, tailoring each objection to encompass concerns about documents NetCE believed it might encounter, but had not yet reviewed. (**Exhibit A**.) NetCE has agreed multiple times to serve supplemental written responses once document review is complete.

### B. NetCE Made Objections Sparingly and With All Possible Specificity

The Standing Order (Dkt. 77) prohibits boilerplate, unspecific objections. In compliance, NetCE posed specific objections that clearly identified the objectionable portions of Dr. Jouria's discovery requests. For example, NetCE objected to multiple Requests as "vague, overbroad, and unduly burdensome" to the extent that Dr. Jouria neglected to define certain specified terms (for example, "due diligence" or "deposit specimens"). Such qualified objections comply with the Order: they do not "stand[] alone." At any rate, when Dr. Jouria's counsel clarified his intended meaning for these undefined terms, NetCE agreed to supplement its written responses once it completed its review and production. The Motion with respect to this issue is moot.

---

[1] After Dr. Jouria's counsel filed the Motion, he indicated he was unable to access the files as produced to him on flash drives. NetCE immediately provided technical assistance, which we understand resolved the problem. As of this filing, NetCE has produced more than 13,000 pages of responsive documents.

Dr. Jouria's counsel also claims NetCE's objections that interrogatories were "unclearly worded, confusing, and opaque," "compound," or "call[ed] for a legal conclusion" are all *unauthorized*. Despite a fondness for inapposite string cites[2], counsel points to no authority for the proposition that these objections are improper (the Standing Order does not single these objections out, nor do the Federal Rules of Civil Procedure), and, indeed, NetCE stands by its assertion of each. Further, NetCE posed no formulaic objections or objections as to relevance.

NetCE's objections regarding privileged or confidential information are entirely appropriate at this stage. NetCE cannot describe each document withheld on the basis of privilege, because it is still reviewing documents. Accordingly, counsel's demand for a continuously updated privilege log is unreasonable and premature.[3]

With respect to each of these issues, NetCE cannot yet indicate whether it is withholding documents due to any of its objections because, again, NetCE is still reviewing documents. As NetCE related to Dr. Jouria's counsel on multiple occasions, NetCE gladly will revise its objections to Dr. Jouria's Requests *and* Interrogatories,[4] to the extent its current objections no longer apply, once it completes document review, which it is assiduously striving to do.

---

[2] Counsel cites seven cases in his motion—only two of which originate from this Circuit. In the non-controlling cases, the motions to compel concerned formulaic specific objections or objections based on relevance or scope; the producing party declined to indicate, at the conclusion of production, whether it had withheld documents based on its objections; or the responding party refused to answer requests. *See Liguria Foods, Inc. v. Griffith Labs., Inc.*, 2017 WL 976626 (N.D. Iowa Mar. 13, 2007); *Heller v. City of Dallas*, 303 F.R.D. 466 (N.D. Tex 2014); *Fischer v. Forrest*, 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017) (Peck, Mag.); *Sagness v. Duplechin*, 2017 WL 1183988 (D. Neb. Mar. 29, 2017); *Waldrop v. Discover Bank (In re Waldrop)*, 560 B.R. 806 (Bankr. W.D. Okla. 2016). In *Cafaro v. Zoi*, 2016 WL 903307 (S. D. Fla. Mar. 9, 2016), one of two controlling cases counsel cites, the responding party refused to produce documents—NetCE, of course, has not refused to produce anything at this stage. Document production was also complete in that case, and the responding party declined to indicate whether it withheld documents. Finally, in *Chavez v. Mercantil Commercebank, N.A.*, 2011 WL 1135005 (S. D. Fla. March 28, 2011), the contested specific objections lacked sufficient detail to enable the requesting party to clarify its responses.

[3] NetCE repeatedly has assured Dr. Jouria's counsel it respects his right to a privilege log. NetCE merely requests counsel allow it to prioritize review of responsive documents *not* protected by privilege and to plan to meet-and-confer, following the conclusion of production, regarding the most efficient way to dispatch privilege log information.

[4] Dr. Jouria's counsel claims that NetCE's review of documents should not affect its response to Interrogatories. This argument is nonsensical—produced documents often contain information pertinent to answering interrogatories. To the extent NetCE comes across additional information from produced documents—and such information is responsive to Dr. Jouria's Interrogatories--NetCE will happily supplement its interrogatory responses to include said information.

    C.    **NetCE's Responses to I 6, 9, and 10 are Fulsome and Responsive**

At this stage of discovery, while document review is underway, NetCE's responses to Interrogatories 6, 9, and 10 are as responsive and complete as possible. To the extent NetCE, in the course of document review and fact-gathering, discovers additional information responsive to these Interrogatories, NetCE will supplement its responses to these—and any other—discovery requests as applicable. NetCE never has suggested otherwise.

Dr. Jouria challenges NetCE's responses, because they do not contain information regarding any comparative analysis NetCE conducted between works Dr. Jouria submitted to NetCE, and the works Dr. Jouria (unlawfully, we allege) submitted to Elite. The reason for this is simple: Elite has not yet filed an Answer to NetCE's Third Party Complaint; no discovery has taken place between Elite and NetCE; and Dr. Jouria has not yet produced documents in response to NetCE's Requests. Accordingly, at this stage NetCE has had no access to—much less an opportunity to *examine* or *analyze*—the documents Dr. Jouria sent to Elite. Counsel's expectation that NetCE conduct this analysis before discovering such documents defies logic.

    D.    **Neither Federal Nor Local Rules Require NetCE to Index Produced Documents**

As NetCE explained to Dr. Jouria's counsel in a July 17, 2017 letter (**Exhibit B**), Local Rule 26.1(e)(5) requires the sorting of documents "where practicable unless the producing party … produce[s] documents as they are kept in the usual course of business." In the same letter, NetCE explained that the documents were, in fact, produced as they were kept and that NetCE would describe the manner in which documents produced in the future (electronically stored information) were stored, organized, and produced. (*See id.; see also* **Exhibit C**.) Counsel's hysterical assertion that reviewing documents produced in this manner is "humanly impossible" is inaccurate and inconsistent with the realities of modern litigation practice.

    **Conclusion**

Dr. Jouria's Motion to Compel—filed before undertaking any sincere effort to meet and confer or compromise, or reviewing any of NetCE's produced documents—is premature and unnecessary. This Court should deny this Motion in its entirety.

4

Dated: July 26, 2017							Respectfully submitted,

							HOLLAND & KNIGHT LLP


							/s/ Philip E. Rothschild
							Philip E. Rothschild
							Florida Bar No. 0088536
							Email: phil.rothschild@hklaw.com
							HOLLAND & KNIGHT LLP
							515 East Las Olas Blvd., 12th Floor
							Fort Lauderdale, FL 33301
							Telephone: (954)525-1000
							Facsimile: (954)463-2030

							/s/ John P. Kern
							John P. Kern, Esq. (pro hac vice)
							Email: john.kern@hklaw.com
							Jessica E. Lanier, Esq. (pro hac vice)
							Email: Jessica.Lanier@hklaw.com
							HOLLAND & KNIGHT LLP
							50 California Street, Suite 2800
							San Francisco, CA 94111
							Telephone: (415)743-6918
							Facsimile: (415)743-6910
							Attorneys for CE RESOURCE, INC.
							d/b/a
							CME RESOURCE and NetCE

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that on July 26, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                  /s/ Philip E. Rothschild
                  Philip E. Rothschild

## SERVICE LIST

Richard S. Ross, Esq.
4801 S. University Drive
Suite 237
Fort Lauderdale, FL 33328
Email:  prodp@ix.netcom.com
*Attorneys for Plaintiff Dr. Jassin Jouria*
*[VIA E-MAIL]*

Peter A. Chiabotti, Esq.
Akerman LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Email: peter.chiabotti@akerman.com
*Attorneys for Elite Continuing Education, Inc.*
*[VIA E-MAIL]*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Email:  markwilson@mvalaw.com; katecole@mvalaw.com
*Attorneys for Elite Continuing Education, Inc.*
*[VIA E-MAIL]*