# EXHIBIT "A"

# Holland & Knight

50 California Street, Suite 2800 | San Francisco, CA 94111 | T 415.743.6900 | F 415.743.6910
Holland & Knight LLP | www.hklaw.com

Jessica E. Lanier
(415) 743-6923
jessica.lanier@hklaw.com

July 12, 2017

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301

     Re:    **Jouria v. CE Resource, et al. - Document Production**

Richard,

As you are aware, we are still reviewing our client's documents in order to locate materials responsive to your requests for production. We have already made two productions of documents to you and anticipate that we will make at least two more (we estimate within the next two to three weeks). We will, of course, advise you when production is complete.

Your emails have articulated concerns that our written objections and responses to the requests for production and interrogatories do not comply with the Court's Standing Order (DE 77). The current iteration of our written objections and responses (to both your Requests for Production and Interrogatories) are tailored to concerns we have about documents and information that *might* be responsive to your requests.

The objections we have posed are as specific as possible given that we are still reviewing documents. Until we have finished our review, it is impossible to (i) know or describe the complete universe of documents responsive to your request and, concomitantly (ii) make final and completely precise objections to your requests. We will, again, serve supplemental written objections and responses to your interrogatories once fact-gathering is complete.

As you know, objections not made in the first responses to discovery requests may be waived. It would therefore be inappropriate for us to abstain from making any objections, simply because we have not finished our review.

- The Standing Order (p. 1) states that a party objecting that a request is overbroad, vague, or unduly burdensome "must explain the specific and particular way in which a request is vague, overly broad or unduly burdensome." We have done precisely this, by pointing out, for example, that terms used in the request (such as "work" and "works") are

Anchorage | Atlanta | Austin | Boston | Chicago | Dallas | Denver | Fort Lauderdale | Jacksonville | Lakeland | Los Angeles | Miami
New York | Northern Virginia | Orlando | Portland | San Francisco | Tallahassee | Tampa | Washington, D.C. | West Palm Beach
Bogotá | Mexico City

Richard S. Ross
July 12, 2017
Page 2

    undefined and therefore unclear.  We will provide additional specificity once we have completed our review.

- The Standing Order (p. 2) also provides that parties "shall not recite a formulaic objection followed by an answer to the request.  It has become common practice for a party to object on the basis of any of the above reasons, and then state, 'notwithstanding the above,' the party will respond to the discovery request, subject to or without waiving such objection.  This type of objection and answer preserves nothing and serves only to waste the time and resources of the parties and the Court.  Further, such practice leaves the requesting party uncertain as to whether the question actually has been fully answered or whether only a portion of the question has been answered."  As discussed at length above, our objections are not "formulaic."  They are as specific as possible given our present knowledge about the universe of documents.  Also, when we serve supplemental written responses, as we have promised to do once our review of documents is complete, we will indicate whether documents or information have been withheld due to our objections.

- It is quite possible (likely, in fact) that documents responsive to certain of your requests will contain privileged information or our client's confidential and proprietary information.  Given that we have not yet laid eyes on each and every document responsive to your requests for production, it is logical (and necessary) to object to portions of the request in the event such objections apply to documents we come across in the course of our review.  Creating a privilege log itemizing documents withheld based on privilege is also impossible at this time without completion of document review.  (We could not, for example, specify  (i) whether a document is protected by work product privilege, (ii) whether a document is protected by attorney client privilege, or (iii) whether a document contains or constitutes confidential and proprietary information without having examined a document.) (p. 3)  We will provide a privilege log at your request once we have completed our review.

A meet-and-confer (and, indeed, a motion to compel) is premature at this stage because (i) we have not declined to produce anything, (ii) we have not completed our rolling productions, and (iii) we have offered to supplement our written responses to conform to our findings and ultimate objections.  We trust that, out of respect for this Court's time and resources that you will await our supplemental written responses before proceeding with motion practice.

As you insist on proceeding to a meet-and-confer, please note the following:

- In a number of your requests and interrogatories, there are undefined terms, such as "works," "work," "drafter," "deposit specimen," "due diligence," "communication(s)" (as used in your interrogatories), "subject to," "analytics, metrics, or result," "approval or non-approval," and others.

#52359721_v1

Richard S. Ross
July 12, 2017
Page 3

- Interrogatory No. 9 is worded confusingly and is borderline incomprehensible.

- Request for Production No. 13 is worded confusingly and is borderline incomprehensible.

- We stand by the objections in the "General Objections" section of our response. They infect most of the requests and interrogatories.

Sincerely yours,

HOLLAND & KNIGHT LLP

Jesse Lanier

#52359721_v1