**EXHIBIT "B"**

**Holland & Knight**

50 California Street, Suite 2800 | San Francisco, CA 94111 | T 415.743.6900 | F 415.743.6910
Holland & Knight LLP | www.hklaw.com

Jessica E. Lanier
(415) 743-6923
jessica.lanier@hklaw.com

July 17, 2017

*Via E-mail (prodp@ix.netcom.com)*

Richard S. Ross, Esq.
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301

   Re:  **Outstanding Discovery Issues from Meet-and-Confer**

Dear Richard:

Thank you for participating in last week's meet-and-confer call.

As we explained then, we are still hard at work producing, on a rolling basis, the documents responsive to your document requests—that process forges ahead irrespective of any disputes or agreements we have on how to handle some of the other logistical issues.  With respect to the specific issues you raised during the meet-and-confer call, I would like to address them one at a time:

**1.**  **Petitioning the Court re: Our Discovery Responses and Production Deadlines**.  You requested NetCE file an Unopposed Motion to Extend Time regarding its production of documents and its drafting and serving of supplemental discovery responses, and we understand you are mindful of avoiding waiver of your opportunity to file a Motion to Compel.

While we appreciate your concern, we disagree there is any need to involve the Court at this early stage.  In fact, we believe the Court sincerely desires for the parties and their counsel to work out these matters themselves, and through stipulation where possible. We gladly will stipulate that the 30-day deadline under the Local Rules for filing a Motion to Compel will not begin running for the purposes of our production to you until the day the last batch of documents is produced *or* we have announced to you we no longer intend to produce documents or supplemental responses.  We are not yet there.

**2.**  **The Index.**  During our meet-and-confer call, you requested an index that itemized documents responsive to each request.  Our further review of the Local Rules does not require us

Richard S. Ross, Esq.
July 17, 2017
Page 2

to create such an index, and, in fact, in this case it would extremely burdensome and onerous for us to do so.

Local Rule 26.1(e)(5) states: "The documents, electronically stored information, or things should be referenced to specific paragraphs of a request for production *where practicable*, *unless the producing party exercises its option under Federal Rule of Civil Procedure 34(b) to produce documents as they are kept in the usual course of business*. The party producing documents in response to a request for production has an obligation to explain the general scheme of record-keeping to the inspecting party. The objective is to acquaint the inspecting party generally with how and where the documents, electronically stored information, or things are maintained." (emphasis added).

The documents produced to you in Document Productions 1 and 2 are scans of physical paper documents maintained by NetCE in the course development process. These paper documents constitute the contents of ten (10) binders—one binder corresponding to each course your client submitted to NetCE pursuant to the Freelance Writer Agreements. These paper documents were produced to you in the order in which they appear in each binder. Once you begin reviewing documents (on our July 14th call, you indicated you had not yet begun doing so), this will become apparent. We are currently finalizing production(s) of electronically stored information. Once that information is produced to you, we will explain how that information was stored and organized and how it has been produced. These disclosures meet our obligations under Local Rule 26.1(e)(5).

**3.     Creation and Production of a Privilege Log**. We agree, of course, that you have the right to a privilege log. We are in the process of sequestering privileged and responsive documents and agree to meet-and-confer with you on the creation of a log of such documents when we have a better sense of the size and nature of the set.

**4.     Document Production Status**. Our document review and production is nearing completion, and we have already produced almost 2,000 pages of responsive materials. We have agreed, and reaffirm here, that we will supplement our written responses to your requests for production and interrogatories, and we agree to do so within seven (7) calendar days of making our final production of documents. Such supplementations will include (i) updated objections and (ii) additional substantive information we have learned through the review of documents, as applicable. To continuously supplement our written responses before such time is inefficient and unnecessarily costly.

Richard S. Ross, Esq.
July 17, 2017
Page 3


We look forward to your response,

*[signature]*

Jesse Lanier