# EXHIBIT "C"

# Holland & Knight

50 California Street, Suite 2800 | San Francisco, CA 94111 | T 415.743.6900 | F 415.743.6910
Holland & Knight LLP | www.hklaw.com

Jessica E. Lanier
(415) 743-6923
jessica.lanier@hklaw.com

July 18, 2017

*Via E-mail (prodp@ix.netcom.com)*

Richard S. Ross, Esq.
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301

Re:     **Outstanding Discovery Issues from Meet-and-Confer**

Dear Richard:

Respectfully, we do not agree with your classification of my July 17, 2017 letter as "self-serving" or inaccurate. The letter recaps issues we discussed in our meet-and-confer call and poses what we view as eminently reasonable compromises on issues where there is disagreement. We also disagree that the letter (or any of our practice up to and including this letter) runs afoul of the Magistrate's Order. We indicated in our July 17, 2017 letter that we would supplement all written discovery responses (including, yes, interrogatories). We also did not state in the July 17, 2017 letter that we were refusing to produce *any* documents; we did, in fact, produce (and continue to produce) responsive documents as they are kept. To suggest otherwise is to willfully misread our assertions.

We respectfully reiterate our belief that you are incorrect regarding the requirements of Federal Rule of Civil Procedure 34 and Local Rule 26.1(e)(5). We kindly request, however, that you evaluate the documents we have already produced (you admit that you have not looked through them) and the documents that will be produced to you this week before insisting upon an index or rushing to the Court for premature relief.

With respect to the privilege log, we are simply asking for time to sequester and review potentially privileged and potentially responsive documents so that we can later meet-and-confer on the nature and need for a detailed log.

We are, as always, happy to arrange a meet-and-confer call to discuss this issue further or to

Richard S. Ross, Esq.
July 18, 2017
Page 2

review and discuss any authority you have in support of your interpretations.

There is, at present, no time pressure in this case that warrants the escalation to motion practice given these circumstances. The Court's order confirming Elite's presence in this case was only docketed yesterday, and Elite will not even file a responsive pleading until July 31, 2017. Trial is nine months away.

We remain utterly perplexed that, in a case where you represent a client who has testified in a hearing before the Bankruptcy Court regarding his purportedly dire economic straits, that you continue to expend resources on tangential issues.

We remain focused on getting you the responsive documents to which you are entitled. Threatening to initiate motion practice at such an early stage is an unneccessary distraction.

Best,

Jesse Lanier