**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:15-61165-WPD**

| | | |
|---|---|---|
| DR. JASSIN JOURIA, | ) | |
| | ) | |
|      Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ELITE'S ANSWER TO** |
| CE RESOURCE, INC. d/b/a CME | ) | **THIRD PARTY COMPLAINT** |
| RESOURCE and NetCE, | ) | **AND COUNTERCLAIMS** |
| | ) | |
|      Defendant. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| CE RESOURCE, INC. d/b/a CME | ) | |
| RESOURCE and NetCE, | ) | |
| | ) | |
|      Defendant/Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DR. JASSIN JOURIA, | ) | |
| | ) | |
|      Plaintiff/Counter-Defendant. | ) | |
| | ) | |
| CE RESOURCE, INC. d/b/a CME | ) | |
| RESOURCE and NetCE, | ) | |
| | ) | |
|      Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Elite Continuing Education, Inc. and Alpine | ) | |
| Management Services III, LLC, | ) | |
| | ) | |
|      Third-Party Defendants. | ) | |

Third-Party Defendant Elite Professional Education, LLC ("Elite")[1] hereby submits its Answer and Counterclaims in response to the Third Party Complaint of Defendant/Third-Party Plaintiff CE Resource, Inc. d/b/a CME Resource and NetCE ("NetCE").

## ANSWER TO NETCE'S THIRD PARTY CLAIMS

1.      Elite admits, upon information and belief, that Dr. Jouria filed the present lawsuit on June 2, 2015.  Except as specifically admitted herein, Elite denies the allegations in this paragraph.

2.      Admitted.

3.      Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

4.      Elite admits that NetCE filed an answer, affirmative defenses, and counterclaims in this lawsuit on October 6, 2015.  Elite admits that NetCE also filed a motion to dismiss, transfer, or consolidate on that date.  Elite admits that the Court stayed this lawsuit in October 2015.  Elite lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

5.      Elite admits that the Court lifted its stay of this lawsuit on June 15, 2016.  Elite lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

6.      Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

---

[1] In its pleading, Defendant/Third-Party Plaintiff CE Resource, Inc. d/b/a CME Resource and NetCE named "Elite Continuing Education, Inc." as a Third-Party Defendant in this matter. The proper entity name is Elite Professional Education, LLC (See DE 53), and this Answer and Counterclaims is filed on behalf of Elite Professional Education, LLC.

7.     The statements in this paragraph do no constitute allegations to which a response is required.  To the extent a response is required, Elite admits that NetCE has represented that it has withdrawn its motion to dismiss, transfer, or consolidate.  Except as specifically admitted herein, Elite denies the allegations in this paragraph.

8.     The statements in this paragraph do no constitute allegations to which a response is required.  To the extent a response is required, Elite admits NetCE filed a Notice of Voluntary Dismissal of the California Action.  Except as specifically admitted herein, Elite denies the allegations in this paragraph.

9.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

10.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

11.     Admitted.

12.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

13.     Elite admits that this Court has subject matter jurisdiction over NetCE's claims. Elite denies that NetCE is entitled to relief for any of the claims listed in this paragraph.

14.     Elite admits that this Court has subject matter jurisdiction over NetCE's claims. Elite denies that NetCE is entitled to relief for any of the claims listed in this paragraph.

15.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

16.     Elite admits that it is subject to personal jurisdiction in Florida.  The remainder of the allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, denied.

17.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

18.     Admitted.

19.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

20.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

21.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

22.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

23.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

24.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

25.     Elite admits that PDF files of purported U.S. Copyright Registration certificates were attached to NetCE's pleading as Exhibit A.  Elite lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

26.     Elite admits that it was founded in 1999, and maintains its principal place of business in Florida.  Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph regarding the Better Business Bureau.

27.     Elite admits that it began offering continuing education courts to nurses in 2006. Elite denies the remaining allegations of this paragraph.

28.     Denied.

29.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

30.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

31.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

32.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

33.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

34.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

35.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

36.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

37.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

38.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

39.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

40.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

41.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

42.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

43.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

44.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

45.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

46.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

47.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

48.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

49.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

50.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

51.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

52.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

53.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

54.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

55.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

56.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

57.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

58.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

59.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

60.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

61.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

62.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

63.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Elite incorporates by reference its responses to paragraphs 1-81.

83.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

84.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

85.     Elite admits that it did not obtain permission from NetCE to republish, reissue, resubmit, or otherwise license any articles, as it needed no such permission.  Elite denies that it republished, reissued, resubmitted, or otherwise licensed the articles, identical versions of the articles, or substantially similar version of the articles covered by the Contracts.  Except as expressly admitted herein, denied.

86.     Denied.

87.     Elite incorporates by reference its responses to paragraphs 1-81.

88.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

89.     Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

90.    Elite lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

91.    Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

92.    Denied.

93.    Denied.

94.    Elite incorporates by reference its responses to paragraphs 1-81.

95.    Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

96.    Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

97.    Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

98.    Elite denies that Alpine shared with Elite any of NetCE's confidential or proprietary information.  Elite lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

99.    Denied.

100.    Elite incorporates by reference its responses to paragraphs 1-81.

101.    Admitted.

102.    Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Elite states that the Court dismissed from the lawsuit NetCE's claim for tortious interference to which this paragraph pertains.  *See* Order Granting In Part Motion to Dismiss, dated July 17, 2017 (the "Order").  To the extent a response is required, Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

112.    By the Order, the Court dismissed from the lawsuit NetCE's claim for tortious interference to which this paragraph pertains.  To the extent a response is required, denied.

113.    By the Order, the Court dismissed from the lawsuit NetCE's claim for tortious interference to which this paragraph pertains.  To the extent a response is required, denied.

114.    By the Order, the Court dismissed from the lawsuit NetCE's claim for tortious interference to which this paragraph pertains.  To the extent a response is required, denied.

115.    By the Order, the Court dismissed from the lawsuit NetCE's claim for tortious interference to which this paragraph pertains.  To the extent a response is required, denied.

116.    By the Order, the Court dismissed from the lawsuit NetCE's claim for tortious interference to which this paragraph pertains.  To the extent a response is required, denied.

117.    Elite incorporates by reference its responses to paragraphs 1-81.

118.    The allegations of this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, denied.

119.    Elite denies that Dr. Jouria submitted to Elite articles that are identical or substantially similar articles to any articles in which NetCE owns copyright rights.  Elite lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

120.    Elite denies that Dr. Jouria submitted to Elite articles that are identical or substantially similar articles to any articles in which NetCE owns copyright rights.  Elite lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

121.    Elite denies that Dr. Jouria submitted to Elite articles that are identical or substantially similar articles to any articles in which NetCE owns copyright rights.  Elite lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Elite incorporates by reference its responses to paragraphs 1-81.

127.    Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

128.    Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

129.    Elite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

Elite denies all allegations and demands contained in NetCE's Prayer for Relief.  Elite denies that NetCE is entitled to any requested relief.  Elite further denies any remaining allegations not expressly admitted.

## AFFIRMATIVE DEFENSES TO THIRD PARTY CLAIMS

### FIRST AFFIRMATIVE DEFENSE

Any damages to which NetCE may be entitled should be apportioned based upon the fault of any and all persons or entities who may be liable for NetCE's damages.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to the one-satisfaction rule, NetCE is barred from obtaining more than one recovery for its alleged losses.

### <u>THIRD AFFIRMATIVE DEFENSE</u>

With respect to NetCE's claims for copyright infringement, any similarity between the allegedly infringing works and the allegedly infringed works is solely due to the existence of common unprotectable elements.

### <u>FOURTH AFFIRMATIVE DEFENSE</u>

With respect to NetCE's claims for copyright infringement, the allegedly infringing works were independently created.

Elite demands a trial by jury on all issues so triable.

## COUNTERCLAIMS

## NATURE OF THE ACTION

1.      Elite brings this action for a Declaratory Judgment and other relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

2.      Elite is a Delaware limited liability company with a principal place of business at 1452 North U.S. Highway 1, Suite 100, Ormond Beach, Florida 32174, and is doing business in this State and District.

3.      Upon information and belief, NetCE is a California corporation with a principal place of business at 1482 Stone Point Drive, Suite 120, Roseville, California 95661, and is doing business in this State and District.

4.      NetCE purports to be the owner of copyright rights in seven continuing education articles associated with the following course topics: The Lymphatic and Immune Systems, Traumatic Brain Injury, Nonantibiotic Antimicrobial Pharmacology, Cardiovascular Pharmacology, Gastroesophageal Reflux Disease, Cancer and Chemotherapy, and Depression vs. Dementia in the Elderly.

5.      NetCE has accused Elite of violating federal copyright laws through the publication of certain continuing education articles, which articles purportedly infringe NetCE's alleged copyrights.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action on the following grounds:

(a)  28 U.S.C. § 1331, this being a civil action arising under the laws of the United States;

(b) 28 U.S.C. § 1337(a), this being a civil action arising under an Act of Congress regulating commerce and protecting trade and commerce; and

(c) 28 U.S.C. § 1338(a), this being a civil action arising under an Act of Congress relating to alleged copyright rights.

7.      This Court may declare the rights and other legal relations of the parties in this case pursuant to 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 57 because an actual and justiciable controversy exists concerning the rights of, and legal relations between, Elite and NetCE.

8.      This Court has personal jurisdiction over NetCE consistent with the principles underlying the U.S. Constitution and § 48.193, Fla. Stat.  Upon information and belief, NetCE has conducted business in this State and District and is subject to personal jurisdiction in this State and District by virtue of its contacts here.  Upon information and belief, NetCE offers its courses through an online classroom that is available to customers and prospective customers in this State and District.

9.      Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

### The Parties

10.      Elite is an education company that offers continuing education for licensed professionals and professional development in the forms of live classroom training and online and home study correspondence.

11.      Upon information and belief, Plaintiff Dr. Jassin Jouria ("Dr. Jouria") is a medical doctor, medical researcher, and writer.

12.     Upon information and belief, Dr. Jouria renders his medical research and writing services to continuing education services providers by preparing and authoring continuing education course materials and articles to be used in continuing education courses.

13.     Upon information and belief, NetCE is engaged in the business of providing continuing education services.

<u>**Relevant Facts**</u>

14.     Upon information and belief, Dr. Jouria promotes his research and writing services by selling and/or offering for sale continuing education articles and course materials to entities engaged in the business of providing continuing education services.

15.     On January 24, 2013, Elite posted a request for course writers in the field of nursing through the <u>elance.com</u> website.  A copy of Elite's original job posting is attached hereto as **<u>Exhibit A</u>**.  The posting was entitled "Writer for Nursing Continuing Education Courses" and stated "Established continuing education company is looking for qualified and experienced course writers in the field of nursing."  Elite's course writing requirements stated, among other requirements, that courses should not use copyrighted material or pictures.

16.     On January 26, 2013, Dr. Jouria responded to Elite's job posting on the <u>elance.com</u> website.  A copy of Dr. Jouria's response is attached hereto as **<u>Exhibit B</u>**.  Dr. Jouria stated "Dear Client: I am a medical doctor and professional freelance medical writer.  I have extensive academic experience in allied health education and clinical medicine.  I have published several CE courses for various CE providers in the field of nursing, medicine, EMT, and others. . . .   I only use current, peer-reviewed medical journals and texts as references. . . . Please do not hesitate to contact me directly should you have any questions.  Thank you, Jassin M. Jouria, Jr., M.D."

17.     Between January 29, 2013 and February 3, 2013, a representative from Elite and Dr. Jouria discussed Dr. Jouria's potential engagement as a freelance writer for Elite.  A copy of the correspondence exchanged through the elance.com website is attached hereto at **Exhibit C**. In this initial correspondence, Dr. Jouria stated, "I write CE articles for several CE providers. All of my work is original and of the highest quality."  In response to a request from Elite's representative asking for Dr. Jouria to suggest some course subjects he was willing to write for Elite, Dr. Jouria responded, "A few topics I am interested in writing are the following: Women and Heart Disease, Diabetes Pharmacotherapy, Tuberculosis, Pathophysiology Basics: A review, Multiple Sclerosis, Cancer, Clinical Cardiovascular Pharmacology, The Lymphatic System, Anatomy and Physiology: Review Series, Antimicrobial Pharmacology, Decubitus Ulcers, COPD, Preventable Advese Events."

18.     On November 8, 2013, Dr. Jouria entered into an Independent Contractor Agreement ("ICA") with Elite to render his research and writing services in order to prepare the curriculum for certain of Elite's continuing education courses.  A copy of the ICA, along "Assignment of Rights in Curriculum" exhibits, is attached hereto as **Exhibit D**.

19.     Pursuant to the ICA, Dr. Jouria prepared and authored the curriculum for the following continuing education courses: Cardiovascular Diseases: The Leading Cause of Death in Women, The Basics of Pathophysiology, Traumatic Brain Injury, Depression vs. Dementia in the Elderly Part I, Depression vs. Dementia in the Elderly Part II, Cancer and Chemotherapy: A Comprehensive Review Part I, Cancer and Chemotherapy: A Comprehensive Review Part II, Non-Antibiotic Antimicrobial Pharmacology: A Comprehensive Review Part I, Non-Antibiotic Antimicrobial Pharmacology: A Review—Part II, and Gastroesophageal Reflux Disease (GERD): A Comprehensive Review (collectively, the "Curricula").

20.     As set forth in Section 5 of the ICA, Elite owns all the intellectual property, including the copyright rights, in the Curricula authored by Dr. Jouria for Elite.

21.     As set forth in Section 8 of the ICA, Dr. Jouria represented and warranted to Elite that "[a]ll materials created by [Dr. Jouria] during the course of engagement by [Elite], do not, and will not infringe the trademark, copyright, patent or other rights of any third-party; and [Dr. Jouria] is the sole and exclusive author and owner of each Curriculum."

### Actual Controversy

22.     NetCE threatened Elite's business, in this State and District and elsewhere, by accusing Elite of unlawful actions through a demand letter dated April 13, 2015.  A copy of NetCE's demand letter to Elite is attached hereto as **Exhibit E**.

23.     NetCE claimed in its Demand Letter that Dr. Jouria has "publish[ed]—through Elite—at least seven (7) articles which he previously had submitted to NetCE."  NetCE further alleged that "[b]y publishing these articles . . . . Elite's conduct constitutes, *at a minimum* (1) contributory and/or vicarious infringement of NetCE's rights under United States Copyright law (Title 17 of the United States Code), (2) tortious interference with NetCE's contractual relations with Dr. Jouria, and (3) a violation of California's Unfair Business Practices statute."  *See* Ex. E.

24.     NetCE further threatened Elite's business, in this State and District and elsewhere, by filing third party claims against Elite in the present lawsuit, alleging that Elite is liable for copyright infringement, tortious interference with contractual relations, and misappropriation of trade secrets.

25.     Upon information and belief, Elite's Curricula do not infringe upon any valid and enforceable copyright rights NetCE may have.

26.     Upon information and belief, Elite has not violated any of NetCE's purported copyright rights and is not liable to NetCE for copyright infringement, tortious interference with contractual relations, misappropriation of trade secrets, or any other federal, state or common law causes of action, in law or in equity.

27.     Upon information and belief, Elite is not liable to NetCE for any monetary damages, injunctive relief, attorney's fees, or any other damages that NetCE seeks or may seek against Elite.

28.     There is an actual and substantial controversy between Elite and NetCE of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

29.     Elite has retained the undersigned counsel to represent it in it this action and is obligated to pay its counsel a reasonable fee for services rendered and costs incurred on its behalf.

## FIRST COUNTERCLAIM
### Declaratory Judgment of Noninfringement of
### "Cardiovascular Pharmacology" Article

30.     Elite realleges and incorporates herein by reference the foregoing paragraphs 1-29 of Elite's Counterclaims.

31.     NetCE has accused Elite of infringing its purported copyright rights in a course entitled "Cardiovascular Pharmacology" by its publication of a course entitled "Cardiovascular Diseases: The Leading Cause of Death in Women."  *See* Ex. E, p. 2.

32.     Elite did not copy NetCE's "Cardiovascular Pharmacology" course.

33.     Attached hereto as **Exhibit F** is the "Cardiovascular Pharmacology" course in which NetCE claimed copyright rights in its demand letter of April 13, 2015.

34.     Attached hereto as **Exhibit G** is a copy of Elite's course entitled "Cardiovascular Diseases: The Leading Cause of Death in Women."

35.     As shown by a comparison of the documents attached hereto as Exhibits F and G, Elite's course entitled "Cardiovascular Diseases: The Leading Cause of Death in Women" is not substantially similar to NetCE's "Cardiovascular Pharmacology" course.

36.     Elite is entitled to a judgment declaring that it has not violated any purported copyright rights of NetCE under federal, state or common law and is not liable to NetCE for any claim of copyright infringement concerning Elite's "Cardiovascular Diseases: The Leading Cause of Death in Women" course.

**SECOND COUNTERCLAIM**
**Declaratory Judgment of Noninfringement of**
**"The Lymphatic and Immune Systems" Article**

37.     Elite realleges and incorporates herein by reference the foregoing paragraphs 1-29 of Elite's Counterclaims.

38.     NetCE has accused Elite of infringing its purported copyright rights in a course entitled "The Lymphatic and Immune Systems" by its publication of a course entitled "The Basics of Pathophysiology."  *See* Ex. E, p. 2.

39.     Elite did not copy NetCE's "The Lymphatic and Immune Systems" course.

40.     Elite's "The Basics of Pathophysiology" course is not substantially similar to NetCE's "The Lymphatic and Immune Systems" course.

41.     Elite is entitled to a judgment declaring that it is not liable to NetCE for any claim of copyright infringement concerning Elite's "The Basics of Pathophysiology" course.

## THIRD COUNTERCLAIM
### Declaratory Judgment of Noninfringement of
### "Traumatic Brain Injury" Article

42.     Elite realleges and incorporates herein by reference the foregoing paragraphs 1-29 of Elite's Counterclaims.

43.     NetCE has accused Elite of infringing its purported copyright rights in a course entitled "Traumatic Brain Injury" by its publication of a course entitled "Traumatic Brain Injury."  *See* Ex. E, p. 2.

44.     Elite did not copy NetCE's "Traumatic Brain Injury" course.

45.     Elite's "Traumatic Brain Injury" course is not substantially similar to NetCE's "Traumatic Brain Injury" course.

46.     Elite is entitled to a judgment declaring that it has not violated any purported copyright rights of NetCE under federal, state or common law and is not liable to NetCE for any claim of copyright infringement concerning Elite's "Traumatic Brain Injury" course.

## FOURTH COUNTERCLAIM
### Declaratory Judgment of Noninfringement of
### "Nonantibiotic Antimicrobial Pharmacology" Article

47.     Elite realleges and incorporates herein by reference the foregoing paragraphs 1-29 of Elite's Counterclaims.

48.     NetCE has accused Elite of infringing its purported copyright rights in a course entitled "Nonantibiotic Antimicrobial Pharmacology" by its publication of courses entitled "Nonantibiotic Antimicrobial Pharmacology: A Comprehensive Review Part I" and "Nonantibiotic Antimicrobial Pharmacology: A Review Part II."  *See* Ex. E, p. 2.

49.     Elite did not copy NetCE's "Nonantibiotic Antimicrobial Pharmacology" course.

50.     Elite's "Nonantibiotic Antimicrobial Pharmacology: A Comprehensive Review Part I" and "Nonantibiotic Antimicrobial Pharmacology: A Review Part II" courses are not substantially similar to NetCE's "Nonantibiotic Antimicrobial Pharmacology" course.

51.     Elite is entitled to a judgment declaring that it has not violated any purported copyright rights of NetCE under federal, state or common law and is not liable to NetCE for any claim of copyright infringement concerning Elite's "Nonantibiotic Antimicrobial Pharmacology: A Comprehensive Review Part I" and "Nonantibiotic Antimicrobial Pharmacology: A Review Part II" courses.

## FIFTH COUNTERCLAIM
### Declaratory Judgment of Noninfringement of
### "Gastroesophageal Reflux Disease" Article

52.     Elite realleges and incorporates herein by reference the foregoing paragraphs 1-29 of Elite's Counterclaims.

53.     NetCE has accused Elite of infringing its purported copyright rights in a course entitled "Gastroesophageal Reflux Disease" by its publication of a course entitled "Gastroesophageal Reflux Disease (GERD): A Comprehensive Review." *See* Ex. E, p. 3.

54.     Elite did not copy NetCE's "Gastroesophageal Reflux Disease" course.

55.     Elite's "Gastroesophageal Reflux Disease (GERD): A Comprehensive Review" course is not substantially similar to NetCE's "Gastroesophageal Reflux Disease" course.

56.     Elite is entitled to a judgment declaring that it has not violated any purported copyright rights of NetCE under federal, state or common law and is not liable to NetCE for any claim of copyright infringement concerning Elite's "Gastroesophageal Reflux Disease (GERD): A Comprehensive Review" course.

## SIXTH COUNTERCLAIM
### Declaratory Judgment of Noninfringement of
### "Cancer and Chemotherapy" Article

57.     Elite realleges and incorporates herein by reference the foregoing paragraphs 1-29 of Elite's Counterclaims.

58.     NetCE has accused Elite of infringing its purported copyright rights in a course entitled "Cancer and Chemotherapy" by its publication of courses entitled "Cancer and Chemotherapy: A Comprehensive Review Part I" and "Cancer and Chemotherapy: A Comprehensive Review Part II."  *See* Ex. E, p. 3.

59.     Elite did not copy NetCE's "Cancer and Chemotherapy" course.

60.     Elite's "Cancer and Chemotherapy: A Comprehensive Review Part I" and "Cancer and Chemotherapy: A Comprehensive Review Part II" courses are not substantially similar to NetCE's "Cancer and Chemotherapy" course.

61.     Elite is entitled to a judgment declaring that it has not violated any purported copyright rights of NetCE under federal, state or common law and is not liable to NetCE for any claim of copyright infringement concerning Elite's "Cancer and Chemotherapy: A Comprehensive Review Part I" and "Cancer and Chemotherapy: A Comprehensive Review Part II" courses.

## SEVENTH COUNTERCLAIM
### Declaratory Judgment of Noninfringement of
### "Depression vs. Dementia in the Elderly" Article

62.     Elite realleges and incorporates herein by reference the foregoing paragraphs 1-29 of Elite's Counterclaims.

63.     NetCE has accused Elite of infringing its purported copyright rights in a course entitled "Depression vs. Dementia in the Elderly" by its publication of courses entitled

"Depression vs. Dementia in the Elderly Part I" and "Depression vs. Dementia in the Elderly Part II." *See* Ex. E, p. 3.

64.     Elite did not copy NetCE's "Depression vs. Dementia in the Elderly" course.

65.     Elite's "Depression vs. Dementia in the Elderly Part I" and "Depression vs. Dementia in the Elderly Part II" courses are not substantially similar to NetCE's "Depression vs. Dementia in the Elderly" course.

66.     Elite is entitled to a judgment declaring that it has not violated any purported copyright rights of NetCE under federal, state or common law and is not liable to NetCE for any claim of copyright infringement concerning Elite's "Depression vs. Dementia in the Elderly Part I" and "Depression vs. Dementia in the Elderly Part II" courses.

## PRAYER FOR RELIEF

WHEREFORE, Elite respectfully prays the Court enter a judgment:

A.     Declaring that Elite has not infringed or otherwise violated any purported rights of NetCE, including any provisions of 17 U.S.C. § 101 *et seq.* or any other asserted federal, state, or common law laws;

B.     Granting Elite its costs and awarding Elite its reasonable attorneys' fees and other litigation expenses, together with such further legal and equitable relief as the Court may deem just and proper.

Elite demands a trial by jury on all issues so triable.

Dated: July 31, 2017

/s/Peter A. Chiabotti
Peter A. Chiabotti
Florida Bar No. 0602671
AKERMAN LLP
peter.chiabotti@akerman.com
777 South Flagler Driver
Suite 1100, West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Facsimile: (561) 659-6313

J. Mark Wilson (*pro hac vice*)
markwilson@mvalaw.com
Kathryn G. Cole (*pro hac vice*)
katecole@mvalaw.com
MOORE & VAN ALLEN PLLCS
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-1000
Facsimile: (704) 331-1159

*Attorneys for Third Party Defendant Elite
Professional Education, LLC*

42469480;1

## Certificate of Service

I hereby certify that on July 31, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/Peter A. Chiabotti
Peter A. Chiabotti

## Service List

Richard S. Ross, Esq.
Atrium Centre
4801 S. University Drive
Suite 237
Fort Lauderdale, FL 33328
Email: prodp@ix.netcom.com
*Attorneys for Plaintiff Dr. Jassin Jouria*

Philip E. Rothchild, Esq.
Holland & Knight LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Email: phil.rothschild@hklaw.com

John P. Kern, Esq.
Jessica E. Lanier, Esq.
Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Email: john.kern@hklaw.com
      jessica.lanier@hklaw.com
*Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE*

Peter A. Chiabotti
Florida Bar No. 0602671
Akerman LLP
peter.chiabotti@akerman.com
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Facsimile: (561) 659-6313

J. Mark Wilson (*pro hac vice*)
markwilson@mvalaw.com
Kathryn G. Cole (*pro hac vice*)
katecole@mvalaw.com
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-1000
Facsimile: (704) 331-1159
*Attorneys for Third Party Defendant and Counterclaimant Elite Professional Education, LLC*

42469480;1