# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA

        Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

        Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Third Party Plaintiff,

v.

Elite Continuing Education, Inc. and Alpine
Management Services III, LLC,

        Third Party Defendants.

_____

**NETCE'S ANSWER TO THIRD-PARTY DEFENDANT ELITE CONTINUING
EDUCATION, INC.'S COMPLAINT AND COUNTERCLAIMS**

Third-Party Plaintiff, CE Resource, Inc. d/b/a CME Resource and NetCE ("NetCE")
hereby submits its  Answer and Affirmative Defenses in response to the Counterclaims of
Defendant/Third-Party  Defendant Elite Continuing Education, Inc. ("Elite").

(For convenience and clarity, NetCE repeats the headings employed by Elite in its
Counterclaims in response to the Third Party Complaint of NetCE ("Counterclaims").  In so
doing, NetCE does not admit or concede any allegation in the Counterclaims.

<u>**ANSWER TO ELITE'S THIRD PARTY COUNTERCLAIMS**</u>

<u>**NATURE OF THE ACTION**</u>

1.      In response to Paragraph 1 of the Counterclaims, NetCE admits Elite is
seeking Declaratory Judgment and other relief pursuant to the Federal Declaratory Judgment
Act, 28 U.S.C. ss 2201-02.

2.      NetCE lacks knowledge and information sufficient and/or necessary to
respond to the allegations in Paragraph 2, and so denies these allegations.

3.      In response to Paragraph 3 of the Counterclaims, NetCE admits the
allegations in this Paragraph.

4.      In response to Paragraph 4 of the Counterclaims, NetCE admits it owns valid
copyright registrations in and for seven continuing education articles associated with the
following course topics: The Lymphatic and Immune Systems, Traumatic Brain Injury,
Nonantibiotic Antimicrobial Pharmacology, Cardiovascular Pharmacology,
Gastroesophageal Reflux Disease, Cancer and Chemotherapy, and Depression vs. Dementia
in the Elderly (the "Seven Courses").  NetCE denies any remaining allegations or

2

characterizations against it contained in Paragraph 4.

5.      In response to Paragraph 5 of the Counterclaims, NetCE admits it has accused Elite of violating, and that Elite has violated, federal copyright laws through the publication of seven continuing education articles that are substantially similar to and/or virtually identical to the Seven Courses.  NetCE further admits Elite did not have permission to publish the Seven Courses and that Elite's unauthorized publication of the Seven Courses infringed NetCE's valid and enforceable copyrights in the same.  NetCE denies any remaining allegations or characterizations against it contained in Paragraph 5.

## JURISDICTION AND VENUE

6.      In response to Paragraph 6 of the Counterclaims, NetCE admits this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. ss. 1331, 1337(a), and 1338(a).

7.      In response to Paragraph 7 of the Counterclaims, NetCE admits this Court has the jurisdiction and discretion to declare the rights and other legal relations of the parties in this case pursuant to 28 U.S.C. s. 2201 and Federal Rule of Civil Procedure 57 because an actual and justiciable controversy exists concerning the rights of, and legal relations between, Elite and NetCE.

8.      In response to Paragraph 8 of the Counterclaims, NetCE admits it is subject to personal jurisdiction in this Court.  NetCE admits it markets and sells continuing education courses to Florida residents and in Florida, current and prospective customers, through its website and by mail.  NetCE denies that it offers courses through "an online classroom." NetCE denies any remaining allegations or characterizations against it contained in Paragraph 8.

3

9.      In response to Paragraph 9 of the Counterclaims, NetCE admits venue is proper in this Court.

## FACTUAL BACKGROUND

### The Parties

10.      In response to Paragraph 10 of the Counterclaims, NetCE admits the allegations in this Paragraph.

11.      In response to Paragraph 11 of the Counterclaims, NetCE admits the allegations in this Paragraph.

12.      In response to Paragraph 12 of the Counterclaims. NetCE admits the allegations in this Paragraph.

13.      In response to Paragraph 13 of the Counterclaims, NetCE admits the allegations in this Paragraph.

### Relevant Facts

14.      In response to Paragraph 14 of the Counterclaims, NetCE admits the allegations in this Paragraph.

15.      In response to Paragraph 15 of the Counterclaims, NetCE admits a document purporting to be Elite's original job posting for course writers in the field of nursing is attached to the Counterclaims as Exhibit A.  NetCE lacks knowledge and information sufficient and/or necessary to respond to the remainder of the allegations in Paragraph 15, and so denies these allegations.

16.      In response to Paragraph 16 of the Counterclaims, NetCE admits a document purporting to be a copy of Dr. Jouria's January 26, 2013 response is attached to the Counterclaims as Exhibit B.  NetCE further admits that the quoted language in

Paragraph 16 appears in Exhibit B.  NetCE lacks knowledge and information sufficient and/or necessary to respond to the allegations in Paragraph 16, and so denies these allegations.

17.     In response to Paragraph 17 of the Counterclaims, NetCE admits a document purporting to be correspondence exchanged between Elite and Dr. Jouria is attached to the Counterclaims as Exhibit C.  NetCE further admits that the quoted language in Paragraph 17 appears in Exhibit C.  NetCE lacks knowledge and information sufficient and/or necessary to respond to the allegations in Paragraph 17, and so denies these allegations.

18.     In response to Paragraph 18 of the Counterclaims, NetCE admits a document purporting to be an Independent Contractor Agreement ("ICA") and an "Assignment of Rights in Curriculum" are attached to the Counterclaims as Exhibit D.  NetCE lacks knowledge and information sufficient and/or necessary to respond to the allegations in Paragraph 18, and so denies these allegations.

19.     In response to Paragraph 19 of the Counterclaims, NetCE denies that Dr. Jouria prepared the courses listed in Paragraph 19 pursuant to the ICA.  NetCE admits the courses listed in Paragraph 19 are substantially similar to and/or virtually identical to the Seven Courses Dr. Jouria prepared pursuant to Freelance Writer Agreements executed with NetCE prior to the initiation of Dr. Jouria's relationship with Elite.  NetCE lacks knowledge and information sufficient and/or necessary to respond to any additional allegations in Paragraph 19, and so denies these allegations.

20.     In response to Paragraph 20 of the Counterclaims, NetCE denies the allegations contained in Paragraph 20.  NetCE admits it owns valid and enforceable

copyright registrations for the courses described in Paragraph 19 of the Counterclaims.

21.     In response to Paragraph 21 of the Counterclaims, NetCE admits that the quoted language appears in Exhibit D.  NetCE denies the remainder of the allegations against it in Paragraph 21.

**Actual Controversy**

22.     In response to Paragraph 22 of the Counterclaims, NetCE admits Exhibit E to the Counterclaims is a demand letter it send to Elite dated April 13, 2015.  To the extent this Paragraph calls for a legal conclusion, no response is warranted.  NetCE denies the remainder of the allegations or characterizations against it in Paragraph 22.

23.     In response to Paragraph 23 of the Counterclaims, NetCE admits the quoted language appears in Exhibit E to the Counterclaims.  NetCE admits Elite infringed NetCE's valid and enforceable copyrights in the Seven Courses.

24.     In response to Paragraph 24 of the Counterclaims, NetCE admits it filed third party claims against Elite in the present lawsuit, alleging that Elite infringed NetCE's copyrights and that Elite is liable for tortious interference with contractual relations and misappropriation of trade secrets.  To the extent this Paragraph calls for a legal conclusion, no response is warranted.  NetCE denies the remainder of the allegations or characterizations against it in Paragraph 24.

25.     In response to Paragraph 25 of the Counterclaims, NetCE denies the allegations and characterizations in this Paragraph.  To the extent this Paragraph calls for a legal conclusion, no response is warranted.

26.     In response to Paragraph 26 of the Counterclaims, NetCE denies the allegations and characterizations in this Paragraph.  To the extent this Paragraph calls for a

legal conclusion, no response is warranted.

27.     In response to Paragraph 27 of the Counterclaims, NetCE denies the allegations and characterizations in this Paragraph.  To the extent this Paragraph calls for a legal conclusion, no response is warranted.

28.     In response to Paragraph 28 of the Counterclaims, NetCE denies the allegations and characterizations in this Paragraph.  To the extent this Paragraph calls for a legal conclusion, no response is warranted.

29.     In response to Paragraph 29 of the Counterclaims, NetCE denies the allegations and characterizations in this Paragraph.  To the extent this Paragraph calls for a legal conclusion, no response is warranted.

## **FIRST COUNTERCLAIM**

**Declaratory Judgment of Noninfringement
of "Cardiovascular Pharmacology" Article**

30.     In response to Paragraph 30 of the Counterclaims, to the extent a response is required, NetCE incorporates by references its responses to Paragraphs 1-29.

31.     In response to Paragraph 31 of the Counterclaims, NetCE admits that it has accused Elite of infringing its copyright.  NetCE denies any other allegations or characterizations against it contained in Paragraph 31.

32.     In response to Paragraph 32 of the Counterclaims, NetCE denies the allegations and characterizations in this Paragraph.

33.     In response to Paragraph 33 of the Counterclaims, NetCE admits that a document purporting to be NetCE's copyrighted courses "Cardiovascular Pharmacology" is attached to the Counterclaims as Exhibit F.  NetCE denies any other allegations or characterizations against it contained in Paragraph 33.

34.     In response to Paragraph 34 of the Counterclaims, NetCE admits that a document purporting to be the course Elite published which infringes NetCE's copyright in "Cardiovascular Pharmacology" is attached to the Counterclaims as Exhibit G.  NetCE denies any other allegations or characterizations against it contained in Paragraph 34.

35.     In response to Paragraph 35 of the Counterclaims, NetCE denies the allegations or characterizations against it in this Paragraph.  To the extent this Paragraph calls for a legal conclusion, no response is required.

36.     In response to Paragraph 36 of the Counterclaims, NetCE denies the allegations or characterizations against it in this Paragraph.  To the extent this Paragraph calls for a legal conclusion, no response is required.

## SECOND COUNTERCLAIM

### Declaratory Judgment of Noninfringement of
### "The Lymphatic and Immune Systems" Article

37.     In response to Paragraph 37 of the Counterclaims, to the extent a response is required, NetCE incorporates by references its responses to Paragraphs 1-36.

38.     In response to Paragraph 38 of the Counterclaims, NetCE admits that it has accused Elite of infringing its copyright.  NetCE denies any other allegations or characterizations against it contained in Paragraph 38.

39.     In response to Paragraph 39 of the Counterclaims, NetCE denies the allegations and characterizations in this Paragraph.

40.     In response to Paragraph 40 of the Counterclaims, NetCE denies the allegations or characterizations against it in this Paragraph.  To the extent this Paragraph calls for a legal conclusion, no response is required.

41.     In response to Paragraph 41 of the Counterclaims, NetCE denies the

allegations or characterizations against it in this Paragraph.  To the extent this Paragraph

calls for a legal conclusion, no response is required.

## THIRD COUNTERCLAIM

### Declaratory Judgment of Noninfringement of
### "Traumatic Brain Injury" Article

42.      In response to Paragraph 42 of the Counterclaims, to the extent a response

is required, NetCE incorporates by references its responses to Paragraphs 1-41.

43.      In response to Paragraph 43 of the Counterclaims, NetCE admits that it has

accused Elite of infringing its copyright.  NetCE denies any other allegations or

characterizations against it contained in Paragraph 43.

44.      In response to Paragraph 44 of the Counterclaims, NetCE denies the

allegations and characterizations in this Paragraph.

45.      In response to Paragraph 45 of the Counterclaims, NetCE denies the

allegations or characterizations against it in this Paragraph.  To the extent this Paragraph

calls for a legal conclusion, no response is required.

46.      In response to Paragraph 46 of the Counterclaims, NetCE denies the

allegations or characterizations against it in this Paragraph.  To the extent this Paragraph

calls for a legal conclusion, no response is required.

## FOURTH COUNTERCLAIM

### Declaratory Judgment of Noninfringement of
### "Nonantibiotic Antimicrobial Pharmacology" Article

47.      In response to Paragraph 47 of the Counterclaims, to the extent a response

is required, NetCE incorporates by references its responses to Paragraphs 1-46.

48.      In response to Paragraph 38 of the Counterclaims, NetCE admits that it has

accused Elite of infringing its copyright.  NetCE denies any other allegations or characterizations against it contained in Paragraph 48.

49.     In response to Paragraph 49 of the Counterclaims, NetCE denies the allegations and characterizations in this Paragraph.

50.     In response to Paragraph 40 of the Counterclaims, NetCE denies the allegations or characterizations against it in this Paragraph.  To the extent this Paragraph calls for a legal conclusion, no response is required.

51.     In response to Paragraph 41 of the Counterclaims, NetCE denies the allegations or characterizations against it in this Paragraph.  To the extent this Paragraph calls for a legal conclusion, no response is required.

## FIFTH COUNTERCLAIM

### Declaratory Judgment of Noninfringement of "Gastroesophageal Reflux Disease" Article

52.     In response to Paragraph 52 of the Counterclaims, to the extent a response is required, NetCE incorporates by references its responses to Paragraphs 1-51.

53.     In response to Paragraph 53 of the Counterclaims, NetCE admits that it has accused Elite of infringing its copyright.  NetCE denies any other allegations or characterizations against it contained in Paragraph 53.

54.     In response to Paragraph 54 of the Counterclaims, NetCE denies the allegations and characterizations in this Paragraph.

55.     In response to Paragraph 55 of the Counterclaims, NetCE denies the allegations or characterizations against it in this Paragraph.  To the extent this Paragraph calls for a legal conclusion, no response is required.

56.     In response to Paragraph 56 of the Counterclaims, NetCE denies the

allegations or characterizations against it in this Paragraph.  To the extent this Paragraph

calls for a legal conclusion, no response is required.

## SIXTH COUNTERCLAIM

### Declaratory Judgment of Noninfringement of
### "Cancer and Chemotherapy" Article

57.      In response to Paragraph 57 of the Counterclaims, to the extent a response

is required, NetCE incorporates by references its responses to Paragraphs 1-56.

58.      In response to Paragraph 58 of the Counterclaims, NetCE admits that it has

accused Elite of infringing its copyright.  NetCE denies any other allegations or

characterizations against it contained in Paragraph 58.

59.      In response to Paragraph 59 of the Counterclaims, NetCE denies the

allegations and characterizations in this Paragraph.

60.      In response to Paragraph 60 of the Counterclaims, NetCE denies the

allegations or characterizations against it in this Paragraph.  To the extent this Paragraph

calls for a legal conclusion, no response is required.

61.      In response to Paragraph 61 of the Counterclaims, NetCE denies the

allegations or characterizations against it in this Paragraph.  To the extent this Paragraph

calls for a legal conclusion, no response is required.

## SEVENTH COUNTERCLAIM

### Declaratory Judgment of Noninfringement of
### "Depression vs. Dementia in the Elderly" Article

62.      In response to Paragraph 62 of the Counterclaims, to the extent a response

is required, NetCE incorporates by references its responses to Paragraphs 1-61.

63.      In response to Paragraph 63 of the Counterclaims, NetCE admits that it has

accused Elite of infringing its copyright.  NetCE denies any other allegations or characterizations against it contained in Paragraph 63.

63. 64.    In response to Paragraph 64 of the Counterclaims, NetCE denies the allegations and characterizations in this Paragraph.

65.    In response to Paragraph 65 of the Counterclaims, NetCE denies the allegations or characterizations against it in this Paragraph.  To the extent this Paragraph calls for a legal conclusion, no response is required.

66.    In response to Paragraph 66 of the Counterclaims, NetCE denies the allegations or characterizations against it in this Paragraph.  To the extent this Paragraph calls for a legal conclusion, no response is required.

67.    NetCE denies any and all allegations in this Complaint to which it has not offered an explicit admission.

68.    WHEREFORE, NetCE prays that Elite is not granted any of the relief it requested in the Counterclaims, or otherwise, that this Court dismiss the Counterclaims with prejudice and NetCE granted its costs, including but not limited to its reasonable attorneys' fees.

## AFFIRMATIVE DEFENSES TO THIRD PARTY CLAIMS

### First Affirmative Defense

*Failure to State Claim*.  Elite has failed to state claims upon which relief may be granted.

### Second Affirmative Defense

*Unclean Hands*.  Elite's purported claims against NetCE are barred by the doctrine of laches, estoppel, and/or unclean hands.

### Third Affirmative Defense

*Declaration of Ownership*.  NetCE owned the copyrights—and the full rights of reproduction, creation and manufacture, derivative works, display, distribution, sale, and performance implicated therein—to each and all of the articles Dr. Jouria produced and submitted to NetCE, as governed by all agreements Dr. Jouria executed with NetCE. NetCE's ownership is governed by the work-for-hire doctrine as well as the explicit terms of the contracts executed between Dr. Jouria and NetCE.

### Fourth Affirmative Defense

*Enforceable Copyrights*. NetCE possesses enforceable copyrights against Dr. Jouria and Elite.

### Fifth Affirmative Defense

*Declaration of substantial similarity*.  The articles that Dr. Jouria submitted to third parties, including Elite, and that Elite ultimately published without NetCE's consent were virtually identical or substantially similar to articles to which NetCE had ownership rights.

### Sixth Affirmative Defense

*Copyrightable subject matter*. The material copied by Dr. Jouria and submitted to third parties, including Elite, without NetCE's permission was copyrightable subject matter.

### Seventh Affirmative Defense

*Derivative works*. To the extent the works Dr. Jouria submitted to third parties, including Elite, and that Elite ultimately published. without NetCE's permission are considered and/or deemed derivative works, Dr. Jouria lacked the permission and/or legal right under U.S. Copyright Law and the contracts he executed with NetCE to produce derivative works of NetCE-owned articles.

13

### Eighth Affirmative Defense

*Not in Public Domain*. NetCE's asserted copyrights are not in the public domain.

### Ninth Affirmative Defense

*Not Fair Use*. Dr. Jouria's (and third parties', including Elite's) use of NetCE's asserted copyrights is not excused by fair use, as defined by 17 U.S.C. § 107.

### Tenth Affirmative Defense

*No Joint Authorship*. Neither Dr. Jouria nor Elite are the author or joint author for the infringed works.

Dated: August 14, 2017

Respectfully submitted,

HOLLAND & KNIGHT LLP

/s/ Philip E. Rothschild
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

/s/ John P. Kern
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Jessica E. Lanier, Esq. (pro hac vice)
Email: Jessica.Lanier@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC.
d/b/a
CME RESOURCE and NetCE

<u>**CERTIFICATE OF SERVICE**</u>

  I HEREBY CERTIFY that on August 14, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

               <u>/s/ Philip E. Rothschild</u>
               Philip E. Rothschild

<u>**SERVICE LIST**</u>

Richard S. Ross, Esq.
4801 S. University Drive
Suite 237
Fort Lauderdale, FL 33328
Email:  prodp@ix.netcom.com
*Attorneys for Plaintiff Dr. Jassin Jouria*
*[VIA E-MAIL]*

Peter A. Chiabotti, Esq.
Akerman LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Email: peter.chiabotti@akerman.com
*Attorneys for Elite Continuing Education, Inc.*
*[VIA E-MAIL]*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Email:  markwilson@mvalaw.com; katecole@mvalaw.com
*Attorneys for Elite Continuing Education, Inc.*
*[VIA E-MAIL]*