UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  15-61165-CIV-DIMITROULEAS/Snow

DR. JASSIN JOURIA,

        Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC., d/b/a CME Resource and
NetCE,

        Defendant/Counter-Plaintiff/Third Party Plaintiff,

v.

ALPINE MANAGEMENT SERVICES III, LLC, and
ELITE CONTINUING EDUCATION, INC.

        Third Party Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Compel Against CE Resources, Inc.  (ECF No. 89) which was referred to Lurana S. Snow, United States Magistrate Judge.  The motion is ripe for consideration and a hearing was held before the undersigned.  This Order memorializes the Court's ruling from the bench.

On June 2, 2015, Plaintiff Jassin Jouria, filed this action for declaratory judgment of non-infringement of alleged copyrights against NetCE, a California corporation for which Dr. Jouria provided medical research and writing services pursuant to contract.  NetCE threatened litigation when Dr. Jouria utilized the same research to prepare new articles which he sold to a third party.  (ECF No. 1)  On October 6, 2015, NetCE filed its counterclaim alleging copyright infringement, breach of contract, and unfair business practices under California law.  (ECF No. 10)  On the same date, NetCE moved to dismiss the complaint and transfer venue to the Eastern District of California.  (ECF No. 11)  On October 23, 2015, Dr. Jouria notified the Court that he had filed for bankruptcy protection, and on October 26, 2015, the Court stayed this action.  (ECF Nos. 17, 18)  The stay was

lifted on June 15, 2016, after Dr. Jouria notified the Court that his bankruptcy petition had been dismissed.  (ECF Nos. 24, 25).

On October 21, 2016, NetCE, with leave of court, filed an amended answer, counterclaim and its third party complaint against Alpine Management Services and Elite Continuing Education.  (ECF No. 36)  Both third party defendants moved to dismiss.  (ECF Nos. 41, 43).  On January 11, 2017, the Court again stayed the case owing to Dr. Jouria's second bankruptcy filing. Ultimately, on April 21, 2017, the bankruptcy stay was lifted, and on the same date, NetCE voluntarily dismissed its third party complaint against Alpine Management Services.  (ECF Nos. 63, 64)

The instant motion concerns NetCE's response to Plaintiff's First Set of Interrogatories and First Request for Production of Documents.  Plaintiff contends that NetCE made general objections, including objections based upon privilege without serving a privilege log, which improperly attach to all of its responses.  Additionally, Plaintiff complains that NetCE's responses to Interrogatories 6, 9, and 10 seeking information relating to NetCE's analysis of similarity between works submitted by Plaintiff to Defendant and works and works submitted by Plaintiff to third party defendant Elite Continuing Education, as well as any similar analysis between works submitted by Plaintiff to Defendant and published works of Elite, were not fully responsive in that Defendant responded only with respect to similarities between Plaintiff's works and Elite's published works. Finally, Plaintiff objects that NetCE produced electronically stored information (ESI) on thumb drives without identifying which documents are responsive to each request.

At the hearing NetCE agreed to withdraw its general objections, which it asserts were raised in light of the fact that its production has been on a rolling basis and it was not possible to be more specific until production was complete.  Now that production is virtually complete, NetCE has identified approximately 1,000 documents which it is withholding on the basis of privilege and now is in a position to produce a privilege log.  As for Interrogatories 6, 9 and 10, Plaintiff represented

to the Court that it will be satisfied with a response from NetCE indicating that it did not, because it could not undertake, a pre-suit comparison of works submitted by Plaintiff to it and works submitted by Plaintiff to Elite.  With respect to its production of documents, Plaintiff objects that NetCE failed to identify which documents are responsive to each individual request.  However, NetCE contends that the documents were produced as they are kept in the usual course of business in compliance with Fed.R.Civ.P. 34.  Being fully advised, it is hereby

ORDERED AND ADJUDGED that Plaintiff's motion to compel (ECF No. 89) is GRANTED, in part, as follows:

1.  NetCE shall, on or before August 31, 2017, serve an amended response to Plaintiff's First Set of Interrogatories, which shall not incorporate general objections and which shall make clear that it did not undertake a pre-suit comparison of works submitted by Plaintiff to it and works submitted by Plaintiff to Elite.

2.  NetCE shall, on or before September 25, 2017, produce a privilege log.  The parties may, but are not required to, reach an agreement limiting the types of privileged documents which must be logged.

3.  The Court defers ruling on whether NetCE's must identify which documents it produced are responsive to each request so that the parties may brief the issue.   The parties shall, on or before August 31, 2017, file with the Court a memorandum, not to exceed 10 pages, briefing the issue of what constitutes "the usual course of business" for purposes of Rule 34.

4.  NetCE shall pay the fees Plaintiff incurred in having to bring the instant motion. If the parties are unable to agree on an amount, Plaintiff may file a motion detailing the amount sought which complies with S.D. Local Rule 7.3 and NetCE may respond to the motion.

DONE AND ORDERED at Fort Lauderdale, Florida, this 29th day of August, 2017.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record and Pro Se Parties

3