UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)

CASE NO.:15-61165-CIV-DIMITROULEAS

DR. JASSIN JOURIA

    Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

    Third Party Defendant.
_____/

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO DEFENDANT**

    Pursuant to Fed.R.Civ.P. 34, Plaintiff, Dr. Jassin Jouria ("Plaintiff"), hereby serves the following requests for production of documents and things upon Defendant, CE RESOURCE, INC. d/b/a CME RESOURCE and NetCE ("Defendant"), which Defendant shall produce responsive documents to the undersigned within the time prescribed by the applicable Federal Rules of Civil Procedure.

**DEFINITIONS AND INSTRUCTIONS**

1.     The word Defendant shall mean, all parent, subsidiary and affiliated companies or divisions of, Defendant's predecessors in interest, all of Defendant's past and present directors, officers, employees, agents, or representatives of any of them, as well as all other persons

   acting or purporting to act on Defendant's behalf.

2.  The word "person" shall mean any person and includes natural person, corporations, partnerships, associations, joint ventures, firms and other enterprises or legal entities, and includes both the singular and plural, the masculine and the feminine.

3.  The word "files" shall mean all methods of arranging or storing papers, records, documents or other recordings of data whether contained in folders, cabinets or other containers, whether recorded on magnetic cards, tapes or discs, or any other media, which are or have been maintained by Defendant or on its behalf for preservation or reference.

4.  The word "communication" shall mean any oral statement, dialogue, colloquy, discussion, correspondence or conversation, and also means any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by electrical or similar means.

5.  The words "document" or "documents" "paper" or "papers" shall mean the original, or, if the original is not available, then a copy, and each copy or draft of all written, printed, typed, reported, recorded or graphic matter, and all photographic matters or sound reproduction tapes, records or other devices, however produced or reproduced, now or formerly within Defendant actual or constructive possession, custody or control or of which has knowledge. "Document" or "documents" shall also include, but is not limited to all correspondence, telegraphs, telexes, cables, telephone records, memoranda, memoranda of telephone conversations or meetings, reports tests, samples, studies, compilations of data, filings, records, charts, lists, analyses, graphs, diagrams, drawings, tables, schedules, cost estimates, worksheets, books, expenses, reports, reports pertaining to visits or telephone calls to

      consultants, labor organizations, or suppliers; notebooks, diaries, calendars, books of account, ledgers, journals and financial statements, other financial records, audits, profit and loss statements, annual reports, state and federal tax returns, checkbooks, cancelled checks, personnel files, payroll records, billings, invoices or statements, price lists, price quotations, credit memoranda, purchase orders, receipts, all press releases, photographs, newspaper clippings, handbills or written advertisements, all contracts or agreements and any drafts, copies or reproductions of the foregoing, and any intracompany drafts of the foregoing upon which notations in writing have been made which do not appear on the originals. Without limitation the term "control" as used in the preceding sentences, a document is deemed to be in the control of Defendant if Defendant has have the right to secure the document or a copy thereof.

6. If any document requested was, but is no longer in Defendant's possession or subject to Defendant's control as defined herein, state what disposition was made of it, and the date or dates, or approximate date or dates, on which such disposition was made.

7. The word "produce" means to make available the documents requested herein for inspection and copying and to separate such documents into categories set forth in this request if Defendant declines to produce any documents requested hereinafter on the basis of any asserted privilege, at the time of production please provide Plaintiff with the following information pertaining to such documents:

I. Its date, or if not dated, the date it was prepared or received;

ii. The type of document, for example, letter, memorandum;

iii. The author and addressee;

iv. Its present location;

v. The identity of the person or person presently the custodian or custodians thereof;

vi. A general description of its contents;

vii. The identify of each person who received a copy of such document and the relationship to Defendant;

viii. Whether such documents contain or relate to facts or opinions, or both;

ix. The nature of the privilege, for example work product or attorney/client that Defendant claims with respect to such documents.

## DOCUMENTS TO BE PRODUCED

1. Every Freelance Writer Agreement ("FWA"), as that term is used in Para. 22, 34-35 of the Amended Counterclaim ("ACC"), between Plaintiff and Defendant, including those not at issue in this matter.

2. A copy of all works submitted by Plaintiff to Defendants.

3. A copy of all documents relating to approval or non-approval of publication of works submitted by Plaintiff to Defendant.

4. A copy of all of Defendant's publications based in whole or in part on any of Plaintiff's works.

5. A copy of all payments made by Defendant to Plaintiff.

6. For each work submitted by Plaintiff to Defendant, a copy of all documents relating to the process that Defendant engaged in from the time when the works were submitted by Plaintiff to actual publication, in furtherance of publication or non-publication of each work.

7. A complete copy of all copyright applications referenced in Para. 25 of the ACC.

8. A complete copy of all registrations issuing from applications referenced in Para. 25 of the ACC.

9. A copy of the complete deposit specimens supporting the copyright applications referenced in Para. 25 of the ACC.

10. A copy of all documents relating to the due diligence Defendant undertook prior to filing suit to determine that the works submitted to it by Plaintiff, were identical or substantially similar to the works Plaintiff allegedly submitted to Elite Continuing Education, Inc. ("Elite").

11. A copy of all documents including correspondence that Defendant received from and/or sent to Plaintiff, related to the works he submitted to Defendant under the FWAs.

12. A copy of all documents related to the iThenticate search or searches Defendant undertook as alleged in Para. 55 of the ACC.

13. A copy of all documents related to any iThenticate program search between the works Plaintiff submitted to Defendant, and the works Defendant alleges Plaintiff submitted to Elite or comparing Plaintiff's works submitted to Defendant with any of Elite's publications.

14. All documents that support Defendant's contention that the works Plaintiff submitted to Elite are identical or substantially similar to the works Plaintiff submitted to Defendant.

15. All documents that support Defendant's contention that Elite's publications are identical or substantially similar to the works Plaintiff submitted to Defendant.

16. A copy of all documents related to Defendant's allegation that Defendant was not able to use Plaintiff's works' "content" as alleged in Para. 65 of the ACC, including documents related to why Defendant contends it was not able to use such content.

17. A copy of all documents related to any damages Defendant alleges and will seek against

Plaintiff.

18. Any and all of the Defendant's intraoffice correspondence, letters, notes, memos, or documents of any kind or nature concerning, referencing, passing upon, evidencing, or in any way connected with the allegations made in the ACC by Defendant against Plaintiff and/or Elite.

Respectfully submitted,

/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on June 2, 2017, I electronically served the foregoing document on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

              s/Richard S. Ross
              Richard S. Ross, Esq.

SERVICE LIST
Dr. Jassin Jouria v. CE Resource, et al.
Case No.: 15-61165-CIV-DIMITROULEAS
United States District Court, Southern District of Florida
(Ft. Lauderdale Division)

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: E mail
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: E mail
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: E Mail
*(Attorneys for Elite Continuing Education, Inc.)*


J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: E mail
*(Attorneys for Elite Continuing Education, Inc.)*