**EXHIBIT 1**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA

      Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

      Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

      Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

      Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

      Defendant/Third Party Plaintiff,

v.

Elite Continuing Education, Inc. and Alpine
Management Services III, LLC,

      Third Party Defendants.

_____/

**DEFENDANT, COUNTER-PLAINTIFF, AND THIRD PARTY PLAINTIFF NETCE's**
**FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF AND COUNTER-**

## <u>DEFENDANT DR. JASSIN JOURIA'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS</u>

Pursuant to Federal Rules of Civil Procedure 26 and 34, and as directed by Magistrate Judge Snow's Order (hearing on August 24, 2017, written order issued August 29, 2017), Defendant/Counter-Plaintiff/Third Party Plaintiff CE Resources, Inc. ("NetCE") hereby supplements its original responses to Plaintiff and Counter-Defendant Dr. Jassin Jouria's First Set of Requests for Production of Documents and Things.

### <u>PRELIMINARY STATEMENT</u>

NetCE's discovery, internal investigation, and preparation for trial is ongoing and has not been completed at the time of this response. The responses set forth below are based solely upon such information as is presently known to NetCE. Further discovery and investigation may reveal additional facts and evidence not presently known to NetCE and upon which NetCE may rely at the time of trial. NetCE specifically reserves the right at the time of trial to introduce evidence from any source which hereafter may be discovered and testimony from any witness whose identity may hereafter be discovered. If any information has unintentionally been omitted from these responses, NetCE reserves the right to rely upon and to present as evidence at trial such additional information as may be discovered and/or developed by Plaintiff and/or NetCE's attorneys during the course of this litigation.

### <u>SPECIFIC OBJECTIONS AND RESPONSES</u>

**<u>Request for Production No. 1</u>:**

Every Freelance Writer Agreement ("FWA"), as that term is used in Para. 22, 34-35 of the Amended Counterclaim ("ACC"), between Plaintiff and Defendant, including those not at issue in this matter.

**<u>First Supplemental Response to Request for Production No. 1</u>:**

NetCE has produced the ten (10) FWAs responsive to this Request.

**Request for Production No. 2:**

A copy of all works submitted by Plaintiff to Defendants.

**First Supplemental Response to Request for Production No. 2:**

Subject to terms of the effective confidentiality agreement between the parties—NetCE has produced non-privileged documents responsive to this Request that are in its possession, custody, and control.

**Request for Production No. 3:**

A copy of all documents relating to approval or non-approval of publication of works submitted by Plaintiff to Defendant.

**First Supplemental Response to Request for Production No. 3:**

Subject to terms of the effective confidentiality agreement between the parties—NetCE has produced non-privileged documents responsive to this Request that are in its possession, custody, and control.

**Request for Production No. 4:**

A copy of all of Defendant's publications based in whole or in part on any of Plaintiff's works.

**First Supplemental Response to Request for Production No. 4:**

NetCE has produced non-privileged documents responsive to this Request that are in its possession, custody, and control.

**Request for Production No. 5:**

A copy of all payments made by Defendant to Plaintiff.

**First Supplemental Response to Request for Production No. 5:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control.

**Request for Production No. 6:**

For each work submitted by Plaintiff to Defendant, a copy of all documents relating to the process that Defendant engaged in from the time when the works were submitted by Plaintiff to actual publication, in furtherance of publication or non-publication of each work.

**First Supplemental Response to Request for Production No. 6:**

Subject to terms of the effective confidentiality agreement between the parties—NetCE has produced non-privileged documents responsive to this Request that are in its possession, custody, and control.

**Request for Production No. 7:**

A complete copy of all copyright applications referenced in Para. 25 of the ACC.

**First Supplemental Response to Request for Production No. 7:**

Subject to terms of the effective confidentiality agreement between the parties—NetCE has produced non-privileged documents responsive to this Request that are in its possession, custody, and control.

**Request for Production No. 8:**

A complete copy of all registrations issuing from applications referenced in Para. 25 of the ACC.

**First Supplemental Response to Request for Production No. 8:**

NetCE has produced non-privileged documents responsive to this Request that are in its possession, custody, and control.


**Request for Production No. 9:**

A copy of the complete deposit specimens supporting the copyright applications referenced in Para. 25 of the ACC.

**First Supplemental Response to Request for Production No. 9:**

Subject to terms of the effective confidentiality agreement between the parties—NetCE has produced non-privileged documents responsive to this Request that are in its possession, custody, and control.


**Request for Production No. 10:**

A copy of all documents relating to the due diligence Defendant undertook prior to filing suit to determine that the works submitted to it by Plaintiff, were identical or substantially similar to the works Plaintiff allegedly submitted to Elite Continuing Education, Inc. ("Elite").

**First Supplemental Response to Request for Production No. 10:**

Subject to terms of the effective confidentiality agreement between the parties—NetCE has produced non-privileged documents responsive to this Request that are in its possession,

custody, and control.

**Request for Production No. 11:**

A copy of all documents including correspondence that Defendant received from and/or sent to Plaintiff, related to the works he submitted to Defendant under the FWAs.

**First Supplemental Response to Request for Production No. 11:**

Subject to terms of the effective confidentiality agreement between the parties—NetCE has produced non-privileged documents responsive to this Request that are in its possession, custody, and control

**Request for Production No. 12:**

A copy of all documents related to the iThenticate search or searches Defendant undertook as alleged in Para. 55 of the ACC.

**First Supplemental Response to Request for Production No. 12:**

Subject to terms of the effective confidentiality agreement between the parties—NetCE has produced non-privileged documents responsive to this Request that are in its possession, custody, and control.

**Request for Production No. 13:**

A copy of all documents related to any iThenticate program search between the works Plaintiff submitted to Defendant, and the works Defendant alleges Plaintiff submitted to Elite or comparing Plaintiff's works submitted to Defendant with any of Elite's publications.

**First Supplemental Response to Request for Production No. 13:**

Subject to terms of the effective confidentiality agreement between the parties—NetCE

has produced non-privileged documents responsive to this Request that are in its possession, custody, and control.


**Request for Production No. 14:**

All documents that support Defendant's contention that the works Plaintiff submitted to Elite are identical or substantially similar to the works Plaintiff submitted to Defendant.

**First Supplemental Response to Request for Production No. 14:**

Subject to terms of the effective confidentiality agreement between the parties—NetCE has produced non-privileged documents responsive to this Request that are in its possession, custody, and control.


**Request for Production No. 15:**

All documents that support Defendant's contention that Elite's publications are identical or substantially similar to the works Plaintiff submitted to Defendant.

**First Supplemental Response to Request for Production No. 15**

Subject to terms of the effective confidentiality agreement between the parties—NetCE has produced non-privileged documents responsive to this Request that are in its possession, custody, and control.


**Request for Production No. 16:**

A copy of all documents related to Defendant's allegation that Defendant was not able to use Plaintiff's works' "content" as alleged in Para. 65 of the ACC, including documents related to why Defendant contends it was not able to use such content.

**<u>First Supplemental Response to Request for Production No. 16</u>:**

Subject to terms of the effective confidentiality agreement between the parties—NetCE has produced non-privileged documents responsive to this Request that are in its possession, custody, and control.

**<u>Request for Production No. 17</u>:**

A copy of all documents related to any damages Defendant alleges and will seek against Plaintiff.

**<u>First Supplemental Response to Request for Production No. 17</u>:**

Subject to terms of the effective confidentiality agreement between the parties—NetCE has produced non-privileged documents responsive to this Request that are in its possession, custody, and control.

**<u>Request for Production No. 18</u>:**

Any and all of the Defendant's intraoffice correspondence, letters, notes, memos, or documents of any kind or nature concerning, referencing, passing upon, evidencing, or in any way connected with the allegations made in the ACC by Defendant against Plaintiff and/or Elite.

**<u>First Supplemental Response to Request for Production No. 18</u>:**

Subject to terms of the effective confidentiality agreement between the parties—NetCE has produced non-privileged documents responsive to this Request that are in its possession, custody, and control.

Dated:  August 30, 2017

Respectfully submitted,

HOLLAND & KNIGHT LLP

/s/ Philip E. Rothschild
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

/s/ John P. Kern
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Jessica E. Lanier, Esq. (pro hac vice)
Email: Jessica.Lanier@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC.
d/b/a
CME RESOURCE and NetCE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 30, 2017, a copy of the foregoing document has been served via email or U.S. mail on the following:

Richard S. Ross, Esq.
4801 S. University Drive
Suite 237
Fort Lauderdale, FL 33328
Email: prodp@ix.netcom.com
*Attorneys for Plaintiff Dr. Jassin Jouria*
**[VIA U.S. MAIL and E-MAIL]**

Peter A. Chiabotti, Esq.
Akerman LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Email: peter.chiabotti@akerman.com
*Attorneys for Elite Continuing Education, Inc.*
**[VIA U.S. MAIL]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Email: markwilson@mvalaw.com; katecole@mvalaw.com
*Attorneys for Elite Continuing Education, Inc.*
**[VIA U.S. MAIL]**

/s/Philip E. Rothschild
Philip E. Rothschild

**EXHIBIT 2**

On 8/14/2017 12:32 PM, Jessica.Lanier@hklaw.com wrote:

Richard:

That is incorrect. A review of our email history will demonstrate the same.

As a courtesy, we asked you how you would like us to produce documents to you. You indicated PDF on a flash drive, and we complied. We never said we wanted documents produced to us in this format. In fact, our requested format is specified in great detail in our Requests for Production.

Our request--our entitlement--that you separate individual documents into individual PDFs is not a request to make individual PDFs of every sheet or page. No reasonable interpretation of our prior correspondence suggests otherwise. Our request is that you separate documents (for example, a contract or an email chain) into individual PDFs. This is a simple request, and you are obligated to comply.

Whether it is technically possible to open the documents is irrelevant: the documents were not produced in our requested format.

Jesse

**Jessica Lanier | Holland & Knight**
Associate
Holland & Knight LLP
50 California Street, Suite 2800 | San Francisco, CA 94111
Phone 415.743.6923 | Fax 415.743.6910
jessica.lanier@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**EXHIBIT 3**

# Holland & Knight

50 California Street, Suite 2800 | San Francisco, CA 94111 | T 415.743.6900 | F 415.743.6910
Holland & Knight LLP | www.hklaw.com

Jessica E. Lanier
(415) 743-6923
jessica.lanier@hklaw.com

July 17, 2017

*Via E-mail (prodp@ix.netcom.com)*

Richard S. Ross, Esq.
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301

Re: **Outstanding Discovery Issues from Meet-and-Confer**

Dear Richard:

Thank you for participating in last week's meet-and-confer call.

As we explained then, we are still hard at work producing, on a rolling basis, the documents responsive to your document requests—that process forges ahead irrespective of any disputes or agreements we have on how to handle some of the other logistical issues. With respect to the specific issues you raised during the meet-and-confer call, I would like to address them one at a time:

**1.     Petitioning the Court re: Our Discovery Responses and Production Deadlines**. You requested NetCE file an Unopposed Motion to Extend Time regarding its production of documents and its drafting and serving of supplemental discovery responses, and we understand you are mindful of avoiding waiver of your opportunity to file a Motion to Compel.

While we appreciate your concern, we disagree there is any need to involve the Court at this early stage. In fact, we believe the Court sincerely desires for the parties and their counsel to work out these matters themselves, and through stipulation where possible. We gladly will stipulate that the 30-day deadline under the Local Rules for filing a Motion to Compel will not begin running for the purposes of our production to you until the day the last batch of documents is produced *or* we have announced to you we no longer intend to produce documents or supplemental responses. We are not yet there.

**2.     The Index.**  During our meet-and-confer call, you requested an index that itemized documents responsive to each request. Our further review of the Local Rules does not require us

Anchorage | Atlanta | Austin | Boston | Chicago | Dallas | Denver | Fort Lauderdale | Jacksonville | Lakeland | Los Angeles | Miami
New York | Northern Virginia | Orlando | Portland | San Francisco | Tallahassee | Tampa | Washington, D.C. | West Palm Beach

Richard S. Ross, Esq.
July 17, 2017
Page 2

to create such an index, and, in fact, in this case it would extremely burdensome and onerous for us to do so.

Local Rule 26.1(e)(5) states: "The documents, electronically stored information, or things should be referenced to specific paragraphs of a request for production *where practicable, unless the producing party exercises its option under Federal Rule of Civil Procedure 34(b) to produce documents as they are kept in the usual course of business.* The party producing documents in response to a request for production has an obligation to explain the general scheme of record-keeping to the inspecting party. The objective is to acquaint the inspecting party generally with how and where the documents, electronically stored information, or things are maintained." (emphasis added).

The documents produced to you in Document Productions 1 and 2 are scans of physical paper documents maintained by NetCE in the course development process. These paper documents constitute the contents of ten (10) binders—one binder corresponding to each course your client submitted to NetCE pursuant to the Freelance Writer Agreements. These paper documents were produced to you in the order in which they appear in each binder. Once you begin reviewing documents (on our July 14th call, you indicated you had not yet begun doing so), this will become apparent. We are currently finalizing production(s) of electronically stored information. Once that information is produced to you, we will explain how that information was stored and organized and how it has been produced. These disclosures meet our obligations under Local Rule 26.1(e)(5).

3. **Creation and Production of a Privilege Log**. We agree, of course, that you have the right to a privilege log. We are in the process of sequestering privileged and responsive documents and agree to meet-and-confer with you on the creation of a log of such documents when we have a better sense of the size and nature of the set.

4. **Document Production Status**. Our document review and production is nearing completion, and we have already produced almost 2,000 pages of responsive materials. We have agreed, and reaffirm here, that we will supplement our written responses to your requests for production and interrogatories, and we agree to do so within seven (7) calendar days of making our final production of documents. Such supplementations will include (i) updated objections and (ii) additional substantive information we have learned through the review of documents, as applicable. To continuously supplement our written responses before such time is inefficient and unnecessarily costly.

Richard S. Ross, Esq.
July 17, 2017
Page 3


We look forward to your response,


Jesse Lanier

**COMPOSITE EXHIBIT 4**



## Netce001 Prod from NetCE Properties

| General | Sharing | Security | Previous Versions | Customize |

Netce001 Prod from NetCE

Type:             File folder

Location:         C:\Users\Richard Ross\Desktop\Jouria

Size:             1.52 GB (1,640,621,645 bytes)

Size on disk:     1.52 GB (1,641,115,648 bytes)

Contains:         239 Files, 0 Folders

Created:          Thursday, July 20, 2017, 4:46:39 PM

Attributes:       ☑ Read-only (Only applies to files in folder)

                  ☐ Hidden          Advanced...

OK          Cancel          Apply



## Netce002 Prod from NetCE Properties

| General | Sharing | Security | Previous Versions | Customize |
| --- | --- | --- | --- | --- |



Netce002 Prod from NetCE

Type:            File folder

Location:        C:\Users\Richard Ross\Desktop\Jouria

Size:            952 MB (998,723,551 bytes)

Size on disk:    952 MB (999,043,072 bytes)

Contains:        157 Files, 0 Folders

Created:         Thursday, July 20, 2017, 2:01:04 PM

Attributes:      ■ Read-only (Only applies to files in folder)

                 ☐ Hidden            Advanced...

OK          Cancel          Apply

**COMPOSITE EXHIBIT 5**

 **Netce003 Prod from NetCE Properties**                    ⌧

| General | Sharing | Security | Previous Versions | Customize |

Netce003 Prod from NetCE

Type:           File folder

Location:       C:\Users\Richard Ross\Desktop\Jouria

Size:           157 MB (164,769,549 bytes)

Size on disk:   157 MB (165,007,360 bytes)

Contains:       130 Files, 0 Folders

Created:        Thursday, July 20, 2017, 4:43:55 PM

Attributes:     ■ Read-only (Only applies to files in folder)

                ☐ Hidden            Advanced...

OK            Cancel            Apply

**Netce004 Prod from NetCE Properties** ⌧

| General | Sharing | Security | Previous Versions | Customize |
|---|---|---|---|---|

Netce004 Prod from NetCE

Type:     File folder

Location:     C:\Users\Richard Ross\Desktop\Jouria

Size:     168 MB (177,167,940 bytes)

Size on disk:     169 MB (177,528,832 bytes)

Contains:     179 Files, 1 Folders

Created:     Thursday, July 27, 2017, 8:10:22 AM

Attributes:     ☑ Read-only (Only applies to files in folder)

    ☐ Hidden     Advanced...

OK     Cancel     Apply

## Netce005 Prod form NetCE Properties

| General | Sharing | Security | Previous Versions | Customize |

Netce005 Prod form NetCE

Type:      File folder

Location:      C:\Users\Richard Ross\Desktop\Jouria

Size:      2.28 GB (2,457,609,032 bytes)

Size on disk:      2.28 GB (2,458,402,816 bytes)

Contains:      392 Files, 3 Folders

Created:      Wednesday, August 02, 2017, 3:04:16 PM

Attributes:      ☑ Read-only (Only applies to files in folder)

☐ Hidden      Advanced...

OK      Cancel      Apply

**Netce006 Prod from NetCE Properties**

| General | Sharing | Security | Previous Versions | Customize |

Netce006 Prod from NetCE

Type:           File folder

Location:       C:\Users\Richard Ross\Desktop\Jouria

Size:           1.27 GB (1,365,780,744 bytes)

Size on disk:   1.27 GB (1,366,904,832 bytes)

Contains:       572 Files, 7 Folders

Created:        Friday, August 11, 2017, 4:15:49 PM

Attributes:     ■ Read-only (Only applies to files in folder)

                ☐ Hidden            Advanced...

OK        Cancel        Apply

## NETce007 Prod from NetCE Properties

| General | Sharing | Security | Previous Versions | Customize |

NETce007 Prod from NetCE

Type: File folder

Location: C:\Users\Richard Ross\Desktop\Jouria

Size: 2.88 GB (3,098,046,266 bytes)

Size on disk: 2.88 GB (3,098,955,776 bytes)

Contains: 454 Files, 4 Folders

Created: Wednesday, August 23, 2017, 3:34:15 PM

Attributes: ☑ Read-only (Only applies to files in folder)

☐ Hidden        Advanced...

OK        Cancel        Apply

# NETce008 Prod from NetCE Properties

| General | Sharing | Security | Previous Versions | Customize |



NETce008 Prod from NetCE

Type:      File folder

Location:      C:\Users\Richard Ross\Desktop\Jouria

Size:      219 MB (230,633,607 bytes)

Size on disk:      220 MB (230,891,520 bytes)

Contains:      135 Files, 4 Folders

Created:      Tuesday, August 29, 2017, 4:21:53 PM

Attributes:      ☑ Read-only (Only applies to files in folder)

             ☐ Hidden      [ Advanced... ]

[ OK ]     [ Cancel ]     [ Apply ]

**EXHIBIT 6**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61557-CIV-DIMITROULEAS/Snow

AL-GHENA INTERNATIONAL CORP., *et al.*,

      Plaintiffs,

v.

TALAT RADWAN, *et al.*,

      Defendants.

_____/

**<u>ORDER</u>**

THIS CAUSE is before the Court on Plaintiffs' Emergent (sic) Motion to Compel Talat Radwan's Deposition, to Extend the Length of his Deposition, and to Compel a More Specific Document Production (ECF No. 186) which was referred to Lurana S. Snow, United States Magistrate Judge. The motion is ripe for disposition.

The instant motion, which was filed on an emergency basis[1], chronicles the parties' efforts to coordinate the depositions of key witnesses, none of whom reside in the state of Florida. The Plaintiffs contend that, owing to unreasonable conditions imposed by the by Defendants, Talat Radwan will never be deposed absent court intervention. They request that the Court enter an order requiring Mr. Talat Radwan's deposition to occur during the first week of December, 2014. Plaintiffs also assert that because Defendants have produced approximately 7,000 documents thus far, a single day will not be sufficient to complete Mr. Radwan's deposition. Finally, Plaintiffs assert that Defendants should be required to specifically identify which of the documents, which were produced

_____

[1]   The Court notes that the discovery cut-off established by the Court's Scheduling Order is not until October of 2015. Although the Court acknowledges Plaintiffs' desire to depose Mr. Radwan sooner rather than later, it does not agree that the relief sought meets any reasonable definition of emergency.

in the usual course of business, are responsive to six document requests focused on what became of the Plaintiffs' twelve million dollar investment.

The Defendants respond that although they have proposed, as a matter of convenience for all concerned, that Mr. Radwan's deposition be scheduled in Florida during the same week as the depositions of Mostafa Alshair and Mohammad Al Nassar, they have never made this a condition of making Mr. Radwan available.[2]   Defendants argue that the correspondence attached to the Plaintiffs' motion supports this contention.   In their response, Defendants offer the dates of December 3, 4 or 5, 2014.   They contend that this portion of the motion is therefore moot.   The Court agrees.

Next, Defendants assert that Plaintiffs' request for more than the single day permitted by the rules to depose Mr. Radwan is premature.[3]   The document production in this case is not unusually large for a case litigated in federal court, and by itself, does not justify a presumption that more than one day will be necessary.   Also, according to Defendants, the Plaintiffs likely will have more than one opportunity to depose this witness because although he is sued individually, he is also likely to be the 30(b)(6) witness for both Cortez Holding Group and for non-party, Cortez Property Development, Inc. ("CPD").

The Court agrees with Defendants that the request for an extended deposition is premature.   As the Comments to Rule 30 suggest, the factors the a court should consider when deciding whether to extend the time limit for a deposition include, the need for an interpreter; the need to examine the witness about events occurring over a long period of time; the need to cover numerous or lengthy documents that the witness was not afforded an advance opportunity to review;

---

[2]   According to the Defendants, this would be a less expensive alternative for the parties, who would save on travel expenses assuming a desire to attend each other's depositions, and also would facilitate possible settlement negotiations.

[3]   The Court denied an earlier request without prejudice on August 6, 2014, because it was premature. (ECF No. 170)

and the need for multiple lawyers in a multi-party case to examine the witness. Assuming the Plaintiffs are correct that there will be numerous documents to cover with respect to the acquisition, ownership, and operation of CPD, the documents at issue were produced by the Defendants, and presumably the witness will not be seeing them for the first time. Should a single day prove insufficient, the Plaintiffs may move for additional time. However, since it appears that the witness is available for three consecutive days during the first week of December, the Court encourages the parties, if the need arises, to reach an agreement without involving the Court.

Finally, Defendants assert that they are under no obligation to identify which documents correspond with specific discovery requests because they produced the documents in the usual course of business, as permitted by the rules. Federal Rule of Civil Procedure 34(b)(E)(i) governs. It states that "[u]nless otherwise stipulated or ordered by the court . . . [a] party must produce documents as they are kept in the usual course of business **or** must organize and label them to correspond to the categories in the request." (emphasis supplied). According to the Defendants, Plaintiffs' Notices of Production each contain 41 requests with 34 sub-parts, including non-exclusive definitions of "Business Records," "Corporate Records," and "LLC Records." Plaintiffs are now distressed that they must review and analyze the records produced in response, and improperly seek to shift the burden to Defendants.

Defendants cite MGP Ingredients, Inc. v. Mars, Incorporated, 2007 WL 3010343 (D. Kansas, Oct. 15, 2007) in support of their position that their production adequately complies with Rule 34. In Mars the court held that if a party chooses to produce documents "in the order in which they are kept in the usual course of business, the Rule imposes no duty to organize and label the documents, provide an index of the documents produced, or correlate the documents to the particular requests to which they are responsive." 2007 WL 3010343 at *3. The court recognized that the plaintiff faced a formidable task in having to determine which of 48,000 documents were responsive

to each particular request, but noted that the parties could have agreed to deviate from the rule, and the plaintiff could have sought such an agreement prior to the document production. Id. at *4.

The undersigned is mindful that Rule 34 is generally designed to facilitate discovery of relevant information, and the practice of producing documents *en masse,* mingling relevant and non-relevant documents in an attempt to "hide a needle in a haystack," is disfavored in this district. Armor Screen Corp. v. Storm Catcher, Inc., 2009 WL 291160, *2 (S.D. Fla., Feb. 5, 2009). Commenting on a 1980 amendment to Rule 34, the Advisory Committee noted that "[i]t is apparently not rare for parties deliberately to mix critical documents with others in the hope of obscuring significance." Production in the ordinary course was devised as preferable to the unfortunate practice of producing documents *en masse* and in no particular order. Accordingly, "[a] producing party fails to meet its Rule 34 obligations by producing a mass of undifferentiated documents for the responding party to inspect." 2009 WL 291160, at *2, citing Williams v. Taser Int'l, Inc., 2006 WL 1835437 at *7 (N.D. Ga., June 30, 2006)

Plaintiffs acknowledge that the Defendants, "not unreasonably," produced the documents as kept in the normal course of business. They complain that they were produced without a master index (which the Mars court did not require) and that they are no closer to learning what happened to their twelve million dollars. Based on the record before it, the Court concludes that the Defendants are under no further obligation to categorize the documents they produced for the Plaintiffs.

Being fully advised, it is hereby

ORDERED AND ADJUDGED as follows:

1. Plaintiffs' Emergent Motion to Compel Talat Radwan's Deposition (ECF No. 186) is DENIED AS MOOT.

2. Plaintiffs' Motion to Extend the Length of Talat Radwan's Deposition (ECF No. 186) is DENIED WITHOUT PREJUDICE; and

3.   Plaintiffs' Motion to Compel a More Specific Document Production (ECF No. 186) is DENIED.

DONE AND ORDERED at Fort Lauderdale, Florida, this 4th day of November, 2014.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record and Pro Se Parties