UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA

    Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

    Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Third Party Plaintiff,

v.

Elite Continuing Education, Inc. and Alpine
Management Services III, LLC,

    Third Party Defendants.

_____/

**CE RESOURCE, INC. d/b/a CME RESOURCE and NETCE'S MOTION TO COMPEL
RESPONSES TO REQUESTS FOR PRODUCTION AND PRODUCTION OF
DOCUMENTS AND MEMORANDUM IN SUPPORT**

**INTRODUCTION**

In response to NetCE's Requests for Production of Documents, Dr. Jouria (1) has served improper responses and objections, (2) has served *some*, limited documents—all in the improper format (*e.g.*, missing bate-numbering, lacking metadata)—weeks late, (3) has refused to produce documents in response to numerous categories, all on improper grounds. Counsel for NetCE has repeatedly, but unsuccessfully, met and conferred with counsel for Dr. Jouria in an effort to remedy the deficiencies. Counsel for Dr. Jouria, throughout this process, has feigned ignorance about the both the law and the plain language of NetCE's requests, and has generally engaged in tactics to hinder and obstruct NetCE's ability to collect useable evidence in this case. NetCE requests that this Court Order Dr. Jouria to comply and to pay NetCE's costs and fees, and sanction Mr. Ross for his antics.

**FACTS AND ANALYSIS**

**A.    Dr. Jouria's Refusal to Produce Responsive Documents Due to a Belief NetCE Has Access to Such Documents is Not Permissible**

In his response to Requests No. 1, 3, 5-7, 16, 19, 29, and 30, and in his Supplemental Response to Request No. 27, see **Exhibit A** to Lanier Decl., Dr. Jouria refused to produce responsive documents in his possession, custody, and control because he believed such documents were in NetCE's possession, custody, and control or because certain responsive documents are filed as exhibits to pleadings. Dr. Jouria's stance, however, is not the standard. Dr. Jouria is obligated to produce non-privileged, responsive documents in his possession, custody, or control, regardless of any assessment that the requesting party might have such documents or that the requesting party is able to access such documents from other sources. *KeyBank Nat. Ass'n v. Perkins Rowe Assocs., Inc.*, No. CIV.A. 09-497-JJB, 2011 WL 1337374, at *2 (M.D. La. Apr. 7, 2011) (a party may not refuse to produce documents on the grounds the party already possesses the same); *Ghahan, LLC v. Palm Steak House, LLC*, No. 12-80762-CIV, 2013 WL 12095557, at *3 (S.D. Fla. June 20, 2013) (citing *Walt Disney Co. v. DeFabiis,* 168 F.R.D. 281, 284 (C.D. Cal. 1996)) ("A party is entitled to the production of documents even where the requesting party is in possession of the documents."). NetCE is entitled to know which responsive documents Dr. Jouria has in his possession, custody, and control—if for

2

no other reason than to ascertain which documents Dr. Jouria is referring to or relying upon in crafting his case.  *See Martin v. Glob. Mktg. Research Servs., Inc.*, No. 614-CV-1290-ORL-31-KRS, 2015 WL 6083537, at *7 (M.D. Fla. Oct. 15, 2015) (ordering production of publicly available documents: "Plaintiffs should not be put in the position of guessing at which, if any, versions of the 'publicly available' lists" defendant relied upon.); *Pepperwood of Naples Condo. Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 2:10-CV-753-FTM-36, 2011 WL 3841557, at *4 (M.D. Fla. Aug. 29, 2011) (citations omitted) ("Courts have unambiguously stated that this exact objection [documents are publicly available] is insufficient to resist a discovery request.").  See also **Exhibit G** to Lanier Decl.

### B. Dr. Jouria Refuses to Produce Relevant Material Without Justification

Dr. Jouria refused to produce documents responsive to Requests for Production Nos. 26, 27, 28, and 37 on the grounds that these Requests and Interrogatories sought financial information regarding his client and were premature before this Court entered a judgment against Dr. Jouria.  See **Exhibit A** to Lanier Decl.  This position is unsupported and unfounded.

First, Dr. Jouria incorrectly presumes the purposes of NetCE's requests.  NetCE can glean any number of pertinent pieces of information from the requested documents, including without limitation, confirmation or refutation of Dr. Jouria's claims he has received payment for the Seven Courses from only a select number of continuing education providers.  Dr. Jouria's objection on this ground with respect to Request for Production No. 28 is especially bizarre, as this Request seeks documents "reflecting, referring to, or related to [Dr. Jouria's] conflict with the Education Commission for Foreign Medical Graduates."  Dr. Jouria's contention that documents responsive to this Request (or to Request Nos. 26, 27, or 37) are somehow protected from discovery is nonsensical.

Finally, to the extent the Requests *do* seek financial information, ample case law supports NetCE's position that it is entitled to seek financial information prior to a judgment being entered against Dr. Jouria.  *See, e.g., Gottwald v. Producers Grp. I, LLC,* No. 12-81297-CIV, 2013, WL 1776154, at * 2 (S. D. Fla. Apr. 25, 2013) (discovery of financial information including tax returns not premature in case where punitive damages asserted); *Pantages v. Cardinal Health 200*, Inc., 2009 WL 1011048 (M.D. Fla. Apr. 15, 2009) (granting motion to

3

compel, rejecting argument that evidence regarding financial worth is not material "until it becomes apparent that punitive damages can be awarded"). NetCE notes for the Court's attention that the cutoff for *all* fact discovery is November 15, 2017. The discovery period is not divided into liability and damages phases. Moreover, it is entirely possible that discussion of damages and ability to pay damages will arise in alternative dispute resolution—which would by necessity occur before any entry of judgment. This Court should compel Dr. Jouria to provide documents and information responsive to the above-identified Requests.

        **C.     Dr. Jouria's Supplemental Responses to Requests for Production Nos. Remain Deficient**

At the meet-and-confer, and as confirmed in subsequent email communications, see **Exhibit B** to Lanier Decl., Mr. Ross agreed to supplement Responses to Requests for Production No. 21, 26, 30, and 35 to clarify whether he was withholding responsive documents subsequent to his objections. *See* Fed. R. Civ. P. 34(B)(2)(C). On September 5, 2017, he supplemented Responses to Requests No. 21, 26, and 35, but not Response to Request No. 30. See **Exhibit A** to Lanier Decl. Moreover, his supplemental responses to Requests No. 35 and 36 *still* fail to clarify whether he is withholding documents subject to his objections. *Id.* This Court should compel Dr. Jouria to supplement Responses to Requests No. 30, 35, and 36 to clarify whether responsive documents are being withheld pursuant to the stated objections.

        **D.     Dr. Jouria's Continued Improper Production of Documents**

Dr. Jouria initially produced PDFs to Holland & Knight containing purportedly responsive documents on August 9, 2017. See **Exhibit C** to Lanier Decl. The PDFs he emailed to Holland & Knight were not only in an improper format and without the requested metadata[1]

---

[1] As Dr. Jouria did not object to NetCE's requested format when he served his written responses, see **Exhibit A** to Lanier Decl., Dr. Jouria has waived his right to request modification of or object to NetCE's requested production specifications. *See* Fed. R. Civ. P. 34(B)(2)(D); *Bray*, 259 F.R.D. 568 (holding party violated Federal Rule of Civil Procedure 34 by failing to produce ESI in form specified by requesting party); *Boldstar Tech., LLC v. Home Depot, U.S.A. Inc.*, No. 07-80435-CIV, 2008 WL 11320007, at *6 (S.D. Fla. June 5, 2008) (discovery rules intended to "protect against deliberate or inadvertent production in ways that raise unnecessary obstacles for the requesting party").

As Ms. Lanier explained to Mr. Ross, the production specifications NetCE laid out are not arbitrary. This case, like many copyright cases, may very well hinge on the date a document was created, edited, last saved, shared, or otherwise manipulated. It is crucial for NetCE's analysis to be able to confirm that documents it reviews have not been manipulated impermissibly *or* were manipulated consistent with the timeline Dr. Jouria and third party defendant Elite lay out.

(and without the requested, practice-standard Bates labels), but were also not produced in the manner the documents were ordinarily kept (*i.e.* in their native format). *Bray & Gillespie Management LLC v. Lexington Ins. Co.*, 259 F.R.D. 568, 585-87 (M.D. Fla. 2009) (quashed on other grounds) (converting a document into a PDF for the sole purpose of production does not contitute producing document as kept in ordinary course of business). Producing documents in this manner is not permissible.

Moreover, Dr. Jouria produced the documents as compilations, rather than as individual units. In other words, Dr. Jouria combined several individual documents into one PDF before producing. This, in addition to ignoring NetCE's explicit instructions, *see* **Exhibit D** to Lanier Decl., improperly put the burden on Holland & Knight and NetCE to segregate the PDFs Mr. Ross arbitrarily compiled into separate documents, making it impossible for NetCE to distinguish complete documents.

NetCE met and conferred with counsel for Dr. Jouria on this issue on August 21, 2017, and exchanged a number of emails with him on this topic. *See* **Exhibit E** to Lanier Decl. Holland & Knight made it clear to him (in writing and over the phone) that (i) our explicit specifications for production of these documents appeared in our Requests for Production; (ii) counsel did not object to these specifications when he served his written objections and responses and had therefore waived his right to object; (iii) Dr. Jouria was required to produce the documents to us with the metadata NetCE requested in NetCE's written Requests; (iv) Dr. Jouria was required to append Bates numbers to each page of the production (as specified in NetCE's written Instructions as standard in commercial litigation); and (v) Dr. Jouria needed to produce responsive documents separately, as they were ordinarily kept, *not* in large PDF (or other format files) containing multiple responsive documents, which counsel created. *See* **Exhibit F** to Lanier Decl.

After a week's delay, Mr. Ross sent a link to Holland & Knight's e-discovery team on August 29, 2017 from which Holland & Knight could purportedly download responsive documents. He once again failed to produce documents in the appropriate format: (i) failing to "unitize" the documents (produce each document as a separate file, rather than creating PDFs

5

containing multiple documents); (ii) failing to provide the requested metadata[2]; and (iii) refusing to affix Bates numbers on the produced documents.

## CONCLUSION

Counsel for Dr. Jouria's antics, feigned confusion, and general obstructionism have proven to be very expensive for NetCE and are sanctionable. *See Cine Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1066 (2d Cir.1979) (failure to cooperate is sanctionable). In total, the conduct seems to be designed to hinder NetCE's ability to gather information and review and analyze responsive documents. Counsel for Dr. Jouria makes a mockery of the painstaking efforts NetCE undertook to review and produce tens of thousands of responsive documents according to his specifications. This Court should order Dr. Jouria to: (i) produce documents responsive to *all* of NetCE's requests; (ii) supplement the above-described requests to clarify whether he is withholding documents subject to objections; (iii) produce documents in the format NetCE requested; and (iv) pay the costs and attorneys' fees NetCE has incurred litigating this motion.

## CERTIFICATE OF COUNSEL PER L.R. 7.1(a)(3) and DE 77

NetCE's counsel Jesse Lanier and Phil Rothschild spoke with Dr. Jouria's counsel, Richard Ross, in two telephone meet and confer sessions on August 21, 2017 (John Kern for NetCE also participated in August, 21, 2017 and August 30, 2017), but were unable to resolve the remaining issues explained above. Jesse Lanier followed up these telephone conferences with various email communications back and forth with Mr. Ross as attached to the Lanier Declaration filed in support of this Motion.

---

[2] Despite *explicit* instructions on multiple occasions, Mr. Ross provided only the following metadata fields: PRODBEG, PRODEND, PRODBEGATTACH, PRODENDATTACH, PAGE COUNT, TITLE, CUSTODIAN, DATE CREATED, DATE CREATED TIME ONLY, FILE SIZE, and MD5HASH. These fields constitute only a fraction of the fields NetCE requested. *See* p. 9-10 of **Exhibit D** to Lanier Decl. The ability to search the metadata Mr. Ross continually refuses to produce is crucial to NetCE's analysis.

Dated: September 8, 2017               Respectfully submitted,
                                       HOLLAND & KNIGHT LLP


                                       */s/ Philip E. Rothschild*
                                       Philip E. Rothschild
                                       Florida Bar No. 0088536
                                       Email: phil.rothschild@hklaw.com
                                       HOLLAND & KNIGHT LLP
                                       515 East Las Olas Blvd., 12th Floor
                                       Fort Lauderdale, FL 33301
                                       Telephone: (954)525-1000
                                       Facsimile: (954)463-2030

                                       */s/ John P. Kern*
                                       John P. Kern, Esq. (pro hac vice)
                                       Email: john.kern@hklaw.com
                                       Jessica E. Lanier, Esq. (pro hac vice)
                                       Email: Jessica.Lanier@hklaw.com
                                       HOLLAND & KNIGHT LLP
                                       50 California Street, Suite 2800
                                       San Francisco, CA 94111
                                       Telephone: (415)743-6918
                                       Facsimile: (415)743-6910
                                       Attorneys for CE RESOURCE, INC.
                                       d/b/a
                                       CME RESOURCE and NetCE


**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on September 8, 2017, I electronically filed the foregoing document this day via CM/ECF on all counsel of record identified on the attached Service List which should case the above document to be sent by email to counsel listed below.

                                       */s/ Philip E. Rothschild*
                                       Philip E. Rothschild

## SERVICE LIST

Richard S. Ross, Esq.
915 S.E. 2nd Court
Fort Lauderdale, FL 33301
Email:  prodp@ix.netcom.com
*Attorneys for Plaintiff Dr. Jassin Jouria*
**[VIA E-MAIL]**

Peter A. Chiabotti, Esq.
Akerman LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Email: peter.chiabotti@akerman.com
*Attorneys for Elite Continuing Education, Inc.*
**[VIA E-MAIL]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Email:  markwilson@mvalaw.com; katecole@mvalaw.com
*Attorneys for Elite Continuing Education, Inc.*
**[VIA E-MAIL]**