**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 0:15-cv-61165-WPD**

DR. JASSIN JOURIA

      Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

      Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

      Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

      Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

      Defendant/Third Party Plaintiff,

v.

Elite Continuing Education, Inc. and Alpine
Management Services III, LLC,

      Third Party Defendants.

_____

**DECLARATION OF JESSICA LANIER IN SUPPORT OF CE RESOURCE, INC. d/b/a CME RESOURCE and NETCE MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION AND PRODUCTION OF DOCUMENTS**

I, Jessica E. Lanier, declare as follows:

1.      I am an attorney with the law firm of Holland & Knight LLP, and I am duly licensed to practice law in the State of California.  I am one of the attorneys representing defendant CE Resource, Inc. *d/b/a* CME Resource and NetCE (hereafter, "NetCE").   I, along with my colleague John Kern, am admitted *pro hac vice* in the United States District Court for the Southern District of Florida in the above-captioned case.  Through this litigation, we have been accompanied by local counsel Phil Rothschild.

2.      I have personal knowledge of the circumstances described below and, if so called, can testify under oath regarding these events.

3.      Attached to this declaration as **Exhibit A** is a true and correct copy of Dr. Jouria's Responses to NetCE's First Set of Requests for Production of Documents and a true and correct copy of Dr. Jouria's Supplemental Responses to NetCE's First Set of Requests for Production of Documents.

4.      Attached to this declaration as **Exhibit B** is a true and correct copy of an email chain beginning August 30, 2017, and ending September 5, 2017 between counsel for NetCE and counsel for Dr. Jouria.

5.      Attached to this declaration as **Exhibit C** is a true and correct copy of email service of Responses to Requests for Production with production of purportedly responsive documents as PDFs on August 9, 2017.

6.      Attached to this declaration as **Exhibit D** is a true and correct copy of NetCE's First Set of Requests for Production of Documents.

7.      Attached to this declaration as **<u>Exhibit E</u>** is a true and correct copy of an email chain beginning August 11, 2017 and ending August 14, 2017 between counsel for NetCE and counsel for Dr. Jouria.

8.      Attached to this declaration as **<u>Exhibit F</u>** is a true and correct copy of a meet-and-confer letter sent to counsel for Dr. Jouria on August 18, 2017.

9.      Attached to this declaration as **<u>Exhibit G</u>** is a true and correct copy of a meet-and-confer letter sent to counsel for Dr. Jouria on August 25, 2017.


I declare under penalty of perjury that the foregoing is true and correct.


Dated this 7th day of September, 2017       By:_____

                                                      Jessica E. Lanier, Esq.

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

DR. JASSIN JOURIA

      Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

      Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

      Third Party Defendant.
_____/

**PLAINTIFF'S RESPONSE TO NETCE'S FIRST REQUEST FOR THE PRODUCTION**
**OF DOCUMENTS AND THINGS**

      COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully responds

to Defendant's, CE Resource, Inc.'s d/b/a CME Resource and NetCE ("Defendant"), first request

for the production of documents and things, pursuant to Rule 34 of the Federal Rules of Civil

Procedure and the Local Rules of this court, as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff's investigation and development of all facts and circumstances relating to this action

is ongoing. These responses and objections are made without prejudice to, and are not a waiver of,

Plaintiff's right to rely on other facts or documents at trial.

2.      By making the accompanying responses Defendant's requests for production, Plaintiff does

not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses herein without in any way implying that it considers the requests or responses thereto to be relevant or material to the subject matter of this action.

3.      Plaintiff will produce responsive documents only to the extent that such documents are in the possession, custody, or control of him as set forth in the Federal Rules of Civil Procedure.

4.      Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses.

5.      Plaintiff will make available for inspection at Plaintiff's offices responsive documents and things.  Alternatively, Plaintiff will produce copies of the documents.

6.      Publicly available documents or documents already in the possession, custody and control of Defendant will not be produced.

7.      Plaintiff's records contained on his computer have been compromised in that his computer "crashed" and documents might have been lost.  Plaintiff is producing what he has been able to recover.

<p align="center"><strong><u>REQUESTS</u></strong></p>

**<u>REQUEST NO. 1</u>**

All Documents supporting any contention you may have or develop that NetCE does not own the copyright to the Seven Courses.

**<u>RESPONSE NO. 1</u>**

See documents contained in DE 36-1 and 36-2, and attached.

<p align="center">2</p>

**REQUEST NO. 2**

        All Documents supporting any contention you may have or develop that the Seven Course were not a "work for hire."

**RESPONSE NO. 2**

        As "work for hire" is understood, Plaintiff is not in possession, custody or control of responsive documents.

**REQUEST NO. 3**

        All Documents supporting any contention you may have or develop that the Freelance Writer Agreements are unenforceable.

**RESPONSE NO. 3**

        See documents contained in DE 36-2, and attached.

**REQUEST NO. 4**

        All Documents supporting any contention you may have or develop that NetCE "explicitly rejected" any of the Seven Courses you submitted to it, as described in Paragraph 5 of the Freelance Writer Agreements for the Seven Courses.

**RESPONSE NO. 4**

        Plaintiff is not in possession, custody or control of responsive documents.

**REQUEST NO. 5**

        All Documents supporting any contention you may have or develop that the written material related to the Subject Matter of the Seven Courses you submitted to Elite was not identical to, substantially similar to, virtually identical to and/or derivative of the written material You submitted to NetCE.

3

**RESPONSE NO. 5**

Articles Plaintiff submitted to Defendant are in the Defendant's possession. Otherwise, see attached.

**REQUEST NO. 6**

All Documents supporting any contention you may have or develop that the written material related to he Subject Matter of the Seven Courses Elite Ultimately published was not identical to, substantially similar to, virtually identical to and/or derivative of the written material You submitted to NetCE.

**RESPONSE NO. 6**

Articles Plaintiff submitted to Defendant are in the Defendant's possession. Otherwise, see attached.

**REQUEST NO. 7**

All Documents reflecting or evidencing Your Research and Drafting the Seven Courses, including without limitation Your notes, drafts of courses or portions of courses, and Communication with third parties regarding the Seven Courses or the subject matter of the Seven Courses.

**RESPONSE NO. 7**

Articles Plaintiff submitted to Defendant are in the Defendant's possession. Otherwise, see attached.

**REQUEST NO. 8**

All Documents reflecting or evidencing the process you undertake (or have undertaken in the past) for researching and draft a course, from 2012 to present.

4

**RESPONSE NO. 8**

  Plaintiff is not in possession, custody or control of responsive documents.

**REQUEST NO. 9**

  All Communications between You and NetCE regarding the Seven Courses.

**RESPONSE NO. 9**

  See attached.

**REQUEST NO. 10**

  All Communications between You and NetCE regarding the Freelance Writer Agreements.

**RESPONSE NO. 10**

  See attached.

**REQUEST NO. 11**

  All Communications between You and Elite from 2012 to present.

**RESPONSE NO. 11**

  See attached.

**REQUEST NO. 12**

  All Communications between You and Elite regarding the Subject Matter featured in the Seven Courses, including without limitations draft and edits to text You submitted.

**RESPONSE NO. 12**

  See attached.

**REQUEST NO. 13**

  All Communications between You and other third parties regarding or referring to

5

the Subject Matter featured in the Seven Courses, including without limitation drafts and edits to text You submitted.

**RESPONSE NO. 13**

   See attached.

**REQUEST NO. 14**

   All Documents sent from You to Elite regarding or referring to the Subject Matter featured in the Seven Courses, including without limitation drafts of courses or materials.

**RESPONSE NO. 14**

   See attached.

**REQUEST NO. 15**

   All Documents sent from You to other third parties regarding or referring to the Subject Matter featured in the Seven Courses, including without limitation drafts of courses or materials.

**RESPONSE NO. 15**

   See attached.

**REQUEST NO. 16**

   All Documents reflecting or evidencing any payments received by You from NetCE from 2012 to present, including without limitation the amount, date, and purpose of the payments.

**RESPONSE NO. 16**

   Documents are in the possession, custody or control of Defendant.

**REQUEST NO. 17**

   All Documents reflecting or evidencing any payments received by You from Elite

from 2012 to present, including without limitation the amount, date, and purpose of the payments.

**RESPONSE NO. 17**

       See attached.

**REQUEST NO. 18**

       All Documents reflecting or evidencing any payments received by You from third parties, where such payments are related to Your submission or proposal to submit written material related to the Subject Matter of the Seven Courses, from 2011 to the present.

**RESPONSE NO. 18**

       See attached.

**REQUEST NO. 19**

       Documents sufficient to Identify all Persons to whom or to which You have submitted written material or proposals to create written material related to the Subject Matter of the Seven Courses.

**RESPONSE NO. 19**

       Documents sufficient to identify Defendant are already in its possession, custody or control.  Otherwise, see attached.

**REQUEST NO. 20**

       All Documents reflecting, referring to, or related to contracts or agreements with third parties to submit written works related to the Subject Matter of the Seven Courses.

**RESPONSE NO. 20**

       See attached.

**REQUEST NO. 21**

All Documents reflecting, referring to, or related to contract or agreements with Elite to submit written works on any Subject Matter.

**RESPONSE NO. 21**

Objection to the scope.  Plaintiff attaches responsive documents that are in his possession, custody or control that relate to works related to the Subject Matter of the Seven Courses.

**REQUEST NO. 22**

All Documents related to any disclosure you made to Elite regarding Your involvement with or obligation to NetCE.

**RESPONSE NO. 22**

See attached.

**REQUEST NO. 23**

Your up-to-date resume.

**RESPONSE NO. 23**

See attached.

**REQUEST NO. 24**

Documents sufficient to identify the nature of your relationship with and to Elite.

**RESPONSE NO. 24**

See attached.

**REQUEST NO. 25**

Documents sufficient to identify your medical credentials.

**RESPONSE NO. 25**

      See attached.

**REQUEST NO. 26**

      Documents sufficient to Identify intangible and tangible assets you owned or own, in whole or in part or in which you have an unvested interest, from 2014 to the present.

**RESPONSE NO. 26**

      Objection.   Irrelevant and not calculated to lead to the discovery of admissible evidence because Defendant does not have any judgment against Plaintiff.  Documents requested have no bearing on liability alleged or damages sought by Defendant against Plaintiff.

**REQUEST NO. 27**

      All Documents submitted to federal Bankruptcy Courts in furtherance of cases You initiated from 2015 to present.

**RESPONSE NO. 27**

      Objection.   Irrelevant and not calculated to lead to the discovery of admissible evidence because documents requested have no bearing on liability alleged or damages sought by Defendant against Plaintiff.

**REQUEST NO. 28**

      All Documents reflecting, referring to, or related to Your conflict with the Education Commission for Foreign Medical Graduates.

**RESPONSE NO. 28**

      Objection.   Irrelevant and not calculated to lead to the discovery of admissible evidence because documents requested have no bearing on liability alleged or damages sought by

Defendant against Plaintiff.

**REQUEST NO. 29**

      All Documents you received from NetCE from 2012 to present.

**RESPONSE NO. 29**

      Defendant is in possession, custody or control of responsive documents.

**REQUEST NO. 30**

      All Documents supporting Your allegations in Paragraph 12 of the Complaint.

**RESPONSE NO. 30**

      Responsive documents include the Freelance Writers Agreements that are in the possession, custody or control of Defendant.

**REQUEST NO. 31**

      All Documents supporting Your allegations in Paragraph 13 of the Complaint.

**RESPONSE NO. 31**

      See attached.

**REQUEST NO. 32**

      All Documents supporting Your allegations in Paragraph 15 of the Complaint.

**RESPONSE NO. 32**

      See attached.

**REQUEST NO. 33**

      All Documents supporting Your allegations in Paragraph 16 of the Complaint.

**RESPONSE NO. 33**

      See attached.

10

**REQUEST NO. 34**

>All Documents supporting Your allegations in Paragraph 17 of the Complaint.

**RESPONSE NO. 34**

>See attached.

**REQUEST NO. 35**

>All Communications related to this Litigation.

**RESPONSE NO. 35**

>Objection to the scope.  See attached.

**REQUEST NO. 36**

>All Documents reflecting, referring to, or relating to this Litigation.

**RESPONSE NO. 36**

>Objection to the scope.  See attached.

**REQUEST NO. 37**

>All statements from bank accounts or digital money transferring services (by way of illustration PayPal and Venmo) You own in whole or in part and/or into which you have deposited or withdrawn moneys from 2012 to present.

**RESPONSE NO. 37**

>Objection.  Irrelevant and not calculated to lead to the discovery of admissible evidence because Defendant does not have any judgment against Plaintiff.  Documents requested have no bearing on liability alleged or damages sought by Defendant against Plaintiff.

11

Respectfully submitted,


/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

12

## <u>CERTIFICATE OF SERVICE</u>

       I HEREBY CERTIFY that on August 9, 2017, I electronically served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>s/Richard S. Ross</u>
Richard S. Ross, Esq.

**SERVICE LIST**
**Dr. Jassin Jouria v. CE Resource, et al.**
**Case No.: 15-61165-CIV-DIMITROULEAS**
**United States District Court, Southern District of Florida**
**(Ft. Lauderdale Division)**

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: E mail
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: E mail
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: E mail
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: E mail
*(Attorneys for Elite Continuing Education, Inc.)*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

DR. JASSIN JOURIA

      Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

      Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

      Third Party Defendant.
_____/

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO NETCE'S FIRST REQUEST FOR**
**THE PRODUCTION OF DOCUMENTS AND THINGS**

      COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully serves

its supplemental response to Defendant's, CE Resource, Inc.'s d/b/a CME Resource and NetCE

("Defendant"), first request for the production of documents and things, pursuant to Rule 34 of the

Federal Rules of Civil Procedure and the Local Rules of this court, as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff's investigation and development of all facts and circumstances relating to this action

is ongoing. These responses and objections are made without prejudice to, and are not a waiver of,

Plaintiff's right to rely on other facts or documents at trial.

2.      By making the accompanying responses Defendant's requests for production, Plaintiff does

not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses herein without in any way implying that it considers the requests or responses thereto to be relevant or material to the subject matter of this action.

3.      Plaintiff will produce responsive documents only to the extent that such documents are in the possession, custody, or control of him as set forth in the Federal Rules of Civil Procedure.

4.      Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses.

5.      Plaintiff will make available for inspection at Plaintiff's offices responsive documents and things.  Alternatively, Plaintiff will produce copies of the documents.

6.      Publicly available documents or documents already in the possession, custody and control of Defendant will not be produced.

7.      Plaintiff's records contained on his computer have been compromised in that his computer "crashed" and documents might have been lost.  Plaintiff is producing what he has been able to recover.

## REQUESTS

### REQUEST NO. 21

All Documents reflecting, referring to, or related to contract or agreements with Elite to submit written works on any Subject Matter.

### RESPONSE NO. 21

Objection to the scope.  Plaintiff attaches responsive documents that are in his

possession, custody or control that relate to works related to the Subject Matter of the Seven Courses.  No documents are being withheld as a result of the objection.

**REQUEST NO. 26**

Documents sufficient to Identify intangible and tangible assets you owned or own, in whole or in part or in which you have an unvested interest, from 2014 to the present.

**RESPONSE NO. 26**

Objection.  Irrelevant and not calculated to lead to the discovery of admissible evidence because Defendant does not have any judgment against Plaintiff.  Documents requested have no bearing on liability alleged or damages sought by Defendant against Plaintiff.  Responsive documents have been withheld based upon the objection.

**REQUEST NO. 27**

All Documents submitted to federal Bankruptcy Courts in furtherance of cases You initiated from 2015 to present.

**RESPONSE NO. 27**

Objection.  Irrelevant and not calculated to lead to the discovery of admissible evidence because documents requested have no bearing on liability alleged or damages sought by Defendant against Plaintiff.  Responsive documents have been withheld based upon the objection and because the documents are publicly available.

**REQUEST NO. 28**

All Documents reflecting, referring to, or related to Your conflict with the Education Commission for Foreign Medical Graduates.

**RESPONSE NO. 28**

3

Objection.  Irrelevant and not calculated to lead to the discovery of admissible evidence because documents requested have no bearing on liability alleged or damages sought by Defendant against Plaintiff.  Responsive documents have been withheld based upon the objection.

**REQUEST NO. 35**

All Communications related to this Litigation.

**RESPONSE NO. 35**

Objection to the scope.  See attached which relate to the scope of this Litigation.

**REQUEST NO. 36**

All Documents reflecting, referring to, or relating to this Litigation.

**RESPONSE NO. 36**

Objection to the scope.  See attached which relate to the scope of this Litigation.

**REQUEST NO. 37**

All statements from bank accounts or digital money transferring services (by way of illustration PayPal and Venmo) You own in whole or in part and/or into which you have deposited or withdrawn moneys from 2012 to present.

**RESPONSE NO. 37**

Objection.  Irrelevant and not calculated to lead to the discovery of admissible evidence because Defendant does not have any judgment against Plaintiff.  Documents requested have no bearing on liability alleged or damages sought by Defendant against Plaintiff.  Responsive documents have been withheld based upon the objection.

4

Respectfully submitted,


/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

5

<u>**CERTIFICATE OF SERVICE**</u>

      I HEREBY CERTIFY that on September 5, 2017, I electronically served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                   <u>s/Richard S. Ross</u>
                                     Richard S. Ross, Esq.

**SERVICE LIST**
**Dr. Jassin Jouria v. CE Resource, et al.**
**Case No.: 15-61165-CIV-DIMITROULEAS**
**United States District Court, Southern District of Florida**
**(Ft. Lauderdale Division)**

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: E mail
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: E mail
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: E mail
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: E mail
*(Attorneys for Elite Continuing Education, Inc.)*

# EXHIBIT B

**Lanier, Jessica E (SFO - X56923)**

| | |
|---|---|
| **From:** | Richard Ross <prodp@ix.netcom.com> |
| **Sent:** | Tuesday, September 5, 2017 4:46 AM |
| **To:** | Lanier, Jessica E (SFO - X56923) |
| **Cc:** | Kern, John P (SFO - X56918); Rothschild, Phil (FTL - X27881); Harmon, Denise A (SFO - X56925); Yee, Myrna M (SFO - X56916); Kappes, Daniel P (SFO - X56951); Mark Wilson; Kate Cole; peter.chiabotti@akerman.com |
| **Subject:** | Re: Meet and confer August 30 and next steps |
| **Attachments:** | Second Supp Int Response; Supp Response to RFP |

Jessica,

Based upon John's e mail below, we have made no further attempt to resolve your dissatisfaction relative to the interrogatories responses at issue, but remain open to supplementing if you want to clarify your position as we suggest below.  Regardless, attached please find a second supplemental response for Interrogatory No. 9 as promised, along with supplemental responses to your document requests detailing whether documents were withheld or not based upon objections.

Further, we expect to produce a second set of documents today if Laura has not already received the invite.

Finally, we did not receive your ninth document production by next day carrier as set forth in Denise's e mail of August 31, 2017.

Sincerely,
RICHARD S. ROSS, ESQ.
**Patents, Trademarks, Copyrights**
    **and Related Litigation**
915 S.E. 2 Court
Ft. Lauderdale, Florida  33301
tel 954/252-9110
fax 954/252-9192

CONFIDENTIALITY NOTICE:
This e-mail is subject to the Electronics Communications Privacy Act, 18 U.S.C. § 2510-2521, and may be legally privileged. The information contained in this e-mail message, together with any attachments hereto or links contained herein, is strictly private and confidential information intended only for the use of the individual or entity named above. The information contained in this e-mail, and any attachments hereto may be attorney-client privileged, and work product confidential intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is STRICTLY PROHIBITED.

NOTICE UNDER U.S. TREASURY DEPARTMENT CIRCULAR 230. *Regulations Governing the Practice of Attorneys, Certified Public Accountants, Enrolled Agents, Enrolled Actuaries, and Appraisers before the Internal Revenue Service:*
To the extent that this e-mail communication and the attachment(s) hereto, if any, may contain written advice concerning or relating to a Federal (U.S.) tax issue, United States Treasury Department Regulations (Circular 230) require that we (and we do hereby) advise and disclose to you that, unless we expressly state otherwise in writing, such tax advice is not written or intended to be used, and cannot be used by you (the addressee), or other person(s), for purposes of (1) avoiding penalties imposed under the United States Internal Revenue Code or (2) promoting, marketing or recommending to any other person(s) the (or any of the) transaction(s) or matter(s) addressed, discussed or referenced herein for IRS audit, tax dispute or other purposes.

On 9/1/2017 1:08 PM, John.Kern@hklaw.com wrote:

> Richard:
>
> Jess's email made perfect sense, and I do not believe any additional
> elaboration is necessary.  We have invested quite enough time and resources,
> as is, trying to get you to follow clear written instructions and to comply
> with basic discovery obligations.  It's time for us to move forward and
> prepare our motion to compel.

To the extent you produce/serve supplemental or revised responses between now and when we file, we will do our best to reflect any updates in our motion.

Your latest effort on the document production also was not compliant, but again, we are done hand-holding, and we will take the deficiencies up with the Judge Snow.

Thanks much,

John

On Sep 1, 2017, at 4:39 AM, Richard Ross <prodp@ix.netcom.com<mailto:prodp@ix.netcom.com>> wrote:

Still a bit confused by your answer to the interrogatories.  We can leave it as is, or amend to say we have no facts/theories to support a breach.  Which would you prefer?

On 8/31/2017 12:49 PM, Jessica.Lanier@hklaw.com<mailto:Jessica.Lanier@hklaw.com> wrote:

Richard,


Thank you for your email.


With respect to the interrogatories, we need not complicate common sense. If it is true that you have no additional facts or legal theories to support your answers, please say so, in a properly formatted supplemental response, for each interrogatory to which this statement applies. If it is not true, we otherwise understand that you are declining to supplement your answers so that they are responsive.


With respect to the Requests for Production, we understand that you have produced some documents.  We also understand, from our phone conversation yesterday and from your email, that you are refusing to produce responsive documents you believe are in our possession, custody, or control or that we have access to via public filings.


We look forward to your responses regarding: supplementing your interrogatories as described above and in our email dated August 30, 2017, and your clarification as to whether you have withheld documents subject to your objections to Requests for Production 21, 30, 35, and 26.


Best,


Jesse

Jessica Lanier | Holland & Knight
Associate
Holland & Knight LLP
50 California Street, Suite 2800 | San Francisco, CA 94111

Phone 415.743.6923 | Fax 415.743.6910
jessica.lanier@hklaw.com<mailto:jessica.lanier@hklaw.com> |
www.hklaw.com<http://www.hklaw.com/>
_____
Add to address book<http://www.hklaw.com/vcard.aspx?user=jelanier> | View
professional biography<http://www.hklaw.com/id77/biosjelanier>

From: Richard Ross [mailto:prodp@ix.netcom.com]
Sent: Thursday, August 31, 2017 4:57 AM
To: Lanier, Jessica E (SFO - X56923)
<Jessica.Lanier@hklaw.com><mailto:Jessica.Lanier@hklaw.com>
Cc: Rothschild, Phil (FTL - X27881)
<Phil.Rothschild@hklaw.com><mailto:Phil.Rothschild@hklaw.com>; Kern, John P
(SFO - X56918) <John.Kern@hklaw.com><mailto:John.Kern@hklaw.com>; Harmon,
Denise A (SFO - X56925)
<Denise.Harmon@hklaw.com><mailto:Denise.Harmon@hklaw.com>
Subject: Re: Meet and confer August 30 and next steps

Jessica,

Our recollection of the conference diverges from yours in the following
respects:

1.    We stated that we would reconsider the response to Int. 9 and the
documents relative to RFP's 21, 30, 35, 26 by today, Thursday, or tomorrow.

2.    Your understanding of our "refusal" to produce documents is not
correct.  For your RFP's 1, 3, 5-7, 19, documents have been produced.  For
documents you requested that are already in your client's possession, we
asked you to confirm if your client has those, and your refused to inform us,
stating it was immaterial to the request.  We stated that if your client does
not already possess the documents requested, and if we have responsive
documents, we would produce them.  For documents related to our client's
financial condition and other matters that will not lead to the discovery of
admissible evidence, we did maintain our objections.

3.    For the Int.'s 1-4, 6-8, 10-14, 17 and 18, your recitation is correct.
However, we have reconsidered our position, and are willing to look at our
responses again, as follows, for example: In Int. 1, you ask for facts/legal
theories to support the claim that Dr. Jouria did not breach the FWA's.  We
stated that our client complied with the terms of the FWA's,a and including,
but not limited to, Paras 4 and 5, and therefore did not breach, which is
directly responsive to the interrogatory.  You then asked us to state that if
there are no facts or legal theories to support, to so state.  We are willing
revise our answer, answer the interrogatory indirectly, and state that there
are no facts or legal theories of which we are aware to support Dr. Jouria's
breach.  Please advise if this answer would resolve the dispute as to Int. 1.
If  so, we can amend, and address the other interrogatories similarly to see
if we can resolve most if not all of these disputes.

4.    As to our client's computer crashing, we declined to answer your
question over the telephone, and offered to you to serve additional
interrogatories on the subject, or ask the client directly at his scheduled
deposition.

Please advise.

Sincerely,
RICHARD S. ROSS, ESQ.
Patents, Trademarks, Copyrights
    and Related Litigation
915 S.E. 2 Court

```
Ft. Lauderdale, Florida  33301
tel 954/252-9110
fax 954/252-9192
```

CONFIDENTIALITY NOTICE:
This e-mail is subject to the Electronics Communications Privacy Act, 18
U.S.C. § 2510-2521, and may be legally privileged. The information contained
in this e-mail message, together with any attachments hereto or links
contained herein, is strictly private and confidential information intended
only for the use of the individual or entity named above. The information
contained in this e-mail, and any attachments hereto may be attorney-client
privileged, and work product confidential intended only for the use of the
individual or entity named above. If the reader of this message is not the
intended recipient, you are hereby notified that any dissemination,
distribution, or copying of this communication is STRICTLY PROHIBITED.

NOTICE UNDER U.S. TREASURY DEPARTMENT CIRCULAR 230, Regulations Governing the
Practice of Attorneys, Certified Public Accountants, Enrolled Agents,
Enrolled Actuaries, and Appraisers before the Internal Revenue Service:
To the extent that this e-mail communication and the attachment(s) hereto, if
any, may contain written advice concerning or relating to a Federal (U.S.)
tax issue, United States Treasury Department Regulations (Circular 230)
require that we (and we do hereby) advise and disclose to you that, unless we
expressly state otherwise in writing, such tax advice is not written or
intended to be used, and cannot be used by you (the addressee), or other
person(s), for purposes of (1) avoiding penalties imposed under the United
States Internal Revenue Code or (2) promoting, marketing or recommending to
any other person(s) the (or any of the) transaction(s) or matter(s)
addressed, discussed or referenced herein for IRS audit, tax dispute or other
purposes.

On 8/30/2017 7:34 PM,
Jessica.Lanier@hklaw.com<mailto:Jessica.Lanier@hklaw.com> wrote:
Richard:

We look forward to your email regarding Interrogatory No. 9 and whether you
are withholding documents pursuant to your objections to Requests for
Production Nos. 21, 30, 35, and 26, which we anticipate, based on your
assurance, we will receive by the end of the day tomorrow.

We understand that you continue to refuse to produce documents responsive to
Requests 1, 3, 5-7, 16, 19, 26-29, 30, and 37.  We also understand that you
decline to supplement your responses to Interrogatories 1-4, 6-8, 10-14, 17,
and 18.  Finally, we understand that you refuse, at this time, to answer
questions related to the computer crash you described in your written
responses and that your client will only answer questions regarding this
alleged incident in response to additional written discovery requests or at
deposition.

Best,

Jesse

Jessica Lanier | Holland & Knight
Associate
Holland & Knight LLP
50 California Street, Suite 2800 | San Francisco, CA 94111
Phone 415.743.6923 | Fax 415.743.6910

jessica.lanier@hklaw.com<mailto:jessica.lanier@hklaw.com> |
www.hklaw.com<http://www.hklaw.com/>

_____
Add to address book<http://www.hklaw.com/vcard.aspx?user=jelanier> | View
professional biography<http://www.hklaw.com/id77/biosjelanier>


_____

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is
intended solely for the use of the individual(s) to whom it is addressed. If
you believe you received this e-mail in error, please notify the sender
immediately, delete the e-mail from your computer and do not copy or disclose
it to anyone else. If you are not an existing client of H&K, do not construe
anything in this e-mail to make you a client unless it contains a specific
statement to that effect and do not disclose anything to H&K in reply that
you expect it to hold in confidence. If you properly received this e-mail as
a client, co-counsel or retained expert of H&K, you should maintain its
contents in confidence in order to preserve the attorney-client or work
product privilege that may be available to protect confidentiality.

EXHIBIT C

**Lanier, Jessica E (SFO - X56923)**

| | |
|---|---|
| **From:** | Richard Ross <prodp@ix.netcom.com> |
| **Sent:** | Wednesday, August 9, 2017 10:09 AM |
| **To:** | Lanier, Jessica E (SFO - X56923); Kern, John P (SFO - X56918); Rothschild, Phil (FTL - X27881) |
| **Cc:** | markwilson@mvalaw.com; peter.chiabotti@akerman.com; katecole@mvalaw.com |
| **Subject:** | Fwd: JOURIA V NETCE, ET AL. |
| **Attachments:** | Jouria_FL_License .jpg; Response No. 7.pdf; Response Nos.  1,3,9,10,31,32,33,34,35 36.pdf; Response Nos.  5,6,11,12,14,17,19,22, 35, 36.pdf; Response Nos. 13,15,18,19, 20, 36.pdf; Response Nos. 21, 24.pdf; Response Nos. 32, 33, 34.pdf; Jouria_ECFMG Certificate.pdf; Jouria_MD_Diploma.pdf; Jouria_Residency Certificate.pdf; Jouria_Updated CV.docx; lit21.jouria.pdf |

With formal response attached.

---------- Forwarded message ----------
From: **Richard Ross** <prodp@ix.netcom.com>
Date: Wed, Aug 9, 2017 at 1:04 PM
Subject: JOURIA V NETCE, ET AL.
To: Jessica.Lanier@hklaw.com, John.Kern@hklaw.com, Phil.Rothschild@hklaw.com
Cc: markwilson@mvalaw.com, peter.chiabotti@akerman.com, katecole@mvalaw.com

Counsel:

Dr. Jouria's response to NetCE first RFP.  Please note documents marked "Confidential" pursuant to the parties' agreement in advance of a stipulated protective order.  Dr. Jouria's licensing/CV/Certificates respond to RFP Nos. 23, 25.

Sincerely,
RICHARD S. ROSS, ESQ.
**Patents, Trademarks, Copyrights
  and Related Litigation**
915 S.E. 2 Court
Ft. Lauderdale, Florida  33301
tel 954/252-9110
fax 954/252-9192

CONFIDENTIALITY NOTICE:
This e-mail is subject to the Electronics Communications Privacy Act, 18 U.S.C. § 2510-2521, and may be legally privileged. The information contained in this e-mail message, together with any attachments hereto or links contained herein, is strictly private and confidential information intended only for the use of the individual or entity named above. The information contained in this e-mail, and any attachments hereto may be attorney-client privileged, and work product confidential intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is STRICTLY PROHIBITED.

NOTICE UNDER U.S. TREASURY DEPARTMENT CIRCULAR 230, *Regulations Governing the Practice of Attorneys, Certified Public Accountants, Enrolled Agents, Enrolled Actuaries, and Appraisers before the Internal Revenue Service:*
To the extent that this e-mail communication and the attachment(s) hereto, if any, may contain written advice concerning or relating to a Federal (U.S.) tax issue, United States Treasury Department Regulations (Circular 230) require that we (and we do hereby) advise and disclose to you that, unless we expressly state otherwise in writing, such tax advice is not written or intended to be used, and cannot be used by you (the addressee), or other person(s), for purposes of (1) avoiding penalties imposed under the United States Internal Revenue Code or (2) promoting, marketing or recommending to any other person(s) the (or any of the) transaction(s) or matter(s) addressed, discussed or referenced herein for IRS audit, tax dispute or other purposes.

EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 0:15-cv-61165-WPD**

DR. JASSIN JOURIA

        Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

        Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Third Party Plaintiff,

v.

Elite Continuing Education, Inc. and Alpine
Management Services III, LLC,

        Third Party Defendants.

_____

## <u>DEFENDANT AND THIRD PARTY PLAINTIFF CE RESOURCE, INC D/B/A CME RESOURCE AND NETCE'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS</u>

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Rules"), and subject to the definitions and instructions that appear below and that are an integral part hereof, Defendant and Third Party Plaintiff CE Resource, Inc. d/b/a CME Resource and NetCE's ("NetCE"), by and through its attorneys of record, requests that Dr. Jassin Jouria shall, within thirty (30) days of service, respond under oath, and produce and permit NetCE to inspect and copy all documents and things, set forth below in each of the following Requests for the Production of Documents and Things.

### DEFINITIONS

The following definitions apply to the Requests for Production contained herein:

1.       The term "Document" is used herein as defined in the Federal Rules of Civil Procedure and includes, but is not limited to, tangible or hard copy documents or electronically stored information (ESI) — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations — stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; and any and all other tangible things discoverable under the Federal Rules of Civil Procedure, and includes originals and duplicates as those terms are defined in the Federal Rules of Evidence, Rule 1001.  This term includes "Communications" (defined below).

2.       The term "You" or "Yours" shall mean the party to whom the Request for Production of Documents has been propounded, here, Plaintiff and Counter-Defendant Dr. Jassin Jouria, and/or any of his representatives or agents, and is not intended to include or capture any

2

documents protected by attorney client privilege, work product privilege, and/or any other applicable privilege or immunity.

3.      The term "Writing" is herein as defined in the Federal Rules of Evidence, and means "letters, words, numbers or their equivalent set down in any form" including Electronically Stored Information (ESI), and includes the original and duplicate(s) as defined in the Federal Rules of Evidence, Rule 1001.

4.      The term "Complaint" shall mean the Complaint filed on June 2, 2015 in the above-captioned matter (Dkt. 1).

5.      The term "Counter-Complaint" shall mean the Amended Answer and Affirmative Defenses, Third Party Complaint and Counterclaim filed on October 21, 2016 in the above-captioned matter (Dkt. 36).

5.      The term "Lawsuit" shall mean *Jassin Jouria v. CE Resource, Inc., et al*, Case No.: 0:15-cv-61165-WPD.

6.      The term "related to" shall mean its plain meaning and shall also mean "comprising, reflecting, constituting, evidencing, referring to, stating, constituting, reflecting, respecting, concerning, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or in any way relevant to" the matters which are the subject of the Request.

7.      The term "Communication" shall mean any text messages, phone conversations, in person conversations, email exchanges, letters, videoconference, electronic and/or verbal and/or hard copy correspondence, and/or any other means by which information is exchanged from one Person to another.

8.      The term "Person" shall mean any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

9.      The term "Freelance Writer Agreement" shall mean agreements between Dr. Jouria and NetCE, whereby Jouria agreed to produce content for and submit content to NetCE for curation and ultimate approval for publication.  Please note that, for the purposes of these discovery requests, this term is *not* limited to the Freelance Writer Agreements governing the Seven Courses.

10.      The term "Elite" shall mean Elite Continuing Education, Inc. and any of its agents or representatives.

11.      The term "NetCE" shall mean CE Resource, Inc. d/b/a CME Resource and NetCE and any of its agents or representatives.

12.      The term "Seven Courses" shall mean the following courses: Gastroesophageal Reflux Disease, Nonantibiotic Antimicrobial Pharmacology: A Review, The Lymphatic and Immune Systems: A Review, Clinical Cardiovascular Pharmacology, Traumatic Brain Injury, Cancer and Chemotherapy, and Depression and Dementia in the Elderly.

13.      The term "Subject Matter" shall mean the topic dealt with or explained, or the matter presented for consideration.

**INSTRUCTIONS**

1.      If You believe that any of the information requested is privileged, answer or produce all documents or tangible things as to which there is no objection, state the part of the request that seeks privileged information, what privilege You are asserting, the basis for Your

claim of privilege, and the specific nature of the information You are withholding, in accordance with Your obligation under Federal Rule of Civil Procedure 26(b)(5).  For each document that You claim is privileged, provide its date and subject matter, the name(s) of the Person(s) who prepared it, and the name(s) of the Person(s) for whom it was prepared and/or to whom it was sent.

2.      For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection thereto, including the specific reasons.

3.      An objection to part of the request must specify the part and permit the inspection of the rest.

4.      Documents produced must be organized and labeled to correspond to the Request No. in the following  Requests.

5.      Interpret singular and plural nouns, pronouns, adverbs, and adjectives such that the most expansive and inclusive meaning is applied.

6.      All, any, and every shall be interpreted such that the most expansive and inclusive meaning is applied.

7.      "And" and "or" shall be interpreted such that the most expansive and inclusive meaning is applied.

8.      As additional Documents are discovered and/or located, You are obligated to supplement Your production.

9.      Production specifications:

a.      All documents should be produced as Bates-stamped tagged image file format ("TIFF") images along with an image load/cross reference file, a

5

data load file   with fielded metadata, and document-level extracted text for electronically stored information or optical character recognition ("OCR") text for scanned hard copy documents.

b.      Media may be delivered on CDs, DVDs or External USB hard drives.  Each media volume should have its own unique name and a consistent naming convention (for example ZZZ001 or SMITH001).

c.      TIFF Image Requirements

        i.      All documents should be produced as TIFF images in 300x300 dpi Group IV single page monochrome format.

        ii.      All such images should be sequentially Bates-stamped. Each filename must be unique and match the Bates number of the page.  The filename should not contain any blank spaces and should be zero padded (for example ABC00000001).

        iii.      Images should include the following content where present:

- For word processing files (e.g., Microsoft Word) – Comments and "track changes" (and similar in-line editing).

- For spreadsheet files (e.g., Microsoft Excel) – Hidden columns, rows, and sheets.

- For presentation files (e.g. Microsoft PowerPoint) – Speaker notes

- All hidden text (e.g. track changes, hidden columns, mark-ups, notes) shall be expanded and rendered in the image file.

    d.     Native Format Requirements

        i.     Spreadsheet files

- Spreadsheet files (e.g., Microsoft Excel) should be provided in native format.

- In lieu of a TIFF image version of each spreadsheet file, a Bates-stamped TIFF placeholder file should be produced along with the native format version of each file.

- When redaction is necessary, a redacted TIFF version may be produced;

- The parties reserve the right to request access to the native format versions of such files.

        ii.    Other files

- In limited circumstances, it may be necessary to obtain or view the native format versions of files, including color documents/images and dynamic files such as databases.  The parties reserve the right to request access to the native format versions of such files.

    e.     Image Load/Cross Reference File Requirements

        i.     An image load/cross reference file that contains document boundaries should be provided with each production.

ii.     The file may be in either IPRO (.lfp) or Opticon (.opt)

format as in the samples below (note that volume label

information – "@MSC001" in the sample IPRO file and

"MSC001" in the sample Opticon file – is optional):

*Sample IPRO .lfp file*

IM,MSC00000014,D,0,@MSC001;MSC\0000;00000014.TIF;2
IM,MSC00000015,,0,@MSC001;MSC\0000;00000015.TIF;2
IM,MSC00000016,D,0,@MSC001;MSC\0000;00000016.TIF;2
IM,MSC00000017,,0,@MSC001;MSC\0000;00000017.TIF;2

*Sample Opticon .opt file*
MSC000001,MSC001,MSC001\0000\00000001.TIF,Y,,,3
MSC000002,MSC001,MSC001\0000\00000002.TIF,,,,
MSC000003,MSC001,MSC001\0000\00000003.TIF,,,,
MSC000004,MSC001,MSC001\0000\00000004.TIF,Y,,,2
MSC000005,MSC001,MSC001\0000\00000005.TIF,,,,

f.     Data Load File and Extracted Text/OCR Requirements

i.     A data load file should be provided with each production.

ii.     The file should be a Concordance-loadable data file, also known as

a "DAT" file, and should contain Bates-stamp and metadata

information as detailed below. The metadata fields for documents

with redaction will be left blank.

iii.     Extracted text and/or OCR text should not be embedded in the

DAT file but should rather be provided as separate, document-level

text files. Document-level text file names should contain the

beginning Bates number information of the document. If

a document is provided in native format with a placeholder tiff,

(e.g., spreadsheet files) the text file should contain the extracted

text of the native file. Unless otherwise negotiated, no searchable

text need be provided for redacted documents.

iv.    Foreign language text files and metadata should be delivered with

the correct encoding to enable the preservation of the documents'

original language

v.    The requested delimiters and qualifiers to be used in the DAT file

are:

*Record delimiter*: Windows newline/Hard return ASCII character
013 ( )
*Field delimiter*: ¶ (ASCII 20)
*Multi-value delimiter*: Semicolon ; (ASCII 59)
*Text qualifier*: Small thorn þ (ASCII 254)

vi.    The DAT file should have a header line with field names and

include the following fields:

| Field | Comments |
|---|---|
| BegBates | Beginning Bates number |
| EndBates | Ending Bates number |
| BegRange | Bates number of first page of family range, *e.g.,* first page of an email. |
| EndRange | Bates number of last page of family range, *e.g.,* last page of last attachment to an email. |
| PageCount | Number of pages in document. |
| Title | Loose files and attachments only. |
| Custodian | Loose files, attachments, and email.  Custodian full name. |
| Duplicate Custodian | Loose files, attachments, and email.  Custodian full name. (For custodians that had duplicates of documents that are not being produced because they were duplicates.) |
| Author | Loose files and attachments only. |
| Last Saved By | Loose files and attachments only. |
| From | Email only. |
| To | Email only. |
| CC | Email only. |
| BCC | Email only. |
| Subject | Email only. |
| Attachment Names | Names of attachments embedded in email. For emails only. |
| DateCreated | Loose files and attachments only.  MM/DD/YYYY |

9

| TimeCreated | Loose files and attachments only.  00:00:00 hh:mm:: |
|---|---|
| DateLastModified | Loose files and attachments only.  MM/DD/YYYY |
| TimeLastModified | Loose files and attachments only.  00:00:00 hh:mm:: |
| DateLastAccessed | Loose files and attachments only.  MM/DD/YYYY |
| DateSent | Email only.  MM/DD/YYYY |
| TimeSent | Email only.  HH:MM:SS AM/PM |
| DateReceived | Email only.  MM/DD/YYYY |
| TimeReceived | Email only.  HH:MM:SS AM/PM |
| Date Appointment Start | Meeting invite/Calendar items.  MM/DD/YYYY |
| Time Appointment Start | Meeting invite/Calendar items.  MM/DD/YYYY |
| Date Appointment End | Meeting invite/Calendar items.  MM/DD/YYYY |
| Time Appointment End | Meeting invite/Calendar items.  MM/DD/YYYY |
| Application Name | The name of the application that is use to open the file |
| FilePath | Loose files.  Original path to the file as maintained in the ordinary course of business. |
| FileName | Loose files and attachments. Name of file as maintained in the ordinary course of business. |
| FileExtension | Loose files, attachments and email. |
| FileSize | Loose files, attachments and email (in bytes). |
| FolderPath | Email only.  Path within the mail container file (*e.g.*, PST file) to the message at collection time. |
| MD5Hash | Hash Value of the file |
| Message ID | Email only. Message number created by email application |
| Conversation Index | Email only. E-mail thread created by the email system |
| Confidentiality | The confidential designation of the produced document |
| TextPath | The path to the extracted text or OCR for the document, including the file name. |
| NativePath | The path to the native-format file for the document, including the file name (if a native-format file is provided). |

      vii.    A sample DAT file in the appropriate format is below (the three entries below are, respectively, the header row, a parent email, and a spreadsheet attachment):

þBeginning Bates Numberþ¶þEnding Bates Numberþ¶þBeginning Bates Rangeþ¶þEnding Bates Rangeþ¶þPage Countþ¶þFile Extensionþ¶þFile Sizeþ¶þTitleþ¶þCustodianþ¶ þDuplicate Custodiansþ¶þAuthorþ¶þFromþ¶þToþ¶þCCþ¶þBCCþ¶þSubject þ¶þDate Createdþ¶ þTimeCreatedþ¶þDate Modifiedþ¶

þTimeLastModifiedþ¶þDate Sentþ¶þTime Sentþ¶þDate Receivedþ¶þTime
Receivedþ¶þFile Pathþ¶þFile nameþ¶
þFileExtensionþ¶ þFileSizeþ¶þFolderPathþ¶þMD5Hashþ¶ þMessageIDþ¶
þConversationIndexþ¶
þConfidentialityþ¶þTextPathþ¶þNativePathþ

þ00000001þ¶þ00000001þ¶þ00000001þ¶þ00000002þ¶þ1þ¶þþ¶þ2354þ¶þJohn H.
Smithþ¶þþ¶þþ¶þJohn H.
Smithþ¶þJane Doeþ¶þJane W. Schmidt; Mark Doeþ¶þþ¶þChecks Payableþ¶þþ¶þþ¶þ12/
25/2008þ¶þ9:30:01 AMþ¶þ12/25/2008þ¶þ9:30:11
AMþ¶þþ¶þ\Inbox\Payable\þ¶þþ¶þText\SAMPLE\0000\00000001.txtþ¶þþ

þ00000002þ¶þ00000002þ¶þ00000001þ¶þ00000002þ¶þ1þ¶þxlsþ¶þ46444þ¶þAccounts
Receivableþ¶þJohn H. Smithþ¶þ John H.
Smithþ¶þþ¶þþ¶þþ¶þþ¶þ12/22/2008þ¶þ12/25/2008þ¶þþ¶þþ¶þ
þþ¶þþ¶þþ¶þ2010 budget.xlsþ¶þþ¶þHidden
Columnþ¶þText\SAMPLE\0000\00000002.txtþ¶þNatives\SAMPLE\0000\00000002.xlsþ

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All Documents supporting any contention you may have or develop that NetCE does not own the copyright to the Seven Courses.

**REQUEST NO. 2:**

All Documents supporting any contention you may have or develop that the Seven Courses were not a "work for hire."

**REQUEST NO. 3:**

All Documents supporting any contention you may have or develop that the Freelance Writer Agreements are unenforceable.

**REQUEST NO. 4:**

All Document supporting any contention you may have or develop that NetCE "explicitly rejected" any of the Seven Courses you submitted to it, as described in Paragraph 5 of the Freelance Writer Agreements for the Seven Courses.

11

**REQUEST NO. 5:**

All Documents supporting any contention you may have or develop that the written material related to the Subject Matter of the Seven Courses You submitted to Elite was not identical to, substantially similar to, virtually identical to and/or derivative of the written material You submitted to NetCE.

**REQUEST NO. 6:**

All Documents supporting any contention you may have or develop that the written material related to the Subject Matter of the Seven Courses Elite ultimately published was not identical to, substantially similar to, virtually identical to and/or derivative of the written material You submitted to NetCE.

**REQUEST NO. 7:**

All Documents reflecting or evidencing Your Research and Drafting the Seven Courses, including without limitation Your notes, drafts of courses or portions of courses, and Communication with third parties regarding the Seven Courses or the subject matter of the Seven Courses.

**REQUEST NO. 8:**

All Documents reflecting or evidencing the process you undertake (or have undertaken in the past) for researching and drafting a course, from 2012 to present.

**REQUEST NO. 9:**

All Communications between You and NetCE regarding the Seven Courses.

**REQUEST NO. 10:**

All Communications between You and NetCE regarding the Freelance Writer Agreements.

**REQUEST NO. 11:**

All Communications between You and Elite from 2012 to present.

**REQUEST NO. 12:**

All Communications between You and Elite regarding the Subject Matter featured in the Seven Courses, including without limitation drafts and edits to text You submitted.

**REQUEST NO. 13:**

All Communications between You and other third parties regarding or referring to the Subject Matter featured in the Seven Courses, including without limitation drafts and edits to text You submitted.

**REQUEST NO. 14:**

All Documents sent from You to Elite regarding or referring to the Subject Matter featured in the Seven Courses, including without limitation drafts of courses or materials.

**REQUEST NO. 15:**

All Documents sent from You to other third parties regarding or referring to the Subject Matter featured in the Seven Courses, including without limitation drafts of courses or materials.

**REQUEST NO. 16:**

All Documents reflecting or evidencing any payments received by You from NetCE from 2012 to present, including without limitation the amount, date, and purposes of the payments.

**REQUEST NO. 17:**

All Documents reflecting or evidencing any payments received by You from Elite from 2012 to present, including without limitation amount, date, and purpose of the payments.

13

**REQUEST NO. 18:**

All Documents reflecting or evidencing any payments received by You from third parties, where such payments are related to Your submission or proposal to submit written material related to the Subject Matter of the Seven Courses, from 2011 to the present .

**REQUEST NO. 19:**

Documents sufficient to Identify all Persons to whom or to which You have submitted written material or proposals to create written material related to the Subject Matter of the Seven Courses.

**REQUEST NO. 20:**

All Documents reflecting, referring to, or related to contracts or agreements with third parties to submit written works related to the Subject Matter of the Seven Courses.

**REQUEST NO. 21:**

All Documents reflecting, referring to, or related to contracts or agreements with Elite to submit written works on any Subject Matter.

**REQUEST NO. 22:**

All Documents related to any disclosure you made to Elite regarding Your involvement with or obligations to NetCE.

**REQUEST NO. 23:**

Your up-to-date resume.

**REQUEST NO. 24:**

Documents sufficient to Identify the nature of your relationship with and to Elite.

**REQUEST NO. 25:**

Documents sufficient to Identify your medical credentials.

**REQUEST NO. 26:**

Documents sufficient to Identify intangible and tangible assets you owned or own, in whole or in part or in which you have an unvested interest, from 2014 to present.

**REQUEST NO. 27:**

All Documents submitted to federal Bankruptcy Courts in furtherance of bankruptcy cases You initiated from 2015 to present.

**REQUEST NO. 28:**

All Documents reflecting, referring to, or related to Your conflict with the Education Commission for Foreign Medical Graduates.

**REQUEST NO. 29:**

All Documents you received from NetCE from 2012 to the present.

**REQUEST NO. 30:**

All Documents supporting Your allegations in Paragraph 12 of the Complaint.

**REQUEST NO. 31:**

All Documents supporting Your allegations in Paragraph 13 of the Complaint.

**REQUEST NO. 32:**

All Documents supporting Your allegations in Paragraph 15 of the Complaint.

**REQUEST NO. 33:**

All Documents supporting Your allegations in Paragraph 16 of the Complaint.

**REQUEST NO. 34:**

All Documents supporting Your allegations in Paragraph 17 of the Complaint.

15

**REQUEST NO. 35:**

All Communications related to this Litigation.

**REQUEST NO. 36:**

All Documents reflecting, referring to, or related to this Litigation.

**REQUEST NO. 37:**

All statements from bank accounts or digital money transferring services (by way of illustration PayPal and Venmo) You own in whole or in part and/or into which you have deposited or withdrawn moneys from 2012 to present.

Dated: July 7, 2017

Respectfully submitted,

HOLLAND & KNIGHT LLP

/s/ Philip E. Rothschild
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

/s/ John P. Kern
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Jessica E. Lanier, Esq. (pro hac vice)
Email: Jessica.Lanier@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC.
d/b/a
CME RESOURCE and NetCE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 7, 2017, I electronically served the foregoing document on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Denise Harmon
Denise Harmon

**SERVICE LIST**

**Dr. Jassin Jouria v. CE Resource, et al.**
**Case No.: 15-61165-CIV-DIMITROULEAS**
**United States District Court, Southern District of Florida**
**(Ft. Lauderdale Division)**

**SERVICE LIST**

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC AND MAIL SERVICE]**

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC AND MAIL SERVICE]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(Attorneys for Elite Continuing Education, Inc
**[VIA ELECTRONIC AND MAIL SERVICE]**

# EXHIBIT E

**Lanier, Jessica E (SFO - X56923)**

| | |
|---|---|
| **From:** | Lanier, Jessica E (SFO - X56923) |
| **Sent:** | Monday, August 14, 2017 5:25 PM |
| **To:** | 'Richard Ross' |
| **Cc:** | Rothschild, Phil (FTL - X27881); Kern, John P (SFO - X56918); Harmon, Denise A (SFO - X56925) |
| **Subject:** | RE: Problem with your production |

Richard:

Fed. R. Civ. P. 34(B)(2)(D) states: "The response may state an objection to a requested form for producing electronically stored information.  If the responding party objects to a requested form—or if no form was specified in the request—the party must state the form or forms it intends to use."  *See Bray & Gillespie Management LLC v. Lexington Ins. Co.*, 259 F.R.D. 568 (M.D. Fla. 2009) (quashed on other grounds).  In *Bray*, the responding party waived its objections to producing ESI as specified because he did not object in its written objections.  The court also ruled that the responding party violated Federal Rule of Civil Procedure 34 by failing to produce ESI in the form specified by the requesting party.  In your written objections and responses, you did not object to the form we specified in our Requests for Production.  You have waived your right to object to our requested form.

The production specifications we laid out are not arbitrary.  This case, like many copyright cases, may very well hinge on the date a document was created, edited, last saved, shared, or otherwise manipulated.  It is crucial for our analysis to be able to confirm that documents we review were not manipulated impermissibly or were manipulated consistent with the timeline your client (and third party defendant Elite) lays out.

*Each* PDF you emailed to us is problematic because *each* fails to comply with our production specifications.  *Each* document—other than those that are physical, paper documents which were scanned and produced—should be produced to us using the specifications we outlined in our Requests for Production.  Moreover, creating a PDF for the sole purpose of production, as you and your client have done here, *does not* constitute producing a document as it is kept in the ordinary course of business.  *See Bray*, 259 F.R.D. at 585-87.

Re-produce the documents according to our specifications or name times when you are available to meet and confer on this issue.  This is such a clear-cut issue, we sincerely hope we can resolve it between counsel.

Jesse

**Jessica Lanier | Holland & Knight**
Associate
Holland & Knight LLP
50 California Street, Suite 2800 | San Francisco, CA 94111
Phone 415.743.6923 | Fax 415.743.6910
jessica.lanier@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** Richard Ross [mailto:prodp@ix.netcom.com]
**Sent:** Monday, August 14, 2017 10:03 AM
**To:** Lanier, Jessica E (SFO - X56923) <Jessica.Lanier@hklaw.com>

1

**Cc:** Rothschild, Phil (FTL - X27881) <Phil.Rothschild@hklaw.com>; Kern, John P (SFO - X56918) <John.Kern@hklaw.com>; Harmon, Denise A (SFO - X56925) <Denise.Harmon@hklaw.com>
**Subject:** Re: Problem with your production

Jesse,

I am not aware of any rule or case law that requires us to produce documents in accordance with your request.  Nothwithstanding, I would like to know which documents that were produced (other than e mails) are an issue for you, and we will ask our client to take another look.  For an e mail chain, you want all e mails in the chain in separate files?

Richard

On 8/14/2017 12:32 PM, Jessica.Lanier@hklaw.com wrote:

> Richard:
>
> That is incorrect. A review of our email history will demonstrate the same.
>
> As a courtesy, we asked you how you would like us to produce documents to you.  You indicated PDF on a flash drive, and we complied.  We never said we wanted documents produced to us in this format.  In fact, our requested format is specified in great detail in our Requests for Production.
>
> Our request--our entitlement--that you separate individual documents into individual PDFs is not a request to make individual PDFs of every sheet or page.  No reasonable interpretation of our prior correspondence suggests otherwise.  Our request is that you separate documents (for example, a contract or an email chain) into individual PDFs.  This is a simple request, and you are obligated to comply.
>
> Whether it is technically possible to open the documents is irrelevant: the documents were not produced in our requested format.
>
> Jesse
>
>
> **Jessica Lanier | Holland & Knight**
> Associate
> Holland & Knight LLP
> 50 California Street, Suite 2800 | San Francisco, CA 94111
> Phone 415.743.6923 | Fax 415.743.6910
> jessica.lanier@hklaw.com | www.hklaw.com
> _____
> Add to address book | View professional biography
> _____
>
> **From:** Richard Ross [mailto:prodp@ix.netcom.com]
> **Sent:** Monday, August 14, 2017 4:51 AM
> **To:** Lanier, Jessica E (SFO - X56923) <Jessica.Lanier@hklaw.com>
> **Cc:** Rothschild, Phil (FTL - X27881) <Phil.Rothschild@hklaw.com>; Kern, John P (SFO - X56918) <John.Kern@hklaw.com>; Harmon, Denise A (SFO - X56925) <Denise.Harmon@hklaw.com>
> **Subject:** Re: Problem with your production

Jesse,

We both agreed to produce documents in pdf, or native (as you have produced), and have done so.  We labeled all documents to correspond with your identified requests.  We are not required to convert the documents as they are ordinarily kept into individual pdf files for each piece of paper, if that is what you are asking.

The production was not that large to begin with; how many documents concern you?  I also asked if you can open the documents and print them out, and you did not respond.  Please advise.

Sincerely,
RICHARD S. ROSS, ESQ.
**Patents, Trademarks, Copyrights
  and Related Litigation**
915 S.E. 2 Court
Ft. Lauderdale, Florida  33301
tel 954/252-9110
fax 954/252-9192

CONFIDENTIALITY NOTICE:
This e-mail is subject to the Electronics Communications Privacy Act, 18 U.S.C. § 2510-2521, and may be legally privileged. The information contained in this e-mail message, together with any attachments hereto or links contained herein, is strictly private and confidential information intended only for the use of the individual or entity named above. The information contained in this e-mail, and any attachments hereto may be attorney-client privileged, and work product confidential intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is STRICTLY PROHIBITED.

NOTICE UNDER U.S. TREASURY DEPARTMENT CIRCULAR 230, *Regulations Governing the Practice of Attorneys, Certified Public Accountants, Enrolled Agents, Enrolled Actuaries, and Appraisers before the Internal Revenue Service:*
To the extent that this e-mail communication and the attachment(s) hereto, if any, may contain written advice concerning or relating to a Federal (U.S.) tax issue, United States Treasury Department Regulations (Circular 230) require that we (and we do hereby) advise and disclose to you that, unless we expressly state otherwise in writing, such tax advice is not written or intended to be used, and cannot be used by you (the addressee), or other person(s), for purposes of (1) avoiding penalties imposed under the United States Internal Revenue Code or (2) promoting, marketing or recommending to any other person(s) the (or any of the) transaction(s) or matter(s) addressed, discussed or referenced herein for IRS audit, tax dispute or other purposes.

On 8/11/2017 5:28 PM, Jessica.Lanier@hklaw.com wrote:

> Richard:
>
> You responded only to me.  Please "reply all" so that all members of our team receive pertinent communications.
>
> When we produced documents to you, we produced them according to your specifications: PDFs on a flash drive.  The documents you emailed to us do not meet the specifications we outlined in our Request for Production.  These specifications are standard. Moreover, you have produced distinct documents as compilations—putting the onus unfairly on Holland & Knight to separate the compilations into individual documents for review.
>
> We are entitled to receive documents in the format in which we requested production.
>
> Jesse
>
>
> **Jessica Lanier | Holland & Knight**
> Associate
> Holland & Knight LLP

3

50 California Street, Suite 2800 | San Francisco, CA 94111

Phone 415.743.6923 | Fax 415.743.6910

jessica.lanier@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** Richard Ross [mailto:prodp@ix.netcom.com]
**Sent:** Friday, August 11, 2017 12:16 PM
**To:** Lanier, Jessica E (SFO - X56923) <Jessica.Lanier@hklaw.com>
**Subject:** Re: Problem with your production

We produced the documents as we received them.  Are you not able to open and print them?

On 8/11/2017 2:19 PM, Jessica.Lanier@hklaw.com wrote:

Good afternoon, Richard:

We have received the documents you emailed to us.  Unfortunately, you did not follow our production specifications (laid out in great detail in our Requests for Production).  Moreover, the documents are not separated into individual, separate PDFs.  This makes it difficult to review and organize these documents.

Please (i) re-produce the documents in compliance with our production specifications ASAP or (ii) indicate days and times next week when you are available to meet-and-confer regarding this issue.

Jesse

**Jessica Lanier** | **Holland & Knight**
Associate
Holland & Knight LLP
50 California Street, Suite 2800 | San Francisco, CA 94111
Phone 415.743.6923 | Fax 415.743.6910
jessica.lanier@hklaw.com | www.hklaw.com

Add to address book | View professional biography

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

EXHIBIT F

# Holland & Knight

50 California Street, Suite 2800 | San Francisco, CA 94111 | T 415.743.6900 | F 415.743.6910
Holland & Knight LLP | www.hklaw.com

August 18, 2017

*Via UPS Next Day Air and Email: prodp@ix.netcom.com*

*Richard S. Ross, Esq.*
*915 S.E. 2 Court*
Ft. Lauderdale, Florida 33301

      Re:    Problems with Discovery and Scheduling

Dear Mr. Ross:

Since July 18, 2017, when you filed an unnecessary and premature Motion to Compel, there have been a number of discovery-related problems.  We write to draw your attention to them and to urge you to rectify them immediately.

On July 7, 2017, we served (by email *and* mail) our first set of Requests for Production.  These Requests included detailed specifications—industry standard—as to the manner in which electronically stored information ("ESI") should be produced to us. On August 9, 2017, you emailed[1] us written responses and objections to our Requests for Production as well as PDFs of purportedly responsive documents, none of which were in the proper format we outlined.

We first reached out to you regarding these deficiencies on August 11, 2017.  In several subsequent emails (attached as <u>Exhibit A</u>), each met with resistance, mischaracterization of facts, and doubling down on demonstrably incorrect positions, we explained to you (with supporting authorities) that the PDFs you emailed to us were in an unacceptable format:

      (i) You produced the documents without complying with the discovery specifications we outlined in our Requests for Production.

      (ii) You produced documents, not as singular entities, but bundled—making it impossible to discern where one document ends and another begins and, impermissibly, shifting the cost of separating the large PDF into separate documents for the purpose of uploading and reviewing them onto our client.

      (iii) You produced documents without Bates identifiers.

---

[1] We note the parties never agreed to accept service of discovery materials via email.

Richard S. Ross
August 18, 2017
Page 2

> (iv) You converted emails, word documents, and documents in other formats to PDF purely for the purposes of production.  You have therefore not produced documents as they are kept in the ordinary course of business.

We explained to you that, as you failed to object to the specifications in your written objections, you had waived your right to do so.

Despite your assurance on August 15, 2017, (see <u>Exhibit A</u>) that you would discuss your deficient production with your client, you have yet to proffer a solution or re-produce the documents in the proper format.  When we contacted you on Thursday, August 17, 2017 (see <u>Exhibit B</u>) to schedule a meet-and-confer regarding this issue, you responded that you were unavailable (even to schedule a meet-and-confer) until Monday, August 21, 2017.  This, of course, only further delays our ability to begin review and analysis of responsive materials and prejudices our client, NetCE.

As a professional courtesy, we contacted you on August 14, 2017 to inquire as to your client's availablity for four proposed deposition dates (see <u>Exhibit C</u>).  We were under no technical obligation to do so before proceeding.  In a highly unproductive exchange, you responded only by obfuscation: refusing to provide your client's availability and mischaracterizing our words.  We were left no choice but to notice your client's deposition for one of the dates we offered.

Mr. Ross, your communications on these issues appear designed to foment conflict, where there should be none, and to obstruct what should be a simple and efficient exchange of evidence.  We cannot help noting these unneccesary sideshows follow in the footsteps of both (i) your client's bad faith bankruptcy filings, which already have delayed our prosecution of this case *two years*, and (ii) your own failed, frivolous motion to have my colleague sanctioned for *perjury* for engaging in run-of-the-mill advocacy.

Please respond *immediately* with your availability to meet-and-confer on these issues.

HOLLAND & KNIGHT LLP

Jesse Lanier

EXHIBIT A

**Lanier, Jessica E (SFO - X56923)**

| | |
|---|---|
| **From:** | Richard Ross <prodp@ix.netcom.com> |
| **Sent:** | Tuesday, August 15, 2017 4:00 AM |
| **To:** | Lanier, Jessica E (SFO - X56923) |
| **Cc:** | Rothschild, Phil (FTL - X27881); Kern, John P (SFO - X56918); Harmon, Denise A (SFO - X56925) |
| **Subject:** | Re: Problem with your production |

We will consult with our client and advise.

On 8/14/2017 8:24 PM, Jessica.Lanier@hklaw.com wrote:

> Richard:
>
> Fed. R. Civ. P. 34(B)(2)(D) states: "The response may state an objection to a requested form for producing electronically stored information.  If the responding party objects to a requested form—or if no form was specified in the request—the party must state the form or forms it intends to use."  *See Bray & Gillespie Management LLC v. Lexington Ins. Co.*, 259 F.R.D. 568 (M.D. Fla. 2009) (quashed on other grounds).  In *Bray*, the responding party waived its objections to producing ESI as specified because he did not object in its written objections.  The court also ruled that the responding party violated Federal Rule of Civil Procedure 34 by failing to produce ESI in the form specified by the requesting party.  In your written objections and responses, you did not object to the form we specified in our Requests for Production.  You have waived your right to object to our requested form.
>
> The production specifications we laid out are not arbitrary.  This case, like many copyright cases, may very well hinge on the date a document was created, edited, last saved, shared, or otherwise manipulated.  It is crucial for our analysis to be able to confirm that documents we review were not manipulated impermissibly or were manipulated consistent with the timeline your client (and third party defendant Elite) lays out.
>
> *Each* PDF you emailed to us is problematic because *each* fails to comply with our production specifications.  *Each* document—other than those that are physical, paper documents which were scanned and produced—should be produced to us using the specifications we outlined in our Requests for Production.  Moreover, creating a PDF for the sole purpose of production, as you and your client have done here, *does not* constitute producing a document as it is kept in the ordinary course of business.  *See Bray*, 259 F.R.D. at 585-87.
>
> Re-produce the documents according to our specifications or name times when you are available to meet and confer on this issue.  This is such a clear-cut issue, we sincerely hope we can resolve it between counsel.
>
> Jesse
>
> **Jessica Lanier** | **Holland & Knight**
> Associate
> Holland & Knight LLP
> 50 California Street, Suite 2800 | San Francisco, CA 94111
> Phone 415.743.6923 | Fax 415.743.6910
> jessica.lanier@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** Richard Ross [mailto:prodp@ix.netcom.com]
**Sent:** Monday, August 14, 2017 10:03 AM
**To:** Lanier, Jessica E (SFO - X56923) <Jessica.Lanier@hklaw.com>
**Cc:** Rothschild, Phil (FTL - X27881) <Phil.Rothschild@hklaw.com>; Kern, John P (SFO - X56918) <John.Kern@hklaw.com>; Harmon, Denise A (SFO - X56925) <Denise.Harmon@hklaw.com>
**Subject:** Re: Problem with your production

Jesse,

I am not aware of any rule or case law that requires us to produce documents in accordance with your request. Nothwithstanding, I would like to know which documents that were produced (other than e mails) are an issue for you, and we will ask our client to take another look. For an e mail chain, you want all e mails in the chain in separate files?

Richard

On 8/14/2017 12:32 PM, Jessica.Lanier@hklaw.com wrote:

> Richard:
>
> That is incorrect. A review of our email history will demonstrate the same.
>
> As a courtesy, we asked you how you would like us to produce documents to you. You indicated PDF on a flash drive, and we complied. We never said we wanted documents produced to us in this format. In fact, our requested format is specified in great detail in our Requests for Production.
>
> Our request--our entitlement--that you separate individual documents into individual PDFs is not a request to make individual PDFs of every sheet or page. No reasonable interpretation of our prior correspondence suggests otherwise. Our request is that you separate documents (for example, a contract or an email chain) into individual PDFs. This is a simple request, and you are obligated to comply.
>
> Whether it is technically possible to open the documents is irrelevant: the documents were not produced in our requested format.
>
> Jesse

**Jessica Lanier** | **Holland & Knight**
Associate
Holland & Knight LLP
50 California Street, Suite 2800 | San Francisco, CA 94111
Phone 415.743.6923 | Fax 415.743.6910
jessica.lanier@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** Richard Ross [mailto:prodp@ix.netcom.com]
**Sent:** Monday, August 14, 2017 4:51 AM
**To:** Lanier, Jessica E (SFO - X56923) <Jessica.Lanier@hklaw.com>
**Cc:** Rothschild, Phil (FTL - X27881) <Phil.Rothschild@hklaw.com>; Kern, John P (SFO - X56918) <John.Kern@hklaw.com>; Harmon, Denise A (SFO - X56925) <Denise.Harmon@hklaw.com>
**Subject:** Re: Problem with your production

Jesse,

We both agreed to produce documents in pdf, or native (as you have produced), and have done so.  We labeled all documents to correspond with your identified requests.  We are not required to convert the documents as they are ordinarily kept into individual pdf files for each piece of paper, if that is what you are asking.

The production was not that large to begin with; how many documents concern you?  I also asked if you can open the documents and print them out, and you did not respond.  Please advise.

Sincerely,
RICHARD S. ROSS, ESQ.
**Patents, Trademarks, Copyrights**
   **and Related Litigation**
915 S.E. 2 Court
Ft. Lauderdale, Florida  33301
tel 954/252-9110
fax 954/252-9192

CONFIDENTIALITY NOTICE:
This e-mail is subject to the Electronics Communications Privacy Act, 18 U.S.C. § 2510-2521, and may be legally privileged. The information contained in this e-mail message, together with any attachments hereto or links contained herein, is strictly private and confidential information intended only for the use of the individual or entity named above. The information contained in this e-mail, and any attachments hereto may be attorney-client privileged, and work product confidential intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is STRICTLY PROHIBITED.

NOTICE UNDER U.S. TREASURY DEPARTMENT CIRCULAR 230, *Regulations Governing the Practice of Attorneys, Certified Public Accountants, Enrolled Agents, Enrolled Actuaries, and Appraisers before the Internal Revenue Service:* To the extent that this e-mail communication and the attachment(s) hereto, if any, may contain written advice concerning or relating to a Federal (U.S.) tax issue, United States Treasury Department Regulations (Circular 230) require that we (and we do hereby) advise and disclose to you that, unless we expressly state otherwise in writing, such tax advice is not written or intended to be used, and cannot be used by you (the addressee), or other person(s), for purposes of (1) avoiding penalties imposed under the United States Internal Revenue Code or (2) promoting, marketing or recommending to any other person(s)e (the or any of the) transaction(s) or matter(s) addressed, discussed or referenced herein for IRS audit, tax dispute or other purposes.

On 8/11/2017 5:28 PM, Jessica.Lanier@hklaw.com wrote:

> Richard:
>
> You responded only to me.  Please "reply all" so that all members of our team receive pertinent communications.
>
> When we produced documents to you, we produced them according to your specifications: PDFs on a flash drive.  The documents you emailed to us do not meet the specifications we outlined in our Request for Production.  These specifications are standard. Moreover, you have produced distinct documents as compilations—putting the onus unfairly

3

on Holland & Knight to separate the compilations into individual documents for review.

*We are entitled to receive documents in the format in which we requested production.*

Jesse


**Jessica Lanier** | **Holland & Knight**
Associate
Holland & Knight LLP
50 California Street, Suite 2800 | San Francisco, CA 94111
Phone 415.743.6923 | Fax 415.743.6910
jessica.lanier@hklaw.com | www.hklaw.com

Add to address book | View professional biography

---

**From:** Richard Ross [mailto:prodp@ix.netcom.com]
**Sent:** Friday, August 11, 2017 12:16 PM
**To:** Lanier, Jessica E (SFO - X56923) <Jessica.Lanier@hklaw.com>
**Subject:** Re: Problem with your production

We produced the documents as we received them.  Are you not able to open and print them?

On 8/11/2017 2:19 PM, Jessica.Lanier@hklaw.com wrote:

> Good afternoon, Richard:
>
> We have received the documents you emailed to us.  Unfortunately, you did not follow our production specifications (laid out in great detail in our Requests for Production).  Moreover, the documents are not separated into individual, separate PDFs.  This makes it difficult to review and organize these documents.
>
> Please (i) re-produce the documents in compliance with our production specifications ASAP or (ii) indicate days and times next week when you are available to meet-and-confer regarding this issue.
>
> Jesse
>
> **Jessica Lanier** | **Holland & Knight**
> Associate
> Holland & Knight LLP
> 50 California Street, Suite 2800 | San Francisco, CA 94111

Phone 415.743.6923 | Fax 415.743.6910

jessica.lanier@hklaw.com | www.hklaw.com

Add to address book | View professional biography

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

EXHIBIT B

**Lanier, Jessica E (SFO - X56923)**

| | |
|---|---|
| **From:** | Richard Ross <prodp@ix.netcom.com> |
| **Sent:** | Thursday, August 17, 2017 10:02 AM |
| **To:** | Lanier, Jessica E (SFO - X56923) |
| **Cc:** | Kern, John P (SFO - X56918); Harmon, Denise A (SFO - X56925) |
| **Subject:** | Re: Scheduling a call |

Out of the office until Monday. Will respond then.

On Aug 17, 2017, at 9:45 AM, <Jessica.Lanier@hklaw.com> <Jessica.Lanier@hklaw.com> wrote:

> Richard:
>
> We are writing to set up a call to discuss the ongoing technical problems with your production of documents. Please let us know if you are available to participate in a call during either of the following windows:
> - Friday, August 18: 4:45-7 pm (EST)
> - Monday, August 21: 10 am-12 pm (EST)
> - Monday, August 21: 2:30 pm-7:30 pm (EST) (EST)
>
> If none of these times work for you, let us know, and we will propose additional windows where we are available.
>
> Jesse
>
> **Jessica Lanier** | **Holland & Knight**
> Associate
> Holland & Knight LLP
> 50 California Street, Suite 2800 | San Francisco, CA 94111
> Phone 415.743.6923 | Fax 415.743.6910
> jessica.lanier@hklaw.com | www.hklaw.com
>
> Add to address book | View professional biography

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

# EXHIBIT C

**Lanier, Jessica E (SFO - X56923)**

| | |
|---|---|
| **From:** | Richard Ross <prodp@ix.netcom.com> |
| **Sent:** | Wednesday, August 16, 2017 9:38 AM |
| **To:** | Rothschild, Phil (FTL - X27881); Lanier, Jessica E (SFO - X56923) |
| **Cc:** | Kern, John P (SFO - X56918); Harmon, Denise A (SFO - X56925) |
| **Subject:** | Re: Deposition dates for Dr. Jouria |

Phil,

Actually, it seems ridiculous to do this piecemeal.  I can contact my client and find available dates, only to learn possibly that those dates are not good for Elite's counsel.  You cannot have a depo without Elite's counsel either.  Why not do this globally?  What am I missing here?

Richard

On 8/16/2017 12:26 PM, Phil.Rothschild@hklaw.com wrote:

> Richard,
>
> This seems silly – it makes sense to start with the party deponent's availability, and then go from there to Elite, since we can't have a depo of your client without your client.  Once we know his availability, we can then go to Elite.  There is nothing improper about checking availability in this order.  Your response just seems like you want to make this more difficult than it should be.   Hopefully, you can give us Mr. Jouria's availability on the dates requested and then we can go to Elite and get this noticed.
>
> Thanks,
> Phil
>
> **Phil Rothschild | Holland & Knight**
> Senior Counsel
> Holland & Knight LLP
> 515 East Las Olas Boulevard, Suite 1200 | Fort Lauderdale, FL 33301
> Phone 954.468.7881 | Fax 954.463.2030
> phil.rothschild@hklaw.com | www.hklaw.com
>
> Add to address book | View professional biography

**From:** Lanier, Jessica E (SFO - X56923)
**Sent:** Wednesday, August 16, 2017 11:49 AM
**To:** Richard Ross <prodp@ix.netcom.com>
**Cc:** Rothschild, Phil (FTL - X27881) <Phil.Rothschild@hklaw.com>; Kern, John P (SFO - X56918) <John.Kern@hklaw.com>; Harmon, Denise A (SFO - X56925) <Denise.Harmon@hklaw.com>
**Subject:** RE: Deposition dates for Dr. Jouria

Richard:

To clarify, we are not "refusing" to include Elite's counsel in the scheduling of deposition.  As is common practice, we are prioritizing the availability of the deponent.  We have never stated that we would not

1

consult with Elite regarding its availability.  Your pattern mischaracterization of our communications and statements is troubling.

Accordingly, please let us know if your client is available on the below described dates.

Jesse

**Jessica Lanier** | **Holland & Knight**
Associate
Holland & Knight LLP
50 California Street, Suite 2800 | San Francisco, CA 94111
Phone 415.743.6923 | Fax 415.743.6910
jessica.lanier@hklaw.com | www.hklaw.com
_____
Add to address book | View professional biography

---

**From:** Richard Ross [mailto:prodp@ix.netcom.com]
**Sent:** Wednesday, August 16, 2017 6:31 AM
**To:** Lanier, Jessica E (SFO - X56923) <Jessica.Lanier@hklaw.com>
**Cc:** Rothschild, Phil (FTL - X27881) <Phil.Rothschild@hklaw.com>; Kern, John P (SFO - X56918) <John.Kern@hklaw.com>; Harmon, Denise A (SFO - X56925) <Denise.Harmon@hklaw.com>
**Subject:** Re: Deposition dates for Dr. Jouria

Please let set up a discovery conference to discuss our document production, and your refusal to include Elite counsel in scheduling depositions.  Please give dates and times for next week.

On 8/15/2017 11:30 AM, Jessica.Lanier@hklaw.com wrote:

Richard:

As your client is the deponent, his availability is paramount.  Please let us know whether your client is available on the dates we identified.

Jesse

**Jessica Lanier** | **Holland & Knight**
Associate
Holland & Knight LLP
50 California Street, Suite 2800 | San Francisco, CA 94111
Phone 415.743.6923 | Fax 415.743.6910
jessica.lanier@hklaw.com | www.hklaw.com
_____
Add to address book | View professional biography

---

**From:** Richard Ross [mailto:prodp@ix.netcom.com]
**Sent:** Tuesday, August 15, 2017 3:59 AM
**To:** Lanier, Jessica E (SFO - X56923) <Jessica.Lanier@hklaw.com>
**Cc:** Rothschild, Phil (FTL - X27881) <Phil.Rothschild@hklaw.com>; Kern, John P (SFO - X56918) <John.Kern@hklaw.com>; Harmon, Denise A (SFO - X56925)

&lt;Denise.Harmon@hklaw.com&gt;
**Subject:** Re: Deposition dates for Dr. Jouria

Have you cleared these dates with counsel for Elite?

On 8/14/2017 8:24 PM, Jessica.Lanier@hklaw.com wrote:

> Richard:
>
> We are preparing a notice of deposition for Dr. Jouria.  Kindly inform us whether your client is available on the following dates:
> - September 14
> - September 27
> - September 28
> - September 29
>
> Jesse
>
> **Jessica Lanier** | **Holland & Knight**
> Associate
> Holland & Knight LLP
> 50 California Street, Suite 2800 | San Francisco, CA 94111
> Phone 415.743.6923 | Fax 415.743.6910
> jessica.lanier@hklaw.com | www.hklaw.com
> _____
> Add to address book | View professional biography

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

EXHIBIT G

# Holland & Knight

50 California Street, Suite 2800 | San Francisco, CA 94111 | T 415.743.6900 | F 415.743.6910
Holland & Knight LLP | www.hklaw.com

August 25, 2017

*Via UPS Next Day Air and Email: prodp@ix.netcom.com*

*Richard S. Ross, Esq.*
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301

Re:     Problems with Your Written Discovery Responses

Dear Mr. Ross:

In response to Requests for Production we served upon you on Friday, July 7, 2017, you served your written responses on Monday, August 9, 2017.  In response to Interrogatories we served on you Tuesday, July 11, 2017, you served your written responses on Monday, August 14, 2017—*three days late*.  The responses were due on Thursday, August 10, 2017.

We write to address deficiencies in your responses to our discovery requests, primarily:

- You selectively produced documents to us, violating the express terms of our Requests and the basic protocols of discovery in modern commercial litigation.  The documents you produced were not only in an improper format (and without the requested, industry standard Bates labels), you also did not produce them in the manner the documents were ordinarily kept (i.e. in their native format).  Moreover, you produced them in a way that improperly put the burden on us to segregate the PDFs you arbitrarily compiled, making it impossible for us to determine where one document ended and another began.  When we pressed you on this score, you feigned ignorance, claiming we were asking you to separate the PDFs into individual sheets or pages, rather than to separate the PDFs into discernable, discrete documents.  When we met-and-conferred regarding discovery specifications, you could not be bothered to read the explicit language of our instructions.  I had to read our specifications aloud to you over the phone.  In that same call, after your review of our detailed meet-and-confer letter, you provided no authority to contradict our well-supported arguments, yet, despite the fact that you waived your right to object, you *still* resisted producing documents to us in the requested format.

- Your responses to our interrogatories are woefully deficient across the board.

- You provided no response to four interrogatories.

Anchorage | Atlanta | Austin | Boston | Chicago | Dallas | Denver | Fort Lauderdale | Jacksonville | Lakeland | Los Angeles | Miami
New York | Northern Virginia | Orlando | Portland | San Francisco | Tallahassee | Tampa | Washington, D.C. | West Palm Beach
Bogotá | Mexico City

Richard S. Ross
August 25, 2017
Page 2

- You refused to produce clearly responsive documents on a variety of unsupportable grounds.

We have itemized the deficiencies in your responses below, in greater detail:

**<u>Interrogatories</u>**

- Interrogatories No. 15-18: You provided no response whatsoever.

- Interrogatory No. 1: Your answer is not responsive. We asked for facts and legal theories to support the claim that Dr. Jouria did not breach the Freelance Writer Agreements ("FWAs") related to the Seven Courses. You replied with a threadbare sentence paraphrasing the Interrogatory, stating only that your client complied with the terms of the agreements. If you have no have no responsive facts or legal theories, please affirm as much.

- Interrogatory No. 2: Your answer is not responsive. We asked for facts and legal theories to support the claim that Dr. Jouria did not infringe NetCE's copyrights. You replied with a statement indicating that you disputed NetCE's ownership of the copyrights for the Seven Courses and a statement that Dr. Jouria "did not violate any of the exclusive rights of copyright." The quoted phrase amounts to nothing more than a paraphrase of the Interrogatory and provides no facts or legal theories in response. If you have no have no responsive facts or legal theories, please affirm as much.

- Interrogatory No. 3: Your answer is not fully responsive. We asked for facts and legal theories to support the claim in Dr. Jouria's Answer that Claims Five: Unfair Business Practices Under California Bus. & Prof. Code, s: 17200 *et seq.* of the Counter-Complaint i.e. pre-empted pursuant to 17 U.S.C. s. 301. You replied with a responsive legal argument: that the "works at issue fall within the subject matter of copyright," but you provided no facts in support of your answer. If you have no have no responsive facts or legal theories, please affirm as much.

- Interrogatory No. 4: Your answer is not fully responsive. We asked for facts and legal theories to support "Your statement in Paragraph 85 of Plaintiff's Answer that 'permission [to republish, reissue, resubmit, or otherwise license the articles, identical versions of the articles, or substantially similar version of the Seven Courses] was not sought,' but that "permission was not required.'" You wrote, without referencing any factual support: "[NetCE] does not own any copyright to works submitted by [Dr. Jouria] to [NetCE]." If you have no have no responsive facts or legal theories, please affirm as much.

Richard S. Ross
August 25, 2017
Page 3

- Interrogatory No. 6: Your answer is not fully responsive. We asked for facts and legal theories to support any claim that the Subject Matter of the courses Dr. Jouria sent to Elite were not "identical to, substantially similar to, virtually identical to, or derivative of" the courses Dr. Jouria sent to Elite. You wrote, "Plaintiff is not aware of any derivative of the Seven Courses or what Defendant edited or did not edit regarding his works for the Seven Courses. The works Plaintiff submitted to Defendant and to Elite were not identical or substantially similar to each other as the works Plaintiff submitted to Elite were substantially revised by him." The second sentence offers no substantive content whatsoever, only an unsupported conclusion. If you have no have no responsive facts or legal theories, please affirm as much.

- Interrogatory No. 7: Your answer is not fully responsive. We asked for facts and legal theories regarding any claim that NetCE "expressly rejected" any or all of the Seven Courses. Your answer constituted nothing more than a legal conclusion, unsupported by fact or authority and a quotation from our own fulsome responses to your interrogatories. If you have no have no responsive facts or legal theories, please affirm as much.

- Interrogatory No. 8: Your answer is not fully responsive. We asked for facts and legal theories regarding any claim that NetCE did not own all rights to the Seven Courses. You responded by mischaracterizing the explicit language of the FWAs and referring us to our own fulsome interrogatory responses. If you have no have no responsive facts or legal theories, please affirm as much.

- Interrogatory No. 9: Your answer is not fully responsive. We asked for information regarding the "research *and writing*" process (emphasis added) related to the Seven Courses. You responded only with a high level description of Dr. Jouria's editing process (no specifics about the research he conducted for specific courses) and basic statements about Dr. Jouria's editing process. There is no information about Dr. Jouria's writing process and there are no useful specifics in your answer. If you have no have no responsive facts or legal theories, please affirm as much.

- Interrogatory No. 10: Your answer is not fully responsive. We asked for information regarding Dr. Jouria's process of changing materials before submitting them to Elite. You responded with an answer devoid of specifics regarding the Seven Courses and containing logically inconsistent phrases ("side by side comparison" of what?, "rewritten by" whom?, what "same evidence-based research"). It is not responsive to answer that "a number of articles were divided and re-written." There are seven articles in question here—it is eminently reasonable of us to expect that you clarify which articles were re-written as two-part series. You used passive voice throughout your response to this interrogatory (this issue is endemic in your responses on the whole), making it impossible to determine the identity of the actor. Did Dr. Jouria re-write these articles? Did Dr. Jouria submit these articles to Elite? Should we be concerned about an as-yet unidentified third party? We are entitled to a more fulsome response. If you have no

Richard S. Ross
August 25, 2017
Page 4

have no responsive facts or legal theories, please affirm as much.

- Interrogatory No. 11: Your answer is not responsive.  We asked you to describe your alleged process of changing the materials related to the Seven Courses before submitting them to any additional third parties.  Your answer referred to your response to Interrogatory No. 10, which we have already identified as not responsive.  Your answer is also incomplete in that it fails to name other third parties to whom Dr. Jouria submitted these materials.  If you have no have no responsive facts or legal theories, please affirm as much.

- Interrogatory No. 12: Your answer is not responsive.  We asked you to itemize all differences you made from the version of the Seven Courses you submitted to NetCE and the version of the Seven Courses Dr. Jouria submitted to Elite.  Dr. Jouria, and Dr. Jouria alone (unless of course there is an unidentified third party, as suggested by your response to Interrogatory No. 10), is in a position to describe edits he made and the reasons for the same.  You declined to provide any substantive content whatsoever.  We are entitled to this information.  If you have no have no responsive facts or legal theories, please affirm as much.

- Interrogatory No. 13: Your answer is not responsive.  We asked you to describe the length of time between your last communication with NetCE related to the Seven Courses and your first communication with Elite regarding the same.  You provided us with an approximate date for both events (again, no useful specifics) which could mean a length of between of time between 1 and 60 days.  This response is therefore deficient.  Please provide a more specific response.

- Interrogatory No. 14: Your answer is not responsive.  We asked you to name all third parties with whom you exchanged Communication regarding the Subject Matter of the Seven Courses.  You named only NurseCE4Less.com.  Please name the additional parties with whom you communicated regarding the Subject Matter.  If you have no have no responsive facts or legal theories, please affirm as much.

Your responses to these Interrogatories are evasive, devoid of meaningful specificity, and certainly not calibrated to provide any useful, responsive information.  *See City Furniture, Inc. v. Chappelle*, No. 2:15-CV-748-FTM-99CM, 2016 WL 4262228, at *2 (M.D. Fla. Aug. 12, 2016) ("An evasive or incomplete answer or response must be treated as a failure to answer or respond. When a party fails to answer an interrogatory, the party seeking the discovery may move to compel the response.") (internal citations omitted).  You are obligated to provide specific responses.  *Anderson v. City of Fort Pierce*, No. 14-14095-CIV, 2014 WL 12205049, at *1-2 (S.D. Fla. Dec. 5, 2014) (granting motion to compel, as party's "answers were far from complete"); *Hawn v. Shoreline Towers Phase I Condo. Ass'n, Inc.*, No. 3:07CV97/RV/EMT, 2007 WL 2298009 (N.D. Fla. Aug. 9, 2007) ("Answers should be

Richard S. Ross
August 25, 2017
Page 5

complete in and of themselves.").  You fall far short of the standard you expect and demand that NetCE meet.

**Requests for Production**

- Requests for Production Nos. 1, 3, 5-7, 16, and 19: You indicate that some responsive documents are exhibits to pleadings, but you are obligated to produce these documents to us if they are in your client's possession, custody, and control.  *KeyBank Nat. Ass'n v. Perkins Rowe Assocs., Inc.*, No. CIV.A. 09-497-JJB, 2011 WL 1337374, at *2 (M.D. La. Apr. 7, 2011) (a party may not refuse to produce documents on the grounds the party already possesses the same); *Ghahan, LLC v. Palm Steak House, LLC*, No. 12-80762-CIV, 2013 WL 12095557, at *3 (S.D. Fla. June 20, 2013) (citing *Walt Disney Co. v. DeFabiis,* 168 F.R.D. 281, 284 (C.D. Cal. 1996)) ("A party is entitled to the production of documents even where the requesting party is in possession of the documents.").

- Requests for production Nos 29 and 30: You indicated responsive documents are in our possession, custody, or control, but you are still obligated to produce them to us.  (Please see sources cited immediately above.)

- Requests for production Nos. 21, 30, 35, and 26: You object to the scope of the request but do not indicate whether you have withheld documents pursuant to that objection.  Please clarify so that you are in compliance with Magistrate Snow's Standing Order and the Local Rules for this Court.

- Requests for production Nos. 26, 27, 28, and 37: You fully refused to produce documents on the ground that our Requests for your client's financial information was irrelevant and/or premature until the damages phase of the litigation.  Your position is unfounded.  First, you incorrectly presume the purpose for our requests.  It is entirely possible that discussion of damages and ability to pay damages will arise in alternative dispute resolution—which would by necessity occur before any entry of judgment.  Second, a review of Dr. Jouria's financial documents will enable us to verify whether he submitted the Seven Courses (and received payment from) to third parties of which we are not yet aware.  Finally, ample case law supports our position that we are entitled to seek financial information prior to a judgment being entered against your client.  *See Gottwald v. Producers Grp. I, LLC,* No. 12-81297-CIV, 2013, WL 1776154, at * 2 (S. D. Fla. Apr. 25, 2013) (discovery of financial information including tax returns not premature in case where punitive damages asserted); *Pantages v. Cardinal Health 200*, Inc., 2009 WL 1011048 (M.D. Fla. Apr. 15, 2009) (granting motion to compel, rejecting argument that evidence regarding financial worth is not material "until it becomes apparent that punitive damages can be awarded"); *In re: Fiddler's Creek, LLC*, No. 2:14-CV-379-FTM-29CM, 2016 WL 3906927, at *3 (M.D. Fla. July 19, 2016) (party entitled to seek discovery of financial net worth because punitive damages claim at issue).  We further note that you repeatedly argued before Magistrate Snow that the looming November 15, 2017

Richard S. Ross
August 25, 2017
Page 6

discovery cutoff compelled your rush to the Court.  You cannot have it both ways—either the discovery matters are imminent or they can be dealt with piecemeal throughout the life of the case.

In your response to our Requests for Production you describe a "computer crash," which appears to have made unavailable a number of responsive or potentially responsive documents.  We require additional information regarding this crash.  When did it occur?  Is Dr. Jouria still in possession of the device or of its hard drive?  Were any documents recovered following the crash?  Did Dr. Jouria save files prior to the crash on any backup system (for example, an external hard drive or cloud system)?  We believe a forensic analysis may be necessary in order to determine if responsive documents are salvageable.

As of this writing, though you have indicated an ability to deliver the documents to us in our requested format, you have yet to do so.  You have still failed to produce a single useable document in the proper format.  You seem to believe only NetCE is obligated to abide by Magistrate Snow's standing order and the Local Rules, and that the Federal Rules of Civil Procedure *and* the Standing Order somehow do not apply to your client.

Please respond within two (2) business days of receipt of this letter and provide your availability to meet and confer.

HOLLAND & KNIGHT LLP

Jesse Lanier