## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No.: 0:15-cv-61165-WPD**

DR. JASSIN JOURIA

    Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

    Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Third Party Plaintiff,

v.

Elite Continuing Education, Inc. and Alpine
Management Services III, LLC,

        Third Party Defendants.

_____/

**CE RESOURCE, INC. d/b/a CME RESOURCE and NETCE'S MOTION
TO COMPEL RESPONSIVE ANSWERS
TO INTERROGATORIES, AND MEMORANDUM IN SUPPORT**

## INTRODUCTION

Dr. Jouria has provided late, non-responsive answers to nearly *all* interrogatories NetCE propounded. Some of his non-responsive answers are wholly or partially incomplete, others constitute impermissible legal conclusions with no supporting facts or legal arguments, as requested. NetCE's repeated, good faith efforts to remedy the deficiencies through the meet and confer process were not successful. NetCE now turns to this Court for a remedy.

## FACTS AND ANALYSIS

### A.  Dr. Jouria's Answers to the Vast Majority of NetCE's Interrogatories were Late and are Not Responsive

In response to NetCE's Interrogatories served on July 11, 2017, Dr. Jouria served written responses on August 14, 2017—three days late. See **Exhibit A** to Declaration of Jessica Lanier ("Lanier Decl."). Dr. Jouria also neglected to timely serve responses to NetCE's Interrogatories No. 15-18 until August 28, 2017—17 days late. **Exhibit B** to Lanier Decl.

Dr. Jouria's responses to NetCE's interrogatories were not only late, but also were woefully deficient and devoid of meaningful, responsive detail. Counsel for NetCE set forth its detailed complaints by letter (on August 25, 2017), and in a teleconference (on August 30, 2017). See **Exhibit C** to Lanier Decl. Mr. Ross agreed to supplement his response only to Interrogatory No. 9 and, in a subsequent email, indicated he would revisit his positions on many of the other non-responsive interrogatories, to the extent he could clarify that he was unaware of any legal theory or facts to support his argument. See **Exhibit D** to Lanier Decl. On Tuesday, September 5, 2017, after seeming to willfully misunderstand counsel's clear instructions regarding the supplementation of his responses, see **Exhibit D** to Lanier Decl.[1], Mr. Ross

---

[1] In response to email from Ms. Lanier summarizing the meet-and-confer call, Mr. Ross indicated, on August 31, that he was willing to reconsider his position with respect to supplementing Interrogatories No. 1-4, 6-8, 10-14: "We are willing to revise our answer, *answer the interrogatory indirectly*, and state that there are no facts or legal theories of which we are aware to support Dr. Jouria's breach. Please advise if this answer would resolve the dispute as to Int. 1. If so, we can amend, and address the other interrogatories similarly to see if we can resolve most if not all of these disputes." (emphasis added). See **Exhibit D** to Lanier Decl.

Mr. Ross, in so stating, appeared to imply that he was, in fact, *unwilling* to fully answer the interrogatories ("answer the interrogatory indirectly"), but believed the solution to his deficient substantive responses was to state that he had no additional information to support his answer for each response—regardless of whether that was true.

Ms. Lanier replied: "With respect to the interrogatories, we need not complicate common sense. *If it is true that you have no additional facts or legal theories to support your answers, please say so, in a properly formatted*

2

supplemented his response only to Interrogatory No. 9.  This supplemental response, unfortunately, remains deficient.  See **Exhibit E** to Lanier Decl.  For each of the Interrogatories identified immediately below, NetCE asked Mr. Ross three times (in the August 25, 2017 letter, on the meet-and-confer call, and in an email dated August 31, 2017), to, *if applicable*, state whether there were no additional facts or legal theories to support his answers.  See **Exhibit D** to Lanier Decl.  Mr. Ross refused.

- Interrogatory No. 1:  NetCE asked for facts and legal theories to support the claim that Dr. Jouria did not breach the Freelance Writer Agreements ("FWAs") related to the Seven Courses.  Dr. Jouria's answer was a threadbare sentence paraphrasing the Interrogatory, stating only the legal conclusion that he complied with the terms of the agreements.

- Interrogatory No. 2: NetCE asked for facts and legal theories to support the claim that Dr. Jouria did not infringe NetCE's copyrights.  Dr. Jouria replied that he disputed NetCE's ownership of the copyrights for the Seven Courses and stated Dr. Jouria "did not violate any of the exclusive rights of copyright."  The quoted phrase amounts to nothing more than a paraphrase of the Interrogatory and a bare legal conclusion and provides no facts or legal theories in response.

- Interrogatory No. 3: NetCE asked for facts and legal theories to support the claim in Dr. Jouria's Answer that Claims Five: Unfair Business Practices Under California Bus. & Prof. Code, s: 17200 *et seq.* of the Counter-Complaint i.e. pre-empted pursuant to 17 U.S.C. s. 301.  Dr. Jouria replied with a responsive legal argument: that the "works at issue fall within the subject matter of copyright," but provided no factual support.

- Interrogatory No. 4: NetCE asked for facts and legal theories to support "Your statement in  Paragraph 85 of Plaintiff's Answer that 'permission [to republish, reissue, resubmit, or otherwise license the articles, identical versions of the articles, or substantially similar version of the Seven Courses] was not sought,' but that "permission was not required.'"  Dr. Jouria replied, without referencing any factual support: "[NetCE] does not own any copyright to works submitted by [Dr. Jouria] to [NetCE]."

- Interrogatory No. 6: NetCE asked for facts and legal theories to support any claim that the Subject Matter of the courses Dr. Jouria sent to Elite were not "identical to, substantially similar to, virtually identical to, or derivative of" the courses Dr. Jouria sent to Elite. Dr. Jouria wrote, "Plaintiff is not aware of any derivative of the Seven Courses or what Defendant edited or did not edit regarding his works for the Seven Courses.  The works Plaintiff submitted to Defendant and to Elite were not identical or substantially

---

*supplemental response, for each interrogatory to which this statement applies. If it is not true, we otherwise understand that you are declining to supplement your answers so that they are responsive.*"  (emphasis added)

Mr. Ross claimed to misunderstand this clear instruction and declined to supplement his interrogatory responses to Nos. 1-4, 6-8, 10-14.

similar to each other as the works Plaintiff submitted to Elite were substantially revised by him." The second sentence offers no substantive content whatsoever, only an unsupported legal conclusion.

- Interrogatory No. 7: NetCE asked for facts and legal theories regarding any claim that NetCE "expressly rejected" any or all of the Seven Courses. Dr. Jouria's answer constituted nothing more than a legal conclusion, unsupported by fact or authority and a quotation from NetCE's own fulsome responses to his interrogatories.

- Interrogatory No. 8: NetCE asked for facts and legal theories regarding any claim Dr. Jouria had that NetCE did not own all rights to the Seven Courses. Dr. Jouria responded by mischaracterizing the explicit language of the Freelance Writer Agreements and, again, referring NetCE to its own fulsome interrogatory responses.

- Interrogatory No. 9: Mr. Ross supplemented this response on September 5, 2017, but the substantive response remains deficient. Mr. Ross employed "passive voice" through the supplemental response. (Indeed, Mr. Ross's use of passive voice is endemic in the responses to NetCE's interrogatories.) His use of passive voice serves only to obscure the identity of the actors in play, depriving NetCE of responsive information. For example, "The articles were written in sections of sub-topics based on the proposed outlines." Who wrote the articles? Is there an as-yet unidentified third party about whom NetCE should be concerned? Dr. Jouria's answers are riddled with such sentence construction, depriving NetCE of responsive information.

- Interrogatory No. 10: NetCE asked for information regarding Dr. Jouria's process of changing materials before submitting them to Elite. Dr. Jouria responded with an answer devoid of specifics regarding the Seven Courses and containing logically inconsistent phrases ("side by side comparison" of what?, "rewritten by" whom?, what "same evidence-based research"). It is not responsive for Dr. Jouria to answer that "a number of articles were divided and re-written." There are seven articles in question in this lawsuit—it is eminently reasonable of NetCE, for example, to expect Dr. Jouria to clarify which articles he re-wrote as two-part series. Moreover, Dr. Jouria again employed passive voice through this response, making it impossible to determine the identity of the actor. Did Dr. Jouria re-write these articles? Did Dr. Jouria submit these articles to Elite? If not he, than who? NetCE is entitled to a more fulsome response.

- Interrogatory No. 11: NetCE asked Dr. Jouria to describe his alleged process of changing the materials related to the Seven Courses before submitting them to any additional third parties. Dr. Jouria's answer referred to his response to Interrogatory No. 10, which, as described above, is unresponsive. The answer to Interrogatory No. 11 is also incomplete in that it fails to name other third parties to whom Dr. Jouria submitted these materials.

- Interrogatory No. 12: NetCE asked Dr. Jouria to itemize all edits he implemented to the version of the Seven Courses he submitted to NetCE and the version of the Seven Courses Dr. Jouria submitted to Elite. Dr. Jouria, and Dr. Jouria alone (unless of course there exists an unidentified third party, as his responses to Interrogatories No. 9 and 10 suggests), is in a position to describe edits he made and the reasons for the same. Instead,

4

      he declined to provide any substantive content.  NetCE is entitled to this information.

- Interrogatory No. 13: NetCE asked him to describe the length of time between his last communication with NetCE related to the Seven Courses and his first communication with Elite regarding the same.  He provided only an approximate date for both events (again, no useful specifics) which could mean a length of between of time between 1 and 60 days.

- Interrogatory No. 14: Dr. Jouria's answer is not responsive.  NetCE asked him to name all third parties with whom he exchanged Communication regarding the Subject Matter of the Seven Courses, but he named only NurseCE4Less.com.

As NetCE painstakingly explained to Mr. Ross in its meet-and-confer letter, threadbare responses to interrogatories are impermissible. *See City Furniture, Inc. v. Chappelle*, No. 2:15-CV-748-FTM-99CM, 2016 WL 4262228, at *2 (M.D. Fla. Aug. 12, 2016) ("An evasive or incomplete answer or response must be treated as a failure to answer or respond. When a party fails to answer an interrogatory, the party seeking the discovery may move to compel the response.") (internal citations omitted); *Anderson v. City of Fort Pierce*, No. 14-14095-CIV, 2014 WL 12205049, at *1-2 (S.D. Fla. Dec. 5, 2014) (granting motion to compel, as party's "answers were far from complete"); *Hawn v. Shoreline Towers Phase I Condo. Ass'n, Inc.*, No. 3:07CV97/RV/EMT, 2007 WL 2298009 (N.D. Fla. Aug. 9, 2007) ("Answers should be complete in and of themselves.").  In each of these examples, the court found perfunctory, non-substantive interrogatory responses not responsive.  Moreover, a legal conclusion, without supporting facts or legal arguments, is not responsive.  *Colsan v. Cincinnati Ins. Co.*, No. CIV.A. 13-495-BAJ, 2013 WL 6531917, at *2 (M.D. La. Dec. 12, 2013) (party must supplement responses if "answers provided are evasive and incomplete."); *Hawecker v. Sorenson*, No. 1:10-CV-00085-AWI, 2012 WL 1297136, at *2 (E.D. Cal. Apr. 16, 2012) (granting motion to compel: "though the interrogatories sought facts, [responding party's] response to interrogatories provided only a legal conclusion" that legal event did not occur).  Mr. Ross falls far short of the discovery standards he expects NetCE to exceed, and this Court should compel supplemental, substantive responses to NetCE's interrogatories.  *See* Fed. R. Civ. P. 37(a)(4) ("An evasive or incomplete answer or response must be treated as a failure to answer or respond.")

5

### B.     Dr. Jouria Refuses to Provide Relevant Information

Dr. Jouria refused explicitly to substantively answer Interrogatories Nos. 17 and 18[2] on the grounds these Requests and Interrogatories sought financial information regarding his client and were premature before this Court entered a judgment against Dr. Jouria. This position is unsupported and unfounded, and is the same issue as that presented in NetCE's Motion to Compel regarding Dr. Jouria's deficient document production. The breadth of permissible topics in discovery is broad. A request for information or documents need only be capable of leading to the production or discovery of relevant, admissible evidence. Dr. Jouria has articulated, and can articulate, no grounds why this information is protected from production to NetCE.

First, Dr. Jouria incorrectly presumes the purposes of NetCE's interrogatories. NetCE can glean any number of pertinent pieces of information from its requests, including without limitation, confirmation or refutation of Dr. Jouria's claims he has received payment for the Seven Courses from only a select number of continuing education providers. Further, it is entirely possible that discussion of damages and ability to pay damages will arise in alternative dispute resolution—which would by necessity occur before any entry of judgment.[3]

### CERTIFICATE OF COUNSEL PER L.R. 7.1(a)(3) and DE 77

NetCE's counsel Jesse Lanier and Phil Rothschild spoke with Dr. Jouria's counsel, Richard Ross, in two telephone meet and confer sessions on August 21, 2017 (John Kern for NetCE also participated in August, 21, 2017 and August 30, 2017), but were unable to resolve the remaining issues explained above. Please see Lanier Declaration for further details.

### CONCLUSION

For the reasons set forth above, NetCE respectfully requests that this Court order Dr. Jouria to supplement his Interrogatories and pay NetCE the costs and attorneys' fees associated with bringing this motion.

---

[2] NetCE notes that Dr. Jouria served his responses to Interrogatories 17 and 18 several weeks late and therefore technically waived his rights to object to these Interrogatories or to refuse to reply altogether.

[3] Please see case law cited in Section B of NetCE's Motion to Compel.

6

Dated: September 8, 2017                     Respectfully submitted,

                                                HOLLAND & KNIGHT LLP

/s/ Philip E. Rothschild
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

/s/ John P. Kern
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Jessica E. Lanier, Esq. (pro hac vice)
Email: Jessica.Lanier@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC. d/b/a
CME RESOURCE and NetCE

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 8, 2017, I electronically filed the foregoing document this day via CM/ECF on all counsel of record identified on the attached Service List which should case the above document to be sent by email to counsel listed below.

*/s/ Philip E. Rothschild*
Philip E. Rothschild

## SERVICE LIST

Richard S. Ross, Esq.
915 S.E. 2nd Court
Fort Lauderdale, FL 33301
Email:  prodp@ix.netcom.com
*Attorneys for Plaintiff Dr. Jassin Jouria*
**[VIA E-MAIL]**

Peter A. Chiabotti, Esq.
Akerman LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Email: peter.chiabotti@akerman.com
*Attorneys for Elite Continuing Education, Inc.*
**[VIA E-MAIL]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Email:  markwilson@mvalaw.com; katecole@mvalaw.com
*Attorneys for Elite Continuing Education, Inc.*
**[VIA E-MAIL]**