**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 0:15-cv-61165-WPD**

DR. JASSIN JOURIA

      Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

      Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

      Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

      Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

          Defendant/Third Party Plaintiff,

v.

Elite Continuing Education, Inc. and Alpine
Management Services III, LLC,

          Third Party Defendants.

_____

**DECLARATION OF JESSICA LANIER IN SUPPORT OF CE RESOURCE, INC. d/b/a CME RESOURCE and NETCE MOTION TO COMPEL RESPONSIVE ANSWERS TO INTERROGATORIES**

I, Jessica E. Lanier, declare as follows:

1.      I am an attorney with the law firm of Holland & Knight LLP, and I am duly licensed to practice law in the State of California.  I am one of the attorneys representing defendant CE Resource, Inc. *d/b/a* CME Resource and NetCE (hereafter, "NetCE").   I, along with my colleague John Kern, am admitted *pro hac vice* in the United States District Court for the Southern District of Florida in the above-captioned case.  Through this litigation, we have been accompanied by local counsel Phil Rothschild.

2.      I have personal knowledge of the circumstances described below and, if so called, can testify under oath regarding these events.

3.      Attached to this declaration as **<u>Exhibit A</u>** is a true and correct copy of Dr. Jouria's service of Responses to NetCE's First Set of Interrogatories Nos. 1-14.

4.      Attached to this declaration as **<u>Exhibit B</u>** is a true and correct copy of Dr. Jouria's service of Responses to NetCE's First Set of Interrogatories Nos. 15-18.

5.      Attached to this declaration as **<u>Exhibit C</u>** is a true and correct copy of a meet-and-confer letter sent to Dr. Jouria's counsel on August 25, 2017.

6.      Attached to this declaration as **<u>Exhibit D</u>** is a true and correct copy of an email chain beginning August 30, 2017, and ending September 5, 2017, between counsel for Dr. Jouria and counsel for NetCE.

7.      Attached to this declaration as **<u>Exhibit E</u>** is a true and correct copy Dr. Jouria's Responses to NetCE's Interrogatories Nos. 1-14, a true and correct copy of Dr. Jouria's Responses

to Interrogatories No. 15-18, and a true and correct copy of Dr. Jouria's First Supplemental

Response to Interrogatory No. 9.

8.     Attached to this declaration as **<u>Exhibit F</u>** is a true and correct copy of NetCE's First

Set of Interrogatories.


I declare under penalty of perjury that the foregoing is true and correct.


Dated this 7th day of September, 2017     By:_____

                                          Jessica E. Lanier, Esq.

3

EXHIBIT A

**Lanier, Jessica E (SFO - X56923)**

| | |
|---|---|
| **From:** | Richard Ross <prodp@ix.netcom.com> |
| **Sent:** | Monday, August 14, 2017 11:56 AM |
| **To:** | Kern, John P (SFO - X56918); Rothschild, Phil (FTL - X27881); Lanier, Jessica E (SFO - X56923) |
| **Cc:** | Mark Wilson; Kate Cole; peter.chiabotti@akerman.com |
| **Subject:** | JOURIA V NETCE ET AL |
| **Attachments:** | Jouria Response to NetCE Interrogatories |

Counsel,

Please see attached, Dr. Jouria's service response to NetCE's First Set of Interrogatories

Sincerely,
RICHARD S. ROSS, ESQ.
**Patents, Trademarks, Copyrights
    and Related Litigation**
915 S.E. 2 Court
Ft. Lauderdale, Florida  33301
tel 954/252-9110
fax 954/252-9192

CONFIDENTIALITY NOTICE:
This e-mail is subject to the Electronics Communications Privacy Act, 18 U.S.C. § 2510-2521, and may be legally privileged. The information contained in this e-mail message, together with any attachments hereto or links contained herein, is strictly private and confidential information intended only for the use of the individual or entity named above. The information contained in this e-mail, and any attachments hereto may be attorney-client privileged, and work product confidential intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is STRICTLY PROHIBITED.

NOTICE UNDER U.S. TREASURY DEPARTMENT CIRCULAR 230. *Regulations Governing the Practice of Attorneys, Certified Public Accountants, Enrolled Agents, Enrolled Actuaries, and Appraisers before the Internal Revenue Service:*
To the extent that this e-mail communication and the attachment(s) hereto, if any, may contain written advice concerning or relating to a Federal (U.S.) tax issue, United States Treasury Department Regulations (Circular 230) require that we (and we do hereby) advise and disclose to you that, unless we expressly state otherwise in writing, such tax advice is not written or intended to be used, and cannot be used by you (the addressee), or other person(s), for purposes of (1) avoiding penalties imposed under the United States Internal Revenue Code or (2) promoting, marketing or recommending to any other person(s) the (or any of the) transaction(s) or matter(s) addressed, discussed or referenced herein for IRS audit, tax dispute or other purposes.

EXHIBIT B

**Lanier, Jessica E (SFO - X56923)**

| | |
|---|---|
| **From:** | Richard Ross <prodp@ix.netcom.com> |
| **Sent:** | Monday, August 28, 2017 11:42 AM |
| **To:** | Lanier, Jessica E (SFO - X56923) |
| **Cc:** | Kern, John P (SFO - X56918); Rothschild, Phil (FTL - X27881); Mark Wilson; Kate Cole; peter.chiabotti@akerman.com |
| **Subject:** | JOURIA V NETCE |
| **Attachments:** | Supp Interr Responses 15-18 |

Jessica,

We can hold a meet and confer pursuant to your 5-page letter request of last Friday either this Wednesday or Thursday afternoon.  Please provide some time blocks and the amount of time you wish us to reserve.  If you need more availability, please advise.

Also, attached please find our client's supplemental response to your client's first set of interrogatories, in which we inadvertently failed to note Interrogatory Nos. 15-18 propounded on the last page containing the interrogatories, and did not respond to them for that reason.

Finally, given the court's order awarding our client attorney's fees on our motion to compel at the hearing last week, please let us know if you would like to agree to an amount, or would you prefer that we go through the procedure outlined in the local rules.

Sincerely,
RICHARD S. ROSS, ESQ.
**Patents, Trademarks, Copyrights**
     **and Related Litigation**
915 S.E. 2 Court
Ft. Lauderdale, Florida  33301
tel 954/252-9110
fax 954/252-9192

CONFIDENTIALITY NOTICE:
This e-mail is subject to the Electronics Communications Privacy Act, 18 U.S.C. § 2510-2521, and may be legally privileged. The information contained in this e-mail message, together with any attachments hereto or links contained herein, is strictly private and confidential information intended only for the use of the individual or entity named above. The information contained in this e-mail, and any attachments hereto may be attorney-client privileged, and work product confidential intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is STRICTLY PROHIBITED.

NOTICE UNDER U.S. TREASURY DEPARTMENT CIRCULAR 230, *Regulations Governing the Practice of Attorneys, Certified Public Accountants, Enrolled Agents, Enrolled Actuaries, and Appraisers before the Internal Revenue Service:*
To the extent that this e-mail communication and the attachment(s) hereto, if any, may contain written advice concerning or relating to a Federal (U.S.) tax issue, United States Treasury Department Regulations (Circular 230) require that we (and we do hereby) advise and disclose to you that, unless we expressly state otherwise in writing, such tax advice is not written or intended to be used, and cannot be used by you (the addressee), or other person(s), for purposes of (1) avoiding penalties imposed under the United States Internal Revenue Code or (2) promoting, marketing or recommending to any other person(s) the (or any of the) transaction(s) or matter(s) addressed, discussed or referenced herein for IRS audit, tax dispute or other purposes.

EXHIBIT C

# Holland & Knight

50 California Street, Suite 2800 | San Francisco, CA 94111 | T 415.743.6900 | F 415.743.6910
Holland & Knight LLP | www.hklaw.com

August 25, 2017

*Via UPS Next Day Air and Email: prodp@ix.netcom.com*

*Richard S. Ross, Esq.*
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301

    Re:  Problems with Your Written Discovery Responses

Dear Mr. Ross:

In response to Requests for Production we served upon you on Friday, July 7, 2017, you served your written responses on Monday, August 9, 2017.  In response to Interrogatories we served on you Tuesday, July 11, 2017, you served your written responses on Monday, August 14, 2017—*three days late*.  The responses were due on Thursday, August 10, 2017.

We write to address deficiencies in your responses to our discovery requests, primarily:

- You selectively produced documents to us, violating the express terms of our Requests and the basic protocols of discovery in modern commercial litigation.  The documents you produced were not only in an improper format (and without the requested, industry standard Bates labels), you also did not produce them in the manner the documents were ordinarily kept (i.e. in their native format).  Moreover, you produced them in a way that improperly put the burden on us to segregate the PDFs you arbitrarily compiled, making it impossible for us to determine where one document ended and another began.  When we pressed you on this score, you feigned ignorance, claiming we were asking you to separate the PDFs into individual sheets or pages, rather than to separate the PDFs into discernable, discrete documents.  When we met-and-conferred regarding discovery specifications, you could not be bothered to read the explicit language of our instructions.  I had to read our specifications aloud to you over the phone.  In that same call, after your review of our detailed meet-and-confer letter, you provided no authority to contradict our well-supported arguments, yet, despite the fact that you waived your right to object, you *still* resisted producing documents to us in the requested format.

- Your responses to our interrogatories are woefully deficient across the board.

- You provided no response to four interrogatories.

Anchorage | Atlanta | Austin | Boston | Chicago | Dallas | Denver | Fort Lauderdale | Jacksonville | Lakeland | Los Angeles | Miami
New York | Northern Virginia | Orlando | Portland | San Francisco | Tallahassee | Tampa | Washington, D.C. | West Palm Beach
Bogotá | Mexico City

Richard S. Ross
August 25, 2017
Page 2

- You refused to produce clearly responsive documents on a variety of unsupportable grounds.

We have itemized the deficiencies in your responses below, in greater detail:

**<u>Interrogatories</u>**

- Interrogatories No. 15-18: You provided no response whatsoever.

- Interrogatory No. 1: Your answer is not responsive.  We asked for facts and legal theories to support the claim that Dr. Jouria did not breach the Freelance Writer Agreements ("FWAs") related to the Seven Courses.  You replied with a threadbare sentence paraphrasing the Interrogatory, stating only that your client complied with the terms of the agreements.  If you have no have no responsive facts or legal theories, please affirm as much.

- Interrogatory No. 2: Your answer is not responsive.  We asked for facts and legal theories to support the claim that Dr. Jouria did not infringe NetCE's copyrights.  You replied with a statement indicating that you disputed NetCE's ownership of the copyrights for the Seven Courses and a statement that Dr. Jouria "did not violate any of the exclusive rights of copyright."  The quoted phrase amounts to nothing more than a paraphrase of the Interrogatory and provides no facts or legal theories in response.  If you have no have no responsive facts or legal theories, please affirm as much.

- Interrogatory No. 3: Your answer is not fully responsive.  We asked for facts and legal theories to support the claim in Dr. Jouria's Answer that Claims Five: Unfair Business Practices Under California Bus. & Prof. Code, s: 17200 *et seq.* of the Counter-Complaint i.e. pre-empted pursuant to 17 U.S.C. s. 301.  You replied with a responsive legal argument: that the "works at issue fall within the subject matter of copyright," but you provided no facts in support of your answer.  If you have no have no responsive facts or legal theories, please affirm as much.

- Interrogatory No. 4: Your answer is not fully responsive.  We asked for facts and legal theories to support "Your statement in  Paragraph 85 of Plaintiff's Answer that 'permission [to republish, reissue, resubmit, or otherwise license the articles, identical versions of the articles, or substantially similar version of the Seven Courses] was not sought,' but that "permission was not required.'"  You wrote, without referencing any factual support: "[NetCE] does not own any copyright to works submitted by [Dr. Jouria] to [NetCE]."  If you have no have no responsive facts or legal theories, please affirm as much.

Richard S. Ross
August 25, 2017
Page 3

- Interrogatory No. 6: Your answer is not fully responsive.  We asked for facts and legal theories to support any claim that the Subject Matter of the courses Dr. Jouria sent to Elite were not "identical to, substantially similar to, virtually identical to, or derivative of" the courses Dr. Jouria sent to Elite. You wrote, "Plaintiff is not aware of any derivative of the Seven Courses or what Defendant edited or did not edit regarding his works for the Seven Courses.  The works Plaintiff submitted to Defendant and to Elite were not identical or substantially similar to each other as the works Plaintiff submitted to Elite were substantially revised by him."  The second sentence offers no substantive content whatsoever, only an unsupported conclusion.  If you have no have no responsive facts or legal theories, please affirm as much.

- Interrogatory No. 7: Your answer is not fully responsive.  We asked for facts and legal theories regarding any claim that NetCE "expressly rejected" any or all of the Seven Courses.  Your answer constituted nothing more than a legal conclusion, unsupported by fact or authority and a quotation from our own fulsome responses to your interrogatories.  If you have no have no responsive facts or legal theories, please affirm as much.

- Interrogatory No. 8: Your answer is not fully responsive.  We asked for facts and legal theories regarding any claim that NetCE did not own all rights to the Seven Courses. You responded by mischaracterizing the explicit language of the FWAs and referring us to our own fulsome interrogatory responses.  If you have no have no responsive facts or legal theories, please affirm as much.

- Interrogatory No. 9: Your answer is not fully responsive.  We asked for information regarding the "research *and writing*" process (emphasis added) related to the Seven Courses.  You responded only with a high level description of Dr. Jouria's editing process (no specifics about the research he conducted for specific courses) and basic statements about Dr. Jouria's editing process.  There is no information about Dr. Jouria's writing process and there are no useful specifics in your answer.  If you have no have no responsive facts or legal theories, please affirm as much.

- Interrogatory No. 10: Your answer is not fully responsive.  We asked for information regarding Dr. Jouria's process of changing materials before submitting them to Elite. You responded with an answer devoid of specifics regarding the Seven Courses and containing logically inconsistent phrases ("side by side comparison" of what?, "rewritten by" whom?, what "same evidence-based research").  It is not responsive to answer that "a number of articles were divided and re-written."  There are seven articles in question here—it is eminently reasonable of us to expect that you clarify which articles were re-written as two-part series.  You used passive voice throughout your response to this interrogatory (this issue is endemic in your responses on the whole), making it impossible to determine the identity of the actor.  Did Dr. Jouria re-write these articles?  Did Dr. Jouria submit these articles to Elite?  Should we be concerned about an as-yet unidentified third party?  We are entitled to a more fulsome response.  If you have no

Richard S. Ross
August 25, 2017
Page 4

have no responsive facts or legal theories, please affirm as much.

- Interrogatory No. 11: Your answer is not responsive.  We asked you to describe your alleged process of changing the materials related to the Seven Courses before submitting them to any additional third parties.  Your answer referred to your response to Interrogatory No. 10, which we have already identified as not responsive.  Your answer is also incomplete in that it fails to name other third parties to whom Dr. Jouria submitted these materials.  If you have no have no responsive facts or legal theories, please affirm as much.

- Interrogatory No. 12: Your answer is not responsive.  We asked you to itemize all differences you made from the version of the Seven Courses you submitted to NetCE and the version of the Seven Courses Dr. Jouria submitted to Elite.  Dr. Jouria, and Dr. Jouria alone (unless of course there is an unidentified third party, as suggested by your response to Interrogatory No. 10), is in a position to describe edits he made and the reasons for the same.  You declined to provide any substantive content whatsoever.  We are entitled to this information.  If you have no have no responsive facts or legal theories, please affirm as much.

- Interrogatory No. 13: Your answer is not responsive.  We asked you to describe the length of time between your last communication with NetCE related to the Seven Courses and your first communication with Elite regarding the same.  You provided us with an approximate date for both events (again, no useful specifics) which could mean a length of between of time between 1 and 60 days.  This response is therefore deficient.  Please provide a more specific response.

- Interrogatory No. 14: Your answer is not responsive.  We asked you to name all third parties with whom you exchanged Communication regarding the Subject Matter of the Seven Courses.  You named only NurseCE4Less.com.  Please name the additional parties with whom you communicated regarding the Subject Matter.  If you have no have no responsive facts or legal theories, please affirm as much.

Your responses to these Interrogatories are evasive, devoid of meaningful specificity, and certainly not calibrated to provide any useful, responsive information.  *See City Furniture, Inc. v. Chappelle*, No. 2:15-CV-748-FTM-99CM, 2016 WL 4262228, at *2 (M.D. Fla. Aug. 12, 2016) ("An evasive or incomplete answer or response must be treated as a failure to answer or respond. When a party fails to answer an interrogatory, the party seeking the discovery may move to compel the response.") (internal citations omitted).  You are obligated to provide specific responses.  *Anderson v. City of Fort Pierce*, No. 14-14095-CIV, 2014 WL 12205049, at *1-2 (S.D. Fla. Dec. 5, 2014) (granting motion to compel, as party's "answers were far from complete"); *Hawn v. Shoreline Towers Phase I Condo. Ass'n, Inc.*, No. 3:07CV97/RV/EMT, 2007 WL 2298009 (N.D. Fla. Aug. 9, 2007) ("Answers should be

Richard S. Ross
August 25, 2017
Page 5

complete in and of themselves."). You fall far short of the standard you expect and demand that NetCE meet.

**Requests for Production**

- Requests for Production Nos. 1, 3, 5-7, 16, and 19: You indicate that some responsive documents are exhibits to pleadings, but you are obligated to produce these documents to us if they are in your client's possession, custody, and control. *KeyBank Nat. Ass'n v. Perkins Rowe Assocs., Inc.*, No. CIV.A. 09-497-JJB, 2011 WL 1337374, at *2 (M.D. La. Apr. 7, 2011) (a party may not refuse to produce documents on the grounds the party already possesses the same); *Ghahan, LLC v. Palm Steak House, LLC*, No. 12-80762-CIV, 2013 WL 12095557, at *3 (S.D. Fla. June 20, 2013) (citing *Walt Disney Co. v. DeFabiis,* 168 F.R.D. 281, 284 (C.D. Cal. 1996)) ("A party is entitled to the production of documents even where the requesting party is in possession of the documents.").

- Requests for production Nos 29 and 30: You indicated responsive documents are in our possession, custody, or control, but you are still obligated to produce them to us. (Please see sources cited immediately above.)

- Requests for production Nos. 21, 30, 35, and 26: You object to the scope of the request but do not indicate whether you have withheld documents pursuant to that objection. Please clarify so that you are in compliance with Magistrate Snow's Standing Order and the Local Rules for this Court.

- Requests for production Nos. 26, 27, 28, and 37: You fully refused to produce documents on the ground that our Requests for your client's financial information was irrelevant and/or premature until the damages phase of the litigation. Your position is unfounded. First, you incorrectly presume the purpose for our requests. It is entirely possible that discussion of damages and ability to pay damages will arise in alternative dispute resolution—which would by necessity occur before any entry of judgment. Second, a review of Dr. Jouria's financial documents will enable us to verify whether he submitted the Seven Courses (and received payment from) to third parties of which we are not yet aware. Finally, ample case law supports our position that we are entitled to seek financial information prior to a judgment being entered against your client. *See Gottwald v. Producers Grp. I, LLC,* No. 12-81297-CIV, 2013, WL 1776154, at * 2 (S. D. Fla. Apr. 25, 2013) (discovery of financial information including tax returns not premature in case where punitive damages asserted); *Pantages v. Cardinal Health 200*, Inc., 2009 WL 1011048 (M.D. Fla. Apr. 15, 2009) (granting motion to compel, rejecting argument that evidence regarding financial worth is not material "until it becomes apparent that punitive damages can be awarded"); *In re: Fiddler's Creek, LLC*, No. 2:14-CV-379-FTM-29CM, 2016 WL 3906927, at *3 (M.D. Fla. July 19, 2016) (party entitled to seek discovery of financial net worth because punitive damages claim at issue). We further note that you repeatedly argued before Magistrate Snow that the looming November 15, 2017

Richard S. Ross
August 25, 2017
Page 6

discovery cutoff compelled your rush to the Court.  You cannot have it both ways—either the discovery matters are imminent or they can be dealt with piecemeal throughout the life of the case.

In your response to our Requests for Production you describe a "computer crash," which appears to have made unavailable a number of responsive or potentially responsive documents.  We require additional information regarding this crash.  When did it occur?  Is Dr. Jouria still in possession of the device or of its hard drive?  Were any documents recovered following the crash?  Did Dr. Jouria save files prior to the crash on any backup system (for example, an external hard drive or cloud system)?  We believe a forensic analysis may be necessary in order to determine if responsive documents are salvageable.

As of this writing, though you have indicated an ability to deliver the documents to us in our requested format, you have yet to do so.  You have still failed to produce a single useable document in the proper format.  You seem to believe only NetCE is obligated to abide by Magistrate Snow's standing order and the Local Rules, and that the Federal Rules of Civil Procedure *and* the Standing Order somehow do not apply to your client.

Please respond within two (2) business days of receipt of this letter and provide your availability to meet and confer.

HOLLAND & KNIGHT LLP

Jesse Lanier

EXHIBIT D

**Lanier, Jessica E (SFO - X56923)**

| | |
|---|---|
| **From:** | Richard Ross <prodp@ix.netcom.com> |
| **Sent:** | Tuesday, September 5, 2017 4:46 AM |
| **To:** | Lanier, Jessica E (SFO - X56923) |
| **Cc:** | Kern, John P (SFO - X56918); Rothschild, Phil (FTL - X27881); Harmon, Denise A (SFO - X56925); Yee, Myrna M (SFO - X56916); Kappes, Daniel P (SFO - X56951); Mark Wilson; Kate Cole; peter.chiabotti@akerman.com |
| **Subject:** | Re: Meet and confer August 30 and next steps |
| **Attachments:** | Second Supp Int Response; Supp Response to RFP |

Jessica,

Based upon John's e mail below, we have made no further attempt to resolve your dissatisfaction relative to the interrogatories responses at issue, but remain open to supplementing if you want to clarify your position as we suggest below.  Regardless, attached please find a second supplemental response for Interrogatory No. 9 as promised, along with supplemental responses to your document requests detailing whether documents were withheld or not based upon objections.

Further, we expect to produce a second set of documents today if Laura has not already received the invite.

Finally, we did not receive your ninth document production by next day carrier as set forth in Denise's e mail of August 31, 2017.

Sincerely,
RICHARD S. ROSS, ESQ.
**Patents, Trademarks, Copyrights**
    **and Related Litigation**
915 S.E. 2 Court
Ft. Lauderdale, Florida  33301
tel 954/252-9110
fax 954/252-9192

CONFIDENTIALITY NOTICE:
This e-mail is subject to the Electronics Communications Privacy Act, 18 U.S.C. § 2510-2521, and may be legally privileged. The information contained in this e-mail message, together with any attachments hereto or links contained herein, is strictly private and confidential information intended only for the use of the individual or entity named above. The information contained in this e-mail, and any attachments hereto may be attorney-client privileged, and work product confidential intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is STRICTLY PROHIBITED.

NOTICE UNDER U.S. TREASURY DEPARTMENT CIRCULAR 230. *Regulations Governing the Practice of Attorneys, Certified Public Accountants, Enrolled Agents, Enrolled Actuaries, and Appraisers before the Internal Revenue Service:*
To the extent that this e-mail communication and the attachment(s) hereto, if any, may contain written advice concerning or relating to a Federal (U.S.) tax issue, United States Treasury Department Regulations (Circular 230) require that we (and we do hereby) advise and disclose to you that, unless we expressly state otherwise in writing, such tax advice is not written or intended to be used, and cannot be used by you (the addressee), or other person(s), for purposes of (1) avoiding penalties imposed under the United States Internal Revenue Code or (2) promoting, marketing or recommending to any other person(s) the (or any of the) transaction(s) or matter(s) addressed, discussed or referenced herein for IRS audit, tax dispute or other purposes.

On 9/1/2017 1:08 PM, John.Kern@hklaw.com wrote:

        Richard:

        Jess's email made perfect sense, and I do not believe any additional
        elaboration is necessary.  We have invested quite enough time and resources,
        as is, trying to get you to follow clear written instructions and to comply
        with basic discovery obligations.  It's time for us to move forward and
        prepare our motion to compel.

To the extent you produce/serve supplemental or revised responses between now and when we file, we will do our best to reflect any updates in our motion.

Your latest effort on the document production also was not compliant, but again, we are done hand-holding, and we will take the deficiencies up with the Judge Snow.

Thanks much,

John

On Sep 1, 2017, at 4:39 AM, Richard Ross <prodp@ix.netcom.com<mailto:prodp@ix.netcom.com>> wrote:

Still a bit confused by your answer to the interrogatories.  We can leave it as is, or amend to say we have no facts/theories to support a breach.  Which would you prefer?

On 8/31/2017 12:49 PM, Jessica.Lanier@hklaw.com<mailto:Jessica.Lanier@hklaw.com> wrote:

Richard,


Thank you for your email.


With respect to the interrogatories, we need not complicate common sense. If it is true that you have no additional facts or legal theories to support your answers, please say so, in a properly formatted supplemental response, for each interrogatory to which this statement applies. If it is not true, we otherwise understand that you are declining to supplement your answers so that they are responsive.


With respect to the Requests for Production, we understand that you have produced some documents.  We also understand, from our phone conversation yesterday and from your email, that you are refusing to produce responsive documents you believe are in our possession, custody, or control or that we have access to via public filings.


We look forward to your responses regarding: supplementing your interrogatories as described above and in our email dated August 30, 2017, and your clarification as to whether you have withheld documents subject to your objections to Requests for Production 21, 30, 35, and 26.


Best,


Jesse

Jessica Lanier | Holland & Knight
Associate
Holland & Knight LLP
50 California Street, Suite 2800 | San Francisco, CA 94111

Phone 415.743.6923 | Fax 415.743.6910
jessica.lanier@hklaw.com<mailto:jessica.lanier@hklaw.com> |
www.hklaw.com<http://www.hklaw.com/>
_____
Add to address book<http://www.hklaw.com/vcard.aspx?user=jelanier> | View
professional biography<http://www.hklaw.com/id77/biosjelanier>

From: Richard Ross [mailto:prodp@ix.netcom.com]
Sent: Thursday, August 31, 2017 4:57 AM
To: Lanier, Jessica E (SFO - X56923)
<Jessica.Lanier@hklaw.com><mailto:Jessica.Lanier@hklaw.com>
Cc: Rothschild, Phil (FTL - X27881)
<Phil.Rothschild@hklaw.com><mailto:Phil.Rothschild@hklaw.com>; Kern, John P
(SFO - X56918) <John.Kern@hklaw.com><mailto:John.Kern@hklaw.com>; Harmon,
Denise A (SFO - X56925)
<Denise.Harmon@hklaw.com><mailto:Denise.Harmon@hklaw.com>
Subject: Re: Meet and confer August 30 and next steps

Jessica,

Our recollection of the conference diverges from yours in the following
respects:

1.    We stated that we would reconsider the response to Int. 9 and the
documents relative to RFP's 21, 30, 35, 26 by today, Thursday, or tomorrow.

2.    Your understanding of our "refusal" to produce documents is not
correct.  For your RFP's 1, 3, 5-7, 19, documents have been produced.  For
documents you requested that are already in your client's possession, we
asked you to confirm if your client has those, and your refused to inform us,
stating it was immaterial to the request.  We stated that if your client does
not already possess the documents requested, and if we have responsive
documents, we would produce them.  For documents related to our client's
financial condition and other matters that will not lead to the discovery of
admissible evidence, we did maintain our objections.

3.    For the Int.'s 1-4, 6-8, 10-14, 17 and 18, your recitation is correct.
However, we have reconsidered our position, and are willing to look at our
responses again, as follows, for example:  In Int. 1, you ask for facts/legal
theories to support the claim that Dr. Jouria did not breach the FWA's.  We
stated that our client complied with the terms of the FWA's,a and including,
but not limited to, Paras 4 and 5, and therefore did not breach, which is
directly responsive to the interrogatory.  You then asked us to state that if
there are no facts or legal theories to support, to so state.  We are willing
revise our answer, answer the interrogatory indirectly, and state that there
are no facts or legal theories of which we are aware to support Dr. Jouria's
breach.  Please advise if this answer would resolve the dispute as to Int. 1.
If  so, we can amend, and address the other interrogatories similarly to see
if we can resolve most if not all of these disputes.

4.    As to our client's computer crashing, we declined to answer your
question over the telephone, and offered to you to serve additional
interrogatories on the subject, or ask the client directly at his scheduled
deposition.

Please advise.

Sincerely,
RICHARD S. ROSS, ESQ.
Patents, Trademarks, Copyrights
    and Related Litigation
915 S.E. 2 Court

3

Ft. Lauderdale, Florida  33301
tel 954/252-9110
fax 954/252-9192

CONFIDENTIALITY NOTICE:
This e-mail is subject to the Electronics Communications Privacy Act, 18
U.S.C. § 2510-2521, and may be legally privileged. The information contained
in this e-mail message, together with any attachments hereto or links
contained herein, is strictly private and confidential information intended
only for the use of the individual or entity named above. The information
contained in this e-mail, and any attachments hereto may be attorney-client
privileged, and work product confidential intended only for the use of the
individual or entity named above. If the reader of this message is not the
intended recipient, you are hereby notified that any dissemination,
distribution, or copying of this communication is STRICTLY PROHIBITED.

NOTICE UNDER U.S. TREASURY DEPARTMENT CIRCULAR 230, Regulations Governing the
Practice of Attorneys, Certified Public Accountants, Enrolled Agents,
Enrolled Actuaries, and Appraisers before the Internal Revenue Service:
To the extent that this e-mail communication and the attachment(s) hereto, if
any, may contain written advice concerning or relating to a Federal (U.S.)
tax issue, United States Treasury Department Regulations (Circular 230)
require that we (and we do hereby) advise and disclose to you that, unless we
expressly state otherwise in writing, such tax advice is not written or
intended to be used, and cannot be used by you (the addressee), or other
person(s), for purposes of (1) avoiding penalties imposed under the United
States Internal Revenue Code or (2) promoting, marketing or recommending to
any other person(s) the (or any of the) transaction(s) or matter(s)
addressed, discussed or referenced herein for IRS audit, tax dispute or other
purposes.

On 8/30/2017 7:34 PM,
Jessica.Lanier@hklaw.com<mailto:Jessica.Lanier@hklaw.com> wrote:
Richard:

We look forward to your email regarding Interrogatory No. 9 and whether you
are withholding documents pursuant to your objections to Requests for
Production Nos. 21, 30, 35, and 26, which we anticipate, based on your
assurance, we will receive by the end of the day tomorrow.

We understand that you continue to refuse to produce documents responsive to
Requests 1, 3, 5-7, 16, 19, 26-29, 30, and 37.  We also understand that you
decline to supplement your responses to Interrogatories 1-4, 6-8, 10-14, 17,
and 18.  Finally, we understand that you refuse, at this time, to answer
questions related to the computer crash you described in your written
responses and that your client will only answer questions regarding this
alleged incident in response to additional written discovery requests or at
deposition.

Best,

Jesse


Jessica Lanier | Holland & Knight
Associate
Holland & Knight LLP
50 California Street, Suite 2800 | San Francisco, CA 94111
Phone 415.743.6923 | Fax 415.743.6910

jessica.lanier@hklaw.com<mailto:jessica.lanier@hklaw.com> | www.hklaw.com<http://www.hklaw.com/>

_____

Add to address book<http://www.hklaw.com/vcard.aspx?user=jelanier> | View professional biography<http://www.hklaw.com/id77/biosjelanier>

_____

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

EXHIBIT E

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

DR. JASSIN JOURIA

      Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

      Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

      Third Party Defendant.

_____/

**PLAINTIFF'S RESPONSE TO NETCE'S FIRST SET OF INTERROGATORIES**

      COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully responds to Defendant's, CE Resource, Inc.'s d/b/a CME Resource and NetCE ("Defendant"), first set of interrogatories, pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of this court, as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2.    By making the accompanying responses Defendant's interrogatories, Plaintiff does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such

responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses herein without in any way implying that it considers the interrogatories or responses thereto to be relevant or material to the subject matter of this action.

3.      Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses.

4.      To the extent Plaintiff relies on documents in responding to these interrogatories, Defendant is made aware that Plaintiff's records contained on his computer have been compromised in that his computer "crashed" and documents might have been lost.  Plaintiff is attempting to recompile documents from his crashed computer.

## INTERROGATORIES

### INTERROGATORY NO. 1

Describe all facts and legal theories to support Your claim that You did not breach the Freelance Writer Agreements related to and governing the Seven Courses.

### RESPONSE NO. 1

Plaintiff fully complied with the terms of the Freelance Writer Agreements ("FWAs"), including but not limited to Paragraphs 4 and 5 thereof.

### INTERROGATORY NO. 2

Describe all facts and legal theories to support Your claim that You did not infringe NetCE's copyrights to the Seven Courses.

### RESPONSE NO. 2

Plaintiff disputes that Defendant owns any copyrights to the Seven Courses so

Plaintiff could not have infringed them.  Even if Defendant owned the copyrights to the Seven Courses, Plaintiff did not violate any of the exclusive rights of copyright.

**INTERROGATORY NO. 3**

Describe all facts and legal theories to support Your claim in Plaintiff's Answer that Claim Five: Unfair Business Practices Under California Bus. & Prof. Code, s: 17200 *et seq*. Of the Counter-Complaint is pre-empted pursuant to 17 U.S.C. s. 301.

**RESPONSE NO. 3**

As understood, Defendant alleges unfair business practices in that Defendant has alleged that Plaintiff offered identical or substantially similar works to Elite Continuing Education, Inc. ("Elite").  That allegation is pre empted by federal copyright law because the works at issue fall within the subject matter of copyright, and allegation is equivalent to one of the exclusive rights under copyright law.

**INTERROGATORY NO. 4**

Describe all facts and legal theories to support Your statement in Paragraph 85 of Plaintiff's Answer that "permission [to republish, reissue, resubmit, or otherwise license the articles, identical versions of the articles, or substantially similar version of the Seven Courses] was not sought," but that "permission was not required."

**RESPONSE NO. 4**

Permission was not sought or was required to be sought, because Defendant does not own any copyright to works submitted by Plaintiff to Defendant for the Seven Courses.

**INTERROGATORY NO. 5**

Describe all facts and legal theories to support any claim you may have or later

3

develop that the Freelance Writer Agreements related to and governing the Seven Courses are not valid and enforceable contracts.

**RESPONSE NO. 5**

The works Plaintiff submitted to Defendant for the Seven Courses are "works made for hire" as defined by 17 U.S.C. §101, which results in the Defendant being considered the author of the works.  Plaintiff agreed to be paid for the submitted works, and Defendant paid Plaintiff for the works upon their submission pursuant to Paragraph 7 of the FWAs.  However, the FWAs, Paragraph 9, provide that the subject works that were "approved for publication" would belong exclusively to Defendant.  The works Plaintiff submitted to Defendant for the Seven Courses were never approved for publication by Defendant, thus, Plaintiff retains the copyrights to them.  To this extent, the FWAs are valid and enforceable.

**INTERROGATORY NO. 6**

Describe all facts and legal theories to support any claim you may have or later develop that the materials related to the Subject Matter of the Seven Course that you submitted to Elite were not identical to, substantially similar to, virtually identical to, or derivative of the Seven Courses submitted to and edited by NetCE.

**RESPONSE NO. 6**

Plaintiff is not aware of any derivative of the Seven Courses or what Defendant edited or did not edit regarding his works for the Seven Courses.   The works Plaintiff submitted to Defendant and to Elite were not identical or substantially similar to each other as the works Plaintiff submitted to Elite were substantially revised by him.

4

**INTERROGATORY NO. 7**

Describe all facts and legal theories to support any claim you may have or later develop that NetCE "expressly rejected" any or all of the Seven Courses.

**RESPONSE NO. 7**

Defendant has admitted in this proceeding that it expressly rejected the works related to the Seven Courses because "NetCE discovered that Elite had infringed its copyrights and had published these courses without NetCE's permission." First Set Int. Response No. 2. Defendant expressly rejected the Seven Courses by its conduct in refusing to approve them for publication.

**INTERROGATORY NO. 8**

Describe all facts and legal theories to support any claim you may have or later develop that NetCE did not own all rights to the Seven Courses.

**RESPONSE NO. 8**

Paragraph 9 of the FWAs provides that Plaintiff's works shall belong exclusively to Defendant if they were approved for publication. Defendant concedes that it did not approve Plaintiff's works for publication for the Seven Courses at issue. First Set Int. Response Nos. 2, 3.

**INTERROGATORY NO. 9**

Describe Your process of researching and writing the materials related to the Seven Courses you submitted to NetCE pursuant to the Freelance Writing Agreements relating to and governing the Seven Courses.

**RESPONSE NO. 9**

Research was conducted almost exclusively online via open access journals via PubMed, Google Books, other Medical professional societies – such as the American Cancer

5

Society, American Heart Association, American Neurology Society.  The research was often cross-referenced with the most current guidelines published in peer-reviewed journals.  Outlines were used as a template and evidence-based research collected from the literature review was compiled into a text based article.  Editing for grammar/syntax and references was done in accordance with daily revisions as needed.

**INTERROGATORY NO. 10**

Describe Your alleged process of changing the materials related to the Seven Courses before submitting them to Elite

**RESPONSE NO. 10**

After doing a side by side comparison, portions of the articles were re-written in text format based on the same evidence-based research. A number of articles were divided and re-written as a 2-part series and then sent to Elite for review/editing.

**INTERROGATORY NO. 11**

Describe Your alleged process of changing the materials related to the Seven Courses before submitting them to any third parties apart from Elite.

**RESPONSE NO. 11**

See Response No. 10, above, for NurseCE4less.com.

**INTERROGATORY NO. 12**

Itemize all differences (including without limitation the correction of errata and typos as well as substantive changes such as re-wording, re-organizing, deleting, and supplementing) made from the then-most-recent version of each of the Seven Courses and material related Seven Courses on the one hand and the version of the Seven Courses You submitted to Elite on the other.

6

**RESPONSE NO. 12**

The answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information). The burden of deriving or ascertaining the answer will be substantially the same for Plaintiff as it would be for Defendant. Defendant is therefore directed to look at the Seven Courses or materials that it has in its possession, and that are in the possession of Elite, to itemize all differences. As Plaintiff's computer has crashed, he might supplement this response with the version of the Seven Courses he submitted to Elite, if the versions are ultimately recovered.

**INTERROGATORY NO. 13**

Describe the length of time between your last Communication with NetCE related to the Seven Courses and Your first communication with Elite related to the Subject Matter of the Seven Courses.

**RESPONSE NO. 13**

Approximate first contact with Elite was April, 2013; the approximate last contact with Defendant was May, 2013.

**INTERROGATORY NO. 14**

Name all third parties with whom you exchanged Communication regarding the Subject Matter of the Seven Courses

**RESPONSE NO. 14**

NurseCE4less.com.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

August 14, 2017.


/s/Jassin Jouria, M.D.
JASSIN JOURIA, M.D.


Respectfully submitted,


/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

8

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 14, 2017, the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>s/Richard S. Ross</u>
Richard S. Ross, Esq.

**SERVICE LIST**
**Dr. Jassin Jouria v. CE Resource, et al.**
**Case No.: 15-61165-CIV-DIMITROULEAS**
**United States District Court, Southern District of Florida**
**(Ft. Lauderdale Division)**

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL 33301
Method of Service: E mail
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Method of Service: E mail
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: E mail
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: E mail
*(Attorneys for Elite Continuing Education, Inc.)*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

DR. JASSIN JOURIA

      Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

      Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

      Third Party Defendant.

_____/

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO NETCE'S FIRST SET OF**
**INTERROGATORIES**

      COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully

supplements its response to Defendant's, CE Resource, Inc.'s d/b/a CME Resource and NetCE

("Defendant"), first set of interrogatories, pursuant to Rule 33 of the Federal Rules of Civil

Procedure and the Local Rules of this court, as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff's investigation and development of all facts and circumstances relating to this action

is ongoing. These responses and objections are made without prejudice to, and are not a waiver of,

Plaintiff's right to rely on other facts or documents at trial.

2.      By making the accompanying responses Defendant's interrogatories, Plaintiff does not waive,

and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses herein without in any way implying that it considers the interrogatories or responses thereto to be relevant or material to the subject matter of this action.

3.      Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses.

4.      To the extent Plaintiff relies on documents in responding to these interrogatories, Defendant is made aware that Plaintiff's records contained on his computer have been compromised in that his computer "crashed" and documents might have been lost.  Plaintiff is attempting to recompile documents from his crashed computer.

**INTERROGATORIES**

**INTERROGATORY NO. 15**

Identify all Persons involved with or employed by Elite with whom You Communicated regarding the Subject Matter of the Seven Courses.

**RESPONSE NO. 15**

Tracey Foster; Janice Harless.

**INTERROGATORY NO. 16**

Describe Your role, title and responsibilities at and with Elite.

**RESPONSE NO. 16**

Plaintiff wrote medical articles for Elite as an independent contractor.

2

**INTERROGATORY NO. 17**

Identify all assets to or in which You have any ownership interest, including tangible and intangible assets.

**RESPONSE NO. 17**

Objection.  Irrelevant and not calculated to lead to the discovery of admissible evidence because Defendant does not have any judgment against Plaintiff.  The information requested has no bearing on liability alleged or damages sought by Defendant against Plaintiff.

**INTERROGATORY NO. 18**

Identify by institution name, routing number, and account number all bank accounts You own in whole or in part and/or into which you deposit or withdraw moneys.

**RESPONSE NO. 18**

Objection.  Irrelevant and not calculated to lead to the discovery of admissible evidence because Defendant does not have any judgment against Plaintiff.  The information requested has no bearing on liability alleged or damages sought by Defendant against Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on August 28, 2017.


/s/Jassin Jouria, M.D.
JASSIN JOURIA, M.D.

3

Respectfully submitted,


/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

4

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on August 28, 2017, the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>s/Richard S. Ross</u>
Richard S. Ross, Esq.

**SERVICE LIST**
**Dr. Jassin Jouria v. CE Resource, et al.**
**Case No.: 15-61165-CIV-DIMITROULEAS**
**United States District Court, Southern District of Florida**
**(Ft. Lauderdale Division)**

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: E mail
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: E mail
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: E mail
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: E mail
*(Attorneys for Elite Continuing Education, Inc.)*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

DR. JASSIN JOURIA

      Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

      Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

      Third Party Defendant.

_____/

**PLAINTIFF'S SECOND SUPPLEMENTAL RESPONSE TO NETCE'S FIRST SET OF INTERROGATORIES**

      COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully serves its second supplemental response to Defendant's, CE Resource, Inc.'s d/b/a CME Resource and NetCE ("Defendant"), first set of interrogatories, pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of this court, as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2.    By making the accompanying responses Defendant's interrogatories, Plaintiff does not waive,

and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses herein without in any way implying that it considers the interrogatories or responses thereto to be relevant or material to the subject matter of this action.

3.      Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses.

4.      To the extent Plaintiff relies on documents in responding to these interrogatories, Defendant is made aware that Plaintiff's records contained on his computer have been compromised in that his computer "crashed" and documents might have been lost.  Plaintiff is attempting to recompile documents from his crashed computer.

**INTERROGATORIES**

**INTERROGATORY NO. 9**

Describe Your process of researching and writing the materials related to the Seven Courses you submitted to NetCE pursuant to the Freelance Writing Agreements relating to and governing the Seven Courses.

**RESPONSE NO. 9**

Research was conducted almost exclusively online via open access journals via PubMed, Google Books, other Medical professional societies – such as the American Cancer Society, American Heart Association, American Neurology Society.  The research was often cross-referenced with the most current guidelines published in peer-reviewed journals.  Outlines were used as a template and evidence-based research collected from the literature review was compiled into a

2

text based article.  Editing for grammar/syntax and references was done in accordance with daily revisions as needed.

The articles were written in sections of sub-topics based on the proposed outlines. The outlines were designed and drafted based on the respective literature review and the most commonly used general format for medical education, (i.e. Intro, Epidemiology, Patho-physiology, Treatment, Limitations/Obstacles, Communication, Future). Each sub-topic was then drafted based on the respective research completed during the literature review using APA reference format, and was supplemented with further research done at the time of writing. The articles were eventually compiled and edited several times on an ongoing basis. Once the first draft was completed, a general review and editing process commenced. This included edits, deletions, additions and other general formatting common to developing a medical article.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on September 5, 2017.


/s/Jassin Jouria, M.D.
JASSIN JOURIA, M.D.

3

Respectfully submitted,


/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

4

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 5, 2017, the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


<u>s/Richard S. Ross</u>
Richard S. Ross, Esq.

**SERVICE LIST**
**Dr. Jassin Jouria v. CE Resource, et al.**
**Case No.: 15-61165-CIV-DIMITROULEAS**
**United States District Court, Southern District of Florida**
**(Ft. Lauderdale Division)**

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: E mail
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: E mail
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: E mail
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: E mail
*(Attorneys for Elite Continuing Education, Inc.)*

EXHIBIT F

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 0:15-cv-61165-WPD**

DR. JASSIN JOURIA

        Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

        Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Third Party Plaintiff,

v.

Elite Continuing Education, Inc. and Alpine
Management Services III, LLC,

        Third Party Defendants.

_____

**<u>DEFENDANT AND THIRD PARTY PLAINTIFF CE RESOURCE, INC D/B/A CME
RESOURCE AND NETCE'S FIRST SET OF INTERROGATORIES</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Rules"), and subject to the definitions and instructions that appear below and that are an integral part hereof, Defendant and Third Party Plaintiff CE Resource, Inc. d/b/a CME Resource and NetCE's ("NetCE"), by and through its attorneys of record, requests that Dr. Jassin Jouria shall, within thirty (30) days of service, respond under oath, and produce and permit NetCE to inspect and copy all documents and things, set forth below in each of the following Interrogatories.

## DEFINITIONS

The following definitions apply to the Interrogatories contained herein:

1.      The term "Document" is used herein as defined in the Federal Rules of Civil Procedure and includes, but is not limited to, tangible or hard copy documents or electronically stored information (ESI) — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations — stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; and any and all other tangible things discoverable under the Federal Rules of Civil Procedure, and includes originals and duplicates as those terms are defined in the Federal Rules of Evidence, Rule 1001.  This term includes "Communications" (defined below).

2.      The term "You" or "Yours" shall mean the party to whom the Interrogatories have been propounded, here, Plaintiff and Counter-Defendant Dr. Jassin Jouria, and/or any of his representatives or agents, and is not intended to include or capture any information protected by attorney client privilege, work product privilege, and/or any other applicable privilege or immunity.

2

3.      The term "Writing" is herein as defined in the Federal Rules of Evidence, and means "letters, words, numbers or their equivalent set down in any form" including Electronically Stored Information (ESI), and includes the original and duplicate(s) as defined in the Federal Rules of Evidence, Rule 1001.

4.      The term "Complaint" shall mean the Complaint filed on June 2, 2015 in the above-captioned matter (Dkt. 1).

5.      The term "Counter-Complaint" shall mean the Amended Answer and Affirmative Defenses, Third Party Complaint and Counterclaim filed on October 21, 2016 in the above-captioned matter (Dkt. 36).

5.      The term "Lawsuit" shall mean *Jassin Jouria v. CE Resource, Inc., et al*, Case No.: 0:15-cv-61165-WPD.

6.      The term "related to" shall mean its plain meaning and shall also mean "comprising, reflecting, constituting, evidencing, referring to, stating, constituting, reflecting, respecting, concerning, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or in any way relevant to" the matters which are the subject of the Interrogatory.

7.      The term "Communication" shall mean any text messages, phone conversations, in person conversations, email exchanges, letters, videoconference, electronic and/or verbal and/or hard copy correspondence, and/or any other means by which information is exchanged from one Person to another.

8.      The term "Person" shall mean any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

9.      The term "Freelance Writer Agreement" shall mean agreements between Dr. Jouria and NetCE, whereby Jouria agreed to produce content for and submit content to NetCE for curation and ultimate approval for publication.  Please note that, for the purposes of these Interrogatories, this term is *not* limited to the Freelance Writer Agreements governing the Seven Courses.

10.      The term "Elite" shall mean Elite Continuing Education, Inc. and any of its agents or representatives.

11.      The term "NetCE" shall mean CE Resource, Inc. d/b/a CME Resource and NetCE and any of its agents or representatives.

12.      The term "Seven Courses" shall mean the following courses: Gastroesophageal Reflux Disease, Nonantibiotic Antimicrobial Pharmacology: A Review, The Lymphatic and Immune Systems: A Review, Clinical Cardiovascular Pharmacology, Traumatic Brain Injury, Cancer and Chemotherapy, and Depression and Dementia in the Elderly.

13.      The term "Subject Matter" shall mean the topic dealt with or explained, or the matter presented for consideration.

14.      The term "Plaintiff's Answer" shall mean the Answer to Counterclaims filed by You on November 3, 2016 in the above-captioned matter (Dkt. 37).

### INSTRUCTIONS

1.      If You believe that any of the information requested is privileged, answer the components of the Interrogatory to which there is no objection, state the part of the Interrogatory that seeks privileged information, what privilege You are asserting, the basis for Your claim of privilege, and the specific nature of the information You are withholding, in accordance with Your obligation under Federal Rule of Civil Procedure 26(b)(5).  For all information You claim

4

is privileged, provide its date and subject matter, the name(s) of the Person(s) who prepared it, and the name(s) of the Person(s) for whom it was prepared and/or to whom it was sent.

2.     An objection to part of the Interrogatory must specify the part and permit the inspection of the rest.

3.     Interpret singular and plural nouns, pronouns, adverbs, and adjectives such that the most expansive and inclusive meaning is applied.

4.     All, any, and every shall be interpreted such that the most expansive and inclusive meaning is applied.

5.     "And" and "or" shall be interpreted such that the most expansive and inclusive meaning is applied.

6.     As additional information is discovered and/or additional legal theories developed, you are obligated to promptly supplement Your response.

## **INTERROGATORIES**

### **INTERROGATORY NO. 1:**

Describe all facts and legal theories to support Your claim that You did not breach the Freelance Writer Agreements related to and governing the Seven Courses.

### **INTERROGATORY NO. 2:**

Describe all facts and legal theories to support Your claim that You did not infringe NetCE's copyrights to the Seven Courses.

### **INTERROGATORY NO. 3:**

Describe all facts and legal theories to support Your claim in Plaintiff's Answer that Claim Five: Unfair Business Practices Under California Bus. & Prof. Code, s. 17200 *et seq*. of the Counter-Complaint is pre-empted pursuant to 17 U.S.C. s. 301.

**INTERROGATORY NO. 4:**

Describe all facts and legal theories to support Your statement in Paragraph 85 of Plaintiff's Answer that "permission [to republish, reissue, resubmit, or otherwise license the articles, identical versions of the articles, or substantially similar version of the Seven Courses] was not sought," but that "permission was not required."

**INTERROGATORY NO. 5:**

Describe all facts and legal theories to support any claim you may have or later develop that the Freelance Writer Agreements related to and governing the Seven Courses are not valid and enforceable contracts.

**INTERROGATORY NO. 6:**

Describe all facts and legal theories to support any claim you may have or later develop that the materials related to the Subject Matter of the Seven Courses that you submitted to Elite were not identical to, substantially similar to, virtually identical to, or derivative of the Seven Courses submitted to and edited by NetCE.

**INTERROGATORY T NO. 7:**

Describe all facts and legal theories to support any claim you may have or later develop that NetCE "expressly rejected" any or all of the Seven Courses.

**INTERROGATORY NO. 8:**

Describe all facts and legal theories to support any claim you may have or later develop that NetCE did not own all rights to the Seven Courses.

6

**INTERROGATORY NO. 9:**

Describe Your process of researching and writing the materials related to the Seven Courses you submitted to NetCE pursuant to the Freelance Writing Agreements relating to and governing the Seven Courses.

**INTERROGATORY NO. 10:**

Describe Your alleged process of changing the materials related to the Seven Courses before submitting them to Elite.

**INTERROGATORY NO. 11:**

Describe Your alleged process of changing the materials related to the Seven Courses before submitting them to any third parties apart from Elite.

**INTERROGATORY NO. 12:**

Itemize all differences (including without limitation the correction of errata and typos as well as substantive changes such as re-wording, re-organizing, deleting, and supplementing) made from the then-most-recent version of each of the Seven Courses and materials related to the Seven Courses on the one hand and the version of the Seven Courses You submitted to Elite on the other.

**INTERROGATORY NO. 13:**

Describe the length of time between your last Communication with NetCE related to the Seven Courses and Your first communication with Elite related to the Subject Matter of the Seven Courses.

**INTERROGATORY NO. 14:**

Name all third parties with whom You exchanged Communication regarding the Subject Matter of the Seven Courses.

**INTERROGATORY NO. 15:**

Identify all Persons involved with or employed by Elite with whom You Communicated regarding the Subject Matter of the Seven Courses.

**INTERROGATORY NO. 16:**

Describe Your role, title, and responsibilities at and with Elite.

**INTERROGATORY NO. 17:**

Identify all assets to or in which You have any ownership interest, including tangible and intangible assets.

**INTERROGATORY NO. 18:**

Identify by institution name, routing number, and account number all bank accounts You own in whole or in part and/or into which you deposit or withdraw moneys.

Dated: July 11, 2017                              Respectfully submitted,

                                                 HOLLAND & KNIGHT LLP


                                                 /s/ Philip E. Rothschild
                                                 Philip E. Rothschild
                                                 Florida Bar No. 0088536
                                                 Email: phil.rothschild@hklaw.com
                                                 HOLLAND & KNIGHT LLP
                                                 515 East Las Olas Blvd., 12th Floor
                                                 Fort Lauderdale, FL 33301
                                                 Telephone: (954)525-1000
                                                 Facsimile: (954)463-2030

                                                 /s/ John P. Kern
                                                 John P. Kern, Esq. (pro hac vice)
                                                 Email: john.kern@hklaw.com
                                                 Jessica E. Lanier, Esq. (pro hac vice)
                                                 Email: Jessica.Lanier@hklaw.com
                                                 HOLLAND & KNIGHT LLP
                                                 50 California Street, Suite 2800

San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC.
d/b/a
CME RESOURCE and NetCE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 11, 2017, I electronically served the foregoing document on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Denise Harmon
Denise Harmon

r

## SERVICE LIST

**Dr. Jassin Jouria v. CE Resource, et al.**
**Case No.: 15-61165-CIV-DIMITROULEAS**
**United States District Court, Southern District of Florida**
**(Ft. Lauderdale Division)**

## SERVICE LIST

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC AND MAIL SERVICE]**

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC AND MAIL SERVICE]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(Attorneys for Elite Continuing Education, Inc
**[VIA ELECTRONIC AND MAIL SERVICE]**