UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)

CASE NO.:15-61165-CIV-DIMITROULEAS

DR. JASSIN JOURIA

    Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

    Third Party Defendant.
_____/

**PLAINTIFF'S MOTION FOR FINAL PARTIAL JUDGMENT ON THE PLEADINGS AS TO CLAIM FIVE OF CE RESOURCE, INC.'S AMENDED COUNTERCLAIM FOR UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA BUSINESS & PROFESSIONAL CODE §17200 *et seq.***

COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully moves for final partial judgment on Claim Five of Defendant's, CE Resource, Inc. d/b/a CME Resource and NetCE ("Defendant"), amended counterclaim, DE 36, alleging Unfair Business Practices under California Business & Professional Code §17200 *et seq*. Fed.R.Civ.P 12(c). Pleadings are closed and the court can consider the substance of the claim on the pleadings and any judicially noticed facts. Claim Five is preempted as a matter of law pursuant to 17 U.S.C. §301(a), and Plaintiff is entitled to final partial judgment on the claim.

**FACTUAL BACKGROUND**

Defendant filed an amended counterclaim against Plaintiff, DE 36, alleging copyright infringement (Claim One), breach of contract (Claim Two), and unfair business practices under California state law (Claim Five) in connection with seven articles at issue in this matter that Plaintiff wrote for Defendant's continuing medical education business.[1]  As part of its amended pleading in connection with Claim Five, Defendant realleges Paragraphs 1-81 as though fully set forth therein,  including the following allegations: (1) Plaintiff entered into ten written agreements to write ten articles for Defendant, ¶¶34-36, of which seven of the articles at issue are described in more detail, ¶47; (2) Plaintiff "published" the seven articles written for Defendant with Defendant Elite Continuing Education, Inc. ("Elite"), ¶67; and; (3) Plaintiff  breached the written agreements with Defendant by "publishing" the seven articles with Elite, ¶80.

Defendant further alleges in Claim One, while incorporating the allegations contained in Paragraphs 1-81, that Plaintiff infringed Defendant's copyrights in and to the seven articles because he, along with Elite, and without permission from Defendant, "republish[ed], reissue[d], resubmit[ted], or otherwise license[d], the articles, *identical versions of the articles, or substantially similar versions of the articles* covered by the [written agreements]" (Emphasis Added), ¶85. *See also* ¶86 (Plaintiff committed infringement by "resubmitting" the articles to Elite).  Defendant thereafter alleges in Claim Two, again while repeating the allegations of Paragraphs 1-81, that Plaintiff breached the written agreements by *"selling identical or substantially similar articles to Elite."* (Emphasis Added).  In Claim Five, Defendant alleges that Plaintiff has violated California's unfair business practices act because "[Plaintiff] submitted *identical or substantially similar articles*

---

[1] Plaintiff authored a total of ten articles for Defendant, but three are not at issue herein.

to [Elite]." ¶119 (Emphasis Added).

To these allegations, Plaintiff admitted that he entered into the written agreements, and denied the remainder. Plaintiff also affirmatively defended against the allegations, and asserted, in part, that Claim Five was preempted by the Copyright Act, 17 U.S.C. §301(a). DE 37, Aff. Def. No. 6.

**LEGAL ARGUMENT**

    A.    Legal Standard.

        1.    Procedure.

Under Federal Rule of Civil Procedure 12(c), a party may move for a judgment on the pleadings after the pleadings are closed. Entry of judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment on the merits may be rendered based on the court's consideration of the substance of the pleadings and any judicially noticed facts. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). In reviewing a motion for judgment on the pleadings, the court must accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party. *Id.*; *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996). The Court may not enter judgment on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hawthorne*, 140 F.3d at 1370 (citations omitted).

Although there is no provision in Rule 12(c) for entry of partial judgment on the pleadings, the rule does not prohibit such a procedure. Indeed, this court has previously recognized that partial judgment on the pleadings is an available remedy to litigants. *See Imx Inc. v. E–loan Inc.*, 748 F.Supp.2d 1354 (S.D. Fla. 2010).

      2.      <u>Substance of the claim</u>.

"The Copyright Act expressly preempts legal or equitable rights ... that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103." *Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1311 (11th Cir. 2001) (citing 17 U.S.C. § 301(a)).  The Eleventh Circuit employs a two-part test to be applied in copyright preemption cases:  preemption occurs if the rights at issue (1) fall within the "subject matter of copyright set forth in sections 102 and 103" and (2) "are 'equivalent to' the exclusive rights of section 106." *Crow v. Wainwright*, 720 F.2d 1224, 1225-26 (11th Cir. 1983). *See also Campbell v. Osmond*, 917 F.Supp. 1574, 1583 (M.D. Fla. 1996) (finding that a claim for unfair competition under the Lanham Act is only "subsumed by copyright law in so far as it attempts to protect against copying or is a claim based on a right equivalent to the exclusive rights within the scope of copyright").  The Eleventh Circuit has determined that rights are not "equivalent" if "an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action." *Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001) (quoting *Computer Assoc. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992)).  Thus, if such an "extra element" is required for the Defendant to succeed "then the right does not lie within the general scope of copyright and there is no preemption." *Id*.

"California's unfair competition statute prohibits any unfair competition, which means 'any unlawful, unfair or fraudulent business act or practice.'" *In re Pomona Valley Med. Group*, 476 F.3d 665, 674 (9th Cir. 2007) (citing Cal. Bus. & Prof.Code § 17200 et seq.).

B.  Analysis.

Here, the articles written by Plaintiff fall within the subject matter of copyright, and Defendant's allegations that Plaintiff committed unfair competition by "publishing," "resubmitting," and "selling" the "identical or substantially similar articles" to Elite are equivalent to the exclusive rights of copyright under 17 U.S.C. §106, including, but not limited to, (1) the reproduction of copyrighted work (i.e., making copies), (2) the preparation of derivative works based on the copyrighted work, and (3) the distribution of copies of the copyrighted work to the public by sale or other transfer of ownership. *Id*. *See Donald Frederick Evans & Assoc., Inc. v. Continental Homes, Inc.*, 785 F.2d 897, 914 (11th Cir. 1986).

Regarding the first prong of preemption, Section 102(a)(1) of the Copyright Act provides copyright protection to literary works. Clearly the articles authored by Plaintiff are literary works and thus fall with the ambit of §102. In fact, Defendant concedes this prong by its admission that it filed for and received certificates of copyright registration from the United States Copyright Office. *See* DE 36, ¶25; Exhibit A to DE 36. Concerning the second prong, the allegations by Defendant that Plaintiff committed unfair competition by publishing or selling the same or substantially similar articles to Elite that he had written and sold to it are equivalent to some of the exclusive rights of copyright set forth in §106, including, the right to reproduce/make copies, to prepare derivative works, and to distribute copies to the public by sale. 17 U.S.C. §106 (1-3).

In *Media.net Adver. FZ-LLC v. Netseer, Inc.*, 198 F.Supp.3d 1083 (N.D. Cal. 2016), the court recently considered copyright preemption and unfair competition under California code §17200, like Claim Five here. "'Copyright preemption is both explicit and broad: 17 U.S.C. § 301(a) prohibits state-law protection for any right equivalent to those in the Copyright Act.' *2 G.S.*

5

*Rasmussen & Assoc., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 904 (9th Cir.1992).  Only '[i]f a state law claim includes an "extra element" that makes the right asserted *qualitatively different* from those protected under the Copyright Act' is the state law claim 'not preempted by the Copyright Act.'  *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005)." (Emphasis in Original).  *Id*. at 1087.  In *Media.net*, the court concluded that plaintiff's allegation of unfair competition, where the defendant created and sold copied products in an attempt to confuse consumers, was qualitatively equivalent to alleging unauthorized copying and reproduction of another's copyrighted work.  *Id*.  Here, the Defendant alleges the same - a violation of §17200 by Plaintiff in selling to Elite identical or substantially similar copies of the articles he sold to Defendant, thus creating consumer confusion.  See DE 36, ¶123.

Similarly, in *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209 (9th Cir. 1998), the court concluded that a §17200 California unfair competition claim was preempted by a co-pending copyright infringement claim under the Copyright Act.  In *Kodadek*, the plaintiff alleged that the defendants

> have been publishing and placing on the market for sale products bearing the images subject to the copyright ownership of the plaintiff and has thereby been engaging in unfair trade practices and unfair competition against plaintiffs [sic] and to plaintiffs' [sic] irreparable damage. The unfair competition claim incorporates by reference paragraphs from the copyright infringement claim. The paragraphs of consequence state that defendants released a cartoon derived from his drawings without his authorization and released merchandise derived from his drawings without his authorization.

*Id*. at 1212-13.  Again, the Defendant makes similar allegations against the Plaintiff as a basis for its unfair competition claim.  Defendant alleges that Plaintiff has "published" to Elite, by sale, articles in which Defendant claims copyright ownership.  Defendant incorporates by reference the

same paragraphs of the amended pleading, ¶¶1-81, into both Claim One (copyright infringement) and Claim Five for California unfair competition claim under §17200.

Aside from proving ownership of a valid copyright, Defendant must establish, in order to prevail on a claim of copyright infringement, that the articles Plaintiff sold to Elite are *substantially similar* to the articles Plaintiff sold to Defendant. "Two works are substantially similar if 'an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work.' *Leigh v. Warner Bros.*, 212 F.3d 1210, 1214 (11th Cir. 2000) (quoting *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 829 (11th Cir. 1982))." *Palmer v. Braun*, 287 F.3d 1325, 1330 (11th Cir. 2002). In the amended pleading, the common allegation that Defendant makes against Plaintiff in Claims One and Five is that he committed the alleged wrongdoing by reproducing for Elite identical or substantially similar articles as he had written for the Defendant. Because this common allegation supports both Defendant's copyright infringement claim and its California unfair competition claim, the state claim is qualitatively equivalent to the copyright infringement claim, and thus is preempted as a matter law under 17 U.S.C. §301(a).

## **CONCLUSION**

The articles at issue are subject to copyright protection under 17 U.S.C. §102, and Claim Five does not add any extra element that does not exist in Claim One for copyright infringement.[2] As a result, Claim Five should be preempted under 17 U.S. C. §301(a).

---

[2]To the extent Defendant contends that it can maintain Claim Five as a cause of action based not upon alleged copying, but rather, upon an alleged breach of contract, it cannot. *See Dollar Tree Stores v. Toyama Partners LLC*, 875 F.Supp.2d 1058, 1083 (N.D. Cal. 2012); *Linear Technology Corp. v. Applied Materials, Inc.*, 61 Cal.Rptr.3d 221, 237, 152 Cal.App.4th 103 (2007); *Rosenbluth International, Inc. v. Superior Court* 101 Cal.App.4th 1073 1077-79, 124 Cal.Rptr.2d 8440 (2002)(where a §17200 action is based on a contract that does not involve either the public in general or individual consumers who are parties to the contract, a corporate

WHEREFORE, Plaintiff respectfully seeks a final partial judgment against Defendant for Claim Five, unfair competition, pursuant to the affirmative defense of preemption pled by Plaintiff. Fed.R.Civ.P. 12(c).

Respectfully submitted,

/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

---

plaintiff may not maintain a cause of action under that statute.

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on September 22, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                      s/Richard S. Ross
                                      Richard S. Ross, Esq.

**SERVICE LIST**
Dr. Jassin Jouria v. CE Resource, et al.
Case No.: 15-61165-CIV-DIMITROULEAS
United States District Court, Southern District of Florida
(Ft. Lauderdale Division)

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*


J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*