UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA

       Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCES
and NetCE,

       Defendant.
_____/

CE RESOURCE, INC. d/b/a CME RESOURCES
and NetCE,

       Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

       Plaintiff/Counter-Defendant.
_____/

CE RESOURCE, INC. d/b/a CME RESOURCES
and NetCE,

       Defendant/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC. and ALPINE
MANAGEMENT SERVICES III, LLC,

       Third Party Defendants.
_____/

**CE RESOURCE, INC. d/b/a CME RESOURCES
and NetCE's OPPOSITION TO PLAINTIFF JASSIN JOURIA'S MOTION FOR
<u>JUDGMENT ON THE PLEADINGS</u>**

Defendant and Counter-Plaintiff CE Resources, Inc. d/b/a CME Resources and NetCE's ("NetCE") objects and responds to Plaintiff Dr. Jassin Jouria's Motion for Partial Judgment on the Pleadings (Dkt. 102) as follows.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.  INTRODUCTION

Dr. Jouria's primary argument in his motion for judgment on the pleadings is that NetCE's allegations of copyright infringement and unfair competition are indistinguishable. This is patently untrue. Rather, apart and entirely distinct from NetCE's allegations of copyright infringement, NetCE alleges that Dr. Jouria's bad actions gave rise to consumer confusion as to source of the infringed courses. Consumer confusion and competition for those consumers is not a required component of copyright infringement. As NetCE alleges "bodily appropriation" of the Seven Courses and as NetCE alleges consumer confusion, copyright law does not preempt NetCE's claims of unfair business practices under California law.

### II.  FACTS

In NetCE's Amended Answer to the Complaint, Affirmative Defenses, Amended Counterclaims and Third Party Complaint ("NetCE Complaint") (Dkt. 36), NetCE alleges it has the "exclusive right to copy, reproduce and distribute copies of the [Seven Courses] or derivative works thereof" or substantially similar versions of the articles covered by the [Freelance Writer Agreements]. NetCE Complaint at ¶¶ 81, 84, 85. NetCE also charges that Dr. Jouria committed copyright infringement by "resubmitting" the Seven Courses covered by the Freelance Writer Agreements to Elite for publication. *Id.* at ¶ 86. NetCE's allegations concerning copyright infringement do not contain allegations of consumer confusion. See *id.* at ¶¶ 82-86.

2

NetCE alleges instances of and fears regarding consumer confusion as to source throughout the NetCE Complaint.  NetCE maintains that "as a proximate result of Dr. Jouria's actions, *consumers were erroneously led to believe* that material Elite and Dr. Jouria published together *was a product the Defendants* [Elite and Dr. Jouria] *had crafted together*…" *Id.* at ¶ 23 (emphasis added).  NetCE further claims that Dr. Jouria's actions resulted in consumer confusion as to source.  *Id.* at ¶¶ 66, 72.  Exhibiting its perennial concerns about the potential for such confusion, NetCE explains that in vetting Dr. Jouria it conducted independent research and asked Dr. Jouria directly whether he was simultaneously working with one of NetCE's competitors and that a component of Dr. Jouria's objectionable and actionable behavior is that he shared materials with one of NetCE's "primary" competitors.  *Id.* at ¶¶ 33, 119.

### III.   ARGUMENT

#### A.   Standard of Review

A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim upon which relief may be granted.  *Mergens v. Druyfoos*, 166 F.3d 1114 (11th Cir. 1999).  To obtain a judgment on the pleadings, a moving party must clearly establish both that no material issue of fact exists and that the moving party is entitled to judgment as a matter of law.  *Vagenas v. Continental Gin Co.*, 789 F.Supp. 1137, 1138 (M.D. Ala. 1992) *vacated on other grounds*, 988 F.2d 104 (11th Cir. 1993) *cert. denied*, 510 U.S. 947, 114 S.Ct. 389, 126 L.Ed. 2d 337 (1993); *Greenberg v. General Mills Fun Group, Inc.*, 478 F.2d 254, 256 (5th Cir. 1973).  Moreover, the court must view the facts presented in the pleadings, and all inferences drawn thereof, in the light most favorable to the non-moving party.  *Boyd v. Peet*, 249 Fed. Appx. 155, 157 (11th Cir. 2007).  Judgment on the pleadings is only appropriate

where the non-moving party can prove no set of facts in support of his claim which would entitle it to relief. *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001).

### B.     Copyright Preemption Analysis

The Eleventh Circuit applies a two-prong test for copyright preemption analysis, examining (i) whether the right at issue falls within subject matter of copyright as set forth in sections 102 and 103 of the Copyright Act and (ii) if the rights at issue (here, NetCE's rights as protected by California's Unfair Business Practices Law, Cal. Bus. & Prof Code s. 17200, *et seq.*) are equivalent to exclusive rights of section 106 of the Copyright Act.  See *Campbell v. Osmond*, 917 F. Supp. 1574, 1583 (M.D. Fla. 1996).  NetCE agrees wholeheartedly with Dr. Jouria that the subject matter of the Seven Courses is copyrightable and that valid copyright registrations exist for each of the Seven Courses at issue in this litigation.

NetCE does not agree, however, that the rights at issue in its unfair business practices and copyright infringement claims are at all equivalent.

For the purposes of preemption analysis, the rights at issue are not equivalent if an "extra element" exists or is required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action. *Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001).  If an extra element is required for plaintiff to win on the second (non-copyright) claim, the right "does not lie within the general scope of copyright and there is no preemption." *Id.* (internal citation omitted).  Here, that extra element is consumer confusion as to source.

### C.     Consumer Confusion Is An "Extra Element"

The rights of a copyright holder under section 106 are to: (i) reproduce the copyrighted work (to make copies), (ii) prepare derivative works, and (iii) distribute copies of the copyrighted

#53912373_v1

work to the public by sale or other transfer of ownership. *Donald Frederick Evans & Assoc., Inc. v. Continental Homes, Inc.*, 785 F.2d 897, 914 (11th Cir. 1986) (internal citation omitted). Repeatedly, courts have held that allegations of consumer confusion, such as the numerous allegations contained in NetCE's Complaint, are distinct from such rights. Consumer confusion—and competition over a common pool of customers—is not a required component of copyright infringement, and copyright law does not preempt NetCE's claims of unfair business practices under California law.

NetCE's pleadings contain multiple references to and allegations of consumer confusion—none of which appear in NetCE's copyright-specific allegations (¶¶ 82-86). NetCE Complaint at ¶¶ 23, 33, 66, 77, 119. Dr. Jouria's unauthorized re-selling of the Seven Courses at issue in the litigation not only injured NetCE because Dr. Jouria's actions deprived NetCE of its rights under copyright law, *but also* because his actions gave rise to consumer confusion. *Id.* at ¶¶ 23, 66, 72, 119. In fact, as apparent from NetCE's pleadings, from the inception of its relationship with Dr. Jouria, NetCE was concerned that his working for NetCE competitors concurrently would. *Id.* at ¶ 33. Courts in the Eleventh Circuit consistently hold that consumer confusion constitutes an "extra element" and precludes copyright preemption.

In *Third Party Verification, Inc. v. Signaturelink, Inc.*, both parties asserted copyright claims and claims for unfair competition under Florida law against each other. 492 F. Supp. 2d 1314 (M.D. Fla. 2007) (motion to dismiss). The Court ruled that, as both parties alleged competition for a common pool of customers, the pleadings fulfilled the "extra element" requirement and avoided preemption. *Id.*

In *Jaggon v. Rebel Rock Entm't Inc.*, the plaintiff songwriter sued for both copyright infringement and state law claims of unfair competition after two music producer defendants

5

copied and incorporated elements of his song ("Just C U") into a different piece ("I Run") before conveying the new piece ("I Run") to music distributor defendants.  No. 09-61144-CIV, 2010 WL 3468101 (S.D. Fla. Sept. 1, 2010) (denying motion to dismiss).  The court opined that the plaintiff songwriter's claims for unfair competition (including allegations of "consumer confusion and deception in the marketplace") were *not* preempted because the claim included allegations of deceptive or fraudulent acts beyond mere copying, namely acts resulting in consumer confusion.  *Id.* at 4-5.  See also *Pelican Eng'g Consultants, Inc. v. Sheeley*, No. 2:99-CV-298-FTM-21D, 2000 WL 1215397 (M.D. Fla. July 11, 2000) (motion to dismiss denied and no preemption where copyright infringement *and* consumer confusion alleged); *Treiber v. StorCOMM, Inc.*, No. 3:03-CV-1040-J32-MMH, 2005 WL 2012275 (M.D. Fla. Aug. 16, 2005) (motion to dismiss denied and no preemption where consumer confusion alleged).  Compare *Magical Mile, Inc. v. Benowitz*, 510 F. Supp. 2d 1085, 1088-89 (S.D. Fla. 2007) (dismissing common law unfair competition claim where no consumer confusion alleged and declining to dismiss federal law unfair competition claim where consumer confusion alleged).  As discussed, NetCE's Complaint contains multiple allegations of consumer confusion as to source wholly distinct from its allegations of copyright infringement, and, therefore, its copyright infringement claims do not preempt its claims of unfair business practices under California law.

        **D.**       **NetCE Alleges "Bodily Appropriation"**

Dr. Jouria cites to *Media.net Adver. FZ-LLC v. Netseer, Inc.*, 198 F. Supp. 3d 1083 (N.D. Cal. 2016) and *Kodatek v. MTV Networks, Inc.*, 152 F.3d 1209 (9th Cir. 1998), for the proposition that a section 17200 claim under California law is preempted by a copyright infringement claim, even where the non-moving party alleged consumer confusion.  Yet, both cases are distinguishable.

First, Dr. Jouria argues that *Kodatek* supports his preemption argument because the court observed that the portion of the complaint alleging unfair competition incorporated "by reference" paragraphs from the copyright infringement claim.  152 F. 3d at 1212-13.  Dr. Jouria's Motion for Judgment on the Pleadings ("Motion") (Dkt. 102) at p. 6.  Yet, the allegations in NetCE's Complaint are *not* structured as in *Kodatek*.

*Kodatek* notes that the offending pleading "incorporates by reference paragraphs from the copyright infringement *claim*" (emphasis added).  The unfair competition claim section of the NetCE Complaint (¶¶ 117-125) incorporates by reference the factual allegations (¶¶1-81), not the "paragraphs from the copyright infringement claim" (¶¶ 82-86).  At any rate, where the factual allegations contained in the incorporated paragraphs describe "extra elements" beyond the rights of copyright, as NetCE's allegations in ¶¶ 1-81 do, incorporation of those paragraphs reinforce, rather than contradict, the case to defeat preemption.  See *Bekaert Progressive Composites Corp.*, No. 06cv2440-LAB (LSP), 2007 WL 1110736, *3 (S.D. Cal. April 5, 2008) (no preemption).  *Kodatek*, moreover, never mentions consumer confusion as to source (or any allegation by the non-moving party to that effect) and therefore is inapposite.

*Media.net* relies solely on *Lacour v. Time Warner, Inc.*, 2000 WL 688946, *1, *7-8 (N.D. Ill. 2000) (a case that does not interpret California law) for the proposition that confusion and deception are inherently present in copyright infringement.  Yet, courts examining California unfair competition law limit the application of *Lacour* (logically) and *Kodatek* (explicitly).

In *Salim v. Lee*, the court, when specifically discussing section 17200, limited *Kodatek* to circumstances where a plaintiff did not allege "bodily appropriation" (copying or unauthorized use of substantially the entire item).  202 F. Supp. 2d 1122, 1127-28 (C.D. Cal. 2002).  *Salim* ultimately held that reverse passing off *survives* a preemption challenge under copyright law if

7

the complaint includes an allegation of bodily appropriation.[1]  See also *Goodness Films, LLC v. TV One, LLC*, cv 12-8688-GW (JEMx), 2012 WL 12896899, at *10 (C.D. Cal. 2012).  NetCE's Complaint, of course, alleges seven instances of "bodily appropriation."  See, *e.g.,* NetCE Complaint at ¶¶ 67, 81.

**IV.    CONCLUSION**

As NetCE's unfair competition claim contains the "extra element" of consumer confusion as to source and as NetCE alleged "bodily appropriation" of its work, NetCE's copyright claims do not preempt its unfair competition claim under California law.  Dr. Jouria is not entitled to judgment as a matter of law on this issue.  NetCE respectfully requests this Court deny Plaintiff's Motion for Partial Judgment on the Pleadings (Dkt. 102).

Dated: October 6, 2017

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Philip E. Rothschild*
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

*/s/ John P. Kern*
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Jessica E. Lanier, Esq. (pro hac vice)
Email: Jessica.Lanier@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910

---

[1] The logic of this distinction is that altering a work only slightly can give rise to consumer confusion, while changing it more drastically is less likely to do so.

          Attorneys for CE RESOURCE, INC.
          d/b/a CME RESOURCES and
          NetCE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 6, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

          */s/ Philip E. Rothschild*
          Philip E. Rothschild

## SERVICE LIST

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC MAIL SERVICE]**

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(Attorneys for Elite Continuing Education, Inc
**[VIA ELECTRONIC MAIL SERVICE]**

#53912373_v1