**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

DR. JASSIN JOURIA

    Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

    Third Party Defendant.

_____/

### PLAINTIFF'S RESPONSE TO DEFENDANT NETCE'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION

COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully responds to Defendant's, CE Resource, Inc. d/b/a CME Resource and NetCE ("Defendant"), motion to compel responses to requests for production, DE 100, and further in compliance with this court's order to respond. DE 107. Plaintiff has made the following attempts to resolve the issues raised in Defendant's motion: 1) produced responsive documents in PDF format; 2) re-produced the same documents per the instructions of Defendant with load files containing metadata; 3) produced supplemental documents per the instructions of Defendant with load files; and, 4) provided a supplemental response to the requests. In attempting to produce all documents per the instructions of Defendant in good faith, Plaintiff hired an outside litigation support firm, CopyScan Technologies ("CopyScan") in Fort Lauderdale, Florida to convert all documents produced to include load files containing metadata. CopyScan delivered the documents directly to Defendant's counsel's liaison, Ms. Laura Fichet, as directed by Defendant's counsel. Rather than try to work through remaining issues cooperatively, Defendant rather has chosen to resort to its prior conduct of disparaging Plaintiff and/or his counsel.[1] *See generally* DE 87 (order denying a prior motion of Defendant seeking to sanction Plaintiff's and/or his counsel).

A review of the Defendant's complaints reveal the following:

1. Req. Nos. 1 and 3 - responsive documents were produced. *See* 100-1, Ex. A. Plaintiff also referred Defendant to see the documents it filed (DE 36-1, 2). *Id*. Defendant complains that Plaintiff should copy the documents in DE 36-1 and 2, filed by Defendant, and then reproduce them back to Defendant. This is simply vexatious file-churning. Moreover, in Ex. G, 101-1, the August 25, 2017 letter from Defendant's counsel only cites one case binding case, *Ghahan, LLC v. Palm Steak House, LLC*, No. 12-80762-CIV, 2013 WL 12095557, at *3 (S.D. Fla. June 20, 2013) on production of documents in the possession of the requesting party. In *Ghahan*, the court inquired into whether the requesting party had the documents requested in his possession, and noted that he did not. *Id*. at *6.

---

[1] Defendant's counsel accuses of Plaintiff's counsel of "throughout this process...feigning ignorance...engaging in tactics to hinder and obstruct...[and engaging in sanctionable] tactics." *See* motion, p.2.

(Exhibit 1, attached). Here, Defendant clearly has the documents it filed with the court. Additionally, Plaintiff offered to produce documents to the extent he had them and the Defendant did not. However, at the meet and confer, counsel for Defendant refused to state whether it had the documents that it was requesting. Req. Nos. 5-7 - Plaintiff supplementally produced all 10 articles he wrote for Defendant, and 5 of the 7 articles he wrote for Defendant Elite Continuing Education, Inc. ("Elite")(Plaintiff cannot locate the remaining 2 articles written for Elite). Req. No. 16 - *see Ghahan*m, *supra*, as Defendant has the documents evidencing payments Defendant made to Plaintiff. Req. No. 19 - Plaintiff produced documents identifying all persons in its initial production (Defendant, Elite, and non-party NurseCE4less). Req. No. 29 - Defendant refused to state that it does not have the documents it sent to Plaintiff. Req. No. 30 - Responsive documents are the contracts at issue which Defendant made part of the record (DE 36-2). Again, there is no legal requirement forcing the Plaintiff to print those documents simply to produce them to Defendant.

2. Req. Nos. 26, 27, 28 and 37, Plaintiff objects because the requests seek documents unrelated to the claims or defenses.[2]

3. Req. Nos. 21, 26, 30 and 35 - Plaintiff supplemented his responses for Req. Nos. 21 and 26 to state no documents were being withheld subject to his objections. Plaintiff never interposed an objection to Req. No. 30 so there was no statement that required supplementation, contrary to Defendant's contention. Plaintiff produced documents responsive to Req. No. 35, and supplemented his response to a scope objection by limiting production to the scope of the litigation, as per this court's order, DE 77 ¶2. Defendant never raised any question regarding Plaintiff's response to Req. No. 36, *see* DE 101-1, Ex. G, or at the meet and confer, and only now, for the first time, does it

---

[2] It is a generally recognized proposition of federal discovery law that a litigant is prohibited from discovery of an opponents assets until a judgment against the opponent has been rendered. *Resolution Trust Corp. v. Thornton*, 41 F.3d 1539, 1547 (D.C. Cir. 1994). A party's financial information can be relevant and subject to discovery if it "implicates specific elements of a claim or defense asserted in the dispute." *Gen. Mtrs. LLC v. Lewis Bros., LLC*, 2012 WL 3128949, at *8 (W.D.N.Y. July 31, 2012) (citing *Daval Steel Prods. Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367-68 (2d Cir. 1991)). Financial discovery invades a party's expectation of privacy in Florida. If financial discovery is not relevant to the claims and defenses raised, pre-judgment financial disclosure is not appropriate. *See Netjets Aviation, Inc. v. Peter Sleiman Dev. Grp. LLC*, Case No. 3:10-cv-483-J-32MCR (M.D. Fla. Dec. 27, 2011).

complain about the response. Regardless, Plaintiff supplemented his response to Req. No. 36 as he did for Req. No. 35.

4.      Defendant's final complaint regarding Plaintiff's document production is that he did not produce load files with the appropriate metadata. Plaintiff attempted to resolve this issue after producing PDF responsive documents by hiring CopyScan and providing it with Defendant's document instructions. Thereafter, CopyScan re-produced the original PDF documents into load files with metadata and forwarded them to Ms. Fichet on August 28, 2017, and again on August 29, 2017 because Ms. Fichet stated she hadn't received the first set. Ms. Fichet confirmed receipt on August 29, 2017 and stated she would follow up if she had any questions. She never followed up. (Comp. Ex. 2). Thereafter, Plaintiff supplemented production with a second set of load files containing metadata, again through CopyScan which sent the files directly to Ms. Fichet as instructed by Defendant's counsel on September 6, 2017. Defendant only now, for the first time, complains the load files were not to its liking. *See* motion, p.6 n.2. However, there was never a meet and confer regarding this issue of insufficient metadata, and neither did Defendant's counsel nor its discovery expert Ms. Fichet ever contact Plaintiff's counsel or Plaintiff's discovery company CopyScan to sort through the purported deficiencies. On this limited issue, Plaintiff submits Defendant failed to meet the letter and spirit of the meet and confer requirement. Nonetheless, Plaintiff stands ready to address this matter with the experts to resolve any purported deficiencies.

Defendant's continued disparagement of Plaintiff's counsel reminds Plaintiff of an old lawyer's adage: When the facts are against you, argue the law; when the law is against you, argue the facts; and when both the facts and the law are against you, "[a]buse the other fellow's attorney."[3] Not only are sanctions against Plaintiff's counsel not appropriate for a perceived discovery slight, but Defendant's counsel should be admonished for their continuing unprofessional, undignified name-calling of the Plaintiff or his counsel in this proceeding.

Upon the foregoing, Plaintiff seeks an order denying the motion, and awarding him a reasonable attorney's fees to defend against it. *See* Fed.R.Civ.P. 37(a)(5).

---

[3] 1925 March, The Rotarian, Among Our Letters: This War Business by W. N. Fitzwater, Elkins, W. Va., Page 50, Rotary International.

Respectfully submitted,


/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110

Fax 954/252-9192
E mail: prodp@ix.netcom.com

## **CERTIFICATE OF SERVICE**

        I HEREBY CERTIFY that on October 6, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                s/Richard S. Ross
                                                Richard S. Ross, Esq.

SERVICE LIST
Dr. Jassin Jouria v. CE Resource, et al.
Case No.: 15-61165-CIV-DIMITROULEAS
United States District Court, Southern District of Florida
(Ft. Lauderdale Division)

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*


J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*