**EXHIBIT 1**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 12-80762-CIV-RYSKAMP/HOPKINS

GHAHAN, LLC,
an Ohio limited liability company,

      Plaintiff,

vs.

PALM STEAK HOUSE, LLC,
f/k/a PALM STEAK HOUSE
GENTLEMEN'S CLUB, LLC,
a Florida limited liability company,
SUZANNE FARESE, individually,
THOMAS FARESE, individually,
CONGRESS PLAZA, LLC, John Doe 1
and Jane Doe 1,

      Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## MOTION TO COMPEL DISCOVERY

THIS CAUSE comes before the Court pursuant to Plaintiff Ghahan, LLC's ("Ghahan")

motion to compel discovery, filed January 30, 2013 **[DE 71]**. Defendants Palm Steak

House("PSH"), Suzanne Farese and Thomas Farese responded on March 28, 2013 **[DE 103]**.

Ghahan replied on April 1, 2013 **[DE 106]**. This motion is ripe for adjudication.

## I.      BACKGROUND

Ghahan is an Ohio limited liability company with its principal place of business in

Columbus, Ohio. PSH is formerly known as the Palm Beach Gentlemen's Club ("PBGC").

PBGC is a Florida limited liability company with its principal place of business in West Palm

Beach, Florida. As of October 1, 2008, PBGC owned a business located at 1000 N Congress

Avenue, Units A-H, West Palm Beach, Florida ("Real Property"). The Real Property is owned by Congress Plaza LLC, a Florida limited liability company, whose members are Thomas Farese, Suzanne Farese, Barry Roderman, and David Goldstein.

On or about October 1, 2008, Ghahan and PBGC entered into a Management Agreement wherein Ghahan and PBGC agreed, *inter alia*, that Ghahan would operate and manage the business and receive a share of the profits.

In April 2011, Ghahan and PBGC began negotiations regarding the potential buyout of Ghahan's interest in the Membership Agreement. At the time of the negotiations, Saad Roumaya, a/k/a Steve Roumaya (hereinafter, "Roumaya"), and Naquid Hasan, a/k/a Nick Hasan (hereinafter, "Hasan") were members/owners of Ghahan. On or about May 19, 2011, Thomas Farese and Roumaya agreed on a buyout, whereby PBGC agreed to pay Ghahan $675,000.00 over time, in return for the termination of the Management Agreement. Prior to PBGC buying out Ghahan, Roumaya would first buy out the other members of Ghahan. Roumaya bought out the other members of Ghahan.

On or about November 29, 2011, Roumaya received written notice informing him that the Management Agreement was being unilaterally terminated for breaches thereof, including a breach of a provision barring Roumaya from buying out Hasan without first obtaining permission from PBGC. Farese and PBGC refused to complete the May 19, 2011 agreement. PBGC then expelled and precluded Ghahan from operating and managing the business.

## II.    LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed.R.Civ.P. 26(b)(1). Courts construe this language to permit "open disclosure of all potentially relevant information." *Burns v. Thiokol Chemical Corp.*, 483 F.2d 300, 307 (5th Cir. 1973).[1] The scope of discovery is limited, however. The information sought must be relevant and not overly burdensome to the responding party. *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992) (citing *Trevino v. Celanese Corp.*, 701 F.2d 397, 406 (5th Cir. 1983)). Discovery should be tailored to the issues involved in the particular case. *Id.* Local Rule 26.1(g)(3)(A) requires that all grounds for objections to discovery be stated with specificity. Local Rule 26.1(g)(3)(A) also provides that "[a]ny grounds not stated in an objection [to a discovery request] within the time provided by the Federal Rules of Civil Procedure, or any extension thereof, shall be waived."

### III.     DISCUSSION

*Requests for Production Nos. 15-35, 37: Tax Returns and Financial Records of PSH*

15.     PSH's and the Restaurant's annual financial statements (audited, reviewed, compiled, and/or internal) from 2005     Present, including but not limited to:

a. Statements of Cash Flow
b. Accounts Receivable History Detail
c. Accounts Payable History Detail
d. Depreciation / Amortization Reports

RESPONSE TO REQUEST FOR PRODUCTION
OBJECTION. Any financial type documents have already been handed

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) made binding on the Eleventh Circuit all decisions of the Fifth Circuit decided prior to September 30, 1981.

4

over to Ghahan LLC and directly to its current Managing Member. Those financial type documents which are relevant have been produced under separate over. An October 8, 2008 Ledger is being compiled and when completed will be handed over. Plaintiff already has its own ledger called the October 8 Ledger. Plaintiff has had access to all the files and records of PSH since the Management Agreement and has already taken copies of all records it chose.[2]

16. PSH's and the Restaurant's year-end financial statements (audited, reviewed, compiled, and/or internal) from 2005    Present, including but not limited to:

   e. Statements of Cash Flow
   f. Accounts Receivable History Detail
   g. Accounts Payable History Detail
   h. Depreciation / Amortization Reports

   RESPONSE TO REQUEST FOR PRODUCTION
   None. See Response to Number 15 above.

17. PSH's and the Restaurant's monthly financial statements (audited, reviewed, compiled, and/or internal) from January 1, 2012    Present, including but not limited to:

   a. Statements of Cash Flow
   b. Accounts Receivable History Detail
   c. Accounts Payable History Detail
   d. Depreciation / Amortization Reports

18. PSH's and the Restaurant's complete Federal Income Tax Returns for the years 2005 to present.

   RESPONSE TO REQUEST FOR PRODUCTION
   Objection. Income Tax returns have already been produced to Ghahan. For each and every year since the Management Agreement took effect. These are confidential documents.

19. PSH's and the Restaurant's year-end balance sheets for the years 2005 to present.

20. Copies of any forecasts or projections for PSH and the Restaurant.

_____

[2] Palm Steak House responded to requests 16 - 17, 19-34 in the same manner.

5

21.  List of subsidiaries or other businesses in which PSH has an ownership interest, together with their financial statements.

21.  PSH's and the Restaurant's detailed general ledgers (both electronic and copied) for 2005 to the present.[3]

22.  PSH's and the Restaurant's detailed disbursements journals for 2005 to the present.

23.  PSH's and the Restaurant's cash receipt journals for 2005 to the present.

24.  PSH's and the Restaurant's electronic data file(s) containing all of PSH's and the Restaurant's accounting data from 2005 — Present (please include the name and version of the accounting software).

25.  All year end trial balances for PSH and the Restaurant from 2005 through the present.

26.  Chart of accounts for PSH and the Restaurant.

27.  List PSH's and the Restaurant's cash accounts and any significant cash investments.

28.  PSH's and the Restaurant's aged accounts receivable listings for all years 2-5-present.

29.  List of PSH's and the Restaurant's notes payable and other interest-bearing debt.

30.  Notes payable and other interest-bearing debt regarding PSH and the Restaurant.

31.  Copies of PSH's and the Restaurant's sales, capital, operating budgets from 2005 to present.

32.  Copies of any PSH's and the Restaurant's business plans from 2005-present.

33.  Copies of all PSH's and the Restaurant's credit card statements and year end summaries.

_____

[3] The original discovery request contained two entries designated as No. 21.

6

34.     Schedule of PSH's and the Restaurant's member's compensation.

PSH not dispute Ghahan's entitlement to said financial records, but instead attempts to

excuse its noncompliance by claiming that Ghahan received tax returns in the course of its

management of the club prior to the filing of this lawsuit. While Ghahan does not dispute that it

may have received some tax returns during the time it managed the club prior to the filing of this

lawsuit, Ghahan presently does not possess any such tax returns and does not possess any

summary financial records of the club such as profit loss statements, balance sheets, cash flow

statements, accounts receivable, etc. Ghahan claims that it was expelled from the club in 2011

and that as a result, it left many of the financial records of the club at its business location in the

possession of Thomas Farese.

A party is entitled to the production of documents even where the requesting party is in

possession of the documents. *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal.

1996)("DeFabiis is required to produce documents he has in his possession, custody or control,

regardless of whether he believes plaintiff already has those documents."); *Keybank Nat'l Ass'n v.*

*Perkins Rowe Assocs.*, Civil Action No. 09-497-JJB-SCR, 2011 WL 1337374, at *2 (Apr. 7,

2011) ("A party may not simply refuse to respond to a party's discovery request on the grounds

that the party already has the information."). Thus, there is no legal basis for PSH to refuse to

produce tax returns merely because Ghahan may have possessed some of them prior to filing suit.

To the extent that PSH claims that the tax returns are confidential, PSH has waived any

claim to confidentiality in that it has already produced some tax returns to Ghahan. *See The*

*United States Life Insurance Company in the City of New York vs. Logus Manufacturing Corp.*,

845 F. Supp. 2d 1303, 1317 (S.D. Fla. 2012) ("Waiver by silence may occur when a party is under a duty to affirmatively vindicate its right and does not do so.") (citing *Richards v. Dodge*, 150 So.2d 477, 484 (Fla. 2d DCA 1963)).

35.    Copies of leases relating to PSH and the Restaurant.

RESPONSE TO REQUEST FOR PRODUCTION
Objection. Defendant also objects on the grounds that this request violates confidentiality and privacy statutes and or are unrelated to this lawsuit or any counterclaims to be filed, and are not likely to lead to the discovery of admissible or relevant evidence. Additionally, this request is overly broad, unduly burdensome, ambiguous and includes documents protected by the privacy laws and confidentiality issues. Additionally, this request is protected by the attorney client privilege and the work product privilege. This request constitutes harassment and abuse of the defendant.

Notwithstanding, the lease in existence during the term of the management agreement will be produced. Said lease has already been handed over to Ghahan.

PSH does not explain why it considers the lease documents confidential or private. The leases are relevant because they provide information as to the profitability of PSH and the Restaurant, which goes toward the damages issue. Any claim to privacy or confidentiality as to leases has been waived given that PSH produced the lease in effect during the term of the management agreement.

37.    Any correspondence and/or notices from the Internal Revenue Service to PSH and the Restaurant from 2005 – present.

RESPONSE TO REQUEST FOR PRODUCTION
Objection as to any financial records as personal, private and confidential.

Any claim to privacy of financial records has been waived in that PSH has already produced several tax returns to Ghahan.

*Requests for Production Nos. 7-10, 41: Records and Information Regarding the Recent Sale of PSH and Current Manager of the Club*

7.   Any and all agreements or contracts (including drafts) relating in anyway to the sale or possible sale of the Restaurant.

RESPONSE TO REQUEST FOR PRODUCTION
Objection. Overly broad as to time and lacks specificity as regards to the issues raised in the pleadings. Not relevant to the subject matter of the action, and material sought is not admissible nor is it reasonably calculated to lead to evidence which is admissible. The request fails to describe each item or category with reasonable particularity. The request is too broad and lacks sufficient specificity necessary for one to know what is demanded. This request was made to annoy, embarrass, oppress and to economically burden PSH with legal fees and distress.

8.   Any and all agreements or contracts (including drafts) relating in anyway to the sale or possible sale of the any of the assets of the Restaurant.[1]

9.   Any and all agreements or contracts (including drafts) relating in anyway to the complete or partial sale or possible complete or partial sale of the PSH.

10.  Any and all agreements or contracts (including drafts) relating in anyway to the complete or partial sale or possible complete or partial sale of any of the assets of PSH.

PSH has refused to divulge the identity of the new person or entity that took over the management of the club following Ghahan's exit and have failed to produce any financial records regarding the takeover of the management by that new person or entity.  After filing the subject lawsuit, Ghahan discovered that a new entity or person had taken over the management of the

---

[1] Defendants responded to requests nos. 8-10 in the same way they responded to request no. 7.

9

subject club pursuant to an agreement to manage, lease and/or buy. Ghahan moved to amend its complaint to add that new entity as party-defendant to declare that Ghahan's right to manage was superior to that new entity or person and to impose a constructive trust. The Court granted the motion to amend and a second amended complaint has been filed.

Thus, the identity of this new operator of the club is relevant and properly discoverable, as this Court has already determined that there is a colorable basis for Ghahan to amend to bring in the new operator of the club as a defendant. Further, the finances of the transaction between PSH and the new operator is relevant and discoverable, because if Ghahan is ultimately successful in establishing its claim that Defendants breached the Management Agreement, its remedies would be damages for the value of the Management Agreement, including lost profits, the cost of improvements and other expenses incurred by Ghahan regarding the restaurant, and/or reinstatement of its right to manage the restaurant and for imposition of a constructive trust on Ghahan's improvements and interest in the restaurant. Accordingly, the terms and conditions of the financial arrangement with the new operating entity is highly relevant to the value of Ghahan's management agreement and its damages resulting from the wrongful termination of the same. For these reasons, PSH is ordered to produce documents responsive to Ghahan's First Request for Production Nos. 7, 8, 9 and 10.

41.    Any agreement relating in any way to the management PSH and/or the Restaurant from 2005-present.

RESPONSE TO REQUEST FOR PRODUCTION
Objection as to any documents which might violate confidentiality and privacy statutes and or are unrelated to this lawsuit or any counterclaims to be filed, and are not likely to lead to the discovery of admissible or

relevant evidence. Additionally, this request is overly broad, unduly burdensome, ambiguous and includes documents protected by the privacy laws and confidentiality issues. Additionally, this request is protected by the attorney client privilege and the work product privilege. This request constitutes harassment and abuse of the defendant.

Notwithstanding the forgoing objection, there is a confidential Consultant Agreement between PSH and Defendant Thomas Farese. Because it is a confidential document, if Thomas Farese does not object to the disclosure of this consultancy agreement, Defendant PSH will produce same under separate cover.

Again, the Court has already determined that information relating to the current owners and managers of the club is relevant. PSH states that this request seeks information protected by the attorney-client and work-product privileges but does not attach a privilege log as required by Local Rule 26.1(g)(3)(C). PSH is directed to respond to these discovery requests in full.

*Requests for Production Nos. 11-14: Correspondence Among the Parties and their Representatives*

11. Any and all correspondence (including electronic communication) between you and Plaintiff and/or its members.

RESPONSE TO REQUEST FOR PRODUCTION
As to PSH and Ghahan, PSH will produce such documents as are responsive and in its custody, possession or control, if any. Objection as to any information requested which is not relevant and or not reasonably calculated to lead to the discovery of admissible evidence in this action.

Objection. Ghahan already has a copy of any such documents, which may exist related to Plaintiff Ghahan.

Objection as to Ghahan's members, on the grounds of privacy and confidentiality including the attorney client privilege and work product.

General Objection. Overly broad as to time, month and year and lacks specificity as regards to the issues raised in the pleadings. The request fails to describe each item or category with reasonable particularity. The request is too broad and lacks sufficient specificity necessary for one to know what

is demanded. Objection. Burdensome, and oppressive. The information
requested is not reasonably calculated to lead to the discovery of
admissible evidence in this action, and was requested to burden, harass
and oppress PSH.

12.     Any and all correspondence (including electronic communication)
        between you and Saad "Steve" Roumaya.

        RESPONSE TO REQUEST FOR PRODUCTION
        Objection. This request for "any and all correspondence" is overly broad,
        ambiguous, and includes documents protected by the work product
        privilege and attorney client privileges. Objection. There are no allegations
        about Sayad Roumaya in the Amended Complaint. This request is overly
        broad, ambiguous, unduly burdensome, and oppressive. Plaintiff's request
        for documents relating to Steve Sayad Roumaya, seeks documents
        concerning a non-party, which are not likely to lead to the discovery of
        admissible evidence.  See attached documents to PSH's Amended Motion
        to Dismiss.

13.     Any and all correspondence (including electronic communication)
        between you and Naqid "Nick" Hasan.

        RESPONSE TO REQUEST FOR PRODUCTION
        Objection. This request for "any and all correspondence" is overly broad,
        ambiguous, and includes documents protected by the work product
        privilege and attorney client privileges. Nick Hasan is not a party to this
        action. This request is overly broad, ambiguous, unduly burdensome, and
        oppressive. Plaintiff's request for documents relating to Nick Hasan seeks
        documents concerning a non-party, which are not likely to lead to the
        discovery of admissible evidence.


        These requests are overbroad.  These requests are highly burdensome as they are not

limited in time or topic.  PSH explains that responding to these requests would require it to

produce thousands of communications, as some of the above-mentioned individuals were in

constant communication about other business ventures and matters unrelated to this lawsuit.

PSH need not respond to these requests for production.

12

14.    Any and all correspondence (including electronic communication)
       between you and any of the other members of PSH relating in anyway to
       the Plaintiff.

       Objection. Objection as to any documents which might violate
       confidentiality and privacy statutes and or are unrelated to this lawsuit or
       any counterclaims to be filed, and are not likely to lead to the discovery of
       admissible or relevant evidence. Additionally, this request is overly broad,
       unduly burdensome, ambiguous and includes documents protected by the
       privacy laws and confidentiality issues.  Additionally, this request is
       protected by the attorney client privilege and the work product privilege.
       This request constitutes harassment and abuse of the defendant.

This request, even though it is limited to communications "relating in anyway to the

Plaintiff," is also overbroad.  At issue is the alleged failed plan for the buyout of Ghahan's

interest in the Membership Agreement.  Communications "relating in anyway" to Ghahan are not

relevant to this breach of contract action.  PSH need not respond to this discovery request.


*Interrogatory No. 6: Identity of PSH's Bookkeepers*

6.    State the names and residential addresses of all individuals who have
      performed any bookkeeping services for the Restaurant...from October 1,
      2008, through the present.

While PSH designated four individuals as bookkeepers, it also designated four unnamed

individuals as bookkeepers.  PSH has not provided addresses for any of these individuals,

however.  PSH nevertheless has stated that it would attempt to locate any bookkeepers' addresses

that may be available.  PSH is directed to provide the identities and addresses of all bookkeepers

it employed from October 1, 2008 through the present.


*Requests for Production Directed to Suzanne Farese*

Suzanne Farese was served with the identical requests for production as those served on

13

the other named Defendants. Suzanne Farese did not object to each specific request. Rather, in

response to each request, she answered, "None." Suzanne Farese claims the guarantor of PSH,

which possesses the requested documents. Suzanne Farese is directed to respond to the above-

designated discovery requests to the extent the Court granted said requests. Fed.R.Civ.P.

34(a)(1) does not require actual possession of the documents in question, merely the "custody

and control" thereof. Suzanne Farese shall produce all documents responsive to each discovery

request the Court granted.

*Interrogatory No. 10 Directed to Thomas Farese*

The Court will not address this discovery request given that this action has been stayed as

to Thomas Farese.


## IV.     CONCLUSION

THE COURT, being fully advised and having considered the pertinent portions of the

record, hereby

ORDERS AND ADJUDGES that the motion to compel, filed January 30, 2013 **[DE 71]**,

is GRANTED IN PART AND DENIED IN PART as explained herein. Defendants are directed

to respond to the designated discovery requests within fifteen days of the date of this order. It is

further

ORDERED AND ADJUDGED that Ghahan's motion for hearing on the motion to

compel, filed February 4, 2013 **[DE 80]**, is DENIED. Ghahan's renewed motion for hearing on

the motion to compel, filed in conjunction with Ghahan's reply to the motion to compel on April

14

1, 2013 **[DE 107]**, is DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 20th day of

June, 2013.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

**COMPOSITE EXHIBIT 2**

Thank you.

On 8/29/2017 3:27 PM, Laura.Fichet@hklaw.com wrote:

Richard-

I receive notice of an invite at 12.21 pm PST time. I will start downloading the document production shortly and follow-up if I have any questions.

**Laura Fichet | Holland & Knight**
eDiscovery Project Manager
Holland & Knight LLP
50 California Street, Suite 2800 | San Francisco, CA 94111
Phone 415.743.6939 | Fax 415.743.6910
laura.fichet@hklaw.com | www.hklaw.com

**From:** Richard Ross [mailto:prodp@ix.netcom.com]
**Sent:** Tuesday, August 29, 2017 12:24 PM
**To:** Fichet, Laura (SFO - X56939) <Laura.Fichet@hklaw.com>; Lanier, Jessica E (SFO - X56923) <Jessica.Lanier@hklaw.com>
**Cc:** Kern, John P (SFO - X56918) <John.Kern@hklaw.com>; Rothschild, Phil (FTL - X27881) <Phil.Rothschild@hklaw.com>; markwilson@mvalaw.com; katecole@mvalaw.com; peter.chiabotti@akerman.com
**Subject:** Re: JOURIA V NETCE

Invite just resent.

I've just resent the invite to her.


Thank you,

-Mike



**Document Management. Data Discovery.**

CopyScan Graphics Customer Service

1230 South Andrews Avenue

Fort Lauderdale, FL 33316

graphics@copyscan.com

954-463-9394 (ph)

954-463-4539 (fax)


Please inspect all shipments carefully.  Claims of shortage or mistakes must be reported within five (5) days of receipt.  If any invoice is not paid when due, customer shall pay as a late charge simple interest on the unpaid del nquent balance at the rate of eighteen percent (18%) per annum or the highest rate which is allowed by law, whichever is greater.  In the event that it is necessary for COPYSCAN, INC to engage in any collection activity as a result of customer's account being past due, customer agrees to pay all collection costs, inc uding, but not limited to attorneys fees and court costs, regardless of whether suit is filed.  All invoices are due in 10 days, unless other terms are negotiated and documented in writing.



**From:** Richard Ross [mailto:prodp@ix.netcom.com]
**Sent:** Tuesday, August 29, 2017 3:18 PM
**To:** CopyScan Graphics Department <Graphics@copyscan.com>
**Cc:** Andy Sokol <andy.sokol@copyscan.com>
**Subject:** Fwd: RE: JOURIA V NETCE


Mike,

Please see below.  Laura Fichet says she never got it.  Can you please resend/invite and confirm to me when you do.  Thank you.


Sincerely,
RICHARD S. ROSS, ESQ.
**Patents, Trademarks, Copyrights**
     **and Related Litigation**
915 S.E. 2 Court
Ft. Lauderdale, Florida  33301
tel 954/252-9110
fax 954/252-9192

CONFIDENTIALITY NOTICE:
This e-mail is subject to the Electronics Communications Privacy Act, 18 U.S.C. § 2510-2521, and may be legally privileged. The information contained in this e-mail message, together with any attachments hereto or links contained herein, is strictly private and confidential information intended only for the use of the individual or entity named above. The information contained in this e-mail, and any attachments hereto may be attorney-client privileged, and work product confidential intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is STRICTLY PROHIBITED.

NOTICE UNDER U.S. TREASURY DEPARTMENT CIRCULAR 230, *Regulations Governing the Practice of Attorneys, Certified Public Accountants, Enrolled Agents, Enrolled Actuaries, and Appraisers before the Internal Revenue Service:* To the extent that this e-mail communication and the attachment(s) hereto, if any, may contain written advice concerning or relating to a Federal (U.S.) tax issue, United States Treasury Department Regulations (Circular 230) require that we (and we do hereby) advise and disclose to you that, unless we expressly state otherwise in writing, such tax advice is not written or intended to be used, and cannot be used by you (the addressee), or other person(s), for purposes of (1) avoiding penalties imposed under the United States Internal Revenue Code or (2) promoting, marketing or recommending to any other person(s) the (or any of the) transaction(s) or matter(s) addressed, discussed or referenced herein for IRS audit, tax dispute or other purposes.



-------- Forwarded Message --------

**Subject:** RE: JOURIA V NETCE
   **Date:** Tue, 29 Aug 2017 18:53:51 +0000
   **From:** Laura.Fichet@hklaw.com
      **To:** prodp@ix.netcom.com, Jessica.Lanier@hklaw.com
      **CC:** John.Kern@hklaw.com, Phil.Rothschild@hklaw.com, markwilson@mvalaw.com, katecole@mvalaw.com, peter.chiabotti@akerman.com




This email confirms that I did not receive an invite around 11.30 am PST time.


Regards,

**Laura Fichet | Holland & Knight**
eDiscovery Project Manager
Holland & Knight LLP
50 California Street, Suite 2800 | San Francisco, CA 94111
Phone 415.743.6939 | Fax 415.743.6910
laura.fichet@hklaw.com | www.hklaw.com

10/4/2017 2:08 PM

This email confirms that I did not receive an invite around 11.30 am PST time.


Regards,


**Laura Fichet | Holland & Knight**
eDiscovery Project Manager
Holland & Knight LLP
50 California Street, Suite 2800 | San Francisco, CA 94111
Phone 415.743.6939 | Fax 415.743.6910
laura.fichet@hklaw.com | www.hklaw.com




**From:** Richard Ross [mailto:prodp@ix.netcom.com]
**Sent:** Tuesday, August 29, 2017 11:52 AM
**To:** Fichet, Laura (SFO - X56939) <Laura.Fichet@hklaw.com>; Lanier, Jessica E (SFO - X56923) <Jessica.Lanier@hklaw.com>
**Cc:** Kern, John P (SFO - X56918) <John.Kern@hklaw.com>; Rothschild, Phil (FTL - X27881) <Phil.Rothschild@hklaw.com>; markwilson@mvalaw.com; katecole@mvalaw.com; peter.chiabotti@akerman.com
**Subject:** Re: JOURIA V NETCE


It would have been about 11:30 am PDT.  Please confirm.

On 8/29/2017 2:50 PM, Laura.Fichet@hklaw.com wrote:

> Richard-
>
>
> I have not received a notice of an invite yesterday or today. I also check my spam folder.
>
>
> Regards,
>
>
> **Laura Fichet | Holland & Knight**
> eDiscovery Project Manager
> Holland & Knight LLP
> 50 California Street, Suite 2800 | San Francisco, CA 94111

Phone 415.743.6939 | Fax 415.743.6910
laura.fichet@hklaw.com | www.hklaw.com

**From:** Richard Ross [mailto:prodp@ix.netcom.com]
**Sent:** Tuesday, August 29, 2017 6:16 AM
**To:** Lanier, Jessica E (SFO - X56923) <Jessica.Lanier@hklaw.com>
**Cc:** Kern, John P (SFO - X56918) <John.Kern@hklaw.com>; Rothschild, Phil (FTL - X27881) <Phil.Rothschild@hklaw.com>; markwilson@mvalaw.com; katecole@mvalaw.com; peter.chiabotti@akerman.com; Fichet, Laura (SFO - X56939) <Laura.Fichet@hklaw.com>
**Subject:** Re: JOURIA V NETCE

I am told documents were sent yesterday to Ms. Fichet in the form of an invite, which apparently she has yet to accept. Please confirm.

On 8/28/2017 5:40 PM, Jessica.Lanier@hklaw.com wrote:

Richard,

Thank you for your email. John, Phil, and I are available to meet and confer regarding the deficiencies in the written objections and responses you served on Wednesday any time after 12:30 pm eastern. Please name a convenient time and I will circulate a calendar invite.

I note that you have not yet sent the information for us to download your production to our e-discovery expert Laura Fichet, again cc'd here for your convenience. (Our email Friday indicating our preferred method of receipt of the production attached.) Please do so as soon as possible.

Jesse

**Jessica Lanier | Holland & Knight**
Associate
Holland & Knight LLP
50 California Street, Suite 2800 | San Francisco, CA 94111
Phone 415.743.6923 | Fax 415.743.6910
jessica.lanier@hklaw.com | www.hklaw.com

10/4/2017 2:06 PM

Add to address book | View professional biography

10/4/2017 2:06 PM