**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

DR. JASSIN JOURIA

    Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

    Third Party Defendant.

_____/

### PLAINTIFF'S RESPONSE TO DEFENDANT NETCE'S MOTION TO COMPEL RESPONSIVE ANSWERS TO INTERROGATORIES

COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully responds to Defendant's, CE Resource, Inc. d/b/a CME Resource and NetCE ("Defendant"), motion to compel responsive answers to interrogatories, DE 101, and further in compliance with this court's order to respond. DE 107. Defendant complains that Plaintiff's responses, including two (2) supplemental responses, are not responsive and are evasive, yet they are not. Plaintiff's responses directly address each interrogatory. Plaintiff's general discovery complaint is largely of its own making. The interrogatories are extraordinarily broad,[1] which beget broad, yet directly responsive answers from Plaintiff. Plaintiff's answers are separate and full as required under Fed.R.Civ.P. 33(b)(3). Even though Plaintiff tried several times to accommodate the Defendant, *see* e mail chain, Ex. D to motion (DE 101-1), Defendant was intent on filing this motion.

Exhibit D makes it clear that during the parties' meet and confer, Plaintiff attempted to give Defendant what it wanted - a statement regarding whether facts and legal theories existed. Plaintiff responded to Defendant's counsel's letter dated August 25, 2017 which requested supplementation to state affirmatively if no facts or legal theories existed for a particular interrogatory. For example, in response to Interrogatory No. 1, Plaintiff offered to supplement its answer to state that he had no facts or legal theories to support a breach of the contact at issue, indirectly responding to the interrogatory which asked for facts and theories to support **no** breach. Defendant refused to reply to Plaintiff whether the proposed supplementation would resolve Defendant's unhappiness with the interrogatory answer.

Plaintiff requests the court to review the interrogatories, and responses, including the supplemental responses, rather than rely on the Defendant's recitation of the responses. Plaintiff submits the responses are full relative to the breadth of the interrogatories, as follows:

Int. No. 1 - asks for facts and legal theories to support no breach, to which Plaintiff responds there was no breach because Plaintiff complied with all terms of the contract, including

---

[1] Many of Defendant's interrogatories ask for "facts and legal theories" to support a general particular claim, and do not seek responses to specific factual/legal issues. *See* Int. Nos. 1-8.

specific Paragraphs 4 and 5; Int. No. 2 - asks for facts and legal theories to support no copyright infringement, to which Plaintiff responds there is no infringement because Defendant does not own the copyrights, and because even if it did, Plaintiff did not violate any of the exclusive rights of copyright; Int. No. 3 - asks for facts and legal theories regarding copyright preemption of a state claim, to which Plaintiff responds the state claim is preempted because the works at issue fall within the subject matter of copyright, and the state claim allegation is the equivalent to one of the exclusive rights of copyright; Int. No. 4 - asks for facts and legal theories regarding permission for Plaintiff to do certain acts, to which Plaintiff responded that permission from Defendant was not needed because Defendant does not own the copyrights; Int. No. 6 - asks for facts and legal theories to support why the allegedly infringing works are not substantially similar to the original works, to which Plaintiff responded that alleged works are not substantially similar because they were substantially revised; Int. No. 7 - asks for facts and legal theories regarding Defendant's express rejection of Plaintiff's articles, to which Plaintiff responds that express rejection was based upon Defendant's admission and its conduct in refusing to approve the works for publication; and, Int. No. 8 - asks for facts and legal theories to support that Defendant does not own the copyrights, to which Plaintiff refers Defendant to Paragraph 9 of the operative contract explaining Defendant does not own the copyrights because it refused to approve the works for publication. All of Plaintiff's answers are fully and completely responsive to the "facts and legal theories" interrogatories.

   Int. No. 9 seeks information regarding research and writing by Plaintiff. Plaintiff initially responded with facts relating to research only. Defendant objected and wanted facts also relating to writing. *See* Exhibit D to DE 101-1. Plaintiff agreed to supplement and did supplement with facts related to writing. *See* Ex. E to DE 101-1. Defendant apparently is still unhappy. Int. Nos. 10, 11 and 12 ask for the process Plaintiff employed in changing the articles, to which he responded that portions of the articles were re-written. What Defendant does not inform the court, which Plaintiff considers completely disingenuous, is that Plaintiff also produced to Defendant all of the articles he had in his possession that were re-written, which works included all edits to show the specific portions there were re-written. Int. No. 13 asks for the time between communications with Defendant and the third party defendant Elite Continuing Education, Inc. ("Elite"), to which Plaintiff directly responds that his last communication with Defendant was May 2013, and his first

communication with Elite was April 2013. Int. No. 14 seeks the names of certain third parties. Plaintiff again responds fully and completely and gives the name of the only third party.

For Int. Nos. 17 and 18, Defendant asks for financial information from Plaintiff for "all assets" and "all bank accounts," owned or co-owned, not limiting the requests to claims and defenses in this action. Plaintiff objected on the grounds that this proceeding is pre-judgment and the law does not authorize such disclosure at this time. During the meet and confer, Plaintiff asked Defendant for any authority requiring financial production at this stage of the case. Defendant only provided cases in which punitive damages were sought. Defendant has not alleged any right to punitive damages, and has not argued any relevance to claims or defenses. It is a generally recognized proposition of federal discovery law that a litigant is prohibited from discovery of an opponents assets until a judgment against the opponent has been rendered. *Resolution Trust Corp. v. Thornton*, 41 F.3d 1539, 1547 (D.C. Cir. 1994). A party's financial information can be relevant and subject to discovery if it "implicates specific elements of a claim or defense asserted in the dispute." *Gen. Mtrs. LLC v. Lewis Bros., LLC*, 2012 WL 3128949, at *8 (W.D.N.Y. July 31, 2012) (citing *Daval Steel Prods. Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367-68 (2d Cir. 1991)). Financial discovery invades a party's expectation of privacy in Florida. If financial discovery is not relevant to the claims and defenses raised, pre-judgment financial disclosure is not appropriate. *See Netjets Aviation, Inc. v. Peter Sleiman Dev. Grp. LLC*, Case No. 3:10-cv-483-J-32MCR (M.D. Fla. Dec. 27, 2011).

Finally, Defendant recently took the deposition of Plaintiff on September 28, 2017 for a full day. Any fact or legal theory the Defendant wanted to address, it did. Defendant chose to proceed with the deposition, despite the pendency of the motion, and despite a discovery cutoff of November 15, 2017. At the conclusion of the deposition, the Defendant reserved the right to re-depose Plaintiff upon a ruling by the court on the motion. Plaintiff objected. Nonetheless, this conduct shows how the recalcitrant Defendant continues to try to intimidate the Plaintiff, utilizing the court as its sword, to threaten a second deposition. For this reason, and because the motion is meritless, Plaintiff seeks an order denying it, and awarding him a reasonable attorney's fees to defend against it. *See* Fed.R.Civ.P. 37(a)(5).

        Respectfully submitted,

        <u>/s/ Richard S. Ross, Esq.</u>
        RICHARD S. ROSS, ESQ.
        Attorney for Plaintiff Dr. Jassin Jouria
        Fla. Bar No. 436630
        915 S.E. 2 Court
        Ft. Lauderdale, Florida 33301
        Tel 954/252-9110
        Fax 954/252-9192
        E mail: prodp@ix.netcom.com

## **CERTIFICATE OF SERVICE**

        I HEREBY CERTIFY that on October 6, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                                   s/Richard S. Ross
                                                                                   Richard S. Ross, Esq.

**SERVICE LIST**
Dr. Jassin Jouria v. CE Resource, et al.
Case No.: 15-61165-CIV-DIMITROULEAS
United States District Court, Southern District of Florida
**(Ft. Lauderdale Division)**

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*


J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*