UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA

       Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCES
and NetCE,

       Defendant.
_____/

CE RESOURCE, INC. d/b/a CME RESOURCES
and NetCE,

       Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

       Plaintiff/Counter-Defendant.
_____/

CE RESOURCE, INC. d/b/a CME RESOURCES
and NetCE,

       Defendant/Third Party Plaintiff,

v.

Elite Continuing Education, Inc. and Alpine
Management Services III, LLC,

       Third Party Defendants.
_____/

**NETCE'S OPPOSITION TO ELITE'S RULE 12(c) MOTION**

**I. Introduction**

Elite asserts that this case is ripe for disposal. (Dkt. 103). It is not: discovery is ongoing, there are materially disputed facts, and Elite has introduced new evidence outside the pleadings. Nevertheless, Elite requests this Court make factual determinations based on an incomplete record that are better suited (if at all) to a motion for summary judgment.

At this early stage, with discovery ongoing (and discovery exchanges between NetCE and Elite only just beginning), NetCE is unduly prejudiced by Elite's newly raised evidence and arguments. Elite's procedural gambit makes it nearly impossible for NetCE to present evidence in response and entirely impossible to vet the evidence Elite appended to its motion. To date, NetCE has deposed not a single Elite witness, and NetCE has only recently (as of October 5, 2017) received Elite's first production of documents. Nonetheless, Elite's Motion attempts to seize on this incomplete and undeveloped record, present evidence <u>not</u> attached to any pleadings, and produce for the first time a "Plagiarism Checker." As such, Fed. R. Civ. Proc. 12(d) requires that this Court treat Elite's Motion as "one for summary judgment under Rule 56." NetCE deserves—indeed, is entitled to—an opportunity to develop evidence regarding the course at issue in this Motion. Thus, the Court (and the parties) should not hastily rush to judgment and let discovery proceed.

To avoid such fact-based determinations at this stage of litigation (again, Elite only recently produced its first round of responsive documents to NetCE and NetCE has not yet taken an Elite witness's deposition) this Court should deny the Motion. Elite will have an opportunity to file for summary judgment, if the evidence supports its review.[1] NetCE is mindful of its obligations, and,

---

[1] Discovery will proceed regardless on NetCE's other six copyright claims, and therefore, Elite will not be prejudiced by allowing discovery on seven copyright claims to proceed.

at such more appropriate time, is fully prepared to work cooperatively with counsel to ensure any claims lacking merit are withdrawn and save this Court from unnecessary motion practice.

## II.     Relevant Procedural History

On October 21, 2016, NetCE properly plead their causes of action for copyright infringement, tortious interference with contractual relations, and misappropriation of trade secrets against Elite. After a largely unsuccessful motion to dismiss, Elite filed its answer to NetCE's Complaint on July 31, 2017, asserting declaratory judgment counterclaims of non-infringement against NetCE for each of the seven articles at issue in this litigation. On September 25, 2017, Elite filed the current Motion and co-defendant Dr. Jassin Jouria joined on September 26, 2017.[2] As a result of these filings, and the improper addition of unvetted evidence, Elite and Dr. Jouria now mistakenly argue one of NetCE's seven copyright claims is ripe for dismissal.

## III.    Applicable Law

To state a claim for copyright infringement, NetCE must establish two elements: (i) ownership of a valid copyright and (ii) copying by the defendants of elements of its work that are copyrightable. *Feist Publ'n, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Elite apparently concedes that NetCE has ownership to seven valid copyrights, but contends the second prong is not met. The second prong, copying, in the Eleventh Circuit, "is generally established by proving that the person who composed the defendant's work had (a) access to the copyrighted material and (b) that there is substantial similarity between the two works." *Garden Meadow, Inc. v. Smart Solar, Inc.*, 24 F. Supp. 3d 1201, 1207 (M.D. Fla. 2014) (citing *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1249 (11th Cir.1999)). Again, in its Motion, Elite concedes it had access

---

[2] Dr. Jouria already filed one Rule 12 motion, and therefore waived his right to join in Elite's Motion.

3

to NetCE's copyrighted works, but bases its Motion on an alleged lack of "substantial similarity" between its published course and NetCE's course.[3]

Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings may be granted only when, accepting as true all material allegations contained in the non-moving party's pleadings, the moving party is entitled to judgment as a matter of law. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). Judgment on the pleadings is proper only if the moving party establishes, on the face of the pleadings, that no material factual issues exists. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). Even if the Court were to consider Elite's Motion at this early stage, the standard for judgment is exacting because this Court must "favor[] the plaintiff with all reasonable inferences from the allegations in the complaint." *Garden Meadow*, 24 F. Supp. at 1206.

Here, Elite raises new facts and allegations, provides newly introduced evidence without giving NetCE opportunity to vet said evidence, and disputes material facts. Elite cannot begin to meet its heavy burden under Rule 12(c), since "the motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." *Wright & Miller, Judgment on the Pleadings* 5C Fed. Prac. & Proc. Civ. § 1367 (3d ed.). In essence, Elite demands that this Court make factual findings regarding substantial similarity of the two works, on newly presented evidence, without providing any discovery to NetCE. In fact, Elite has only just now, with the filing of its Motion, provided NetCE with a true and correct copy of what it claims is the published non-infringing course. If ever there was a time to reject a 12(c) motion, this is it.

---

[3] Because Elite does not contest NetCE's copyright or whether it had access to the copyrighted work NetCE does not address those issues here.

## IV. NetCE Pled Substantial Similarity of Protected Material

Elite concedes, rightly, that a plaintiff like NetCE who owns valid copyrights is entitled to relief if there is substantial similarity between its material and the defendant's. Unsurprisingly then, Elite premises its Motion entirely on its bare assertion that there is absolutely no similarity between its course and NetCE's. Also unsurprisingly, Elite argues in the alternative that the similarities that *do* exist are nothing but "generic and common" elements not protected by copyright law (although Elite, too, filed for copyright registration over the same material it argues is generic). Elite's "proof" is the equivalent of a "redline" document comparison run between what it claims is the course it published and NetCE's copyrighted course using plagiarism-detection software. This alone is insufficient to undercut NetCE's claim for copyright infringement with respect to this course. Copyright infringement, of course, does not require verbatim copying in each instance: the standard is "substantial similarity" or, in some cases, "virtually identical." *BUC Intern. Corp. v. International Yacht Council Ltd.*, 489 F.3d 1129, 1148 (11th Cir. 2007). Courts have held that copyright infringement can occur when *arrangement* and *order* are copied—infringement is not limited to verbatim copying, though this, too, constitutes copyright infringement and is its most visible form. *See id.* at 1143.

Tellingly, Elite makes its Motion on only one of the seven courses NetCE claims Elite infringed. NetCE is entitled to discovery regarding each of the courses it believes Dr. Jouria and Elite infringed. NetCE may yet, for example, adduce evidence that Elite and Dr. Jouria conspired to change specific words, and phrases, but that the order of ideas and expression of ideas in each set of courses remained intact and, therefore, infringed its copyrights by means other than copying whole passages verbatim. (Indeed, evidence gathered at Dr. Jouria's deposition on September 28, 2017, suggests such collaboration may have taken place.). If, after a careful review of evidence

5

collected during the remaining discovery period, NetCE concludes Dr. Jouria and Elite only published and infringed six of its courses and not seven, so be it, but this Court should not make such a drastic determination before NetCE has had the opportunity to gather all of the facts to which it is entitled.

### IV. An Analysis of Substantial Similarity is Premature

To the extent there is overlap between Elite's course and NetCE's (as Elite alleges), Elite argues that this Court should engage in a detailed *factual* analysis of the respective courses and root out the differences.[4]

Elite asks the Court to undertake this premature factual analysis regarding an alleged lack of "substantial similarity." Elite concedes that substantial similarity is generally a question of fact, and argues that a judge is better suited than a jury to make this finding. However, as its cited authorities amply demonstrate, in the very few instances where substantial similarity may be decided as a matter of law, it is more appropriate *after discovery* and pursuant to a motion for summary judgment.

The cases Elite cites do not advance its position: each decision issued after the completion of fact gathering, at the summary judgment stage (or a jury trial). *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218 (11th Cir. 2008) (decided on summary judgment); *Intervest Constr., Inc. v. Canterbury Estate Homes, Inc.*, 554 F.3d 914, 920 (11th Cir. 2008) (same); *Miller Ale's House, Inc. v. Boynton Carolina Ale House, LLC*, 745 F. Supp. 2d 1359, 1378 (S.D. Fla. 2010) (same); *Beal v. Paramount Pictures*, 806 F. Supp. 963, 967 (N.D. Ga. 1992) (same); *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224 (11th Cir. 2010) (same); *Peter Letterese & Assocs. v. World Inst. of Scientology Enters.*, 533 F.3d 1287, 1307 (11th Cir. 2008) (same); *Lil' Joe Wein Music,*

---

[4] Again, this is not the purpose of a Rule 12(c) motion, but, rather, properly the purview of a Rule 56 motion.

*Inc. v. Jackson*, 245 Fed. Appx. 873 (11th Cir. 2007) (same); *Litchfield v. Spielberg*, 736 F.2d 1352 (9th Cir. 1984) (same); *Sid & Marty Krofft TV Prods. v. McDonald's Corp.*, 562 F.2d 1157 (9th Cir. 1977) (jury finding). Contrast *Latele Television C.A. v. Telemundo Commc'ns Grp., LLC*, No. 12-22539-CIV, 2013 WL 1296314, at *8 (S.D. Fla. Mar. 27, 2013) ("The Court first notes that all of [movant's cases] were decided on summary judgment, not on a motion to dismiss. This is significant because Defendants urge this Court to examine the entirety of both [works] before passing on their Motion to Dismiss, apparently to find the differences between the two works, which are not brought out by the Complaint."].

The comparative analysis that Elite demands the Court undertake is simply inappropriate, at this early stage, on a motion for judgment on the pleadings.

The analysis Elite believes this Court should prematurely undertake requires a two-part extrinsic and intrinsic evaluation of the two courses to determine whether Elite's infringing work is "substantially similar" to NetCE's. *Beal*, 806 F.Supp. at 967. Both prongs of this test require more information than is before this Court or is available to NetCE at this early stage of discovery.

The "extrinsic" test is the proper test for the Court to consider when evaluating a motion to dismiss. *Herzog,* 193 F.3d at 1257. The test is essentially a threshold test to evaluate whether NetCE's claim may proceed to the intrinsic test and involves a comparison of articulable elements of the original and subsequent works to discern whether a plaintiff only seeks to protect copyrightable elements. *Id.* Under this test, "expert testimony and analytic dissection are appropriate." *Id*. It is nearly impossible, absent discovery, to adequately conduct an extrinsic analysis of the parties' respective works.

The "intrinsic" test is a subjective comparison, applied by *the finder of fact*, which focuses on whether the ordinary, reasonable juror would find the works substantially similar. *Herzog*, at

7

1257. But precisely because it is subjective in nature, and because it is a factual consideration, the intrinsic test should be applied only after, and *if*, the objective, "extrinsic" test has been satisfied. *See id.*

Here, Elite's argument is premised entirely on a new exhibit (Ex. A) attached to its Motion which allegedly shows that the two works do not share similar words or sentences. Yet, asking this Court (and NetCE) to disprove similarity is nearly impossible without knowing anything about the test and analysis Elite performed.[5] This is the first time Elite has produced this exhibit to NetCE. Elite has not confirmed whether the course attached to NetCE's complaint is the course it published, whether Elite published other versions, or frankly, explained how the plagiarism-checking software functions and what the results of its analysis actually indicate. See 2 The Law of Copyright § 14:24 ("In short, the courts are sensitive to not only the amount taken, but the importance of what is taken. If the amount taken from the plaintiff's work is important, it will not matter if it is only a small part of the entire work. Drawing this line has been said to present 'a classic jury question.'").[6]

## V.     Conclusion

Elite's Motion for judgment on the pleadings is premature. Elite wants this Court to make findings of fact before NetCE has had an opportunity to fully develop a factual record. For the foregoing reasons, this Court should reject Elite's Motion.

Dated: October 9, 2017                                                                              Respectfully submitted,

                                                                                                                    HOLLAND & KNIGHT LLP

---

[5] NetCE is entitled to discovery regarding this exhibit.

[6] "It is also clear that even the existence of great numbers of dissimilarities between the works will not excuse infringement. In Judge Learned Hand's pithy phrase, '[n]o plagiarist can excuse the wrong by showing how much of his work he did not pirate.'" *Id*.

8

/s/ *Philip E. Rothschild*
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

/s/ *John P. Kern*
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Jessica E. Lanier, Esq. (pro hac vice)
Email: Jessica.Lanier@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC.
d/b/a
CME RESOURCES and NetCE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 9, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Philip E. Rothschild*
Philip E. Rothschild

**SERVICE LIST**

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC MAIL SERVICE]**

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(Attorneys for Elite Continuing Education, Inc
**[VIA ELECTRONIC MAIL SERVICE]**