UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)

CASE NO.:15-61165-CIV-DIMITROULEAS

DR. JASSIN JOURIA

     Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

     Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

     Third Party Defendant.
_____/

**PLAINTIFF'S REPLY TO DEFENDANT NETCE'S OPPOSITION TO PLAINTIFF'S MOTION FOR FINAL PARTIAL JUDGMENT ON THE PLEADINGS AS TO CLAIM FIVE OF CE RESOURCE, INC.'S AMENDED COUNTERCLAIM FOR UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA BUSINESS & PROFESSIONAL CODE §17200 *et seq.***

COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully replies to Defendant's, CE Resource, Inc. d/b/a CME Resource and NetCE ("Defendant"), opposition to Plaintiff's motion for final partial judgment on the pleading as to Claim Five of the amended counterclaim, DE 36, alleging Unfair Business Practices under California Business & Professional Code §17200 *et seq*. The opposition fails to raise a single, credible fact or issue of law that would prevent this court from entering judgment as a matter of law on the claim. The claim is preempted pursuant to 17 U.S.C. §301(a) because it arises solely from Defendant's assertion of wrongful copying, distribution and/or sale by Plaintiff of identical or substantially similar works to those he

wrote for Defendant, all rights granted under the Copyright Act, 17 U.S.C. §106. The allegation of "consumer confusion" is a red herring, only in an attempt to create an "extra element," in order to avoid preemption, as Defendant has not, and cannot, allege reverse passing off as a matter of fact and law.

Defendant raises two issue in an attempt to avoid judgment under the motion. First, it argues that pursuant to Florida's common law unfair competition, an allegation of confusion defeats Plaintiff's affirmative defense of copyright preemption. Of course, the flaw in this argument is that Defendant has not asserted a claim for Florida unfair competition. Second, Defendant relies on the ruling espoused by one California district court, *Salim v. Lee*, 202 F. Supp. 2d 1122, 1127-28 (C.D. Cal. 2002), that "limited" (Opp, p. 7) its Ninth Circuit's decision in *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209 (9th Cir. 1998). In that lower court ruling, the judge concluded that "reverse passing off" can avoid copyright preemption if "bodily appropriation," i.e., an identical or substantially similar work, is alleged in the pleadings. Not only is the ruling a deviation from well settled Ninth Circuit law, but it was effectively overruled the following year by the Supreme Court in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003).

Most importantly, what cannot be lost in the opposition is Defendant's concession that the alleged consumer confusion results solely from Plaintiff's purported conduct of copying, distributing and/or selling identical or substantially similar written works to Defendant Elite Continuing Education, Inc. ("Elite"). For example, Defendant's allegation that "consumers were erroneously led to believe" that Elite's works originated from Defendant, is based upon "the proximate result of Dr. Jouria's actions" which were "submit[ting] identical or substantially similar articles to one of [Defendant's] primary competitors." DE36 ¶123. Defendant also alleges

"customer confusion as to source" resulting from "Dr. Jouria's publication with Elite."  Compare DE36 ¶¶64 to 66, and ¶¶70 to 72.  Because Defendant's Claim Five "arises solely from the alleged unauthorized use and reproduction of a copyrighted work," it is preempted.  *See Metabyte, Inc. v. NVidia Corporation*, Case No. 12-0044 SC (N.D. Cal. April 22, 2013) (citing *Kodadek*, 152 F.3d at 1212-13)(citing 1 David Nimmer, Nimmer on Copyright § 1.01[B][1][e] at 1-24, n.110 [stating that if B is selling B's products and representing to the public that they are B's products, a claim by A that B's products replicate A's is a disguised copyright infringement claim and is preempted]).  *See also Penpower Technology Ltd. v. S.P.C. Technology, GLZ Service, Inc.*, 627 F. Supp. 2d 1083 (N.D. Cal. 2008)(state law claim under §17200 alleging consumer confusion preempted under the Copyright Act and recognizing that "Federal ... copyright laws limit the states' ability to regulate unfair competition.")(quoting *Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1439 (9th Cir. 1993).  *Accord Media.net Adver. FZ-LLC v. Netseer, Inc.*, 198 F. Supp. 3d 1083 (N.D. Cal. 2016).[1]

As urged above, Defendant's reliance upon Florida common law unfair competition to establish an extra element of "confusion" to avoid copyright preemption should be ignored as Defendant has not asserted a claim for Florida unfair competition.  The motion is directed to a statutory claim under California state law.  Moreover, factually, Defendant's allegations do not even support such a claim or any possible consumer confusion.  In this regard, Defendant concedes that it never published any of the Plaintiff-authored seven articles at issue.  DE36 ¶69.  Thus, to the

---

[1] Plaintiff cited *Media.net* in its motion.  Defendant panned the case as reliant upon a case that does not interpret California law, *Lacour v. Time Warner, Inc.*, 2000 WL 688946, *1, *7-8 (N. D. Ill. 2000).  *See* Opp., p. 7  Ironically, the case upon which Defendant relied, *Salim*, *supra*, also cites to the same *Lacour* decision.  *Salim*, 202 F. Supp. 2d at 1126.

consuming public, the only source or origin of the articles would be Elite, the first and only publisher of them. There is no fact alleged that would cause a consumer to associate any of the seven articles with Defendant. Again, the issue of "confusion" is simply a red herring.[2]

Defendant's decision not to publish was its, and its alone. *Id.* Defendant had the contractual right to "approve for publication" any of Plaintiff's works. Those works, all admittedly works made for hire, conferred authorship on Defendant, but not copyright ownership, unless Defendant approved them for publication. *See* DE 36-2 ¶9. Because the contracts at issue were drafted solely by Defendant, and are to be construed against it under California law, Defendant's decision not to publish the seven articles defeats its claim both as to exclusive copyright ownership, and regarding any factual possibility of consumer confusion.

Defendant's second argument relies on one California district court case decided in 2002, *Salim v. Lee*, *supra*. This case holds that a claim under California §17200 is not preempted under copyright law if the allegation of copyright infringement asserts that the whole body of the work ("bodily appropriation") is copied, i.e., that the copied work is identical or substantially similar to the work in question, under a theory of reverse passing off. For at least three reasons, this argument fails as well as Defendant's primary one.

First, Defendant does not allege anywhere in the amended counterclaim the notion of reverse passing off. Reverse palming off occurs "when one party ... obtains a second party's goods, removes the second party's name, and then markets the product under its own name."

---

[2]In recently answering an interrogatory propounded by Elite to identify any instance of "customer confusion as to source," Defendant failed to reply responsively, other than to say its investigation was "ongoing." *See* Response to Int. No. 10, dated October 10, 2017, attached as Exhibit 1.

4

*Pollstar v. Gigmania Ltd.*, 170 F.Supp.2d 974, 980 (E.D. Cal. 2000) (citing *Summit*, 7 F.3d at 1437). Reverse palming off also encompasses situations in which a product is "modified slightly and then labeled with a different name" or implied "simply by removing or obliterating the name of the [original] source and then selling the product in an unbranded state." *Id.*; *Lamothe v. Atlantic Recording Corp.*, 847 F.2d 1403, 1406 (citing *Smith v. Montoro*, 648 F.2d 602, 605 (9th Cir. 1981). As it relates to this action, Defendant, in order to maintain an action for reverse passing off, would have had to allege that Plaintiff acquired a publication of the Defendant's, and then redacted Defendant's name from the publication and substituted his own name. Of course, since Defendant never published any of the subject seven articles, *supra*, there would have been no goods (publications) that Plaintiff could have acquired in order to redact and/or substitute the parties' respective names.[3]

Second, the Supreme Court in *Dastar* effectively overruled *Salim* on the custom carve-out to preemption that that district court created. *Dastar*, decided a year after *Salim*, held that reverse passing off is not a viable claim when the producer of an accused work, no matter how similar to an original work, identifies itself as the producer. *Dastar*, 539 U.S. at 34-37. This is because reverse passing off does not encompass the creative origination of the work, but rather the produced work itself, thus avoiding the birth of "a species of mutant copyright law." *Id*. at 34. In *Salim*, the court indeed created that species of mutant copyright law by looking at the creator of the work, rather than the work itself. Defendant has not alleged that Plaintiff removed Defendant's name from a continuing medical text the Defendant published, and then offered that redacted,

---

[3]Nor would Plaintiff do so as he is not a publisher of continuing education materials, but is merely a subject matter expert author. *See* DE 36 ¶34-35.

5

published text to the consuming public. There is no legal basis for which Defendant can rely to avoid copyright preemption under a theory of reverse passing off pursuant to *Dastar*.[4]

Third, and in addition to the holding in *Dastar*, at least one district court that analyzed the "bodily appropriation" exception to copyright preemption recited in *Salim* strongly rejected it. In *Corbis Corporation v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090 (W.D. Wash. 2004), overruled on other grounds *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F. 3d 612 (9th Cir. 2010), the court expressly rejected the *Salim* holding as an improper attempt to create an overlap between the Copyright Act and the Lanham Act[5]:

> First, to be a cognizable violation of the Lanham Act, reverse passing off must *always* include bodily appropriation. *See Shaw v. Lindheim*, 919 F.2d 1353, 1364 (9th Cir. 1990); *Summit Machine*, 7 F.3d at 1438. The *Salim* holding promoted by Corbis would, it seems, allow for an overlap between the Copyright Act and Lanham Act in all reverse passing off cases. The Ninth Circuit, however, has expressly indicated a reluctance to allow such an overlap. *See Shaw*, 919 F.2d at 1364-65 ("We decline to expand the scope of the Lanham Act to cover cases in which the Federal Copyright Act provides an adequate remedy"). And the Supreme Court recently has confirmed an interest in maintaining a distinction between the two claims. *See Dastar*, 539 U.S. at 34, 123 S.Ct. 2041 ("in construing the Lanham Act, we have been 'careful to caution against misuse or over-extension' of trademark and related protections into areas traditionally occupied by patent or copyright") (quoting *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 29, 121 S.Ct. 1255, 149 L.Ed.2d 164 (2001)).

*Id*. at 1117. (Emphasis in Original). The heart of the holding in *Salim* is pierced by the first statement in *Corbis*. All copyright claims have to allege "bodily appropriation," to wit, that the allegedly infringing work is identical or substantially similar to the original work, in order to support

---

[4]The same would be true of Elite. Elite put its name on <u>its</u> published texts, not ones that it acquired from Defendant.

[5]The considerations under California state law for reverse passing off are the same as they are for reverse passing off under the Lanham Act. *See Summit Machine*, 7 F.3d at 1441-42.

a finding of infringement.  Because there can be no consumer confusion, and thus no reverse passing off, absent an identical or substantially similar work, a result which Defendant acknowledges, *see* Opp., p.8, n.1, the *Salim* exception "fails" all legal reasoning as inappropriately overlapping federal trademark law with federal copyright law.  *Id*.  In terms of the Copyright Act providing an adequate remedy to Defendant as noted in *Corbis*, it clearly does.  The Copyright Act provides for injunctions, 17 U.S.C. §502; money damages and profits, 17 U.S.C §504; and, costs and attorney fees, 17 U.S.C. §505, among other remedies.  A Section 17200 private-party action only permits injunctions and restitution, and no damages.  *See* California *Business Professions Code* Section 17203; *Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal. 4th 1134, 1144.  The remedies provided under the Copyright Act surpass those under California's statute.  In light of *Dastar*, the overlap of federal trademark and copyright laws, and the adequate remedies afforded under the Copyright Act versus Section 17200 actions, *Salim* is no support for Defendant's opposition to the motion.

      WHEREFORE, because Defendant has not alleged a claim against Plaintiff for Florida common law unfair competition, and further all bases of alleged consumer confusion arise from Plaintiff's acts that are fully encompassed within the scope of copyright protection under the Copyright Act, Claim Five should be preempted under 17 U.S.C. §301(a).  Plaintiff respectfully requests judgment on the pleadings for Claim Five of Defendant's amended counterclaim.

Respectfully submitted,


/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

8

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on October 11, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


              s/Richard S. Ross
              Richard S. Ross, Esq.

SERVICE LIST
Dr. Jassin Jouria v. CE Resource, et al.
Case No.: 15-61165-CIV-DIMITROULEAS
United States District Court, Southern District of Florida
(Ft. Lauderdale Division)

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL 33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*


J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*