**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

DR. JASSIN JOURIA

    Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

    Third Party Defendant.

_____/

**PLAINTIFF'S DISCOVERY MOTION UNDER SEAL PURSUANT TO FED.R.CIV.P. 26(b)(5)(B) TO DETERMINE DEFENDANT NETCE'S CLAIM OF ATTORNEY-CLIENT PRIVILEGE IN TWO PAGES OF PRODUCED DOCUMENTS**

    COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully moves this court, under seal, pursuant to Rule 26(b)(5)(B), Fed.R.Civ.P., to determine whether Defendant's, CE Resource, Inc. d/b/a CME Resource and NetCE ("Defendant"), claim of attorney-client privilege is valid in two pages of produced documents ("Documents"). *See also* DE 118, Stipulated Protective Order ¶11. Plaintiff believes the Documents do not fall within any attorney-client privilege and requests the court to reject the Defendant's assertion. Plaintiff seeks the right to use the Documents in this proceeding, including at trial.

    Defendant produced the Documents in response to Plaintiff's request for production of documents[1], and later, on September 25, 2017, demanded their return under a claim of "privilege," without identifying the basis of the privilege. The next day, September 26, 2017, Plaintiff responded to the demand and asked Defendant to identify the nature of the privilege. *See* Fed.R.Civ.P 26(b)(5)(B)("...the party making the claim may notify any party that received the information of the

---

[1] Plaintiff's Request for Production was served on Defendant on June 2, 2017.

claim *and the basis for it* ....)(Emphasis Added). *See also* DE118 ¶11. (Exhibit 1). Defendant's counsel did not respond with a basis assertion until more than three (3) weeks later, on October 19, 2017, and stated the basis was predicated upon the attorney-client relationship. Plaintiff disputes the claim and presents the Documents, under seal, for determination by the court. Plaintiff did not return the Documents to the Defendant, as it had demanded. Rather, Plaintiff sequestered them pending a decision by the court, as permitted by Rule 26(b)(5)(B) and as authorized by the parties' Stipulated Protective Order, DE118 ¶11.

Pursuant to L.R. 5.4(b)(1), Plaintiff submits the following:

1. The factual basis for departing from the court's policy that filings be public is based upon Defendant's claim of attorney-client privilege in the produced Documents. The legal basis is founded upon Fed.R.Civ.P. 26(b)(5)(B). In addition, In Florida, the attorney-client privilege is codified in Fla. Stat. § 90.502. *See Centennial Bank v. Servisfirst Bank Inc.*, No. 8:16-mc-00082-CEH-JSS, 2016 WL 6037552, at *4 (M.D. Fla. Oct. 14, 2016). Under the statute, "[a] client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client." Fla. Stat. § 90.502(2). The statute defines a "lawyer" as "a person authorized, or reasonably believed by the client to be authorized, to practice law in any state or nation." *Id*. at § 90.502(1)(a). A "client" is defined as "any person, public officer, corporation, association, or other organization or entity, either public or private, who consults a lawyer with the purpose of obtaining legal services or who is rendered legal services by a lawyer." *Id*. at § 90.502(1)(b). Finally, a "communication between lawyer and client is 'confidential' if it is not intended to be disclosed to third persons other than: 1. Those to whom disclosure is in furtherance of the rendition of legal services to the client. 2. Those reasonably necessary for the transmission of the communication." *Id*. at § 90.502(1)(c). The burden of demonstrating that a privilege applies to any communication is on the proponent of the privilege. *Aldora Aluminum & Glass Prods., Inc. v. Poma Glass & Specialty Windows, Inc.*, No. 3:14-cv-1402-J-34JBT, 2016 WL 7668484, at *2 (M.D. Fla. Feb. 18, 2016).

2. The sealed Documents purport to be two internal accounting spreadsheets entitled "Bills

Analysis Report," authored by Defendant on May 3, 2017, well prior to Plaintiff's service of written discovery. *See* n.1, *supra*. The Documents are not a communication, and are not a communication made between an attorney and the Defendant. The contents of the Documents were not made in connection with the rendition of legal services, but, apparently, were made as internal accounting documents, and produced by Defendant in response to Plaintiff's request for production.

WHEREFORE, because the Documents do not comprise a communication made between Defendant and any of its counsel, and were not made in connection with the rendition of legal services, Plaintiff seeks an order from the court determining that the Documents are not attorney-client privileged, and that Plaintiff may use them in this proceeding, including at trial.

### PRE-FILING CONFERENCE CERTIFICATE

In attempting to resolve this issue, and obtain a definitive basis of the "privilege" claim, counsel for the parties communicated by e mail on October 19, 2017. (Exhibit 2). Counsel for Defendant refused to have a meet and confer on this issue, *id*., and as a result, Plaintiff seeks an order granting the relief sought and awarding appropriate sanctions against Defendant as provided in L.R. 7.1(a)(3)("Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.").

Respectfully submitted,

/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 20, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Richard S. Ross
Richard S. Ross, Esq.

**SERVICE LIST**
Dr. Jassin Jouria v. CE Resource, et al.
Case No.: 15-61165-CIV-DIMITROULEAS
United States District Court, Southern District of Florida
(Ft. Lauderdale Division)

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*