**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

DR. JASSIN JOURIA

       Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

       Third Party Defendant.

_____/

**PLAINTIFF'S MOTION TO SET AMOUNT OF ATTORNEY'S FEES AWARDED TO**
**PLAINTIFF**

       COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully moves this court to set the amount of attorney's fees previously awarded to him against Defendant, CE Resource, Inc.'s d/b/a CME Resource and NetCE ("Defendant") under Fed.R.Civ.P. 37(a)(5).  *See* DE 97 ("Order").  In accordance with Local Rule 7.3 and the Order, Plaintiff submits the following:

1.     This motion is being filed within sixty (60) days of the date of the Order awarding which was entered on August 29, 2017.

2.     The Order gives rise to this motion pursuant to Fed.R.Civ.P. 37(a)(5).

3.     The attorney's fees amount Plaintiff is requesting is $8,100.00.

4.     There is a verbal agreement in which Plaintiff has agreed to compensate his counsel, Richard

S. Ross, Esq., at a rate of $450.00 per hour.

5.   A)   Mr. Ross has been a member of the Florida Bar Association since 1984, with over thirty three (33) years of first chair litigation experience exclusively in connection with intellectual property matters, including the present allegation of copyright infringement levied by Defendant against Plaintiff. Mr. Ross has been AV rated with Martindale Hubbell since 1984. Mr. Ross' admissions include, among others: 1984, Florida; 1985, U.S. District Court, Southern District of Florida including Trial Bar, and U.S. Court of Appeals, Eleventh Circuit; 1990, U.S. Court of Appeals, Federal Circuit; 1991, U.S. Supreme Court; 1984 registered to practice before the U.S. Patent and Trademark Office.

B)   Mr. Ross has expended 18.0 hours for the matter to which Plaintiff was awarded fees by the court in the Order.

C)   Mr. Ross performed the following tasks in connection with this motion: reviewing Defendant's objectionable discovery responses; conferring with opposing counsel in an attempt to have Defendant comply with the court's standing discovery order, DE 77; preparation of the motion to compel as outlined by the court in its Order, *id*; preparing for the hearing on the motion to compel and attending the hearing; research regarding Defendant's refusal to label its document production to correspond with Plaintiff's categories of requests, *see* Fed.R.Civ.P. 34(b)(2)(E)(i); preparing and filing a brief with the court per the Order on the issue of labeling and the production of documents as kept "in the usual course of business" for purposes of Rule 34; preparing and serving the present motion under L.R. 7.3, meeting and conferring with

opposing counsel on the served motion.

D) Mr. Ross charges, and is paid by Plaintiff, $450.00 per hour for work relating to this litigation.

6. Attached as Composite Exhibit 1 are the relevant invoices, with extraneous time records redacted, representing 18.0 hours of time expended.

7. Mr. Ross hereby verifies under penalty of perjury that the foregoing, including attachments, are true and correct.

8. Plaintiff hereby certifies the following efforts he made to resolve the fee amount awarded to him by the court: Mr. Ross contacted counsel for Defendant to see if the parties could agree to an amount of fees rather than proceed with this motion.  Defendant, through its local counsel, Mr. Rothschild, offered $500.00 dollars.  In response, Mr. Ross advised Mr. Rothschild that he had, at that time, 9.3 hours into the motion to compel, at $450.00/hour. Mr. Ross requested if the parties could work something out based upon the time he expended, and whether Defendant would agree to label its document production[1] per Fed.R.Civ.P. Rule 34.  Mr. Rothschild replied that Defendant would increase its fee offer to $1500.00,[2] and did not reply to whether Defendant would label its production.  Mr. Ross requested a response to the labeling issue so he could present a full offer to Plaintiff. Thereafter, Mr. Rothschild stated Defendant would continue to refuse to label its production.

---

[1]Now totaling 35,671 pages.

[2]While that amount was set forth in the motion to compel, the court ordered the parties to comply with the procedure set forth in L.R. 7.3 which does not put any such limit on the amount. Further, Defendant did not raise any objection in court when Magistrate Snow announced her ruling that the awarded fee amount should comply with the local rule, or argue that the fee claim should be limited to that requested in Plaintiff's motion.

3

*See* Composite Exhibit 2.

WHEREFORE, Plaintiff respectfully seeks an attorney's fee award in the amount of $8,100.00 based upon the Order granting Plaintiff attorney's fees as a sanction against Defendant.

## CERTIFICATE OF PRE-FILING CONFERENCE

Pursuant to Local Rule 7.3, the parties had a prefiling conference in an attempt to reach agreement on the fee amount. Counsel for Defendant did not object to Mr. Ross' hourly rate, but felt the time charge of 0.9 hours on July 6, 2017, was excessive; that Plaintiff should not be able to recover fees for time spent on the labeling of document production issue, *see* DE 97-99; and that Plaintiff should be limited to $1,500.00, the amount recited in the motion to compel. *See* n.2, *supra*. Counsel for Plaintiff discussed with counsel for Defendant whether he had any authority supporting Defendant's position limiting the fee to the amount recited in the motion to compel, and he said he did not.

Respectfully submitted,

/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 23, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Richard S. Ross
Richard S. Ross, Esq.

**SERVICE LIST**
**Dr. Jassin Jouria v. CE Resource, et al.**
**Case No.: 15-61165-CIV-DIMITROULEAS**
**United States District Court, Southern District of Florida**
**(Ft. Lauderdale Division)**

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL 33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*