**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

DR. JASSIN JOURIA

    Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

    Third Party Defendant.

_____/

**PLAINTIFF'S DISCOVERY MOTION TO ALLOW PLAINTIFF'S COUNSEL TO APPEAR AND TAKE THE DEPOSITIONS OF DEFENDANT NETCE'S WITNESSES BY REMOTE MEANS, FED.R.CIV.P. 30(b)(4)**

COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully moves this court for an order allowing his counsel, Richard S. Ross, Esq., to appear by telephone to take the depositions of Defendant's, CE Resource, Inc. d/b/a CME Resource and NetCE ("Defendant"), witnesses by remote means, specifically, by telephone. Fed.R.Civ.P. 30(b)(4). Plaintiff requests the court permit the relief he seeks based upon the financial hardship the depositions would pose to him. Plaintiff also asserts that in granting this motion, the court would impose no burden whatsoever on Defendant or its witnesses.

**FACTUAL BACKGROUND**

As an accommodation Plaintiff made to the Defendant early in the action,[1] Plaintiff agreed to allow Defendant and its witnesses to be deposed in their home jurisdiction in or near the San Francisco, California area. This accommodation was made despite the Defendant acting as a counter plaintiff and seeking affirmative relief from this court, where as Plaintiff could have

---

[1] In fact, it is an accommodation that all parties made to each other.

compelled the Defendant's oral deposition attendance in South Florida.

On October 18, 2017, Defendant Elite Continuing Education, Inc. ("Elite") served several notices of deposition on the Defendant and three of its witnesses. The notices call for the depositions to take place in San Francisco, California, for November 13-15, 2017.[2] Counsel for Plaintiff contacted counsel for Elite to obtain a stipulation to permit Plaintiff's counsel to appear by telephone at the noticed depositions. Elite's counsel agreed.

On October 19, 2017, in a series of e mails, attached as Exhibit 1, counsel for Plaintiff communicated with counsel for Defendant regarding several issues, including a meet and confer unrelated to the relief sought herein. As part of that communication, counsel for Plaintiff asked Defendant's counsel if he, Plaintiff's counsel, could appear at the Elite noticed depositions by telephone. Counsel for Defendant stated that Elite's noticed depositions were not agreed to by the Defendant as to "time, date or location," but when there was agreement, Plaintiff's counsel could appear by telephone "so long as you do not plan to cross-notice the depo or to ask questions on direct, cross, or re-direct." Counsel for Plaintiff responded to counsel for Defendant that the conditions of not being able to interrogate the witnesses was not acceptable, and advised counsel for Defendant that this issue needed to be made part of the meet and confer. Counsel for Defendant replied that there was nothing to be discussed regarding the request for the telephonic appearance until Elite and Defendant agreed to "dates, times, locations, or witnesses." On October 20, 2017, counsel for Plaintiff informed counsel for Defendant that there was no need for Plaintiff to wait for Elite and Defendant to agree to Elite's deposition-noticed terms, and that Plaintiff would be filing a discovery motion to appear telephonically. Counsel for Plaintiff also offered counsel for Defendant an opportunity to reconsider his decision and make the issue one of the meet and confer subjects.[3] Counsel for Defendant has not responded to the request that he reconsider his position.

**LEGAL ARGUMENT**

Depositions by remote means are not unusual. *Delgado v. Magical Cruise Company, Ltd.*, Case No: 6:15-cv-2139-Orl-41TBS (M.D. Fla. May 30, 2017). *See* Rule 30(b)(4) (allowing

---

[2]Discovery cutoff is November 15, 2017. *See* DE 76.

[3]Also on October 20, 2017, Plaintiff served cross-notices of the subject depositions.

deposition "by remote means"); *Balu v. Costa Crociere S.P.A.*, No. 11-60031-CIV, 2011 WL 3359681, at *2 (S.D. Fla. Aug. 3, 2011) (noting "depositions are now readily taken inexpensively by internet video (e.g., Skype) or through somewhat more expensive, but still efficient, video conferencing facilities."). *See also Arval Serv. Lease S.A. v. Clifton*, No. 3:14-CV-1047-J-39MCR, 2015 WL 12818837, at *3 (M.D. Fla. June 23, 2015), quoting *Palma v. Safe Hurricane Shutters, Inc.*, 2009 WL 653305, *4 (S.D. Fla. Mar. 12, 2009)("[I]f a plaintiff demonstrates hardship or burden that outweighs any prejudice to the defendant, the general rule requiring a plaintiff to appear for deposition in the forum may yield to the exigencies of the particular case."). Moreover, while Rule 30(b)(4) does not specify the standard for evaluating motions to have a deposition conducted telephonically, "[m]ost cases interpreting the rule have held that the party opposing the motion bears the burden of showing that it will suffer prejudice if the motion is granted." *Clinton v. Cal. Dep't of Corrections*, 2009 WL 210459, at *3 (E.D. Cal. Jan. 20, 2009)(footnote omitted). *Accord Jahr v. IU Intern. Corp.*, 109 F.R.D. 429, 432 (M.D.N.C. 1986)(party opposing a deposition by telephone or other remote means must make a "particularized showing" of prejudice.).

The record in this case has established the financial hardship that Plaintiff has had, including the two bankruptcy petitions he recently filed. DE 17, 48. Plaintiff states that he is experiencing financial hardship due, in part, to the allegations of copyright infringement and breach of contract made by Defendant against him in this matter. Exhibit 2, Dec. of Plaintiff ¶2. Plaintiff confirms that he has recently filed two bankruptcy petitions which are of record in this matter seeking protection, in part, from Defendant's claims against him. *Id*. ¶3. Plaintiff further affirms that he has recently, finally acquired full time employment, but had to move from Florida to Indiana to gain that employment. *Id*. ¶4. Plaintiff declares that he does not have the financial means to pay for his South Florida based lawyer, Mr. Ross, to attend, in person, three days of oral depositions (with a fourth day of travel) in San Francisco, California, including the costs of Mr. Ross' travel, meals, and hotels. *Id*. ¶5. Plaintiff has directed Mr. Ross not to attend the depositions in San Francisco unless he is permitted to attend by remote means, based upon his financial inability to pay the costs of travel along with his attorney's time. *Id*. ¶6. Finally, Plaintiff states that when he stipulated to allow Defendant's witnesses to be deposed in their hometown, he did not agree to give up the right to depose them by remote means. *Id*. ¶7.

Because discovery is coming to a close, Plaintiff does not believe he should have to wait until Elite and Defendant can agree on a time, date and location for Elite's noticed depositions, and his cross-noticed depositions. Further, because Defendant has conditioned any such agreement with an unacceptable proscription against Plaintiff's counsel from actively participating in the depositions, waiting for Defendant and Elite to change any of the noticed terms of the depositions is irrelevant. Moreover, Defendant cannot point to any prejudice to itself or its witnesses if Plaintiff's counsel is allowed to appear by telephone, and examine or cross examine witnesses. Plaintiff is honoring his stipulation to permit the Defendant to be deposed in San Francisco. Whether Plaintiff's counsel appears at the deposition live, or by telephone, is of no moment to Defendant or its witnesses.

**CONCLUSION**

The financial hardship to Plaintiff clearly outweighs any burden on the Defendant if counsel for Plaintiff is permitted to appear by remote telephonic means at the noticed and cross-noticed depositions of Defendant and its witnesses. That Defendant seeks to delimit Plaintiff's participation at the depositions in consideration for its stipulation to allow the remote appearance is utterly unreasonable and highly prejudicial to Plaintiff. Finally, it is contrary to the spirit of counsel working together to try to resolve discovery disputes for Defendant's counsel to refuse to attend a meet and confer.[4] Accordingly, and upon the foregoing reasons, Plaintiff respectfully moves for an order granting this motion.

**PRE-FILING CONFERENCE CERTIFICATE**

As set forth above, counsel for Defendant refused to have a meet and confer on the issue raised in this motion until he first agreed to the times, dates and locations of the Defendant's witnesses' depositions, all of which were properly noticed by Elite.[5] As a result, Plaintiff seeks an order granting the relief sought and awarding appropriate sanctions against Defendant as provided in L.R. 7.1(a)(3)("Failure to comply with the requirements of this Local Rule may be cause for the

---

[4]This is the second time in this action that Defendant's counsel has refused to meet and confer, *see* DE 119, despite the local rule requiring such a meeting, and further despite this court's order directing that such a meeting take place. *See* DE 77, Attachment A.

[5]And subsequently properly cross-noticed by Plaintiff.

Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.").

Respectfully submitted,

/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 24, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                                 s/Richard S. Ross
                                                                                 Richard S. Ross, Esq.

**SERVICE LIST**
Dr. Jassin Jouria v. CE Resource, et al.
Case No.: 15-61165-CIV-DIMITROULEAS
United States District Court, Southern District of Florida
(Ft. Lauderdale Division)

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*