**EXHIBIT 1**

**Subject:** Re: NetCE v. Jouria, et al/inadvertently produced documents
**From:** Richard Ross <prodp@ix.netcom.com>
**Date:** 10/20/2017 10:22 AM
**To:** John.Kern@hklaw.com
**CC:** Jessica.Lanier@hklaw.com, Daniel.Kappes@hklaw.com, Myrna.Yee@hklaw.com, Phil.Rothschild@hklaw.com, Carmen.Ramsey@hklaw.com, markwilson@mvalaw.com, katecole@mvalaw.com

John,

For the meet and confer, Wednesday 2:00 pm PST works. We do not agree with you that the telephone appearance issue must wait until you agree to Elite's noticed terms. Accordingly, we will be filing a motion with the court on the issue unless you would like to reconsider and make it part of the meet/confer. Please advise.

Richard

On 10/19/2017 2:39 PM, John.Kern@hklaw.com wrote:

> Richard:
>
> There is nothing to meet and confer about re: the inadvertently produced documents which you have unethically reviewed in detail and now seek to have a substantive discussion about: For the 4th time, the basis for our claim is attorney-client privilege. We are not discussing anything with respect to these documents. Return them or destroy them. If you continue to refuse, we will seek to have you disqualified from the case (which we may do anyway, as you admitted to reviewing them in detail and referred obliquely to them in person, in front of counsel for Elite, in support of your baseless and despicably untrue claim that we are "churning fees" on this case).
>
> As for the remaining topics I am available Wednesday from 9 am to 5 pm pacific. There isn't anything to discuss with respect to your request for telephonic appearance because no dates, times, locations, or witnesses have been agreed to. When we pin all that down, we are happy to discuss.
>
> Sent from my iPhone
>
> On Oct 19, 2017, at 1:58 PM, Richard Ross <prodp@ix.netcom.com<mailto:prodp@ix.netcom.com>> wrote:
>
> John,
>
> Apparently you are confirming that I am looking at the correct documents. By rule and stipulation, I am permitted to sequester the documents and not return them to you, once you notify me of your claim and the basis. I am simply trying to learn from you and Jessica, for nearly a month now, the basis of your claim. Jessica did not respond at all, and you have not confirmed your attorney-client privilege claim in the subject documents. If you maintain the documents are attorney-client

privilege, please let's add this to the meet and confer agenda. Also, while we appreciate your permitting us to appear telephonically, your condition that we cannot cross-notice or ask any questions requires that we put this issue on the meet and confer list as well.

Awaiting to hear back from you for some times for Wednesday, or some other day/time that is mutually agreeable.

Sincerely,
RICHARD S. ROSS, ESQ.
Patents, Trademarks, Copyrights
    and Related Litigation
915 S.E. 2 Court
Ft. Lauderdale, Florida  33301
tel 954/252-9110
fax 954/252-9192

CONFIDENTIALITY NOTICE:
This e-mail is subject to the Electronics Communications Privacy Act, 18 U.S.C. § 2510-2521, and may be legally privileged. The information contained in this e-mail message, together with any attachments hereto or links contained herein, is strictly private and confidential information intended only for the use of the individual or entity named above. The information contained in this e-mail, and any attachments hereto may be attorney-client privileged, and work product confidential intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is STRICTLY PROHIBITED.

NOTICE UNDER U.S. TREASURY DEPARTMENT CIRCULAR 230, Regulations Governing the Practice of Attorneys, Certified Public Accountants, Enrolled Agents, Enrolled Actuaries, and Appraisers before the Internal Revenue Service:
To the extent that this e-mail communication and the attachment(s) hereto, if any, may contain written advice concerning or relating to a Federal (U.S.) tax issue, United States Treasury Department Regulations (Circular 230) require that we (and we do hereby) advise and disclose to you that, unless we expressly state otherwise in writing, such tax advice is not written or intended to be used, and cannot be used by you (the addressee), or other person(s), for purposes of (1) avoiding penalties imposed under the United States Internal Revenue Code or (2) promoting, marketing or recommending to any other person(s) the (or any of the) transaction(s) or matter(s) addressed, discussed or referenced herein for IRS audit, tax dispute or other purposes.

On 10/19/2017 12:02 PM, John.Kern@hklaw.com<mailto:John.Kern@hklaw.com> wrote:

Richard:

Good to know you have egregiously violate all rules concerning inadvertent disclosure and clawback by carefully examining and commenting on the substance of the specific pages we asked you to immediately return weeks ago.

Send them back or confirm they are destroyed, and we'll take it from here.

As for you request to telephonically appear at future depositions, we have not

agreed to any time, date, or location, but when we do you are welcome to
telephonically appear so long as you do not plan to cross-notice the depo or to
ask questions on direct, cross, or re-direct.

Sent from my iPhone

On Oct 19, 2017, at 10:26 AM, Richard Ross
<prodp@ix.netcom.com<mailto:prodp@ix.netcom.com><mailto:prodp@ix.netcom.com>
<mailto:prodp@ix.netcom.com>> wrote:

John,

Thank you for responding today to our September 26, 2017 inquiry regarding the
basis of the claim of privilege, required by the rule and by the SPO. The
attorney-client privilege claim is not evident since the two documents at issue
comprise a spreadsheet of your client's billings/payments, unless we are looking
at different documents. Please confirm if we are reviewing the documents at
issue. If so, and you maintain your attorney-client privilege claim, we will
comply with the request under the rule and the SPO, and will seek a court
determination on the issue (after a meet and confer of course).

Finally, we intend to appear by telephone at Elite's recently noticed depositions
scheduled for NetCE, Ms. Campbell, and the Meinyers. Do you have any objections?

Sincerely,
RICHARD S. ROSS, ESQ.
Patents, Trademarks, Copyrights
    and Related Litigation
915 S.E. 2 Court
Ft. Lauderdale, Florida  33301
tel 954/252-9110
fax 954/252-9192

CONFIDENTIALITY NOTICE:
This e-mail is subject to the Electronics Communications Privacy Act, 18 U.S.C. ?
2510-2521, and may be legally privileged. The information contained in this e-mail
message, together with any attachments hereto or links contained herein, is
strictly private and confidential information intended only for the use of the
individual or entity named above. The information contained in this e-mail, and
any attachments hereto may be attorney-client privileged, and work product
confidential intended only for the use of the individual or entity named above. If
the reader of this message is not the intended recipient, you are hereby notified
that any dissemination, distribution, or copying of this communication is STRICTLY
PROHIBITED.

NOTICE UNDER U.S. TREASURY DEPARTMENT CIRCULAR 230, Regulations Governing the
Practice of Attorneys, Certified Public Accountants, Enrolled Agents, Enrolled
Actuaries, and Appraisers before the Internal Revenue Service:
To the extent that this e-mail communication and the attachment(s) hereto, if any,
may contain written advice concerning or relating to a Federal (U.S.) tax issue,
United States Treasury Department Regulations (Circular 230) require that we (and
we do hereby) advise and disclose to you that, unless we expressly state otherwise
in writing, such tax advice is not written or intended to be used, and cannot be

used by you (the addressee), or other person(s), for purposes of (1) avoiding penalties imposed under the United States Internal Revenue Code or (2) promoting, marketing or recommending to any other person(s) the (or any of the) transaction(s) or matter(s) addressed, discussed or referenced herein for IRS audit, tax dispute or other purposes.

On 10/19/2017 7:21 AM, John.Kern@hklaw.com<mailto:John.Kern@hklaw.com> <mailto:John.Kern@hklaw.com><mailto:John.Kern@hklaw.com> wrote:

Richard:

My colleague Jesse wrote you nearly a month ago to request that you immediately return and/or confirm the destruction of a handful of documents (among the tens of thousands we produced), which we later discovered and determined to be subject to our claim of attorney-client privilege.

You responded with a demand we explain the nature of the privilege claim. Strange request, as the "nature" of the privilege claimed is of course attorney-client privilege, fairly evident from Jesse's email.

When you return to us the documents Jesse identified we will expeditiously supplement the privilege log we previously provided to you to reflect these additional "withheld" materials. Of course we respect your right to renew your objection that our log is somehow inadequate.

What you manifestly do NOT have a right to do is to refuse to cooperate with our by-the-book clawback request, or to remain in possession of now for over a month our inadvertently produced, potentially privileged communications.

Please comply with our previous request no later than the close of business tomorrow, so that we can cross this off our list of issues about which we are squabbling with you.

Thanks much,

John

Sent from my iPhone

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

Re: NetSol Inc. v. Gladestown, produced documents
Case 0:15-cv-61165-WPD   Document 126-1   Entered on FLSD Docket 10/24/2017   Page 6 of 9
5 of 5

**EXHIBIT 2**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## (Fort Lauderdale Division)

### CASE NO.:15-61165-CIV-DIMITROULEAS

DR. JASSIN JOURIA

    Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE

and NetCE,

    Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

    Third Party Defendant.

_____/

## DECLARATION OF DR. JASSIN JOURIA IN SUPPORT OF PLAINTIFF'S DISCOVERY MOTION TO ALLOW PLAINTIFF'S COUNSEL TO APPEAR AND TAKE THE DEPOSITIONS OF DEFENDANT NETCE'S WITNESSES BY REMOTE MEANS, FED.R.CIV.P. 30(b)(4)

I, JASSIN JOURIA, Plaintiff in the above-captioned matter, declare as follows:

1. My name is Dr. Jassin Jouria, Plaintiff in the above-captioned matter.

2. I am currently having financial hardship resulting, in part, due to the allegations of copyright infringement and breach of contract made by Defendant NetCE against me in this matter.

3. I have recently filed two bankruptcy petitions which are of record in this matter seeking protection, in part, from Defendant's NetCE claims against me, though I have also dismissed them for the time being.

4. I have recently, finally acquired full time employment, but have had to move from Florida to Indiana to gain that employment.

5. I do not have the financial means to pay for my South Florida based lawyer, Mr. Richard

Ross, to attend, in person, three days of oral depositions (with a fourth day of travel) in San Francisco, California, including the costs of Mr. Ross' travel, meals, and hotels.

6. I have directed Mr. Ross not to attend the depositions in San Francisco unless he is permitted to attend by remote means, based upon my financial inability to pay the costs of travel along with his attorney's time.

7. I agreed to allow Defendant's NetCE's witnesses to be deposed in their hometown, but I did not agree to give up the right to depose them by remote means.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 24, 2017.

_____
Dr. Jassin Jouria