UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61165-CIV-DIMITROULEAS/Snow

DR. JASSIN JOURIA,

    Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC., d/b/a CME Resource and
NetCE,

    Defendant/Counter-Plaintiff/Third Party Plaintiff,

v.

ALPINE MANAGEMENT SERIVCES, II, LLC, and
ELITE CONTINUING EDUCATION, INC.,

    Third Party Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on the parties' supplemental briefing on the issue of what constitutes "the usual course of business" for purposes of Fed.R.Civ.P. 34 (ECF Nos. 98 and 99).

On August 24, 2017, the Court held a hearing on Plaintiff's Motion to Compel. (ECF No. 89) One of the issues concerned NetCE's production of electronically stored information on a thumb drive without identifying which documents contained on the drive were responsive to each of eighteen requests for production. In all NetCE produced nearly 32,000 documents in response to eighteen document requests. On August 29, 2017, the undersigned entered an order which, in part, deferred ruling on the issue so that the parties could submit briefs. (ECF No. 97) The issue is now ripe for consideration.

Rule 34 governs the production of documents, including electronically stored information (ESI), in discovery. "A party must produce documents as they are kept in the usual

course of business **or** must organize and label them to correspond to the categories in the request. . . . ." Fed.R.Civ.P. 34(b)(2)(E)(i). (emphasis supplied).  If the request does not specify a form for producing ESI, it must be produced in a form or forms in which it is ordinarily maintained or in a reasonably usable form; and ESI need not be produced in more than one form.  Fed.R.Civ.P. 34(b)(2)(E)(ii) and (iii).

S.D. Local Rule 26.1(e)(5) requires produced documents, including ESI, to be referenced to specific paragraphs of a request for production where practicable, unless the producing party exercises its option to produce documents as they are kept in the usual course of business as permitted by Rule 34.  The producing party must explain the general scheme of record keeping to the inspecting party.  "[S]imply producing a mass of documents with the assurance that they are produced in the same manner as they are kept in the ordinary course of business does not automatically satisfy a party's obligation under Rule 34(b)(2)(E)(i)."  In re Mentor Corp. Obtape Transobturator Sling Products Liability Litigation, 2009 WL 152495, *2 (M.D. Fla., Jan. 22, 2009). Simply put, the rule requires that produced documents be rationally organized in such a manner that they will be usable by the requesting party.  If not, they must be labeled and organized to correspond to the categories requested.

Although Plaintiff's document requests did not specify a specific format for the production of ESI, the parties stipulated that NetCE would produce responsive documents in .PDF format.  The first approximately 11,000 pages, which were produced as .PDFs on a thumb drive, were hard copy records, consisting almost entirely of course binders which were scanned sequentially and organized by course.  None of these were organized or labeled to correspond to any of the Plaintiff's requested categories of documents.  The remaining approximately 20,000 ESI documents were produced in the agreed upon .PDF format, however, according to the Plaintiff, there is no evidence that this format is how they were kept in the ordinary course of NetCE's business.

Therefore, according to Plaintiff, because NetCE did not object to producing the documents in this format, it is required to organize and label them to correspond to the categories in the request.

NetCE contends that it produced the documents exactly as requested by Plaintiff and nothing further should be required of it. It is willing and able, however, to re-produce the documents with all metadata and appropriate load files, which would aid Plaintiff's counsel in sorting the documents by custodian, date, sender, recipient, key word, subject line or by file format. This is the preferable solution, according to NetCE, in light of the broadness of the document requests and the burden associated with sorting the documents to correspond with each request. Alternatively, NetCE is willing to chart the documents using Excel, providing Bates number, date, author, recipient, any cc's, and other descriptions in an easily searchable format.

NetCE's offer to either re-produce its ESI with all metadata and load files or provide a searchable and sortable Excel index to the production should satisfy Rule 34's requirement that the produced documents be rationally organized. It is unclear to the Court, however, how this solution will apply to the first approximately 11,000 produced documents which were scanned from hard copies so that they could be produced in .PDF format. As it appears that Plaintiff's request that documents be produced in .PDF applied only to ESI, and it is clear that these documents were converted to ESI so that they could be produced on a thumb drive, they were not produced in the manner in which they were kept in the usual course. Defendant is therefore required either to organize and label them to correspond to the categories in the requests, or produce them (or provide access to them) as they are kept in the ordinary course of business. Being fully advised, it is hereby

ORDERED AND ADJUDGED as follows:

1. NetCE shall, on or before November 8, 2017, either re-produce its ESI with all metadata and load files or provide a searchable and sortable Excel index to the production. Plaintiff may choose between the two options; and

2. NetCE shall, on or before November 8, 2017, either organize and label the documents which it scanned onto a thumb drive to correspond to the Plaintiff's document requests, or it shall re-produce the documents as they are kept in the ordinary course of business, along with some evidence demonstrating that the documents are, in fact, kept in the manner in which they were produced.

DONE AND ORDERED at Fort Lauderdale, Florida, this 25th day of October, 2017.

/s/ Lurana S. Snow
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record and Pro Se Parties