# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA

        Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

        Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC. and ALPINE
MANAGEMENT SERVICES III, LLC,

        Third Party Defendants.

_____/

**CE RESOURCE, INC. d/b/a CME RESOURCE and NETCE's**
**MOTION TO COMPEL DEPOSITION TESTIMONY**

Deponents may not refuse to answer questions based on objections as to relevance. Despite this well-established, uncontroversial principle, Dr. Jouria refused to answer a question at his deposition because he deemed it "irrelevant," and his counsel enabled him to participate in this farce. After his refusal, NetCE's counsel twice made offers to discuss the information sought "off the record" to determine whether the underlying issue was worth pursuing (once during a meet-and-confer on the day of the deposition). Dr. Jouria's counsel refused to disclose the underlying information each time. Dr. Jouria's actions leave NetCE no choice but to turn again to this Court for a remedy. NetCE is entitled to depose Dr. Jouria on the contested topic.

**FACTS AND ANALYSIS**

In NetCE's Amended Answer, Counterclaims, and Third Party Complaint ("NetCE Answer") (Dkt. 36), NetCE alleged "After entering into the Freelance Writer Agreements, but prior to completion of the engagement, NetCE continued to collect background information relating to Dr. Jouria's credentials. NetCE discovered Dr. Jouria was involved in a lawsuit with the Education Commission for Foreign Medical Graduates ("ECFMG"). This lawsuit revealed that Dr. Jouria had submitted false letters of recommendation with his application to them." NetCE Answer at ¶ 49. In Dr. Jouria's Answer (Dkt. 37), Dr. Jouria responded to ¶ 49: "Without sufficient information to admit or deny, and therefore denied, as to the first sentence. Admitted as to the remainder." In other words, Dr. Jouria admitted there was a lawsuit between Dr. Jouria and ECFMG centering around Dr. Jouria's submission of false letters of recommendation.

NetCE served written Requests for Production and Interrogatories upon Dr. Jouria. Dr. Jouria's responses to these written discovery requests (and the format of his production of documents) are the subject of pending motions to compel before this court. *See* Dkts. 100 and 101; *see* Dr. Jouria's Written Responses and Objections to NetCE's Requests for Production,

1

attached as Exhibit 1 to the Declaration of John Kern ("Kern Decl."). NetCE's Request for Production No. 28 sought: "All Documents reflecting, referring to, or related to Your conflict with the Education Commission for Foreign Medical Graduates." *Id.* at p. 9. Dr. Jouria's response indicated that he objected on the grounds of relevancy. *Id.* at 9-10. Dr. Jouria produced his ECFMG certificate to NetCE, but it is unclear whether Dr. Jouria has produced all materials in his possession, custody, and control responsive to Request for Production No. 28.

On September 28, 2017, John Kern (counsel for NetCE) deposed Dr. Jassin Jouria at Holland & Knight LLP's office in Fort Lauderdale. Pertinent excerpts from that transcript ("Dep. Tr.") are attached as Exhibit 2 to Kern Decl. At that deposition, Dr. Jouria refused to answer questions regarding his dispute with ECFMG.

After explaining what ECFMG was ("an education committee that I guess ensures foreign medical graduates receive the same medical education that United States graduates do"), Dr. Jouria testified, amidst his counsel's continuing objections as to relevance, that he did not think information regarding this conflict was "relevant," and he did not "feel like [he] need[ed] to answer." Dep. Tr. at p. 17, line 13- p. 19, line 16. Mr. Kern explained to Dr. Jouria (and to his counsel) that relevance was not an appropriate objection at a deposition and that Dr. Jouria was obligated to answer the question. *Id.* at p. 19, line 17- p. 21, line 9. Still, Dr. Jouria testified the information Mr. Kern sought (who sued whom, the nature of Dr. Jouria's underlying conflict with ECFMG) "was irrelevant." *Id.* at p. 19, line 16; p. 21, line 3.

During his client's testimony, including when Dr. Jouria stated that the question was "not relevant" or "irrelevant," counsel for Dr. Jouria instructed his client to "Answer the question how you want to answer the question," and stated, after his client continued to insist the information was "irrelevant," that the questions about ECFMG were "asked and answered:" "[Dr. Jouria]

2

thinks it is irrelevant.  He is obviously choosing not to answer your question;" "You've asked the question three times.  He's answered it three times.  He considers the question irrelevant;" and "Same objection.  Irrelevance.  Asked and answered."  Dep. Tr.  p. 18, lines 10-11; p. 19, line 24-p. 20, line 2; p. 20, lines 7-11; p. 21, lines 1-2.  Dr. Jouria later testified that his certificate from ECFMG indicated that he "met all requirements to receive an ECFMG certificate" and that he "needed [the certificate] to apply for residency."  *Id.* at p. 37, line 22- p. 38, line 22.  Dr. Jouria never answered questions at his deposition related to the underlying dispute with ECFMG.

During the first break at deposition after Dr. Jouria refused to answer NetCE's questions regarding the underlying nature of the dispute with ECFMG, Mr. Kern (and Jessica Lanier, co-counsel for NetCE) met-and-conferred with Jouria's counsel.  Kern. Decl. at ¶ 5.  Mr. Kern offered to agree to a confidential conversation where Dr. Jouria shared this information so that he (Mr. Kern) could determine whether the subject was sufficiently relevant to pursue (for example, if the issue bore on Dr. Jouria's veracity).  *Id*. at ¶ 6.  Mr. Kern explained that it was not his intention to unduly embarrass Dr. Jouria.  *Id*. at ¶ 7.  Dr. Jouria's counsel agreed to ask his client, but provided no information that day.  *Id*. at ¶ 8.

At a subsequent telephonic meet-and-confer on October 25, 2017, Mr. Kern repeated this offer and his reasoning.  *Id*. at ¶ 9.  Dr. Jouria's counsel could not—or would not—provide Mr. Kern with meaningful details sufficient for him to evaluate whether the information Dr. Jouria was and is withholding is pertinent to this case.  *Id*. at ¶ 10.

The nature of the dispute between Dr. Jouria and ECFMG is, of course, relevant to the dispute between NetCE and Dr. Jouria *and* to the dispute between NetCE and Elite Continuing Education, Inc. ("Elite").  Key components of the allegations concern whether Dr. Jouria made misrepresentations to Elite with respect to his ownership and ability to re-sell the Seven Courses

3

at issue.  NetCE's discovery of Dr. Jouria's dispute with ECFMG, in fact, led NetCE to look closer at Dr. Jouria's other credentials and, ultimately, to decline to contract with him on further courses.  What NetCE believes are Dr. Jouria's patterns of deceitfulness have direct bearing on whether a trier of fact will determine that Dr. Jouria misrepresented his ownership of the Seven Courses to Elite.  Moreover, Dr. Jouria admitted in his Answer to NetCE's Counterclaims that he sent false letters of representation to ECFMG.  After maintaining that disputes about the veracity of his credentials were "irrelevant," Dr. Jouria insisted during cross-examination by counsel for Elite that he was properly credentialed.  Dep. Tr. at p. 206, line 22-p. 207, line 24.  The underlying facts of this dispute, therefore, have direct bearing on Dr. Jouria's trustworthiness as a witness and tendency for mendaciousness.

While counsel most certainly may object to the *admissibility* of evidence based on relevance, relevance is not an appropriate grounds to withhold information at deposition.  During a deposition, an attorney may note objections to questions on the record, but the deponent must still testify subject to those objections.  Fed. R. Civ. P. 30(c)(2); *Quantachrome Corp. v. Micromeritics Instrument Corp.*, 189 F.R.D. 697, 700 (S.D. Fla. 1999) (improper for witness to decline to answer question based on relevancy); *Gober v. City of Leesburg*, 197 F.R.D. 519, 520 (M.D. Fla. 2000) (refusing to answer deposition questions based on relevancy is improper and violates Federal Rules of Civil Procedure).

A witness may refuse to answer a deposition question only when (i) necessary to preserve a privilege, (ii) to enforce a limitation on evidence as directed by the court, or (iii) to protect a witness from bad faith examination.  Fed. R. Civ. P. 30(c)(2).  None of these circumstances are applicable to the line of questioning at issue here.  The line of questioning regarding ECFMG may be uncomfortable for Dr. Jouria—depositions are often somewhat unpleasant experiences

for witnesses. As established above, however, this line of questioning has direct bearing on the allegations of this case and on Dr. Jouria's veracity. NetCE is entitled to responsive answers to its reasonable questions, and this Court should order Dr. Jouria to provide them. *See Fantroy v. Publix Super Markets, Inc.*, 2013 WL 12156111, at *3 (M.D.Fla., 2013) ("Whether the information obtained may be admissible as evidence at trial is immaterial. The information is relevant under Fed. R. Civ. P. 26(b)(1) since it may reasonably lead to the discovery of admissible evidence."); *Hernandez v. Hankook Tire America Corp.,* 2014 WL 3052545, at *2 (N.D. Ala. 2014) ("lack of relevance does not allow deponent to refuse to answer deposition questions"); *Quantachrome Corp.*, 189 F.R.D. at 700 ("… [I]f counsel feels that he must make a relevancy objection, the objection should briefly be made for the record, and the deposition should continue with the testimony being taken subject to the objection."); *Buckley Towers Condominium, Inc. v. QBE Ins. Corp.*, 2008 WL 2645680, at *7 (S.D. Fla. 2008).

## CONCLUSION

For the reasons set forth above, NetCE respectfully requests that this Court (i) order Dr. Jouria to answer questions posed to him at his deposition regarding his dispute with ECFMG; (ii) order Dr. Jouria to pay NetCE the costs and attorneys' fees associated with bringing this motion; and (iii) order Dr. Jouria to pay NetCE the costs and attorneys' fees associated with retaking the deposition on the dispute with ECFMG.

## CERTIFICATE OF COUNSEL PER L.R. 7.1(a)(3) and DE 77

In addition to discussing this issue at Dr. Jouria's deposition on September 28, 2017, NetCE's counsel John Kern spoke with Dr. Jouria's counsel, Richard Ross, in a telephonic meet-and-confer on October 25, 2017, but were unable to resolve the issue explained above.

Dated: October 27, 2017

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Philip E. Rothschild*
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

*/s/ John P. Kern*
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Jessica E. Lanier, Esq. (pro hac vice)
Email: Jessica.Lanier@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC. d/b/a CME RESOURCES and NetCE

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on October 27, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                    */s/ Philip E. Rothschild*
                                                    Philip E. Rothschild

**SERVICE LIST**

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC MAIL SERVICE]**

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(Attorneys for Elite Continuing Education, Inc
**[VIA ELECTRONIC MAIL SERVICE]**