UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA

        Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

        Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC. and ALPINE
MANAGEMENT SERVICES III, LLC,

        Third Party Defendants.

_____/

**DECLARATION OF JOHN P. KERN IN SUPPORT OF
MOTION TO COMPEL DEPOSITION TESTIMONY**

I, John Kern, declare as follows:

1. I am a partner with the law firm of Holland & Knight LLP, and I am duly licensed to practice law in the state of California. I am also admitted *pro hac vice* in the United States District Court for the Southern District of Florida, in the above-captioned case. I am one of the attorneys representing defendant CE Resource, Inc. d/b/a CME Resource and NetCE (hereafter, "NetCE").

2. I have personal knowledge of the circumstances described below and, if so called, can testify under oath regarding these events.

3. Attached as **Exhibit 1** to this Declaration is a true and correct copy of Dr. Jouria's Written Responses and Objections to NetCE's Requests for Production.

4. Attached as **Exhibit 2** to this Declaration is a true and correct copy of pertinent excerpts of the deposition of Dr. Jassin Jouria, which NetCE conducted on September 28, 2017, at Holland & Knight LLP's offices in Fort Lauderdale, Florida.

5. During the first break at deposition after Dr. Jouria refused to answer NetCE's questions regarding the underlying nature of the dispute with ECFMG, co-counsel Jessica Lanier and I met-and-conferred with Dr. Jouria's counsel, Mr. Richard Ross.

6. During that meet-and-confer, I offered to have an "off the record conversation" with Dr. Jouria and his counsel, giving Dr. Jouria an opportunity to elaborate on the nature of his dispute with ECFMG, so that I could determine whether the subject and anticipated testimony was sufficiently relevant to pursue (for example, if the issue bore on Dr. Jouria's veracity or

1

supported NetCE's allegations concerning misrepresentations he made to NetCE regarding his credentials or qualifications as a medical education author).

7. During the meet-and-confer, I explained that I had no intention of unduly embarrassing Dr. Jouria and, if the probative value of the testimony was inconsequential, I would drop the matter altogether, ask no further questions about it during the deposition, and would not later seek to compel.

8. Mr. Ross agreed to speak with Dr. Jouria about this matter, but neither he nor Dr. Jouria provided any additional information that day.

9. At a subsequent telephonic meet-and-confer on October 25, 2017, I repeated this offer and my reasoning.

10. During that call, Mr. Ross stated that his understanding was that whatever the nature of Dr. Jouria's conflict with ECFMG, it eventually got worked out.  Mr. Ross could not—or would not—elaborate beyond that nor provide meaningful details sufficient for me to evaluate whether the information Dr. Jouria is withholding bears on his veracity or is relevant to any claims or defenses in this case.

I declare under penalty of perjury and the laws of the United States and Florida that the foregoing is true and correct.

Dated this 26th day of October, 2017

By: _____
John P. Kern