**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

DR. JASSIN JOURIA

       Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

       Third Party Defendant.

_____/

**PLAINTIFF'S RESPONSE TO NETCE'S FIRST REQUEST FOR THE PRODUCTION**
**OF DOCUMENTS AND THINGS**

       COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully responds

to Defendant's, CE Resource, Inc.'s d/b/a CME Resource and NetCE ("Defendant"), first request

for the production of documents and things, pursuant to Rule 34 of the Federal Rules of Civil

Procedure and the Local Rules of this court, as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff's investigation and development of all facts and circumstances relating to this action

is ongoing. These responses and objections are made without prejudice to, and are not a waiver of,

Plaintiff's right to rely on other facts or documents at trial.

2.      By making the accompanying responses Defendant's requests for production, Plaintiff does

not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses herein without in any way implying that it considers the requests or responses thereto to be relevant or material to the subject matter of this action.

3.      Plaintiff will produce responsive documents only to the extent that such documents are in the possession, custody, or control of him as set forth in the Federal Rules of Civil Procedure.

4.      Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses.

5.      Plaintiff will make available for inspection at Plaintiff's offices responsive documents and things.  Alternatively, Plaintiff will produce copies of the documents.

6.      Publicly available documents or documents already in the possession, custody and control of Defendant will not be produced.

7.      Plaintiff's records contained on his computer have been compromised in that his computer "crashed" and documents might have been lost.  Plaintiff is producing what he has been able to recover.

## REQUESTS

### REQUEST NO. 1

All Documents supporting any contention you may have or develop that NetCE does not own the copyright to the Seven Courses.

### RESPONSE NO. 1

See documents contained in DE 36-1 and 36-2, and attached.

2

**REQUEST NO. 2**

        All Documents supporting any contention you may have or develop that the Seven Course were not a "work for hire."

**RESPONSE NO. 2**

        As "work for hire" is understood, Plaintiff is not in possession, custody or control of responsive documents.

**REQUEST NO. 3**

        All Documents supporting any contention you may have or develop that the Freelance Writer Agreements are unenforceable.

**RESPONSE NO. 3**

        See documents contained in DE 36-2, and attached.

**REQUEST NO. 4**

        All Documents supporting any contention you may have or develop that NetCE "explicitly rejected" any of the Seven Courses you submitted to it, as described in Paragraph 5 of the Freelance Writer Agreements for the Seven Courses.

**RESPONSE NO. 4**

        Plaintiff is not in possession, custody or control of responsive documents.

**REQUEST NO. 5**

        All Documents supporting any contention you may have or develop that the written material related to the Subject Matter of the Seven Courses you submitted to Elite was not identical to, substantially similar to, virtually identical to and/or derivative of the written material You submitted to NetCE.

3

**RESPONSE NO. 5**

   Articles Plaintiff submitted to Defendant are in the Defendant's possession. Otherwise, see attached.

**REQUEST NO. 6**

   All Documents supporting any contention you may have or develop that the written material related to he Subject Matter of the Seven Courses Elite Ultimately published was not identical to, substantially similar to, virtually identical to and/or derivative of the written material You submitted to NetCE.

**RESPONSE NO. 6**

   Articles Plaintiff submitted to Defendant are in the Defendant's possession. Otherwise, see attached.

**REQUEST NO. 7**

   All Documents reflecting or evidencing Your Research and Drafting the Seven Courses, including without limitation Your notes, drafts of courses or portions of courses, and Communication with third parties regarding the Seven Courses or the subject matter of the Seven Courses.

**RESPONSE NO. 7**

   Articles Plaintiff submitted to Defendant are in the Defendant's possession. Otherwise, see attached.

**REQUEST NO. 8**

   All Documents reflecting or evidencing the process you undertake (or have undertaken in the past) for researching and draft a course, from 2012 to present.

4

**RESPONSE NO. 8**

       Plaintiff is not in possession, custody or control of responsive documents.

**REQUEST NO. 9**

       All Communications between You and NetCE regarding the Seven Courses.

**RESPONSE NO. 9**

       See attached.

**REQUEST NO. 10**

       All Communications between You and NetCE regarding the Freelance Writer Agreements.

**RESPONSE NO. 10**

       See attached.

**REQUEST NO. 11**

       All Communications between You and Elite from 2012 to present.

**RESPONSE NO. 11**

       See attached.

**REQUEST NO. 12**

       All Communications between You and Elite regarding the Subject Matter featured in the Seven Courses, including without limitations draft and edits to text You submitted.

**RESPONSE NO. 12**

       See attached.

**REQUEST NO. 13**

       All Communications between You and other third parties regarding or referring to

the Subject Matter featured in the Seven Courses, including without limitation drafts and edits to text You submitted.

**RESPONSE NO. 13**

See attached.

**REQUEST NO. 14**

All Documents sent from You to Elite regarding or referring to the Subject Matter featured in the Seven Courses, including without limitation drafts of courses or materials.

**RESPONSE NO. 14**

See attached.

**REQUEST NO. 15**

All Documents sent from You to other third parties regarding or referring to the Subject Matter featured in the Seven Courses, including without limitation drafts of courses or materials.

**RESPONSE NO. 15**

See attached.

**REQUEST NO. 16**

All Documents reflecting or evidencing any payments received by You from NetCE from 2012 to present, including without limitation the amount, date, and purpose of the payments.

**RESPONSE NO. 16**

Documents are in the possession, custody or control of Defendant.

**REQUEST NO. 17**

All Documents reflecting or evidencing any payments received by You from Elite

6

from 2012 to present, including without limitation the amount, date, and purpose of the payments.

**RESPONSE NO. 17**

  See attached.

**REQUEST NO. 18**

  All Documents reflecting or evidencing any payments received by You from third parties, where such payments are related to Your submission or proposal to submit written material related to the Subject Matter of the Seven Courses, from 2011 to the present.

**RESPONSE NO. 18**

  See attached.

**REQUEST NO. 19**

  Documents sufficient to Identify all Persons to whom or to which You have submitted written material or proposals to create written material related to the Subject Matter of the Seven Courses.

**RESPONSE NO. 19**

  Documents sufficient to identify Defendant are already in its possession, custody or control.  Otherwise, see attached.

**REQUEST NO. 20**

  All Documents reflecting, referring to, or related to contracts or agreements with third parties to submit written works related to the Subject Matter of the Seven Courses.

**RESPONSE NO. 20**

  See attached.

**REQUEST NO. 21**

All Documents reflecting, referring to, or related to contract or agreements with Elite to submit written works on any Subject Matter.

**RESPONSE NO. 21**

Objection to the scope.  Plaintiff attaches responsive documents that are in his possession, custody or control that relate to works related to the Subject Matter of the Seven Courses.

**REQUEST NO. 22**

All Documents related to any disclosure you made to Elite regarding Your involvement with or obligation to NetCE.

**RESPONSE NO. 22**

See attached.

**REQUEST NO. 23**

Your up-to-date resume.

**RESPONSE NO. 23**

See attached.

**REQUEST NO. 24**

Documents sufficient to identify the nature of your relationship with and to Elite.

**RESPONSE NO. 24**

See attached.

**REQUEST NO. 25**

Documents sufficient to identify your medical credentials.

8

**RESPONSE NO. 25**

      See attached.

**REQUEST NO. 26**

      Documents sufficient to Identify intangible and tangible assets you owned or own, in whole or in part or in which you have an unvested interest, from 2014 to the present.

**RESPONSE NO. 26**

      Objection.  Irrelevant and not calculated to lead to the discovery of admissible evidence because Defendant does not have any judgment against Plaintiff.  Documents requested have no bearing on liability alleged or damages sought by Defendant against Plaintiff.

**REQUEST NO. 27**

      All Documents submitted to federal Bankruptcy Courts in furtherance of cases You initiated from 2015 to present.

**RESPONSE NO. 27**

      Objection.  Irrelevant and not calculated to lead to the discovery of admissible evidence because documents requested have no bearing on liability alleged or damages sought by Defendant against Plaintiff.

**REQUEST NO. 28**

      All Documents reflecting, referring to, or related to Your conflict with the Education Commission for Foreign Medical Graduates.

**RESPONSE NO. 28**

      Objection.  Irrelevant and not calculated to lead to the discovery of admissible evidence because documents requested have no bearing on liability alleged or damages sought by

Defendant against Plaintiff.

**REQUEST NO. 29**

      All Documents you received from NetCE from 2012 to present.

**RESPONSE NO. 29**

      Defendant is in possession, custody or control of responsive documents.

**REQUEST NO. 30**

      All Documents supporting Your allegations in Paragraph 12 of the Complaint.

**RESPONSE NO. 30**

      Responsive documents include the Freelance Writers Agreements that are in the possession, custody or control of Defendant.

**REQUEST NO. 31**

      All Documents supporting Your allegations in Paragraph 13 of the Complaint.

**RESPONSE NO. 31**

      See attached.

**REQUEST NO. 32**

      All Documents supporting Your allegations in Paragraph 15 of the Complaint.

**RESPONSE NO. 32**

      See attached.

**REQUEST NO. 33**

      All Documents supporting Your allegations in Paragraph 16 of the Complaint.

**RESPONSE NO. 33**

      See attached.

10

**REQUEST NO. 34**

All Documents supporting Your allegations in Paragraph 17 of the Complaint.

**RESPONSE NO. 34**

See attached.

**REQUEST NO. 35**

All Communications related to this Litigation.

**RESPONSE NO. 35**

Objection to the scope.  See attached.

**REQUEST NO. 36**

All Documents reflecting, referring to, or relating to this Litigation.

**RESPONSE NO. 36**

Objection to the scope.  See attached.

**REQUEST NO. 37**

All statements from bank accounts or digital money transferring services (by way of illustration PayPal and Venmo) You own in whole or in part and/or into which you have deposited or withdrawn moneys from 2012 to present.

**RESPONSE NO. 37**

Objection.  Irrelevant and not calculated to lead to the discovery of admissible evidence because Defendant does not have any judgment against Plaintiff.  Documents requested have no bearing on liability alleged or damages sought by Defendant against Plaintiff.

11

Respectfully submitted,


/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 9, 2017, I electronically served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


<u>s/Richard S. Ross</u>
Richard S. Ross, Esq.

**SERVICE LIST**
**Dr. Jassin Jouria v. CE Resource, et al.**
**Case No.: 15-61165-CIV-DIMITROULEAS**
**United States District Court, Southern District of Florida**
**(Ft. Lauderdale Division)**

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: E mail
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: E mail
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: E mail
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: E mail
*(Attorneys for Elite Continuing Education, Inc.)*