## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No.: 0:15-cv-61165-WPD**

DR. JASSIN JOURIA

       Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

       Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Defendant/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC. and ALPINE
MANAGEMENT SERVICES III, LLC,

       Third Party Defendants.

_____/

**<u>CE RESOURCE, INC. d/b/a CME RESOURCE and NETCE's
OPPOSITION TO DR. JASSIN JOURIA'S MOTION TO DETERMINE PRIVILEGE OF
INADVERTENTLY PRODUCED DOCUMENTS</u>**

NetCE asserts documents Bates labeled **NETCE0034296** and **NETCE0034297** are protected by attorney-client privilege and/or the work product doctrine, and therefore the documents should remain privileged and returned immediately to NetCE under the "clawback" provision for inadvertently produced documents. The Court should reject Dr. Jouria's arguments to the contrary. (Dkt. 119.)

Over the course of discovery in this litigation, counsel for NetCE has reviewed hundreds of thousands of pages of documents. In the course of its months-long rolling production, NetCE has produced just under thirty-six thousand pages of documents to Dr. Jouria's counsel.

In its production on August 31, 2017, NetCE inadvertently included two documents which NetCE claims may contain or reflect privileged communications or work-product protected information. These documents are invoices and itemizations of business expenses. Each contains line items describing in detail attorney actions for which NetCE was billed—both by Holland & Knight and another law firm for a matter wholly unrelated to the dispute between NetCE and Dr. Jouria. (The remainder of the information contained in these documents is neither responsive to Dr. Jouria's Requests for Production nor relevant to this case.)

In modern litigation, particularly cases such as this one, where electronic discovery entails the processing of large volumes of records, parties occasionally inadvertently produce documents. It is black letter law that such inadvertent production is not a waiver of privilege and that a producing party may "claw back" such materials. *See* Fed. R. Evid. 502(b).

NetCE asserts—and Dr. Jouria does not argue otherwise in his motion—that the disclosure of the two documents identified above was anything other than inadvertent. *See* Fed. R. Evid. 502(b)(1). NetCE asserts—and Dr. Jouria does not argue otherwise in his motion—that it took reasonable steps to prevent this disclosure, including without limitation manual review of the 35,761 pages it produced to Dr. Jouria. *See* Fed. R. Evid. 502(b)(2). NetCE alerted Dr. Jouria to the inadvertent production a mere *three weeks* after it served the production and mere days after NetCE discovered the problem. *See* Fed. R. Evid. 502(b)(3). NetCE asked Dr. Jouria's counsel to identify and destroy the documents and to affirm such actions in writing. This email is attached to the Declaration of John Kern ("Kern Decl.") as <u>Exhibit 1</u>.

Given these uncontested facts, NetCE is baffled that Dr. Jouria's counsel insists upon wasting this Court's time and resources adjudicating what is otherwise a clear-cut issue, involving documents and information of no relevance or probative value.

Most importantly, instead of immediately complying with NetCE's by-the-book clawback request—and reserving his right to challenge NetCE's privilege designation in Court—in a breathtaking display of ethical malfeasance, Dr. Jouria's counsel took NetCE's clawback request as an invitation to carefully review documents he *knew* (due to NetCE's explicit communications) NetCE claimed contained privileged or potentially privileged information. This email exchange is attached to the Kern Decl. as Exhibit 2.

The documents at issue are invoices. The only potentially relevant and responsive aspect of these invoices are itemizations of expenses NetCE incurred from its counsel in this case, Holland & Knight LLP. The descriptions of these expenses spell out *in detail* the type and subject matter of tasks Holland & Knight performed for NetCE and at NetCE's behest in this litigation. Such descriptions are privileged under both work-product privilege (prepared in anticipation of litigation) and the attorney-client privilege (internal documents reflecting attorney-client communications and direction).

Legal fees are neither relevant to the dispute or responsive to Dr. Jouria's RFPs. There is no dispute as to the amount of Holland & Knight's fees or as to the nature and adequacy of Holland & Knight's activities and services. As this Court—and Magistrate Judge Snow—has held, legal invoices can be privileged where they describe the nature of activity the attorney undertakes for the client. *Vision I Homeowners Ass'n, Inc. v. Aspen Specialty Ins. Co.*, No. 08-81211-CIV, 2009 WL 2477519, at *2 (S.D. Fla. July 17, 2009). *See also Wachovia Fin. Servs., Inc. v. Birdman*, No. 09-81252-CIV, 2010 WL 11506044, at *6 (S.D. Fla. Sept. 27, 2010) (documents reflecting attorney client communication, including bills and invoices, are privileged); *Ben-Yishay v. Mastercraft Dev., LLC*, No. 08-14046-CIV, 2010 WL 11504358, at *3 (S.D. Fla. July 2, 2010) (billing logs privileged if reflect attorney client communications).

#54101697_v2

Crucially, in each of these cases, the court reviewed the producing party's designation of the document(s) in question on a privilege log.[1]  *None* of the challenging counsel in these cases had the temerity to refuse to return documents the producing party indicated were inadvertently produced, privileged and, therefore, protected.  None of them reviewed the documents after the producing party told them to destroy or return the inadvertently produced documents.  Here, counsel for NetCE repeatedly has assured counsel for Dr. Jouria that upon him honoring the clawback request, NetCE would supplement its privilege log to add the materials, so that Dr. Jouria could challenge NetCE's designation at that proper juncture.  Rather than honor the clawback request, counsel for Dr. Jouria held the documents, continued to review them in detail, repeatedly discussed them in emails, and even raised their contents during an in-person meet and confer with counsel for Elite (another party in this case) present, as supposed evidence of Holland & Knight's "churning" of fees in this case.

The documents at issue contain the very type of information this Court recognizes as privileged.  Counsel for Dr. Jouria used NetCE's inadvertent production as an opportunity to exert leverage—to what end we can only speculate.  We respectfully request this Court put a stop to counsel's unethical gamesmanship by affirming the existence of recognized privilege, and by ordering Mr. Ross to comply with NetCE's eminently reasonable "clawback" request.

Dated: October 27, 2017

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Philip E. Rothschild*
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000

---

[1] In compliance with this Court's order, NetCE produced a lengthy privilege log to Dr. Jouria.  In a demand out of step with sophisticated contemporary legal practice, but consistent with his own habits in this case, Dr. Jouria's counsel insisted that NetCE produce a more detailed privilege log.  After a meet and confer on September 28, 2017, NetCE, desirous of not wasting more of this Court's time and resources and strain its patience on frivolous discovery disputes. agreed to supplement its privilege log with additional information.  The costly supplementation upon which Dr. Jouria insists requires manual review of almost 1,000 documents and is therefore not yet completed (but will be shortly).

#54101697_v2

Facsimile: (954)463-2030

*/s/ John P. Kern*
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Jessica E. Lanier, Esq. (pro hac vice)
Email: Jessica.Lanier@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC.
d/b/a CME RESOURCES and
NetCE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 27, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Philip E. Rothschild*
Philip E. Rothschild

## SERVICE LIST

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC MAIL SERVICE]**

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

4

#54101697_v2

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(Attorneys for Elite Continuing Education, Inc
**[VIA ELECTRONIC MAIL SERVICE]**

5