**EXHIBIT "1"**

**Lanier, Jessica E (SFO - X56923)**

| | |
|---|---|
| **From:** | Richard Ross <prodp@ix.netcom.com> |
| **Sent:** | Tuesday, September 26, 2017 5:06 AM |
| **To:** | Lanier, Jessica E (SFO - X56923) |
| **Cc:** | Kern, John P (SFO - X56918); Rothschild, Phil (FTL - X27881); Harmon, Denise A (SFO - X56925) |
| **Subject:** | Re: Clawback of two privileged documents (NetCE) |

Jessica,

Can you please explain the nature of the privilege claimed, and whether you used that same basis for your claim of privilege in the documents identified in your privilege log?

Sincerely,
RICHARD S. ROSS, ESQ.
**Patents, Trademarks, Copyrights
    and Related Litigation**
915 S.E. 2 Court
Ft. Lauderdale, Florida  33301
tel 954/252-9110
fax 954/252-9192

CONFIDENTIALITY NOTICE:
This e-mail is subject to the Electronics Communications Privacy Act, 18 U.S.C. § 2510-2521, and may be legally privileged. The information contained in this e-mail message, together with any attachments hereto or links contained herein, is strictly private and confidential information intended only for the use of the individual or entity named above. The information contained in this e-mail, and any attachments hereto may be attorney-client privileged, and work product confidential intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is STRICTLY PROHIBITED.

NOTICE UNDER U.S. TREASURY DEPARTMENT CIRCULAR 230. *Regulations Governing the Practice of Attorneys, Certified Public Accountants, Enrolled Agents, Enrolled Actuaries, and Appraisers before the Internal Revenue Service:*
To the extent that this e-mail communication and the attachment(s) hereto, if any, may contain written advice concerning or relating to a Federal (U.S.) tax issue, United States Treasury Department Regulations (Circular 230) require that we (and we do hereby) advise and disclose to you that, unless we expressly state otherwise in writing, such tax advice is not written or intended to be used, and cannot be used by you (the addressee), or other person(s), for purposes of (1) avoiding penalties imposed under the United States Internal Revenue Code or (2) promoting, marketing or recommending to any other person(s) the (or any of the) transaction(s) or matter(s) addressed, discussed or referenced herein for IRS audit, tax dispute or other purposes.

On 9/25/2017 4:44 PM, Jessica.Lanier@hklaw.com wrote:

Richard,

Despite our best efforts and a manual review of each document we produced to you, we recently discovered that we inadvertently produced to you two documents that should have been marked privileged:

NETCE0034296
NETCE0034297

We asked that you delete these documents (and any saved copies) and recall any copies of these documents, to the extent you have circulated the same.  We also ask that you alert us when this has been completed.

We apologize for the inconvenience, and we thank you in advance for your anticipated cooperation.

Jesse

**Jessica Lanier** | **Holland & Knight**

Associate

Holland & Knight LLP

50 California Street, Suite 2800 | San Francisco, CA 94111

Phone 415.743.6923 | Fax 415.743.6910

jessica.lanier@hklaw.com | www.hklaw.com

Add to address book | View professional biography

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.