**EXHIBIT "2"**

**Lanier, Jessica E (SFO - X56923)**

| | |
|---|---|
| **From:** | Kern, John P (SFO - X56918) |
| **Sent:** | Thursday, October 19, 2017 11:39 AM |
| **To:** | Richard Ross |
| **Cc:** | Lanier, Jessica E (SFO - X56923); Kappes, Daniel P (SFO - X56951); Yee, Myrna M (SFO - X56916); Rothschild, Phil (FTL - X27881); Ramsey, Carmen (FTL - X27882); markwilson@mvalaw.com; katecole@mvalaw.com |
| **Subject:** | Re: NetCE v. Jouria, et al/inadvertently produced documents |

Richard:

There is nothing to meet and confer about re: the inadvertently produced documents which you have unethically reviewed in detail and now seek to have a substantive discussion about: For the 4th time, the basis for our claim is attorney-client privilege. We are not discussing anything with respect to these documents. Return them or destroy them. If you continue to refuse, we will seek to have you disqualified from the case (which we may do anyway, as you admitted to reviewing them in detail and referred obliquely to them in person, in front of counsel for Elite, in support of your baseless and despicably untrue claim that we are "churning fees" on this case).

As for the remaining topics I am available Wednesday from 9 am to 5 pm pacific. There isn't anything to discuss with respect to your request for telephonic appearance because no dates, times, locations, or witnesses have been agreed to. When we pin all that down, we are happy to discuss.

Sent from my iPhone

On Oct 19, 2017, at 1:58 PM, Richard Ross <prodp@ix.netcom.com> wrote:

> John,
>
> Apparently you are confirming that I am looking at the correct documents. By rule and stipulation, I am permitted to sequester the documents and not return them to you, once you notify me of your claim and the basis. I am simply trying to learn from you and Jessica, for nearly a month now, the basis of your claim. Jessica did not respond at all, and you have not confirmed your attorney-client privilege claim in the subject documents. If you maintain the documents are attorney-client privilege, please let's add this to the meet and confer agenda. Also, while we appreciate your permitting us to appear telephonically, your condition that we cannot cross-notice or ask any questions requires that we put this issue on the meet and confer list as well.
>
> Awaiting to hear back from you for some times for Wednesday, or some other day/time that is mutually agreeable.
>
> Sincerely,
> RICHARD S. ROSS, ESQ.
> **Patents, Trademarks, Copyrights**
>    **and Related Litigation**
> 915 S.E. 2 Court
> Ft. Lauderdale, Florida  33301

1

tel 954/252-9110
fax 954/252-9192

CONFIDENTIALITY NOTICE:
This e-mail is subject to the Electronics Communications Privacy Act, 18 U.S.C. § 2510-2521, and may be legally privileged. The information contained in this e-mail message, together with any attachments hereto or links contained herein, is strictly private and confidential information intended only for the use of the individual or entity named above. The information contained in this e-mail, and any attachments hereto may be attorney-client privileged, and work product confidential intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is STRICTLY PROHIBITED.

NOTICE UNDER U.S. TREASURY DEPARTMENT CIRCULAR 230, *Regulations Governing the Practice of Attorneys, Certified Public Accountants, Enrolled Agents, Enrolled Actuaries, and Appraisers before the Internal Revenue Service:*
To the extent that this e-mail communication and the attachment(s) hereto, if any, may contain written advice concerning or relating to a Federal (U.S.) tax issue, United States Treasury Department Regulations (Circular 230) require that we (and we do hereby) advise and disclose to you that, unless we expressly state otherwise in writing, such tax advice is not written or intended to be used, and cannot be used by you (the addressee), or other person(s), for purposes of (1) avoiding penalties imposed under the United States Internal Revenue Code or (2) promoting, marketing or recommending to any other person(s) the (or any of the) transaction(s) or matter(s) addressed, discussed or referenced herein for IRS audit, tax dispute or other purposes.

On 10/19/2017 12:02 PM, John.Kern@hklaw.com wrote:

```
Richard:

Good to know you have egregiously violate all rules concerning
inadvertent disclosure and clawback by carefully examining and
commenting on the substance of the specific pages we asked you to
immediately return weeks ago.

Send them back or confirm they are destroyed, and we'll take it
from here.

As for you request to telephonically appear at future
depositions, we have not agreed to any time, date, or location,
but when we do you are welcome to telephonically appear so long
as you do not plan to cross-notice the depo or to ask questions
on direct, cross, or re-direct.

Sent from my iPhone

On Oct 19, 2017, at 10:26 AM, Richard Ross
<prodp@ix.netcom.com<mailto:prodp@ix.netcom.com>> wrote:

John,

Thank you for responding today to our September 26, 2017 inquiry
regarding the basis of the claim of privilege, required by the
rule and by the SPO.  The attorney-client privilege claim is not
evident since the two documents at issue comprise a spreadsheet
of your client's billings/payments, unless we are looking at
different documents.  Please confirm if we are reviewing the
documents at issue.  If so, and you maintain your attorney-client
privilege claim, we will comply with the request under the rule
and the SPO, and will seek a court determination on the issue
(after a meet and confer of course).

Finally, we intend to appear by telephone at Elite's recently
noticed depositions scheduled for NetCE, Ms. Campbell, and the
Meinyers.  Do you have any objections?

Sincerely,
RICHARD S. ROSS, ESQ.
Patents, Trademarks, Copyrights
    and Related Litigation
915 S.E. 2 Court
Ft. Lauderdale, Florida  33301
tel 954/252-9110
```

```
fax 954/252-9192
```

CONFIDENTIALITY NOTICE:
This e-mail is subject to the Electronics Communications Privacy Act, 18 U.S.C. ? 2510-2521, and may be legally privileged. The information contained in this e-mail message, together with any attachments hereto or links contained herein, is strictly private and confidential information intended only for the use of the individual or entity named above. The information contained in this e-mail, and any attachments hereto may be attorney-client privileged, and work product confidential intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is STRICTLY PROHIBITED.

NOTICE UNDER U.S. TREASURY DEPARTMENT CIRCULAR 230, Regulations Governing the Practice of Attorneys, Certified Public Accountants, Enrolled Agents, Enrolled Actuaries, and Appraisers before the Internal Revenue Service:
To the extent that this e-mail communication and the attachment(s) hereto, if any, may contain written advice concerning or relating to a Federal (U.S.) tax issue, United States Treasury Department Regulations (Circular 230) require that we (and we do hereby) advise and disclose to you that, unless we expressly state otherwise in writing, such tax advice is not written or intended to be used, and cannot be used by you (the addressee), or other person(s), for purposes of (1) avoiding penalties imposed under the United States Internal Revenue Code or (2) promoting, marketing or recommending to any other person(s) the (or any of the) transaction(s) or matter(s) addressed, discussed or referenced herein for IRS audit, tax dispute or other purposes.

On 10/19/2017 7:21 AM,
John.Kern@hklaw.com<mailto:John.Kern@hklaw.com> wrote:

Richard:

My colleague Jesse wrote you nearly a month ago to request that you immediately return and/or confirm the destruction of a handful of documents (among the tens of thousands we produced), which we later discovered and determined to be subject to our claim of attorney-client privilege.

You responded with a demand we explain the nature of the privilege claim.  Strange request, as the "nature" of the privilege claimed is of course attorney-client privilege, fairly evident from Jesse's email.

When you return to us the documents Jesse identified we will expeditiously supplement the privilege log we previously provided to you to reflect these additional "withheld" materials.  Of course we respect your right to renew your objection that our log is somehow inadequate.

What you manifestly do NOT have a right to do is to refuse to cooperate with our by-the-book clawback request, or to remain in possession of now for over a month our inadvertently produced, potentially privileged communications.

3

Please comply with our previous request no later than the close of business tomorrow, so that we can cross this off our list of issues about which we are squabbling with you.

Thanks much,

John

Sent from my iPhone

_____

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.