UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61165-CIV-DIMITROULEAS/Snow

DR. JASSIN JOURIA,

    Plaintiff/Counter Defendant,

v.

CE RESOURCE, INC. d/b/a CME Resource and NetCE,

    Defendant/Counter Plaintiff/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION,

    Third Party Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Discovery Motion Under Seal Pursuant to Fed.R.Civ.P. 26(b)(5)(B) to Determine Defendant NetCE's Claim of Attorney Client Privilege in Two Pages of Produced Documents (ECF No. 119) which was referred to Lurana S. Snow, United States Magistrate Judge. The motion is ripe for consideration.

Plaintiff requests the Court make a determination as to the validity of NetCE's claim of attorney-client privilege with respect to two documents produced in discovery which NetCE has demanded that Plaintiff either return or destroy based upon its assertion that the documents were produced inadvertently. Because of the disputed nature of the documents, Plaintiff filed copies under seal for the Court's consideration in connection with its motion. (ECF No. 120)

In response, NetCE asserts that the documents Bates labeled NETCE0034296 and NETCE0034297 are protected by attorney-client privilege and/or the work product doctrine. Because they were inadvertently produced, NetCE contends that any privilege attached has not been waived and it is entitled to claw them back pursuant to Fed.R.Civ.P. 502(b).

The two pages at issue consist of invoices, which according to NetCE, spell out in detail the type and subject matter of Tasks Holland & Knight performed for NetCE at NetCE's behest in this litigation and are thus protected by both the attorney-client privilege and work product doctrine. Additionally, NetCE argues that the invoices are not relevant, as there is no dispute in this litigation as to the amount of Holland & Knight's fees or as to the nature and adequacy of its services. NetCE asserts that it assured Plaintiff's counsel that it would supplement its privilege log after Plaintiff returned or destroyed the documents, and it was improper of Plaintiff to refuse to do so.

Fed.R.Civ.P. 26(b)(5)(B) governs when information produced in discovery is subject to a claim of privilege. When such information inadvertently is disclosed, and the producing party notifies the receiving party of the claim and the basis for it, the receiving party must promptly return, sequester, or destroy the specified information and any copies it has. Id. The receiving party also may promptly present the claim to the court under seal for a determination of the claim. Id. "*Whether the information is returned or not*, the producing party must preserve the information pending the court's ruling on whether the claim of privilege or protection is properly asserted and whether it was waived." Rule 26 Advisory Committee Notes, 2006 Amendment. (emphasis supplied) Thus, as long as Plaintiff has sequestered the documents pending the court's ruling on NetCE's assertion of privilege, he has not run afoul of the rule.

The Court next addresses whether the documents are entitled to protection as privileged. Billing records which do not reveal attorney client communications are not protected by the attorney client privilege. Federal Trade Commission v. Cambridge Exchange, Ltd. 845 F.Supp. 872, 874 (S.D. Fla., Dec. 22, 1993). Conversely, to the extent billing records reveal trial strategy or the nature of services provided, privilege may attach. Id. Further, such billing records, may not be protected under the work product doctrine unless they contain substantive information about legal services undertaken in anticipation of litigation of for trial. Wachovia Financial Services, Inc. v. Birdman, 2010 WL 11506044, *5 (S.D. Fla., Sep. 27, 2010).

The Court has reviewed the documents and concludes that because they contain what appears to be the subject matter of the legal issues addressed for the client, they contain protected work product. See Vision I Homeowners Ass'n, Inc. v. Aspen Specialty Ins. Co., 2009 WL 2477519, *2 (S.D. Fla., Jul. 17, 2009). Being fully advised, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Discovery Motion Under Seal Pursuant to Fed.R.Civ.P. 26(b)(5)(B) to Determine NetCE's Claim of Attorney Client Privilege in Two Pages of Produced Documents (ECF No. 119) is GRANTED. Having reviewed the documents, which were filed under seal, the Court concludes that they are protected by the work product privilege. Plaintiff shall either return or destroy the documents pursuant to and in accordance with Fed.R.Civ.P. 26(b)(5)(B).

DONE AND ORDERED at Fort Lauderdale, Florida, this 2nd day of November, 2017.

_____<br>
LURANA S. SNOW<br>
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record and Pro Se Parties