UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)

CASE NO.:15-61165-CIV-DIMITROULEAS

DR. JASSIN JOURIA

    Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

    Third Party Defendant.

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT NETCE'S MOTION TO COMPEL DEPOSITION TESTIMONY, AND MOTION TO CONCLUDE DEPOSITION

COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who responds in opposition to Defendant's, CE Resource, Inc. d/b/a CME Resource and NetCE ("Defendant"), motion to compel the continued deposition of Plaintiff. Plaintiff was deposed for well more than seven hours on September 28, 2017. *See* Fed.R.Civ.P. 30(d)(1)(limiting a deposition to "1 day of 7 hours"). During the deposition, Plaintiff would not answer a question directed to a lawsuit he had with the Education Commission for Foreign Medical Graduates ("ECFMG") concerning his certification to apply for medical residency in the United States.[1] Plaintiff's counsel objected to this line of questioning due to relevance, but did not instruct Plaintiff not to answer.

The parties did take a break during the deposition as discussed in the motion, p. 3, and Plaintiff's counsel spoke of the irrelevance of the line of questioning to the case, and the embarrassment of the topic to the Plaintiff in light of that irrelevance. Defendant was aware that the ECFMG lawsuit involved an allegation that Plaintiff falsified a letter of recommendation in connection with his medical residency, *see* motion, p. 1; DE 37 ¶49, and was further aware that ultimately, the ECFMG was required to certify Plaintiff. During the parties meet and confer prior to Defendant filing the subject motion, Plaintiff again made Defendant aware that he was the prevailing party in the ECFMG lawsuit, and that is why he was certified by that entity, which comports with the Plaintiff's deposition testimony on the issue.[2]

Defendant states that the purpose of the questioning is to determine "misrepresentation to Elite with respect to [Plaintiff's] ownership and ability to re-sell the Seven Courses at issue," and goes to the "veracity" of Plaintiff. *See* motion, pp.3-4. Neither argument supports any relevance of the ECFMG litigation to the claims and defenses pending in the action. Accordingly, the motion should be denied, and Plaintiff moves for an order from the court limiting and concluding the deposition by sustaining the relevance objection. Fed.R.Civ.P. 30(d)(3).

---

[1]This should have come at no surprise to Defendant since Plaintiff objected to providing similar information in response to Defendant's request for production. *See* motion, p. 2.

[2]Confirmation of certification was also evidenced by Plaintiff's production to Defendant, prior to the deposition, of a copy of the ECFMG certificate. *See* motion, p. 2.

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1)(2015). Recent changes to the Federal Rules of Civil Procedure in 2015 do not change the definition of "relevance." *Clark v. Hercules Inc.*, Case No: 2:13-cv-794-FtM-29MRM, *2 (M.D. Fla. Aug. 3, 2017). "Evidence is relevant if it has any tendency to make the existence of any fact or consequence more or less probable than it would be without the evidence." *Gonzalez v. ETourandTravel, Inc.*, No. 6:13-cv-827-Orl-36TBS, 2014 WL 1250034, at *2 (M.D. Fla. Mar. 26, 2014) (citing *United States v. Capers*, 708 F.3d 1286, 1308 (11th Cir. 2013)). The scope of permissible, relevant discovery is determined by the parties' claims and defenses. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 n.37 (11th Cir. 1997). Defendant has the burden of establishing relevance. *See Bright v. Frix*, No. 8:12-cv-1163-T-35MAP, 2016 WL 1011441, at *1 (M.D. Fla. Jan. 22, 2016). Furthermore, under Rule 26(b)(1)(C), "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that...(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Additionally, under Rule 26(c) "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Farnsworth v. Procter & Gamble, Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985).

Defendant has not met its burden and shown why delving into debunked allegations of a false recommendation letter in a medical certification proceeding is relevant to the claims or defenses here. First, Defendant's "key components of the allegations" argument concerning whether Plaintiff misrepresented ownership and his ability to re-sell the subject Seven Courses to Elite is a is not even alleged in Defendant's operative pleading, DE 36. Certainly Defendant cites to no paragraph in the pleadings. Additionally, Elite has not asserted any "misrepresentation of ownership" as a defense. *See* DE 93. Moreover, even if misrepresentation were properly pled, Defendant does not argue how inquiry into a medical certification issue is relevant to the purported misrepresentation or to any claim or defense. Defendant does not connect the two to any of the pending claims[3]. If the Defendant wanted ask Plaintiff at the deposition about any alleged

---

[3]Copyright infringement (Claim One), breach of contract (Claim Two), California unfair business practices (Claim Five), and misappropriation of trade secrets (Claim Six).

misrepresentation of copyright ownership relative to Elite, it was free to do that without objection. Second, Defendant has not met its burden or cited any authority supporting its position that Plaintiff's deposition should be continued to test his veracity or trustworthiness.  *See* FRE 608(b)(extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness).  If it is truly Defendant's intention not to embarrass Plaintiff, motion, p. 3; Kern Dec. ¶7, then why does Defendant insist on questioning Plaintiff on his certification in connection with medical residency when it has nothing to do with any of the parties' claims or defenses?  If parties were able to explore a witness's veracity in discovery regardless of relevance, then the relevance requirement of Rule 26(b)(1) would be completely eviscerated.  Discovery is not limitless.  *See Davenport v. Goodyear Dunlop Tires N. Am. Ltd.*, Civil Action No: 1:15-cv-03751-JMC, *3 (D. S.C. Nov. 14, 2016)(discovery is not limitless).  *See also Scott v. Eglin Fed. Credit Union*. Case No. 3:16-cv-719-RV-GRJ, *4 (N.D. Fla. April 13, 2017)(citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011) [citing Fed. R. Civ. P. 26(b)])(courts have "broad authority to control the scope of discovery.").

Plaintiff requests that the court deny the motion and sustain the relevance objection. No party has a claim or defense directed to Plaintiff's medical certification lawsuit, and the motion does not explain why that proceeding is relevant in this matter.  Plaintiff moves for protection, and asks the court to conclude Plaintiff's deposition without further oral deposition into the topic of Plaintiff's ECFMG lawsuit.[4]

---

[4]If, however, the court finds the ECFMG lawsuit is relevant to the claims or defenses in this action, Plaintiff requests that he be permitted to respond to a written deposition question, under oath, explaining the underlying facts in the ECFMG matter.

        Respectfully submitted,


        <u>/s/ Richard S. Ross, Esq.</u>
        RICHARD S. ROSS, ESQ.
        Attorney for Plaintiff Dr. Jassin Jouria
        Fla. Bar No. 436630
        915 S.E. 2 Court
        Ft. Lauderdale, Florida 33301
        Tel 954/252-9110
        Fax 954/252-9192
        E mail: prodp@ix.netcom.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 3, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                      s/Richard S. Ross  
                                                      Richard S. Ross, Esq.

**SERVICE LIST**
Dr. Jassin Jouria v. CE Resource, et al.
Case No.: 15-61165-CIV-DIMITROULEAS
United States District Court, Southern District of Florida
(Ft. Lauderdale Division)

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*