# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA

       Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

       Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Defendant/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC. and ALPINE
MANAGEMENT SERVICES III, LLC,

       Third Party Defendants.

_____/

**CE RESOURCE, INC. d/b/a CME RESOURCE and NETCE's**
**OPPOSITION TO DR. JASSIN JOURIA'S MOTION TO SET AMOUNT OF**
**ATTORNEY'S FEES AWARDED TO PLAINTIFF**

**INTRODUCTION**

Pursuant to Local Rule 7.3(a), NetCE files this opposition to Plaintiff Jouria's Motion to Set Amount of Attorney's Fees Awarded to Plaintiff (Dkt. 124). Plaintiff opposes certain time entries, particularly those related to requested relief not granted by this Court and that were incurred *after* the hearing at which the Court directed an award of fees.[1] In addition, other time entries are not reasonable as to the length of time for the task listed. Finally, the resulting amount after these reductions must be reduced by half, as NetCE offered to supplement its discovery responses to remove issues regarding the general objections prior to filing of Jouria's motion, and therefore the remaining fee award should be reduced in half to the amount Jouria's counsel requested in his motion to compel, and which NetCE offered to pay.

### I.   JOURIA IS NOT ENTITLED TO FEES FOR ANY TIME ENTRIES AFTER THE AUGUST 24, 2017 HEARING

Jouria is not entitled to any fees incurred after August 24, 2017 for several reasons. First, he did not prevail on his issue of "labeling" at the hearing, as at the conclusion of the hearing held on August 24, 2017 regarding Jouria's Motion to Compel (Dkt. 89), the Court reserved ruling on Jouria's "labeling" issues, and ultimately did not order such relief. Second, the Court's order August 29 Order appropriately fixed the temporal scope of the award by specifying that "NetCE shall pay the fees Plaintiff incurred in having to bring the instant motion." Order dated August 29, 2017 at 3 (Dkt. 97) ("August 29 Order"). Third, because 57% of the fees claimed by counsel for Jouria were incurred after the hearing and after the court determined that fees would be awarded for bringing the motion, it would be unfair to impose such fees incurred by an opposing counsel after that counsel believed he was entitled to whatever fees he incurred.

---

[1] NetCE does not oppose the requested rate of $450.00 per hour, although counsel has not presented a written fee agreement, and purports to rely on a verbal agreement to support this amount.

1

In his original motion, Jouria had requested the Court to "compel Defendant to produce documents accurately labeled to correspond to the categories in the request." See Plaintiff's Motion to Compel at 4 (Dkt. 89). After the hearing, the Court directed supplemental briefing "on the issue of what constitutes 'the usual course of business' for purposes of Rule 34." Order at 3 (Dkt. 97). Following the parties' briefing, the Court ultimately did not grant Jouria's request for NetCE to "produce documents accurately labeled to correspond to the categories in the request," but instead allowed NetCE to either reproduce the documents with all metadata or provide a searchable and sortable Excel index, Order dated October 26, 2017 at 3-4, something similar to the explanations NetCE had offered to Jouria's counsel prior to the motion being filed. See Letter to Richard Ross dated July 17, 2017 (Dkt 91-2).

The case law on awards of attorney's fees in federal court makes clear that a party is not entitled to full recovery of fees on issues on which it did not prevail. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir. 2000); *Lee v. American Eagle Airlines, Inc.*, 93 F. Supp.2d 1322, 1335 (S.D. Fla. 2000). In *Hensley,* the Supreme Court concluded that, where a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount to award to the plaintiff's attorneys. In fact, the Supreme Court instructed that the degree of success obtained is "the most critical factor" in determining whether or not a fee award is reasonable. *Hensley*, 461 U.S. at 436. The Court stated that whether a plaintiff is a "prevailing party" under the statute "may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved."[2] *Id.* Instead, the Court ruled that "a

---

[2] While these cited cases concerned civil rights cases involving a statutory award of fees, the legal analysis regarding partial success has been utilized for all types of federal court fee amount determinations. See e.g. Godoy v. New River Pizza, 565 F.Supp.2d 1345, 1347-48 (S.D. Fla. 2008).

2

#54198399_v3

reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 439. The Court ultimately concluded that, where a plaintiff has achieved only limited success, the district court should award "only that amount of fees that is reasonable in relation to the results obtained," *id.,* including "even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id.* at 436. To reduce the award, "the district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Hensley*, 461 U.S. at 437.

Applying this case law to the present dispute, all of the time entries in Jouria's Composite Exhibit 1 starting with August 25, 2017 must not be included in the award. A full list follows:

- August 25, 2017  1.4 hours  "Initial research or requirement under FRCP 34 to label non-native documents

- August 29, 2017  0.8 hours "Follow up legal research on issue of labeling documents produced by Defendant"

- August 29, 2017  3.6 hours "Begin preparation of memorandum of fact and law on issue of labeling documents produced by Defendant"

- August 31, 2017  3.4 hours "Continue drafting memorandum re: NetCE labeling of documents produced, revise and finalize, cull exhibits, file and serve"

- September 13, 2017  0.8 hours "Draft motion for fees in accordance with LR 7.3"

- September 25, 2017  0.1 hours "Meet and confer on amounts requested in motion for sanctions per court order granting motion to compel"

Therefore, fully 10.1 hours contained in Jouria's Composite Exhibit 1 should be rejected because they did not result in Jouria being awarded his requested relief.

3

#54198399_v3

In addition, the Court's order awarding fees specified that "NetCE shall pay the fees Plaintiff incurred in having to bring the instant motion," and therefore the award should not include post-hearing briefing that was ultimately unsuccessful on the relief requested by Jouria. August 29 Order at 3 (Dkt. 97). The Court's order was clear that the entitlement to fees ended at the time of the closing of the hearing. If the Court had intended to include fees incurred after a ruling on Jouria's "labeling request" in the motion, it could have included such language, either in the original order at Dkt. 97, or in its follow up order issued after consideration of the supplemental briefing.

Finally, an additional basis to reject all fees incurred after the August 24, 2017 hearing is the unreasonableness in general of this fee petition based upon the hours expended after the hearing as opposed to those expended prior to the hearing. Although there are reasons, specified below, to reduce the pre-hearing amounts sought, it is patently unreasonable for a counsel to include more hours *after* the review of discovery, the meet and confer regarding alleged deficiencies, the drafting of a motion, the review of the written response to the motion, the preparation for a hearing, and the attendance at the hearing, than all of the time incurred prior to the hearing performing this tasks. A total of 10.1 hours of the 18 hours in Composite Exhibit 1, fully 57% of the total fees claimed by counsel for Jouria, were incurred after the hearing and after the court determined that fees would be awarded for bringing the motion. Such an apparent attempt by counsel for Jouria to punish NetCE for ultimately prevailing on the labeling issue should not be rewarded by the Court. The Court should reject these 10.1 hours and reduce the total award by $4,545 as a result.

4

#54198399_v3

## II.  TIME ENTRY FOR JULY 6, 2017 CURSORY REVIEW SHOULD BE REDUCED

With regard to specific time entries prior to the August 24, 2017 hearing, NetCE objected previously to counsel for Jouria as to the 0.9 hours listed for July 6, 2017.  As counsel for NetCE admitted in his pre-motion meet and confer emails, he did not review NetCE's production before filing his motion to compel.  See July 17, 2017 letter to R.Ross, Dkt 91-2.  Therefore, this time entry consists of sending an email to Dr. Jouria for his comment on the discovery responses and an email to NetCE seeking a meet and confer.  This time entry should be reduced to 0.4 hours, a reduction of 0.5 hours, or a further dollar amount reduction of $225.00.

## III.  NETCE OFFERED TO PAY THE AMOUNT REQUESTED IN THE MOTION, WHICH WAS FILED AS A RUSH TO THE COURTHOUSE AS NETCE ALREADY OFFERED TO SUPPLEMENT ITS RESPONSES

As a result of the above two categories of reduction, the remaining fee award would be 7.4 hours, or $3,330.00.  This amount is just over twice the amount that Jouria's counsel requested in his motion, an amount that the exhibits to Jouria's present motion shows that NetCE offered to pay.  See August 28, 2017 email from Phil Rothschild to Richard Ross at the bottom of page 1 of Composite Exhibit 2 (Dkt. 124-1).  NetCE objects to an award of $3,330.00 and suggests it should be cut in half and then reduced to the original requested amount of $1,500.00 because NetCE had offered to supplement its discovery responses to cure the issue of general objections prior to the filing of the motion.

As documented in the correspondence attached to NetCE's opposition to Jouria's Motion to Compel, NetCE had offered to amend and fix the alleged deficiencies in its responses to requests for production prior to the filing of the motion to compel.  See Letters to Richard Ross dated July 12, 2017, July 17, 2017, and July 18, 2017, attached as exhibits and docketed at Dkt.

91-1, 91-2, and 91-3.  Thus, this general objection issue need not to have been the subject of a motion and counsel for Dr. Jouria should not be rewarded for rushing to burden the Court with a dispute counsel had essentially resolved through the meet and confer process.  By comparison, the parties had reached a genuine impasse regarding whether NetCe had sufficiently answered certain interrogatories, and an award of $1,500 in fees is appropriate to compensate Dr. Jouria for the fees reasonably incurred in bringing that portion of the motion.

## CONCLUSION

Dr. Jouria's Motion to Set Amount of Attorney's Fees should be granted in part, and only as to an award of $1,500.00, for all of the reasons listed above.

Dated: November 6, 2017

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Philip E. Rothschild*
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

*/s/ John P. Kern*
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Jessica E. Lanier, Esq. (pro hac vice)
Email: Jessica.Lanier@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC. d/b/a CME RESOURCES and NetCE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 6, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Philip E. Rothschild*
Philip E. Rothschild

## SERVICE LIST

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC MAIL SERVICE]**

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

#54198399_v3