UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)

CASE NO.:15-61165-CIV-DIMITROULEAS

DR. JASSIN JOURIA

    Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

    Third Party Defendant.
_____/

**PLAINTIFF'S REPLY TO NETCE'S OPPOSITION TO PLAINTIFF'S MOTION TO SET AMOUNT OF ATTORNEY'S FEES AWARDED TO PLAINTIFF**

COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully replies to the opposition, DE 139, of Defendant, CE Resource, Inc.'s d/b/a CME Resource and NetCE ("Defendant"), to set the amount of attorney's fees awarded to him as a discovery sanction against Defendant. *See* DE 97 ("Order"). The primary argument the Defendant makes in its opposition is based upon an incorrect assertion that the court did not order Defendant to label its more than 35,000 documents dumped on Plaintiff during production in a manner that was usable to him. A minor point of contention is also based upon the Defendant's misunderstanding of Plaintiff's time entry dated July 6, 2017 of 0.9 hours for reviewing interrogatory responses.

The Order granted Plaintiff's motion to compel, in part, and deferred only on the

remaining issue of labeling produced documents based upon the "usual course of business" for purposes of Rule 34. *Id.* ¶3. The Order did not deny the motion at all. Subsequently, after the parties briefed the court on the "usual course of business" issue, the court entered a second order on the motion to compel. *See* DE 128. The court recognized that produced documents must be usable to the requesting party. The court then ordered Defendant to make its production usable to Plaintiff, by re-producing the copied and scanned 11,000 pages either as they were kept, or by labeling them to correspond to Plaintiff's specific request. The latter was exactly the relief Plaintiff sought in his motion to compel. The court further ordered Defendant to produce an index of ESI documents in Excel format, so that the production could be usable to Plaintiff. Again, this mimics the relief Plaintiff sought in asking that documents be labeled to correspond with the specific requests. All that Plaintiff wanted was a means to identify documents without going through them one document at a time. This is the relief ordered by the court in DE 128. Accordingly, the Plaintiff prevailed on the deferred issue of "usual course of business," and thus obtained complete relief sought by his motion.

Moreover, Defendant should not be heard to complain about Plaintiff's time spent on the labeling/usual course of business briefing. Plaintiff offered to resolve the attorney's fee amount with the Defendant prior to expending time on the deferred labeling matter. *See* 124-1, pp. 7-8.[1] However, the Defendant refused to label its production voluntarily to make it usable, and the parties proceeded to brief the court on the issue.

Finally, Defendant's contention that 0.9 hours to review formal interrogatory responses on July 6, 2017 is too high is based upon the erroneous belief that Plaintiff was required

---

[1] When Plaintiff only had 9.3 hours into the motion to compel.

to review thousands of documents first prior to filing his motion to compel. The time entry is directed to a review of the interrogatory response itself, including Defendant's baseless and noncompliant general and specific objections. *See* DE 77. It is not directed to document review. Further, had Plaintiff reviewed the thousands of produced documents, document by document as he would have had to do without any labeling or index, prior to filing the motion as Defendant suggests, the time spent would have been astronomically higher than 0.9 hours.

The motion to compel was the product of Defendant's improper discovery responses and objections, and failure to adhere to Rule 34, Fed.R.Civ.P., coupled with its refusal to amend those responses upon the meet and confer. Only after the motion was filed, and after being directed by the court, did Defendant serve compliant responses. Plaintiff prevailed *in toto* on his motion. He attempted to mitigate the attorney's fee amount with the Defendant, but the Defendant rejected that attempt. Plaintiff accordingly seeks the attorney's fee amount he requested in the motion, specifically, $8,100.00.

Respectfully submitted,

/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

## **CERTIFICATE OF SERVICE**

        I HEREBY CERTIFY that on November 8, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                      s/Richard S. Ross
                                                      Richard S. Ross, Esq.

SERVICE LIST
Dr. Jassin Jouria v. CE Resource, et al.
Case No.: 15-61165-CIV-DIMITROULEAS
United States District Court, Southern District of Florida
(Ft. Lauderdale Division)

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*


J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*