# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA

        Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

        Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC. and ALPINE
MANAGEMENT SERVICES III, LLC,

        Third Party Defendants.

_____/

**CE RESOURCE, INC. d/b/a CME RESOURCE and NETCE's**
**MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MEMORANDUM IN**
**SUPPORT**

CE Resource, Inc. d/b/a/ CME Resource and NetCE ("NetCE") asks this Court to compel Elite Continuing Education, Inc. ("Elite") to produce documents responsive to a select few, discrete requests. NetCE's ability to seek information germane to the claims at issue and to the underlying conflict between the parties is broad, and Elite can proffer no support for refusing to produce documents responsive to requests that seek information bearing directly on damages and the timing of Elite's infringing and tortious behavior.

## **FACTS AND ANALYSIS**

On October 5, 2017, Elite served its written objections and responses to NetCE's First Requests for Production of Documents (attached hereto as **Exhibit A** to the Declaration of John Kern ("Kern Decl.")). Elite indicated it was not producing all responsive documents to the following Requests:

- RFP 26, which seeks: "All Documents sufficient to Identify all accreditations You have for providing continuing education services."

    o Elite replied: "…Elite will produce documents evidencing its status as an accredited provider of continuing nursing education by the American Nurses Credentialing Center's Commission on Accreditation."

- RFP 61 , which seeks: "All Documents reflecting, referring, or related to any attempts You made, successful or otherwise, to receive accreditation from any entity for continuing education services."

    o Elite replied: "…Elite will produce documents evidencing its status as an accredited provider of continuing nursing education by the America Nurses Credentialing Center's Commission on Accreditation."

- RFP 62, which seeks: "All Communications reflecting, referring, or related to any attempts You made, successful or otherwise, to receive accreditation from any entity for continuing education services."

    o Elite replied: "…Elite will produce documents evidencing its status as an accredited provider of continuing nursing education by the America Nurses Credentialing Center's Commission on Accreditation."

- RFP 42, which seeks: "All Documents reflecting, referring, or relating to the manner in which the Infringing Courses were marketed, sold, and/or distributed including without limitation catalogs, advertisements, selling of courses individually, and selling of courses in bundles.

1

#54363159_v2

- o   Elite replied: "…Elite will produce exemplary documents showing the manner in which it markets, sells, and distributes, courses."

- RFP 50, which seeks: "All Documents reflecting, referring, or relating to Your methods, strategies, and/or materials for grading courses completed by customers."

  - o   Elite did not agree to produce responsive documents.

- RFP 51, which seeks: "All Documents reflecting, referring, or relating to Your methods, strategies, and/or materials for collecting fees for all courses You offer for sale."

  - o   Elite did not agree to produce responsive documents.

**Discovery Conference**

On November 1, 2017, counsel for NetCE emailed counsel for Elite and pointed out several of Elite's written requests for production were deficient and offered to meet-and-confer regarding these issues. (Email attached as **Exhibit B** to Kern Decl.) Counsel for Elite responded on November 2, 2017, and set up a meet-and-confer call for the following day, November 3, 2017. *Id.* The parties met-and-conferred telephonically regarding the issues on November 3, as scheduled, and were able to resolve many of these issues. With respect to Elite's responses to Requests for Production 26, 50, 51, 61, and 62, the parties reached an impasse. (The parties did not discuss Request for Production 42 as Elite had not completed its production of documents and NetCE therefore was as yet unaware of a deficiency of production.) Kern Decl. at ¶ 6.

**Elite's Productions**

NetCE and Elite have engaged in rolling production of responsive documents. Elite's first production occurred on October 5, 2017; its second on October 27, 2017, and its third and fourth on November 7, 2017, and November 14, 2017. Elite has now affirmed (barring unforeseen developments) that the production it served on November 14, 2017, at 4:30 p.m. PST is its last production of documents responsive to NetCE's Requests. Until November 15, 2017, when NetCE was able to load the new batch of documents into its Relativity database for NetCE's review and NetCE had the opportunity to review those documents, NetCE lacked sufficient information to vet the completeness of the body of Elite-produced documents. Kern Decl. at ¶¶ 7, 8.

2

#54363159_v2

**Requests 21, 61, and 62**

With respect to Requests seeking information about Elite's accreditation (26, 61, 62), NetCE explained to Elite during the meet-and-confer that, based on its understanding of the accreditation process, it believed Elite may have submitted the infringing courses at issue in this lawsuit to, at least, the America Nurses Credentialing Center's Commission on Accreditation ("ANCC"). NetCE further explained that Elite's submission of such materials to ANCC or, frankly, any other accrediting body, had direct bearing on damages. Accreditation by the ANCC expands the market for Elite's course offerings exponentially. If Elite accessed those customers through submission of any of NetCE's intellectual property to any accrediting body, NetCE's lost profits calculation takes on a far more formidable scope.

Elite said that it had not used any of the infringing courses in its application to ANCC, that its 30(b)(6) witness would testify as much, and NetCE insisted that Elite produce responsive documents so that NetCE could verify these claims. Elite suggested, in the meet-and-confer call, that the parties revisit the issue following the conclusion of Elite's production and the deposition of Elite's 30(b)(6) witness, which at the time was scheduled, by agreement of the parties, for November 17, 2017, and which now has been rescheduled but will be conducted within the next several weeks. Kern Decl. at ¶¶ 9,10.[1]

In subsequent communications, the last of which was November 14, 2017 (**Exhibit C** to Kern Decl.), it became clear that Elite would not agree to supplement its production of documents responsive to these Requests—regardless of the testimony of its 30(b)(6) witness. NetCE, of course, is entitled to the production of documents likely to lead to the discovery of admissible evidence regarding the scope of harm to NetCE as a result of Elite's actions. *See Adelman v. Boy Scouts of America*, 276 F.R.D. 681, 688 (Rule 26(b) permits party to obtain discovery of "any matter, not privileged, that is relevant to the claim or defense of any party.").

---

[1] On November 14, 2017, NetCE and Elite agreed to reschedule this deposition, as Elite had only that day produced its final set of documents.

Due to this, and due to the fact that today, November 15, 2017, is the current technical end of fact discovery and NetCE and Elite are rescheduling Elite's 30(b)(6) witness deposition because of the timing of Elite's fourth production, NetCE moves to compel the production of documents responsive to Requests 21, 61, and 62.

**Requests 50 and 51**

These Requests seek information germane to the calculation of damages and an understanding of the breadth of the infringement. Information regarding the manner in which Elite grades or offers credit for its courses, for example, will illustrate whether Elite continued to give credit (and, perhaps, accept payment for) the infringing courses—particularly after Elite received NetCE's cease and desist letter in early 2015. Information regarding the manner in which Elite collects fees, for instance, will show whether Elite was collecting revenue for the infringing courses after it claimed to have disabled the links to the infringing courses on its website. This information is plainly necessary to a calculation of damages. *Donohay v. Palm Beach Tours & Transportation, Inc.*, 242 F.R.D. 685, 687 (S.D. Fla. 2007) ("Information is relevant if it is germane, conceivably helpful to plaintiff or reasonably calculated to lead to admissible evidence. Thus…relevant discovery under Rule 26 is not limited to the issues raised by the pleadings because discovery itself is designed to help define and clarify the issues.") (citations omitted). *See Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, No. 01-0392, 2001 WL 34079319, *2 (S.D. Fla. Nov. 1, 2001) ("[d]iscovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the subject matter of the action").

During the November 3 meet-and-confer, Elite and NetCE agreed to revisit this issue following the deposition of Elite's 30(b)(6) witness. As described above, however, NetCE does not wish to prejudice any relief it seeks from this Court regarding documents responsive to these Requests by waiting for the rescheduling of Elite's 30(b)(6) deposition (again, rescheduled by agreement of the parties due to the timing of Elite's fourth production of documents). Accordingly, NetCE asks this Court to compel the production of documents responsive to Requests 50 and 51.

**Request 42**

In response to this Request, Elite produced only a handful of documents exemplifying its course catalogs and examples of mailers to individual customers to remind them of licensure expiration dates. This production is deficient: it does not include every course catalog including the infringing courses, which is plainly captured by this Request. The production of materials responsive to this Request, of course, is critical to NetCE's understanding of the breadth of infringement (illustrating which states received these infringing materials) and to its calculation of damages (were infringing courses sold as marquis features or as add-ons to more prominent courses, did course catalogs feature courses of varying credit length—which affects the way profits from each booklet are apportioned and calculated, etc.).

On November 14, 2017, counsel for Elite emailed NetCE and stated that "only one accused course was published in one booklet in one state, one time, but I am confirming." (Attached to Kern Decl. as **Exhibit C**.) As of this writing, NetCE has not received such confirmation and, as NetCE and Elite are still working to schedule Elite's 30(b)(6) deposition, which, by agreement of the parties will fall outside the current deadline for fact discovery, NetCE seeks to preserve its rights with respect to documents responsive to this Request. *See, e.g., Adelman*, 276 F.R.D. at 688.

## CONCLUSION

For the reasons set forth above, NetCE respectfully requests that this Court (i) order Elite to produce documents responsive to Requests for Production 21, 42, 50, 51, 61, and 62; (ii) and order Elite to pay NetCE the costs and attorneys' fees associated with bringing this motion.

### CERTIFICATE OF COUNSEL PER L.R. 7.1(a)(3) and DE 77

Counsel for NetCE Jessica Lanier and John Kern met-and-conferred telephonically with counsel for Elite Kate Cole and Mark Wilson on November 3 and exchanged multiple subsequent communications regarding these issues as detailed above.

Dated: November 15, 2017

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Philip E. Rothschild*
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

*/s/ John P. Kern*
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Jessica E. Lanier, Esq. (pro hac vice)
Email: Jessica.Lanier@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC.
d/b/a CME RESOURCES and
NetCE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 15, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Philip E. Rothschild*
Philip E. Rothschild

## SERVICE LIST

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC MAIL SERVICE]**

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(Attorneys for Elite Continuing Education, Inc
**[VIA ELECTRONIC MAIL SERVICE]**