**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 0:15-cv-61165-WPD**

DR. JASSIN JOURIA

        Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

        Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC. and ALPINE
MANAGEMENT SERVICES III, LLC,

        Third Party Defendants.

_____/

**DECLARATION OF JOHN P. KERN IN SUPPORT OF
NETCE'S MOTION TO COMPEL DOCUMENTS FROM ELITE CONTINUING
EDUCATION LLC**

I, John Kern, declare as follows:

1. I am a partner with the law firm of Holland & Knight LLP, and I am duly licensed to practice law in the state of California. I am also admitted *pro hac vice* in the United States District Court for the Southern District of Florida in the above-captioned case. I am one of the attorneys representing defendant CE Resource, Inc. d/b/a CME Resource and NetCE (hereafter, "NetCE").

2. I have personal knowledge of the circumstances described below and, if so called, can testify under oath regarding these events.

3. Attached as **Exhibit A** to this Declaration is a true and correct copy of Elite Continuing Education, Inc.'s Objections and Responses to NetCE's First Requests for Production of Documents.

4. Attached as **Exhibit B** to this Declaration is a true and correct copy of an email exchange between counsel for Elite, my colleague Jessica Lanier, and me dated November 1 and 2, 2017.

5. Attached as **Exhibit C** to this Declaration is a true and correct copy of email exchanges between counsel for Elite, my colleague Jessica Lanier, and me, from November 11 to November 14, 2017.

6. The parties met-and-conferred telephonically regarding the issues on November 3, as scheduled. With respect to Elite's responses to Requests for Production 26, 50, 51, 61, and 62, the parties reached an impasse. (The parties did not discuss Request for Production 42 as

Elite had not completed its production of documents and NetCE therefore was as yet unaware of a deficiency of production.)

7. NetCE and Elite have engaged in rolling production of responsive documents. Elite's first production occurred on October 5, 2017; its second on October 27, 2017, and its third and fourth on November 7, 2017, and November 14, 2017.

8. Elite has now affirmed (barring unforeseen developments) that the production it served on November 14, 2017, at 4:30 p.m. PST is its last production of documents responsive to NetCE's Requests. Until November 15, 2017, when NetCE was able to load the new batch of documents into Relativity for NetCE's review and NetCE had the opportunity to review those documents, NetCE lacked sufficient information to vet the completeness of the body of Elite-produced documents.

9. With respect to Requests seeking information about Elite's accreditation (26, 61, 62), NetCE explained to Elite during the meet-and-confer that, based on its understanding of the accreditation process, it believed Elite may have submitted the infringing courses at issue in this lawsuit to, at least, the America Nurses Credentialing Center's Commission on Accreditation ("ANCC"). NetCE further explained that Elite's submission of such materials to ANCC or, frankly, any other accrediting body, had direct bearing on damages. Accreditation by the ANCC expands the market for Elite's course offerings exponentially. If Elite accessed those customers through submission of any of NetCE's intellectual property to any accrediting body, NetCE's lost profits calculation takes on a far more formidable scope.

10. Elite said that it had not used any of the infringing courses in its application to ANCC, that its 30(b)(6) witness would testify as much, and NetCE insisted that Elite produce

#54368979_v1

3

responsive documents so that NetCE could verify these claims. Elite suggested, in the meet-and-confer call, that the parties revisit the issue following the conclusion of Elite's production and the deposition of Elite's 30(b)(6) witness, which at the time was scheduled, by agreement of the parties, for November 17, 2017.

    I declare under penalty of perjury and the laws of the United States and Florida that the foregoing is true and correct.

Dated this 15th day of November, 2017

                                                        By: _/s/ John Kern_____
                                                            John Kern