UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)

CASE NO.:15-61165-CIV-DIMITROULEAS

DR. JASSIN JOURIA

    Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

    Third Party Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT NETCE'S MOTION FOR EXTENSION OF TIME TO COMPLETE LIMITED THIRD PARTY DISCOVERY**

COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully responds in opposition to Defendant's, CE Resource, Inc.'s d/b/a CME Resource and NetCE ("Defendant"), motion for extension of time to complete limited third party discovery, DE 142. Not only does the motion fail to establish good cause, it is replete with false representations of fact and this court's ruling regarding the lack of relevance of the documents sought from the non-party Education Commission for Foreign Medical Graduate's ("ECFMG"). In addition, Plaintiff attaches the non-party subpoenas, Exhibit 1, which Defendant failed to present to the court, and about which Defendant notified Plaintiff on November 15, 2017, the last day of discovery. *See* DE 76. On November 16, 2017, counsel for Plaintiff e mailed counsel for Defendant to set up a meet and confer

regarding Plaintiff's impending motion to quash and for protective order, and is awaiting to hear back regarding available dates and times. The subpoenas violate Fed.R.Civ.P. 45(c), and are required to be quashed or modified. For this reason alone, the pending motion should be denied.

On November 9, 2017, U.S. Magistrate Judge Snow heard three motions to compel filed by Defendant regarding, in relevant part, information on Plaintiff's certification from the ECFMG as a medical foreign medical school graduate. One motion sought an order compelling Plaintiff to produce, as Request No. 28, the following documents: All Documents reflecting, referring to, or related to Your conflict with the Education Commission for Foreign Medical Graduates. These are the same documents Defendant is now seeking from ECFMG in its subpoena.

The other motions were directed to the same information, but in the form of interrogatories, and as a result of Plaintiff's refusal to respond to similar questions at his deposition held on September 28, 2017. Plaintiff timely objected to all three attempts by Defendant to obtain the requested information on the basis that the information and documents were not relevant to the claims or defenses alleged in the pleading under Fed.R.Civ.P. 26(b)(1). Despite the objections, Plaintiff did produce to Defendant his valid and subsisting certificate issued by the ECFMG, and informed Defendant that he is so certified by that entity.

Magistrate Judge Snow issued her oral ruling after hearing argument on the motions. She agreed that Plaintiff's foreign medical certificate was not relevant to the claims or defenses raised in the pleadings. She denied all of the Defendant's motions on this issue for lack of relevance, but admonished the Plaintiff that he should not have refused to answer the question at his deposition. Accordingly, the Defendant's representation to the court in its motion that Judge Snow concluded that "the relevance objection at the deposition was not valid," motion, p.2, is absolutely false. Judge

Snow agreed the ECFMG matter was irrelevant, and denied Defendant's motion to continue the deposition of Plaintiff to make inquiry into the ECFMG certification issue. Defendant's attempt to seek indirectly from ECFMG the same information the court ordered it could not get from the Plaintiff himself is an extreme violation of the court's order. The Defendant has already been sanctioned by this court for discovery abuses, *see*, DE 97, and this attempt is further evidence of the vexatiousness to which Defendant will go to embarrass and harass the Plaintiff.

Further, the court should deny the motion as untimely. *See* L.R. 26.1(d). The subpoenas were issued on November 15, 2017. They require compliance after discovery cutoff on November 30, 2017. Plaintiff is entitled to automatic protection from the discovery attempt without the need for filing a motion for protective order. *Id*. The Defendant should have first sought an extension before issuing the subpoenas.

Another untimeliness ground to deny the motion is due to the Defendant's delay. Defendant was aware that Plaintiff objected to discovery on the ECFMG matter as early as August 9, 2017 when it served its objections to Defendant's written discovery on the issue. The Defendant was not diligent in waiting to file its motion with the court until the last day of discovery, when it was aware three months earlier that Plaintiff contested the discovery requests.

Additionally, the Defendant's assertion that the ECFMG matter "has been the subject of deposition questions by all three parties," motion, p.3, including Plaintiff, is another false representation to the court. Plaintiff has never deposed any person in this action and made the ECFMG certification an area of inquiry.[1]

---

[1] Plaintiff challenges Defendant to present to the court any transcript that it might have showing Plaintiff inquired of the ECFMG matter at any deposition.

Moreover, the motion seeks an extension of time for non-party subpoenas that are subject to being quashed or modified. Exhibit 1 shows that the document subpoenas have been issued by this court in the Southern District of Florida. They recite the location for production to be in Fort Lauderdale, Florida. The ECFMG non-party is identified in Exhibit 1 as having a location at 3624 Market Street, Philadelphia, PA where compliance must take place.

Fed.R.Civ.P. 45(c)(2)(A) provides that a subpoena may command "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person...." Plaintiff requests the court to take judicial notice that ECFMG's location in Philadelphia, Pennsylvania is more than 100 miles from Fort Lauderdale, Florida. Thus the subpoena is facially geographically defective. Because the subpoena violates Rule 45(c)(2)(A), the court where compliance is required, the Eastern District of Pennsylvania, must quash or modify it on a timely motion. *See* Fed.R.Civ.P. 45(d)(3)(ii). *See also In re: Enforcement of Subpoena to Produce Documents in a Civil Action Served Upon K.M.A. Sunbelt Trading Co.*, Case No.: 8:17-mc-55-30AAS, *2 (M.D. Fla June 13, 2017).

To the extent the court is inclined to grant the extension, Plaintiff requests that it condition such an order on Defendant not serving the subpoena until such time as Plaintiff has had its timely motion to quash heard before the Eastern District of Pennsylvania. If the subpoena has already been served, the Plaintiff requests that the court order the Defendant to inform ECFMG that it is not required to comply until Plaintiff has had an opportunity to meet and confer with Defendant and the court in the Eastern District of Pennsylvania has ruled on Plaintiff's timely filed motion to quash and/or for other appropriate relief. Further, to the extent ECFMG produces documents in response to the subpoena, the Plaintiff moreover requests that Defendant be ordered to refrain from

reviewing them.

Finally, Defendant's certification of compliance with L.R. 7.1(a)(3) contains another factual misrepresentation made by Defendant. At no time did counsel for Defendant, John Kern, confer with counsel for Plaintiff about an extension of time to serve a Rule 45 subpoena on ECFMG. Mr. Kern did generally seek an extension of time on November 14, 2017, to attend to "rule 45 subpoenas floating around," *see* Exhibit 2, but he did not identify ECFMG as the Rule 45 recipient; nor could he on November 14, 2017 as the ECFMG subpoena was not issued until November 15, 2017.

WHEREFORE, Plaintiff respectfully requests this court deny the motion. It is based upon Defendant's attempt to have this court reverse its prior ruling that the documents sought from ECFMG are irrelevant, and it is otherwise untimely. The motion is fraught with factual misrepresentations, and is contingent upon a facially defective subpoena. Plaintiff accordingly and respectfully asks the court to deny the motion, and direct Defendant not to pursue the subpoenaed documents as outlined above.

Respectfully submitted,

/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

## **CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that on November 16, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                              s/Richard S. Ross
                                              Richard S. Ross, Esq.

**SERVICE LIST**
Dr. Jassin Jouria v. CE Resource, et al.
Case No.: 15-61165-CIV-DIMITROULEAS
United States District Court, Southern District of Florida
(Ft. Lauderdale Division)

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*


J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*