UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61165-CIV-DIMITROULEAS/Snow

JASSIN JOURIA,

    Plaintiff/Counter Defendant,

v.

CE RESOURCE, INC., d/b/a CME Resource and
NetCE,

    Defendant/Counter Claimant/Third Party Plaintiff,

v.

ALPINE MANAGEMENT SERVICES III, LLC, and
ELITE CONTINUING EDUCATION, INC.,

    Third Party Defendants.
_____/

## OMNIBUS ORDER

THIS CAUSE is before the Court on CE Resources, Inc.'s Motion to Compel Responses to Request for Production of Documents (ECF No. 100); CE Resources, Inc.'s Motion to Compel Responsive Answers to Interrogatories (ECF No. 101); and CE Resources, Inc.'s Motion to Compel Deposition Testimony (ECF No. 129) which were referred to Lurana S. Snow, United States Magistrate Judge. The motions are ripe for consideration and a hearing was held before the undersigned on November 9, 2017. This Order memorializes the Court's ruling from the bench.

On June 2, 2015, Plaintiff Jassin Jouria, filed this action for declaratory judgment of non-infringement of alleged copyrights against NetCE, a California corporation for which Dr. Jouria provided medical research and writing services pursuant to contract. NetCE threatened litigation when Dr. Jouria utilized the same research to prepare new articles which he sold to a third party. (ECF No. 1) On October 6, 2015, NetCE filed its counterclaim alleging copyright infringement, breach of contract, and unfair business practices under California law. (ECF No. 10) On the same date, NetCE moved to dismiss the complaint and transfer venue to the Eastern District of California.

(ECF No. 11)  On October 23, 2015, Dr. Jouria notified the Court that he had filed for bankruptcy protection, and on October 26, 2015, the Court stayed this action. (ECF Nos. 17, 18)  The stay was lifted on June 15, 2016, after Dr. Jouria notified the Court that his bankruptcy petition had been dismissed. (ECF Nos. 24, 25).

On October 21, 2016, NetCE, with leave of court, filed an amended answer, counterclaim and its third party complaint against Alpine Management Services and Elite Continuing Education. (ECF No. 36)  Both third party defendants moved to dismiss. (ECF Nos. 41, 43).  On January 11, 2017, the Court again stayed the case owing to Dr. Jouria's second bankruptcy filing. Ultimately, on April 21, 2017, the bankruptcy stay was lifted, and on the same date, NetCE voluntarily dismissed its third party complaint against Alpine Management Services. (ECF Nos. 63, 64)

NetCE's third party complaint against Elite Continuing Education for copyright infringment, tortious interference with contractual relations, and misappropriation of trade secrets remains pending.  NetCE alleges that Dr. Jouria published articles with Elite, a competitor, that he was under contract to prepare for NetCE.  NetCE's also alleges that after it entered into Freelance Writer Agreements with Dr. Jouria it discovered that Dr. Jouria was involved in a lawsuit with the Education Commission for Foreign Medical Graduates, which revealed that Dr. Jouria submitted false letters of recommendation with his application to them.  The counterclaim also points to other red flags, concerning Dr. Jouria's credentials, including the representation on his resume that he attended medical school at Ross University in New Jersey, actually an off-shore medical school in the Dominican Republic, and that although he has a medical degree, he has not completed medical residency in the U.S.

**A. NetCE's Motion to Compel Responses to Request for Production of Documents**

First, NetCE moves to compel the production of financial records responsive to Requests 26, 27, and 37, and documents concerning Dr. Jouria's dispute with the ECFMG which are

responsive to Request 28. Because Requests 26. 27 and 37 are overbroad as framed and lack relevance to the claims and defenses in this case, Dr. Jouria's objections are sustained. Additionally, Dr. Jouria's counsel represented to the Court that, despite his objection, Dr. Jouria is not withholding any documents responsive to Request 26. Dr. Jouria is bound by that representation. After hearing the argument of counsel, the Court agrees with Dr. Jouria that documents concerning his dispute with the ECFMG are not relevant to the claims and defenses in this case and his objection to producing them in connection with Request 28 is sustained.

NetCE also requests an order compelling Dr. Jouria: 1) to produce documents he objected to producing on the basis that NetCE already has them (Requests 1, 3, 5-7. 16, 19, 29 and 30);  2) to clarify whether he is withholding documents based upon asserted objections (Requests 21, 26, 30 and 35); and  3) to produce documents in the agreed upon format.

Counsel for Dr. Jouria represented to the Court that Dr. Jouria has produced documents responsive to Requests 1 and 3, and has produced everything that he has that is responsive to Requests 5-7, and 19. Counsel for Dr. Jouria referred NetCE to documents in the record which are responsive to Request 30. He also agreed to produce documents responsive to Requests 1, 3. 5-7. 19, 30 and 35 with all metadata, as specified by NetCE. Dr. Jouria shall produce documents responsive to Requests 16 and 19, regardless of whether he believes NetCE already has them because NetCE is entitled to know whether the parties are relying on the same version of the documents. Finally, counsel for Dr. Jouria represented that Dr. Jouria is not withholding documents responsive to Requests 21 and 26. Dr. Jouria is bound by that representation.

**B. NetCE's Motion to Compel Responsive Answers to Interrogatories**

NetCE requests an order compelling Dr. Jouria to supplement his answers to Interrogatories 1, 2, 3, 4, 6, 7, 8, 10, 11, 12, 13, 14, 17 and 18. According to NetCE, Dr. Jouria's answers to 1, 2, 3, 4, 8, and 10 are conclusory; he improperly uses the passive voice in his answers to 4, 9, 10, 11 and 12; and his answer to 13 is not specific enough, and his answer to 14 is

incomplete. NetCE requests an order overruling Dr. Jouria's objection to providing financial information in response to 17 and 18.

After hearing the argument of counsel, the Court agrees with Dr. Jouria that his answers to Interrogatories 1, 2, 3, 4, 6, 7 and 8 are sufficient. With respect to Interrogatories 4, 9. 10, 11, and 12, counsel for Dr. Jouria shall verify that Dr. Jouria intended to refer only to himself as the actor in his answers. If others were involved, he shall amend his answers to specify who was involved. As for Interrogatory 13, Dr. Jouria shall supplement his answer to provide exact dates, if available, or state that he cannot be more specific. Counsel for Dr. Jouria represented to the Court that the response to Interrogatory 14 is complete and Dr. Jouria is bound by that representation. The Court's prior ruling with respect to financial information applies to Interrogatories 17 and 18, and Dr. Jouria need not provide anything further with respect to these.

**C. Net CE's Motion to Compel Deposition Testimony**

This motion concerns Dr. Jouria's refusal to answer questions, on relevance grounds, during deposition regarding his dispute with the ECFMG. Because the Court agrees with Dr. Jouria that these matters are not relevant to the claims and defenses asserted in this case, it will not require the deposition to be re-opened. However, Dr. Jouria is cautioned that he must answer deposition questions even if he believes they lack relevance.

Being fully advised, it is hereby

ORDERED AND ADJUDGED as follows:

1. NetCE's Motion to Compel Production of Documents (ECF No. 100) is GRANTED, in part, as follows:

   a. Dr. Jouria shall produce documents responsive to Requests 1, 3. 5-7. 19, 30 and 35 with all metadata, as specified by NetCE; and

   b. Dr. Jouria shall produce documents responsive to Requests 16 and 19.

2. NetCE's Motion to Compel Better Responses to Interrogatories (ECF No. 101) is GRANTED, in part, as follows:

    a. Dr. Jouria shall verify that he intended to refer only to himself as the actor in his answers to Interrogatories 4, 9, 10, 11, and 12. If others were involved, he shall amend his answers to specify who else was involved, and.

    b. Dr. Jouria shall supplement his answer to Interrogatory 13 to provide exact dates, if available, or state that he cannot be more specific.

3. NetCE's Motion to Compel Deposition Testimony (ECF No. 129) is DENIED.

DONE AND ORDERED at Fort Lauderdale, Florida, this 16th day of November, 2017.

                                                LURANA S. SNOW
                                                UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record and Pro Se Parties