**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

DR. JASSIN JOURIA

    Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

    Third Party Defendant.
_____/

**PLAINTIFF'S DISCOVERY MOTION FOR A PROTECTIVE ORDER FORBIDDING
DEFENDANT FROM OBTAINING DOCUMENTS FROM NON-PARTY
EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES UNDER
RULE 45**

COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully moves this court for a protective order against Defendant, CE Resource, Inc.'s d/b/a CME Resource and NetCE ("Defendant"), forbidding it from obtaining any documents from the Educational Commission for Foreign Medical Graduates ("ECFMG"). Fed.R.Civ.P. 26(c)(1). Defendant has issued a Rule 45 records' subpoena to the ECFMG dated November 15, 2017, with a return date of November 30, 2017. *See* Exhibit 1. Because the documents are the same as those Defendant sought to obtain directly from Plaintiff, and which this court ruled are not subject to discovery because they are not relevant to the parties' claims or defenses under Fed.R.Civ.P. 26(b)(1), *see* DE 145

("Omnibus Order"), Plaintiff is entitled to a protective order to prevent him from Defendant's annoyance, embarrassment, undue burden and expense arising from the subpoena. Fed.R.Civ.P. 26(c)(1). Plaintiff also seeks an award of expenses as sanctions against the Defendant and/or its counsel for its willful disregard of the Omnibus Order. Fed.R.Civ.P. 26(c)(3).

**FACTUAL BACKGROUND**

On November 9, 2017, this court heard arguments from the parties on Defendant's motion to compel responses to request for production of documents, DE 100; motion to compel responsive answers to interrogatories, DE 101; and motion to compel the continued deposition testimony of Plaintiff, DE 129. All of these motions sought, in whole or in part, information and documents from Plaintiff related to his ECFMG certification as a foreign medical graduate. Upon the conclusion of arguments presented at the hearing, the court orally pronounced that Defendant was not entitled to any ECFMG discovery, because, in part, it was not relevant to the claims or defenses of the parties. *See generally* Omnibus Order, DE 145.

Despite the court's oral pronouncement on Defendant's discovery motions, Defendant served Plaintiff with notice of its intent to serve the ECFMG through a Rule 45 subpoena on November 15, 2017, to discover the very same documents[1] which this court ordered that Defendant was not entitled to obtain from the Plaintiff. Also on November 15, 2017, Defendant filed a motion for extension of discovery, DE 142, which ended on November 15, 2017, *see* DE 76, to November 30, 2017, the return date of the ECFMG subpoena, for the limited purpose of serving

---

[1] "All records related to Dr. Jassin Jouria's submission of materials to the Education Commission for Foreign Medical Graduates ("ECFMG), including records regarding the conflict between the ECFMG and Dr. Jouria regarding his submitted letters of recommendation." *See* Exhibit 1.

the subpoena. Plaintiff filed a response in opposition to that motion on November 16, 2017. DE 144. This court's Omnibus Order was entered on November 16, 2017. By order also dated November 16, 2017, but entered on November 17, 2017, DE 147, the court granted Defendant's extension of time and deemed the ECFMG subpoena timely. That order, DE 147, made no mention of Plaintiff's opposition to the motion, DE 144, or this court's Omnibus Order.

**LEGAL ARGUMENT**

The Court, upon a showing of "good cause," may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). Among other things, a protective order may prohibit requested discovery. *See* Fed. R. Civ. P. 26(c)(1)(A). In evaluating whether a party has shown good cause, the Court must "balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the [discovery]." *Barrata v. Homeland Housewares, LLC*, 242 F.R.D. 641, 642 (S.D. Fla. 2007) (citing *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)). Generally, the moving party "must make a specific demonstration of facts in support of the request" and of "the harm which will be suffered without" a protective order. *Dunford v. Rolly Marine Serv. Co.*, 233 F.R.D. 635, 636 (S.D. Fla. 2005).

Moreover, parties may obtain materials that are within the scope of discovery, meaning they are nonprivileged, and relevant to any party's claim or defense. Fed.R.Civ.P. 26(b)(1). It is not uncommon for courts in this circuit to issue a protective order for discovery that is not relevant to a party's claims or defenses in connection with third party subpoenas. *See Scott v. Eglin Fed. Credit Union*, Case No. 3:16-cv-719-RV-GRJ, *8 (N.D. Fla. April 13, 2017)(disciplinary proceedings not relevant to case - information purporting to show bad character impermissible

reason for acquiring information); *Connectus LLC v. Ampush Media, Inc.*, Case No: 8:16-mc-00159-VMC-JSS, *3 (M.D. Fla. January 27, 2017); *Crespo v. Home Depot U.S.A., Inc.*, Case No. 16-60086-CIV-COHN/SELTZER, *7 (S.D. Fla. July 15, 2016); *Auto-Owners Ins. Co. v. Southeast Floating Dock, Inc.*, 231 F.R.D. 426, 429-30 (M.D. Fla. 2005)(a court may grant a protective order for subpoena requesting irrelevant information).

Defendant cannot show an interest in obtaining the third party ECFMG discovery because this court has previously determined that it is not relevant to this proceeding. In fact, Defendant's conduct in issuing the ECFMG subpoena despite the court's ruling on the relevancy of the ECFMG information constitutes a willful disregard of the Omnibus Order. Despite the court's oral pronouncement, the Defendant sought from ECFMG the same ECFMG information through Rule 45 that it was forbidden from discovering just six (6) days earlier. What the Defendant is attempting to do through the subpoena is to subvert willfully this court's rulings contained in the Omnibus Order.[2]

The annoyance to Plaintiff, and Defendant's attempt to embarrass him through his prior ECFMG conflict, are obvious. What is worse though is the burden and expense Plaintiff will need to undertake in order to keep the Defendant from obtaining irrelevant and embarrassing information. Aside from this motion, if not granted in time to prevent the third party disclosure, Plaintiff will have to move to quash the subpoena in the court of compliance, the United States District Court for the Eastern District of Pennsylvania. *See* Fed.R.Civ.P. 45(d)(3)(A).

Accordingly, Plaintiff respectfully moves for a protective order as follows: (1) an

---

[2] The court previously sanctioned Defendant for its earlier disregard of another of the court's discovery orders. *See* DE 97.

order directing Defendant not to serve the subpoena on ECFMG; (2) if the subpoena has been served, an order compelling Defendant to inform ECFMG in writing, with a copy to Plaintiff, that it need not respond to it; (3) if ECFMG has already responded to the subpoena, an order prohibiting Defendant from reviewing the information produced by ECFMG and requiring Defendant to forward the produced information, as received and unopened, to Plaintiff; (4) and if the Defendant has already received and reviewed the information from ECFMG, an order prohibiting any further dissemination of it to anyone, including by counsel for Defendant to any of the Defendant's co-counsel.  Moreover, because the Defendant has egregiously disregarded the court's Omnibus Order prohibiting it from discovering the ECFMG information, Plaintiff requests expedited relief to prevent the Rule 45 discovery from going forward.  Finally, Plaintiff moves for sanctions in the form of expenses necessitated in filing and prosecuting this motion, including a reasonable attorney's fee.  Fed.R.Civ.P. 26(c)(3) and 37(a)(5).

## **CONCLUSION**

WHEREFORE, Plaintiff moves for a protective order as requested above against Defendant forbidding it from receiving the disclosure or discovery sought by its Rule 45 subpoena directed to ECFMG, and for an award of expenses including a reasonable attorney's fee.

### **CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(a)(3)**

Counsel for Plaintiff had a telephonic meeting with counsel for Defendant regarding the subject of this motion on November 20, 2017.  The parties could not reach any agreement.

        Respectfully submitted,

        <u>/s/ Richard S. Ross, Esq.</u>
        RICHARD S. ROSS, ESQ.
        Attorney for Plaintiff Dr. Jassin Jouria
        Fla. Bar No. 436630
        915 S.E. 2 Court
        Ft. Lauderdale, Florida 33301
        Tel 954/252-9110
        Fax 954/252-9192
        E mail: prodp@ix.netcom.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 20, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Richard S. Ross
Richard S. Ross, Esq.

SERVICE LIST
Dr. Jassin Jouria v. CE Resource, et al.
Case No.: 15-61165-CIV-DIMITROULEAS
United States District Court, Southern District of Florida
(Ft. Lauderdale Division)

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*


J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*