# Exhibit 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

DR. JASSIN JOURIA

    Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

    Third Party Defendant.
_____/

**PLAINTIFF'S RESPONSE TO NETCE'S FIRST SET OF INTERROGATORIES**

    COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully responds to Defendant's, CE Resource, Inc.'s d/b/a CME Resource and NetCE ("Defendant"), first set of interrogatories, pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of this court, as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2.    By making the accompanying responses Defendant's interrogatories, Plaintiff does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such

responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses herein without in any way implying that it considers the interrogatories or responses thereto to be relevant or material to the subject matter of this action.

3. Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses.

4. To the extent Plaintiff relies on documents in responding to these interrogatories, Defendant is made aware that Plaintiff's records contained on his computer have been compromised in that his computer "crashed" and documents might have been lost. Plaintiff is attempting to recompile documents from his crashed computer.

<b><u>INTERROGATORIES</u></b>

**<u>INTERROGATORY NO. 1</u>**

Describe all facts and legal theories to support Your claim that You did not breach the Freelance Writer Agreements related to and governing the Seven Courses.

**<u>RESPONSE NO. 1</u>**

Plaintiff fully complied with the terms of the Freelance Writer Agreements ("FWAs"), including but not limited to Paragraphs 4 and 5 thereof.

**<u>INTERROGATORY NO. 2</u>**

Describe all facts and legal theories to support Your claim that You did not infringe NetCE's copyrights to the Seven Courses.

**<u>RESPONSE NO. 2</u>**

Plaintiff disputes that Defendant owns any copyrights to the Seven Courses so

Plaintiff could not have infringed them. Even if Defendant owned the copyrights to the Seven Courses, Plaintiff did not violate any of the exclusive rights of copyright.

**INTERROGATORY NO. 3**

Describe all facts and legal theories to support Your claim in Plaintiff's Answer that Claim Five: Unfair Business Practices Under California Bus. & Prof. Code, s: 17200 *et seq*. Of the Counter-Complaint is pre-empted pursuant to 17 U.S.C. s. 301.

**RESPONSE NO. 3**

As understood, Defendant alleges unfair business practices in that Defendant has alleged that Plaintiff offered identical or substantially similar works to Elite Continuing Education, Inc. ("Elite"). That allegation is pre empted by federal copyright law because the works at issue fall within the subject matter of copyright, and allegation is equivalent to one of the exclusive rights under copyright law.

**INTERROGATORY NO. 4**

Describe all facts and legal theories to support Your statement in Paragraph 85 of Plaintiff's Answer that "permission [to republish, reissue, resubmit, or otherwise license the articles, identical versions of the articles, or substantially similar version of the Seven Courses] was not sought," but that "permission was not required."

**RESPONSE NO. 4**

Permission was not sought or was required to be sought, because Defendant does not own any copyright to works submitted by Plaintiff to Defendant for the Seven Courses.

**INTERROGATORY NO. 5**

Describe all facts and legal theories to support any claim you may have or later

develop that the Freelance Writer Agreements related to and governing the Seven Courses are not valid and enforceable contracts.

**RESPONSE NO. 5**

The works Plaintiff submitted to Defendant for the Seven Courses are "works made for hire" as defined by 17 U.S.C. §101, which results in the Defendant being considered the author of the works. Plaintiff agreed to be paid for the submitted works, and Defendant paid Plaintiff for the works upon their submission pursuant to Paragraph 7 of the FWAs. However, the FWAs, Paragraph 9, provide that the subject works that were "approved for publication" would belong exclusively to Defendant. The works Plaintiff submitted to Defendant for the Seven Courses were never approved for publication by Defendant, thus, Plaintiff retains the copyrights to them. To this extent, the FWAs are valid and enforceable.

**INTERROGATORY NO. 6**

Describe all facts and legal theories to support any claim you may have or later develop that the materials related to the Subject Matter of the Seven Course that you submitted to Elite were not identical to, substantially similar to, virtually identical to, or derivative of the Seven Courses submitted to and edited by NetCE.

**RESPONSE NO. 6**

Plaintiff is not aware of any derivative of the Seven Courses or what Defendant edited or did not edit regarding his works for the Seven Courses. The works Plaintiff submitted to Defendant and to Elite were not identical or substantially similar to each other as the works Plaintiff submitted to Elite were substantially revised by him.

**INTERROGATORY NO. 7**

Describe all facts and legal theories to support any claim you may have or later develop that NetCE "expressly rejected" any or all of the Seven Courses.

**RESPONSE NO. 7**

Defendant has admitted in this proceeding that it expressly rejected the works related to the Seven Courses because "NetCE discovered that Elite had infringed its copyrights and had published these courses without NetCE's permission." First Set Int. Response No. 2. Defendant expressly rejected the Seven Courses by its conduct in refusing to approve them for publication.

**INTERROGATORY NO. 8**

Describe all facts and legal theories to support any claim you may have or later develop that NetCE did not own all rights to the Seven Courses.

**RESPONSE NO. 8**

Paragraph 9 of the FWAs provides that Plaintiff's works shall belong exclusively to Defendant if they were approved for publication. Defendant concedes that it did not approve Plaintiff's works for publication for the Seven Courses at issue. First Set Int. Response Nos. 2, 3.

**INTERROGATORY NO. 9**

Describe Your process of researching and writing the materials related to the Seven Courses you submitted to NetCE pursuant to the Freelance Writing Agreements relating to and governing the Seven Courses.

**RESPONSE NO. 9**

Research was conducted almost exclusively online via open access journals via PubMed, Google Books, other Medical professional societies – such as the American Cancer

Society, American Heart Association, American Neurology Society. The research was often cross-referenced with the most current guidelines published in peer-reviewed journals. Outlines were used as a template and evidence-based research collected from the literature review was compiled into a text based article. Editing for grammar/syntax and references was done in accordance with daily revisions as needed.

**INTERROGATORY NO. 10**

Describe Your alleged process of changing the materials related to the Seven Courses before submitting them to Elite

**RESPONSE NO. 10**

After doing a side by side comparison, portions of the articles were re-written in text format based on the same evidence-based research. A number of articles were divided and re-written as a 2-part series and then sent to Elite for review/editing.

**INTERROGATORY NO. 11**

Describe Your alleged process of changing the materials related to the Seven Courses before submitting them to any third parties apart from Elite.

**RESPONSE NO. 11**

See Response No. 10, above, for NurseCE4less.com.

**INTERROGATORY NO. 12**

Itemize all differences (including without limitation the correction of errata and typos as well as substantive changes such as re-wording, re-organizing, deleting, and supplementing) made from the then-most-recent version of each of the Seven Courses and material related Seven Courses on the one hand and the version of the Seven Courses You submitted to Elite on the other.

6

**RESPONSE NO. 12**

The answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information). The burden of deriving or ascertaining the answer will be substantially the same for Plaintiff as it would be for Defendant. Defendant is therefore directed to look at the Seven Courses or materials that it has in its possession, and that are in the possession of Elite, to itemize all differences. As Plaintiff's computer has crashed, he might supplement this response with the version of the Seven Courses he submitted to Elite, if the versions are ultimately recovered.

**INTERROGATORY NO. 13**

Describe the length of time between your last Communication with NetCE related to the Seven Courses and Your first communication with Elite related to the Subject Matter of the Seven Courses.

**RESPONSE NO. 13**

Approximate first contact with Elite was April, 2013; the approximate last contact with Defendant was May, 2013.

**INTERROGATORY NO. 14**

Name all third parties with whom you exchanged Communication regarding the Subject Matter of the Seven Courses

**RESPONSE NO. 14**

NurseCE4less.com.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 14, 2017.

/s/Jassin Jouria, M.D.
JASSIN JOURIA, M.D.

Respectfully submitted,

/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 14, 2017, the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Richard S. Ross
Richard S. Ross, Esq.

SERVICE LIST
Dr. Jassin Jouria v. CE Resource, et al.
Case No.: 15-61165-CIV-DIMITROULEAS
United States District Court, Southern District of Florida
(Ft. Lauderdale Division)

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: E mail
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: E mail
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: E mail
*(Attorneys for Elite Continuing Education, Inc.)*


J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: E mail
*(Attorneys for Elite Continuing Education, Inc.)*