# Exhibit 6

| | |
|---|---|
| **From:** | Richard Ross <prodp@ix.netcom.com> |
| **Sent:** | Friday, September 01, 2017 4:40 AM |
| **To:** | Lanier, Jessica E (SFO - X56923) |
| **Cc:** | Rothschild, Phil (FTL - X27881); Kern, John P (SFO - X56918); Harmon, Denise A (SFO - X56925) |
| **Subject:** | Re: Meet and confer August 30 and next steps |

Still a bit confused by your answer to the interrogatories.  We can leave it as is, or amend to say we have no facts/theories to support a breach.  Which would you prefer?

On 8/31/2017 12:49 PM, Jessica.Lanier@hklaw.com wrote:

> Richard,
>
> Thank you for your email.
>
> With respect to the interrogatories, we need not complicate common sense. If it is true that you have no additional facts or legal theories to support your answers, please say so, in a properly formatted supplemental response, for each interrogatory to which this statement applies. If it is not true, we otherwise understand that you are declining to supplement your answers so that they are responsive.
>
> With respect to the Requests for Production, we understand that you have produced some documents.  We also understand, from our phone conversation yesterday and from your email, that you are refusing to produce responsive documents you believe are in our possession, custody, or control or that we have access to via public filings.
>
> We look forward to your responses regarding: supplementing your interrogatories as described above and in our email dated August 30, 2017, and your clarification as to whether you have withheld documents subject to your objections to Requests for Production 21, 30, 35, and 26.
>
> Best,
>
> Jesse
>
> **Jessica Lanier** | **Holland & Knight**
> Associate
> Holland & Knight LLP
> 50 California Street, Suite 2800 | San Francisco, CA 94111
> Phone 415.743.6923 | Fax 415.743.6910
> jessica.lanier@hklaw.com | www.hklaw.com
>
> Add to address book | View professional biography
>
> **From:** Richard Ross [mailto:prodp@ix.netcom.com]
> **Sent:** Thursday, August 31, 2017 4:57 AM
> **To:** Lanier, Jessica E (SFO - X56923) <Jessica.Lanier@hklaw.com>
> **Cc:** Rothschild, Phil (FTL - X27881) <Phil.Rothschild@hklaw.com>; Kern, John P (SFO - X56918)

<John.Kern@hklaw.com>; Harmon, Denise A (SFO - X56925) <Denise.Harmon@hklaw.com>
**Subject:** Re: Meet and confer August 30 and next steps

Jessica,

Our recollection of the conference diverges from yours in the following respects:

1.   We stated that we would reconsider the response to Int. 9 and the documents relative to RFP's 21, 30, 35, 26 by today, Thursday, or tomorrow.

2.   Your understanding of our "refusal" to produce documents is not correct.  For your RFP's 1, 3, 5-7, 19, documents have been produced.  For documents you requested that are already in your client's possession, we asked you to confirm if your client has those, and your refused to inform us, stating it was immaterial to the request.  We stated that if your client does not already possess the documents requested, and if we have responsive documents, we would produce them.  For documents related to our client's financial condition and other matters that will not lead to the discovery of admissible evidence, we did maintain our objections.

3.   For the Int.'s 1-4, 6-8, 10-14, 17 and 18, your recitation is correct.  However, we have reconsidered our position, and are willing to look at our responses again, as follows, for example:  In Int. 1, you ask for facts/legal theories to support the claim that Dr. Jouria did not breach the FWA's.  We stated that our client complied with the terms of the FWA's,a and including, but not limited to, Paras 4 and 5, and therefore did not breach, which is directly responsive to the interrogatory.  You then asked us to state that if there are no facts or legal theories to support, to so state.  We are willing revise our answer, answer the interrogatory indirectly, and state that there are no facts or legal theories of which we are aware to support Dr. Jouria's breach.  Please advise if this answer would resolve the dispute as to Int. 1.  If  so, we can amend, and address the other interrogatories similarly to see if we can resolve most if not all of these disputes.

4.   As to our client's computer crashing, we declined to answer your question over the telephone, and offered to you to serve additional interrogatories on the subject, or ask the client directly at his scheduled deposition.

Please advise.

Sincerely,
RICHARD S. ROSS, ESQ.
**Patents, Trademarks, Copyrights**
  **and Related Litigation**
915 S.E. 2 Court
Ft. Lauderdale, Florida  33301
tel 954/252-9110
fax 954/252-9192

CONFIDENTIALITY NOTICE:
This e-mail is subject to the Electronics Communications Privacy Act, 18 U.S.C. § 2510-2521, and may be legally privileged. The information contained in this e-mail message, together with any attachments hereto or links contained herein, is strictly private and confidential information intended only for the use of the individual or entity named above. The information contained in this e-mail, and any attachments hereto may be attorney-client privileged, and work product confidential intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is STRICTLY PROHIBITED.

NOTICE UNDER U.S. TREASURY DEPARTMENT CIRCULAR 230, *Regulations Governing the Practice of Attorneys, Certified Public Accountants, Enrolled Agents, Enrolled Actuaries, and Appraisers before the Internal Revenue Service:*
To the extent that this e-mail communication and the attachment(s) hereto, if any, may contain written advice concerning or relating to a Federal (U.S.) tax issue, United States Treasury Department Regulations (Circular 230) require that we (and we do hereby) advise and disclose to you that, unless we expressly state otherwise in writing, such tax advice is not written or intended to be used, and cannot be used by you (the addressee), or other person(s), for purposes of (1) avoiding penalties imposed under the United States Internal Revenue Code or

(2) promoting, marketing or recommending to any other person(s) the (or any of the) transaction(s) or matter(s) addressed, discussed or referenced herein for IRS audit, tax dispute or other purposes.

On 8/30/2017 7:34 PM, Jessica.Lanier@hklaw.com wrote:

Richard:

We look forward to your email regarding Interrogatory No. 9 and whether you are withholding documents pursuant to your objections to Requests for Production Nos. 21, 30, 35, and 26, which we anticipate, based on your assurance, we will receive by the end of the day tomorrow.

We understand that you continue to refuse to produce documents responsive to Requests 1, 3, 5-7, 16, 19, 26-29, 30, and 37.  We also understand that you decline to supplement your responses to Interrogatories 1-4, 6-8, 10-14, 17, and 18.  Finally, we understand that you refuse, at this time, to answer questions related to the computer crash you described in your written responses and that your client will only answer questions regarding this alleged incident in response to additional written discovery requests or at deposition.

Best,

Jesse

**Jessica Lanier** | **Holland & Knight**
Associate
Holland & Knight LLP
50 California Street, Suite 2800 | San Francisco, CA 94111
Phone 415.743.6923 | Fax 415.743.6910
jessica.lanier@hklaw.com | www.hklaw.com

Add to address book | View professional biography

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.