# Exhibit 9

| | |
|---|---|
| **From:** | Richard Ross <prodp@ix.netcom.com> |
| **Sent:** | Monday, October 30, 2017 9:00 AM |
| **To:** | Kern, John P (SFO - X56918) |
| **Cc:** | Rothschild, Phil (FTL - X27881); Lanier, Jessica E (SFO - X56923) |
| **Subject:** | Re: Meet and Confer of October 25, 2017 |

John,

Further updated information on No. 2 below.  Our client again contacted the management company again who says it has received no update from the waste disposal company.  We will keep you posted if anything changes on this.


Sincerely,
RICHARD S. ROSS, ESQ.
**Patents, Trademarks, Copyrights
   and Related Litigation**
915 S.E. 2 Court
Ft. Lauderdale, Florida  33301
tel 954/252-9110
fax 954/252-9192

CONFIDENTIALITY NOTICE:
This e-mail is subject to the Electronics Communications Privacy Act, 18 U.S.C. § 2510-2521, and may be legally privileged. The information contained in this e-mail message, together with any attachments hereto or links contained herein, is strictly private and confidential information intended only for the use of the individual or entity named above. The information contained in this e-mail, and any attachments hereto may be attorney-client privileged, and work product confidential intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is STRICTLY PROHIBITED.

NOTICE UNDER U.S. TREASURY DEPARTMENT CIRCULAR 230, *Regulations Governing the Practice of Attorneys, Certified Public Accountants, Enrolled Agents, Enrolled Actuaries, and Appraisers before the Internal Revenue Service:*
To the extent that this e-mail communication and the attachment(s) hereto, if any, may contain written advice concerning or relating to a Federal (U.S.) tax issue, United States Treasury Department Regulations (Circular 230) require that we (and we do hereby) advise and disclose to you that, unless we expressly state otherwise in writing, such tax advice is not written or intended to be used, and cannot be used by you (the addressee), or other person(s), for purposes of (1) avoiding penalties imposed under the United States Internal Revenue Code or (2) promoting, marketing or recommending to any other person(s) the (or any of the) transaction(s) or matter(s) addressed, discussed or referenced herein for IRS audit, tax dispute or other purposes.

On 10/27/2017 7:34 AM, Richard Ross wrote:

> John,
>
> Following up with our meet and confer two days ago, this is the updated information we have:
>
> 1.   Regarding the license issue, we informed you that that matter had been resolved in favor of Dr. Jouria, as he is currently licensed as you know.  We also confirmed with Dr. Jouria that he recalls representing himself to your client as an M.D., and not that he was "licensed."
>
> 2.   On the laptop issue, Dr. Jouria did ask the management company where he lived if it could follow up with the waste disposal company soon after his deposition.  He received no substantive response, and we asked him to follow up again.  He is doing that and when we have more information, we will advise.
>
> 3.   Regarding our request for a response to the suggestion that the court review in camera your claimed privileged documents, Jessica responded that she was not inclined to do that.  Thus, can

you confirm if you updating the privilege log for service to us per the rules or not.

Sincerely,
RICHARD S. ROSS, ESQ.
**Patents, Trademarks, Copyrights
   and Related Litigation**
915 S.E. 2 Court
Ft. Lauderdale, Florida  33301
tel 954/252-9110
fax 954/252-9192

CONFIDENTIALITY NOTICE:
This e-mail is subject to the Electronics Communications Privacy Act, 18 U.S.C. § 2510-2521, and may be legally privileged. The information contained in this e-mail message, together with any attachments hereto or links contained herein, is strictly private and confidential information intended only for the use of the individual or entity named above. The information contained in this e-mail, and any attachments hereto may be attorney-client privileged, and work product confidential intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is STRICTLY PROHIBITED.

NOTICE UNDER U.S. TREASURY DEPARTMENT CIRCULAR 230, *Regulations Governing the Practice of Attorneys, Certified Public Accountants, Enrolled Agents, Enrolled Actuaries, and Appraisers before the Internal Revenue Service:*
To the extent that this e-mail communication and the attachment(s) hereto, if any, may contain written advice concerning or relating to a Federal (U.S.) tax issue, United States Treasury Department Regulations (Circular 230) require that we (and we do hereby) advise and disclose to you that, unless we expressly state otherwise in writing, such tax advice is not written or intended to be used, and cannot be used by you (the addressee), or other person(s), for purposes of (1) avoiding penalties imposed under the United States Internal Revenue Code or (2) promoting, marketing or recommending to any other person(s) the (or any of the) transaction(s) or matter(s) addressed, discussed or referenced herein for IRS audit, tax dispute or other purposes.

On 10/26/2017 1:39 PM, John.Kern@hklaw.com wrote:

> Richard, Mark, Kate:
>
> Are you available tomorrow to meet and confer re: depos?  I can talk anytime--tell me what works for you.
>
> I would like to make this as efficient as possible for all of us, given our various constraints vs. rights.
>
> In conferring with my client, we are 100% confident in our ability to proffer a 30b6 witness capable of testifying and binding NetCE on all relevant topics.  Elite, can we work on getting there?  That witness would be Sarah Campbell.  That depo must take place in SF or SacTo (per our agreement with Elite, but also because she is just one month back from maternity leave and we can't ask her to fly across the country and leave her newborn).
>
> As for your depo, I don't have any problem doing the Elite depo in Charlotte if that is convenient for your witness.  Boy it would be great if we could get him to SF, though. The burden/expense on him might be worth the burden/expense saved if we conduct depos in separate locations, days apart (as far as attorney travel, prep time, etc.).  Any possibility there?  If not, then we'll just suck it up and fly a little.  We maybe should talk about kicking the discovery deadline 30 days, however, due to this, expert discovery, and the fact we have hardly any docs from Elite in response to our RFPs.  I am not locked into anything--I'd like to get your thoughts during our call.
>
> Richard, I would rather we not have to litigate your request to appear telephonically--if we can work out some arrangement. Quite honestly my concern is simply based on bad experiences with telephonic examinations.  Technology breakdowns, misunderstandings where there is no eye contact or body language,

difficultly resolving disputes among participating counsel, problems with the logistics of use of exhibits, etc. My concern with you not being there, if you intend to engage in extensive questioning, is that it will be prejudicial to my client. It's not personal to you and I have no desire to make you fly here and there just for sport or attrition. That isn't my goal.

I'd be happy to discuss. Maybe you attend Elite's by phone and ours in person? Maybe you agree to some limit on time or such, so I know that you are not intending a full examination (i.e., as if it were your own depo). Something. I am open to discussing, including how this impacts where and when we do the depos.

Anyone up for a call tomorrow?

Thanks much.

John


Sent from my iPhone

_____

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.