## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA

        Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

        Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

        Third Party Defendants.

_____/

**CE RESOURCE, INC. d/b/a CME RESOURCE and NETCE's
RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER REGARDING
RULE 45 SUBPOENA TO EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL
GRADUATES**

NetCE opposes Dr. Jouria's Motion for Protective Order (ECF No. 148) ("Motion") because documents related to his dispute with the Education Commission for Foreign Medical Graduates ("ECFMG") directly impact Dr. Jouria's credibility regarding his accreditation status, an issue relevant to the claims and defenses in this case. While NetCE acknowledges that this Court disagreed with NetCE's arguments in its Omnibus Order (ECF No. 145) in the context of NetCE's motions to compel directed to Dr. Jouria, NetCE intends to shortly appeal the Court's ruling to the District Court. As NetCE could not effectively appeal the ruling until a written order was entered, and with the discovery period ending before the written order was received, to protect its rights to obtain discovery of relevant documents, NetCE propounded the subpoena to ECFMG and sought an extension of time to do so. NetCE believes Dr. Jouria's present Motion for Protective Order is both premature at this time and ultimately wrong on the merits of the relevance of the documents and testimony at issue.

### JOURIA HAS SHOWN NO BURDEN TO HIMSELF AT THIS TIME

Jouria's Motion for Protective Order is premature, as the Rule 45 subpoena to ECFMG has not yet been served, and Jouria has not suffered any harm or burden at this time, as required by the case law cited at page 3 of his Motion. Jouria's proffer of harm is insufficient as well. If ECFMG has documents responsive to the subpoena, a motion to quash is filed with "the court for the district where compliance is required," which in this case is the Southern District of Florida, not the Eastern District of Pennsylvania.[1] See Fed. R. Civ. P. 45(d)(3)(A).

### NETCE FOLLOWED AN APPROPRIATE PROCEDURE

NetCE's attempt to serve a Rule 45 subpoena on ECFMG is an appropriate vehicle to obtain relevant discovery, and was taken with no disrespect or disregard for the Omnibus Order. NetCE first

---

[1] During a November 20, 2017 meet and confer conference with Richard Ross, Jouria's counsel, regarding service of the Rule 45 subpoenas (which NetCE had frozen from 1:25pm Thursday, November 16 through 5:00pm Monday, November 20, at his request), counsel for Plaintiff informed Mr. Ross that NetCE was going to appeal the Order. Rather than just oppose the appeal, he rushed to file the Motion.

1

attempted to obtain the information related to Dr. Jouria's known dispute with the ECFMG directly from Dr. Jouria. He refused to produce such documents, and inappropriately refused to answer questions at his deposition on this topic, an act this Court acknowledged at the hearing on the motion to compel was not proper at a deposition. Nonetheless, this Court denied NetCE's attempt to compel this information directly from Dr. Jouria. As stated above and explained further below, NetCE believes the Court's ruling is incorrect. Because the oral ruling was announced on November 9, 2017, and because NetCE believed, correctly, that this Court's usual practice is to issue a written order, NetCE initially waited for entry of the written order to decide on its remaining options. However, the close of discovery loomed on November 15, 2017. Rather than risk missing this deadline to obtain the ECFMG discovery through the Rule 45 process with no burden whatsoever to Dr. Jouria, and with the then-applicable discovery deadline falling prior to NetCE's ability to effectively appeal the Omnibus Order,[2] and with the Omnibus Order in no way precluding NetCE from obtaining the information directly from the ECFMG, NetCE propounded the subpoena and moved for an extension of time to do so, which the District Court granted. Combined with its intention to appeal the Omnibus Order, NetCE strongly believes no sanction is warranted in this situation.[3]

**THE ECFMG DOCUMENTS ARE RELEVANT AND DISCOVERABLE**

As argued at the hearing on November 9, 2017, and in its Motion to Compel (ECF Nos. 100 and 129), key components of the allegations in this action concern whether Dr. Jouria made misrepresentations to Elite with respect to his ownership and ability to re-sell the Seven Courses at issue. Again, NetCE understands that this Court disagrees. However, the fact remains that NetCE's

---

[2] NetCE's deadline to do so is November 30, 2017, based on the date of entry of Magistrate Judge Snow's Omnibus Order. See Rule 4(a)(1) of the Magistrate Judge Rules of the Southern District of Florida.

[3] NetCE further notes that immediately after docketing of the minutes of the hearing on November 9 it submitted the required form to order a transcript of the hearing. See Exhibit A. The transcript will be very useful, if not required, for NetCE's appeal of the Omnibus Order, and will not be available until later today or Friday, November 24, 2017.

2

discovery of Dr. Jouria's dispute with ECFMG led NetCE to look closer at Dr. Jouria's other credentials and, ultimately, to decline to contract with him on further courses, an issue relevant to the claims and defenses herein.  NetCE should be entitled to the documents that support the existence and substance of Dr. Jouria's dispute with ECFMG, so that at the impeachment stage of the trial, NetCE can substantiate Dr. Jouria's lack of credibility regarding his misrepresentation of his ownership of the Seven Courses to Elite.  In addition, it is important to note that after he maintained during NetCE's direct examination at his deposition that disputes about the veracity of his credentials were "irrelevant," Dr. Jouria insisted during cross-examination by counsel for Elite that he was properly credentialed.  Dep. Tr. at p. 206, line 22-p. 207, line 24. See ECF No. 130-2 at p. 16 of 27.

"Impeachment evidence is, of course, available to a party even if that evidence is ultimately not admissible in evidence at trial." *Jeld-Wen, Inc. v. Nebula Glass Intern., Inc.,* 2007 WL 1526649, *2 (S.D. Fla. May 22, 2007).  Judge Torres in *Jeld-Wen* cited to *Hickman v. Taylor*, 329 U.S. 495, 511 (1947), wherein the Supreme Court recognized that discovery can be useful for purposes of impeachment or corroboration.  Evidence specifically pertaining to a known instance of intentional misrepresentation to a credentialing association, in a case in which proper credentials of a party is specifically at issue, is clearly evidence affecting the credibility of a witness, and is therefore discoverable.

## CONCLUSION

This Court should deny the Motion without prejudice as premature, until such time as the subpoena is served upon ECFMG and it acknowledges that it has documents to be produced.  The Court should not award any fees to Dr. Jouria nor enter any sanctions against NetCE for pursuing an entirely appropriate procedure to appeal this Court's Order and to seek discovery of relevant information from a third party without a burden to Dr. Jouria.

Dated: November 22, 2017 

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Philip E. Rothschild*
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

*/s/ John P. Kern*
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Jessica E. Lanier, Esq. (pro hac vice)
Email: Jessica.Lanier@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC.
d/b/a CME RESOURCES and NetCE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 22, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Philip E. Rothschild*
Philip E. Rothschild

## SERVICE LIST

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
(Attorney for Plaintiff Dr. Jassin Jouria)

4

**[VIA ELECTRONIC MAIL SERVICE]**

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**