# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61165-CIV-DIMITROULEAS/Snow

DR. JASSIN JOURIA,

    Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME Resources and
NetCE,

    Defendant/Counter-Plaintiff/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC. and ALPINE
MANAGEMENT SERVICES,

    Third Party Defendants.
_____/

**ELITE'S RESPONSE TO CE RESOURCE, INC. d/b/a CME RESOURCE and NETCE'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

## INTRODUCTION

On November 15, 2017—the deadline for discovery in this case—NetCE filed a Motion to Compel (DE 143) directed to discovery responses served by Elite on October 5, 2017.[1] Through its Motion, NetCE demands that Elite produce <u>all</u> documents related to any attempts it has made to receive accreditation from any entity, "successful or otherwise," for <u>all</u> continuing education services offered and sold to <u>any profession</u> during <u>all time periods</u>. (Mot., p. 1). As NetCE is well aware, Elite has been in the continuing education ("CE") business since 1999, and offers CE courses to numerous professions, including funeral directors, electricians, barbers, veterinarians, cosmetologists, and many others. (Ex. C, Decl. of M. Franchi, "Franchi Decl.," ¶ 4). Conversely, NetCE's claims against Elite pertain to publication of five specific CE courses for nurses beginning in June 2014. Elite marketed and sold these courses solely to nurses. (*Id.* at ¶ 5). Leaving aside NetCE's delay in filing its motion (L.R. 26.1(g)(1)), NetCE is demanding that Elite produce documents related to a host of professions not at issue, from years before the accused activities, on a topic that has no bearing on either liability or damages.

As shown by its Motion, NetCE is proceeding based on the speculation that "Elite may have submitted the infringing courses at issue in this lawsuit to, at least, the America Nurses Credentialing Center's Commission on Accreditation ('ANCC')." (Mot., p. 3). NetCE makes this statement even though counsel for Elite informed counsel for NetCE before NetCE filed its Motion that Elite did not submit any of the accused courses to gain any accreditation from any accrediting body, including the ANCC. (*See* Nov. 14 Email, attached as Ex. D, p. 1). Elite even offered to produce the materials it submitted to the ANCC during the relevant time period that could have included the accused courses (which shows irrefutably that Elite did not submit copies of the accused courses to the ANCC). Elite has since produced those documents to NetCE. (Franchi Decl., ¶ 9; Ex. B, p. 2). Resting on nothing more than its speculative theory that Elite "may have submitted" the accused courses to some accrediting body—which is contrary to Elite's representations and the evidence presented to NetCE—NetCE is now burdening the Court with an eleventh-hour motion demanding that Elite prove a negative on an irrelevant issue that has already been conclusively refuted. To burden Elite with the task of

---

[1] NetCE has withdrawn its Motion to Compel as it relates to Requests 42, 50, and 51. The only remaining issue pertains to Requests 26, 61 and 62, which all relate to Elite's accreditations. (*See* Nov. 20 Email, attached as Ex. A, p. 2; Nov. 21 Email, attached as Ex. B, p. 2).

collecting and producing years' worth of irrelevant documents related to accreditation activities from nearly all of its professions under these circumstances is beyond the scope of what Rule 26(b) permits and would be extremely unfair to Elite. (Franchi Decl., ¶ 8).[2]

Despite Elite's representations and, now, further document production showing that NetCE's Motion is without merit, NetCE has continued to refuse to withdraw its Motion. Instead, NetCE has proposed a purported "accommodation[]" requiring that Elite produce all documents and communications related to all accreditations, from at least two years prior to the accused activity, for nursing and all other topics/professions, save only four. (*See* Ex. A, p. 1). NetCE's continued insistence on the production of such irrelevant materials (which would include accreditations for barbers, cosmetology, dental, massage therapy, and the like), even in the face of Elite's efforts to compromise, shows that NetCE is using discovery to conduct a fishing expedition for sensitive information from a top competitor and increase the costs of litigating this case for Elite. NetCE's Motion to Compel should be denied, and Elite should be awarded its fees for having to respond.

## ARGUMENT

**I.    No Accused Courses Were Used to Gain Accreditation.**

NetCE's Motion is premised on the speculation that "Elite may have submitted the infringing courses at issue in this lawsuit to, at least, the [ANCC]." (Mot., p. 3). NetCE admits that Elite already confirmed that no accused courses were submitted to the ANCC (DE 143-1, ¶ 10). Although not relevant, Elite also produced all materials submitted to the ANCC during the pertinent timeframe that could have included copies of the accused courses, and has provided a sworn statement confirming that no accused courses were submitted to gain accreditation from any accrediting body, including the ANCC. (Franchi Decl., ¶¶ 6, 9). NetCE's ongoing speculation regarding what Elite "may have" done with those courses is not a proper basis for its Motion. *Century Sur. v. Lay*, 2014 U.S. Dist. LEXIS 192240, at *11 (M.D. Fla. Oct. 2, 2014) (denying motion to compel discovery requests based on speculation). Such speculation does not justify further intrusion into Elite's files for additional irrelevant information. *Digital Assur. Certif., LLC v. Pendolino*, 2017 U.S. Dist. LEXIS 160399, at *27-28 (M.D. Fla. Sept. 29,

---

[2] To the extent NetCE believes it is entitled to additional information to refute its speculation, it could have and should have sought that information through a deposition. However, NetCE scheduled and canceled the Rule 30(b)(6) deposition of Elite twice before the discovery deadline.

2017) ("[Plaintiff]…wants what in pre ESI days would amount to entering [opponent's] offices and looking at every item on every desk and in every drawer and cabinet. This is extraordinary, particularly in light of the limited factual support for such a significant intrusion.").

## II.   NetCE's Requests are Not Limited by Relevant Time Period or Profession.

Elite offers a wide array of CE courses, including for electricians, funeral directors, veterinary professionals, parenting, barbers, cosmetology, dental, infection control, massage therapist, occupational therapy, pharmacist, pharmacy technicians, physical therapy, professional counselors, psychology, social work/mental health, and nursing professionals. (Franchi Decl., ¶ 4). The accused courses at issue were marketed and sold only to nurses, beginning in June 2014. (Franchi Decl., ¶ 5). NetCE's request for all documents and communications related to "all accreditations," without limit as to time period or profession, is overly broad and seeks documents not relevant to any claim or defense. FRCP 26(b)(1). There is simply no claim in this case that relates to Elite's overall accreditations as a company.[3] NetCE's continued insistence that Elite produce documents from outside the relevant timeframe for numerous professions beyond nursing (*see* Ex. A, p. 1) confirms that it is pursuing a fishing expedition for confidential business information from a competitor. (Franchi Decl., ¶¶ 7-8). "[T]he proponent of a motion to compel…bears the initial burden of proving that the information sought is relevant," *Diamond State Ins. Co. v. His House, Inc.*, 2011 U.S. Dist. LEXIS 5808, at *15 (S.D. Fla. Jan. 18, 2011), and NetCE has not done so. Elite's objections (DE 143-2, pp. 11, 19, 20) should be upheld.

## CONCLUSION

In view of the foregoing, Elite respectfully requests that the Court deny NetCE's Motion to Compel in its entirety and award Elite its costs and attorneys' fees associated with responding to the Motion.

---

[3] NetCE contends—without explanation or support—that "NetCE's lost profits calculation takes on a far more formidable scope" if Elite submitted "any of NetCE's intellectual property to any accrediting body". (Mot., p. 3). However, the Copyright Act provides that "[t]he copyright holder is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). To the extent Elite profited from the alleged infringement, or caused NetCE to lose any sales, those sales and profits are reflected in Elite's course-specific sales reports already produced in this case. The scope of damages that might be available to NetCE under the law is the same regardless of how Elite made its sales. Documents related to Elite's accreditations have no bearing on damages.

3

Dated: November 22, 2017   Respectfully submitted,

/s/ Peter A. Chiabotti
Peter A. Chiabotti
Florida Bar No. 0602671
AKERMAN LLP
peter.chiabotti@akerman.com
777 South Flagler Driver
Suite 1100, West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Facsimile: (561) 659-6313

J. Mark Wilson (*pro hac vice*)
markwilson@mvalaw.com
Kathryn G. Cole (*pro hac vice*)
katecole@mvalaw.com
MOORE & VAN ALLEN PLLCS
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-1000
Facsimile: (704) 331-1159

*Attorneys for Third Party Defendant Elite Continuing Education, Inc.*

**Certificate of Service**

I hereby certify that on November 22, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Peter A. Chiabotti
Peter A. Chiabotti

**Service List**

Richard S. Ross, Esq.
Atrium Centre
4801 S. University Drive
Suite 237
Fort Lauderdale, FL 33328
Email: prodp@ix.netcom.com
*Attorneys for Plaintiff Dr. Jassin Jouria*

Philip E. Rothchild, Esq.
Holland & Knight LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Email: phil.rothschild@hklaw.com
*Attorneys for CE Resource, Inc. d/b/a
CME Resource and NetCE*

John P. Kern, Esq.
Jessica E. Lanier, Esq.
Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Email: john.kern@hklaw.com
        jessica.lanier@hklaw.com
*Attorneys for CE Resource, Inc. d/b/a
CME Resource and NetCE*

Peter A. Chiabotti
Florida Bar No. 0602671
Akerman LLP
peter.chiabotti@akerman.com
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Facsimile: (561) 659-6313
*Attorney for Third Party Defendant
Elite Continuing Education, Inc.*

J. Mark Wilson (*pro hac vice*)
markwilson@mvalaw.com
Kathryn G. Cole (*pro hac vice*)
katecole@mvalaw.com
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-1000
Facsimile: (704) 331-1159
*Attorneys for Third Party Defendant
Elite Continuing Education, Inc.*