# **EXHIBIT B**

| | |
|---|---|
| **From:** | John.Kern@hklaw.com |
| **Sent:** | Tuesday, November 21, 2017 7:17 PM |
| **To:** | Mark Wilson; Jessica.Lanier@hklaw.com |
| **Cc:** | Kate Cole; prodp@ix.netcom.com; Phil.Rothschild@hklaw.com; Daniel.Kappes@hklaw.com; Myrna.Yee@hklaw.com |
| **Subject:** | RE: Dr. Jouria v. NetCE v. Elite |

Mark:

Thank you for your email.  The notion that NetCE is using this litigation, or its subpoena to ANCC, as a means of gaining "confidential information from a competitor"—a wild theory you debuted in the first 5 minutes of last week's NetCE deposition—is totally false, and frankly we do not even think you believe it.  This litigation exists because Elite published and sold NetCE's copyrighted content, plain and simple.  When that happened, many other questions and concerns arose.  Those questions and concerns are reflected in NetCE's Amended Counterclaim, and NetCE drafted its document requests to Elite specifically to explore its allegations and to divine the difference between theory and fact.  Elite's sometimes obstructive conduct has made that difficult, particularly with respect to this accreditation issue (about which Elite seems disproportionately sensitive).   We appreciate you serving *some*, apparently responsive documents today, 90 days after we served our RFPs, and 5 days after the originally scheduled date for Elite's deposition, but that does not settle the issue.

We have repeatedly explained to you the very valid reasons NetCE seeks information related to Elite's efforts at achieving a wide range of accreditations—and those reasons (as you know) go both to liability and damages.  Elite has steadfastly refused to produce responsive materials; you now describe our efforts to narrow the requested scope as "meaningless"; we have asked the Court to intervene—I don't think there is anything more to say with respect to the substance of our dispute.  NetCE's pending Motion to Compel is <u>not</u> withdrawn as to RFPs 26, 61, and 62.

Regarding your concerns about the supposed highly confidential nature of the information NetCE seeks, you are well aware Judge Dimitrouleas already has entered a Protective Order in our case to address such concerns.  Of course we will honor your request to treat (provisionally) as "High Confidential: Attorneys' Eyes Only" any materials the ANCC produces in response to NetCE's subpoena.  We only ask that when those materials arrive you review them to evaluate whether that highest level of designation still is appropriate.

Thank you.  And please accept our wishes for a Happy Thanksgiving to you and your families.

John


**John Kern** | **Holland & Knight**
Partner
Holland & Knight LLP
50 California Street, Suite 2800 | San Francisco, CA 94111
Phone 415.743.6918 | Fax 415.743.6910
john.kern@hklaw.com | www.hklaw.com

Add to address book | View professional biography

> **From:** Mark Wilson [mailto:markwilson@mvalaw.com]
> **Sent:** Tuesday, November 21, 2017 2:08 PM

1

**To:** Kern, John P (SFO - X56918) <John.Kern@hklaw.com>; Lanier, Jessica E (SFO - X56923) <Jessica.Lanier@hklaw.com>
**Cc:** Kate Cole <katecole@mvalaw.com>; Richard Ross <prodp@ix.netcom.com>
**Subject:** Dr. Jouria v. NetCE v. Elite

John, I want to follow up on our meet and confer on Nov. 20. As a result of our discussion and email exchange after our call, I understand that NetCE is withdrawing its motion to compel as it pertains to RFP Nos. 42, 50 and 51.

As for RFP Nos. 21, 61 and 62, and the ANCC subpoena, we understand that NetCE has proposed that Elite produce all accreditation-related documents in response to these overly-broad and objected-to requests, with the addition of a date restriction from 2012 to the present, and excluding documents for the following professions: parenting, electricians, funeral directors, and veterinary professionals. These proposed limitations are essentially meaningless. NetCE is still demanding the production of irrelevant documents that are beyond the scope of this case. As you know or should know, Elite did not begin offering the Accused Courses until June 2014. Accreditation documents from prior to when Elite offered the Accused Courses are simply irrelevant given that there is no chance that Elite could have possibly submitted any of the Accused Courses to any accrediting body until after June 2014. Also, as you know or should know, Elite marketed and sold the Accused Courses only to nursing professionals. There is simply no legitimate justification for demanding the production of accreditation documents related to the many other professions to which Elite offers continuing education courses. Indeed, we believe NetCE's continued demand for this information, now through an inappropriate motion to compel, is further evidence of NetCE using this litigation in bad faith to try to obtain confidential information from a competitor.

NetCE has argued to the Court that it is entitled to see all of Elite's accreditation information because "Elite may have submitted the . . . courses at issue in this lawsuit to, at least, the America [sic] Nurses Credentialing Center's Commission on Accreditation ("ANCC")." (Motion to Compel, p.3). As we have told you on multiple occasions, Elite did not submit the Accused Courses to gain any accreditation from any accrediting body, including the ANCC. If you wanted confirmation of this fact directly from Elite, you should not have canceled Elite's Rule 30(b)(6) deposition multiple times. It is improper for NetCE to demand the production of voluminous materials from Elite—a file a motion to compel—only to prove a negative. Indeed, NetCE recently argued in its motion for sanctions against Dr. Jouria (Doc. No. 149) that "[p]roving a negative is impossible". We agree. However, in an effort to avoid having to bear any further expense and distraction related to NetCE's motion to compel, and even though these documents are not relevant to this dispute, we are hereby producing to you documents submitted to the ANCC during the relevant time period. These documents reflect the only submission from Elite that could have included the Accused Courses and, as you will see, the Accused Courses were not part of Elite's submission to the ANCC. Elite's document production can be downloaded using the following information:

SHAREFILE LINK: https://mva.sharefile.com/d-sad9b126fdc64bb9b

PASSWORD: JM^hZwL3X[Vp.?wH

We have an additional concern relating the subpoena to the ANCC. It is not bounded by any of the statements you have made to the Court about the supposed need for Elite's accreditation documents. Again, the subpoena, like the motion to compel, appears to be an attempt by NetCE to gain access to information from a competitor using inappropriate means. As you know, the ANCC requires continuing education providers to submit a substantial amount of confidential business information. The ANCC requires applicants to execute a Statement of Understanding that states in relevant part that "all information will be kept confidential and shall not be used for any other purposes without [ ] permission." Additionally, the ANCC Manual states that "[a]ll data received by ANCC will remain confidential…." (Ex. B, p. 21). The materials Elite submitted to the ANCC constitute confidential commercial information eligible for protection against disclosure under FRCP 45. In the event the

ANCC produces any documents to NetCE, we demand that NetCE treat them as Highly Confidential – Attorneys' Eyes Only.

Given the foregoing, we request that you withdraw NetCE's motion to compel in total and refrain from serving the ANCC subpoena. We intend to oppose the motion to compel and, as we discussed during our meet and confer, move for a protective order relating to the ANCC subpoena.

**J. Mark Wilson**
Attorney at Law
T 704.331.1177
F 704.339.5981
markwilson@mvalaw.com

**Moore&VanAllen**

100 North Tryon Street
Suite 4700
Charlotte, NC 28202
704.331.1000
www.mvalaw.com

Moore & Van Allen

CONFIDENTIAL & PRIVILEGED Unless otherwise indicated or obvious from the nature of the following communication, the information contained herein is attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or otherwise, which you may have of this communication. Thank You.

**Moore & Van Allen**

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.