UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61165-CIV-DIMITROULEAS/Snow

DR. JASSIN JOURIA,

    Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME Resource and
NetCE,

    Defendant/Counter-Plaintiff/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC. and ALPINE
MANAGEMENT SERVICES,

    Third Party Defendants.
_____/

**ELITE'S MOTION FOR PROTECTIVE ORDER CONCERNING SUBPOENA TO
NON-PARTY AMERICAN NURSES CREDENTIALING CENTER, INC.
AND INCORPORATED MEMORANDUM OF LAW**

## MOTION FOR PROTECTIVE ORDER

Pursuant to Federal Rules of Civil Procedure 26 and 45, Third Party Defendant Elite Professional Education, LLC ("Elite") respectfully moves for entry of a protective order directed to the subpoena issued by Defendant/Third Party Plaintiff CE Resource, Inc. d/b/a CME Resource and NetCE ("NetCE") to non-party American Nurses Credentialing Center, Inc. ("ANCC"), for the reasons set forth in the following memorandum of law.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

### INTRODUCTION

On the last day of discovery, NetCE provided Elite with notice of a FRCP 45 subpoena it intended to serve on the ANCC ("the ANCC Subpoena", attached as Exhibit A). NetCE's ANCC Subpoena seeks the production of "[a]ll documents related to review, approval, and renewal(s), including without limitation materials submitted by [Elite] in support of Elite's accreditation application(s)." (*See* Ex. A). NetCE has moved to compel Elite to produce the same vast universe of documents that it is seeking from the ANCC, under the incorrect theory that Elite "may have submitted the infringing courses at issue in this lawsuit to [the ANCC]." (DE 143, p. 4). Elite has shown that NetCE's motion to compel is based on speculation that is inconsistent with the truth. (DE 154). Elite provided sworn testimony confirming that, contrary to NetCE's speculation, Elite did not submit any of the accused courses to gain any accreditation from any accrediting body, including the ANCC. (DE 154-3, ¶ 6). Elite went further and produced to NetCE the materials Elite submitted to the ANCC during the relevant time period that could have included the accused courses, which shows conclusively that Elite did not submit copies of the accused courses to the ANCC. (*Id.* at ¶ 9). The ANCC Subpoena appears to be an attempt by NetCE to circumvent Elite's objections to NetCE's document requests and opposition to NetCE's motion to compel, and do an end-run around the rules of discovery to gain access to confidential business information about a competitor that has no bearing on this case. It is improper for NetCE to seek overbroad and irrelevant discovery, period, but it is especially inappropriate to involve a non-party under these circumstances. Accordingly, NetCE's ANCC Subpoena seeks discovery beyond the limitations of FRCP 26(b), and there is good cause to enter a protective order quashing it.

1

**LEGAL STANDARD**

A party to a lawsuit has standing under FRCP 26(c) to challenge non-party subpoenas, and move the Court for entry of a protective order. *Sun Capital Partners, Inc. v. Twin City Fire Ins.*, 303 F.R.D. 673, 678 (S.D. Fla. 2014) (granting-in-part motion for protective order and/or to quash); *Auto-Owners Ins. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (Parties "clearly have standing to move for a protective order" regarding non-party subpoenas.). "The standard for issuance of a protective order is good cause." *U&I Corp. v. Advanced Med. Design, Inc.*, 251 F.R.D. 667, 673 (M.D. Fla. 2008). Good cause can be established by demonstrating that: (1) the discovery sought is unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient and less burdensome; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the proposed discovery is outside the scope permitted by Rule 26(b)(1). *See id.* (citing FRCP 26(b)(2)(C)).

Upon a showing of good cause, the court may issue any order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding the disclosure or discovery." FRCP 26(c)(1); *Sun Capital*, 303 F.R.D. at 678 (quashing subpoena requests seeking irrelevant information); *Lacentra v. Dep't of Health*, 2012 U.S. Dist. LEXIS 195509, at *5 (S.D. Fla. Oct. 17, 2012) (quashing overly broad subpoena requests); *Advanced Med.*, 251 F.R.D. at 673 (granting motion for protective order finding that it "demonstrate[d] good cause to quash [ ] subpoenas"); *Auto-Owners*, 231 F.R.D. at 430 (entering protective order forbidding overly broad subpoena requests).

**ARGUMENT**

**I.   There is Good Cause for a Protective Order Quashing NetCE's ANCC Subpoena.**

Good cause supporting Elite's need for a protective order can be established on each of the grounds enumerated in FRCP 26(b)(2)(C)(i)-(iii). First, there is no dispute that the ANCC Subpoena and NetCE's RFP Nos. 26, 61, and 62 (the "ANCC RFPs") seek the same documents. (*Compare* Ex. A *with* DE 143-2, Nos. 26, 61, 62). NetCE's pending Motion to Compel (DE 143) seeks the production of documents responsive to the ANCC RFPs. Thus, NetCE is currently pursuing the production of the same documents through both its motion to compel and the ANCC Subpoena. NetCE's FRCP 45 subpoena to non-party ANCC is "unreasonably duplicative" of its previous FRCP 34 discovery requests to Elite, and should be quashed

2

pursuant to FRCP 26(b)(2)(C)(i). *Accord Stoneeagle Servs. v. Pay-Plus Solutions, Inc.*, 2014 U.S. Dist. LEXIS 191887, at *2-3 (M.D. Fla. June 13, 2014) (granting motion to quash where non-party subpoena sought "information already requested from Defendants"); *Lozman v. City of Riviera Beach*, 2013 U.S. Dist. LEXIS 197358, at *5-6 (S.D. Fla. Sept. 26, 2013) (quashing subpoena under FRCP 26(b)(2)(C)(i) that was "duplicative" of previous discovery).[1]

Second, NetCE has had ample opportunity to pursue the production of the ANCC documents during discovery of Elite. FRCP 26(b)(2)(C)(ii). The Court entered its Order Setting Trial Date & Discovery Deadlines in May 2017 (DE 76). NetCE then waited nearly three months to serve its first set of RFPs on Elite. Elite timely objected to the ANCC RFPs on October 5, 2017, and produced documents according to its objections during the discovery period. (*See* DE 143-2). Rather than using the parties' stipulated discovery period to obtain the information by discovery of Elite, NetCE waited until the close of discovery, almost six weeks later, to seek ANCC documents through its last-minute ANCC Subpoena to a non-party. The ANCC Subpoena appears to be an attempt by NetCE to circumvent Elite's objections/opposition to NetCE's RFPs and related motion to compel by burdening a non-party through a subpoena, which is improper. *Manzo-Pianelli v. United Servs. Auto. Ass'n*, 2015 U.S. Dist. LEXIS 183854, at *3-5 (S.D. Fla. Nov. 3, 2015) (declining to enforce Rule 45 subpoena that sought "documents that would otherwise be discoverable as production from a party under Rule 34"); *Tara Prods. v. Hollywood Gadgets, Inc.*, 2014 U.S. Dist. LEXIS 35223, at *12 (S.D. Fla. Mar. 18, 2014) ("[A] subpoena may not be used to circumvent or do an 'end-run' around the discovery rules that apply to a party.").

Finally, the ANCC Subpoena is overly broad and seeks the production of irrelevant information. NetCE alleges that Elite "may have submitted the infringing courses at issue in this lawsuit to [the ANCC]." (DE 143, p. 4). Yet, the ANCC Subpoena seeks <u>all documents</u> submitted to the ANCC by Elite since the beginning of time, without narrowing the documents

---

[1] In an effort to resolve the Motion to Compel, Elite produced all documents submitted to the ANCC during the relevant time period that could have included the accused courses. (*See* DE 154, p. 1). Unless the ANCC Subpoena is quashed, NetCE will be forcing a non-party to incur the burden and expenses of producing documents that have <u>already been produced</u> in addition to other irrelevant documents. *Accord Merlin Petro. Co. v. Sarabia*, 2016 U.S. Dist. LEXIS 188863, at *4 (M.D. Fla. Aug. 4, 2016) (quashing improper subpoena and noting that "it is generally the practice of this Court that … duplicative records need not be produced by a non-party").

3

sought to include only those related to the courses at issue or limiting discovery to any time period. *See Mey v. Enter. Fin. Group*, 2016 U.S. Dist. LEXIS 188389, at *16 (M.D. Fla. July 27, 2016) (finding discovery request for "all [] materials" for "indefinite period of time" to be overbroad); *Cafra v. RLI Ins. Co.*, 2015 U.S. Dist. LEXIS 184097, at *6 (M.D. Fla. Feb. 5, 2015) (quashing subpoena as overly broad for failure to narrow request to include only relevant records for a reasonable time period); *Frett v. Cellco P'ship*, 2014 U.S. Dist. LEXIS 192233, at *4-6 (M.D. Fla. Oct. 1, 2014) (granting protective order finding subpoenas seeking "all documents related to any applications" are "overbroad on their face"). Moreover, even though Elite's submissions to the ANCC have no bearing on this case, Elite has already produced the materials Elite submitted to the ANCC during the relevant time period that could have included the accused courses. Elite has additionally provided a declaration confirming that no courses at issue were submitted to any accrediting body, including the ANCC. NetCE's demand that non-party ANCC produce additional documents is simply beyond the limits of discovery provided in FRCP 26 and 45. *See Auto-Owners*, 231 F.R.D. at 430 (granting protective order for subpoena request seeking irrelevant documents beyond FRCP 26(b)(2)(C) scope of discovery).

II.     **NetCE's ANCC Subpoena Seeks Confidential Commercial Information.**

The ANCC requires continuing education providers to submit a substantial amount of confidential business information relating to accreditation, such as internal organizational information, educational design processes, outcome measures, and any other additional documents requested by the ANCC. (*See* ANCC Manual, pp. 12, 20, 35-40, attached as Exhibit B). Elite has an "expectation of privacy" in its materials pursuant to the express language in the ANCC Provider Accreditation Application. *Stoneeagle Servs. v. Pay-Plus Solutions, Inc.*, 2014 U.S. Dist. LEXIS 191887, at *2-3 (M.D. Fla. June 13, 2014). The ANCC requires applicants to execute a Statement of Understanding that states in relevant part that "all information will be kept confidential and shall not be used for any other purposes without [ ] permission." (*See* ANCC Application, p. 5, attached as Exhibit C). Additionally, the ANCC Manual also states that "[a]ll data received by ANCC will remain confidential…." (Ex. B, p. 21). Elite's submissions to the ANCC are confidential and contain competitive business information. (*See* DE 154-3, ¶ 7). Elite "would be harmed competitively if this information were disclosed to its competitors," such as NetCE. *Narcoosee Acquisitions, LLC v. Kohl's Dep't Stores, Inc.*, 2014

4

U.S. Dist. LEXIS 120376, at *7 (M.D. Fla. Aug. 28, 2014) (granting motion to quash subpoena seeking confidential and commercial information).

NetCE is demanding disclosure of Elite's confidential information from a non-party. Elite has a compelling interest in maintaining these documents in strict confidence, especially considering that NetCE is a competitor. NetCE does not have any need for any documents submitted to the ANCC beyond those already produced by Elite (and marked by Elite under the Stipulated Protective Order (DE 118) as "Highly Confidential—Attorneys' Eyes Only"). *See Kona Spring Water Distrib. v. World Triathlon Corp.*, 2006 U.S. Dist. LEXIS 22323, at *8 (M.D. Fla. Apr. 7, 2006) (finding that a party seeking proprietary commercial information must establish "the required showing of necessity" for the information).[2] NetCE's "alleged reasons for needing this information ring hollow," especially given that Elite has provided irrefutable evidence showing that NetCE's speculation about what Elite "may have" submitted to the ANCC is wildly incorrect, and NetCE's ANCC Subpoena "appears to be nothing more than a fishing expedition" for confidential business information of a competitor, covering time periods and submissions that are irrelevant to this case, under the guise of third party discovery, and should be quashed. *Id.* (declining to enforce subpoena for confidential commercial information where substantial need was not established).

## CONCLUSION

In view of the foregoing, Elite respectfully requests that the Court enter a protective order quashing the ANCC subpoena, and award Elite its reasonable expenses and attorney's fees incurred in connection with filing this Motion pursuant to FRCP 26(c)(3).

**Local Rule 7.1(a)(3)(A) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3)(A), counsel for Elite conferred telephonically with counsel for NetCE on November 20, 2017 regarding the subject of this motion. The parties were unable to reach an agreement.

---

[2] In the event the Court denies this Motion, Elite respectfully requests that the Court order NetCE to designate all documents produced by the ANCC as "Highly Confidential—Attorneys' Eyes Only".

5

| | |
|---|---|
| Dated: November 22, 2017 | Respectfully submitted,<br><br>/s/ Peter A. Chiabotti<br>Peter A. Chiabotti<br>Florida Bar No. 0602671<br>AKERMAN LLP<br>peter.chiabotti@akerman.com<br>777 South Flagler Driver<br>Suite 1100, West Tower<br>West Palm Beach, FL 33401<br>Telephone: (561) 653-5000<br>Facsimile: (561) 659-6313<br><br>J. Mark Wilson (*pro hac vice*)<br>markwilson@mvalaw.com<br>Kathryn G. Cole (*pro hac vice*)<br>katecole@mvalaw.com<br>MOORE & VAN ALLEN PLLCS<br>100 North Tryon Street, Suite 4700<br>Charlotte, NC 28202<br>Telephone: (704) 331-1000<br>Facsimile: (704) 331-1159<br><br>*Attorneys for Third Party Defendant Elite Continuing Education, Inc.* |

## Certificate of Service

I hereby certify that on November 22, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Peter A. Chiabotti
Peter A. Chiabotti

## Service List

Richard S. Ross, Esq.
Atrium Centre
4801 S. University Drive
Suite 237
Fort Lauderdale, FL 33328
Email: prodp@ix.netcom.com
*Attorneys for Plaintiff Dr. Jassin Jouria*

Philip E. Rothchild, Esq.
Holland & Knight LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Email: phil.rothschild@hklaw.com
*Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE*

John P. Kern, Esq.
Jessica E. Lanier, Esq.
Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Email: john.kern@hklaw.com
         jessica.lanier@hklaw.com
*Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE*

Peter A. Chiabotti
Florida Bar No. 0602671
Akerman LLP
peter.chiabotti@akerman.com
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Facsimile: (561) 659-6313
*Attorney for Third Party Defendant Elite Continuing Education, Inc.*

J. Mark Wilson (*pro hac vice*)
markwilson@mvalaw.com
Kathryn G. Cole (*pro hac vice*)
katecole@mvalaw.com
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-1000
Facsimile: (704) 331-1159
*Attorneys for Third Party Defendant Elite Continuing Education, Inc.*