UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)

CASE NO.:15-61165-CIV-DIMITROULEAS

DR. JASSIN JOURIA

    Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

    Third Party Defendant.
_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXPERT WITNESS' JAMES E. PAMPINELLA TESTIMONY AND EXCLUDE HIS REPORT UNDER FED.R.CIV.P. 26 AND 37**

    COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully moves this court for an order striking Defendant's, CE Resource, Inc.'s d/b/a CME Resource and NetCE ("Defendant"), proposed damages expert, Mr. James E. Pampinella, ("Pampinella"), and excluding his expert report. Defendant disclosed Pampinella to Plaintiff for the first time on November 16, 2017, one day after the close of discovery. *See* DE76.[1] Defendant also served Pampinella's expert report at the same time.

    Defendant's untimely disclosure of Pampinella and his report was neither substantially justified nor harmless. Because disclosure occurred after the close of discovery,

---

[1] Discovery cutoff was November 15, 2017.

Plaintiff does not have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses within the time permitted for discovery. *See* Fed.R.Civ.P. 26(a)(2)(advisory committee notes). Accordingly, Defendant should be precluded from calling Pampinella as an expert witness, or using his information, "on a motion, at a hearing, or at a trial." Fed.R.Civ.P. 37(c)(1).

**FACTUAL BACKGROUND**

On October 21, 2016, Defendant filed its amended counterclaim against Plaintiff, and raised three claims: copyright infringement, breach of contract, and unfair business practices under California state law. DE 36. On May 8, 2017, after several stays of the action, the court re-opened the case. DE 65. On May 24, 2017, the parties filed their Revised Joint Scheduling Report. DE 70. In that report, Defendant sought an expedited discovery track.[2] Plaintiff and Defendant Elite Continuing Education, Inc. ("Elite") requested a standard-track for discovery. *Id*.

On May 30, 2017, the court entered its scheduling order setting the trial date and discovery deadline. DE 76. The court agreed with the Defendant in setting the discovery deadline, in that it followed Defendant's proposed expedited track. The court ordered a "Discovery Cutoff" date of November 15, 2017. The court did not parse out in its "Discovery Cutoff" date a separate date for facts and another for experts. In setting the discovery cutoff, the court "considered the parties' suggested discovery schedule." DE 76, ¶3.[3]

Despite the court scheduling order setting the discovery deadline for November 15,

---

[2]An expedited track is one in which "discovery shall be completed within the period of ninety (90) to 179 days from the date of the scheduling order." L.R. 16.1(a)(2)(A).

[3]The Defendant's scheduling proposal had separate fact and expert discovery cutoff dates; Plaintiff's and Elite's joint proposal did not. *See* DE 70.

2

2017, Defendant first disclosed to Plaintiff its purported damages expert Pampinella, and produced his expert report, after the close of discovery on November 16, 2017.  *See* Exhibit 1.  At no time prior to November 16, 2017 did Defendant inform Plaintiff that a damages expert was retained or would be used in this case, or even disclose his name, though Defendant had such knowledge well prior to the disclosure.  Defendant has yet to supplement its witness disclosures under Fed.R.Civ.P. 26(a) and (e) to identify Pampinella.  In addition, even though Defendant knew that its disclosure of Pampinella and the production of his report were going to be untimely, it failed to file a motion for an extension of time in advance of the discovery cutoff to support its delay.  *See* Fed.R.Civ.P. 29; L.R. 26.1(a).[4]

At the parties meet and confer under Local Rule 7.1(a)(3), Defendant, through its counsel, Mr. John Kern, acknowledged that the Pampinella report was served "15 minutes late," on November 16, 2017.  However, Mr. Kern contended that that delay did not render the disclosure of Pampinella and is report untimely.  This acknowledgment by Mr. Kern confirms that he was aware that November 15, 2017 was the discovery cutoff for all discovery, including expert discovery.

**LEGAL ARGUMENT**

Defendant's untimely disclosure of Pampinella was not substantially justified and creates immeasurable harm to Plaintiff and his ability to prepare for trial.  "[T]he expert disclosure rule is intended to provide opposing parties with a 'reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.' *Sherrod v. Lingle*,

---

[4]In fact, Defendant did file a motion for extension of time on November 15, 2017 for the limited purpose of serving two non-party subpoenas.  *See* DE 142.  Thus, Defendant's decision not to seek an extension of time to serve its damages expert disclosure requirements was apparently intentional.

223 F.3d 605, 613 (7th Cir. 2000) (quoting Fed. R.Civ.P. 26(a)(2) advisory committee's note)." *Reese v. Herbert*, 527 F.2d 1253, 1265 (11th Cir. 2008). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). Substantial justification is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682 (M.D. Fla. 2010). A failure to make the required disclosures timely is harmless when there is no prejudice to the party entitled to receive disclosure. *Id.* at 683.

The party failing to comply with Rule 26(a) bears the burden of establishing that its nondisclosure was either substantially justified or harmless. *Id*. Here, Defendant cannot meet its burden that its untimely expert disclosure was either substantially justified or harmless.

There is no substantial justification for Defendant to have failed to disclose Pampinella timely. The obvious strategy of Defendant was to gain a tactical advantage over Plaintiff and prevent him from preparing for effective cross examination or for arranging for rebuttal expert testimony. Defendant was fully aware of the November 15, 2017 discovery cutoff. It filed its amended counterclaim more than one year before that cutoff date, and could easily have retained an expert within that time to allow it to disclose its expert timely. It also had approximately six months from the date of the scheduling order to arrange for the retention of experts. Defendant knew that it would need an expert to prove damages based upon the Defendant's own sales information. Defendant was aware of Pampinella well before the close of discovery, otherwise, he would not have been able to issue his report, dated November 15, 2017, when it was served on November 16, 2017,

unless he reviewed all information he required and wrote his report on November 15, 2017.

Further, Defendant may not avail itself of the default deadline set forth in Federal Rule 26(a)(2)(D) to assert that its expert disclosures are timely: "A party must make these [expert] disclosures at the times and in the sequence that the court orders. *Absent a stipulation or a court order*, the disclosures must be made...(i) at least 90 days before the date set for trial or for the case to be ready for trial...." Fed.R.Civ.P. 26(a)(2)(D)(i)(Emphasis Added).  The default deadline of the Federal Rule does not come into play because the court issued a scheduling order setting "Discovery Cutoff" for November 15, 2017.

> Rule 26 provides the controlling deadline only in the absence of a scheduling order issued by the trial court. See Fed. R. Civ. P. 26(a)(2)(D) (providing deadlines that apply "[a]bsent a stipulation or a court order"). When, as in this case, the court has entered a scheduling order, the court's deadlines control. The fact that the disclosures complied with the general default deadlines embodied in the Federal Rule is therefore irrelevant because the disclosures did not comply with the trial court's unambiguous deadlines.

*Knight through Kerr v. Miami-Dade County*, 856 F.3d 795, 812 (11th Cir. 2017).  *See also Hassebrock v. Bernhoft*, 815 F.3d 334, 341(7th Cir. 2016)(fact that court ordered that "[d]iscovery shall be completed by 5/10/2014" and referred to that date as the "close of discovery" even though the order didn't say "*all* discovery shall be completed" by that date "hardly matters. The addition of the word 'all' would have been superfluous.").  Here, again, the court entered its scheduling order for a November 15, 2017 discovery cutoff.  DE 76.  The court clearly announced in that order that it considered the parties' suggested discovery schedule. *Id.* ¶3.  The order is clear and unambiguous. Given that the court considered and rejected the Defendant's separate fact and expert discovery cutoff proposal, the omission of the superfluous word "all" to "Discovery Cutoff" creates no ambiguity.

5

The local rules do not permit expert discovery now because discovery is complete. *See* L.R. 26.1(d). Certainly Defendant could have sought an extension of time, *see* n.4, *supra*, to offer an expert name and report timely, yet, it failed to do so. This failure precludes any finding of substantial justification for the rules' violations. *See S.O.S. Resource Services, Inc. v. Bowers*, Case No. 14-Civ-22789-COOKE/TORRES, *4 (S.D. Fla. November 4, 2015)(failure to seek a continuance of pretrial deadlines).

To the extent Defendant retained Pampinella late into discovery, Defendant only has itself to blame. A review of the report shows Pampinella's opinion of damages is based exclusively upon the sales records of Defendant. Thus, Defendant had all of the information it needed from its own records from the inception of this action to provide to an expert in order for that expert to prepare a timely report.[5] Even if Pampinella's report was delayed by some missing information other than Defendant's sales records, there is no excuse for Defendant not to have identified Pampinella by name when he was retained. *See Reese v. Herbert*, 527 F.2d at 1265. Additionally, Pampinella would have been free to supplement a timely served report even if he did need documents or information he did not have from Defendant's sales records. *Id*. at 1266. "'Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational.' *Cooper v. S. Co.*, 390 F.3d 695, 728 (11th Cir. 2004), overruled on other grounds by *Ash v. Tyson*

---

[5]At the Rule 30(b)(6) deposition of Defendant, the corporate designee, Ms. Sarah Campbell, when asked why Defendant's sales figures (without any claim or assertion that they were the basis of any expert report) were first produced on November 10, 2017 (and received by Plaintiff on November 11, 2017) four days before the deposition when Defendant had them from the "very beginning," replied, "I'm not aware of any specific reason." *See* Exhibit 2, Campbell depo. p. 267, lines 14-25.

*Foods, Inc.*, 546 U.S. 454, 457-58, 126 S.Ct. 1195, 1197-98, 163 L.Ed.2d 1053 (2006) (citing *Sherrod*, 223 F.3d at 613)." *Id.*

Defendant was required to make its disclosure of expert testimony "at the times and in the sequence that the court orders." Fed.R.Civ.P. 26(a)(2)(D). This disclosure necessarily would have been well in advance of discovery cutoff to allow Plaintiff to take Pampinella's deposition, engage a rebuttal expert, permit that rebuttal expert to review Pampinella's report, and then give Defendant time to depose Plaintiff's rebuttal expert. That Plaintiff could not conduct expert deposition discovery of Pampinella until "after [his] report [was] provided," Fed.R.Civ.P. 26(b)(4)(A), serving the report after discovery cutoff was extraordinarily harmful to Plaintiff.

In *De Armas v. Miabraz, LLC*, Case No. 12-20063-CIV-COHN/SELTZER, 2012 U.S. Dist. LEXIS 104834 (S.D. Fla July 27, 2012), this court confronted a similar issue. In *De Armas*, the expert was only first disclosed on the final day of discovery. Judge Cohn recognized that the disclosing party had six months to complete discovery, like Defendant had here. "The obvious implication of that deadline was that each party would need to disclose any expert witnesses well before [the deadline] so that the other side could seek discovery from those experts." *Id*. at *2. Finding no sufficient explanation for the disclosure delay, Judge Cohn found no substantial justification for it. Furthermore, because the expert disclosure occurred on the last day of discovery, the court found the delay to be harmful, because it prevented the opposing side from engaging in expert discovery.

Similarly, in *Cruz v. United States*, Case Number: 12-21518-CIV-MORENO, (S.D. Fla. January 22, 2013), the court faced the same issue as in *De Armas* but with respect to both expert witnesses and expert reports. In *Cruz*, the plaintiff first disclosed his expert witness after the close

of discovery by three weeks. He also failed to "submit the proper expert documentation prior to the discovery deadline" for other purported experts. *Id*. *7-8. Relying on *De Armas*, the court struck the experts and excluded their reports as untimely, without substantial justification, and finding the delay was harmful because the opposing side did not have sufficient time, after discovery cutoff, to engage in expert discovery. *Id*.

In the present case, Defendant had all of the information Pampinella used to formulate his opinion from the commencement of the action. The court accepted Defendant's expedited-track discovery schedule. Defendant was well aware that the court did not provide a separate cutoff for expert discovery. There was no substantial justification for Defendant to have failed to name Pampinella and disclose his report until after the close of discovery. The delay is harmful to Plaintiff, as it was to the affected parties in *De Armas* and *Cruz*, because he is now unable to engage in expert discovery.

Compliance with Rule 26 is not aspirational. *Reese*, *supra*. Defendant should not be saved from its failure to abide by the rules of court, and the court's scheduling order discovery deadline. Pursuant to Rules 26 and 37, Pampinella should be stricken from testifying in this action, and his report should be excluded.

**CONCLUSION**

Because Defendant's delay in providing the name of Pampinella and his report was neither substantially justified nor harmless, Plaintiff respectfully moves for an order striking Pampinella as Defendant's expert witness,[6] and excluding his expert report from use in this action.

---

[6]Plaintiff reserves his right to file a Daubert motion as well, which is not due until 60 days before the calendar call. *See* DE 76.

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(a)(3)

Plaintiff hereby certifies compliance with L.R. 7.1(a)(3). The parties met by telephone on Monday, November 20, 2017, but could not resolve the issues raised by this motion.

Respectfully submitted,

/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

## **CERTIFICATE OF SERVICE**

        I HEREBY CERTIFY that on November 22, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                          s/Richard S. Ross
                                          Richard S. Ross, Esq.

**SERVICE LIST**
Dr. Jassin Jouria v. CE Resource, et al.
Case No.: 15-61165-CIV-DIMITROULEAS
United States District Court, Southern District of Florida
**(Ft. Lauderdale Division)**

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*


J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*