## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA

       Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

       Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Defendant/Third Party Plaintiff,

v.

Elite Continuing Education, Inc. and Alpine
Management Services III, LLC,

       Third Party Defendant.

_____

**CE RESOURCE, INC.'s d/b/a CME RESOURCE and NETCE'S PARTIAL APPEAL OF
MAGISTRATE JUDGE SNOW'S OMNIBUS ORDER (DKT. 145)**

## I. Introduction

Magistrate Judge Snow's Omnibus Order is "contrary to law" in several respects. NetCE is entitled to have *all* responsive documents produced to it in the unobjected-to specifications it outlined in its written requests for production. NetCE is also entitled to the production of documents and the provision of information pursuant to its Requests for Production and Interrogatories—which seek highly relevant documents and information. And, finally, NetCE is entitled to depose Dr. Jouria on a topic upon which he refused to testify at his deposition based on an improper objection as to relevance.

NetCE respectfully requests this Court sustain NetCE's objections to the Omnibus Order (as articulated below) and order the compliant production of all responsive documents, the production of documents responsive to requests described below, responsive answers to the identified interrogatories, and the requested additional deposition testimony.

## II. Factual and Procedural Background

### A. NetCE's Motions to Compel

#### 1. Requests for Production

On September 8, 2017, after meeting and conferring with opposing counsel, NetCE filed two motions to compel. (Dkt. 100 and 101.) One of these motions concerned Dr. Jouria's production of documents responsive to NetCE's Requests for Production in the specifications it laid out in its Requests. Plaintiff Dr. Jassin Jouria had produced (some) responsive documents twice, but, each time he produced documents, produced the documents (i) in an improper format (not as ordinarily kept); (ii) without the metadata NetCE described in its Requests; (iii) without Bates numbers; and (iv) not unitized.[1] Dr. Jouria did not object to NetCE's specification in his written responses to NetCE's Requests, and, therefore, waived the right to object to NetCE's specifications at a later date. (Ex. A to Lanier Declaration ("Lanier Decl.") in support of Dkt. 100.)

---

[1] By "unitized," NetCE means documents as individual documents. Dr. Jouria's counsel (or, perhaps, Dr. Jouria) had grouped several individual documents together and produced the compilation as a singular document. Not only does this format fail to produce document(s) as they are ordinarily kept, it unfairly places the burden of unitizing the documents (for NetCE's own review and categorization) onto NetCE.

Dr. Jouria also refused to produce documents responsive to certain requests (Requests for Production 26, 27, 28, and 37) on the ground of relevance. *Id.* Requests 26, 27, and 37 seek financial documents (for example, bank and currency exchange accounts, documentation of Dr. Jouria's tangible and intangible assets.). Request 28 seeks documents regarding Dr. Jouria's conflict with the Education Commission for Foreign Medical Graduates ("ECFMG").

ECFMG is a credentialing body for graduates of medical schools located outside in the United States. As NetCE understands (and as Dr. Jouria testified at his deposition), to practice medicine in the United States, a physician must be credentialed by ECFMG. (Ex. 2 to Dkt. 130.) Based on NetCE's information and belief, and as alleged in NetCE's counterclaims (Dkt. 36), a conflict arose between ECFMG and Dr. Jouria regarding his submission of false letters of recommendation. NetCE discovered this conflict *after* it had contracted with Dr. Jouria in reliance on Dr. Jouria's assurances that he was appropriately credentialed by ECFMG . The discovery of this issue with his credentials led NetCE to conclude that it would no longer contract with Dr. Jouria and to further investigate his credentials and vet his submissions. Moreover, whether Dr. Jouria submitted false letters of recommendation, of course, has direct bearing on his verisimilitude and his reliability as a witness.

2. Interrogatories

The second motion to compel filed on September 8, 2017 concerned Dr. Jouria's responses to NetCE's Interrogatories. (Dkt. 101.) Dr. Jouria refused to respond to Interrogatories 17 and 18, which sought Dr. Jouria's financial information, on the ground of relevance.[2] (Ex. E to Lanier Decl. in support of Dkt. 101.) At Dr. Jouria's deposition on September 28, 2017, he testified that he could not recall the date and amount of certain transactions with Elite and would need to refer to bank records in order to recall. (**Exhibit A** to Lanier Decl. in support of this Appeal, at p. 57, line 14 to p. 58, line 11 and at p. 125, line 20 to p. 126, line 13.)

---

[2] Dr. Jouria served his responses to these interrogatories several weeks late and therefore technically waived his rights to object to these Interrogatories or to refuse to reply all together.

3

3.     Deposition Testimony

On October 27, 2017, after in-person and telephone meet-and-confer sessions, NetCE filed a third motion to compel—this motion concerned Dr. Jouria's deposition testimony. (Dkt. 129.) At his deposition on September 28, 2017, Dr. Jouria refused to answer a series of questions about a dispute he had with ECFMG. (Ex. 2 to Dkt. 130 (Declaration of John Kern in support of Dkt. 129).) Dr. Jouria testified that he did not believe this information was "relevant." Counsel for NetCE explained to Dr. Jouria (and his counsel) that this was not an appropriate objection. Yet, Dr. Jouria continued to refuse to provide responsive information and, when NetCE's counsel asked him repeatedly to answer questions regarding the ECFMG conflict, Dr. Jouria's attorney objected that the matter was "asked and answered." [3]

Later that day, during Elite's examination of Dr. Jouria, Dr. Jouria seemed to change his mind regarding the relevance of his credentials and stated that he was appropriately credentialed. In response to Elite's questioning, Dr. Jouria expounded at length upon his credentials, his professional and personal credibility. Dr. Jouria also testified about his ethics and integrity in researching and citing sources in his course materials.

> Counsel for Elite, Kate Cole: Dr. Jouria, one of the topics of questioning earlier today was about your education and credentials. Do you remember that questioning?
> Dr. Jouria: Yes, somewhat.
> Ms. Cole: So, to be clear on this, you attended college?
> Dr. Jouria: Yes.

---

[3] After explaining what ECFMG was ("an education committee that I guess ensures foreign medical graduates receive the same medical education that United States graduates do"), Dr. Jouria testified, amidst his counsel's continuing objections as to relevance, that he did not think information regarding this conflict was "relevant," and he did not "feel like [he] need[ed] to answer." Dep. Tr. at p. 17, line 13- p. 19, line 16. Mr. Kern explained to Dr. Jouria (and to his counsel) that relevance was not an appropriate objection at a deposition and that Dr. Jouria was obligated to answer the question. *Id*. at p. 19, line 17- p. 21, line 9. Still, Dr. Jouria testified the information Mr. Kern sought (who sued whom, the nature of Dr. Jouria's underlying conflict with ECFMG) "was irrelevant." *Id.* at p. 19, line 16; p. 21, line 3. During his client's testimony, including when Dr. Jouria stated that the question was "not relevant" or "irrelevant," counsel for Dr. Jouria instructed his client to "Answer the question how you want to answer the question," and stated, after his client continued to insist the information was "irrelevant," that the questions about ECFMG were "asked and answered:" "[Dr. Jouria] thinks it is irrelevant. He is obviously choosing not to answer your question;" "You've asked the question three times. He's answered it three times. He considers the question irrelevant;" and "Same objection. Irrelevance. Asked and answered." Dep. Tr. p. 18, lines 10-11; p. 19, line 24-p. 20, line 2; p. 20, lines 7-11; p. 21, lines 1-2. (All deposition excerpts at Ex. 2 to Dkt. 30.)

4

>Ms. Cole: You attended medical school?
>Dr. Jouria: Yes.
>Ms. Cole: You passed your board exams?
>Dr. Jouria: Yes, all of them.
>Ms Cole: You have an M.D.?
>Dr. Jouria: Yes.
>Ms. Cole: You completed an internship?
>Dr. Jouria: Yes.
>Ms. Cole: You completed a residency?
>Dr. Jouria: Yes.
>Ms. Cole: You are licensed to practice medicine in Florida?
>Dr. Jouria: Yes.
>Ms. Cole: You are licensed to practice medicine in Indiana?
>Dr. Jouria: Yes.
>Ms. Cole: And in fact, you are now an emergency room physician; is that right?
>Dr. Jouria: That's correct.
>…
>Ms. Cole: Paragraph 30, I am going to read that. It says, "On information and belief, because he has not completed a residency, Dr. Jouria is not a licensed, certified or practicing physician in the United States." Did I read that -- did I read that correctly?
>Dr. Jouria: You read it correctly.
>Ms. Cole: That's not true, is it?
>Dr. Jouria: That's not true.

(Ex. 2 to Dkt. 130, at p. 206, line 22 – p. 209, line 4; *See also* Ex. 2 to Dkt. 130, at p. 228, line 20 – p. 229, line 2.)

### B.    Magistrate Judge Snow's Order

On November 9, 2017, counsel for Dr. Jouria and counsel for NetCE argued each of these three motions before Magistrate Judge Snow and, on November 16, 2017, Magistrate Judge Snow issued an Omnibus Order (Dkt. 145) granting in part the Motions to Compel regarding Requests for Production (Dkt. 100) and Interrogatories (Dkt. 101) and denying the Motion to Compel additional Deposition Testimony (Dkt. 129). Pertinent to this appeal, Magistrate Judge Snow ordered:

- Dr. Jouria to produce documents responsive to Requests for Production 1, 3, 5-7, 19, 30, and 35 with all NetCE-requested metadata.

- Dr. Jouria's objections as to relevance for Requests for Production 27 and 37[4] (which sought Dr. Jouria's financial information) were sustained. Magistrate Judge Snow stated that the requests, as stated, were overbroad and were not relevant to the claims and defenses in the case.

- Dr. Jouria's objections as to relevance for Request for Production 28 (which sought information regarding Dr. Jouria's conflict with ECFMG) were sustained. Magistrate Judge Snow stated that the request was not relevant to the claims and defenses in the case.

- Dr. Jouria's objections as to relevance for Interrogatories 17 and 18 (which sought Dr. Jouria's financial information) were sustained. Magistrate Judge Snow stated that the interrogatories were not relevant to the claims and defenses in the case.

- Magistrate Snow denied NetCE's motion to compel additional deposition testimony on the subject of Dr. Jouria's conflict with ECFMG. Though she cautioned Dr. Jouria that refusal to answer a question based on relevance is not a proper objection at deposition, Magistrate Judge Snow stated that this topic was not relevant to the claims and defenses in the case.

Respectfully, NetCE believes these discrete parts of the order are contrary to well-established law.

### III.    Argument

####    A.    Standard of Review

Federal Rule of Civil Procedure 72 provides that a district court judge may modify or set aside any part of a magistrate judge's order on a non-dispositive matter if objections are timely filed and if the challenged portion or the magistrate's order are "clearly erroneous or contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A) (district judge may "reconsider any pretrial matter,"

---

[4] At the hearing, Dr. Jouria's counsel indicated that he was not withholding documents subject to his objection to Request for Production 26, which sought "Documents sufficient to Identify intangible and tangible assets you owned or own, in whole or in part or in which you have an unvested interest, from 2014 to present."

such as a discovery order where the moving party shows the magistrate judge's order is "clearly erroneous or contrary to law") and Local Magistrate Judge Rule 4(a)(1) for the Southern District of Florida.  A finding is "clearly erroneous" when, although there may be some evidence to support it, the reviewing court, when reviewing the evidence in its entirety entire evidence is left with the "definite and firm" conviction that the order on review is a mistake.  *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997).  An order is "contrary to law" when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Tolz v. Geico Gen. Ins. Co.*, No. 08–80663–CIV, 2010 WL 384745, at *2 (S.D. Fla. Jan. 27, 2010).

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  The scope of discovery under Rule 26(b)(1) is to be broadly and liberally construed.  *See Hickman v. Taylor*, 329 U.S. 495, 506, 67 S.Ct. 385, 91 L.Ed. 451 (1947) (stating deposition discovery rules are to be accorded broad and liberal treatment); *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir.1985) ( "The Federal Rules of Civil Procedure strongly favor full discovery whenever possible.").  Courts must consequently employ a liberal and broad scope of discovery in keeping with the spirit and purpose of these discovery rules. *Rosenbaum v. Becker & Poliakoff, P.A.*, 708 F. Supp. 2d 1304, 1306 (S.D. Fla. 2010) (collecting cases) ("Indeed, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues…. Nor is discovery limited to the merits of the case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." (citations omitted)).

  **B.**  **Production of Documents According to NetCE's Specifications**

In its written Requests for Production, NetCE provided detailed, explicit instructions for the production of documents responsive to its requests, including metadata components, file format, and Bates-labeling.  In his written objections and responses to these Requests, Dr. Jouria did not object to NetCE's specifications.  Dr. Jouria therefore waived any objection to these specifications and was obligated to produce all documents in keeping with NetCE's requested specifications. Fed. R. Civ. P. 34(B)(2)(D); *Bray & Gillespie Management LLC v. Lexington*

7

*Ins. Co.*, 259 F.R.D. 568, 585-87 (holding party violated Federal Rule of Civil Procedure 34 by failing to produce ESI in form specified by requesting party).

To order otherwise, as Magistrate Judge Snow did[5], is "contrary to law."  This Court should overturn this portion of Magistrate Judge Snow's Omnibus Order and order Dr. Jouria to produce *all* responsive documents according to the specifications NetCE set forth in its un-objected to written Requests for Production.

      **C.**      **Production of Documents and Interrogatory Responses Concerning Dr. Jouria's Financial Information**

Requests for Production 27 and 37[6] and Interrogatories 17 and 18[7] concern Dr. Jouria's financial holdings, transactional records, and related information.  In his written objections (and his oppositions to NetCE's Motions to Compel, Dkt. 110 and 111), Dr. Jouria argued that NetCE was not entitled to seek and obtain such information until the damages phase of this litigation or until judgment had been entered.  However, ample case law contradicts this incorrect position, implicitly adopted by Judge Snow in the Omnibus Order, and supports NetCE's entitlement to seek documents and information about Dr. Jouria's financial history and position.

Dr. Jouria's financial information is highly relevant to this case.  The documents NetCE seeks will demonstrate, at minimum: (i) whether Dr. Jouria has sold the Infringed Courses to other CE providers, as yet unknown to NetCE; (ii) if such sales occurred, the amount Dr. Jouria was paid for such transactions; (iii) whether Dr. Jouria was paid by Elite for consulting or other services; (iv) the timing and amount of payments Dr. Jouria received from Elite; and, yes, (v) Dr.

---

[5] The Omnibus Order orders the production of compliant documents responsive to only a select number of Requests.

[6] Request for Production 27 seeks: "All Documents submitted to federal Bankruptcy Courts in furtherance of cases You initiated from 2015 to present."  Request for Production 37 seeks: "All statements from bank accounts or digital money transferring services (by way of illustration PayPal and Venmo) You own in whole or in part and/or into which you have deposited or withdrawn moneys from 2012 to present."  (Ex. A to Lanier Decl. in support of Dkt. 100, at p. 9 and 11.)

[7] Interrogatory 17 seeks: "Identify all assets to or in which You have any ownership interest, including tangible and intangible assets."  Interrogatory 18 seeks: "Identify by institution name, routing number, and account number all bank accounts You own in whole or in part and/or into which you deposit or withdraw moneys."  (Ex. E to Lanier Decl. in support of Dkt. 101 at p. 3.)

8

Jouria's ability to pay a settlement.[8]  *Farnsworth*, 758 F.2d at 1547; *Matter of Application of O'Keeffe,* 184 F. Supp. 3d 1362 (S.D. Fla. 2016) (sustaining objection to magistrate's order where magistrate erroneously determined information sought was irrelevant and ordering production).[9]

All of the arguments Dr. Jouria puts forward to prevent NetCE from discovering this information are flawed, and Magistrate Judge Snow's Omnibus Order is contrary to law.

First, NetCE made factual and legal allegations in its operative counterclaims for punitive damages.  (Dkt. 36.)  Financial information is unquestionably discoverable where the party seeking such information requests punitive damages.  *See, e.g., Austrum v. Federal Cleaning Contractors, Inc.*, 2015 WL 6555081 (S.D. Fla. 2015) ("Because Plaintiff has pled punitive damages in the Complaint, evidence of Defendant's financial worth is relevant."); *Rocket Real Estate, LLC v. Maestres*, 2016 WL 4917151 (S.D. Fla. 2016) (ordering defendant to produce financial records where punitive damages at issue); *Black v. Kerzner International Holdings, Limited*, 2013 WL 11971270 (S.D. Fla. 2013) (same); *Lane v. Capital Acquisitions*, 242 F.R.D. 667 (S.D. Fla. 2005) (same); *Gottwald v. Producers Grp. I, LLC*, No. 12-81297-CIV, 2013, WL 1776154, at * 2 (S. D. Fla. Apr. 25, 2013) (discovery of financial information including tax returns not premature in case where punitive damages asserted); *Pantages v. Cardinal Health 200, Inc.*, 2009 WL 1011048 (M.D. Fla. Apr. 15, 2009) (granting motion to compel and rejecting argument that evidence regarding financial worth is not material "until it becomes apparent that punitive damages can be awarded").

Second, in his oppositions to NetCE's motion to compel, Dr. Jouria argued, without support by controlling case law, that it was a "generally recognized proposition" of federal discovery law that financial information was not discoverable until the court rendered judgment.  (Dkt. 110, p. 3, FN 2.)  This, of course, is an inaccurate statement of the law: financial information is routinely discoverable in federal cases prior to the entry of judgment.  *See, e.g.,*

---

[8] This Court will likely recall that Dr. Jouria is a serial bankruptcy filer.  NetCE is justified in its wariness with respect to Dr. Jouria's financial position.
[9] This Court will recall that Dr. Jouria is a serial bankruptcy filer.  NetCE is justified in its wariness with respect to Dr. Jouria's financial position.

9

*Black*, 2013 WL 11971270 (discovery of financial worth allowed); *Ward v. Estaliero Itajai S/A*, 541 F. Supp. 2d 1344 (S.D. Fla. 2008) (same); *Pantages*, 2009 WL 1011048 (same).

Dr. Jouria also argued that financial discovery is an invasion of privacy in Florida. (Dkt. 110, p. 3, FN 2) This may be a correct statement of Florida state law and might be helpful were this case pending in a state court, but, in federal court, state court evidentiary rules do not trump the Federal Rules of Civil Procedure. It is black letter law that, where state evidence rules conflict with the Federal Rules of Civil Procedure in a case pending in a federal court, the Federal Rules control. In fact, many decisions have dealt with this conflict head-on.

In *Black v. Kerzner International Holdings, Limited*, Magistrate Judge Snow opined that Fla. Stat. Section 768.72's "discovery limitation conflicts with the scope of discovery mandated by FRCP 26, and, therefore, should not be applied in a federal diversity action." 2013 WL 11971270, at *3. In *Ward v. Estaliero Itajai S/A*, the court similarly opined that, where discovery breadth was concerned, Federal Rule of Civil Procedure 26 trumped Florida statute in federal court. 541 F. Supp. 2d at 1348 ("State law is of very little relevance to discovery in a federal action."). In *Pantages v. Cardial Health 200, Inc.*, the court noted that, in federal court, the requirements of § 768.72 were "directly at odds with the language of Rule 26(b) of the Federal Rules of Civil Procedure" and, due to the conflict, "[t]he Federal Rule simply applies." 2009 WL 1011048 at *3 ("while Florida is free to formulate its own rules for discovery, to the extent they conflict with the uniform rules of federal procedure they must be disregarded." Even the case Dr. Jouria cited to support his position is in line. *See NetJets Aviation, Inc. v. Peter Sleiman Development Group, LLC*, 2011 WL 6780879, at *6 (M.D.Fla.,2011) (privacy right under Florida state law does not prohibit discovery of financial records in every instance: "test is one of relevancy").

Finally, Dr. Jouria's counsel has said—and may reiterate, in his opposition to this appeal—that Dr. Jouria's testimony at his deposition negates NetCE's need for such documents. The exact opposite is true. At his deposition, Dr. Jouria testified that he was unable to remember the timing and amount of payments he received from Elite and that he would have to refer to his bank records to refresh his memory. (Ex. A to Lanier Decl. in support of this Appeal, at p. 57, line 14 – p. 58, line 11 and p. 125, line 20 – p. 126, line 13.) NetCE is entitled to these

10

documents (which are among the type of documents responsive to Request for Production 37 and possibly Request for Production 27) in order to compile relevant information that Dr. Jouria was incapable of providing *and* to determine whether certain of his accounts were accurate. *See Al-Ghena International Corp. v. Radwan*, 2014 WL 12657643 (S.D. Fla. 2014) (ordering production of financial information due to likelihood that information would at minimum lead to the discovery of admissible evidence); *see also Jimenez v. CAI International, Inc.*, 2012 WL 12895516, at *1–3 (S.D.Fla., 2012) (granting motion to compel granted where producing party failed to show requested discovery did not come within broad, liberal scope of relevance under Rule 26 or that requested discovery was of marginal relevance that harm of production outweighed ordinary presumption in favor of broad disclosures; financial records can be relevant, even if only for impeachment purposes); *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, 2008 WL 2645680 (S.D. Fla. June 26, 2008).

Magistrate Judge Snow's only reasoning for denying NetCE's motions to compel the production of documents responsive to these Requests and information responsive to these Interrogatories is that the requests are overbroad "as framed" and that the information sought is not relevant to this case. This is an incorrect basis and contrary to the law, as discussed above. The information and documents sought are highly relevant, and this Court should also overturn this portion of Magistrate Judge Snow's Omnibus Order and order Dr. Jouria to produce all documents responsive to Requests for Production 27 and 37 and to submit fulsome answers to Interrogatories 17 and 18.

### D. ECFMG Deposition Testimony and Documents

The details, timing, and resolution of Dr. Jouria's conflict with the ECFMG (which centered around accusations that he submitted false letters of recommendation) have direct bearing on Dr. Jouria's truthfulness and tendency for misrepresentation. As such, this information is relevant and useful, *at minimum*, for impeachment—regardless of whether the information is ultimately admissible at trial. *See Buckley Towers*, 2008 WL 2645680 at 2 ("But even if the information is only useful for purposes of impeachment or corroboration, it may still be discoverable whether or not it will ultimately be admissible in evidence at trial."); *Hickman v. Taylor*, 329 U.S. 495 (1947) ("such written statements and documents might, under certain

11

circumstances, be admissible in evidence or give clues as to the existence or location of relevant facts. Or they might be useful for purposes of impeachment or corroboration.")

Documents responsive to Request for Production 28[10] are relevant; it was an erroneous application of the law to deny NetCE's motion to compel such documents, and this Court should order Dr. Jouria to produce them.

At his deposition, Dr. Jouria refused to testify regarding his conflict with ECFMG. Objecting on this grounds—and refusing to testify—is, of course, highly improper at a deposition.  Fed. R. Civ. P. 30(c)(2); *Quantachrome Corp. v. Micromeritics Instrument Corp.*, 189 F.R.D. 697, 700 (S.D. Fla. 1999) (improper for witness to decline to answer question based on relevancy); *Gober v. City of Leesburg*, 197 F.R.D. 519, 520 (M.D. Fla. 2000) (refusing to answer deposition questions based on relevancy is improper and violates Federal Rules of Civil Procedure); *Fantroy v. Publix Super Markets, Inc.*, 2013 WL 12156111, at *3 (M.D.Fla., 2013) ("Whether the information obtained may be admissible as evidence at trial is immaterial. The information is relevant under Fed. R. Civ. P. 26(b)(1) since it may reasonably lead to the discovery of admissible evidence."); *Hernandez v. Hankook Tire America Corp.,* 2014 WL 3052545, at *2 (N.D. Ala. 2014) ("lack of relevance does not allow deponent to refuse to answer deposition questions").  Later in his deposition, when Dr. Jouria perceived it was to his advantage, he testified at length about his credentials and ethics in response to questioning by Elite.  Allowing a deponent to cherry pick the questions he answers is unfairly prejudicial.  It is unfairly prejudicial to NetCE to decline to order Dr. Jouria to answer questions NetCE posed regarding his credentials after he answered questions on that very topic *posed by another party*.

Magistrate Judge Snow's warning in her omnibus order ("However, Dr. Jouria is cautioned that he must answer deposition questions even if he believes they lack relevance.") acknowledges as much, but to no end.  It is useless to instruct Dr. Jouria that refusing to answer a question at deposition based on relevance is inappropriate: Dr. Jouria has already been deposed and the damage to NetCE has already been done.  The Omnibus Order creates perverse incentives for parties in this case—it gives them license to misbehave with utter impunity.

---

[10] Request 28 seeks: "All Documents reflecting, referring to, or related to Your conflict with the Education Commission for Foreign Medical Graduates."

12

NetCE is entitled to take Dr. Jouria's testimony on this subject, and this Court should order Dr. Jouria to so submit.

## IV. Conclusion

For all the reasons argued above, this Court should sustain NetCE's objections, as articuled, to the Omnibus Order, and (i) order Dr. Jouria to produce responsive documents to all Requests for Production following NetCE's specifications; (ii) order Dr. Jouria to produce documents responsive to Requests 27, 28, and 37 (and with the correct specifications); (iii) order Dr. Jouria to provide substantive and fulsome responses to Interrogatories 17 and 18; and (iv) order the supplemental deposition of Dr. Jouria on the topic of his conflict with ECFMG.

Dated: November 29, 2017

Respectfully submitted,

HOLLAND & KNIGHT LLP

/s/ *Philip E. Rothschild*
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

/s/ *John P. Kern*
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Jessica E. Lanier, Esq. (pro hac vice)
Email: Jessica.Lanier@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC. d/b/a
CME RESOURCE and NetCE

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 29, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Philip E. Rothschild*
Philip E. Rothschild

## **SERVICE LIST**

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC MAIL SERVICE]**

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**