**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS/SNOW**

DR. JASSIN JOURIA

      Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

      Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

      Third Party Defendant.

_____/

**PLAINTIFF'S MOTION TO QUASH RULE 45 SUBPOENA ISSUED BY DEFENDANT**
**NETCE TO NON-PARTY EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL**
**GRADUATES**

      COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully moves

this court for an order quashing Defendant's, CE Resource, Inc.'s d/b/a CME Resource and NetCE

("Defendant"), Fed.R.Civ.P. 45 subpoena seeking documents from non-party Educational

Commission for Foreign Medical Graduates ("ECFMG") who is located in Philadelphia,

Pennsylvania.  Fed.R.Civ.P. 45(d)(3).  Defendant's subpoena issued from this court on November

15, 2017, directing compliance within the Southern District of Florida (Fort Lauderdale, Florida),

with a return date of November 30, 2017. *See* Exhibit 1.  The subpoena was purportedly served on

November 28, 2017.  This court has jurisdiction to consider the motion as compliance is required

within this district.  Plaintiff has standing to seek to quash because he has a personal right in, and confidentiality to, those documents.[1]  Because the subpoena was apparently improperly served by fax, Exhibit 2 (letter from counsel for ECFMG dated November 28, 2017), it only allows for an unreasonable two (2) days to comply, *id*., the place of compliance is more than 100 miles from the location of the ECFMG, and the subpoena requires the disclosure of privileged or other protected matter, *id*., the court is required to quash or modify it.  *See* Fed.R.Civ.P. 45(d)(3)(A)(i-iii).

## FACTUAL BACKGROUND

Defendant served Plaintiff with notice of its intent to serve the ECFMG through a Rule 45 subpoena on November 15, 2017.  *See* Exhibit 1.[2]  The return date of the subpoena is November 30, 2017.

The subpoena is directed to the ECFMG located in Philadelphia, Pennsylvania, and demands compliance located at Defendant's counsel's law office in Fort Lauderdale, Florida.  *Id*. The subpoena commands the ECFMG to produce "[a]ll records related to Dr. Jassin Jouria's submission of materials to the Education Commission for Foreign Medical Graduates ("ECFMG), including records regarding the conflict between the ECFMG and Dr. Jouria regarding his submitted letters of recommendation." *Id*.  These records contain the personal and confidential submissions Plaintiff made to the ECFMG in 2007 in order to be certified by that entity as a foreign medical

---

[1]Separately, Plaintiff filed a motion for protective order, DE 148, in which his standing to seek protection is not an issue.  *See* Fed.R.Civ.P. 26(c)(1).  In that motion, Plaintiff moves for protection inasmuch as Defendant is requesting documents from the ECFMG that it was prohibited from obtaining directly from Plaintiff by this court's Omnibus Order, DE 145. Plaintiff incorporates his arguments raised in the motion for protective order as though fully set forth herein.

[2]The notice of intent to serve included a second non-party subpoena directed to the American Nurses Credentialing Center which is unrelated to this motion.

graduate.

## LEGAL ARGUMENT

On timely motion, the *court for the district where compliance is required* must quash or modify a subpoena...." Fed.R.Civ.P. 45(d)(3)(Emphasis added). The subpoena commands compliance at Fort Lauderdale, Florida. Thus, this court has jurisdiction to resolve the motion. *See Gibson v. Resort At Paradise Lakes, LLC*, Case No.: 8:16-cv-791-T-36AAS, *1-2 (M.D. Fla. February 27, 2017).

"A motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." *Bender v. Tropic Star Seafood, Inc.*, No. 4:07CV438-SPM/WCS, 2008 WL 2824450, at *2 (N.D. Fla. July 21, 2008) (quoting *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D. Kan. 1999)); *see also Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 555 (N.D. Ga. 2001) (collecting cases) ("[I]t appears to be the general rule of the federal courts that a party has standing to challenge a subpoena when she alleges a 'personal right or privilege with respect to the materials subpoenaed.'"). Here, Plaintiff has standing to move the court for an order quashing the ECFMG subpoena. The subpoena commands the ECFMG to produce its records regarding its certification of Plaintiff as a foreign medical graduate. Thus, he has a personal right in the records. Moreover, Plaintiff asserts that his records submitted to the ECFMG are confidential between him and the ECFMG. *See* Exhibit 3 (https://www.ecfmg.org/cvs/requests.html)("Requesting organizations must normally secure and retain the physician's signed authorization to obtain certification information.").

The timeliness of a motion to quash is determined relative to the return date of the

subpoena. "What constitutes timeliness" under Rule 45(d)(3)(A) "is not stated in the Rule." *Flynn v. Square One Distribution, Inc.*, No. 6:16-MC-25-ORL-37TBS, 2016 WL 2997673, at *1 (M.D. Fla. May 25, 2016). Nonetheless, "a motion to quash is generally considered timely if it is brought before the time indicated for compliance." *Id*. (internal quotations and citations omitted). *Accord Ocasio v. Nationstar Mortgage, LLC*, Case No: 2:17-cv-40-FtM-38MRM, *4 (M.D. Fla. November 1, 2017). Plaintiff's motion is timely under Rule 45(d)(3)(A). It is being filed before the return date of November 30, 2017. *See Ocasio v. Nationstar Mortgage, LLC*, Case No: 2:17-cv-40-FtM-38MRM, *4 (M.D. Fla. November 1, 2017).

The court is required to quash a subpoena that "fails to allow a reasonable time to comply." Fed.R.Civ.P. 45(d)(3)(A)(i). Here, Defendant has purportedly served, improperly by fax (Ex. 2), ECFMG with the subpoena on November 28, 2017 - two days prior to the November 30, 2017 compliance date. As such, the subpoena violates the Rule. *Id*. The Rule also provides for quashing a subpoena if it "requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed.R.Civ.P. 45(d)(3)(A)(ii). The place of compliance set forth in a subpoena for "production of documents...[must be] within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed.R.Civ.P. 45(c)(2)(A). Defendant's ECFMG subpoena requires compliance in Fort Lauderdale, Florida, which is more than 100 miles from the location of the ECFMG in Philadelphia, Pennsylvania, where it regularly transacts its business, *see* Exhibit 4 (https://www.ecfmg.org/contact.html); (Pennsylvania Department of State Entity Search), and where Defendant directed service of the ECFMG subpoena. Finally, the subpoena calls for the production of privileged and otherwise protected records in violation of Fed.R.Civ.P. 45(d)(3)(A)(iii). *See* Exhibit 2. Accordingly, the court is required to quash or modify the subpoena under Fed.R.Civ.P.

4

45(d)(3)(A)(i-iii) and 45(c)(2)(A).

**CONCLUSION**

WHEREFORE, Plaintiff respectfully moves for an order quashing the ECFMG subpoena.

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(a)(3)

Counsel for Plaintiff had a telephonic meeting with counsel for Defendant regarding the subject of this motion on November 20, 2017.  The parties could not reach any agreement.

Respectfully submitted,


/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 29, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


s/Richard S. Ross
Richard S. Ross, Esq.

**SERVICE LIST**
**Dr. Jassin Jouria v. CE Resource, et al.**
**Case No.: 15-61165-CIV-DIMITROULEAS**
**United States District Court, Southern District of Florida**
**(Ft. Lauderdale Division)**

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*