**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 0:15-cv-61165-WPD**

DR. JASSIN JOURIA

        Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

        Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Third Party Plaintiff,

v.

Elite Continuing Education, Inc. and Alpine
Management Services III, LLC,

        Third Party Defendant.

_____/

**CE RESOURCE, INC. D/B/A CME RESOURCE AND NETCE'S OPPOSITION TO
ELITE CONTINUING EDUCATION, INC.'S MOTION FOR PROTECTIVE ORDER
<u>REGARDING RULE 45 SUBPOENA TO AMERICAN NURSING CREDENTIALING
CENTER</u>**

CE Resource, Inc. d/b/a CME Resource and NetCE ("NetCE"), opposes Elite Continuing Education Inc.'s ("Elite's") Motion for Protective Order (Dkt. 155).  Documents related to Elite's accreditation—in particular, whether Elite submitted infringing material to the American Nursing Credentialing Center ("ANCC") as part of its application—have direct bearing on NetCE's assessment of harm, damages, and liability at issue in this case.  Elite's production does not contain a complete application, and NetCE has no other choice but to seek the remainder of Elite's application materials (and related responsive documents) from ANCC.

### Elite's ANCC Application and Related Materials Are Highly Relevant

In order to obtain a protective order, Elite must demonstrate "good cause" and make "a particular and specific demonstration of fact in support."  *Armor Screen Corp. v. Storm Catcher, Inc.*, No. 07-81091-civ., 2008 WL 5049277, at *3 (S.D. Fla. Nov. 25, 2008) (denying motion for protective order where information sought was relevant).  Elite cannot meet this burden: information regarding Elite's ANCC application and accreditation is highly relevant to determine the scope of damage Elite's infringement and misappropriation of trade secrets inflicted.  If Elite obtained customers after submission of *any* of NetCE's intellectual property to *any* accrediting body, but in particular to ANCC, NetCE's lost profits calculation expands dramatically.

Without accreditation, a provider is limited in its ability to permeate the market for continuing education ("CE") courses.  Meinyer Decl. at ¶¶ 4, 21.[1]  Practicing professionals in fields requiring licensure must complete a number of CE credits in designated time periods, and, for many professions, a certain number of those credits must come from an accredited provider. Many accrediting bodies exist, including state- and professional-specific bodies, and each has different requirements.  An accreditation from ANCC in particular is critical: for certain nursing specialties, a fixed percentage of CE credits must come from ANCC-accredited providers. Moreover, an accreditation from ANCC allows a CE provider to bypass approval by many individual state licensing or accreditation bodies.  *Id.* at ¶ 6.

When a CE provider applies for accreditation, it must submit comprehensive documentation of its research and development process of all of its course offerings, as well as a list of its past and current course offerings, process for determining and issuing credit, and process

---

[1] The Declaration of Erin Meinyer ("Meinyer Decl."), NetCE's founder, attached as Exhibit 1 to this Response, contains a comprehensive explanation of the importance of accreditation both the CE providers, generally, and to the trade secret allegations and damages in this case, specifically.

for collecting fees from customers.  *Id.* at ¶¶ 7-8, 20.  Accordingly, based on NetCE's own experience with ANCC[2], the volume and type of materials Elite produced is incomplete; NetCE believes ANCC may have additional responsive materials.  Meinyer Decl. at ¶¶ 8, 20.[3]

### NetCE Seeks Documents from ANCC Elite Apparently Does Not Have

The discovery NetCE seeks is not unreasonably cumulative or duplicative.  Fed. R. Civ. P. 26(b)(2)(C)(i); *DHL Express (USA), Inc. v. Express Save Industries Inc.*, 2009 WL 3418148, at *4 (S.D. Fla. 2009) (information sought not duplicative or cumulative where not yet provided or provided incompletely).[4]  In fact, what NetCE seeks from ANCC will complement Elite's production.  To date, Elite has produced: blank ANCC forms; ANCC-issued documents including a manual instructing CE providers how to apply for ANCC accreditation; three "activity files" for three Elite courses that appear to be prepared for ANCC; internal Elite documents regarding ANCC-compliance; and an email from ANCC acknowledging receipt of Elite's application and the granting of the accreditation.[5]  These materials, however, do not constitute a complete

---

[2]    The small amount of ANCC materials Elite produced to NetCE were marked Attorneys Eyes Only.  Counsel for NetCE did not show these materials to NetCE.  Rather, counsel asked NetCE to describe the volume of materials it submitted to ANCC and made a comparison.

[3]  Elite has likewise failed to show NetCE squandered an opportunity to obtain this information.  *See* Fed. R. Civ. P. 26(b)(2)(C)(ii).  Due to extensive motion practice, Elite only filed and served its Answer and Counterclaims to NetCE's allegations on July 31, 2017.  (Dkt. 93.)  NetCE served its Requests for Production of Documents on September 25, 2017.  On October 5, 2017, Elite served its written objections and responses and indicated it was not producing all responsive documents concerning Elite's accreditation.  (Ex. 2 to Dkt. 143.)  Elite also indicated it was not producing all responsive documents to certain other Requests.  (Elite's responses to these Requests *and* Elite's production of documents pursuant to those responses is the subject of an impending motion to compel. (Dkt. 143.))
      In a subsequent meet-and-confer, counsel for Elite asked that NetCE refrain from pushing for all documents responsive to the Requests at issue until Elite completed its planned production and NetCE had opportunity to review those documents.  Declaration of John Kern, Esq., attached as Exhibit 2, at ¶ 3.  In the spirit of avoiding unnecessary motion practice, NetCE agreed.  *Id.*  Elite issued its first production on October 5, 2017, and its final production (which included six documents related to Elite's ANCC application) on November 14, 2017.  Until November 15, 2017 (fact discovery cut-off), when NetCE was able to load the new documents into its review database, NetCE lacked sufficient information to vet the completeness of the body of Elite-produced documents.  *Id.* at ¶¶ 5-6.  In other words, NetCE was unable, until this point, to determine whether a subpoena to ANCC *was necessary*.
      To suggest, as Elite does in its Motion, that NetCE waited until the last minute to seek these documents is, at the very least, disingenuous.  NetCE did everything possible to avoid issuing subpoenas to third parties, including freezing service of the subpoena at issue until the parties could meet and confer.  *Id.* at ¶¶ 7-8.

[4]  Elite cites *Tara Prods. V. Hollywood Gadgets, Inc.*, 2014 U.S. Dist. LEXIS 35223, at *12 (S.D. Fla. Mar. 18, 2014) for the proposition that NetCE is attempting an end run around discovery rules.  This case, like many Elite cites, is inapposite.  In *Tara* this Court granted the motion to quash because the requesting party improperly served a Rule 34 subpoena *on a party* in order to force the party to produce documents on a quicker turnaround.

[5] NetCE describes these documents at a high level—and with little specificity—in keeping with the Protective Order and the Attorneys Eyes Only designation of many of these documents.

application to ANCC.[6]  If Elite maintains the documents it produced are all the responsive documents it has in its possession, custody, or control, NetCE is entitled to subpoena ANCC for materials Elite submitted to ANCC.[7]  Finally, as Elite's counsel insists, Elite's 30(b)(6) witness may very well testify it submitted no NetCE intellectual property or trade secrets to ANCC as part of its application materials—but NetCE, of course, is entitled to verify that expected testimony by examining the documents themselves.  *See Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, 303 F.R.D. 673, 678 (S.D. Fla. 2014) (rejecting moving party's argument that witness testimony supplants production of documents).

**Information NetCE Seeks From ANCC Is Not "Protected"**

Knowing that it lacks the power to modify or quash a subpoena, Elite also attempts to claim that the information sought is "protected."  *See Auto–Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429-30 (M.D.Fla. 2005) (no standing to quash subpoenas on ground of undue burden unless protected information sought).  Elite, however, cannot demonstrate that the subpoena to ANCC "requires disclosure of privilege or other protected matter" or that ANCC's compliance with the subpoena would be "harmful."  *See Malibu Media, LLC v. Doe*, 2014 WL 11958625, at *2–3 (S.D. Fla. 2014).

A Protective Order including Attorneys Eyes Only designation has been in place since October 13, 2017.  (Dkt. 118).  NetCE and Elite have produced thousands of pages with an Attorneys Eyes Only designation appended.  NetCE's subpoena pses no risk of harm to Elite—at all: NetCE would treat any materials produced by ANCC as Attorneys Eyes Only.  *Trinos v. Quality Staffing Services Corp*., 250 F.R.D. 696, 698 (S.D.Fla.,2008) (alleged harm to justify protective order must be significant, not mere trifle).  By producing (at least part of) Elite's ANCC application, Elite concedes that theses documents may be appropriately handled under the terms and designations of the Protective Order.  *See Ultratech International, Inc. v. Swimways Corporation*, 2009 WL 10671302, at *1 (M.D.Fla., 2009) (granting protective order and ordering production of documents where no stipulated protective order in place between parties).

---

[6] The exhibits attached to Elite's motion also do not constitute Elite's full application to ANCC for accreditation. Neither Exhibit B (an ANCC-issued manual for accreditation applicants) nor Exhibit C (a blank form) show what Elite submitted to ANCC in the course of its application for accreditation.

[7] Elite produced few ANCC-related materials: by default, any duplication between what Elite has produced to NetCE related to ANCC and what ANCC will produce to NetCE in response to its subpoena will be *de minimis*.  *See Lozman v. City of Riviera Beach*, 2013 U.S. Dist. LEXIS 197358 (S.D. Fla. Sep. 26, 2013) (subpoena duplicative where *exact same* third party had already been subpoenaed in prior lawsuit).

For all the reasons argued, this Court should deny Elite's Motion for a Protective Order.

Dated: December 4,  2017

Respectfully submitted,

HOLLAND & KNIGHT LLP

/s/ *Philip E. Rothschild*
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

/s/ *John P. Kern*
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Jessica E. Lanier, Esq. (pro hac vice)
Email: Jessica.Lanier@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC.
d/b/a
CME RESOURCE and NetCE

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on December 4, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

<u>*/s/ Philip E. Rothschild*</u>
Philip E. Rothschild

<u>**SERVICE LIST**</u>

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC MAIL SERVICE]**

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**