**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

DR. JASSIN JOURIA

    Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

    Third Party Defendant.
_____/

## PLAINTIFF'S MOTION TO ENFORCE LOCAL RULE PROTECTIVE ORDER AND FOR SANCTIONS

COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully moves this court for an order enforcing Local Rule 26.1(d), and forbidding Defendant, CE Resource, Inc.'s d/b/a CME Resource and NetCE ("Defendant"), from setting a discovery deposition after discovery cutoff in violation of the local rule. Plaintiff also moves for an order sanctioning Defendant or its counsel for violating the local rule. *See* Fed.R.Civ.P. 37(b).

Defendant served the attached Notice of Subpoena for Deposition commanding Defendant Elite Continuing Education, Inc. ("Elite"), to appear at its oral deposition pursuant to

Fed.R.Civ.P. 30(b)(6). Exhibit 1.[1] Defendant set the deposition for December 12, 2017.[2] *Id*. However, discovery was cutoff by court order on November 15, 2017. *See* DE 76.

Local Rule 26.1(d) provides for relief to parties when discovery is not completed by discovery cutoff, including a provision "obviat[ing] the need to...move for a protective order." *Id*. Sanctions for violating this protection include forbidding the discovery, *see* Fed.R.Civ.P. 26(c)(1)(A), and monetary sanctions under Fed.R.Civ.P. 37(b)(2)(C).

In *United States v. Gary L. Marder, D.O.*, Case No. 1:13-cv-24503-KMM at n.2 (S.D. Fla. May 18, 2016)(Moore, C.J.), the court noted that "[a]n agreement to conduct a deposition after a court ordered discovery deadline expressly violates the Local Rules...Failure by the party seeking discovery to comply with this paragraph obviates the need to respond or object to the discovery, appear at the deposition, or move for a protective order." *Id*. (quoting S.D. Fla. L.R. 26.1(d)). In *Marder*, counsel agreed to set an oral discovery deposition after discovery. Chief Judge Moore refused to consider the deposition testimony filed in support of certain pending motions because the deposition was taken after discovery cutoff in violation of L.R. 26.1(d).

Plaintiff objects to Defendant taking the Elite deposition because discovery cutoff has already occurred. Additionally, Plaintiff will be prejudiced if the deposition proceeds because he will either be required to compensate his legal counsel to attend,[3] or will not be able to afford his

---

[1] The exhibit comprises a renewed notice. Defendant initially served notice of the Elite Rule 30(b)(6) deposition on October 20, 2017 to be taken on November 5, 2017.

[2] Apparently by agreement with counsel for Elite.

[3] The fee expense exists even though counsel had previously, prior to the discovery cutoff, agreed to allow Plaintiff's counsel to attend by telephone when the initial notice was served. *See* n.1, *supra*. Timely depositions of Plaintiff and Defendant took more than seven (7) hours each, and it is likely Elite's deposition will last as long.

counsel and therefore he will not have legal representation at the deposition. Plaintiff has previously advised the court of his precarious financial condition. *See* DE 17, 55 (Plaintiff's notice of two bankruptcy filings).

WHEREFORE, Plaintiff respectfully moves for an expedited order forbidding the Elite deposition from proceeding, and an order sanctioning Defendant equal to the expense to bring and prosecute this motion.

### CERTIFICATE OF PRE-FILING CONFERENCE

Pursuant to L.R. 7.1(a)(3), counsel for Plaintiff and Defendant conferred by telephone on November 20, 2017 regarding the subject of this motion, and again by telephone and e mail on December 4, 2017. Defendant will not cancel the Elite deposition set for December 12, 2017.

Respectfully submitted,

/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on December 5, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                s/Richard S. Ross
                Richard S. Ross, Esq.

SERVICE LIST
Dr. Jassin Jouria v. CE Resource, et al.
Case No.: 15-61165-CIV-DIMITROULEAS
United States District Court, Southern District of Florida
(Ft. Lauderdale Division)

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*


J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*