UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA

    Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

    Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Third Party Plaintiff,

v.

Elite Continuing Education, Inc. and Alpine
Management Services III, LLC,

    Third Party Defendants.

_____/

## NOTICE OF SUBPOENA FOR DEPOSITION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Please take notice that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant and Third Party Plaintiff CE Resource, Inc. d/b/a CME Resource and NetCE ("NetCE"), will take the videotaped deposition of the below named, at the location, on the date and at the hour indicated:

| DATE & TIME | NAME | LOCATION |
|---|---|---|
| December 12, 2017, at 9:30 a.m. | Elite Continuing Education, Inc. ("Elite") | Moore & Van Allen's offices: 100 North Tryon Street Suite 4700 Charlotte, NC 28202-4003 |

The deposition will be taken before a Notary Public or other person duly authorized by law to administer oaths, and will be conducted pursuant to the provisions of the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules and shall continue from day to day until completed. The deposition will be recorded by stenographic means and videotape.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Elite must designate one or more witnesses (persons most knowledgeable and prepared) to testify on Elite's behalf regarding the Areas of Inquiry set forth in Attachment 1, attached hereto. Elite must also, to the extent Elite has not produced documents responsive to NetCE's Request for Production, produce all documents responsive to the Requests in Attachment 2, attached hereto.

#53986111_v3

Dated: November 30, 2017                                  Respectfully submitted,

                                                          HOLLAND & KNIGHT LLP


                                                          /s/ Philip E. Rothschild
                                                          Philip E. Rothschild
                                                          Florida Bar No. 0088536
                                                          Email: phil.rothschild@hklaw.com
                                                          HOLLAND & KNIGHT LLP
                                                          515 East Las Olas Blvd., 12th Floor
                                                          Fort Lauderdale, FL 33301
                                                          Telephone: (954)525-1000
                                                          Facsimile: (954)463-2030

                                                          /s/ John P. Kern
                                                          John P. Kern, Esq. (pro hac vice)
                                                          Email: john.kern@hklaw.com
                                                          Jessica E. Lanier, Esq. (pro hac vice)
                                                          Email: Jessica.Lanier@hklaw.com
                                                          HOLLAND & KNIGHT LLP
                                                          50 California Street, Suite 2800
                                                          San Francisco, CA 94111
                                                          Telephone: (415)743-6918
                                                          Facsimile: (415)743-6910
                                                          Attorneys for CE RESOURCE, INC.
                                                          d/b/a
                                                          CME RESOURCE and NetCE

## Attachment 1 – Appearance for Deposition

## DEFINITIONS

The Definitions and Instructions set forth in NetCE's First Set of Requests for Production to Elite and First Set of Interrogatories to Elite are incorporated by reference.

## AREAS OF INQUIRY

1. Elite's responses to each of NetCE's First Set of Requests for Production to Elite.

2. Documents Elite produced to NetCE.

3. Elite's responses to each of NetCE's First Set of Interrogatories to Elite.

4. Elite's operative answer and counterclaims in this Lawsuit.

5. Elite's marketing or other promotion of the Infringing Courses.

6. Elite's policies, procedures, and practices relating to copyright notices or copyright marking of its products, courses, and materials, including, but not limited to, instances in which such policies, procedures and practices were not followed or otherwise complied with.

7. Elite's policy (or policies) and practice used to ensure compliance with federal copyright law, including but not limited to, any diligence Elite took upon receiving written materials from Dr. Jouria to determine a third party did not own the rights to the materials and/or the materials were not previously published.

8. Any efforts or processes Elite undertook to edit, curate, fact-check, and/or seek permission to republish elements (for example, illustrations, tables, and photographs) of all written materials Dr. Jouria submitted to Elite.

9. Software programs or other analytical methods Elite used to compare materials Dr. Jouria submitted to Elite with work NetCE published, copyrighted or work Dr. Jouria submitted to NetCE.

10. Elite's involvement in the creation, production, curation, editing, writing, and/or distribution of the Infringing Courses drafted by Dr. Jouria for Elite.

11. Elite employees or third parties acting at Elite's behest or direction who worked with Dr. Jouria regarding the Subject Matter of the Infringing Courses.

12. Any and all third parties involved in the editing, curating, fact-checking, permission-seeking, and/or publishing of the Infringing Courses.

13. Agreements between Elite and Dr. Jouria.

14. Communications between Elite and Dr. Jouria.

15. Elite's relationship to Dr. Jouria, including, without limitation, the first contact with Dr. Jouria, any collaborative projects done with Dr. Jouria, positions Dr. Jouria has held with Elite, and positions Dr. Jouria currently holds with Elite.

16. Agreements between Elite and Alpine.

17. Communications between Elite and Alpine.

18. Elite's knowledge of communications between Alpine and McKissock, LLC ("McKissock") and/or any of McKissock's affiliates or agents.

19. Elite's relationship with Alpine, any of its current or former parent companies, affiliates, or subsidiaries, and/or any of its current or former employees, managers, or leaders.

20. Elite's knowledge of the impact of the Alpine divestiture of McKissock on Alpine revenues, operations, and value.

#53986111_v3

21. Elite's knowledge of McKissock's and/or Alpine's considered or potential investment in NetCE.

22. Elite's knowledge of the Freelance Writer Agreements between NetCE and Dr. Jouria.

23. Elite's knowledge of NetCE's copyrights to the Seven Courses.

24. Elite's knowledge of Dr. Jouria's relationship and/or communications with NetCE.

25. Information Alpine shared with Elite about its continuing medical education competitors or the continuing medical education competitive landscape.

26. Gross and net revenue Elite received from courses Dr. Jouria submitted to Elite, courses containing materials Dr. Jouria submitted to Elite, and courses reflecting, referring, or related to the Subject Matter of any materials Dr. Jouria submitted to Elite.

27. Elite's revenue and financial performance.

28. Elite's costs in curating and/or editing the Infringing Courses.

29. The corporate structure and history of Elite from 2010 to present, including ownership composition and composition of Elite's board.

30. Elite's accreditations and attempts at receiving accreditations, including without limitation applications to accrediting bodies; materials submitted with and/or relied upon in such applications; accreditations granted; received; and/or maintained; accreditations rejected; and accreditations maintained.

#53986111_v3

**Attachment 2 – Request for Production of Documents**

Elite must also, to the extent Elite has not produced documents responsive to NetCE's Request for Production, produce all documents responsive to the Requests herein.

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on November 30, 2017, I served the foregoing document this day on all counsel of record identified on the attached Service List via Email and U.S. Mail.

               /s/ Denise Harmon
               Denise Harmon

**SERVICE LIST**

Richard S. Ross, Esq.
915 S.E. 2 Court
Ft. Lauderdale, FL  33301
Email:  prodp@ix.netcom.com
*Attorneys for Plaintiff Dr. Jassin Jouria*
**[VIA U.S. MAIL]**

Peter A. Chiabotti, Esq.
Akerman LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Email: peter.chiabotti@akerman.com
*Attorneys for Elite Continuing Education, Inc.*
**[VIA U.S. MAIL]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Email:  markwilson@mvalaw.com; katecole@mvalaw.com
*Attorneys for Elite Continuing Education, Inc.*
**[VIA U.S. MAIL]**

#53986111_v3