**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

DR. JASSIN JOURIA

Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

Third Party Defendant.
_______________________________________/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT NETCE'S PARTIAL APPEAL OF MAGISTRATE JUDGE SNOW'S OMNIBUS ORDER (DKT. 145)**

COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully responds in opposition to Defendant's, CE Resource, Inc.'s d/b/a CME Resource and NetCE ("Defendant"), partial appeal of Magistrate Judge Snow's Omnibus Order ("Order").[1] Because Defendant's motion is not timely, and the Order is neither clearly erroneous nor contrary to law, Plaintiff respectfully asks the court to deny the motion.

**FACTUAL BACKGROUND**

Plaintiff filed his declaratory action seeking a determination of no copyright infringement, and no breach of certain contracts entered into between Plaintiff and Defendant. DE

---

[1]DE 145.

1. Defendant thereafter countersued Plaintiff alleging, by amendment, among other things, that Plaintiff violated seven statutory copyright registrations (Claim One), that he breached certain contracts relating to the works allegedly covered by the copyright registrations (Claim Two), and that he committed unfair business practices under California state law allegedly based upon the same conduct asserted to support Defendant's copyright infringement and breach of contracts claims (Claim Five).[2] *See* DE 36.

On May 30, 2017, the court issued its scheduling order, DE 76, and, thereafter, discovery commenced. An unrelated discovery dispute arose between Plaintiff and Defendant. The court sanctioned Defendant for its discovery abuse. *See* DE 97.

In a separate discovery dispute pertinent to Defendant's present partial appeal motion, On November 9, 2017, the court heard argument on: (1) Defendant's motion to compel responses to requests for production and for production of documents (DE 100); (2) Defendant's motion to compel responsive answers to interrogatories (DE 101); and, (3) Defendant's motion to compel deposition testimony (DE 130).[3] Magistrate Snow issued her oral order from the bench upon the conclusion of argument, granting in part and denying in part two of the motions, DE 100, 101. The Magistrate Judge fully denied Defendant's motion to compel deposition testimony, DE 130. That ruling was memorialized on November 16, 2017 in writing. *See* DE 145. Magistrate Snow did not order sanctions for or against either party as part of the Order.

In connection with the present motion, the Defendant has not attached any of its

---

[2]The court recently granted judgment in favor of Plaintiff on Defendant's Claim Five. DE 162.

[3]The motion to compel deposition testimony actually sought to compel the continued deposition testimony of Plaintiff on the issue of his certification as a foreign medical graduate.

motions to compel as exhibits. Defendant chose not to file a transcript of the November 9 hearing, though it ordered it that day, and requested a fourteen (14) day turnaround. *See* DE 153-1. Earlier in these proceedings, Defendant recognized that the transcript would be "very useful, if not required, for NetCE's appeal of the Omnibus Order." DE 153, n.3. Despite this admission to the court, this reviewing court is now left with no record of the arguments of counsel, or of Magistrate Snow's oral pronouncement made at the hearing.

**LEGAL ARGUMENT**

Defendant complains of three alleged errors committed by the Magistrate. First, it decries the ruling in which Plaintiff was required to produce certain documents in Defendant's requested format and not others. Second, Defendant contends that Magistrate Snow's ruling was contrary to law because it concluded that Defendant's pre-judgment financial document discovery and information requests were overly broad and not relevant to its claims and defenses under Fed.R.Civ.P. 26(b)(1).[4] Finally, with respect to Plaintiff's certification as a foreign medical graduate by the Educational Commission for Foreign Medical Graduates ("ECFMG"), Defendant complains that the Magistrate erred when she determined that the matter was not relevant to Defendant's claims and defenses, both as to Request for Production No. 28, and Defendant's desire to reconvene Plaintiff's deposition to inquire into that subject.

In response, Plaintiff submits that Defendant's motion is untimely. As a result, the motion should be denied. The court's oral ruling on the discovery motions occurred on November 9, 2017. Defendant had fourteen (14) days to appeal the Magistrate's ruling. *See* Fed.R.Civ.P. 72(a),

---

[4] The Magistrate found that Request for Production Nos. 27 and 37 were "overbroad as framed and lack[ed] relevance to the claims and defenses in this case." DE 145, p. 3.

and it missed this deadline. As to substance, the Magistrate did not clearly err in her orders or issue a ruling that was contrary to law. She agreed with Defendant that Plaintiff was to produce the moved-for documents in the requested format, to which Plaintiff had agreed. DE 145, p.3. She also appropriately sustained Plaintiff's objections to information seeking overly broad pre-judgment financial information, and information regarding Plaintiff's foreign medical certification, as not relevant to Defendant's claims and defenses.

**1. Defendant's Motion Is Untimely**

Defendant apparently made a conscious decision not to provide this court with a copy of the November 9th hearing transcript. Without it, the court, sitting in a reviewing capacity, is hard pressed to determine whether the Magistrate committed any error regarding her oral rulings. Plaintiff submits that Defendant did not provide the court with the transcript because it proves the Magistrate issued her ruling on November 9, and not on November 16, 2017 when she **memorialized** that ruling by her Order. In fact, the Order clearly and unequivocally states: "This Order memorializes the Court's ruling from the bench." *Id.*, p.1. As such, the 14 day time deadline to appeal her decision began to run from that date.

Rule 72(a) of the Federal Rules of Civil Procedure provides, in pertinent part:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. **A party may not assign as error a defect in the order not timely objected to.**

*Id*. (Emphasis Added). The committee notes explain that "[a]n oral order read into the record by the magistrate will satisfy this requirement" of preserving the record to facilitate review. *See* Notes of

Advisory Committee on Rule 1983. *See also Woltmann v. Chicago Gridiron, LLC*, Case No. 11 C 5994, at *2 (N.D. Ill. May 3, 2012)("The Advisory Committee Notes clarify that, while Rule 72(a) calls for a written order, an 'oral order read into the record by the magistrate will satisfy this requirement.'"). An oral order can trigger the fourteen-day window for filing objections. *See Scharff v. Claridge Gardens, Inc.*, No. Civ. 2047, 1990 WL 186879, at *7, (S.D.N.Y. Nov. 21, 1990). *See also Samad Brothers. Inc. v. Bokara Rug Co., Inc.*, No. 09 Civ. 5843 (JFK), at *7 (S.D.N.Y. Sept. 9, 2011)(appeal under Rule 72(a) that was filed after 14 days from the oral ruling was untimely); *Lerma v. URS Fed. Support Services*, 2011 U.S. Dist. LEXIS 66451, Case No. 1:11-cv-00536-LJO-MJS, at *7 (E.D. Cal. June 22, 2011)("Where a Magistrate Judge is considering a pretrial matter not dispositive of a party's claim, Fed. R. Civ. P. 72(a) does not require the Magistrate Judge to issue a written order."). *See also Jain v. Memphis-Shelby County Airport Auth. & Serv. Mgmt. Sys.*, 2010 U.S. Dist. LEXIS 8032, 9-10 (W.D. Tenn. Jan. 29, 2010).

As a result, Defendant had until November 24, 2017 (November 23, 2017 was a legal holiday), to move for its partial appeal. Because Defendant did not do so until November 29, 2017, the motion is untimely[5] under Rule 72(a). Defendant has attempted to "assign as error a defect in the order," *id*., but the rule does not allow it to do so in an untimely fashion. Further, it was disingenuous at best, and misleading at worst, for Defendant not to inform the court in its motion that Magistrate Snow issued her ruling on November 9th from the bench.[6] Perhaps Defendant chose

[5]And prejudicial to Plaintiff. Defendant is well aware of the financial difficulties of Plaintiff, and his prior need to seek protection under bankruptcy. *See* DE 17, 18, 55, 58. Every motion the well-heeled Defendant files, including this one, requires the Plaintiff to expend legal fees in order to respond.

[6]Defendant failed to advise the court of the oral order, completely omitting this fact from the motion. *See* motion, p. 5 ("On November 9, 2017, counsel for Dr. Jouria and counsel for

not to file the transcript for this very reason.

The rules of civil procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. Defendant's attempt to subvert the time deadline in Rule 72(a) thwarts the "just, speedy, and inexpensive" aim of the rules.

**2. The Magistrate's Rulings Were Not Clearly Erroneous or Contrary to Law**

To the extent the court proceeds with the untimely motion and in the absence of the transcript of the hearing, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A), this court reviews the Magistrate Judge's Order to determine whether it is "clearly erroneous or contrary to law." *See In re Commr's Subpoenas*, 325 F.3d 1287, 1292 n.2 (11th Cir. 2003). Findings of fact "are 'clearly erroneous when, although there is evidence to support [them], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246 (11th Cir. 2002) (citing *Univ. of Georgia Athletic Ass'n v. Laite*, 756 F.2d 1535 (11th Cir. 1985)). A review of the Magistrate Judge's application of the law is *de novo*, as the "application of an improper legal standard... is never within a court's discretion." *Id*. (internal citation omitted).

**a. Production of Select Documents According to Defendant's Format**

Defendant asserts that Magistrate Snow improperly applied a legal standard when she ordered Plaintiff to produce certain documents with all metadata. At the hearing, Plaintiff informed

---

NetCE argued each of these three motions before Magistrate Judge Snow and, on November 16, 2017, Magistrate Judge Snow issued an Omnibus Order (Dkt. 145) granting in part the Motions to Compel regarding Requests for Production (Dkt. 100) and Interrogatories (Dkt. 101) and denying the Motion to Compel additional Deposition Testimony (Dkt. 129).").

the Magistrate that he had produced responsive documents in a .pdf format. At a meet and confer with counsel, Plaintiff agreed to produce files with metadata. In this regard, Plaintiff informed Magistrate Snow that he hired an ESI vendor to meet the format request of Defendant, and served the documents a second time with metadata. Thereafter, when Defendant filed its motion to compel the production of documents, DE 100, for the first time it complained that the metadata documents still did not meet its needs. Accordingly, at the hearing, Plaintiff advised the court that he has always been willing to work with Defendant to get it responsive documents in the requested format.

The court acknowledged Plaintiff's willingness to produce, for a third time, the same documents to Defendant, and orally ordered Plaintiff to produce documents responsive to Req. Nos. 1, 3, 5-7, 19, 30 and 35 with all metadata. The Magistrate also ordered Plaintiff to produce responsive documents to Req. Nos. 16 and 19. The Magistrate did not order Plaintiff to produce documents in response to Req. No. 29 (documents that Plaintiff received from Defendant from 2012 to the present).

Defendant contends as error that the Magistrate should have ordered Plaintiff to produce all documents in its requested format. The problem here is not that the Magistrate's ruling was contrary to law, but that Defendant's motion identified only the select discovery responses.[7] The Magistrate considered every specific request raised by Defendant in its motion. The Defendant's failure to argue every request is not the fault of the Magistrate because she ruled only on the requests before her. If the Magistrate's ruling was problematic for Defendant, it was free to seek clarification at the hearing, but it did not. Defendant's failure to address the matter with the Magistrate at the

[7]Plaintiff responded to a number of the production requests that he did not have responsive documents.

hearing constitutes a waiver. The Magistrate's ruling was not contrary to law.

**b. Financial Discovery**

Defendant complains that it is entitled to financial discovery sought by its Req. Nos. 27 and 37, and Int. Nos. 17 and 18. Magistrate Snow sustained Plaintiff's objections and ruled that, as framed, this discovery was overly broad, and not relevant to the Defendant's claims and defenses. Defendant's motion does not address the Magistrate's finding that the discovery is overly broad,[8] and fails to cite any authority why that finding is clearly erroneous. As for the relevance of the financial discovery to the Defendant's claims and defenses, notably absent from Defendant's argument is any discussion of those claims and defenses. *See* Fed.R.Civ.P. 26(b)(1)("Parties may obtain discovery regarding any nonprivileged matter that is **relevant to any party's claim or defense**")(Emphasis Added). The omission is intentional, because there is no relevance between the pre-judgment financial information sought, and Defendant's statutory copyright infringement and breach of contracts claims.

Defendant's argument rests solely on its prayer for punitive damages. While financial information may be discoverable when punitive damages are supportable by pending claims, Defendant cites no authority for the proposition that punitive damages are available for either of the claims at issue here. As a matter of law, Defendant is not entitled to punitive damages for copyright infringement or breach of contract.

"[P]revailing case law is clear that punitive damages are not available in a statutory copyright infringement action." *Calio v. Sofa Express, Inc.*, 368 F.Supp.2d 1290, 1291 (M.D. Fla.

---

[8] It sought responsive documents for assets and bank/money account information owned, or co-owned, by Plaintiff, without regard to source.

2005). *See Budget Cinema, Inc. v. Watertower Associates*, 81 F.3d 729, 733 (7th Cir. 1996)("the Copyright Act contains no provision for treble damages ... and punitive damages are similarly unavailable in such suits."); *On Davis v. The Gap Inc.*, 246 F.3d 152, 1272 (2d Cir. 2000)("The district court correctly held that [the plaintiff] is not entitled to punitive damages under the Copyright Act.").

"[C]ourts have uniformly rejected requests for punitive damages for mere breach of contract, regardless of the breaching party's conduct or motives." *Allapattah Services, Inc. v. Exxon Corp.*, 61 F.Supp.2d 1326, 1328 (S.D. Fla. 1999). *See* Restatement (Second) of Contracts § 355 (1981)[9]. In fact, "[n]ot only are intentional breaches exempt from punitive claims, they are sometimes encouraged." *Allapattah Services, Inc. v. Exxon Corp.*, 61 F.Supp.2d at 1328.

It is a generally recognized proposition of federal discovery law that a litigant is prohibited from discovery of an opponent's assets until a judgment against the opponent has been rendered. *Resolution Trust Corp. v. Thornton*, 41 F.3d 1539, 1547 (D.C. Cir. 1994). Financial discovery invades a party's expectation of privacy in Florida. If financial discovery is not relevant to the claims and defenses raised, pre-judgment financial disclosure is not appropriate. *See Netjets Aviation, Inc. v. Peter Sleiman Dev. Grp. LLC*, Case No. 3:10-cv-483-J-32MCR (M.D. Fla. Dec. 27, 2011).

Defendant has made no argument before this court explaining why financial

---

[9]The Restatement specifically provides that: "Punitive damages are not recoverable for a breach of contract unless the conduct constituting the breach is also a tort for which punitive damages are recoverable." Restatement (Second) of Contracts § 355. As commentary, the restatement expresses that "the purposes of awarding contract damages is to compensate the injured party." *Id*. § 355, cmt. a. It goes on to reiterate that "the purpose of awarding damages is still compensation and not punishment, and punitive damages are not appropriate." *Id*.

disclosure is relevant to its claims and defenses, just like it failed to do so before Magistrate Snow. Her ruling sustaining Plaintiff's financial discovery objections was not contrary to law.

**c. ECFMG Discovery**

Finally, Defendant complains that the Magistrate erred in sustaining Plaintiff's objections to discovery regarding his certification from the ECFMG in 2007, years before the parties met, regarding his foreign medical graduate degree.[10] Plaintiff has provided a copy of the certificate from the ECFMG to Defendant proving that he is certified. Yet, Defendant wants to take additional discovery regarding a former dispute between Plaintiff and the ECFMG, that was fully resolved in Plaintiff's favor, to which his certification is evidence. Like its request for financial discovery, Defendant fails to connect the dots...to show that Plaintiff's certification is relevant to Defendant's claims of copyright infringement or breach of contract. Of course, this is because it is not.

Recognizing the lack of any relevance, Defendant seeks the information based upon "at minimum," impeachment. *See* motion, p. 11. "However, 'the mere surmise that production might reveal impeaching matter [is] not sufficient to justify production.'" *Campbell v. Moon Palace, Inc.*, Case No. 11-60274-CIV-COHN/SELTZER, 2011 WL 3648562, at *10 (S.D. Fla. August 19, 2011) (citation omitted)(quoting 8 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2025 (1994)). "Courts, therefore, have limited discovery of impeachment evidence to that which would likely lead to admissible evidence. One factor courts have considered in determining whether to permit discovery of impeaching evidence is whether the party seeking

---

[10] In connection with Plaintiff's deposition, Plaintiff moved for an order concluding it based upon the ECFMG line of questioning. *See* Fed.R.Civ.P. 30(d)(3); DE 137. Magistrate Snow denied the motion as moot, because she earlier denied Defendant's motion to compel the continued deposition of Plaintiff. *See* DE145, 160.

disclosure has a foundation or factual basis for its inquiry." *Id*. The *Campbell* court considered the following in concluding that production of information for impeachment purposes would not be required: "Defendant has failed to proffer any explanation how the documents sought would be used as impeachment; it has failed to provide any factual basis for its inquiry. Indeed, Defendant merely contends that impeaching documents are discoverable."[11] Likewise, Defendant here has failed to explain the need for the ECFMG information other than by claiming that it is discoverable. Defendant's inability to explain a foundation or factual basis for the inquiry at the discovery hearing supports Magistrate Snow's ruling, and that she committed no clear error in sustaining the objection.

**CONCLUSION**

Defendant's partial appeal motion is untimely. It also fails to show how Magistrate Snow's oral order is clearly erroneous or contrary to law, in any respect. Accordingly, Plaintiff respectfully requests an order denying the present motion.

---

[11]Because "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness...," Fed.R.Evid. 608(b), Plaintiff's past conduct with the ECFMG is not admissible to attack Plaintiff's character for truthfulness. At the hearing, the Magistrate questioned Defendant's counsel about the inadmissibility of the purported conduct, and counsel provided no adequate explanation.

Respectfully submitted,

/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 6, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Richard S. Ross
Richard S. Ross, Esq.

**SERVICE LIST**
**Dr. Jassin Jouria v. CE Resource, et al.**
**Case No.: 15-61165-CIV-DIMITROULEAS**
**United States District Court, Southern District of Florida**
**(Ft. Lauderdale Division)**

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL 33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*