## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA,

       Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

       Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Defendant/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

       Third Party Defendants.

_____/

**CE RESOURCE, INC. d/b/a CME RESOURCE and NETCE's**
**RESPONSE IN OPPOSITION TO JOURIA'S MOTION TO STRIKE NETCE'S EXPERT**
**WITNESS JAMES E. PAMPINELLA TESTIMONY AND EXCLUDE HIS REPORT**

1

NetCE opposes Dr. Jouria's Motion To Strike NetCE's Expert Witness James E. Pampinella's Testimony and Exclude His Report (Dkt. No. 156) ("Motion"), because NetCE timely disclosed and produced the at-issue report. The scheduling order in this case did not include an expert disclosure deadline, therefore the applicable deadline under the Federal Rules of Civil Procedure is 90 days prior to the date the case is to be ready for trial, or December 12, 2017. Even if the Court construes November 15th as the discovery deadline, NetCE's 27-minute delay in formal service of the expert report is both harmless and excusable. NetCE repeatedly has offered to make its expert available for deposition on a date convenient for Dr. Jouria and Elite. Dr. Jouria's counsel has known since the case was filed that damages were a significant issue in the case. Counsel for NetCE raised the fact of its impending expert report on multiple occasions, throughout discovery, and it is undisputed that counsel for Dr. Jouria was on notice that a damages expert was going to be retained weeks before the November 15, 2017 discovery cut-off.

**A.     Background**

On May 30, 2017, this Court entered its Order Setting Trial Date & Discovery Deadlines (Dkt. 76) ("Scheduling Order"), setting Calendar Call for March 9, 2018, and the trial period to commence on March 12, 2018. Although both NetCE and Jouria had included an expert report exchange deadline in their respective schedules (Dkt. 70), the Court declined to specify an expert report disclosure deadline in the Scheduling Order. The Court did, however, set a specific deadline for Daubert motions directed at any such experts for January 8, 2018 ("Daubert Motions –60 days before Calendar Call"). The discovery cutoff was set for November 15, 2017, while a separate Substantive Pretrial Motions deadline was set for December 15, 2017.

NetCE formally served its expert disclosures with a written report from expert James Pampinella of Navigant Consulting just minutes after midnight Eastern time the night of November

15, 2017, the close of discovery. (Dkt 156-1.) Lead counsel for NetCE is based in San Francisco, and although NetCE believed the expert report service date was still four weeks away (explained below), counsel intended to serve the report on November 15, 2017. Declaration of John Kern ("Kern Decl.") at ¶ 9. Due to the time difference with the San Francisco, the report was not formally served until 12:27 AM, on November 16, 2017.

Counsel for Dr. Jouria is incorrect, however, that service of the expert report was the first time he learned of a damages expert from Navigant Consulting. NetCE lead counsel John Kern raised the issue of an expert report with counsel for Dr. Jouria on multiple occasions during the course of discovery, including at a discovery hearing before Judge Snow (when she inquired about pending discovery), during a break in the deposition of Dr. Jouria, back on September 28, 2017, and in numerous emails regarding NetCE's production of expert reliance materials leading up to NetCE's disclosure and production of the report. Kern Decl., ¶¶ 3-5, 7-8.

On November 10, 2017, NetCE informed counsel for Dr. Jouria by a letter emailed to him that the documents relied upon by the damage expert from Navigant Consulting were being mailed to him by UPS Next Day Air.[1] See Letter to Richard Ross, dated November 10, 2017, Exhibit 1 to Kern Decl. Furthermore, counsel for NetCE has previously informed counsel for Dr. Jouria that the expert, Mr. Pampinella, was available for deposition (and he still is), and that NetCE had no opposition to Jouria's retention of a rebuttal expert, allowed under the Rules to be disclosed 30 days after service of NetCE's expert report. Kern Decl., ¶¶ 10, 12.

---

[1] The documents were made available on a File Transfer Site on November 9, 2017, to counsel for third party defendant Elite Continuing Education. Because counsel for Dr. Jouria has insisted throughout this litigation on receiving produced documents on a physical flash drive, as opposed to immediate availability through the now standard use of file transfer software, it necessarily takes an additional day or two to get a flash drive delivered to Dr. Jouria's counsel.

**B.     The Expert Disclosure Deadline is December 12, 2017, Pursuant to the Court's Scheduling Order and the Federal Rules of Civil Procedure**

Rule 26(a)(2)(D)(i) of the Federal Rules of Civil Procedure states that: "Absent a stipulation or a court order, the [expert] disclosures must be made (i) at least 90 days before the date set for trial or for the case to be ready for trial. . . ."  In this case, because the Scheduling Order did not set a date for disclosure of expert reports, that date is December 12, 2017, 90 days from the beginning of the trial period.  This interpretation is supported by the remaining deadlines within the Scheduling Order itself, which provides for a January 8, 2018 deadline for Daubert Motions directed to any experts.

The case law relied upon by Dr. Jouria is all distinguishable.  For example, in *De Armas v. Miabraz* LLC, Case No. 12-20063-civ, 2012 WL 3067439, *1 (S.D. Fla. July 27, 2012), only the expert's name was first disclosed at a specific deadline for expert discovery, without service of a report at all.  In addition, the trial was just two months away, not almost four months as is the case here.  In *Cruz v. United States*, Case No. 12-21518-civ, 2013 WL 246763, *2 (S.D. Fla. Jan. 22, 2013), Cruz disclosed his expert three *weeks* after the discovery cutoff and eight days after the United States filed a summary judgment motion at the deadline for such motions.  Neither *De Armas* nor *Cruz* addressed NetCE's argument regarding the Rule 26(a)(2)(D)(i) default deadline of 90 days prior to the trial period for service of expert disclosures and reports.

The additional case law cited by Dr. Jouria is also distinguishable.  In *Knight through Kerr v. Miami-Dade County*, 856 F.3d 795, 811 (11th Cir. 2017), the district court's scheduling order contained a *specific expert report disclosure deadline.*  There is no dispute that a party cannot rely on the default deadline of Rule 26(a)(2)(D)(i) when the district court includes a specific expert report disclosure deadline.  But in the case at bar, there was no such deadline, and the inclusion of a January 8, 2018 Daubert motion deadline, several weeks after the summary judgment deadline, leads to the

4

eminently reasonable conclusion—uncontroverted by any agreement or order—that the expert report deadline was 90 days prior to the trial period, or December 12, 2017.

The one case that could support Dr. Jouria's argument, *Hassebrock v. Bernhoft*, 815 F.3d 334, 340-41 (7th Cir. 2016), is not binding authority, and it is distinguishable because in that case the expert report was disclosed 3 days after the discovery cutoff, as opposed to 27 minutes in this case. In addition, one month prior to the discovery deadline at a hearing, the "Hassebrocks made it clear that they understood the May 10 deadline as the final date to conclude all discovery: They promised to disclose their expert's report 'well before the discovery cutoff of May 10, 2014.'" 815 F.3d at 341. In the present case, since the issuance of the Scheduling Order NetCE has been operating under the reasonable interpretation that given the lack of an expert disclosure deadline in the Order, and the inclusion of a January 8 Daubert motion deadline, that the expert report disclosure deadline was December 12, based upon the default date in the Federal Rules. Counsel for Plaintiff never informed NetCE that he took a different position—he waited until service of the report to move to strike the report. This Court should interpret its own order and conclude that NetCE's expert report disclosure is timely.

C. **If November 15 is Ruled to be the Deadline, the Report Should Not be Stricken as Service of the Report was Substantially Justified and Harmless**

After a review of the facts of this case and the case law relied by Plaintiff, even if the Court concludes that Plaintiff's interpretation that the Court had impliedly set an otherwise undisclosed expert report deadline for some point prior to November 15, 2017 is reasonable, it is just as reasonable for NetCE to conclude that the deadline was December 12, 2017. Most importantly, for purposes of this motion that seeks to strike the expert report under Rules 26 and 37, the service of the expert report

5

shortly after midnight on November 15, given the above explanation, is substantially justified under Rule 37(c)(1), as it is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply." *Cruz*, 2013 WL 246763 at *2 (internal citations omitted).

The service of the report just after midnight on November 15 is also harmless, despite Dr. Jouria's protestations to the contrary. NetCE previously had informed counsel for Dr. Jouria at the September 28 deposition that a damages expert was likely. Kern Decl. at ¶ 5. NetCE, through lead counsel John Kern, had let both Elite's counsel and Jouria's counsel know that NetCE has no opposition to service of a rebuttal report pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii), nor any opposition to counsel taking Mr. Pampinella's deposition. Kern Decl. at ¶¶ 8, 10, 12. Dr. Jouria's counsel, who markets himself as an experience I.P. practioner, should have known since the case was filed that damages were a significant issue. In any event, NetCE put him on notice that a damages expert report was forthcoming weeks before November 15, 2017. He cannot claim surprise, he has suffered no prejudice, and he still has ample time and opportunity before trial to choose whether to depose the expert, to provide a rebuttal report, or merely to challenge the report through a Daubert motion.

D.   **Conclusion**

Striking NetCE's expert under the above facts would be a harsh result in this instance. Given the lack of an expert disclosure deadline in the Scheduling Order, it was reasonable for NetCE to believe the disclosure deadline was December 12th, pursuant to the Federal Rules. NetCE did not wait until December 12th, but instead intended to serve the report on November 15th, and ended up serving it just minutes past midnight (Eastern). Given the amount of time left before the trial period, there is

ample time for Dr. Jouria to serve a rebuttal report, to take NetCE's expert's deposition, or merely to challenge the report through a Daubert motion.

Dated: December 6, 2017　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　HOLLAND & KNIGHT LLP

　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Philip E. Rothschild*
　　　　　　　　　　　　　　　　　　　　　　　　　　　Philip E. Rothschild
　　　　　　　　　　　　　　　　　　　　　　　　　　　Florida Bar No. 0088536
　　　　　　　　　　　　　　　　　　　　　　　　　　　Email: phil.rothschild@hklaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　HOLLAND & KNIGHT LLP
　　　　　　　　　　　　　　　　　　　　　　　　　　　515 East Las Olas Blvd., 12th Floor
　　　　　　　　　　　　　　　　　　　　　　　　　　　Fort Lauderdale, FL 33301
　　　　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (954)525-1000
　　　　　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (954)463-2030

　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ John P. Kern*
　　　　　　　　　　　　　　　　　　　　　　　　　　　John P. Kern, Esq. (pro hac vice)
　　　　　　　　　　　　　　　　　　　　　　　　　　　Email: john.kern@hklaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　Jessica E. Lanier, Esq. (pro hac vice)
　　　　　　　　　　　　　　　　　　　　　　　　　　　Email: Jessica.Lanier@hklaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　HOLLAND & KNIGHT LLP
　　　　　　　　　　　　　　　　　　　　　　　　　　　50 California Street, Suite 2800
　　　　　　　　　　　　　　　　　　　　　　　　　　　San Francisco, CA 94111
　　　　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (415)743-6918
　　　　　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (415)743-6910
　　　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for CE RESOURCE, INC.
　　　　　　　　　　　　　　　　　　　　　　　　　　　d/b/a CME RESOURCES and NetCE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 6, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Philip E. Rothschild*
Philip E. Rothschild

**SERVICE LIST**

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC MAIL SERVICE]**

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**