## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA

        Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

        Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC. and ALPINE
MANAGEMENT SERVICES III, LLC,

        Third Party Defendants.

_____/

### DECLARATION OF JOHN KERN IN SUPPORT OF
### NETCE'S RESPONSE TO DR. JOURIA'S MOTION TO STRIKE EXPERT REPORT

I, John Kern, declare as follows:

1. I am a partner with the law firm of Holland & Knight LLP, and I am duly licensed to practice law in the state of California. I am also admitted *pro hac vice* in the United States District Court for the Southern District of Florida, in the above-captioned case. I am one of the attorneys representing defendant CE Resource, Inc. d/b/a CME Resource and NetCE (hereafter, "NetCE").

2. I have personal knowledge of the circumstances described below and, if so called, can testify under oath regarding these events.

3. Counsel for Dr. Jouria is incorrect that NetCE's service of the expert report was the first time he learned of a damages expert from Navigant Consulting. On multiple occasions throughout the discovery period in this case, I raised the fact with counsel for both Dr. Jouria and for Elite (a third-party defendant in this case), that NetCE intended to produce an expert report on damages.

4. I recall, although I do not have the transcript to verify, that I stated in a hearing on August 24, 2017 before Magistrate Judge Snow (on Dr. Jouria's motion to compel) that NetCE intended to produce an expert report on damages (in response to Magistrate Snow's question about what discovery remained to be accomplished in the case).

5. I distinctly recall mentioning the same to Mr. Ross (Dr. Jouria's counsel) during a break in the deposition of Dr. Jouria, back on September 28, 2017, when we were discussing various scheduling issues.

6. NetCE formally retained Navigant Consulting to begin work on its expert damage analysis on November 1, 2017.

#54575632_v1

7.     On November 10, 2017, NetCE informed counsel for Dr. Jouria by a letter emailed to him that the documents relied upon by the damage expert from Navigant Consulting were being mailed to him by UPS Next Day Air.[1]  See Exhibit 1, attached hereto.

8.     On November 14, 2017, I emailed all counsel to inquire whether they shared NetCE's perspective that all parties should seek a brief extension of discovery so that, among other things, they could depose our expert and prepare an expert rebuttal report.  See Exhibit 2, attached hereto.

9.     On behalf of NetCE, I formally served the expert disclosures with a written report, from expert James Pampinella of Navigant Consulting, just minutes after midnight Eastern time the night of November 15, 2017, the close of fact discovery.  See Exhibit 1 to Motion to Strike (Dkt. 156-1).  The 27-minute lateness was inadvertent, due solely to my inattentiveness to the time difference between Florida and California (it was 9:27 p.m., my time).

10.    Both before our production of the expert report and on an all-counsel meet and confer teleconference on November 20, 2017, I made clear to counsel for Dr. Jouria that NetCE would make Mr. Pampinella available for deposition at the parties' convenience, and that NetCE had no opposition to Dr. Jouria's retention of a rebuttal expert or that putative expert's furnishing of an expert damage report.

11.    Mr. Ross markets himself as an experienced I.P. practitioner.  See website https://www.lawyers.com/fort-lauderdale/florida/richard-s-ross-778603-f/ (accessed December 6, 2017).  In this case he cannot claim surprise, he has suffered no prejudice, and he still has ample

---

[1] The documents were made available on a File Transfer Site on November 9, 2017, to counsel for third party defendant Elite Continuing Education.  Because counsel for Dr. Jouria has insisted throughout this litigation on receiving produced documents on a physical flash drive, as opposed to immediate availability through the now standard use of file transfer software, it necessarily takes an additional day or two to get a flash drive delivered to Dr. Jouria's counsel.

3

time and opportunity before trial to choose whether to depose the expert, to provide a rebuttal report, or merely to challenge the report through a Daubert motion.

12. NetCE's offer to make Mr. Pampinella available for deposition remains open.

I declare under penalty of perjury and the laws of the United States and Florida that the foregoing is true and correct.

Dated this 6th day of December, 2017

By: <i>/s/ John Kern</i><br>John Kern