UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA

    Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

    Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

    Third Party Defendants.

_____/

**CE RESOURCE, INC. d/b/a CME RESOURCE and NETCE's
RESPONSE IN OPPOSITION TO MOTION TO QUASH RULE 45 SUBPOENA TO
EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES**

NetCE opposes Dr. Jouria's Motion to Quash (Dkt. 161), because documents related to his dispute with the Education Commission for Foreign Medical Graduates ("ECFMG") directly impact Dr. Jouria's credibility, and Dr. Jouria has failed to show the documents NetCE seeks are privileged or protected.[1]

### Documents Concerning ECFMG Are Relevant

NetCE seeks documents from ECFMG regarding Dr. Jouria's application, in particular allegations Dr. Jouria submitted false letters of recommendation to ECFMG with his application. Dr. Jouria refused to produce responsive documents in his possession, custody, or control regarding this issue, and he inappropriately refused to answer questions about this topic at his deposition. Dr. Jouria's conduct—his unwillingness to produce responsive documents and his refusal to answer questions at his deposition—is directly responsible for the unfortunate flurry of motion practice before this Court on this issue. Dr. Jouria's refusal to follow the rules of discovery has left NetCE no choice but to seek the relevant information directly from ECFMG.

Relevant matter is broadly defined as information that "appears reasonably calculated to lead to the discovery of admissible evidence." *McMullen v. GEICO Indem. Co.*, No. 14-cv-62467, 2015 WL 2226537, at *2 (S.D. Fla. May 13, 2015). The details, timing, and resolution of Dr. Jouria's conflict with ECFMG (which centered around accusations that he submitted false letters of recommendation) have direct bearing on Dr. Jouria's truthfulness. As such, this information is relevant and useful, *at minimum*, for impeachment—regardless of whether the information is ultimately admissible at trial. *See Buckley Towers Condominium, Inc. v. QBE Ins. Corp.*, No. 07-22988-CIV, 2008 WL 2645680, at *2 (S.D. Fla. 2008) ("…even if the information is only useful for purposes of impeachment or corroboration, it may still be discoverable…"). This Court should deny Dr. Jouria's Motion to Quash. *See Shajanand 1, LLC v. Owners Ins. Co.*, No. 1:13-cv-47 (WLS), 2013 WL 4735594, at *2 (M.D. Ga. 2013) (denying motion where information sought was relevant).

### Information NetCE Seeks Is Not Privileged or "Protected"

The only grounds on which Dr. Jouria has standing to quash a subpoena to ECFMG is if he

---

[1] NetCE has appealed portions of this Court's Omnibus Ruling denying its Motion to Compel (Dkt. 145) to the District Court. As NetCE could not effectively appeal the ruling until a written order was entered, and with the discovery period ending before the Omnibus Order issued, to protect its rights to obtain discovery of relevant documents, NetCE propounded the subpoena to ECFMG and sought an extension of time to do so (an extension which this Court granted (Dkt. 147)). NetCE must underscore that this Motion to Quash is *entirely* duplicative and unnecessary: Dr. Jouria already filed a motion for protective order regarding this subpoena and this issue is the subject of an ongoing appeal.

has a personal right or privilege with respect to the subject matter. *Butterworth v. Jones Chemicals, Inc.*, No. 90-875-CIV-J-10, 1993 WL 388645 *2 (M.D.Fla.). A person withholding subpoenaed information—or attempting to block the production of such information—on the grounds of privilege must: (i) expressly claim the privilege; and (ii) describe the nature of the withheld documents. Fed. R. Civ. P. 45(e)(2)(A); *Darnell v. Rivera*, 2016 WL 4183386, at *2 (M.D. Fla. 2016).

The information NetCE seeks in its subpoena to ECFMG is neither protected nor privileged, and Dr. Jouria fails to identify any existing theory under which these documents might be privileged—or, in fact, what privilege he is claiming. *See Marshall v. U.S. Auto. Ass'n*, No. 3:10-cv-1057-J-20JBT, 2011 WL 3608368, at *1 (M.D. Fla. 2011) (denying motion to quash where standards for psychotherapist-patient privilege not met and moving party could not assert privilege); *see also Hunte v. Schneider Nat. Carriers, Inc.*, No. 1:13-cv-02069, 2014 WL 3955723, at *4 (N.D. Ga. 2014) (denying motion to quash where work product privilege criterion not met); *Malibu Media, LLC v. Doe*, No. 8:14-cv-874-T-36AEP, 2014 WL 5599105, at *3 (M.D. Fla. 2014) (denying motion to quash subpoena where no privilege identified). Dr. Jouria did not identify a privilege that protects this information because he cannot: there is no existing, recognized privilege that protects documents related to Dr. Jouria's application for credentials to practice medicine in the United States.[2] None.

Dr. Jouria selectively quotes from ECFMG's website in order to suggest a talismanic power in ECFMG's public statements about third party access to application materials. ECFMG's publicly available policy, in fact, suggests by its plain text that there are circumstances whereby a physician's authorization is not necessary to obtain records related to his application ("must *normally*") and plainly encompasses circumstances where an organization like NetCE[3] might have need of reviewing such documents ("…other organizations…legitimate interest in such information").[4] Even if the ECFMG

---

[2] The cases Dr. Jouria cites do not support any argument that the information NetCE seeks is privileged. These cases also do not suggest Dr. Jouria has a "personal," albeit non-privileged right in the information he submitted to a credentialing body in order to be able to practice medicine in the United States, either explicitly or by analogy.

[3] NetCE is a provider of continuing medical education services to practicing professionals requiring continuing education through use of accredited educational materials. The process of seeking accreditation, as NetCE has argued to this Court, is highly involved and document-rich. An accreditor would be within its rights to seek verification of credentials of content creators such as Dr. Jouria, which would encompass documents responsive to NetCE's subpoena

[4] "ECFMG accepts requests for confirmation of an IMG's [international medical graduate's] ECFMG certification status from medical licensing authorities/state medical boards, . . . *and other organizations that, in the judgment of ECFMG, have a legitimate interest in such information*. … Requesting organizations *must normally* secure and retain the physician's signed authorization to obtain certification information.. . . *The information may only be used to confirm ECFMG Certification for the purpose for which the physician provided the authorization*" (emphasis added).

2

owed a duty of confidentiality to its applicants, the Federal Rules of Civil Procedure's guarantee of broad discovery rights would outweigh any such duty.[5] Dr. Jouria offers only conclusory statements that the information sought is "protected or privileged;" and this is woefully insufficient to satisfy his burden as the moving party. *See, e.g., Nathai v. Florida Detroit Diesel-Allison, Inc*., No. 3:09-cv-1-J-20HTS, 2009 WL 10669903, at *1–2 (M.D. Fla. 2009) (motion denied where movant provided conclusory argument that requested documents were confidential because they were his employment records and no indication records contained specific sensitive information).

Finally, Dr. Jouria suggests that NetCE's service of the subpoena upon ECFMG is improper. Dr. Jouria first argues that the subpoena was improperly served by fax. It was not. Declaration of Philip Rothschild at ¶ 2. Dr. Jouria also appears to argue that NetCE somehow inappropriately timed the service of the subpoena. This is complete nonsense. On November 15, 2017, NetCE moved for an extension of time to complete discovery and authorized service of process for the subpoena, and notified Dr. Jouria's counsel accordingly. *Id.* at ¶¶ 3-4. Judge Dimitrouleaus granted the motion on November 16, ordering an extension of the end of fact discovery to encompass the subpoena responses. Counsel for Dr. Jouria omits that he emailed NetCE on November 16 and requested a meet-and-confer regarding the subpoena, and that NetCE freeze service until the parties had been able to meet and confer. NetCE complied. Following the meet and confer conference, when the parties reached an impasse, NetCE re-authorized service. *Id.* at ¶¶ 4-5. Dr. Jouria's counsel's arguments, rebutted by the documents, is a tactic designed to distract this Court from the merits of this case—which very plainly work against his client.

## CONCLUSION

For the reasons argued here, this Court should deny Dr. Jouria's Motion to Quash. If this Court concludes that NetCE's subpoena to ECFMG is somehow overbroad, or should have a return address within Philadelphia, this Court can and should modify the subpoena and narrow its scope. *Hunte*, 2014 WL 3955723, at *2. NetCE respectfully requests this Court consider this as an alternative to granting Dr. Jouria's unsupported Motion to Quash.

---

[5] NetCE will happily treat all materials produced in response to its subpoena with ECFMG as Attorneys Eyes Only under the terms of the Protective Order in place. *Tropical Marketing & Consulting, LLC. v. Glock*, Inc., 2012 WL 5431002, at *4 (M.D.Fla.,2012) (entering protective order to "safeguard against the improper use and dissemination" of sensitive information). As NetCE has time and again stated, it has no desire to shame or embarrass Dr. Jouria. NetCE is simply trying to develop evidence regarding his verisimilitude and credibility as a witness, as pertains to the facts of this case.

Dated: December 7, 2017

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Philip E. Rothschild*
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

*/s/ John P. Kern*
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Jessica E. Lanier, Esq. (pro hac vice)
Email: Jessica.Lanier@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC.
d/b/a CME RESOURCES and NetCE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 7, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Philip E. Rothschild*
Philip E. Rothschild

## SERVICE LIST

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC MAIL SERVICE]**

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**