## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA

       Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

       Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Defendant/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

       Third Party Defendants.

_____/

**CE RESOURCE, INC. d/b/a CME RESOURCE and NETCE's
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE LOCAL RULE
PROTECTIVE ORDER AND FOR SANCTIONS**

The latest entry in Dr. Jouria's canon of frivolous file-churning escapes is Docket Entry 166. The deposition to which Dr. Jouria's counsel selectively takes umbrage[1] is the deposition of Elite's 30(b)(6) witness. This deposition was originally scheduled for November 15. When that date conflicted with NetCE's own 30(b)(6) deposition in Sacramento on November 14 (counsel could not reasonably travel cross country by the next morning), the parties needed to contemplate a date after November 15. In addition, and most importantly, Elite produced records late in the afternoon on November 14 (and even again earlier this week of December 4), meaning it was quite reasonable that NetCE was concerned that it would not have sufficient time to review the latest productions and incorporate them in a deposition on November 15. While at first November 17 was considered for the Elite deposition, not everyone was available, and then both counsel for Elite and NetCE agreed to reschedule the Elite deposition until December 12, 2017. NetCE already was accommodating Elite by taking the deposition in Charlotte, North Carolina (Elite's preference), and by permitting Dr. Jouria's counsel to appear telephonically (as he had complained about costs). NetCE did not want to have to fly to Charlotte twice (*i.e.,* which was the likely outcome, had parties proceeded thoughtlessly with the deposition on the original date of November 15 based on a partial record available at that time). As of November 15, the earliest available date for Elite's 30(b)(6) witness deposition was December 12, 2017. In order to comply with its notice requirements under the rules of Federal Civil Procedure, NetCE issued an updated deposition notice with the appropriate date and location on November 30, 2017. This Notice was not NetCE attempting to engage in new, surprise, uncontemplated discovery. All counsel and parties already knew, prior to the discovery cutoff, that a 30(b)(6) deposition of Elite was previously noticed. The new Notice was merely an amendment of one previously served, during the discovery period, for purposes of clarity.

The taking of two discrete depositions (*see* footnote 1) outside the court-determined fact discovery cutoff was by agreement of counsel for Elite and NetCE. Dr. Jouria's counsel, in keeping with his behavior throughout this conflict, refused to make reasonable compromises or to engage

---

[1] A facet of the original agreement between Elite and NetCE was that Elite be allowed to take Erin Meinyer's personal deposition on December 5th, a date *also* outside the original fact discovery deadline of November 15. Curiously, Dr. Jouria does not move for a protective order regarding that deposition. Also curiously, Dr. Jouria does not include Elite in his motion for a protective order regarding Elite's deposition, even though that deposition was scheduled to take place on December 12, 2017 by virtue of agreement between *both* parties. NetCE suspects that it is because Dr. Jouria is only concerned with imposing costs on NetCE, and not Elite, with whom he may still do business. Indeed, Dr. Jouria's counsel is a stickler for the rules only when it suits him. As an advocate, this is perhaps his prerogative, but, at this juncture, it borders on sharp practice.

1

meaningfully in NetCE and Elite's negotiations.  NetCE permitted Dr. Jouria's counsel to appear by telephone at NetCE's 30(b)(6) deposition in Sacramento, and it renewed that offer for the two at-issue depositions.  As time was of the essence, the parties—both Elite and NetCE—could ill-afford to accommodate his pernicious and persistent obstructionism.

Counsel agreements that do not involve court intervention, of course, are common and entirely appropriate in modern litigation practice between sophisticated parties.  In fact, the court *desires and incentivizes* counsel agreements that do not require the court's attention or demand its imprimatur, so long as they do not result in the adjustment of ultimate deadlines such as those in place for summary judgment, mediation, or trial.  In fact, "[t]he parties are generally free to engage in *agreed-upon discovery* after the cutoff date; but by virtue of the Rule [Local Rule 26.1(d)] no court intervention or remedy will be available to either party after the cutoff date."  *See Young v. Hancock*, 2017 WL 3113417, at *2 (S.D.Fla., 2017).  The court wants parties to work out most issues amongst themselves.[2]  *Id.* (("To reiterate, the Court expects all parties to engage in reasonable compromise to facilitate the resolution of their discovery disputes.")[3]  Given the fact that the type of agreement into which Elite and NetCE entered is common, imposing sanctions under Fed. R. Civ. P. 37 is in no way warranted.[4]

In any event, Dr. Jouria's motion is entirely moot.  Ms. Meinyer fell ill immediately before her deposition (she was hospitalized, as NetCE has explained to this court in a filing earlier this week) and

---

[2] Dr. Jouria's counsel evidently does not share this philosophy—he prefers to file unnecessary motions for every petty grievance even though NetCE has offered to remedy a situation *or* has requested a reasonable amount of additional time to make an informed decision.  The two clearest examples of this are Dr. Jouria's first motion to compel and Dr. Jouria's motion for leave to appear telephonically at depositions occurring outside of Florida.  In the instance of the former, Dr. Jouria moved to compel NetCE to issue supplemental written discovery responses and privilege log.  NetCE already had agreed to do both **prior to the motion being filed**.  In the instance of the latter, Dr. Jouria moved for leave to appear telephonically *even though NetCE had not declined his request to do so*.  Rather, NetCE asked him to wait to decide if he needed to appear by telephone until the dates and locations for the depositions had been finalized.

[3] Local Rule 26.1(d) states: "Failure by the party seeking discovery to comply with this paragraph obviates the need to respond or object to the discovery, appear at the deposition, or move for a protective order."  This seems to be geared towards the effect post-deadline discovery has upon the deponent or responding party.  Dr. Jouria, of course, is neither in the present instance: Elite and Ms. Meinyer are the deponents at issue.  Dr. Jouria is asking this Court to protect him from cross-examination during a deposition, a strange posture indeed.  Further, parties primarily use this rule as a shield against motions to compel for discovery that does not comply with the court-ordered deadline.  *See, e.g., Grimsley v. Palm Beach Credit Adjusters*, Inc., 2016 WL 403630, at *3 (S.D.Fla., 2016).  NetCE has no intentions of moving to compel Elite's deposition.

[4] The notion that the occurrence of a deposition outside the discovery period unduly adds cost to Dr. Jouria's litigation expenses is ludicrous.  Dr. Jouria's costs of attending (by phone) each deposition are exactly the same whether the deposition(s) occurred before or after November 15, 2017.  All parties and counsel have known for months that these two depositions were going to be taken.

was unable to attend. As a result of this cancellation of Ms. Meinyer's deposition—which had hoped to merely be postponed until Ms. Meinyer recovered—Elite has cancelled the deposition of its 30(b)(6) witness. NetCE has reached out to Elite and Dr. Jouria several times this week seeking to reset Ms. Meinyer's deposition, and even offering to pay counsel's travel costs, but Elite has taken the position that neither deposition shall occur.[5] There is presently no deposition scheduled on which Dr. Jouria has moved for a protective order. If the situation changes, NetCE will update this Court.

## CONCLUSION

This Court should deny Dr. Jouria's Motion for Protective Order as moot. This Court should not award Dr. Jouria sanctions for the events discussed above: Dr. Jouria has suffered no harm, and given the detailed explanation of how document discovery from Elite to NetCE unfolded, resulting in delay of the scheduling of the 30(b)(6) deposition of Elite in order to accommodate Elite's schedule, NetCE has engaged in no behavior requiring punitive action, such as an award of any fees.

Dated: December 8, 2017

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Philip E. Rothschild*
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

*/s/ John P. Kern*
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Jessica E. Lanier, Esq. (pro hac vice)
Email: Jessica.Lanier@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111

---

[5] NetCE takes very seriously its obligations to this Court and has only resorted to the Court for adjudication in the event it can ferret out no alternative.

Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC.
d/b/a CME RESOURCES and NetCE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 8, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Philip E. Rothschild*
Philip E. Rothschild

**SERVICE LIST**

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC MAIL SERVICE]**

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**