UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA

    Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant.
_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

    Plaintiff/Counter-Defendant.
_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

    Third Party Defendants.
_____/

**CE RESOURCE, INC. d/b/a CME RESOURCE and NETCE's
REPLY MOTION IN SUPPORT OF TERMINATING SANCTIONS**

## I.     INTRODUCTION

Since the inception of this case, Dr. Jouria has been fighting an uphill battle to defend against his clear-cut copyright infringement and willful contractual breaches, in the face of an ever-mounting stack of evidence. Neither the facts nor the law are on his side, which explains his attempts to make this case a discovery quagmire, characterized by unnecessary motion practice filled with myriad half-truths and outright misrepresentations to counsel and to this Court. Now that he faces the damning accusation he willfully destroyed critical evidence, Dr. Jouria has decided his best course of action is to distract this Court from his sanctionable conduct by leveling wildly inaccurate accusations at NetCE.

NetCE vehemently disagrees with Dr. Jouria's characterization of its conduct in this litigation. As has been its practice throughout this case, NetCE prefers to litigate the merits and not to thrash around in the sandbox with Mr. Ross.[1] But Dr. Jouria's prevail-at-any-cost attitude warrants action from this Court. NetCE cannot stand idly by while one party engages in unfair and bad faith litigation tactics, and this Court should not allow Dr. Jouria to flout its rules.

Confronted with the indisputable fact that Dr. Jouria destroyed his computer, despite a clear duty to preserve it, Dr. Jouria's opposition to NetCE's Motion for Terminating Sanctions ("Motion") is built entirely upon misdirection and a series of excuses that simply are not credible. Dr. Jouria concedes nearly every fact as set forth in NetCE's Motion, but he begs this Court to find that his conduct (however bad or willful) does not warrant sanctions. Dr. Jouria concedes the following facts:

    i.    In June 2017, he destroyed the only computer he owned that contained relevant evidence;

    ii.    He then concealed his destruction of evidence in his response to NetCE's discovery requests;

    iii.    He then concealed his destruction of evidence in his supplemental responses to NetCE's discovery requests;

---

[1] If this Court wishes, NetCE is happy to provide a detailed, itemized, and document-supported list of Mr. Ross's inappropriate and vexatious behavior as well as documentation contradicting his outrageous claims in his Opposition. However, counsel for NetCE imagines, respectfully, that the Court would also like to focus on the merits.

    iv.  His legal counsel (Mr. Ross) then concealed Dr. Jouria's destruction of evidence including during a telephonic discovery conference with NetCE dedicated to the very subject;

    v.  His computer contained potentially responsive evidence;

    vi.  He destroyed his computer immediately after this Court lifted the bankruptcy stay; and

    vii.  That two years prior to his destruction of evidence, he received NetCE's written instructions to: "***take all necessary steps to ensure that you preserve and not destroy---even inadvertently---any records (electronic or otherwise) potentially relevant to the issues set forth in this letter***."

  Despite these admissions, Dr. Jouria argues his destruction of evidence was merely negligent and not in bad faith. This position is inconsistent with the plain facts. Dr. Jouria's destruction of evidence, coupled with his continuing pattern of obfuscation and misdirection can only be characterized as prejudicial, willful, and effected in bad faith.[2] Accordingly, the imposition of meaningful sanctions is necessary, both to protect NetCE from conduct that has unfairly prejudiced its ability to prosecute its case, and to uphold the integrity of this Court.

  **Dr. Jouria's Willful Bad Faith Conduct**

  Dr. Jouria's destruction of evidence shows bad faith. The evidence that Dr. Jouria intentionally destroyed documents and his computer is overwhelming. Beginning in the Spring of 2015, NetCE expressly instructed Dr. Jouria to retain all potentially relevant records. NetCE issued this direction (in the form of a litigation hold letter) a full two years before Dr. Jouria intentionally and purposefully tossed his computer in the dumpster of his apartment complex. Dr. Jouria destroyed evidence a mere three weeks after this Court lifted the bankruptcy stay, when litigation in this case could begin in earnest. With the beginning of discovery imminent, Dr. Jouria's motive was clear: he wanted to ensure that no damaging documents or metadata were available for production.

  Dr. Jouria's concealment of his conduct underscores that his conduct was intentional and in bad faith. Far from being "candid," as he claims (Plaintiff's Opposition to Motion at p. 8 (Dkt. 163)), Dr. Jouria, in fact, hid the fact that he had destroyed his computer. On August 9, 2017, and

---

[2] Dr. Jouria relies on his declaration submitted with his opposition brief to support his position (Dkt. 163-1). NetCE notes Dr. Jouria's ability to recall the events surrounding the destruction of his computer were far less forthcoming at his deposition. Dep. Tr. p. 192, line 6 – p. 195:4, Dkt. 150-7 (Exhibit 7 to Kern Declaration in Support of Motion for Terminating Sanctions).

2

September 5, 2017, Dr. Jouria responded to NetCE's Request for Production of Documents. On August 14, 2017, Jouria responded to NetCE's Interrogatories. *None*—not one—of his discovery responses (or supplemental responses) disclose the destruction of his computer. In fact, they imply the opposite, that his computer merely crashed and that additional documents were forthcoming.

In his Preliminary Statements to his responses to NetCE's Requests for Production and Interrogatories, he wrote: "Plaintiff's records contained on his computer have been compromised in that his computer 'crashed' and documents *might have been lost*. Plaintiff is producing what he has been able to recover." Dkt. 150-2, at ¶ 7 (emphasis added). In response to Interrogatory 12, Dr. Jouria wrote, "As Plaintiff's computer has crashed, *he might supplement this response with the version of the Seven Courses he submitted to Elite*, if the versions are ultimately recovered." Dkt. 150-3, ¶ 12. (emphasis added). Given Dr. Jouria already had destroyed his computer, these statements were in no way "candid"—they were intentionally misleading. Counsel's clever and open-ended wording cannot whitewash the uncontested fact that Dr. Jouria already had destroyed his computer at the time he served both sets of discovery responses.

The existence of a duty on the part of Dr. Jouria to retain records, his utter lack of effort to retain and preserve evidence, his affirmative actions to destroy that evidence, and his post-destruction concealment all support a finding of bad faith. These facts directly contradict his suggestion his actions amount to nothing more than an innocent or negligent mistake.

### The Records Lost Were Crucial and Prejudice NetCE's Case

Recognizing that a claim of good faith is insupportable, Dr. Jouria argues in the alternative that NetCE can prove neither that it was prejudiced by his destruction of evidence, nor that the missing records were not crucial to its case. Dr. Jouria misses the point.[3] In fact, the handful of documents NetCE obtained from Elite, and the small number of documents Dr. Jouria produced, represent a mere fraction of the records that could (and do) prove NetCE's claims and defenses. The entirety of Dr. Jouria's internal records indisputably were not produced, because Dr. Jouria destroyed them. It is these records—records to which no party but Dr. Jouria has access—that

---

[3] Contrary to his assertions otherwise, case law forecloses a spoliator from suggesting that the destroyed documents were not critical or from suggesting that the documents that escaped destruction are immaterial. This Court should not allow Dr. Jouria to present evidence or suggest to the jury that the documents lost were immaterial or caused no harm to NetCE's case. *Mech. Servs., Inc. v. Brody*, 657 F. Supp. 2d 1293, 1300 (M.D. Fla. 2009).

3

contain the most pertinent evidence of what he did and when he did it in relation to infringement of NetCE's copyrights and his breaches of contract.

Dr. Jouria certainly should not be allowed to profit from absent evidence—evidence only absent due to his willful destruction of evidence.  Dr. Jouria's willful actions have deprived NetCE of the opportunity to gather evidence to which it is entitled, and Dr. Jouria, at minimum, should be sanctioned for this conduct.

Accordingly, NetCE hereby respectfully moves this Court (i) to dismiss Plaintiff/Counter-Defendant Dr. Jouria's Complaint *with prejudice*, (ii) to strike Dr. Jouria's pleadings, (iii) to terminate Dr. Jouria's defenses, (iv) to grant judgment against him on NetCE's claims, and (v) to award NetCE the entirety of its reasonable costs and attorneys' fees for this action.

In the alternative NetCE respectfully requests an Order (i) declaring Dr. Jouria infringed NetCE's copyrights and breached the ten Freelance Writer Agreements; (ii) precluding Jouria from arguing or introducing any evidence at trial regarding his defenses to charges of infringement and breach of contract; (iii) instructing the jury that Dr. Jouria willfully destroyed evidence; (iv) advising the jury that it may consider his actions in drawing inferences at trial to assess his credibility; (v) awarding NetCE the entirety of its reasonable attorneys' fees and costs attributable to Dr. Jouria's evidence destruction, including without limitation all fees and costs associated in bringing this motion; and (vi) granting any other appropriate relief this Court deems appropriate.

## II.    ARGUMENT

The parties appear to agree on one issue. Plaintiff's Opposition at 3-4.  Before sanctioning Dr. Jouria, NetCE must prove: (i) Dr. Jouria had a duty to preserve evidence; (ii) that the missing evidence existed at one time; (iii) that the evidence was crucial to NetCE's claims or defenses. *Managed Care Sols., Inc. v. Essent Healthcare, Inc*., 736 F. Supp. 2d 1317, 1322 (S.D. Fla. 2010). Even when "all three elements are met, a party's failure to preserve evidence rises to the level of sanctionable spoliation only where the absences of that evidence is predicated on bad faith, such as where a **party purposely loses or destroys relevant evidence**." *Id*. (internal citations and quotations omitted) (emphasis added).  Here, these prerequisites are easily met.

### A.     Duty to Preserve Evidence

Dr. Jouria makes the odd (and incorrect) argument that he did not have a duty to preserve his computer or the records stored on it. Opp. 7. ("Plaintiff questions whether he had any duty to preserve his crashed, non-functioning computer."[4]). This is nonsense.

First, his duty to preserve evidence began no later than April 9, 2015, when NetCE sent Dr. Jouria a cease-and-desist letter. It instructed Dr. Jouria to "***take all necessary steps to ensure that you preserve and not destroy—even inadvertently—any records (electronic or otherwise) potentially relevant to the issues set forth in this letter***." (bolding and italics in original). Dkt. 150-1. Therefore, Jouria unquestionably had, and was aware of, a duty to preserve potentially relevant documents. *Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 127 (S.D.Fla.1987) ("sanctions may be imposed against a litigant who is on notice that documents and information in its possession are relevant to litigation, or potential litigation or are reasonably calculated to lead to the discovery of admissible evidence, and destroys such documents and information.").

Second, as a party to litigation, Dr. Jouria's duty to preserve potentially relevant evidence is absolute. *Alabama Aircraft Indus., Inc. v. Boeing Co.*, 319 F.R.D. 730, 740 (N.D. Ala. 2017) ("In the Eleventh Circuit, the test is whether litigation was 'pending or reasonably foreseeable' when the spoliation occurred."). In other words, once litigation has commenced a party may no longer claim ignorant indifference to their duty to preserve evidence. Here, Dr. Jouria destroyed his computer two years after a litigation hold instruction, years after the initiation of the above-captioned lawsuit, after two bankruptcy filings designed to stall the instance case, and shortly after this Court lifted the bankruptcy stay and discovery commenced. To suggest Dr. Jouria did not have an obligation to preserve his computer is preposterous.

### B.     Relevant Evidence Existed on Dr. Jouria's Computer

Dr. Jouria all but concedes his computer stored relevant (and now missing and irretrievable) evidence. He admits he only recovered "70-80%" of the files on the computer he destroyed. Dkt. 163-1 at ¶ 4. He admits the computer destroyed was his only work computer during the relevant

---

[4] As NetCE has argued before, the destruction of the computer deprived it of the opportunity to examine whether files or key metadata were recoverable from the malfunctioning computer. Dr. Jouria is not a technical expert—and he has never claimed to be. NetCE is not obligated to rely solely on his assessment that the computer's crashing signified that files were not recoverable from the computer. Dr. Jouria's willful destruction of evidence deprived NetCE of the opportunity to have a computer technician attempt to harvest this data.

period and what evidence he did produce resided on the computer. *Id.* at ¶¶ 2, 5. Dr. Jouria also admits he used the computer during the relevant time period. *Id.* at ¶ 2.

Despite these facts, Dr. Jouria makes the bizarre argument that he is certain the destroyed files do not relate to NetCE, but is totally unaware what files were destroyed. *Id*. at ¶ 7. He declares, "**I am unaware of the contents of the files I could not recover**, but I believe some were personal, and some were for business, but I am not uncertain if any are related to this action."). *Id*. This statement not only lacks credibility—it defies common sense and is inconsistent with his prior assertions.

Most damning is that his declaration in support of his Opposition contradicts his prior verified discovery responses. In response to Interrogatory No. 12, Dr. Jouria replied, "as Plaintiff's computer has crashed, he might supplement this response with the version of the Seven Courses he submitted to Elite, if the versions are ultimately recovered." Dkt. 150-3. To date, Dr. Jouria has not produced the "version of the Seven Courses he submitted to Elite." Obviously, the precise courses he submitted to Elite form the foundation of any infringement and contract cause of action. Thus, by his own admission, he concedes that the computer contained responsive documents and metadata that are forever lost.

Finally, Dr. Jouria mischaracterizes the law—specifically NetCE's burden to prove the existence of evidence he destroyed. The cases he cites are inapposite and deal with evidence *inadvertently* lost or destroyed, unlike the evidence *intentionally* destroyed here. *Socas v. The Nw. Mut. Life Ins. Co*., No. 07-20336-CIV, 2010 WL 3894142, at *5 (S.D. Fla. Sept. 30, 2010) (sanctions not warranted because court found dentist destroyed files *prior to litigation* and were discarded as part of existing business practice.); *Walter v. Carnival Corp*., No. 09-20962-CIV, 2010 WL 2927962, at *2 (S.D. Fla. July 23, 2010) (Court found the broken chair *inadvertently* lost); *Atl. Sea Co., S.A. v. Anais Worldwide Shipping, Inc*., 2010 WL 2346665, at *2 (S.D. Fla. June 9, 2010) ("Claimants have not properly alleged an 'affirmative act' by the Plaintiff leading to the destruction of the evidence."). In the instant case, Dr. Jouria admits he intentionally threw his computer in the dumpster, and the destruction of evidence occurred after the initiation of litigation. There is nothing inadvertent nor even remotely negligent in his actions.

    **C.**    **Prejudicially, the Documents Lost Were Crucial to NetCE**

The wholesale destruction of Dr. Jouria' computer and the files it stored, particularly the records only residing therein, is necessarily unfairly prejudicial to NetCE. Dr. Jouria misinterprets

the law on this issue. *Brown v. Chertoff*, 563 F. Supp. 2d 1372, 1379 (S.D. Ga. 2008) ("To require a party to show, before obtaining sanctions, that unproduced evidence contains damaging information would simply turn 'spoliation law' on its head.).

In fact, Dr. Jouria is wrong in suggesting that NetCE must prove that absent documents—whose contents were lost, because Dr. Jouria purposefully destroyed them—were crucial to NetCE's case. *See Mech. Servs., Inc. v. Brody*, 657 F. Supp. 2d 1293, 1300 (M.D. Fla. 2009) ("[C]ourts must not hold the prejudiced party to too strict a standard of proof regarding the likely contents of the destroyed evidence because doing so allows the spoliators to profit from the destruction."); *Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp.*, No. 10-62411, 2012 WL 12837287, at *15 (S.D. Fla. Nov. 2, 2012) (same); *In Matter of Complaint of Boston Boat III, L.L.C.*, 310 F.R.D. 510, 521 (S.D. Fla. 2015) (spoliator's destruction of evidence justified a finding that the destroyed evidence prejudiced non-spoliator.); *U.S. E.E.O.C. v. Suntrust Bank,* 2014 WL 1364982, at *7 (M.D. Fla. Apr. 7, 2014) (although destroyed, the electronic evidence would have been crucial, because it was direct evidence and non-spoliator was left to rely on less concrete evidence.). This is a quintessential Catch-22.

The *Southeastern* court summarizes the issue succinctly, "[t]he substantial and complete nature of the destruction of evidence by the spoliator justifies a finding that the destroyed evidence prejudiced a plaintiff." 657 F.Supp.2d at 1300.[5] Here, Dr. Jouria admits he does not know exactly what files are missing. Dkt. 163-1, ¶4. He admits the computer destroyed was used on NetCE projects (Dkt. 150, ¶ 7 at 191:6-7) and Dr. Jouria has not produced the same records that NetCE compiled from other sources. Most importantly, neither has he produced versions and drafts that were delivered to Elite. The only logical conclusion is that NetCE is prejudiced by his conduct.

Most importantly, Dr. Jouria admitted in his written discovery responses that his destroyed computer contained versions "of the Seven Courses he submitted to Elite" and that he may produce them later. Dkt. 150-3, 150-4 and 150-5. Inexplicably, he then argues that these records he promised to produce are somehow not relevant to NetCE's case. In essence, what Dr. Jouria actually disputes is the evidentiary *significance* of the documents he admittedly destroyed, not their actual relevance. Dr. Jouria cannot escape responsibility for his willful destruction of evidence by suggesting that documents, while relevant, just did not matter that much for NetCE's case.

---

[5] This rule is widely adopted in other Circuits also, see *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 109 (2d Cir. 2002); *Accord Anderson v. Cryovac, Inc.*, 862 F.2d 910, 925 (1st Cir. 1988).

*Managed Care Solutions, Inc. v. Essent HealthCare, Inc*., 736 F.Supp.2d 1317, 1323 (S.D. Fla. 2010).

Moreover, the fact that Dr. Jouria successfully destroyed documents whose evidentiary impact is likely more significant than the ones that he ultimately produced hardly supports the conclusion he would like this Court to reach—that the willful destruction of relevant evidence is presumptively harmless. Dr. Jouria cannot reasonably argue that these records were not responsive or crucial: (i) he owned the computer during the relevant period, (ii) he admits that this is the only computer he possessed at the time, (iii) the computer was used for work and was used to draft the courses at issue, and (iv) Dr. Jouria told NetCE that he might produce more records once his computer was working again.

What is ultimately significant for purposes of this motion[6] is that Dr. Jouria has hindered NetCE's ability to present their case to the jury and undermined the integrity of this proceeding and has interfered with the orderly administration of justice in the process. *Chambers v. NASCO, Inc*., 501 U.S. 32, 58 (1991). As such, this Court should impose meaningful sanctions.

### D.     Bad Faith

The record before this Court establishes Dr. Jouria's bad faith.[7] *Managed Care Solutions,* 736 F.Supp.2d at 1323. ("If direct evidence of bad faith is unavailable, the moving party may establish bad faith through circumstantial evidence."); *Calixto v. Watson Bowman Acme Corp*., 2009 WL 3823390 at *16 (S.D. Fla. 2009) ("Because spoliation is an act of concealment and deception" it may be impossible "to determine all of the facts related to the destruction of evidence."). Here, Dr. Jouria admits he intentionally destroyed his computer. He also does not refute that he then engaged in a months-long deception of NetCE: first lying to NetCE about the status and whereabouts of the computer and then pretending to try to find it. His ever-changing and

---

[6] Courts have granted sanctions for far less egregious behavior than Dr. Jouria's. *Connor v. Sun Trust Bank*, 546 F.Supp.2d 1360, 1376 (N.D.Ga.2008) ("Plaintiff is prejudiced by Sun Trust's destruction of the February 12 email [which was later recovered] because it raises a question of whether there were other relevant emails in existence at that time but which were also not produced.").

[7] Bad faith does not require a showing of malice. *Pinkney v. Winn-Dixie Stores, Inc*., 2015 WL 858093, at *4 (S.D. Ga. Feb. 27, 2015) (Magistrate's failure to weigh circumstantial evidence of bad faith required non-spoilator to prove "a deliberate, intentional act," which "the Eleventh Circuit and Georgia courts have rejected as a standard of culpability in the spoliation context.").

contradictory explanations of what he may or may not produce, what he did or did not do, and what documents were or were not preserved, are indefensible.

The statements in Dr. Jouria's written responses to NetCE's discovery requests and Dr. Jouria's counsel's misrepresentations during a telephonic meet-and-confer do not constitute inconsequential discrepancies or inadvertent omissions ("…documents might have been lost" "if the versions are ultimately recovered"). Dkt. 150-2 at Preliminary Statement # 7; 150-3 at ¶ 12; 150-6 (email dated Aug 31, 2017). Statements suggesting that additional documents were forthcoming and suggesting that the computer was still available were lies, plain and simple. At the time Dr. Jouria served these verified discovery responses, and at the time counsel met-and-conferred with NetCE, Dr. Jouria already had destroyed his computer and was actively concealing it. Lying on top of destroying evidence is no defense to the imposition of sanctions and, indeed, makes it nearly impossible for NetCE to trust Dr. Jouria's (or his counsel's) other representations in this case. *Connor v. Sun Trust Bank*, 546 F.Supp.2d 1360, 1376 (N.D.Ga.2008) (destruction of email raises "question of whether there were other relevant emails in existence at that time but which were also not produced.").

Finally, Dr. Jouria's belated explanations of how the computer was destroyed does not credibly explain the destruction. In evaluating culpability, district courts should look at the extent to which the spoliator took proper measures to preserve the evidence. *Brown v. Chertoff*, 563 F.Supp.2d 1372 (S.D. Ga., June 18, 2008). Dr. Jouria's conduct suggests culpability. He admits he had sole possession and control of the computer at the time of its destruction and that he took affirmative acts that led to its destruction. Dkt. 151-1 ¶¶ 2, 8. Further, he admits he took no reasonable measures to preserve the evidence, he did not take the simple, precaution of backing up his computer, or copying his hard drive. He admits he did not seek the help of a computer technician assist with the transfer of data. He admits that he never sought to retrieve the computer until NetCE requested that he do so at his deposition (this, again, was the first indication NetCE had that Dr. Jouria had destroyed the computer). He admits that he retained the computer for several months despite that fact that he maintains it was non-operable, only to discard it before discovery resumed in this case). His explanations do not alter the unassailable conclusion that he destroyed his laptop in bad faith.

9

### III.     CONCLUSION

Based on the foregoing, NetCE respectfully requests that the Court grant this motion and hereby respectfully moves this Court (i) to dismiss Plaintiff/Counter-Defendant Dr. Jouria's Complaint *with prejudice*, (ii) to strike Dr. Jouria's pleadings, (iii) to terminate Dr. Jouria's defenses, (iv) to grant judgment against him on NetCE's claims, and (v) to award NetCE the entirety of its reasonable costs and attorneys' fees for this action.

In the alternative NetCE respectfully requests an Order (i) declaring Dr. Jouria infringed NetCE's copyrights and breached the ten Freelance Writer Agreements; (ii) precluding Jouria from arguing or introducing any evidence at trial regarding his defenses to charges of infringement and breach of contract; (iii) instructing the jury that Dr. Jouria willfully destroyed evidence; (iv) advising the jury that it may consider his actions in drawing inferences at trial to assess his credibility; (v) awarding NetCE the entirety of its reasonable attorneys' fees and costs attributable to Dr. Jouria's evidence destruction, including without limitation all fees and costs associated in bringing this motion; and (vi) granting any other appropriate relief this Court deems appropriate.

Dated: December 11, 2017                                          Respectfully submitted,

                                                                  HOLLAND & KNIGHT LLP

                                                                  */s/ Philip E. Rothschild*
                                                                  Philip E. Rothschild
                                                                  Florida Bar No. 0088536
                                                                  Email: phil.rothschild@hklaw.com
                                                                  HOLLAND & KNIGHT LLP
                                                                  515 East Las Olas Blvd., 12th Floor
                                                                  Fort Lauderdale, FL 33301
                                                                  Telephone: (954)525-1000
                                                                  Facsimile: (954)463-2030

                                                                  */s/ John P. Kern*
                                                                  John P. Kern, Esq. (pro hac vice)
                                                                  Email: john.kern@hklaw.com
                                                                  Jessica E. Lanier, Esq. (pro hac vice)
                                                                  Email: Jessica.Lanier@hklaw.com
                                                                  HOLLAND & KNIGHT LLP
                                                                  50 California Street, Suite 2800
                                                                  San Francisco, CA 94111
                                                                  Telephone: (415)743-6918
                                                                  Facsimile: (415)743-6910

                                          Attorneys for CE RESOURCE, INC.
                                          d/b/a CME RESOURCES and NetCE

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 11, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                                            */s/ Philip E. Rothschild*
                                            Philip E. Rothschild

## **SERVICE LIST**

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC MAIL SERVICE]**

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**