# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### (Fort Lauderdale Division)

## CASE NO.:15-61165-CIV-DIMITROULEAS

DR. JASSIN JOURIA

      Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

      Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

      Third Party Defendant.

_____/

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXPERT WITNESS' JAMES E. PAMPINELLA TESTIMONY AND EXCLUDE HIS REPORT UNDER FED.R.CIV.P. 26 AND 37

      COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully replies to the response in opposition, DE 170, filed by Defendant, CE Resource, Inc.'s d/b/a CME Resource and NetCE ("Defendant"), to Plaintiff's motion to strike the testimony of Defendant's proposed damages expert, Mr. James E. Pampinella, ("Pampinella"), and to exclude his expert report.  DE 156. Defendant argues, without citation to any case law, that the disclosure of Pampinella and service of his report to Plaintiff for the first time on November 16, 2017, one day after the close of discovery, was timely.  Defendant also argues that even it if was not timely, it was substantially justified in being untimely, or that the lack of timeliness was not harmful to Plaintiff.[1]  Defendant is wrong on

_____

[1]And, by extension, to third party defendant Elite Continuing Education, Inc. ("Elite").

both accounts.

The failure by Defendant to abide by the rules of practice, as evidenced by the late disclosure of Pampinella and submission of his report, reflects yet another of the litigation abuses it has committed in this action.  To date, the Defendant has engaged in at least the following vexatious and unreasonable conduct: (1) It filed a meritless, amended counterclaim Claim Five, *see* DE 36, against Plaintiff for Unfair Business Practices under California Business & Professional, for which this court recently granted Plaintiff judgment on the pleadings, DE 162; (2) It filed a meritless counterclaim against Elite for Tortious Interference with Contractual Relations relative to Plaintiff, Claim Four, which the court dismissed, DE 88; (3) It withdrew, for lack of evidence, the same Claim Four against Elite relative to released third party Alpine Management Services III, LLC, DE 172; (4) It withdrew, based upon Defendant's admission of no substantial similarity, claims of copyright infringement against Elite for two allegedly offending works at issue, DE 121, 123; (5) Despite the admission of no substantial similarity of the aforementioned two works, Defendant continues to prosecute those same meritless claims against Plaintiff; (6) Defendant has been sanctioned by the court for discovery abuse, DE 97; (7) The court denied Defendant the right to take discovery on the issue of non-party Educational Commission for Foreign Medical Graduates ("ECFMG"), DE 145, yet despite the order, Defendant immediately issued a third party subpoena to the ECFMG for the exact same impermissible discovery, prompting Plaintiff to file a (pending) motion for protective order, DE 148, and (pending) motion to quash, DE 161; and, (8) it insisted on taking a Rule 30(b)(6) deposition of Elite well after discovery cutoff, over the objections of Plaintiff because it violated

2

L.R. 26.1(d), prompting Plaintiff to seek enforcement of protection granted under the rule. DE 166.[2]

As Defendant has previously flouted litigation and discovery practices, it again wants to continue with the same conduct and rely on the untimely expert disclosure of Pampinella. However, conduct regulated by Rule 26 of the Federal Rules of Civil Procedure is not aspirational; it is required. *See Reese v. Herbert*, 527 F.2d 1253, 1266 (11th Cir. 2008)("Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational.")(citations omitted; internal quotations omitted).

Defendant, in its response to the pending motion, acknowledges that the Pampinella disclosure and report were untimely, filed after "the close of discovery," on November 16, 2017. Response at 2-3. Yet despite this admission, Defendant contends that the untimely disclosure was actually timely, because when the court ordered November 15,2017 as the "Discovery Cutoff," DE 76, it really meant only "fact" discovery cutoff. Nowhere is Defendant's belief supported by the record or by any authority.

Discovery was set on an expedited track at the request of Defendant. *See* DE 70. The response fails to address this fact. Defendant had six months to retain and disclose its expert, yet it waited until November 1, 2017 - two weeks prior to discovery cutoff - to retain Pampinella. *See* DE 171 at 1, ¶6. The response fails to address this inexcusable delay. The purported expert report relies exclusively on the Defendant's own sales information that Defendant possessed from day one. The response disregards this point. Defendant never moved for an extension of time to serve the expert

---

[2]Magistrate Judge Snow recently denied the motion, as moot, *see* DE 177, because Elite ultimately refused to produce the deponent, and canceled the deposition. *See* DE 175 at 3.

disclosure timely.  The response ignores this fact.[3]  Defendant has yet to serve any updated expert disclosure, even though it retained Pampinella on November 1, 2017, in violation of Fed.R.Civ.P. 26(a), (e).

Defendant takes the position that it actually disclosed its "expert" to Plaintiff by letter dated November 10, 2017, which he received on November 11, 2017.  Defendant incredibly contends the letter disclosure identified an expert, and makes the November 16, 2017 report timely. It does not.

The letter, DE 171-1, only refers to the "Navigant production"; it does not identify who or what "Navigant" is, and does not identify Pampinella by name even though Navigant was retained ten day prior thereto.  Certainly the letter does not identify "Navigant" as a damages expert. Even if it did, however, serving a production does not meet the rules of providing a fulsome expert report.  *See* Fed.R.Civ.P. 26(a)(2)(B).  Regardless, the Defendant's advice of a "Navigant" production four days prior to discovery cutoff was meaningless to Plaintiff under the federal rules. This is because he was not permitted to take the deposition of Pampinella until after he was served with his report, *see* Fed.R.Civ.P. 26(b)(4)(A), which, again, was after discovery cutoff

Furthermore, providing an expert report just a few days prior to the November 15, 2017 discovery cutoff would have been just as harmful to Plaintiff as it was when it was served one day late.  As argued in the motion, a point to which Defendant does dispute in its response, "the expert disclosure rule is intended to provide opposing parties with a 'reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other

---

[3]*See S.O.S. Resource Services, Inc. v. Bowers*, Case No. 14-Civ-22789-COOKE/TORRES, *4 (S.D. Fla. November 4, 2015)(failure to move for timely continuance of pretrial deadlines neither substantially justified nor harmless).

witnesses.' *Sherrod v. Lingle*, 223 F.3d 605, 613 (7ᵗʰ Cir. 2000) (quoting Fed. R.Civ.P. 26(a)(2) advisory committee's note)." *Reese v. Herbert*, 527 F.2d at 1265.  Defendant's service of the report, even if a few days prior to discovery cutoff, would not have given Plaintiff that court-permitted chance to prepare for effective cross examination and to arrange for expert testimony from other witness.[4]

Defendant has not established that the expert disclosure delay was substantially justified or harmless.  Rather, it blames the court for not being clear enough in ordering "Discovery Cutoff," because the court did not order separate deadlines for "fact" discovery cutoff and "expert" discovery cutoff.  This argument was raised and rejected however before the Seventh Circuit Court of Appeals.  *See Hassebrock v. Bernhoft*, 815 F.3d 334, 341(7th Cir. 2016)(court order that "[d]iscovery shall be completed by 5/10/2014" and referred to that date as the "close of discovery" even though the order didn't say "*all* discovery shall be completed" by that date "hardly matters. The addition of the word 'all' would have been superfluous.").   Defendant dismisses this case as not binding on the court, Response at 5, yet the Seventh Circuit's reasoning is evident and persuasive. Local Rule 16.1(b)(2)(C)(iii) calls for the parties to submit a scheduling conference report identifying the time "to complete discovery."  It was from this report, DE 70, that the court issued its "Discovery Cutoff" date after considering "the parties' suggested discovery schedule."  DE 76.  Furthermore, Local Rule 26.1(d) requires the "Completion of Discovery" "in sufficient time that the response is due on or before **the discovery cutoff date**."  *Id*. (Emphasis Added).  The local rules do not divide discovery cutoff into components of fact and expert deadlines.  The federal rules are also clear on this point.

---

[4]All within a four (4) day window.

5

Defendant's reliance upon the 90-day rule to disclose expert testimony under Fed.R.Civ.P. 26(2)(D)(i) only applies "[a]bsent a...court order."  Response at 4.  However, in this action, there is a court order, DE 76, one in which Defendant joined in proposing.  DE 70.  Moreover, the misguided reliance by Defendant on the 90-day rule is highly suspect given its own conduct - why would Defendant rush to meet the November 15, 2017 discovery cutoff date ordered by the court, missing that deadline by one day, if it had until December 12, 2017 to disclose its expert as it urges in the response?  The response does not address this fact, but it does highlight Defendant's true appreciation for, and understanding of, the court's intended discovery cutoff date to include all discovery.  There is no substantial justification for Defendant to have waited more than five months from the issuance of the court's scheduling order setting the discovery deadline to serve an untimely expert report that is based upon damages' information that it had from the commencement of the action.

Additionally, the harm to Plaintiff is clear.  Defendant's untimely report has prevented Plaintiff from properly preparing for effective cross examination of Pampinella, and from an opportunity to consider to engage his own experts.  Further, with the substantive pretrial motions' deadline looming on December 15, 2017, Plaintiff has been denied an opportunity to consider whether Pampinella's report should be a component of his upcoming motion for summary judgment.

Defendant's offer to depose Pampinella now, after discovery, apparently to mitigate Plaintiff's harm, is of moment because it is unauthorized by the rules.[5]  It violates both Rule 29(b) of the Federal Rules of Civil Procedure (" [A] stipulation extending the time for any form of discovery **must have court approval if it would interfere with the time set for completing**

---

[5]Yet another example of the Defendant flouting the rules.

**discovery**.")(Emphasis Added), and Local Rule 26.1(a)(discovery stipulations by parties are prohibited if they would violate a "Court-ordered deadline.").

   Plaintiff has cited to the court in his motion a number of binding decisions from the Eleventh Circuit and this court supporting the striking of Pampinella's testimony and the exclusion of his report.  Defendant has cited **no** case law supporting a position that it was substantially justified in its expert disclosure delay, or that Plaintiff has not been harmed by its failure to follow the court's discovery cutoff order.  If Pampinella's testimony is not stricken, and the report not excluded, Plaintiff will not be ready for trial as set, or any other upcoming pretrial deadlines, much to his prejudice.

   WHEREFORE, because Defendant has not met its burden and established that it was substantially justified in serving its untimely expert name and report, or that the delay was harmless, Plaintiff respectfully moves for an order granting the motion.

       Respectfully submitted,


       /s/ Richard S. Ross, Esq.
       RICHARD S. ROSS, ESQ.
       Attorney for Plaintiff Dr. Jassin Jouria
       Fla. Bar No. 436630
       915 S.E. 2 Court
       Ft. Lauderdale, Florida 33301
       Tel 954/252-9110
       Fax 954/252-9192
       E mail: prodp@ix.netcom.com

## <u>CERTIFICATE OF SERVICE</u>

   I HEREBY CERTIFY that on December 13, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


          <u>s/Richard S. Ross</u>
          Richard S. Ross, Esq.

**SERVICE LIST**
**Dr. Jassin Jouria v. CE Resource, et al.**
**Case No.: 15-61165-CIV-DIMITROULEAS**
**United States District Court, Southern District of Florida**
**(Ft. Lauderdale Division)**

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*