# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA

        Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

        Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

        Third Party Defendants.

_____/

**CE RESOURCE, INC. d/b/a CME RESOURCE and NETCE's**
**REPLY IN SUPPORT OF PARTIAL APPEAL OF OMNIBUS ORDER (DKT. 145)**

1

**I.      Introduction**

Pursuant to Local Magistrate Rule 4(a)(1), NetCE files this Reply in support of its Partial Appeal of the Magistrate's Omnibus Order. Dr. Jouria's Opposition does not address the fundamental problems with the Omnibus Order, which was "contrary to law" in several respects. NetCE respectfully requests this Court order the compliant production of all responsive documents, the production of documents responsive to requests described below, responsive answers to the identified interrogatories, and the requested additional deposition testimony.

**II.     Argument**

    **A.     NetCE's Objection Was Timely**

Magistrate Judge Snow issued a written Omnibus Order on November 16, 2017. (Dkt. 145.) NetCE filed its Partial Appeal and Objections with supporting documents on November 29, 2017 ("Opening Memorandum") (Dkt. 159.) NetCE appropriately waited until the written order was issued to file this appeal. 28 U.S.C. § 636(b)(1)(A) ("Any party may appeal from a Magistrate Judge's order…within fourteen (14) days after *being served with the Magistrate Judge's order*, unless a different time is prescribed by the Magistrate Judge or District Judge.") (emphasis added); Local Magistrate Rule 4(a). While the hearing on the three at-issue Motions to Compel took place on November 9, 2017[1], no paperless order (notation of the disposition of the motions) was included within the minute entry[2]. (Dkt. 141.) This is no mere frivolous technicality—the absence of such a notation led NetCE to believe a written order was forthcoming (and it was). Accordingly, NetCE waited for the issuance of (to be "served") an order. When Magistrate Snow issued her Order, NetCE then *timely* filed its Objections/Opening Memorandum on November 29, 2017 (within fourteen days of the

---

[1] Dr. Jouria suggests that NetCE has withheld documentation from this Court in order to "hide" relevant information. This is preposterous. It is absurd to suggest that NetCE is hiding something visible in plain sight (the docket and, in particular, the fact that a hearing was held on November 9, 2017). NetCE cited to pertinent documentation where it appeared and was already filed in the record. Moreover, Dr. Jouria cites to no authority—likely because there is none that supports his bizarre position that a hearing transcript is required to successfully argue an objection. Nonetheless, attached as **Exhibit A** to the Declaration of Jessica Lanier ("Lanier Decl.") is a full transcript of the hearing before Magistrate Judge Snow on November 9, 2017.

[2] The full text of the minute entry: "PAPERLESS Minute Entry for proceedings held before Magistrate Judge Lurana S. Snow: Motion Hearing held on 11/9/2017 re 101 Defendant's MOTION to Compel Answers to Interrogatories filed by CE Resource, Inc., 100 Defendant's MOTION to Compel Production of Documents filed by CE Resource, Inc., 129 Defendant's MOTION to Compel Deposition Testimony filed by CE Resource, Inc. Richard Ross appeared on Plaintiff's behalf and Jessica Lanier and Philip Rothschild appeared on behalf of Defendant/Counter Plaintiff, CE Resource, Inc.. Total time in court: 1 hour(s) : 0 minutes. Attorney Appearance(s): Richard Stuart Ross, Philip E. Rothschild, Jessica E. Lanier, (Digital 14:28:58 - 15:35:44) (nsn) (Entered: 11/09/2017)."

Magistrate Judge's order). *Cooper v. Chicago Transit Authority*, No. 95 C 2616, 1996 WL 520855, at *2 (N.D. Ill. Sept. 10, 1996) (discussing and dismissing *Scharf*, which Dr. Jouria cites: "the 1991 Note is evidence that the Committee intended that the … rule be invoked once the losing party is served with a written copy of the oral ruling."); *Goodman v. Tatton Enterprises, Inc.*, Case No. 10-60624, 2012 WL 12540024, at *35 (S.D. Fla. June 1, 2012) (service with copy of ruling triggered clock for filing written objections with District Court).[3]

### 1.  Written Order Differs From the Magistrate's Determination at Hearing

With respect at least to the RFP specifications issue, counsel for NetCE and counsel for Dr. Jouria have conflicting interpretations of Judge Snow's ruling from the bench. NetCE believes Judge Snow, at the hearing, ordered Dr. Jouria to produce all responsive documents in the specifications laid out in NetCE's unobjected-to instructions in its Requests for Production. Dr. Jouria's counsel believes Judge Snow only ordered Dr. Jouria to produce documents responsive to *certain* requests according to the appropriate specifications. (**See** Email exchange ending November 15, 2017, attached to Lanier Decl. as **Exhibit B**.) The written Order, as issued, is an incorrect application of the law.

---

[3] The committee notes to Fed. R. Civ. P. 72(a) state that an oral ruling may suffice—this, of course, is not the same as a statement that a rule or recommendation that an oral ruling supersedes a written order. The cases Dr. Jouria cites are distinguishable from the facts at hand. In *Scharff v. Claridge Gardens, Inc.*, No. Civ. 2047, unlike here, no written order was ever issued. 1990 WL 186879, at *7, (S.D.N.Y. Nov. 21, 1990). *Samad Brothers. Inc. v. Bokara Rug Co., Inc.*, concerns a revised written discovery order following an oral order, but only where new information was brought to the magistrate's attention following the oral order. No. 09 Civ. 5843 (JFK), at *7 (S.D.N.Y. Sept. 9, 2011) (appeal under Rule 72(a) that was filed after 14 days from the oral ruling was untimely). No such "revision" is at issue here. In *Jain v. Memphis-Shelby County Airport Auth. & Serv. Mgmt. Sys.,* the written order referred to the oral order without elaboration. Here, of course, Magistrate Judge Snow drafted and issued a lengthy written order. 2010 U.S. Dist. LEXIS 8032, 9-10 (W.D. Tenn. Jan. 29, 2010). In *Lerma v. URS Fed. Support Services*, the magistrate judge issued only an oral order and an ECF paperless order. In the minute entry for the hearing, the court noted the disposition of the motion. 2011 U.S. Dist. LEXIS 66451, Case No. 1:11-cv-00536-LJO-MJS, at *7 (E.D. Cal. June 22, 2011); *Lerma v. URS Fed. Support Services*, Case No. 1:11-cv-00536-LJO-MJS, Dkt. 28. No such notation (paperless order) appears in the minute entry for the hearing at issue here. *See also See also Woltmann v. Chicago Gridiron, LLC*, Case No. 11 C 5994, at *2 (N.D. Ill. May 3, 2012) (paperless order and oral order).

These are not distinctions without a difference. A key component of Fed. R. Civ. P. 72 is the serving of the order on the party—in other words, notice that an order has been issued. As the minute entry for the November 9, 2017 contains no paperless order, the clock did not start for NetCE's objections until November 16, 2017, when Magistrate Judge Snow's order issued.

### B. The Magistrate's Rulings Described in NetCE's Objections/Appeal Were Contrary to Law

#### 1. Production of Responsive Documents According to Unobjected-to Specifications

Dr. Jouria's account of the meet-and-confer process regarding the document specifications is inaccurate. NetCE made its problems with the specifications known after Dr. Jouria first produced documents to it, and, in its Motion to Compel NetCE asked this Court to compel Dr. Jouria to produce *all* documents responsive to its Requests for Production in the correct format and with the correct specifications. (**See** Email chain attached as **Exhibit C** to Lanier Decl.; Dkt. 100 at p. 4-6.)[4]

Even if none of this were true, Dr. Jouria failed to object to NetCE's specifications at the time he served his written objections and responses to NetCE's Requests for Production. He therefore waived his right to object to such specifications and instructions, and he was obligated to produce all responsive documents in the format NetCE requested and following NetCE's instructions. Fed. R. Civ. P. 34(B)(2)(D); *Bray & Gillespie Management LLC v. Lexington Ins. Co.*, 259 F.R.D. 568, 585-87 (holding producing party violated Federal Rule of Civil Procedure 34 by failing to produce ESI in form specified by requesting party). Quite simply, to order otherwise, as Magistrate Judge Snow did, is "contrary to law," and this Court should order Dr. Jouria to produce all responsive documents according to the specifications NetCE set forth in its unobjected to written Requests for Production.[5]

#### 2. Financial Documents and Information NetCE Seeks Contain Relevant Information

Counsel focuses this portion of his Opposition almost entirely upon the issue of punitive damages, but NetCE articulated in Opening Memorandum multiple reasons other than NetCE's seeking of punitive damages why it is entitled to seek and receive responsive financial documents— and why this information and these documents are relevant.

---

[4] Dr. Jouria's written responses only stated that he did not have responsive documents to Requests 2, 4, and 8. Dr. Jouria's written responses also indicated that he was withholding documents that he believed were in NetCE's possession, custody, or control responsive to Requests 5, 6, 7, 16, 19, 29, and 30. Requests that are substantively argued herein are 27, 28, and 37. Accordingly, Magistrate Judge Snow's order regarding the production specifications issue should have covered 1, 3, 5-7, 16, 19-26, and 29-36. This does not align with Magistrate Judge Snow's order that only documents responsive to selective Requests for Production 1, 3, 5-7, 19, 30, and 35 were to be re-produced.

[5] If counsel for Dr. Jouria will aver that he has produced *all* responsive documents in the correct, unobjected-to format and according to NetCE's unobjected-to specifications, NetCE will be satisfied. NetCE expects, however, due to counsel's clarifications and diminutions (**Exhibit B** to Lanier Decl.), that this is not the case.

It is highly relevant to this case: (i) whether Dr. Jouria has sold the Infringed Courses to other CE providers, as yet unknown to NetCE; (ii) if such sales occurred, the amount Dr. Jouria was paid for such transactions; (iii) whether Dr. Jouria was paid by Elite for consulting or other services; and (iv) the timing and amount of payments Dr. Jouria received from Elite. *Matter of Application of O'Keeffe*, 184 F. Supp. 3d 1362 (S.D. Fla. 2016) (sustaining objection to magistrate's order where magistrate erroneously determined information sought was irrelevant and ordering production).

In seeking Dr. Jouria's financial information and documents as described in the pertinent Requests and Interrogatories, NetCE is attempting to shore up the facts of Dr. Jouria's bad acts: dates, instances, additional third party involvement, breadth of damage, Dr. Jouria's profits from infringement, and the degree of Dr. Jouria's involvement with Elite. In a copyright infringement and breach of contract case, each of these categories and topics of information is highly relevant, and NetCE is entitled to examine documents to shore up or refute Dr. Jouria's account of events *and* to fill in gaps in Dr. Jouria's recollection. *See, e.g., Al-Ghena International Corp. v. Radwan*, 2014 WL 12657643 (S.D. Fla. 2014) (ordering production of financial information due to likelihood that information would at minimum lead to the discovery of admissible evidence). *See Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, 303 F.R.D. 673, 678 (S.D. Fla. 2014) (rejecting moving party's argument that witness testimony supplants production of documents).

The documents NetCE seeks are also ones Dr. Jouria put at issue. As outlined in NetCE's Opening Memorandum, Dr. Jouria testified during his deposition that he could not recall the dates and amounts of certain transactions with Elite and that he would have to refer to *his financial records* in order to refresh his memory. At minimum, NetCE is entitled to review these documents to fill in missing details.

Dr. Jouria's repetition of his arguments from his Oppositions to NetCE's motion to compel in and to this appeal that it is a "generally recognized proposition" of federal discovery law that financial information was not discoverable until the court rendered judgment *is an inaccurate statement of the law*. As NetCE pointed out in its Opening Memorandum, financial information is routinely discoverable in federal cases prior to the entry of judgment. *See, e.g., Black v. Kerzner Int'l Holdings, Ltd.*, No. 12-60301-CIV, 2013 WL 11971270 (S.D. Fla. May 20, 2013) (discovery of financial worth allowed); *Ward v. Estaliero Itajai S/A*, 541 F. Supp. 2d 1344 (S.D. Fla. 2008) (same); *Pantages v. Cardinal Health 200, Inc.*, No. 5:08–cv–116–Oc–10GRJ, 2009 WL 1011048 (M.D. Fla. April 15,

2009) (same).[6]

Finally, Dr. Jouria ignores the fact that, in federal court, state court evidentiary rules (here, Florida's privacy rules regarding financial documents) do not trump the Federal Rules of Civil Procedure. It is black letter law that, where state evidence rules conflict with the Federal Rules of Civil Procedure in a case pending in a federal court, the Federal Rules control. *See, e.g., Black*, 2013 WL 11971270, at *3; *Ward v. Estaliero Itajai S/A,* 541 F. Supp. 2d at 1348 ("State law is of very little relevance to discovery in a federal action."); *Pantages*, 2009 WL 1011048 at *3 ("while Florida is free to formulate its own rules for discovery, to the extent they conflict with the uniform rules of federal procedure they must be disregarded."). As detailed at length in NetCE's Opening Memorandum, Florida's rules or laws about financial records and privacy are wholly immaterial to the present disagreement. *See NetJets Aviation, Inc. v. Peter Sleiman Development Group*, LLC, 2011 WL 6780879, at *6 (M.D.Fla. 2011) (privacy right under Florida state law does not prohibit discovery of financial records in every instance: "test is one of relevancy").

The information and documents sought are highly relevant to NetCE's factual investigation of Dr. Jouria's bad acts and the impacts and effects of those bad acts, and the Omnibus Order's position is "contrary to law." This Court should order Dr. Jouria to produce all documents responsive to Requests for Production 27 and 37 and to submit fulsome answers to Interrogatories 17 and 18.

### 3.     Dr. Jouria's Dispute With ECFMG Is Also Highly Relevant

Dr. Jouria mischaracterizes NetCE's argument with respect to testimony and documents regarding Dr. Jouria's conflict with the ECFMG. In its Opening Memorandum (and in its Motions to Compel, Dkts. 100 and 129), NetCE explained the substantive relevance of this information.

NetCE's discovery of Dr. Jouria's conflict with the ECFMG (in particular the discovery of this conflict by one of NetCE's subject matter planners) led to further investigation of Dr. Jouria's credentials. *See* **Exhibit D** to Lanier Decl. NetCE discovered additional credentialing discrepancies

---

[6] NetCE believes it is entitled to responsive documents and information regarding all of its financial information-related discovery requests. NetCE recognizes, however, that this Court may wish to draw a distinction between Requests for Production and Interrogatories at issue that seek information regarding Dr. Jouria's "assets" and those that seek other financial information, such as bank and other account records. NetCE's goal in seeking the latter category is to determine the extent of Dr. Jouria's bad acts, identify other third parties for whom Dr. Jouria submitted NetCE's intellectual property, determine the amount and timing of payments Dr. Jouria received from Elite (and the purpose of such payments, in order to determine whether Dr. Jouria performed other services for Elite) and any other third party CE providers who may have purchased NetCE's intellectual property, to collect evidence that Dr. Jouria accepted and did not return payments from at least both NetCE and Elite, and to fill in holes in Dr. Jouria's deposition testimony—all of which are plainly relevant to the underlying facts of this conflict and NetCE's claims and defenses.

with respect to Dr. Jouria's academic background, resulting directly in NetCE's decision to finish curating, fact-checking, and editing the courses for which Dr. Jouria was already commissioned but to decline to enter into any additional Freelance Writer Agreements with him.  Additional attention to the materials Dr. Jouria submitted resulted also in the discovery of the infringement at the heart of this conflict.  *See Rosenbaum v. Becker & Poliakoff, P.A.*, 708 F. Supp. 2d 1304, 1306 (S.D. Fla. 2010) (collecting cases) ("Indeed, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues…. Nor is discovery limited to the merits of the case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." (citations omitted)).  Information regarding this dispute is relevant to the claims and defenses of this case—and for far more than just impeachment.  *See Buckley Towers Condominium, Inc. v. QBE Insurance Corp.*, No. 07-22988-CIV., 2008 WL 2645680, at *2 (S.D. Fla. June 26, 2008) ("But even if the information is only useful for purposes of impeachment or corroboration, it may still be discoverable whether or not it will ultimately be admissible in evidence at trial."); *Hickman v. Taylor*, 329 U.S. 495 (1947) ("such written statements and documents might, under certain circumstances, be admissible in evidence or give clues as to the existence or location of relevant facts. Or they might be useful for purposes of impeachment or corroboration.").  Information and documents related to Dr. Jouria's dispute with ECFMG is both relevant substantively and, because it concerns allegations of untruthfulness, useful to assess Dr. Jouria's veracity as a witness and a party.[7]

Dr. Jouria does not even attempt to refute NetCE's argument that refusing to testify on a subject at a deposition based on relevance is impermissible.  Fed. R. Civ. P. 30(c)(2); *Quantachrome Corp. v. Micromeritics Instrument Corp.*, 189 F.R.D. 697, 700 (S.D. Fla. 1999) (improper for witness to decline to answer question based on relevancy); *Fantroy v. Publix Super Markets, Inc.*, 2013 WL 12156111, at *3 (M.D. Fla. 2013) ("Whether the information obtained may be admissible as evidence at trial is immaterial. The information is relevant under Fed. R. Civ. P. 26(b)(1) since it may reasonably lead to the discovery of admissible evidence.").  Allowing to stand the portion of the Omnibus Order denying NetCE's Motion to Compel additional deposition testimony would reward improper behavior and

---

[7] Dr. Jouria cites *Campbell v. Moon Palace, Inc.*, for the proposition that a requesting party may not seek impeachment evidence without limits.  Case No. 11-60274-CIV-COHN/SELTZER, 2011 WL 3648562, at *10 (S.D. Fla. August 19, 2011).  This case is easily distinguishable from the facts at hand.  First, NetCE has articulated many reasons why this information is relevant *in addition to* its usefulness for impeachment.  Second, unlike the requesting party in *Campbell*, NetCE has articulated specific reasons why the information sought is useful for impeachment.  The ECFMG conflict concerns allegations that Dr. Jouria submitted false (i.e. forged) letters of recommendation to the credentialing committee.

reinforce a perverse incentive. Any party, in any case, could selectively refuse at deposition to testify on subjects it deems of its own accord to be irrelevant—with impunity[8]. Moreover, at his deposition, Dr. Jouria's determination of "relevance" was selective to NetCE's examination. Upon examination by Elite, as detailed in NetCE's Opening Memorandum, he testified at length about his credentials. Allowing Dr. Jouria to comport himself thus—to determine on a whim when he will answer questions regarding a certain topic—is unfairly prejudicial to NetCE.

NetCE is entitled to take Dr. Jouria's testimony on this subject and to the production of documents regarding Dr. Jouria's conflict with ECFMG, and this Court should order Dr. Jouria to so submit.

## III.  Conclusion

For all the reasons argued above and its Opening Memorandum, this Court should sustain NetCE's objections to the Omnibus Order, as articulated in its Opening Memorandum, and (i) order Dr. Jouria to produce responsive documents to all Requests for Production following NetCE's specifications; (ii) order Dr. Jouria to produce documents responsive to Requests 27, 28, and 37 (and with the correct specifications); (iii) order Dr. Jouria to provide substantive and fulsome responses to Interrogatories 17 and 18; and (iv) order the supplemental deposition of Dr. Jouria on the topic of his conflict with ECFMG.

Dated: December 13, 2017

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Philip E. Rothschild*
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

*/s/ John P. Kern*

---

[8] Magistrate Judge Snow acknowledged that refusing to testify on a topic based on relevance was improper, but did not order additional deposition testimony to correct this improper behavior.

> John P. Kern, Esq. (pro hac vice)
> Email: john.kern@hklaw.com
> Jessica E. Lanier, Esq. (pro hac vice)
> Email: Jessica.Lanier@hklaw.com
> HOLLAND & KNIGHT LLP
> 50 California Street, Suite 2800
> San Francisco, CA 94111
> Telephone: (415)743-6918
> Facsimile: (415)743-6910
> Attorneys for CE RESOURCE, INC.
> d/b/a CME RESOURCES and NetCE

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 13, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

> */s/ Philip E. Rothschild*
> Philip E. Rothschild

## **SERVICE LIST**

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC MAIL SERVICE]**

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700

Charlotte, North Carolina 28202
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**