**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

DR. JASSIN JOURIA

    Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

    Third Party Defendant.
_____/

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT DECLARING NO COPYRIGHT INFRINGEMENT AND NO BREACH OF CONTRACTS**

    COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully moves this court for an order granting him summary judgment on his declaratory judgment claims of no copyright infringement (First Claim for Relief), and no breach of contracts (Second Claim for Relief), DE 1, against Defendant, CE Resource, Inc.'s d/b/a CME Resource and NetCE ("Defendant"). Plaintiff also seeks summary judgment against Defendant on its corresponding amended counterclaims for copyright infringement (Claim One), and breach of contracts (Claim 2). DE 36. Summary judgment is appropriate because "there is no genuine dispute as to any material fact, and [Plaintiff] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

**FACTUAL BACKGROUND**

This action was filed on June 2, 2015. DE 1. Plaintiff filed the Complaint against Defendant seeking a declaration that Plaintiff did not violate Defendant's copyrights and did not breach contracts entered into with Defendant. *Id*. Defendant filed its original Answer and Counterclaims on October 6, 2015. DE 33. A seven-month-long bankruptcy stay followed, and Defendant sought leave to amend its Answer on September 23, 2016, DE 33, which the court granted. DE 35. On October 21, 2016, Defendant filed its Amended Answer, Affirmative Defenses, Amended Counterclaim, and Third-Party Complaint, ("FAA"). DE 36. The FAA asserts a claim for copyright infringement against Plaintiff and Defendant Elite Continuing Education, Inc. ("Elite") for seven continuing education courses published by Elite, and against Plaintiff alone for breach of seven contracts.[1]

Defendant is a California-based company that specializes in developing continuing medical education ("CME") courses and materials. DE 36 at 15. To develop CME materials, Defendant contracts with an independent author, usually a medical professional and/or credentialed medical scholar, ("Author"). *Id.* The Author works under a standard template agreement, called a Freelance Writer Agreement ("FWA"), which is identical for each Author except for the name, deadlines, and subject matter areas. *Id.* at 15–16.

The FWAs at issue in the present case total seven (7) in number. Ex. 1; DE 36-2. All were drafted exclusively by Defendant, through its legal counsel. Ex.2, Sarah Campbell

---

[1] Defendant also asserted a claim (Claim Five) against Plaintiff for Unfair Business Practices under California Business & Professional Code (Cal. Bus. & Prof. Code § 17200 *et. seq.*). On December 4, 2017, this court entered an order granting Plaintiff's motion for judgment on the pleadings on the claim. DE162.

(Defendant 30(b)(6)) Depo. at 239.  The FWAs provide that they shall be governed by and under the laws of the state of California.  Ex. 1 at ¶10.  Under an FWA, an Author agrees to draft and submit a written article ("Article") to Defendant on a specific subject, in a specific format, and by a specific deadline. *Id*. at ¶4; *see* Attachment 1.  An Author to the FWA represents and warrants that he or she "will not submit **the Article** to any other party for publication unless and until [Defendant] expressly rejects the Article." *Id*. at ¶5(d)(Emphasis Added).  The FWA does not prohibit an Author from submitting a revised or rewritten Article to any other party. *Id*.  An Author also agrees in the FWA, in the paragraph entitled "Ownership and Assignment of Intellectual Property," that all Articles he or she submits to Defendant are deemed to be "works made for hire," and all copyrights associated with those works made for hire "belong exclusively to [Defendant]" **so long as** the Articles are "approved for publication by [Defendant]". *Id*. at ¶9.

Plaintiff is a medical doctor, and a medical subject matter author.  Ex. 3, Plaintiff Dec. at ¶7.  In 2012 and 2013, Defendant and Plaintiff executed ten FWAs.  Ex. 3 at ¶8.  All ten FWAs were drafted exclusively by Defendant, and not by Plaintiff, including the seven at-issue FWAs. *Id*. at ¶9.  At no time did Plaintiff submit any oral or written addenda to any of the FWAs. *Id*. at ¶10.  Plaintiff did not alter the terms of the FWAs presented to him by the Defendant in any respect. *Id*.  The seven at-issue FWAs in this action correspond to the copyright infringement allegations Defendant has asserted against Plaintiff for Elite's publication of seven CME courses. *Id*. at ¶11.  Plaintiff is not a publisher and has never published any CME courses or materials. *Id*. at ¶7.

It was Defendant's and Plaintiff's course of conduct that Plaintiff was paid upon the submission of each Article he authored, whether or not Defendant approved for publication, or

published, the Article. *Id*. at ¶14.  Defendant published three courses based upon each of three Articles written by Plaintiff. *Id*. at ¶23.  Of the seven remaining Articles Plaintiff wrote for Defendant, the Defendant never approved them for publication, *id*. at ¶19, and never actually published any CME courses based upon them. *Id*. at ¶20.

Plaintiff relied on Defendant's qualified language of "approved for publication" contained in Paragraph 9 of the FWAs regarding the conveyance of his copyrights in and to the Articles he wrote for Defendant. *Id*. at ¶24.  Plaintiff understood that if Defendant did not approve for publication any of his Articles, he would retain his copyrights in those not approved, and that he was free to offer the Articles to any other party without violating those copyrights. *Id*.  Plaintiff never intended to convey the copyrights in his Articles to Defendant if it chose not to approve them for publication. *Id*.

Elite also produces and publishes CME courses and materials.  In late 2012, Plaintiff approached Elite to write medical articles for it. *Id*. at ¶25.  Plaintiff offered Elite revised Articles, as rewritten articles ("articles"). *Id*. at ¶26.  Plaintiff did not offer any Article, including any rewritten article, to Elite for the three Articles Defendant did approve for publication, and which were incorporated into Defendant's published CME courses and materials. *Id*. at ¶27.  Plaintiff did not submit to Elite any Article he submitted to Defendant.  He only submitted to Elite rewritten articles. *Id*. at ¶28.

Plaintiff had no right and ability to supervise the content contained in Elite's published courses, and had no direct financial interest in those published courses. *Id*. at ¶29.  Elite had full editorial control over the articles Plaintiff wrote for it. *Id*.  Plaintiff was only compensated for writing the rewritten articles for Elite. *Id*.

In February 2015, Defendant apparently discovered that Elite published CME courses on the same topics as the seven at-issue Articles Plaintiff wrote for Defendant. Defendant contends that Elite's published CME courses infringe copyrights that Defendant asserts that it owns in the seven Articles. FAA, DE 36 at ¶86. Defendant testified at its deposition that the only offending works at issue relative to its copyright claims are Elite's publications, and not Plaintiff's rewritten articles. Ex. 2 at 237-38.

Defendant was aware at all material times that Plaintiff was not prohibited from writing articles for any third party on similar topics as the seven at-issue Articles in which Defendant asserts copyright ownership. *Id*. at 245. Defendant never assessed the similarity of the Articles Plaintiff wrote for it, compared to the rewritten articles that he wrote for Elite prior to filing the FAA. Ex. 6, Defendant Supp. Response to Plaintiff Interrogatories at 13-15 [No. 6]. Defendant never assessed the similarity of the Articles Plaintiff wrote for it, compared to Elite's published CME courses by any objective means prior to filing the FAA. *Id*. Defendant did assess the similarity of the Articles Plaintiff wrote for it, compared to some of Elite's published CME courses subjectively only, by a visual side-by-side comparison, prior to filing the FAA. *Id*. However, Defendant did not assess, by any means, the similarity of two of the Articles Plaintiff wrote for it ("Cardiovascular Pharmacology" and "The Lymphatic and Immune System"), compared, respectively, to two of Elite's published CME courses: (1) Women and Heart Disease; and Cardiovascular Diseases: The Leading Cause of Death in Women; and, (2) The Basics of Pathophysiology, prior to filing the FAA. *Id*. Defendant ultimately stipulated to dismissing its claims for copyright infringement against Elite for the two courses, recognizing that Elite's two published CME courses and Plaintiff's two corresponding Articles were not substantially similar. Ex. 2 at 248. Defendant has not, however,

dismissed its claims for copyright infringement against Plaintiff for the same two Elite CME course publications.  *Id*. at 247-50.

**LEGAL ARGUMENT**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247-48).  A fact is material if "it would affect the outcome of the suit under the governing law."  *Id*. (citing *Anderson*, 477 U.S. at 247-48).

In deciding a summary judgment motion, the court views facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor.  *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006).  The Court does not weigh conflicting evidence.  *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007).

1. **No Breach of Contracts**[2]

There is no genuine issue of material fact but that Plaintiff did not breach the FWAs at issue.  The FWAs provide that they are to be construed under the laws of the state of California.

---

[2] Defendant alleges in the FAA: "Dr. Jouria breached his obligations under the Contracts by submitting articles to NetCE pursuant to the terms of the Contracts and, without an explicit rejection from NetCE, selling identical or substantially similar articles to Elite." DE 36 at 3 [¶92].  The allegation invokes Paragraph 5, and possibly Paragraph 9, of the FWAs.  Ex. 1; DE 36-2.

*See* Ex. 1; DE 36-2, ¶10.  Under California law, "[a] contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made." Cal. Civ. Code §1646. The FWAs do not provide for a place of performance, but identify Defendant as located in Roseville, California, where submission of the Articles were made by Plaintiff.  Ex. 3 at ¶¶12-13.

The interpretation of a contract's provisions "presents a legal question for the court." Dr. *Leevil, LLC v. Westlake Health Care Ctr.*, 9 Cal.App.5th 450, 455 215 Cal.Rptr.3d 127 (Cal. App., 2017) (citing *Miscione v. Barton Development Co.* (1997) 52 Cal.App.4th 1320, 1325, 61 Cal.Rptr.2d 280).  "And contract ambiguities are construed against the drafter." *Id*. (citing *City of Hope National Medical Center v. Genentech, Inc.* (2008) 43 Cal.4th 375, 397-398, 75 Cal.Rptr.3d 333, 181 P.3d 142).  *See also* Cal. Civ. Code §1654 ("In cases of uncertainty not removed by the preceding rules, the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist.").  If the court determines that the FWAs contain any ambiguities, Defendant is the sole drafter of them, and the agreements should be construed against it.[3]

Plaintiff did not breach Paragraph 5 of the FWA, as a matter of law, regarding his representation and warranty that he "will not submit **the Article** to any other party for publication unless and until [Defendant] expressly rejects **the Article**." Ex. 1 at ¶5(d)(Emphasis Added); DE 36-2. Defendant defines "Articles" in the FWA to be those works written on particular subjects set forth

---

[3]To the extent there is any question that Defendant is the sole drafter of the FWAs, the agreements further provide, on page 4 thereof, that "[i]f there are any addendums or special requirements [Plaintiff] desires of this contract, they must be submitted in writing to [Defendant] prior to [execution date deadline] and a revised contract issued."  At no time did Plaintiff submit orally or in writing any addendums or special requirements, Ex. 3 at ¶10, and the terms of the FWAs presented by Defendant to Plaintiff were not altered by him in any respect. *Id*.

in Attachment 1 to the FWAs. Importantly, the Defendant did not define "Articles" to include <u>revisions or rewrites</u>; "Articles" are only defined, exclusively by Defendant, as **the** "written articles to [Defendant]." *Id*. at Paragraph 4. The only undisputed evidence of fact on this issue is that Plaintiff submitted rewritten articles to Elite that were revisions of Articles he submitted to Defendant. Ex. 3 at ¶26. Plaintiff never submitted any **Article**, as defined by Defendant in the FWA, to Elite. *Id*.

There is no legal basis to conflate the contract-defined "Articles" with the more liberal "substantially similar" test used in a statutory copyright infringement analysis. Had the Defendant wanted the FWA definition of "Articles" to include more than "the Article," i.e. any substantially similar, similar, or related Article, it easily could have written that into the contract - Defendant was the drafter of the FWA and any ambiguity should be construed against it. *See Dr. Leevi, LLC*; Cal. Civ. Code §1654, *supra*.

Additionally, Defendant "expressly rejected" the seven Articles because it refused to approve them for publication. Ex. 4, Defendant's Response to Elite's 2d RFP at 4 [No. 32]. Defendant admits that it never approved them for publication, or published CME courses based upon them. *Id*. While Defendant contends it did not approve the Articles for publication because Elite published courses comprising similar topics before Defendant did, there is no basis in the FWA for Defendant to rely on Elite's conduct as a reason not to approve. The material fact is there is no genuine issue that Defendant has never used any of the seven Articles, and, thus, by that conduct, it did "expressly reject" them.

Paragraph 9 of the FWAs, Ex. 1, DE 36-2, entitled Ownership and Assignment of Intellectual Property, provide in pertinent part:

> Writer hereby understands and agrees that all Articles **approved for publication** by [Defendant] under this Agreement shall belong exclusively to [Defendant]. Without limiting the foregoing, Writer agrees that, to the maximum extent allowed by law, all such Articles shall be deemed to be "works made for hire" under all relevant copyright laws, and [Defendant] shall be deemed to be the author thereof.

*Id*.[4] (Emphasis Added). "In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, **and unless the parties have expressly agreed otherwise in a written instrument signed by them**, owns all of the rights comprised in the copyright." 17 U.S.C. § 201(b)(Emphasis Added). Here, the parties did expressly agree otherwise in writing signed by them. Plaintiff and Defendant agreed that Plaintiff's Articles would not belong exclusively to Defendant unless they were "approved for publication" by Defendant. Since there is no genuine dispute of material fact that Defendant did not approve for publication the subject Articles, Ex. 4 at 4 [No. 32],[5] at no time did the copyrights in them belong exclusively to Defendant. Accordingly, Plaintiff was free to offer the Articles to any other party of his choosing without breaching Paragraph 9 of the FWA.

Plaintiff offered rewritten articles to Elite, not Articles as defined in the FWA which Defendant had expressly rejected by its conduct. Accordingly, Plaintiff did not breach Paragraph

---

[4]Because the parties do not dispute that Plaintiff's Articles written for Defendant were written as "works made for hire," the pertinent remainder of Paragraph 9 is not relevant to the analysis of copyright ownership. *See* Ex. 5; DE 36-1 (copyright registrations in which Defendant asserts "Yes" to "Work Made for Hire"); Ex.3 ¶18. This is because that remainder only applies if the Articles were determined not to constitute "works made for hire." *See* Ex. 1 at ¶9; DE 36-2.

[5]"NetCE never had the opportunity to approve the publication of the Seven Courses originally at issue in this lawsuit—NetCE discovered Elite's infringing publications before NetCE was able to approve and publish these courses." *Id*. In fact, Defendant has always had the opportunity, and ability, to approve the publication of Plaintiff's at-issue Articles, and can do so even today if it wants. Defendant simply made a business decision not to approve them for publication.

5 of the FWA.  Further, Defendant refused to approve for publication the original Articles Plaintiff wrote for it, and thus Plaintiff did not breach Paragraph 9 of the FWA.  There is no genuine issue of any material fact that Plaintiff did not breach the FWA.

      **2.**      <u>**No Direct Copyright Infringement**</u>

The only Articles at issue in this action relate to the ones that Defendant never approved for publication.  As a result, the copyrights in them never "belong[ed] exclusively to [Defendant]," Ex. 1; DE 36-2 at ¶ 9, and Plaintiff retained full ownership of the rights comprised in the copyrights.  *See* 17 U.S.C. §201(b).  Because the copyrights in the subject Articles were not conveyed to Defendant, Plaintiff had every legal right to offer the Articles, or rewritten articles, to another party without committing copyright infringement.  Plaintiff cannot be held liable for direct copyright infringement owing to Elite's publications as a matter of law.

      **3.**      <u>**No Indirect Copyright Infringement**</u>

Defendant contends the offending works are Elite's publications, and not Plaintiff's rewritten articles.  Ex. 2 at 237-38.  Thus, Plaintiff can only be liable for copyright infringement indirectly, since Elite had full editorial control over the content of its publications.  Ex. 3 at ¶29.  However, Defendant never sued Plaintiff for indirect copyright infringement through vicarious liability or contributory infringement, and never alleged in the FAA any facts in support.

Even if Defendant properly alleged that Plaintiff were liable for indirect copyright infringement, there is no genuine issue of material fact that Plaintiff cannot be found to infringe.  First, Plaintiff had no right and ability to supervise Elite's publications.  Ex. 3 at ¶29.  He also had no direct financial interest in Elite's publications.  *Id*.  *See Coach, Inc. v. Swap Shop, Inc.*, 916 F.Supp.2d 1271, 1282  (S.D. Fla. 2012)(Dimitrouleas, J.)(For vicarious copyright liability, "[t]he

defendant must have the right and ability to supervise the infringing activity and must have a direct financial interest."). (internal citations and quotations omitted). Second, Plaintiff cannot be held accountable to Defendant under a theory of contributory copyright infringement. "Contributory copyright infringement occurs when one with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another. Contributory copyright infringement occurs where a party with knowledge of infringing activity materially contributes to the infringing conduct of another." *Id*. at 1281 (citations omitted). Plaintiff did not have knowledge of Elite's alleged infringing activity because the Articles at issue were not "approved for publication," and thus Defendant never acquired any copyrights in them. Accordingly, Plaintiff's knowledge was and is that Elite has not engaged in any copyright infringement based upon Articles Plaintiff wrote for Defendant. Ex. 3 at ¶30.

Plaintiff is not liable to Defendant for copyright infringement, directly or indirectly. Summary judgment is warranted in favor of Plaintiff regarding his declaratory claim of no copyright infringement, and against Defendant on its copyright infringement claims alleged in the FAA.

4. **No Copyright Infringement Liability for Two Select Elite Publications - No Substantial Similarity**

Even accepting, for the purposes of this motion, that Defendant owns valid copyrights in Plaintiff's Articles, and that Plaintiff can be held liable for Elite's publications under either theory of direct or indirect copyright infringement, partial summary judgment in Plaintiff's favor is still appropriate for two select Elite publications. The two Elite publications in question are **not** substantially similar to Plaintiff's Articles, as the Defendant has now admitted. Ex. 2 at pp. 248, line 12 - 250, line 17.

"To make out a prima facie case of copyright infringement [of a book], a plaintiff must show that (1) it owns a valid copyright in the book and (2) defendants copied protected elements from the book." *Peter Letterese and Associates, Inc. v. World Institute of Scientology Enterprises, International*, 533 F.3d 1287, 1300 (11th Cir. 2008)(citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282 1296, 113 L.Ed.2d 358 (1991); *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1266 (11th Cir. 2001). The second prong "entails proof of both factual and legal copying, that is: (1) 'whether the defendant, as a factual matter, copied portions of the plaintiff's [work]'; and (2) 'whether, as a mixed issue of fact and law, those elements of the [copyrighted work] that have been copied are protected expression and of such importance to the copied work that the appropriation is actionable.'" *Id.* (citing *MiTek Holdings, Inc. v. Arce Eng'g, Inc.*, 89 F.3d 1548, 1554 (11th Cir. 1996). Whether copying is legally actionable is determined by "whether there is 'substantial similarity' between the allegedly offending [works] and the protectable, original elements of the book." *Id*. at 1301 (citations omitted).

Defendant dismissed copyright infringement claims against Elite for the following two publications: (1) Women and Heart Disease; and Cardiovascular Diseases: The Leading Cause of Death in Women; and, (2) The Basics of Pathophysiology. DE 121. The reason Defendant dismissed these works from the copyright infringement claims is because it acknowledged they are not substantially similar enough to Plaintiff's Articles to support a claim for infringement. Ex. 2 at pp. 248, line 12 - 250, line 17. Despite this concession, Defendant continues to prosecute the same infringement claims against Plaintiff. *Id.*

Without any substantial similarity, there is no genuine issue of material fact that Plaintiff, like Elite, cannot be held liable for copyright infringement in connection with the two

works. Where "no reasonable jury, properly instructed, could find that the two works are substantially similar," summary judgment is appropriate. *Herzog v. Castle Rock Entertainment*, 193 F.3d 1241, 1247 (11th Cir. 1999). Accordingly, judgment should be entered for Plaintiff on his declaratory judgment claims, and against the Defendant regarding its amended counterclaims, for copyright infringement related to the two Elite publications.

     **5.**    **<u>Defendant's Actual Damages Claim Too Speculative</u>**

Plaintiff has moved to strike the testimony of Defendant's damages expert, James, E. Pampinella ("Pampinella"), and to exclude his report, as untimely. *See* DE 156. Plaintiff has not had an opportunity to depose Pampinella and learn of the basis for his opinion, and thus has been harmed by Defendant's late disclosure of its expert. *Id*. However, Pampinella's report alleges that actual damages are based upon lost sales resulting from Defendant's inability to publish CME courses incorporating Plaintiff's Articles, because Elite first published CME courses incorporating rewritten articles.

Pampinella relies on Defendant's previous sales of two CME courses that Defendant did publish but that are not at issue in this case. Thus, Pampinella opines that those unrelated course sales are a proper basis to speculate about actual damages from lost sales as a result of the alleged infringement. Because Defendant admits that it has no evidence of lost sales resulting from the alleged infringement, Ex. 2 at 259, line 21 - 260, line 1, Pampinella's report is too speculative to support an analysis of actual damages, as a matter of law. Furthermore, because Defendant is free to publish courses based upon the at-issue Articles today or at anytime in the future if it so chooses, there is too much speculation to opine whether Defendant has suffered any actual damages as a result of Elite's publications.

"The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. §504(b). "For purposes of the actual damages analysis, [Defendant] must show actual damages under 17 U.S.C. § 504(b) 'as a result of the infringement'." *Olem Shoe Corp. v. Washington Shoe Co.*, Case No. 09-23494-CIV-HUCK/BANDSTRA (S.D. Fla. January 5, 2012). When damages are too speculative, they cannot form the basis of an actual damages claim. *Aerospace Services Intern. v. LPA Group, Inc.*, 57 F.3d 1002, 1004 (11th Cir. 1995).

Pampinella's report is too speculative for at least two reasons. First, Pampinella relies not upon actual damages resulting from the alleged infringement, but, rather, upon prior sales of two of Defendant's published CME that are not at issue in this case. In fact, Defendant admits that it has no evidence of any lost sale resulting from the alleged infringement, i.e. Elite's publications. Ex. 2 at 259, line 21 - 260, line 1. Second, any purported lost sales Pampinella's report claims are recoverable, in whole or in part, because Defendant can use Plaintiff's at-issue Articles today, or at anytime in the future, to erase or mitigate the speculated losses. Accordingly, Defendant is not entitled to rely on Pampinella's speculative report as a basis of actual damages resulting from the alleged infringement as a matter of law.[6]

**CONCLUSION**

Summary judgment is appropriate on all applicable claims in favor of Plaintiff. There is no genuine issue of material fact that Plaintiff did not breach the contracts at issue. Further,

---

[6] Defendant is free to seek alternative remedies as set forth in 17 U.S.C. §504 (i.e., profits of the infringer).

because Defendant never approved for publication the subject Articles, it never exclusively owned any copyrights in them, and cannot recover against Plaintiff for copyright infringement. Even if Defendant does own the copyrights exclusively, Plaintiff is not liable for copyright infringement as a matter of law for two of Elite's publications identified above that Defendant admits are not substantially similar to Plaintiff's Articles. Finally, there is no genuine issue as to any material fact that Defendant cannot seek actual damages because Defendant admits it has no evidence of any lost sales as a result of the alleged infringement. Thus, any such actual damages claim is too speculative.

WHEREFORE, Plaintiff respectfully moves for an order granting summary judgment in his favor on all declaratory judgment counts, and Claims One and Two of the FAA.

/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on December 15, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                 s/Richard S. Ross
                                                 Richard S. Ross, Esq.

**SERVICE LIST**
Dr. Jassin Jouria v. CE Resource, et al.
Case No.: 15-61165-CIV-DIMITROULEAS
United States District Court, Southern District of Florida
(Ft. Lauderdale Division)

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*


J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*