# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### (Fort Lauderdale Division)

CASE NO.: 15-61165-CIV-DIMITROULEAS

DR. JASSIN JOURIA

    Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE and NetCE,

    Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

    Third Party Defendant.

_____/

## DECLARATION OF DR. JASSIN JOURIA IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I, DR. JASSIN JOURIA, hereby declare, as follows:

1. I filed this action on June 2, 2015.

2. I filed the Complaint against Defendant CE Resource, Inc. d/b/a CME Resource and NetCE ("Defendant") seeking a declaration that I did not violate Defendant's copyrights and did not breach contracts entered into with Defendant.

3. Defendant filed its original Answer and Counterclaims on October 6, 2015, and on October 21, 2016, it filed its Amended Answer, Affirmative Defenses, Amended Counterclaim, and Third-Party Complaint, ("FAA").

4. The FAA asserts a claim for copyright infringement against me and Defendant Elite

**EXHIBIT 3**

Continuing Education, Inc. ("Elite") for seven continuing education course publications, and against me alone for breach of seven contracts.

5. Defendant is a California-based company that develops continuing medical education ("CME") courses and materials.

6. To develop CME materials, Defendant contracted with me as a subject matter expert in the medical profession, under a standard template agreement, called a Freelance Writer Agreement ("FWA").

7. I am a medical doctor, and a medical subject matter author. I am not a publisher and have never published any CME courses or materials.

8. In 2012 and 2013, Defendant and I executed ten FWAs.

9. All ten FWAs were drafted exclusively by Defendant through its legal counsel, and not by me, including the seven at-issue FWAs.

10. At no time did I submit orally or in writing any addendums or special requirements to the FWAs, and the terms of the FWAs presented by Defendant to me were not altered by me in any respect.

11. The FWAs at issue correspond to the copyright infringement allegations Defendant has made against me and Elite for its seven continuing education course publications.

12. The FWAs provide that they shall be governed by and under the laws of the state of California. For each of my FWAs with Defendant, I agreed to draft and submit a written article to it ("Article") on a specific subject as set forth in each Attachment thereto, in a specific format, and by a specific deadline. I drafted and submitted an Article to Defendant for each FWA.

13. The FWAs do not provide for a place of performance, but identify Defendant as located in Roseville, California, where I submitted the Articles I wrote for it.

14. It was the Defendant's course of conduct to pay me for each Article I submitted to it, whether or not the Article was approved for publication, or published, by Defendant.

15. In each FWA, I represented and warranted that I "will not submit **the Article** to any other party for publication unless and until [Defendant] expressly rejects the Article."(Emphasis Added). I have fulfilled this stated representation and warranty for each FWA.

16. Defendant expressly rejected each of the seven Articles at issue by refusing to approve it for publication, and/or by refusing to publish it.

17. None of my FWAs prohibited me from submitting a revised or rewritten article to any other party.

18. **In the Paragraph 9 of each FWA**, entitled "Ownership and Assignment of Intellectual Property," I agreed that Defendant would be considered the author of each Article as a "**work made for hire**," but would only own the copyrights associated with the Articles if the Defendant approved them for publication.

19. Of the seven at-issue Articles, Defendant never approved them for publication.

20. Of the seven at-issue Articles, Defendant never published any CME courses or materials relating to them.

21. Defendant filed for copyright protection before the United States Copyright Office on the seven at-issue Articles, claiming exclusive ownership of the copyrights, even though it knew it did not approve the Articles for publication.

22. I concede that the Articles at issue are "works made for hire" as that phrased is used in each

FWA; however, I dispute that Defendant owns any copyrights in the at-issue Articles.

23. Defendant approved for publication, and published, three courses based upon each of the three Articles written by me. Those three Articles are not at issue in this case.

24. I relied on Defendant's qualified language of "approved for publication" contained in Paragraph 9 of the FWAs regarding the conveyance of my copyrights in and to the Articles I wrote for Defendant. I understood that if Defendant did not approve for publication any of my Articles, I would retain my copyrights in those not approved, and that I was free to offer the Articles to any other party without violating those copyrights. I never intended to convey copyrights in my Articles to Defendant if it chose not to approve them for publication.

25. In late 2012, I approached Elite to write medical articles for it.

26. Because Defendant did not to approve for publication any of my seven unpublished Articles at issue in this case, I only offered Elite revised Articles as rewritten articles ("articles").

27. I did not offer any Article, including any rewritten article, to Elite for the three Articles not at issue in this case that Defendant did approve for publication, and which were incorporated into Defendant's published CME courses and materials.

28. I did not submit to Elite any Article I submitted to Defendant. I submitted only rewritten articles to Elite.

29. I had no right and ability to supervise the content contained in Elite's published courses, and had no direct financial interest in those published courses. Elite had full editorial control over the articles I wrote for it. I was only compensated for writing the rewritten articles for it.

30. I did not have knowledge of Elite's alleged copyright infringement because the at-issue

Articles I wrote for Defendant were never "approved for publication," and thus it is my understanding that Defendant never acquired any copyrights in them. Accordingly, my knowledge was and is that Elite has not engaged in any infringing activity of copyrights based upon the Articles I wrote for Defendant.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 13, 2017.

Dr. Jassin Jouria.