UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)

CASE NO.:15-61165-CIV-DIMITROULEAS

DR. JASSIN JOURIA

    Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

    Third Party Defendant.
_____/

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH PLAINTIFF CONTENDS THERE IS NO GENUINE ISSUE TO BE TRIED, IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully submits this statement of material facts as to which he contends there is no genuine issue to be tried, in support of his motion for summary judgment on the declaratory judgment claims of no copyright infringement (First Claim for Relief), and no breach of contracts (Second Claim for Relief), DE 1, and against Defendant, CE Resource, Inc.'s d/b/a CME Resource and NetCE ("Defendant"), on its corresponding amended counterclaims for copyright infringement (Claim One), and breach of contracts (Claim 2), *see* DE 36; L.R. 56.1(a), to wit:

1.     This action was filed on June 2, 2015. DE 1.

2.     Plaintiff filed the Complaint against Defendant seeking a declaration that Plaintiff did not

|   |   |
|---|---|
|   | violate Defendant's copyrights and did not breach contracts entered into with Defendant. DE 1. |
| 3. | Defendant NetCE filed its original Answer and Counterclaims on October 6, 2015. DE 33. A seven-month-long bankruptcy stay followed, and Defendant sought leave to amend its Answer on September 23, 2016, DE 33, which the court granted. *See* DE 35. On October 21, 2016, NetCE filed its Amended Answer, Affirmative Defenses, Amended Counterclaim, and Third-Party Complaint, ("FAA"). DE 36. |
| 4. | The FAA asserts a claim for copyright infringement against Plaintiff and Defendant Elite Continuing Education, Inc. ("Elite") for seven continuing education course publications, and against Plaintiff alone for breach of seven contracts. DE 36 at 29 [¶86]. |
| 5. | Defendant is a California-based company that develops continuing medical education ("CME") courses and materials. DE 36 at 15 [¶19]. |
| 6. | To develop CME materials, Defendant contracts with an independent author, usually a medical professional and/or credentialed medical scholar, ("Author"). DE 36 at 15 [¶21]. The Author works under a standard template agreement, called a Freelance Writer Agreement ("FWA"), which is identical for each Author except for the name, deadlines, and subject matter areas. DE 36 at 15 [¶22]. |
| 7. | Plaintiff is a medical doctor, and a medical subject matter author. Ex. 3 at ¶7; he is not a publisher and has never published CME courses or materials. *Id.* |
| 8. | In 2012 and 2013, Defendant and Plaintiff executed ten FWAs. Ex. 3 at ¶8. |
| 9. | All ten FWAs were drafted exclusively by Defendant through its legal counsel, including the seven at issue in this action. Ex. 2, Sarah Campbell (Defendant 30(b)(6)) Depo. at 239; Ex. |

3 at ¶9; Ex. 1, FWAs, *see* DE 36-2.

10. At no time did Plaintiff submit orally or in writing any addendums or special requirements to the FWAs, Ex. 3 at ¶10, and the terms of the FWAs presented by Defendant to Plaintiff were not altered by him in any respect. *Id. See also* DE 36-2 at 4 [¶13].

11. The FWAs at issue correspond to the copyright infringement allegations Defendant has made against Plaintiff and Elite for its seven continuing education course publications. Ex. 3 at ¶11; *See generally* DE 36.

12. The FWAs provide that they shall be governed by and under the laws of the state of California. Ex. 1 at 3 [¶10]. Under an FWA, an Author agrees to draft and submit a written article to Defendant ("Article") on a specific subject, in a specific format, and by a specific deadline. *Id*. at 2 [¶4] and Attachment 1.

13. The FWAs do not provide for a place of performance, but identify Defendant as located in Roseville, California, where Plaintiff submitted the Articles he wrote for it. Ex. 3 at ¶13.

14. The FWAs are to be construed in accordance with the law of the state of California. Cal. Civ. Code §1646.

15. Plaintiff drafted and submitted to Defendant an Article pursuant to each FWA. Ex. 3 at ¶12.

16. It was the Defendant's course of conduct to pay Plaintiff for each Article he submitted to it, whether or not Defendant approved for publication, or published, the Article. Ex. 3 at ¶14.

17. Plaintiff represented and warranted in each FWA that he "will not submit the Article to any other party for publication unless and until [Defendant] expressly rejects the Article." Ex. 3 at ¶15; Ex. 1 at ¶5(d).

18. Defendant expressly rejected the seven Articles at issue by refusing to approve them for

       publication, and by refusing to publish them. Ex. 3 at ¶16; Ex. 4, Defendant Supp. Response to Elite 2d RFP at 4 [No. 32].

19. The FWA does not prohibit Plaintiff from submitting a revised or rewritten Article to any other party. Ex. 1; Ex. 3 at ¶17.

20. Plaintiff agreed in the FWA, in the paragraph entitled "Ownership and Assignment of Intellectual Property," that all Articles he submitted to Defendant were deemed to be "works made for hire," and all copyrights associated with those works would "belong exclusively to [Defendant]" **so long as** the Articles were "approved for publication by [Defendant]". Ex. 1 at 2 [¶9]; Ex. 3 at ¶18.

21. Plaintiff concedes that the Articles are "works made for hire," as that phrased is used in the Paragraph 9 of the FWA. Ex. 3. at ¶22.

22. Of the seven at-issue Articles, Defendant never approved any of them for publication. Ex. 4 at 4 [No. 32].

23. Of the seven at-issue Articles, Defendant never published any CME courses or materials relating to them. Ex. 4 at 4 [No. 32].

24. Defendant filed for copyright protection before the United States Copyright Office on the seven at-issue Articles Plaintiff wrote for it, and acknowledged that each Article was a "work made for hire." Ex.5; DE 36-1.

25. Defendant filed for copyright protection on the seven at-issue Articles Plaintiff wrote for it, even though it knew at the time of filing that it did not approve any of them for publication. Ex. 3 at ¶21; Ex. 4 at 4 [No. 32].

26. Defendant does not own any of the copyrights in the at-issue Articles because they were

"works made for hire" and Defendant did not approve them for publication. Ex.1 at 2 ¶9.

27. In late 2012, Plaintiff approached Elite to write medical articles for it. Ex. 3 at ¶25.

28. Because Defendant did not to approve for publication any of Plaintiff's seven unpublished Articles at issue in this case, Plaintiff offered Elite revised Articles as rewritten articles ("articles"). Ex. 3 at ¶26.

29. Plaintiff did not offer any Article, including any rewritten article, to Elite for the three Articles not at issue in this case that Defendant did approve for publication, and which were incorporated into Defendant's published CME courses and materials. Ex. 3 at ¶27.

30. Plaintiff did not submit to Elite any Article he submitted to Defendant. Plaintiff submitted only rewritten articles to Elite. Ex. 3 at ¶28.

31. Plaintiff had no right and ability to supervise the content contained in Elite's published courses, and had no direct financial interest in those published courses. Elite had full editorial control over the articles Plaintiff wrote for it. Ex. 3 at ¶29.

32. Plaintiff was only compensated by Elite for writing the rewritten articles for it. Ex. 3 at ¶29.

33. Plaintiff did not have knowledge of Elite's alleged copyright infringement because the at-issue Articles he wrote for Defendant were never "approved for publication," and thus it was his understanding that Defendant never acquired any copyrights in them. Ex. 3 at ¶30.

34. In February 2015, Defendant discovered that Elite published CME courses on the same topics as the seven at-issue Articles that Plaintiff wrote for Defendant and for which it did not approve for publication. FAA, DE 36 at 29 [¶86].

35. Defendant asserts that the only offending works at issue in this case regarding its copyright infringement claims are Elite's publications. Ex. 2 at 237-38.

36. Defendant was aware at all material times that Plaintiff was not prohibited from writing articles for any other party on similar topics as the seven at-issue Articles in which Defendant asserts copyright ownership, so long as those articles did not infringe Defendant's alleged copyrighted Articles. Ex. 2 at 245.

37. Defendant never assessed the similarity of the Articles Plaintiff wrote for it, compared to the rewritten articles that he wrote for Elite prior to filing the FAA. Ex. 6, Defendant Supp. Response to Plaintiff Interrogatories, at 13-15 [No. 6].

38. Defendant never assessed the similarity of the Articles Plaintiff wrote for it, compared to the Elite published CME courses by any objective means prior to filing the FAA. Ex. 6 at 13-15 [No. 6].

39. Defendant did assess the similarity of the Articles Plaintiff wrote for it, compared to some of the Elite published CME courses subjectively, by a visual side-by-side comparison, prior to filing the FAA. Ex. 6 at 13-15 [No. 6].

40. Defendant did not assess by any means the similarity of two of the Articles Plaintiff wrote for it ("Cardiovascular Pharmacology" and "The Lymphatic and Immune System"), compared, respectively, to two of the Elite published CME courses: (1) Women and Heart Disease; and Cardiovascular Diseases: The Leading Cause of Death in Women; and, (2) The Basics of Pathophysiology, prior to filing the FAA. Ex. 6 at 13-15 [No. 6].

41. Defendant stipulated to dismissing its claims for copyright infringement against Elite for the two courses, (1) Women and Heart Disease; and Cardiovascular Diseases: The Leading Cause of Death in Women; and, (2) The Basics of Pathophysiology, recognizing that Elite's two published CME courses and Plaintiff's two corresponding Articles were not substantially

similar.  Ex. 2 at 248; DE 121.

42. Defendant has not dismissed its claims for copyright infringement against Plaintiff for the same two Elite CME course publications:  (1) Women and Heart Disease; and Cardiovascular Diseases: The Leading Cause of Death in Women; and, (2) The Basics of Pathophysiology, even though Defendant acknowledges a lack of substantial similarity between the Elite publications and Plaintiff's corresponding Articles.  Ex. 2 at 247-50.

43. Defendant has no evidence of any lost sale resulting from the alleged copyright infringement attributable to Elite's publications.  Ex. 2 at 259-260.

/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 15, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                                             s/Richard S. Ross  
                                                                                             Richard S. Ross, Esq.

**SERVICE LIST**
Dr. Jassin Jouria v. CE Resource, et al.
Case No.: 15-61165-CIV-DIMITROULEAS
United States District Court, Southern District of Florida
(Ft. Lauderdale Division)

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*


J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*