Exhibit 7

## NON-DISCLOSURE AGREEMENT

In connection with Alpine Management Services III, LLC's ("Receiving Party") consideration of a possible transaction relating to the business of CE Resource, Inc. (the "Company"), the Company is willing to furnish Receiving Party via its Representatives listed on Exhibit A (its "Representatives") with certain information about its business that includes information which is either non-public, confidential or proprietary in nature. Such information, in whole or in part, provided on or after the date hereof, together with such portions of any analyses, compilations, studies or other documents prepared by Receiving Party or its Representatives, which contain or otherwise reflect such information and Receiving Party's review of, or interest in, the business of the Company is hereinafter referred to as the "Information." In consideration of the Company's furnishing Receiving Party with the Information, Receiving Party agrees that:

1. The Information will be kept confidential and shall not, without prior written consent of the Company, be disclosed by Receiving Party or its Representatives, other than in connection with the transaction between the parties or as permitted herein. Receiving Party further agrees to transmit the Information only to those Representatives who reasonably need to know the Information for the purpose of the confidential use of the Information and who will be bound by the terms and conditions of this agreement applicable to Representatives. Receiving Party shall not transmit the Information to any third parties, including any agents or contractors.

2. The term "Information" does not include information that (a) is or becomes generally available to the public other than as a result of disclosure by Receiving Party or anyone to whom Receiving Party transmits the information in breach of this agreement; (b) was available to Receiving Party on a non-confidential basis prior to its disclosure to Receiving Party by the Company; (c) becomes available to Receiving Party on a non-confidential basis from a source other than the Company who is not, to Receiving Party's knowledge, bound by a confidentiality agreement with the Company; (d) was known to Receiving Party or in Receiving Party's possession prior to the date of disclosure by the Company, provided that the source of such information is not, to Receiving Party's knowledge, bound by a confidentiality agreement with the Company; or (e) is independently developed by or for Receiving Party or its Representatives without reference to the Information.

3. In the event that Receiving Party becomes required or compelled by law, rule, regulation or judicial proceeding to disclose any of the Information, Receiving Party will provide the Company with prompt notice to the extent legally permitted so that the Company may seek, at its own cost and expense, a protective order or other appropriate remedy and/or waive compliance with the provisions of this agreement. In the event that such protective order or other remedy is not obtained within a reasonable amount of time, or that the Company waives compliance with the provisions of this agreement, Receiving Party or its Representatives, as applicable, will furnish only that portion of the Information which is legally required and will exercise reasonable efforts to obtain, at the Company's sole cost and expense, a protective order or other reasonable assurance that confidential treatment will be accorded the Information.

EXHIBIT: 72
NAME: D. Cremons
DATE: 10.12.2017
JODIE GUHR, RPR, AZ CCR

4. Each party recognizes that the other may be engaged in the research, development, production, marketing, licensing and/or sale of similar products or services to those being considered in connection with this agreement. Such products or services may be competitive with those of the other and may display the same or similar functionality. Nothing in this agreement shall be construed to prevent either party from engaging independently in such activities.

5. Each party agrees not to disclose to any third party: (a) the existence or contents of this agreement; (b) the fact that the parties are evaluating the possibility of a transaction; or (c) the status of any such evaluation or possible transaction.

6. This agreement represents the entire understanding and agreement of the parties and supersedes all prior agreements and understandings relating to the subject matter hereof. This agreement may not be modified or amended, except by a written instrument duly executed by both parties. This agreement, and all obligations herein, will terminate at the earlier to occur of (i) three years from the date hereof and (ii) the consummation of a definitive agreement with respect to the transaction.

7. This agreement will be governed by and construed under, the laws of the State of California, without regard to the principles of choice of law.

Agreed and accepted by:

| CE RESOURCE, INC. | ALPINE MANAGEMENT SERVICES III, LLC |
|---|---|
| By: *[signature]* Dennis Jennyer | By: *[signature]* |
| Title: PRESIDENT | Title: Authorized Signatory |
| Dated: 7-19-12 | Dated: 7/20/12 |

Exhibit A - Representatives

Alpine Management Services III, LLC
Primary Contact: Dan Cremons

McKissock, LP
Primary Contact: Mike Duran