**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:15-61165-WPD**

DR. JASSIN JOURIA,

        Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME Resource and NetCE,

        Defendant/Counter-Plaintiff/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC. and ALPINE
MANAGEMENT SERVICES,

        Third Party Defendants.

                                                /

## ORDER DENYING APPEAL OF MAGISTRATE ORDER

THIS CAUSE is before the Court upon CE Resource, Inc.'s d/b/a CME Resource and

NETCE's Partial Appeal of Magistrate Judge Snow's Omnibus Order [DE 159] (the "Appeal"),

filed herein on November 29, 2017, which seeks to appeal a November 16, 2017 Order issued by

Magistrate Judge Snow [DE 145]. The Court has carefully considered Judge Snow's Order [DE

145], the Appeal [DE 159], Plaintiff's Response in Opposition [DE 169], the Reply [DE 179],

the parties briefs underlying Judge Snow's Order, and is otherwise fully advised in the premises.

A magistrate judge is permitted to hear and determine any non-dispositive pretrial matter

pending before the court, including discovery matters, and the decision of the magistrate judge is

a final decision. 28 U.S.C. § 636(b)(1)(A). If a party objects to the magistrate judge's order, a

district court may set aside or modify the order only if the district court finds that the

magistrate's order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R.

Civ. P. 72(a); S.D. Fla. Mag. R. 4(A). A finding is clearly erroneous when "although there is

evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Pullman-Standard v. Swint*, 456 U.S. 273, 285 n. 14 (1982); *see also Johnson v. Hamrick*, 296 F. 3d 1065, 1074 (11th Cir. 2002). The question for the reviewing court is not whether the finding is the best or only conclusion that can be drawn from the evidence.  Instead, the test is whether there is evidence in the record to support the lower court's findings, and whether its construction of that evidence is a reasonable one. *Heights Comty. Congress v. Hilltop Realty, Inc.*, 774 F. 2d 135, 140-41 (6th Cir. 1985).

CE Resource Inc. d/b/a CME Resource and NetCE ("NetCE") appeal 3 parts of Judge Snow's Order. NetCE argues that NetCE is entitled: (1) to have all responsive documents produced to it in the unobjected-to specifications outlined in its requests for production; (2) to evidence concerning Dr. Jouria's finances; and (3) to evidence, including deposition testimony, regarding Dr. Jouria's conflict with the Education Commission to Foreign Medical Graduates.

Upon this Court's independent review, and having carefully considered the parties' arguments, NetCE has not met the burden of demonstrating that Magistrate Judge Snow's November 16, 2017 Order [DE 145] was clearly erroneous or contrary to law. Accordingly, the Court will affirm Judge Snow's Omnibus Order.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Appeal [DE 159] is **DENIED**;

2.      Magistrate Judge Snow's Order [DE 145] is hereby **AFFIRMED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of December, 2017.

WILLIAM P. DIMITROULEAS
United States District Judge

cc:  All counsel of record