## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA
                    Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,
                    Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,
                    Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,
                    Plaintiff/Counter-Defendant

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,
                    Defendant/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,
                    Third Party Defendants.

_____/

## CE RESOURCE, INC. d/b/a CME RESOURCE and NETCE's UNOPPOSED MOTION FOR LEAVE TO FILE CERTAIN EXHIBITS UNDER SEAL AND INCORPORATED MEMORANDUM OF LAW – EXPEDITED TREATMENT REQUESTED

Pursuant to S.D. Fl. L. R. 5.4, this Court's CM/ECF Administrative Procedures, and the Stipulated Protective Order (DE 118) entered by this Court on October 13, 2017, Defendant/Third-Party Plaintiff, CE Resource, Inc. d/b/a CME Resource and NetCE's ("NetCE") respectfully moves this Court for an order to retroactively file under seal certain confidential exhibits filed as exhibits to the Declaration of John Kern (DE 200) filed in support of NetCE's oppositions to the pending motions for summary judgment, for the reasons as set forth as follows:

On October 13, 2017, this Court entered the Stipulated Protective Order (DE 118) ("Protective Order")), which provides that information or items designated as "Confidential" or "Attorneys' Eyes Only" is protected from public disclosure, but may be disclosed to, *inter alia*, the Court and the Court's personnel. The Protective Order further states that the parties shall follow the procedures set forth in Local Rule 5.4 when seeking to file under seal.

As stated in S.D. Fla. L.R. 5.4(a), the general policy is that "[u]nless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." A party may seek an exception from the Court by filing "a motion to file under seal that sets forth the factual and legal basis for departing from the policy" that court filings be public. S.D. Fla. L.R. 5.4(b).   The exhibits to be sealed with this motion include proprietary commercial information.   Courts have held that there is good cause to seal material that contains trade secrets or other confidential research, development, or commercial information. *See Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310–14 (11th Cir. 2001).

Throughout the course of discovery, the parties have designated certain produced documents as Confidential or Attorneys' Eyes Only in accordance to the Protective Order. Two deposition transcripts were also designated by the parties as Confidential under the Protective Order.  In making its various filings this afternoon in support of its Responses in Opposition to both Dr. Jouria's Motion for Summary Judgment and Elite's Motion for Summary Judgment, NetCE mistakenly filed certain documents that it had intended to seek permission to file under seal.  These filings that should have been filed under seal because it or one of the other parties had designated these documents as Confidential or Attorneys' Eyes Only under the protections

of the Protective Order. For example, the NetCE Expert Report contains confidential financial information that was intended to remain confidential.

These documents sought to now be retroactively filed under seal by having the Court direct the Clerk to remove them from the public record and have NetCE refile the documents under seal are:

- NetCE's Expert Report of James Pampinella, Exhibit A to Kern Declaration (DE 200-1)

- Deposition Excerpts of Jassin Jouria, Exhibit E to Kern Declaration  (DE 200-5

- J.Jouria emails with NurseCE4less, Exhibit 47 to J. Jouria Declaration, filed as Exhibit F to Kern Declaration (DE 200-6).

The confidential information is contained throughout these three exhibits sought to be sealed such that redaction is not feasible.  NetCE requests that the Court maintain the document under seal during the pendency of the litigation and that the exhibits be destroyed at the conclusion of the litigation.

NetCE requests expedited treatment to remedy the inadvertent filing of these exhibits on the public record.

**CERTIFICATE OF COUNSEL Pursuant to L.R. 7.1(a)(3):**  Counsel for NetCE has communicated with counsel for Dr. Jouria and for counsel for Elite regarding the requested relief in this motion.  Counsel for Dr. Jouria and counsel for Elite do not oppose the requested relief.

WHEREFORE, NetCE respectfully requests that this Court enter an Order: (1) granting this Motion for Leave to File Certain Exhibits Under Seal; (2) directing the Clerk of Court to either remove these three documents pending NetCE's filing of the documents under seal or directing the Clerk of Court to seal these three exhibits; and (3) granting any other relief that the Court deems appropriate.

Dated: December 29, 2017

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Philip E. Rothschild*
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

*/s/ John P. Kern*
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Jessica E. Lanier, Esq. (pro hac vice)
Email: Jessica.Lanier@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC.
d/b/a CME RESOURCES and
NetCE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 29, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Philip E. Rothschild*
Philip E. Rothschild

## SERVICE LIST

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
(Attorney for Plaintiff Dr. Jassin Jouria)

4

#54765100_v1

**[VIA ELECTRONIC MAIL SERVICE]**

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

#54765100_v1