**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

DR. JASSIN JOURIA

    Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

    Third Party Defendant.
_____/

**PLAINTIFF'S REPLY TO DEFENDANT NETCE'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT DECLARING NO COPYRIGHT INFRINGEMENT AND NO BREACH OF CONTRACTS**

    COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully replies to the response in opposition filed by Defendant, CE Resource, Inc.'s d/b/a CME Resource and NetCE ("Defendant"), to Plaintiff's motion for summary judgment on his declaratory judgment claims of no copyright infringement (First Claim for Relief), and no breach of contracts (Second Claim for Relief), and for summary judgment against Defendant on its corresponding amended counterclaims for copyright infringement (Claim One), and breach of contracts (Claim 2). The response raises no <u>genuine</u> dispute as to any material fact, and Plaintiff is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1]

---

[1]Plaintiff objects to Defendant's "Statement of Facts" in opposition to Plaintiff's motion. *See* DE198. The local rule requires Defendant to submit "a statement of material facts as to which it is contended that...there does exist a genuine is to be tried." L.R. 56.1(a). If the Defendant fails to do so, Plaintiff's statements will be deemed admitted if the court finds that the

**LEGAL ARGUMENT**

1.  **Brief Reply to Defendant's Introduction and Background**

        Rather than asserting a genuine dispute, Defendant falls back to its oft-attempted and practiced disparagement of Plaintiff and his counsel, which has been squarely rejected by this court

statement is supported by evidence in the record. L.R. 56.1(d).  Rather, than submit facts directed to genuine issues to be tried, Defendant merely submits its own version of facts or argues the law.

        Specifically, Defendant has not "admitted" or "disputed" Plaintiff's facts using Plaintiff's numbering scheme (Defendant omits some numbers - does this mean Defendant admits to the material facts recited therein?).  Throughout, Defendant argues its own version of the facts.  For example, Plaintiff's Statement No. 6 reads: "To develop CME materials, Defendant contracts with an independent author, usually a medical professional and/or credentialed medical scholar, ("Author").  DE 36 at 15 [¶21].  The Author works under a standard template agreement, called a Freelance Writer Agreement ("FWA"), which is identical for each Author except for the name, deadlines, and subject matter areas.  DE 36 at 15 [¶22]."  Defendant neither admits nor disputes this statement, but rather tells its own version of what it does to develop CME materials: "NetCE also undertakes extensive editing, curating, fact-checking, and permission seeking before publishing any course.  The FWAs also differ from each other by the author's signature, date of said signature, and date of NetCE's execution of the FWA."  As another example, Plaintiff's Statement No. 7 provides: "Plaintiff is a medical doctor, and a medical subject matter author.  Ex. 3 at ¶7; he is not a publisher and has never published CME courses or materials.  *Id*."  Defendant responds by arguing matters of copyright law: "To NetCE's knowledge Dr. Jouria is not a publisher in the sense that he distributes and sells CMEs in final form to the public.  Under copyright law, Dr. Jouria certainly published NetCE's work by the distribution and sale of the Seven Courses to Elite, which published the works (made them available for sale to the public) under his name."  In Plaintiff's Statement No. 8, Plaintiff states: "In 2012 and 2013, Defendant and Plaintiff executed ten FWAs.  Ex. 3 at ¶8."  Defendant again neither admits nor disputes the statement, but argues that the FWAs speak for themselves ("The Freelance Writer Agreements ("FWA") speak for themselves. *See* Dkt. 36-2 (Freelance Writer Agreements for Seven Courses), *e.g.*, at p. 7.").  All of Defendant's corresponding numbers do not specifically admit to or dispute Plaintiff's numbered statements, and most if not all either provide Defendant's self-serving version of facts, or argue the Defendant's theory of the law.

        Defendant's failure to abide by the local rule is cause to deem admitted the Plaintiff's statements (where evidence in the record supports).  In *Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242, 1245-46 (S.D. Fla. 2009), Judge Zloch was presented with a similar scenario, where the party opposing summary judgment gave her own contrary version of relevant facts rather than abide by the local rule.  The court deemed the moving party's statement of facts admitted where supported by the record.  *Id*.

in the past.  *See* DE 87.  Again, Plaintiff will "set the record straight, *id*. at 3, with regard to Defendant's irrelevant venting against Plaintiff, his counsel, and the court.

Plaintiff has not engaged in bad faith bankruptcy filings, unnecessary discovery-related motion practice, interim delay tactics, or evidence destruction, DE 197, Response at 1:(1) None of the complaints by Defendant is directed to a genuine dispute as to any material fact; (2) Defendant is, again, flat out wrong.  Plaintiff's bankruptcy filings, irrelevant to the pending motion, were never found to be in bad faith by the bankruptcy court.  *See* DE 72-1; 72-2; (3) It is the Defendant who has been sanctioned by this court for discovery abuse.  *See* DE 97; 158; 190; (4) It has been the Defendant who has employed delay tactics, such as filing claims that had no merit against Plaintiff, DE 162, and against Defendant Elite Continuing Education, Inc. ("Elite").  DE 121; 168; 172; (5) It is also the Defendant who refused to respect Magistrate Snow's discovery order, DE 145, and who violated that order by serving a non-party subpoena seeking, under Rule 45, Fed.R.Civ.P., to obtain irrelevant despite the discovery order.  DE 142; (6) Now that the court has independently reviewed Magistrate Snow's discovery ruling, and denied Defendant's appeal of it, DE 192, Defendant still refuses to withdraw the subpoena, forcing the court to hold a hearing on Plaintiff's pending motions for protection from Defendant's vexatious litigation conduct, DE 148, and to quash the subpoena, DE 161.  *See* DE 182; (7) In fact, counsel for Defendant, Mr. John Kern, has even gone so far as to inform the subpoenaed non-party by e mail that Defendant "has no intention of letting this matter go," Exhibit 1, despite this court's denial of the discovery order appeal[2]; and, (8) Finally, in a last gasp attempt to deflect this court's attention away from the legal merits of the pending motion, Mr. Kern provides declaration testimony that misrepresents facts known to him to be false, by accusing Plaintiff of evidence destruction.  DE 200 at 1-2.  There has been no destruction of evidence, and Defendant's wrongful assertion of such will be addressed by Magistrate Snow at an upcoming hearing.  *See* DE 149; 163; 177; 185.

As Plaintiff has discussed above, none of Defendant's complaints has anything to do with the legal merits of Plaintiff's motion for summary judgment.  Going to the merits, Defendant's response does not raise any genuine dispute as to material facts, and Plaintiff is entitled to summary

---

[2]Mr. Kern also falsely accused Plaintiff of "lying" to the subpoenaed non-party.  *Id*.

judgment on the contracts at issue, and for no copyright infringement.

**2.      No Breach of Contracts**

The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "Facts" upon which Defendant attempts to rely, *see* n.1, *supra*, do not raise a genuine issue.

Defendant raises no genuine dispute that the Freelance Writer Agreements ("FWA") at issue, DE 183-1; 36-2, were drafted exclusively by it. DE 184; 198 ¶9. The Defendant does not dispute that the interpretation of a contract's provisions "presents a legal question for the court." *Dr. Leevil, LLC v. Westlake Health Care Ctr.*, 9 Cal.App.5th 450, 455 215 Cal.Rptr.3d 127 (Cal. App., 2017) (citing *Miscione v. Barton Development Co.* (1997) 52 Cal.App.4th 1320, 1325, 61 Cal.Rptr.2d 280), "[a]nd contract ambiguities are construed against the drafter." *Id*. (citing *City of Hope National Medical Center v. Genentech, Inc.* (2008) 43 Cal.4th 375, 397-398, 75 Cal.Rptr.3d 333, 181 P.3d 142). *See also* Cal. Civ. Code §1654 ("In cases of uncertainty not removed by the preceding rules, the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist."). If the court determines that the FWAs contain any ambiguities, Defendant is the sole drafter of them, and the agreements should be construed against it.

**A.      Paragraph 5 of the FWA**

In his motion, Plaintiff argues that Defendant defined the term "Articles" to be that specific work that he submitted to Defendant under the FWA. DE 183-1 at ¶5(d); DE 36-2. Importantly, the Defendant did not define "Articles" to include <u>revisions or rewrites</u>; "Articles" are only defined, exclusively by Defendant, as **the** "written articles to [Defendant]." *Id*. at ¶4.

Defendant's response completely ignores its own contractual definition of "Articles." This is understandable as no reasonable juror could return judgment for Defendant if that term is accepted as defined in the FWA. Rather, Defendant asks this court to interpret the "intended purpose" of the FWAs, DE 197 at 6, which Defendant argues is to protect copyrights. There is no evidence to support Defendant's "copyright protection" theory; and, of course, the intended purpose of the FWAs was for Plaintiff to author a medical article to be used by Defendant. DE 183-1; 36-2 at ¶4 ("Services to be Provided by Writer").

4

Words matter when it comes time to interpretation of a contract. Defendant defines "Articles" in the FWA to be the "written articles to CME" that the writer, the Plaintiff in this case, submitted to it. DE 183-1; 36-2 at ¶4. This term is clear. It does not include revisions, rewrites, or anything else other than the "written articles to [Defendant]." To the extent it is ambiguous, then the ambiguity should be resolved against Defendant.

As Plaintiff suggested in the motion, the Defendant's response tries to conflate the contract interpretation analysis with a copyright infringement analysis. DE 197 at 7. These are separate and distinct analyses. Focusing on the terminology used by the Defendant in its FWAs, Plaintiff did not submit to Elite any of the Articles that he wrote for Defendant, as so recited in his statement of uncontested facts, DE 184 at ¶30, which statement is not disputed by Defendant.[3] In this regard, Defendant also does not contest Plaintiff's statement of fact that the FWAs do not prohibit Plaintiff from submitting to any third parties articles that were not the Articles he wrote for and submitted to Defendant. DE 184 at ¶19. To this statement, Defendant responds only by reference to copyright law.

There is no genuine dispute regarding the FWA definition of "Articles." Had the Defendant wanted "Articles" to include more than "written articles to [Defendant]," i.e. any substantially similar, similar, or related Article, it easily could have written that into the contract. The court is therefore left with the construction of the term "Articles" as Defendant defined it. It is unambiguous. Defendant raises no factual dispute but that the term says what it says. DE 198 at ¶8 (the FWAs "speak for themselves"). No fact trier could return judgment for breach of this provision against Plaintiff and for the Defendant.[4]

---

[3]Defendant does not raise a dispute with this fact. Rather, it argues copyright law, and that Defendant was denied some mythical proof by Plaintiff during discovery, DE 198 at ¶30, discovery to which the Defendant was not entitled as so ordered by this court. DE 145.

[4]Because there is no genuine dispute of a material fact that Plaintiff did not submit any of the "Articles" to any other party, as now conceded by Defendant, the issue of "express rejection" becomes moot. *See* DE 183-1; 36-2 at ¶5(d)(Writer will not submit **the Article** to any other party for publication unless and until [Defendant] expressly rejects **the Article**.")(Emphasis Added).

B.       **Paragraph 9 of the FWA**

Defendant also does not dispute Plaintiff's uncontested fact that the FWAs require a condition precedent to exist in order for it to acquire a copyright ownership interest in the Articles Plaintiff wrote - that the Articles first had to be "approved for publication" by the Defendant. But, Defendant's reliance on Paragraph 7 of the FWA that states, in part, "that [Defendant] will only pay writer for Articles that are approved for publication by [Defendant]...," is misplaced. DE 183-1; 36-2 at ¶7. This contractual language does not state in words or substance that the writer agrees that payment constitutes approval for publication, which is what Defendant argues the contract says.[5] Rather, the Defendant contends, through the conclusory declaration and deposition testimony of Ms. Sarah Campbell, DE 199 at ¶12; 199-9, respectively, that a genuine dispute of a material fact exists because its payment to Plaintiff constitutes approval for publication. However, this testimony completely ignores Defendant's prior admission that it did **not** approve for publication Plaintiff's Articles, or publish any of the seven continuing medical education ("CME") courses that would have been based upon them. DE 183-4, Defendant's Response to Elite's 2d RFP at 4 [No. 32]. Ms. Campbell fails to offer any explanation for her discrepant and inconsistent conclusion that Defendant approved Plaintiff's Articles for publication, while Defendant previously admitted that it did not.

Under certain circumstances, a court may, as it evaluates a summary judgment motion, "disregard an affidavit as a matter of law when, **without explanation**, it flatly contradicts [an affiant's] own prior deposition testimony for the transparent purpose of creating a genuine issue of fact where none existed previously." *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1306 (11th Cir. 2016)(Emphasis Added). This so-called "sham affidavit" rule "operates in a limited manner to exclude unexplained discrepancies and inconsistencies." *Id*. While the rule must be used "sparingly because of the harsh effect it may have on a party's case.," *id*., in this case, because Ms. Campbell has failed to explain the inconsistency, the court should disregard her declaration statement that

---

[5]Actually, Defendant's argument regarding Paragraph 7 of the FWA goes to a waived damages theory, and not to liability. What the argument suggests is that if the Articles were not approved for publication, Plaintiff would have to recompense Defendant for the payments it made to him for his writing services. However, nowhere does Defendant allege in its pleadings that the Articles were not approved for publication so as to trigger a payback remedy. *See generally* DE 36.

Plaintiff's Articles were approved for publication. Another body of law also supports disregarding Ms. Campbell's "approved for publication" statements, because they are merely conclusory in nature.

"Where a party submits only an affidavit in opposition to a motion for summary judgment and the affidavit is a recital of unsupported allegations and is conclusory in nature, courts have found that it cannot create a genuine issue of material fact." *Christian Tennant Custom Homes of Fla., Inc. v. Ebsco Gulf Coast Dev., Inc.*, Case No. 3:15-cv-585-MCR-CJK at *35 (N.D. Fla. September 15, 2017). *See also Curl v. International Business Machines Corp.*, 517 F.2d 212 (5th Cir. 1975); *17 U.S. v. $705,270.00 in U.S. Currency*, 820 F. Supp. 1398 (S.D. Fla. 1993) (defendant failed to meet his burden on summary judgment where his affidavit was conclusory and contradicted by the record). Here, Ms. Campbell's conclusion that payment effects approval is unsupported by the FWA, and contradicted by the Defendant's prior admission of no approval. *See* DE 184-4, *supra*.

Defendant seeks to raise a triable issue of fact by arguing that payment to Plaintiff for the submission of his Articles triggers approval for publication. DE 197 at 9-10. However, as Plaintiff has shown in his uncontested factual statement, the Defendant's course of conduct was to remit payment to Plaintiff upon submission of his Articles. DE 184 at ¶16. Defendant's own documents, along with Ms. Campbell's testimony, establish without material factual dispute that Defendant's payments to Plaintiff occurred before his Articles were approved for publication. In practice, the Defendant paid Plaintiff whether or not the Article was approved for publication.

The documentary evidence is overwhelming that Defendant did not approve for publication any of Plaintiff's subject Articles, to wit: (1) Defendant's response to Elite's second request for production of documents admits that it did not approve the Articles for Publication, DE 183-4 [No. 32]; (2) Of the more than thirty five thousand (35,000) documents that Defendant produced in this case, it has failed to present a single document corroborating Ms. Campbell's testimony that Articles were "approved for publication"; and, (3) Of the three courses not at issue in this action that were based upon Plaintiff's Articles, Defendant did produce documents showing those were "approved for publication," DE 188-14 to -17 (filed under seal).

Moreover, Defendant's course development process, which Defendant painstakingly discusses, DE 197 at 10, has the writer actually being paid at the end of the process when the writer "signs-off" on the final Defendant-edited course, and after the Article's editing/curating approval

7

process. Exhibit 2. That development process shows the approval for publication stage occurring at Step 6. *Id*. However, Ms. Campbell testified at her deposition that Plaintiff was paid between Steps 4 and 5 of the course development process. *See* Exhibit 3, Campbell Depo. at 120-122. The writer/Plaintiff was not to be paid until Step 8 under Defendant's own development process, Exhibit 2, contrary to Plaintiff and Defendant's course of conduct. DE 183-3 at ¶14. While Ms. Campbell contended at her deposition that "approve the manuscript" in Step 6 does not say "approve for publication," Exhibit 3 at 122, she says so now in her declaration in support of Defendant's response to the motion, DE 199 at ¶12, as does the response itself: "After NetCE and the author execute the FWA, the author submits a full manuscript of the course. Once NetCE receives the course, it ascertains whether all the required components are present and then, if the manuscript is complete, NetCE remits payment to the author and considers the course 'approved for publication.'" DE 197 at 10 (internal citations omitted).

Ms. Campbell's testimony is discrepant and inconsistent with Defendant's admission that Defendant did not approve for publication Plaintiff's Articles, DE 183-4, with Defendant's documents produced during discovery, and with Defendant's own course development process, Exhibit 2. Ms. Campbell's conclusory testimony relative to "approved for publication" is a complete sham, and should be disregarded by the court. There is no breach of contract related to Paragraph 9 of the FWA, and Plaintiff is entitled to summary judgment on his First Claim for Relief for no breach of contracts.

### 3. No Copyright Infringement

Regarding Plaintiff's Second Claim for Relief, for no copyright infringement, Defendant's response concedes that if Plaintiff's Articles were not approved for publication by it, Plaintiff should prevail on the claim because the copyrights in the Articles never "belong[ed] exclusively to [Defendant]," DE 183-1; 36-2 at ¶ 9. Thus, Plaintiff retained full ownership of the rights comprised in the Articles' copyrights, *see* 17 U.S.C. §201(b), and cannot be a copyright infringer of his own works.

### 4. No Substantial Similarity for Two Specific Works

Concerning the two Elite publications that Defendant admits are not substantially similar to any of Plaintiff's Articles, Defendant argues that Plaintiff is not entitled to summary

8

judgment because infringement is not based upon Elite's publications, but rather, upon the rewritten articles Plaintiff submitted to Elite. DE 197 n.13. However, this argument is diametrically opposed to Ms. Campbell's deposition testimony wherein she stated that the only "offending" works at issue were Elite's publications. DE 183-2 at 237-38; 248, line 12 - 250, line 17. Moreover, Defendant's complaint about not being able to compare Plaintiff's Articles written for Defendant, to the rewritten articles Plaintiff submitted to Elite, is another of Defendant's outrageous misrepresentations to the court. *See* DE 197 at 13. Defendant received the rewritten articles, with edits and redlines, during discovery. Exhibit 4, Plaintiff's Response to Defendant's First RFP, No. 14.

Defendant has not countered Plaintiff's statement of material facts that the allegedly offending works are Elite's publications. DE 184 at ¶35. While Defendant does provide a response to this statement, it miscites Ms. Campbell's "testimony" and falsely asserts that she compared Plaintiff's Articles to "course drafts" that Plaintiff wrote for Elite. However, the "testimony" cited, "Campbell Depo. 106:12-107:15," is directed to "Elite's courses," and not to "course drafts." DE 198 at ¶35. Defendant never compared Plaintiff's Articles to Elite's rewritten articles. DE 184, DE 198 at ¶37. Defendant admits that Elite's two publications do not infringe for lack of substantial similarly. DE 121. Accordingly, judgment should be entered in favor of Plaintiff for no copyright infringement related to the same two publications.

**5.     Defendant's Actual Damages Claim is Too Speculative**

Plaintiff has moved to strike the testimony of Defendant's damages expert, James, E. Pampinella ("Pampinella"), and to exclude his report, as untimely. *See* DE 156. Pampinella relies on Defendant's previous sales of two CME courses that Defendant did publish but that are not at issue in this case. Thus, Pampinella opines that those unrelated course sales are a proper basis to speculate about actual damages from anticipated lost sales as a result of the alleged infringement. *See* DE 200-1. However, Defendant admits that it has no evidence of any lost sales resulting from the alleged infringement, DE 183-2 at 259, line 21 - 260, line 1. 184 at ¶43, and does not refute this uncontested fact. DE 198 at ¶43. Pampinella's report is too speculative to support an analysis of actual damages, as a matter of law.

Defendant's response to this issue is unfocused. Plaintiff addresses only one issue - the speculative nature of Pampinella's analysis. Defendant responds by arguing generally that

damages are available to it. Defendant does not address the level of speculation upon which Pampinella relies. DE 197 at 16-18.

"For purposes of the actual damages analysis, [Defendant] must show actual damages under 17 U.S.C. § 504(b) 'as a result of the infringement'." *Olem Shoe Corp. v. Washington Shoe Co.*, Case No. 09-23494-CIV-HUCK/BANDSTRA (S.D. Fla. January 5, 2012). When damages are too speculative, they cannot form the basis of an actual damages claim. *Aerospace Services Intern. v. LPA Group, Inc.*, 57 F.3d 1002, 1004 (11th Cir. 1995). Pampinella's report is too speculative for at least two reasons. First, Pampinella relies not upon actual damages resulting from the alleged infringement, but, rather, upon prior sales of two of Defendant's published CME courses that are not at issue in this case. Second, any purported lost sales Pampinella's report claims are recoverable because Defendant can use Plaintiff's at-issue Articles today or at any time in the future to create CME courses, to mitigate in whole or in part the speculated losses. Accordingly, Defendant is not entitled to rely on Pampinella's speculative report as a basis of actual damages resulting from the alleged infringement as a matter of law.

**CONCLUSION**[6]

Defendant concedes a number of uncontested facts. It cannot change the language of the FWA by argument, and the court can interpret the FWA as a matter of law. Any ambiguity should be construed against Defendant, as the drafter of the agreement. Upon a proper legal construction of the FWA, Plaintiff respectfully submits that he did not breach the contracts, and that Defendant never owned the copyrights at issue. Plaintiff respectfully submits that he is entitled to judgment as a matter of law on both of his claims.

---

[6]Local Rule 56.1 states, in part, that if the non-moving party asserts additional facts, "the movant shall use that numbering scheme **if** those additional facts are addressed in the reply." (Emphasis Added). Plaintiff has not addressed any of Defendant's additional facts in the reply. However, his decision not to address them should not be construed as an admission that they are contested facts and/or are not disputed. Indeed, many of the "additional facts" are not facts at all. *See* n.1, *supra*. The rule does not authorize Plaintiff to provide a statement of facts in opposition to Defendant's "additional facts."

Respectfully submitted,

/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

11

## **CERTIFICATE OF SERVICE**

        I HEREBY CERTIFY that on January 5, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                s/Richard S. Ross
                                                Richard S. Ross, Esq.

**SERVICE LIST**
**Dr. Jassin Jouria v. CE Resource, et al.**
**Case No.: 15-61165-CIV-DIMITROULEAS**
**United States District Court, Southern District of Florida**
**(Ft. Lauderdale Division)**

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*


J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*