**EXHIBIT 1**

On 12/19/2017 4:53 PM, John.Kern@hklaw.com wrote:

Thank you, Elisa. We certainly have no intention of letting this matter go. We think Dr. Jouria lying to a medical credentialing organization is pretty serious stuff. We will keep you updated on any developments.

And in the meantime….Happy Holidays and Happy New Year to you also!

Best,

John

**John Kern | Holland & Knight**
Partner
Holland & Knight LLP
50 California Street, Suite 2800 | San Francisco, CA 94111
Phone 415.743.6918 | Fax 415.743.6910
john.kern@hklaw.com | www.hklaw.com

Add to address book | View professional biography

> **From:** McEnroe, Elisa P. [mailto:elisa.mcenroe@morganlewis.com]
> **Sent:** Tuesday, December 19, 2017 8:33 AM
> **To:** Richard Ross <prodp@ix.netcom.com>
> **Cc:** Rothschild, Phil (FTL - X27881) <Phil.Rothschild@hklaw.com>; Lanier, Jessica E (SFO - X56923) <Jessica.Lanier@hklaw.com>; Kern, John P (SFO - X56918) <John.Kern@hklaw.com>; Mark Wilson <markwilson@mvalaw.com>; kate Cole <katecole@mvalaw.com>
> **Subject:** RE: Third Party Subpoena to ECFMG
>
> OK—thank you for the update. If anything changes and any party believes that ECFMG is properly obligated to produce any documents in this action, please so advise me and let me know the basis for that position.
>
> Happy Holidays and New Year to all.
>
> **Elisa P. McEnroe**
> **Morgan, Lewis & Bockius LLP**
> 1701 Market Street | Philadelphia, PA 19103-2921
> Direct: +1.215.963.5917 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
> elisa.mcenroe@morganlewis.com | www.morganlewis.com
> Assistant: Angela P. Garden | +1.215.963.5463 | angela.garden@morganlewis.com

> **From:** Richard Ross [mailto:prodp@ix.netcom.com]
> **Sent:** Monday, December 18, 2017 4:18 PM
> **To:** McEnroe, Elisa P. <elisa.mcenroe@morganlewis.com>
> **Cc:** Phil.Rothschild@hklaw.com; Jessica.Lanier@hklaw.com; John.Kern@hklaw.com; Mark Wilson <markwilson@mvalaw.com>; kate Cole <katecole@mvalaw.com>
> **Subject:** Re: Third Party Subpoena to ECFMG
>
> [EXTERNAL EMAIL]

12/31/2017 2:46 PM

Elisa,

Kindly find the district judge's recent order denying NetCE's appeal of the magistrate's ruling which denied NetCE the right to obtain discovery from our client, Dr. Jouria, regarding ECFMG. Based upon both the magistrate's ruling, and the district judge's attached order, we see no reason why the magistrate will not grant our Motion for Protective Order regarding the ECFMG subpoena when the matter is heard on January 9, 2018.

Please let us know if you have any questions.


Sincerely,
RICHARD S. ROSS, ESQ.
**Patents, Trademarks, Copyrights**
  **and Related Litigation**
915 S.E. 2 Court
Ft. Lauderdale, Florida  33301
tel 954/252-9110
fax 954/252-9192

CONFIDENTIALITY NOTICE:
This e-mail is subject to the Electronics Communications Privacy Act, 18 U.S.C. § 2510-2521, and may be legally privileged. The information contained in this e-mail message, together with any attachments hereto or links contained herein, is strictly private and confidential information intended only for the use of the individual or entity named above. The information contained in this e-mail, and any attachments hereto may be attorney-client privileged, and work product confidential intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is STRICTLY PROHIBITED.

NOTICE UNDER U.S. TREASURY DEPARTMENT CIRCULAR 230, *Regulations Governing the Practice of Attorneys, Certified Public Accountants, Enrolled Agents, Enrolled Actuaries, and Appraisers before the Internal Revenue Service:*
To the extent that this e-mail communication and the attachment(s) hereto, if any, may contain written advice concerning or relating to a Federal (U.S.) tax issue, United States Treasury Department Regulations (Circular 230) require that we (and we do hereby) advise and disclose to you that, unless we expressly state otherwise in writing, such tax advice is not written or intended to be used, and cannot be used by you (the addressee), or other person(s), for purposes of (1) avoiding penalties imposed under the United States Internal Revenue Code or (2) promoting, marketing or recommending to any other person(s) the (or any of the) transaction(s) or matter(s) addressed, discussed or referenced herein for IRS audit, tax dispute or other purposes.

12/31/2017 2:46 PM

**EXHIBIT 2 (FILED UNDER SEAL)**

**EXHIBIT 3**

DR. JASSIN JOURIA vs. CE RESOURCE, INC., ET AL.
Sarah Campbell on 11/14/2017

30(b)(6)

```
 1                    IN  THE  UNITED  STATES  DISTRICT  COURT
                FOR  THE  SOUTHERN  DISTRICT  OF  FLORIDA
 2                             ---oOo---

 3      DR.  JASSIN  JOURIA                    )
                                               )
 4            Plaintiff,                        )
        vs.                                     )
 5                                              )  CASE NO:
        CE  RESOURCE,  INC.,  d/b/a             )  0:15-61165-WPD
 6      CME  RESOURCE  and  NetCE,              )
                                                )
 7            Defendant.                        )
        _____       )
 8      CE  RESOURCE,  INC.,  d/b/a             )
        CME  RESOURCE  and  NetCE,              )
 9                                              )
              Defendant/                        )
10            Counter-Plaintiff,                )
        vs.                                      )
11                                              )
        DR.  JASSIN  JOURIA,                    )
12                                              )
              Plaintiff/                        )
13            Counter-Defendant.                )
        _____       )
14      CE  RESOURCE,  INC.,  d/b/a             )
        CME  RESOURCE  and  NetCE,              )
15                                              )
              Defendant/Third-Party            )
16            Plaintiff,                         )
        vs.                                      )
17                                              )
        Elite  Continuing  Education,           )
18      Inc.  and  Alpine  Management           )
        Services  III,  LLC,                    )
19                                              )
              Third-Party                       )
20            Defendants.                        )

21                    DEPOSITION  OF  SARAH  CAMPBELL
                               30(B)(6)
22
                          November  14,  2017
23

24

25      DEPOSITION  REPORTER:    KAYLA  KNOWLES,  CSR
```

DR. JASSIN JOURIA vs. CE RESOURCE, INC., ET AL.

30(b)(6)                Sarah Campbell on 11/14/2017                Page 120

1      Q.   So take a look for me, if you will, at the

2    document labeled NETCEB34857.  It's going to be in --

3      A.   Which exhibit?  This one?

4      Q.   This is in Exhibit 76.  It's a document entitled

5    "overview of course development."

6           For each of the five articles at issue here

7    between NetCE and Elite, where on this overview of

8    course development did each article stop?

9      A.   In this course development overview, the GERD

10   course had been reviewed by the editor.

11     Q.   So that's step number five; correct?

12     A.   Yes.

13     Q.   How about the others?

14     A.   It's possible that it went further.  I'm just

15   reviewing really quickly.

16          Okay.  So in the case of --

17     Q.   Let's take the three easy ones.  The three --

18   TBI, depression and dementia, and traumatic brain

19   injury.

20     A.   Nonantibiotic?

21     Q.   Excuse me.  Nonantibiotic.

22          Dr. Jouria had submitted his man- -- his first

23   draft of those articles; right?

24     A.   Dr. Jouria had completed his work on the courses,

25   had submitted them to us.  We did a cursory review --

Case 0:15-cv-61165-WPD Document 208-1 Entered on FLSD Docket 01/05/2018 Page 8 of 24

DR. JASSIN JOURIA vs. CE RESOURCE, INC., ET AL.

30(b)(6)  Sarah Campbell on 11/14/2017  Page 121

1  our editorial staff did what I call an initial review to

2  determine that all the components were present. He was

3  issued an honorarium for his work completing the course.

4      So in terms of our work with Jouria, he had

5  completed everything that was required of him in the

6  contract as -- as our process is in practice, and the

7  courses were then slated in to the schedule to be

8  reviewed by the editors, the planners, and the reading

9  committee based on when we wished to bring the course to

10  the public.

11      So for the three courses that you mentioned --

12  depression and dementia in the elderly, TBI, and

13  nonantibiotic antimicrobial pharmacology -- those

14  courses had been accepted and were waiting for editorial

15  review; so that would be, I guess, between four and

16  five.

17      For the GERD course, it had been reviewed. We

18  had done editorial work on it, but it also had not been

19  sent to the planners; so, again, for all of these based

20  on this list of the processes, they all stop somewhere

21  between four and five. The gaps between steps four and

22  five is wide.

23  Q.  What do you mean by that?

24  A.  I mean a lot of work happens between steps four

25  and five. This is -- this is a very broad overview.

1      Q.  But on this broad overview provided in

2  NETCEB34857, the step that includes approving a course

3  for publication is in step 6, isn't it?

4      A.  It says "approve the manuscript," but it doesn't

5  say, as far as I can read, "approve for publication."

6      Q.  Take a look back at this exhibit.  I don't

7  remember the name -- I don't remember the number.  Do

8  you have a copy of it still there?

9      A.  I do have it.  84.

10     Q.  Thank you.  Take a look at Exhibit 84.  Exhibit

11 84, again, says at the top "division planner course

12 approval," and there are three boxes midway down that

13 say "approve for publication," "approve for publication

14 with changes, see manuscript pages," and then the third

15 box, "rejected for the following reasons."

16         Those three options line up perfectly with the

17 three bullet points in the "overview of course

18 development" document at NETCEB34857; correct?

19     A.  They are not verbatim, no.

20     Q.  Well, the first bullet point in "the overview of

21 course development" at NETCEB34857 is "approve the

22 manuscript."  The first checked box is "approve for

23 publication."

24         Do you believe that's something different?

25     A.  Yes.

**EXHIBIT 4**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### (Fort Lauderdale Division)

### CASE NO.:15-61165-CIV-DIMITROULEAS

DR. JASSIN JOURIA

      Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

      Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

      Third Party Defendant.

_____/

## PLAINTIFF'S RESPONSE TO NETCE'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS

COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully responds to Defendant's, CE Resource, Inc.'s d/b/a CME Resource and NetCE ("Defendant"), first request for the production of documents and things, pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of this court, as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2.    By making the accompanying responses Defendant's requests for production, Plaintiff does

not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses herein without in any way implying that it considers the requests or responses thereto to be relevant or material to the subject matter of this action.

3.      Plaintiff will produce responsive documents only to the extent that such documents are in the possession, custody, or control of him as set forth in the Federal Rules of Civil Procedure.

4.      Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses.

5.      Plaintiff will make available for inspection at Plaintiff's offices responsive documents and things.  Alternatively, Plaintiff will produce copies of the documents.

6.      Publicly available documents or documents already in the possession, custody and control of Defendant will not be produced.

7.      Plaintiff's records contained on his computer have been compromised in that his computer "crashed" and documents might have been lost.  Plaintiff is producing what he has been able to recover.

## REQUESTS

### REQUEST NO. 1

All Documents supporting any contention you may have or develop that NetCE does not own the copyright to the Seven Courses.

### RESPONSE NO. 1

See documents contained in DE 36-1 and 36-2, and attached.

2

**REQUEST NO. 2**

All Documents supporting any contention you may have or develop that the Seven Course were not a "work for hire."

**RESPONSE NO. 2**

As "work for hire" is understood, Plaintiff is not in possession, custody or control of responsive documents.

**REQUEST NO. 3**

All Documents supporting any contention you may have or develop that the Freelance Writer Agreements are unenforceable.

**RESPONSE NO. 3**

See documents contained in DE 36-2, and attached.

**REQUEST NO. 4**

All Documents supporting any contention you may have or develop that NetCE "explicitly rejected" any of the Seven Courses you submitted to it, as described in Paragraph 5 of the Freelance Writer Agreements for the Seven Courses.

**RESPONSE NO. 4**

Plaintiff is not in possession, custody or control of responsive documents.

**REQUEST NO. 5**

All Documents supporting any contention you may have or develop that the written material related to the Subject Matter of the Seven Courses you submitted to Elite was not identical to, substantially similar to, virtually identical to and/or derivative of the written material You submitted to NetCE.

3

**RESPONSE NO. 5**

        Articles Plaintiff submitted to Defendant are in the Defendant's possession. Otherwise, see attached.

**REQUEST NO. 6**

        All Documents supporting any contention you may have or develop that the written material related to he Subject Matter of the Seven Courses Elite Ultimately published was not identical to, substantially similar to, virtually identical to and/or derivative of the written material You submitted to NetCE.

**RESPONSE NO. 6**

        Articles Plaintiff submitted to Defendant are in the Defendant's possession. Otherwise, see attached.

**REQUEST NO. 7**

        All Documents reflecting or evidencing Your Research and Drafting the Seven Courses, including without limitation Your notes, drafts of courses or portions of courses, and Communication with third parties regarding the Seven Courses or the subject matter of the Seven Courses.

**RESPONSE NO. 7**

        Articles Plaintiff submitted to Defendant are in the Defendant's possession. Otherwise, see attached.

**REQUEST NO. 8**

        All Documents reflecting or evidencing the process you undertake (or have undertaken in the past) for researching and draft a course, from 2012 to present.

**RESPONSE NO. 8**

Plaintiff is not in possession, custody or control of responsive documents.

**REQUEST NO. 9**

All Communications between You and NetCE regarding the Seven Courses.

**RESPONSE NO. 9**

See attached.

**REQUEST NO. 10**

All Communications between You and NetCE regarding the Freelance Writer Agreements.

**RESPONSE NO. 10**

See attached.

**REQUEST NO. 11**

All Communications between You and Elite from 2012 to present.

**RESPONSE NO. 11**

See attached.

**REQUEST NO. 12**

All Communications between You and Elite regarding the Subject Matter featured in the Seven Courses, including without limitations draft and edits to text You submitted.

**RESPONSE NO. 12**

See attached.

**REQUEST NO. 13**

All Communications between You and other third parties regarding or referring to

5

the Subject Matter featured in the Seven Courses, including without limitation drafts and edits to text You submitted.

**RESPONSE NO. 13**

      See attached.

**REQUEST NO. 14**

      All Documents sent from You to Elite regarding or referring to the Subject Matter featured in the Seven Courses, including without limitation drafts of courses or materials.

**RESPONSE NO. 14**

      See attached.

**REQUEST NO. 15**

      All Documents sent from You to other third parties regarding or referring to the Subject Matter featured in the Seven Courses, including without limitation drafts of courses or materials.

**RESPONSE NO. 15**

      See attached.

**REQUEST NO. 16**

      All Documents reflecting or evidencing any payments received by You from NetCE from 2012 to present, including without limitation the amount, date, and purpose of the payments.

**RESPONSE NO. 16**

      Documents are in the possession, custody or control of Defendant.

**REQUEST NO. 17**

      All Documents reflecting or evidencing any payments received by You from Elite

from 2012 to present, including without limitation the amount, date, and purpose of the payments.

**RESPONSE NO. 17**

   See attached.

**REQUEST NO. 18**

   All Documents reflecting or evidencing any payments received by You from third parties, where such payments are related to Your submission or proposal to submit written material related to the Subject Matter of the Seven Courses, from 2011 to the present.

**RESPONSE NO. 18**

   See attached.

**REQUEST NO. 19**

   Documents sufficient to Identify all Persons to whom or to which You have submitted written material or proposals to create written material related to the Subject Matter of the Seven Courses.

**RESPONSE NO. 19**

   Documents sufficient to identify Defendant are already in its possession, custody or control.  Otherwise, see attached.

**REQUEST NO. 20**

   All Documents reflecting, referring to, or related to contracts or agreements with third parties to submit written works related to the Subject Matter of the Seven Courses.

**RESPONSE NO. 20**

   See attached.

## REQUEST NO. 21

All Documents reflecting, referring to, or related to contract or agreements with Elite to submit written works on any Subject Matter.

## RESPONSE NO. 21

Objection to the scope. Plaintiff attaches responsive documents that are in his possession, custody or control that relate to works related to the Subject Matter of the Seven Courses.

## REQUEST NO. 22

All Documents related to any disclosure you made to Elite regarding Your involvement with or obligation to NetCE.

## RESPONSE NO. 22

See attached.

## REQUEST NO. 23

Your up-to-date resume.

## RESPONSE NO. 23

See attached.

## REQUEST NO. 24

Documents sufficient to identify the nature of your relationship with and to Elite.

## RESPONSE NO. 24

See attached.

## REQUEST NO. 25

Documents sufficient to identify your medical credentials.

**RESPONSE NO. 25**

   See attached.

**REQUEST NO. 26**

   Documents sufficient to Identify intangible and tangible assets you owned or own, in whole or in part or in which you have an unvested interest, from 2014 to the present.

**RESPONSE NO. 26**

   Objection.   Irrelevant and not calculated to lead to the discovery of admissible evidence because Defendant does not have any judgment against Plaintiff.   Documents requested have no bearing on liability alleged or damages sought by Defendant against Plaintiff.

**REQUEST NO. 27**

   All Documents submitted to federal Bankruptcy Courts in furtherance of cases You initiated from 2015 to present.

**RESPONSE NO. 27**

   Objection.   Irrelevant and not calculated to lead to the discovery of admissible evidence because documents requested have no bearing on liability alleged or damages sought by Defendant against Plaintiff.

**REQUEST NO. 28**

   All Documents reflecting, referring to, or related to Your conflict with the Education Commission for Foreign Medical Graduates.

**RESPONSE NO. 28**

   Objection.   Irrelevant and not calculated to lead to the discovery of admissible evidence because documents requested have no bearing on liability alleged or damages sought by

9

Defendant against Plaintiff.

**REQUEST NO. 29**

All Documents you received from NetCE from 2012 to present.

**RESPONSE NO. 29**

Defendant is in possession, custody or control of responsive documents.

**REQUEST NO. 30**

All Documents supporting Your allegations in Paragraph 12 of the Complaint.

**RESPONSE NO. 30**

Responsive documents include the Freelance Writers Agreements that are in the possession, custody or control of Defendant.

**REQUEST NO. 31**

All Documents supporting Your allegations in Paragraph 13 of the Complaint.

**RESPONSE NO. 31**

See attached.

**REQUEST NO. 32**

All Documents supporting Your allegations in Paragraph 15 of the Complaint.

**RESPONSE NO. 32**

See attached.

**REQUEST NO. 33**

All Documents supporting Your allegations in Paragraph 16 of the Complaint.

**RESPONSE NO. 33**

See attached.

**REQUEST NO. 34**

All Documents supporting Your allegations in Paragraph 17 of the Complaint.

**RESPONSE NO. 34**

See attached.

**REQUEST NO. 35**

All Communications related to this Litigation.

**RESPONSE NO. 35**

Objection to the scope.  See attached.

**REQUEST NO. 36**

All Documents reflecting, referring to, or relating to this Litigation.

**RESPONSE NO. 36**

Objection to the scope.  See attached.

**REQUEST NO. 37**

All statements from bank accounts or digital money transferring services (by way of illustration PayPal and Venmo) You own in whole or in part and/or into which you have deposited or withdrawn moneys from 2012 to present.

**RESPONSE NO. 37**

Objection.  Irrelevant and not calculated to lead to the discovery of admissible evidence because Defendant does not have any judgment against Plaintiff.  Documents requested have no bearing on liability alleged or damages sought by Defendant against Plaintiff.

11

Respectfully submitted,


/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

12

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 9, 2017, I electronically served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


<u>s/Richard S. Ross</u>
Richard S. Ross, Esq.

**SERVICE LIST**
**Dr. Jassin Jouria v. CE Resource, et al.**
**Case No.: 15-61165-CIV-DIMITROULEAS**
**United States District Court, Southern District of Florida**
**(Ft. Lauderdale Division)**

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12ᵗʰ Floor
Ft. Lauderdale, FL  33301
Method of Service: E mail
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Jessica E. Lanier, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: E mail
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: E mail
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: E mail
*(Attorneys for Elite Continuing Education, Inc.)*