IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:15-61165-WPD

| | |
|---|---|
| DR. JASSIN JOURIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CE RESOURCE, INC. d/b/a CME RESOURCE and NetCE, | ) |
| | ) |
| Defendant. | ) |
| CE RESOURCE, INC. d/b/a CME RESOURCE and NetCE, | ) |
| | ) |
| Defendant/Counter-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DR. JASSIN JOURIA, | ) |
| | ) |
| Plaintiff/Counter-Defendant. | ) |
| CE RESOURCE, INC. d/b/a CME RESOURCE and NetCE, | ) |
| | ) |
| Defendant/Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Elite Continuing Education, Inc. and Alpine Management Services III, LLC, | ) |
| | ) |
| Third-Party Defendants. | ) |

**ELITE'S STATEMENT IN RESPONSE TO ADDITIONAL FACTS**

Pursuant to Local Rule 56.1(a), Third-Party Defendant Elite Professional Education, LLC ("Elite") hereby submits the following Response to Additional Facts ("RAF") in response to Defendant/Third Party Plaintiff CE Resource, Inc. d/b/a CME Resource and NetCE's ("NetCE") Statement of Facts in Opposition to Elite's Motion for Summary Judgment (DE 202 ("NSOF")). Elite submits this RAF in support of its Motion for Summary Judgment (DE186 ("Motion")), and incorporates by reference Elite's Statement of Undisputed Facts in Support of Motion for Summary Judgment (DE 187 ("ESUF")) and the Declaration of J. Mark Wilson in Support of Motion for Summary Judgment (DE 188 ("Wilson")).

83. Disputed but immaterial. (Supplemental Declaration of J. Mark Wilson ("Suppl. Wilson") ¶ 18). These assertions are immaterial because NetCE has not submitted a Rule 56(d) affidavit seeking deferral of Elite's Motion or additional time to take further discovery.

84. Disputed but immaterial. NetCE has produced emails showing correspondence between NetCE and Alpine and/or McKissock regarding potential acquisition of NetCE through 2014. NetCE has produced emails it has received showing McKissock was a continuing education provider for real estate and healthcare professionals. These assertions are immaterial to Elite's Motion.

85. Undisputed but immaterial to Elite's Motion.

86. Disputed but immaterial. NetCE's cited evidence directly contradicts its assertions. These assertions are immaterial to Elite's Motion.

87. Disputed-in-part but immaterial. Ms. Campbell's deposition testimony shows that documents were not mailed to Mr. Duran.

88. Disputed but immaterial. Ms. Campbell's deposition testimony shows that the November 2012 meeting did not include Mr. Wileczek, and that documents were not mailed to Mr. Duran. These assertions are immaterial to Elite's Motion.

89. Disputed but immaterial. (ESUF ¶ 78). Ms. Campbell's deposition testimony also shows that the November 2012 meeting did not include Mr. Wileczek, and that not all the categories of information asserted were discussed during the November 2012 meeting. These assertions are immaterial to Elite's Motion.

90. Disputed but immaterial. NetCE has produced emails showing that it was aware of Elite's relationship. These assertions are immaterial to Elite's Motion.

91. Disputed but immaterial. (ESUF ¶ 78). Ms. Campbell's deposition testimony also shows that not all the categories of information asserted were discussed during the November 2012 meeting. These assertions are immaterial to Elite's Motion.

92. Disputed but immaterial. (ESUF ¶¶ 78-79; Wilson ¶ 3, Alpine 46:13-55:9). NetCE's cited evidence also does not support these assertions. These assertions are immaterial to Elite's Motion.

93. Disputed but immaterial. (ESUF ¶ 79; Wilson ¶ 3, Alpine 37:21-38:4). These assertions are immaterial to Elite's Motion.

94. Disputed but immaterial. NetCE has produced emails showing that NetCE requested that any acquisition be completed by the end of 2012, and in response, Mr. Duran informed NetCE that Alpine would not be able to accommodate such a timeline. These assertions are immaterial to Elite's Motion.

95. Disputed but immaterial. NetCE's has produced emails showing that NetCE agreed to provide updated financials after the October 2013 meeting. These assertions are immaterial to Elite's Motion.

96. Undisputed but immaterial to Elite's Motion.

97. Disputed. (Wilson ¶ 3, Alpine 37:21-38:4). NetCE has cited no admissible evidence showing any actions by Elite. Additionally, neither Ms. Campbell nor Ms. Meinyer have been shown to have personal knowledge of these alleged actions by Elite. These assertions do not raise a genuine dispute as to a material fact.

98. Disputed but immaterial. (DE 154; DE 154-3). These assertions are immaterial to Elite's Motion.

99. Undisputed but immaterial to Elite's Motion.

100. Disputed. NetCE's assertion is not supported by Ms. Campbell's testimony. (ESUF ¶ 73 (NetCE 30:20-23; NetCE 45:2-9); ESUF ¶ 74 (NetCE 33:16-22)).

101. Undisputed.

102. Undisputed.

103. Undisputed.

104. Disputed. (ESUF ¶¶ 14-21). NetCE's cited evidence does not support its assertion, nor does "Campbell Dep. 126:26-28" exist. These assertions do not raise a genuine dispute as to a material fact.

105. Disputed-in-part.  NetCE's cited evidence does not support that NetCE "checked that the manuscript contained all requisite components" before paying Dr. Jouria.  These assertions do not raise a genuine dispute as to a material fact.  The remaining assertions are undisputed.

106. Undisputed.

107. Disputed.  While NetCE claims to have paid Dr. Jouria for the Jouria Articles, NetCE otherwise submitted discovery responses showing that the Jouria Articles were not approved for publication.  (ESUF ¶¶ 17-19).  Additionally, NetCE has produced documents showing that some authors, including Dr. Jouria, have been paid for completed manuscripts prior to the completion of any manuscript review or checklist.

108. Undisputed but immaterial to Elite's Motion.

109. Disputed-in-part.  NetCE's cited evidence does not support its assertions in the second sentence of Paragraph 109.  These assertions do not raise a genuine dispute as to a material fact.  The remaining assertions are undisputed.

110. Disputed-in-part.  NetCE's cited evidence does not support the first sentence of Paragraph 110, as a statement that Dr. Jouria "sold" courses to "other companies" is not an admission that "NetCE owned the intellectual property rights" in those courses.  This assertion does not raise a genuine dispute as to a material fact.  The remaining assertions are undisputed but immaterial to Elite's Motion.

111. Disputed but immaterial.  While NetCE does not identify which "courses" NurseCE4Less allegedly published, Elite disputes that NetCE owns copyright rights in the Jouria Articles.  (ESUF ¶¶ 11-21).

112. Disputed but immaterial.  (Suppl. Wilson ¶ 19).  These assertions are immaterial to Elite's Motion.

113. Undisputed but immaterial to Elite's Motion.

114. Undisputed that NetCE made the asserted statement in the cited interrogatory response.

115. Undisputed that NetCE made the asserted statement in the cited interrogatory response.  Disputed that the "Seven Courses" were NetCE's under the work for hire doctrine.  (ESUF ¶¶ 11-21).

116. Undisputed that NetCE made the asserted statement in the cited interrogatory responses.

117. Disputed.  (ESUF ¶¶ 15-21; Wilson ¶ 1, NetCE 78:18-79:11).  NetCE's evidence does not support its assertions.  These assertions do not raise a genuine dispute as to a material fact.

118. Disputed.  (ESUF ¶¶ 15-21; Wilson ¶ 1, NetCE 78:18-79:11).  NetCE's evidence does not support its assertions.  These assertions do not raise a genuine dispute as to a material fact.

119. Disputed-in-part.  (ESUF ¶¶ 32-38, 40-47).  NetCE's cited evidence does not support parts (viii) and (xii).  These assertions do not raise a genuine dispute as to a material fact.  The remaining assertions about what NetCE's testified are undisputed but immaterial to Elite's Motion.

120. Disputed-in-part.  NetCE's cited evidence does not support the fourth sentence of Paragraph 120, which assertions do not raise a genuine dispute as to a material fact.  The remaining assertions about the content of NetCE's expert report are undisputed but immaterial to Elite's Motion.

121. Disputed. (ESUF ¶¶ 31-34).  NetCE's cited evidence does not support its assertions.  These assertions do not raise a genuine dispute as to a material fact.

122. Disputed. (ESUF ¶¶ 31-34).  NetCE's cited evidence directly contradicts its assertions.  These assertions do not raise a genuine dispute as to a material fact.

123. Disputed. (ESUF ¶¶ 31-34).  NetCE's cited evidence does not support its assertions.  These assertions do not raise a genuine dispute as to a material fact.

Dated: January 5, 2018                                    Respectfully submitted,

/s/ Peter A. Chiabotti
Peter A. Chiabotti
Florida Bar No. 0602671
AKERMAN LLP
peter.chiabotti@akerman.com
777 South Flagler Driver
Suite 1100, West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Facsimile: (561) 659-6313

J. Mark Wilson (*pro hac vice*)
markwilson@mvalaw.com
Kathryn G. Cole (*pro hac vice*)
katecole@mvalaw.com
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-1000
Facsimile: (704) 331-1159
*Attorneys for Third Party Defendant*
*Elite Professional Education, LLC*

## Certificate of Service

I hereby certify that on January 5, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/Peter A. Chiabotti
Peter A. Chiabotti

## Service List

Richard S. Ross, Esq.
Atrium Centre
4801 S. University Drive
Suite 237
Fort Lauderdale, FL 33328
Email: prodp@ix.netcom.com
*Attorneys for Plaintiff Dr. Jassin Jouria*

Philip E. Rothchild, Esq.
Holland & Knight LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Email: phil.rothschild@hklaw.com
*Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE*

John P. Kern, Esq.
Jessica E. Lanier, Esq.
Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Email: john.kern@hklaw.com
　　　　jessica.lanier@hklaw.com
*Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE*

Peter A. Chiabotti
Florida Bar No. 0602671
Akerman LLP
peter.chiabotti@akerman.com
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Facsimile: (561) 659-6313
*Attorney for Third Party Defendant Elite Professional Education, LLC*

J. Mark Wilson (*pro hac vice*)
markwilson@mvalaw.com
Kathryn G. Cole (*pro hac vice*)
katecole@mvalaw.com
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-1000
Facsimile: (704) 331-1159
*Attorneys for Third Party Defendant Elite Professional Education, LLC*