# EXHIBIT 18

| | |
|---|---|
| **From:** | Mark Wilson |
| **Sent:** | Tuesday, December 05, 2017 3:39 PM |
| **To:** | John.Kern@hklaw.com |
| **Cc:** | Kate Cole; Jessica.Lanier@hklaw.com; Richard Ross |
| **Subject:** | Re: SENT YOU GUYS UPDATE |

John —

I write this email as I sit in San Francisco waiting to go home. As you know, we flew here yesterday to depose Erin Meinyer. We learned after we boarded our flight from Charlotte that she apparently is sick. You asked if we could depose her on Wednesday instead of Tuesday, and we agreed (assuming we could get all arrangements switched while we were mid-air). After landing in San Francisco, we received your email canceling the deposition. This is the third time NetCE has canceled this deposition. We originally noticed four depositions of NetCE witnesses for Nov. 13-15 (within the discovery period), with Erin's deposition set for Nov. 14. You told us she was out of the country during that time period; yet, on Nov. 13 she was able to sign a verification for NetCE's discovery responses under 28 USC 1746 as if she was within the United States. We re-noticed her deposition for Nov. 29, only for you to cancel it again, this time because Erin was in Alaska. So we noticed it a third time for today, only for you to cancel last night (while we were already in the air flying across the country) purportedly because Erin is or was in the hospital, bed ridden, on IV fluids and too ill to be deposed. It is hard to accept this explanation when, on the same day, and indeed at or around the exact same time you canceled her deposition, she submitted a 9 page declaration to the Court in opposition to Elite's motion for protective order. None of this adds up, and here we are without testimony from a witness we have noticed for deposition three times, only for you to cancel each of them.

At the same time, we have tried to be incredibly accommodating with your request for a Rule 30(b)(6) deposition of Elite. You first noticed this deposition for Nov. 5, a Sunday, and, after claiming that you intended to notice it for Nov. 15 (which was a day on which we had already noticed a NetCE deposition in California), you then re-noticed it for Nov. 17. On Nov. 14, you abruptly canceled this deposition, claiming to need more time to review Elite's documents. We explained in an email dated Nov. 15 that the document production you cited for canceling the deposition consisted only of a few documents mainly from third parties, copies of which we had already provided to you. We do not believe that you had good reason to unilaterally cancel the noticed deposition, but you canceled anyway.

Despite the foregoing, we worked with you to try to find dates prior to the summary judgment deadline to schedule these final two depositions. Unfortunately, with your most recent cancellation of Erin's deposition, it is not going to be possible to hold these depositions as we originally anticipated. This has left Elite in a very unfortunate position and is contrary to our understanding about scheduling depositions.

At the same time, we understand that counsel for Dr. Jouria, Richard Ross, has maintained his objection to depositions beyond the close of discovery. On Nov. 14, you wrote to both of us with the following:

"We think it makes sense to file a motion tomorrow ... requesting a very short extension (3 weeks? 30 days?) on the time to finish discovery-in light of the many unfinished items-Elite depo, rule 45 subpoenas floating around, Erin's depo, expert rebuttal, expert depo, etc. Will you join with us on this request?"

That same day, Mr. Ross stated: "Spoke with the client, and we will oppose." NetCE then decided to file a motion for extension of time only to serve two Rule 45 subpoenas. NetCE never moved the Court for an extension of time to take fact witness depositions beyond the discovery deadline.

Mr. Ross confirmed his opposition again yesterday in an email to both of us, in which he reiterated the following:

"Further to our meet and confer on November 20, 2017, we advised that scheduling depositions after discovery cutoff is not permitted by the rules. Pursuant to L.R. 26.1(d), your re-notice below obviates our need to move for a protective order. Even if we were to attend by telephone, our client will be prejudiced because he will have to cover our fees to attend. Please advise if you intend to comply with the rule and cancel your re-notice."

Just today, Mr. Ross filed a motion for protective order and sanctions on this issue.

At this point, given the unfortunate position that NetCE has put Elite in by canceling multiple depositions (both of Elite and NetCE witnesses), combined with the objection lodged by Mr. Ross, the motion filed with the Court, the fact that discovery closed on Nov. 15 without any extension of time to take fact witness depositions, and the impending summary judgment deadline, we believe the most prudent course of action is to proceed as required by the local rules. Accordingly, in light of our current situation and case schedule, we do not believe it is appropriate at this time to attempt to reschedule Erin's deposition or to proceed with Elite's deposition. To the extent necessary, please consider this Elite's objection to NetCE's deposition notice emailed to us on Nov. 30.

Mark

On Dec 4, 2017, at 12:29 PM, "John.Kern@hklaw.com" <John.Kern@hklaw.com> wrote:

SENT YOU GUYS UPDATE. NO depo this week. She is confined to bed rest and I.V. fluids.

We'll do whatever it takes to reschedule. If you guys want to hang here in SF Tuesday, you can use our office or whatever you need. We will pay for your airfare change problems.

CC'ing Mark's assistant. Thank you, Jeff.

**John Kern | Holland & Knight**

Partner

Holland & Knight LLP

50 California Street, Suite 2800 | San Francisco, CA 94111

Phone 415.743.6918 | Fax 415.743.6910

john.kern@hklaw.com | www.hklaw.com

Add to address book | View professional biography

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.