UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA,

    Plaintiff/Counter-Defendant

v.

CE RESOURCE, INC. d/b/a CME RESOURCE

and NetCE,

    Defendant/Counter-Plaintiff/Third-Party Plaintiff

v.

ELITE CONTINUING EDUCATION, INC.,

    Third-Party Defendant.

_____/

## **OMNIBUS ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT**

THIS CAUSE is before the Court on Plaintiff Dr. Jassin Jouria's Motion for Summary Judgement [DE 183] and Third-Party Defendant Elite Professional Education, LLC's Motion for Summary Judgment [DE 186]. The Court has carefully considered the Motions, the Responses, the Replies, the statements of material facts, exhibits and affidavits filed in the record, and is otherwise fully advised in the premises.

**I.**    **Background**

This action was filed on June 2, 2015. [DE 1].  Plaintiff Dr. Jassin Jouria ("Jouria") filed the Complaint against CE Resource, Inc. d/b/a CME Resource and NetCE ("NetCE"), seeking a declaration that Plaintiff did not violate NetCE's copyrights and did not breach contracts entered

into with NetCE. *See* [DE 1]. NetCE filed its original Answer and Counterclaims on October 6, 2015. [DE 33]. A seven-month-long bankruptcy stay followed, and NetCE sought leave to amend its Answer on September 23, 2016, [DE 33], which the Court granted. *See* [DE 35]. On October 21, 2016, NetCE filed the Amended Answer, Affirmative Defenses, Amended Counterclaim, and Third-Party Complaint, (the "FAA"). [DE 36]. NetCE's remaining claims against Jouria are for Copyright Infringement and Breach of Contract. *Id.* The following claims remain against third-party defendant Elite Continuing Education for: (Count 1) Copyright Infringement; (Count 4) Tortious Interference with Contractual Relations; and (Count 6) Misappropriation of Trade Secrets Under Florida's' Uniform Trade Secrets Acts (Civil Code §§ 688.01 *et. seq.*). *Id.* NetCE also asserted claims against third-party defendant Alpine Management Services III, LLC ("Alpine"), but Alpine has been dismissed from this action. *See* [DE 65].

NetCE is a California-based company that specializes in developing Continuing Medical Education ("CME") courses and materials. [DE 36 at 15]. To develop CME materials, NetCE contracts with independent authors, usually licensed medical professionals and/or credentialed medical scholars, ("Authors"). *Id.* The Authors work under standard template agreements, ("Freelance Writer Agreements" or "FWAs"), which are identical for all Authors except for the name, deadlines, and subject matter areas. *Id.* at 15–16. Under the Freelance Writer Agreements, Authors agree to draft and submit articles to CME on a specific subject, in a specific format, and by a specific deadline. *Id.* Authors agree that the articles they submit to NetCE are "works for hire" and all copyrights associated with these materials belong to NetCE unless and until NetCE

rejects the materials. *See id.*; *see also* Freelance Writer Agreements attached as Ex. B to FAA [DE 36-2].[1]

Third-party Defendant Elite ("Elite") also produces CME courses and materials and is a direct competitor of NetCE. [DE 36 at 17].

In 2012 and 2013, NetCE and Jouria executed ten Freelance Writer Agreements. [DE 36 at 18]. NetCE published three of the ten courses written by Jouria; the remaining seven courses that were not published by NetCE are at issue in this case (the "Seven Courses"). *Id.* at 19. In 2012, Alpine, an investment firm, approached NetCE to discuss the possibility of purchasing it. *Id.* Alpine and NetCE executed a Non-Disclosure Agreement ("NDA") to facilitate the exchange of confidential, proprietary, and sensitive information. *Id.* at 20. NetCE shared its plans to develop and commission courses (including the Seven Courses written by Jouria that are at issue in this action). *Id.* NetCE shared details about the Seven Courses, including Jouria's involvement and the timing of planned rollouts. *Id.* In late 2012, NetCE terminated discussions with Alpine. *Id.* Shortly thereafter, Alpine purchased an interest in NetCE's competitor, Elite. *Id.* After Alpine's investment in Elite, Elite hired Jouria. *Id.* at 36. In February 2015, NetCE discovered that Jouria had submitted the Seven Courses to Elite, and Elite published them, all without NetCE's permission. *Id.* at 25.

NetCE alleges that by publishing the Seven Courses,[2] Elite infringed NetCE's copyrights, tortuously interfered with its contractual relationship with Jouria, and misappropriated trade secrets it obtained through Alpine and Jouria. NetCE alleges that Jouria breached the FWAs and violated NetCE's exclusive rights under Copyright law. Jouria and Elite have moved for summary judgment.

---

[1] NetCE has registered copyrights for the seven courses at issue in this case, effective May 15, 2015. *See* [DE 36-1].
[2] The Court notes that NetCE has dropped its claims concerning two of the seven courses against Elite, but NetCE continues to maintain an action against Jouria for all seven courses.

## II.     Standard of Review

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears "the stringent burden of establishing the absence of a genuine issue of material fact." *Suave v. Lamberti*, 597 F. Supp. 2d 1312, 1315 (S.D. Fla. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"A fact is material for the purposes of summary judgment only if it might affect the outcome of the suit under the governing law." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005) (internal quotations omitted). Furthermore, "[a]n issue [of material fact] is not 'genuine' if it is unsupported by the evidence or is created by evidence that is 'merely colorable' or 'not significantly probative.'" *Flamingo S. Beach I Condo. Ass'n, Inc. v. Selective Ins. Co. of Southeast*, 492 F. App'x 16, 26 (11th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). "A mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be evidence from which a jury could reasonably find for the non-moving party." *Id.* at 26-27 (citing *Anderson*, 477 U.S. at 252). Accordingly, if the moving party shows "that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party" then "it is entitled to summary judgment unless the nonmoving party, in response, comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Rich v. Sec'y, Fla. Dept. of Corr.*, 716 F.3d 525, 530 (11th Cir. 2013) (citation omitted).

### III. Discussion

Plaintiff seeks summary judgment on his declaratory judgment claims of no copyright infringement and no breach of contracts against Defendant NetCE. Plaintiff also seeks summary judgment on NetCE's corresponding counterclaim for copyright infringement and breach of contract. Third-party Elite seeks summary judgment on the claims alleged by NetCE for Copyright Infringement, Misappropriation of Trade Secrets, and for lost profit damages. For the reasons articulated herein, both Motions for Summary Judgment are denied.

### A. Plaintiff's Motion for Summary Judgment is Denied

Jouria and NetCE differ on their interpretations of the term "approved for publication" in the FWAs. Jouria argues that he had the right to sell seven courses to Elite because they were not "approved for publication." NetCE argues that under the terms of the FWAs, all ten course were "approved for publication." The FWAs state that Jouria agreed that he would not "submit the [Articles] to any other party for publication unless and until CME expressly [rejected] the [Articles]." [DE 36-2]. Jouria further acknowledged and agreed that NetCE would "only pay [him] for Articles that are *approved for publication* by [NetCE], and that [NetCE] has the sole and exclusive authority and discretion to determine whether or not to approve and/or publish any and all Articles submitted by [Jouria]." *Id.*(emphasis added). The FWAs also specified the source of NetCE's copyrights. Any articles "*approved for publication* by [NetCE] under the [FWAs] shall belong exclusively to [NetCE]. . . . all such Articles shall be deemed to be 'works made for hire' . . . and [NetCE] shall be deemed to be the author thereof." *Id.* (emphasis added). Jouria and Elite argue that NetCE does not have copyright in the articles submitted by Jouria to Elite because those articles were not "approved for publication."

The meaning of "approved for publication" within the confines of the FWAs is an issue of contract interpretation—an issue of law for the Court. The FWAs state that Jouria would only be paid if the article was "approved for publication." Jouria was paid. Therefore, within the meaning ascribed by the FWAs, the Articles were "approved for publication." Further, Jouria agreed that the Articles "approved for publication" would belong exclusively to CME and that all such Articles would be works for hire under relevant copyright laws. It follows that since Jouria was paid for 10 Articles, those 10 Articles were "approved for publication" and were the property of NetCE.

The determinative dispute is whether the courses submitted by Jouria to Elite were substantially similar to the courses submitted to NetCE such that Jouria violated his agreement with NetCE and infringed NetCE's copyrights. That issue of similarity of the courses is an issue of fact for the jury. To state a copyright infringement claim, a plaintiff must allege facts showing (1) that it owns a valid copyright in a work and, (2) that the defendant copied original elements of that work. *See Baby Buddies, Inc. v. Toys R Us, Inc.*, 611 F.3d 1308, 1315 (11th Cir. 2010); *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). "Where a plaintiff shows that he owns a valid copyright and that the other party copied some of the protected elements of that work, he has shown direct infringement of his copyright." *Disney Enterprises, Inc. v. Hotfile Corp.*, 798 F. Supp. 2d 1303, 1307 (S.D. Fla. 2011) (*citing Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011).

A plaintiff can prove copying directly or indirectly, by establishing that the defendant had access, and produced something "substantially similar," to the copyrighted work. *See Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 829 (11th Cir. 1982). Substantial similarity, in this sense, "exists where an average lay observer would recognize the alleged copy

as having been appropriated from the copyrighted work." *Id.* (internal quotation omitted). A plaintiff also must establish that the allegedly infringing work is substantially similar to the plaintiff's work with regard to its protected elements. *See Herzog v. Castle Rock Entertainment*, 193 F.3d 1241, 1248, 1257 (11th Cir. 1999). "Substantial similarity" is a question of fact, and summary judgment is only appropriate if no reasonable jury could differ in weighing the evidence. *Leigh v. Warner Bros.*, 212 F.3d 1210, 1216 (11th Cir. 2000) (reversing district court's summary judgment order because "the court erred in holding as a matter of law that no reasonable jury could find [the allegedly infringing images] were substantially similar to the aspects of Leigh's work protected by copyright."). Since the Jury must determine whether the courses submitted to Elite are substantially similar to those owned by NetCE, summary judgment is inappropriate.

## B. Elite's Motion for Summary Judgment is Denied

Elite seeks summary judgment on NetCE's claims for Copyright Infringement, Misappropriation of Trade Secrets, and for lost profit damages. First, the Court finds that summary judgment is inappropriate on the claim for Copyright Infringement for the reasons already articulated. Second, Elite argues that NetCE has insufficient evidence to support Misappropriation of Trade Secrets; this is a question for the jury. Third, regarding lost profits, the Court finds that Elite's arguments may be raised in a Daubert Motion or Motion in Limine, but are inappropriate for summary judgment. Elite's damages arguments concern the methodology underlying NetCE's damages calculation, which is best suited for a Daubert Motion. Elite's argument that NetCE's damages calculation is too speculative is best suited for a Motion in Limine. Therefore, Elite's Motion for Summary Judgment is denied.

### III. Conclusion

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff Dr. Jassin Jouria's Motion for Summary Judgement [DE 183] is **DENIED** and Third-Party Defendant Elite Professional Education, LLC's Motion for Summary Judgment [DE 186] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of March, 2018.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:

Counsel of record