UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61165-CIV-DIMITROULEAS/Snow

DR. JASSIN JOURIA,

        Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME Resource and NetCE,

        Defendant/Counter-Plaintiff/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

        Third Party Defendant.

_____/

## **OMNIBUS ORDER**

THIS CAUSE is before the Court on Defendant's Motion to Compel Production of Documents by Elite Continuing Education, Inc. (ECF No. 143); Plaintiff's Motion for Protective Order re: Non Party ECFMG Subpoena (ECF No. 148); Elite Continuing Education's Motion for Protective Order Concerning Subpoena to Non-Party American Nurses Credentialing Center, Inc. (ECF No. 155); Plaintiff's Motion to Strike Defendant NetCE's Expert Witness and Exclude Expert Report (ECF No. 156); Plaintiff's Motion to Quash Rule 45 Subpoena to Non-Party ECFMG (ECF No. 161), and Defendant's Request for Judicial Notice (ECF No. 239) which were referred to Lurana S. Snow, United States Magistrate Judge.  The motions are ripe for consideration and oral argument was held before the undersigned on March 22, 2018.  This Order memorializes the Court's rulings from the bench.

On June 2, 2015, Plaintiff Jassin Jouria, filed this action for declaratory judgment of non-infringement of alleged copyrights against NetCE, a California corporation for which Dr. Jouria provided medical research and writing services pursuant to contract.  NetCE threatened litigation when Dr. Jouria utilized the same research to prepare new articles which he sold to a third party.

(ECF No. 1)  On October 6, 2015, NetCE filed its counterclaim alleging copyright infringement, breach of contract, and unfair business practices under California law.  (ECF No. 10)  On the same date, NetCE moved to dismiss the complaint and transfer venue to the Eastern District of California. (ECF No. 11)   On October 23, 2015, Dr. Jouria notified the Court that he had filed for bankruptcy protection, and on October 26, 2015, the Court stayed this action.  (ECF Nos. 17, 18)  The stay was lifted on June 15, 2016, after Dr. Jouria notified the Court that his bankruptcy petition had been dismissed.  (ECF Nos. 24, 25).

On October 21, 2016, NetCE, with leave of court, filed an amended answer, counterclaim and its third party complaint against Alpine Management Services and Elite Continuing Education.  (ECF No. 36)  Both third party defendants moved to dismiss.  (ECF Nos. 41, 43).  On January 11, 2017, the Court again stayed the case owing to Dr. Jouria's second bankruptcy filing. Ultimately, on April 21, 2017, the bankruptcy stay was lifted, and on the same date, NetCE voluntarily dismissed its third party complaint against Alpine Management Services.  (ECF Nos. 63, 64)

NetCE's third party complaint against Elite Continuing Education for copyright infringement and misappropriation of trade secrets remains pending.  On December 5, 2017, NetCE and Elite stipulated to the dismissal of NetCE's tortious interference with contractual relations claim against Elite.  (ECF No. 168)  NetCE alleges that Dr. Jouria published articles with Elite, a competitor, that he was under contract to prepare for NetCE.  NetCE's also alleges that after it entered into Freelance Writer Agreements with Dr. Jouria, it discovered that Dr. Jouria was involved in a lawsuit with the Education Commission for Foreign Medical Graduates, which revealed that Dr. Jouria submitted false letters of recommendation with his application to them.  The counterclaim also points to other red flags, concerning Dr. Jouria's credentials, including the representation on his resume that he attended medical school at Ross University in New Jersey, actually an off-shore

medical school in the Dominican Republic, and that although he has a medical degree, he has not completed medical residency in the U.S.

NetCE's Motion to Compel Production of Documents by Elite Continuing Education (ECF No. 143) and Elite's Motion for Protective Order Concerning Subpoena to Non-Party American Nurses Credentialing Center, Inc. (ECF No. 155) each concern NetCE's efforts to obtain documents provided by Elite to the American Nurses Credentialing Center ("ANCC") in order to obtain its accreditation from the ANCC. According to NetCE, Elite's submission to the ANCC, which may have included the infringing courses, would have direct bearing on its damages. NetCE also contends that the submissions may reveal Elite's appropriation of trade secrets, which also is an issue in this case.

NetCE's motion to compel, which was filed on the close of discovery and more than thirty days after Elite served its discovery responses, was untimely and for this reason is denied. See S.D. Local Rule 26.1(g). However, because there is a stipulated protective order in place (ECF No. 118) and the Court agrees with NetCE that the documents requested from the ANCC are both relevant and proportional to the needs of this case, Elite's motion for protective order with respect to the third party subpoena also is denied.

Plaintiff's Motion for Protective Order re: Non Party ECFMG Subpoena (ECF No. 148), Plaintiff's Motion to Quash Rule 45 Subpoena to Non-Party ECFMG (ECF NO. 161), and Defendant's Request for Judicial Notice (ECF No. 239) also are related. Plaintiff objects to NetCE's attempts to obtain information from the Educational Commission for Foreign Medical Graduates that it was unsuccessful in obtaining directly from Plaintiff.[1]  In support of its assertion that the information sought from ECFMG may be necessary to impeach Dr. Jouria's credibility at trial,

---

[1]    The Court denied NetCE's Motion to Compel Deposition Testimony from the Plaintiff on the subject of his dispute with ECFMG because it agreed with Dr. Jouria that the matters were not relevant to the claims and defenses in this case. (ECF No. 145)

NetCE requested that the Court take judicial notice, for purposes of this hearing only, of Dr. Jouria's prior deposition testimony in a bankruptcy proceeding.  After hearing and considering the argument of counsel, the Court will take judicial notice of Dr. Jouria's deposition testimony (ECF No. 239-1, pgs. 55-58) for purposes of ruling on Dr. Jouria's motions for protective order and to quash only.  Because the information sought by the ECFMG subpoena seeks information which may be used for impeachment purposes at trial, Dr. Jouria's motions are denied.

Finally, Dr. Jouria moves to strike NetCE's disclosure of James E. Pampinella as an expert witness and exclude his report as untimely.  However, because the Court's Scheduling Order does not set a deadline for the disclosure of experts, and the parties did not otherwise agree to one, the default deadline contained in Rule 26(a)(2)(D) applies.  Mr. Pampinella was disclosed at least 90 days prior to trial.  His disclosure was therefore timely.   However, Dr. Jouria may depose Mr. Pampinella prior to trial, and the date for completion of discovery is extended for this purpose only.  Being fully advised, it is hereby

ORDERED AND ADJUDGED as follows:

1.  Defendant's Motion to Compel Production of Documents by Elite Continuing Education, Inc. (ECF No. 143) IS DENIED as untimely;

2.  Plaintiff's Motion for Protective Order re: Non Party ECFMG Subpoena (ECF No. 148) is DENIED;

3. Elite Continuing Education's Motion for Protective Order Concerning Subpoena to Non-Party American Nurses Credentialing Center, Inc. (ECF No. 155) is DENIED, however, responsive documents may be produced subject to the parties' Stipulated Protective Order;

4. Plaintiff's Motion to Strike Defendant NetCE's Expert Witness and Exclude Expert Report (ECF No. 156) is DENIED, however, Dr. Jouria may depose Mr. Pampinella prior to trial, and the date for completion of discovery is extended for this purpose only.

5.  Plaintiff's Motion to Quash Rule 45 Subpoena to Non-Party ECFMG (ECF No. 161) is DENIED, and

5.  Defendant's Request for Judicial Notice (ECF No. 239) is GRANTED for purposes of this hearing only.

DONE AND ORDERED at Fort Lauderdale, Florida, this 23rd  day of March, 2018.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record and Pro Se Parties