**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 0:15-cv-61165-WPD**

DR. JASSIN JOURIA

        Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

        Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC. and ALPINE
MANAGEMENT SERVICES III, LLC,

        Third Party Defendants.

_____/

**DECLARATION OF JAMES E. PAMPINELLA**

    I, James Pampinella, declare as follows:

1. I am a managing director at Navigant Consulting, retained as an expert by CE Resource, Inc. d/b/a CME Resource and NetCE ("NetCE"), in the above-entitled matter. My compensation for my services is unrelated to the opinion I offer.

2. I have personal knowledge of the circumstances described below and, if so called, can testify under oath regarding these events without waiver of any applicable privilege.

3. I am a certified public accountant and I serve on the planning committees of the Advanced Patent Law Institute and the Intellectual Property Institute held by the Berkeley Center for Law & Technology, Stanford Law School, and the University of Southern California Gould School of Law.

4. Prior to rejoining Navigant Consulting, I led the Northern Pacific Intellectual Property group for Deloitte Financial Advisory Services LLP.

5. I have successfully qualified as an expert in dozens of cases, many of which are listed in the curriculum vitae attached to both my initial report and supplemental report in this matter.

6. I am an expert in the field of calculating damages in commercial litigation, specifically in matters with disputes concerning intellectual property.

7. In *Immersion Corp. v. HTC Corp.*, No. CV 12-259-RGA, 2015 WL 834209 (D. Del. Feb. 24, 2015), I was retained to calculate damages with regards to sales of devices containing both patented and non-patented parts. My analysis incorporated an assumption that the two parts operated as a single functional unit. As I am a damages expert and not an engineer, this question was and is beyond the scope of my expertise. I therefore relied on others (including the technical expert and outside counsel in that matter) to provide me that information. I noted the source of my assumption in my report in that matter.

8. In *Sukumar v. Nautilus, Inc.*, No. 7:11-CV-00218, 2013 WL 6408351, (W.D. Va. Dec. 6, 2013) I was retained to calculate damages in an alleged false patent marking matter. I was

#54813709_v5

responsible for calculating damages alone. It was not my task or my intent to prove other elements, such as causation.

I declare under penalty of perjury and the laws of the United States, California, and Florida, that the foregoing is true and correct.

Dated this 26th day of March, 2018

By: _____
James E. Pampinella