UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA

        Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

        Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

        Third Party Defendants.

_____/

**NOTICE OF FILING PROPOSED ORDER/REPORT/RECOMMENDATION**

### [PROPOSED] ORDER LANGUAGE ON NETCE'S MOTION FOR TERMINATING SANCTIONS AND ADVERSE INFERENCE INSTRUCTION FOR JURY AND AWARDING OF FEES TO NETCE[1]

THIS CAUSE is before the Court upon NetCE's Motion for Terminating Sanctions (DE 149) ("Motion"), Dr. Jouria's Response to the Motion (DE 163), NetCE's Reply (DE 177), and the argument of counsel at a hearing held on March 22, 2018.  Upon consideration of all the filings and argument, this Court determines the following:

Where litigation is reasonably anticipated, a party has an obligation to retain evidence that they know or reasonably should have known to be relevant in the action, to be reasonably calculated to lead to the discovery of admissible evidence, and/or to be reasonably likely to be requested during discovery. *See United Bank Card, Inc. v. Powermedica, Inc.*, 2007 WL 9700504 at *10 (S.D. Fla. Dec. 20, 2007).

In addition, the Advisory Committee Notes to the 2006 amendments of Federal Rule of Civil Procedure 37 recognize this duty. The Notes state: "When a party is under a duty to preserve information because of pending or reasonably anticipated litigation, intervention in the routine operation of an information system is one aspect of what is often called a 'litigation hold.'" FED. R. CIV. P. 37, advisory committee notes to 2006 amendments.

On April 9, 2015, NetCE mailed Jouria a Litigation Hold Notice (the "Notice"), which, solidified Jouria's obligations to preserve relevant evidence.  Even in the absence of NetCE's Notice to Jouria, Jouria had an obligation to preserve evidence because litigation was reasonably

---

[1] Toward the conclusion of the hearing on NetCE's Motion for Terminating Sanctions on March 22, 2018, the Court asked NetCE for a specific rule to support the Court's finding that NetCE was entitled to an adverse inference jury instruction against Dr. Jouria for his affirmative destruction of his computer.  NetCE hereby submits this information in the form of proposed language for the Court's order or report/recommendation.  This submission is not intended to be the full proposed order or report/recommendation.

2

#56022910_v3

anticipated. *See United Bank Card, Inc.*, 2007 WL 9700504 at *10.  Dr. Jouria himself filed this action in this Court on June 2, 2015 (DE 1).  Yet, on or about June 9, 2017, Dr. Jouria destroyed his laptop computer which contained evidence crucial to NetCE's case. Dr. Jouria did not inform NetCE that he threw away his computer until September 28, 2017, at his deposition.  However, on August 9 and 14, 2017, and September 5, 2017, Dr. Jouria signed discovery responses indicating merely that his computer had "crashed," and stating that further supplementation of his responses was forthcoming.  Dr. Jouria's discovery responses confirm that Dr. Jouria acted in bad faith by throwing away his computer and not revealing that fact for several months.

Dr. Jouria's defiance of his obligation to preserve evidence prejudiced NetCE because he destroyed his computer containing evidence crucial to NetCE's case, and an adverse inference instruction is therefore appropriate. *See Austrum v. Fed. Cleaning Contractors, Inc.*, 149 F. Supp. 3d 1343, 1351 (S.D. Fla. 2016).

The Court determines that although it may impose a more drastic sanction, as requested by NetCE in its Motion, NetCE is entitled to an adverse jury inference to include, at the very least, the following:

1. On April 9, 2015, NetCE mailed Jouria a Litigation Hold Notice (the "Notice") which solidified Jouria's obligations to preserve relevant evidence;

2. Dr. Jouria filed this action in this Court on June 2, 2015.

3. In June 2017, Dr. Jouria threw away his laptop computer which contained evidence crucial to NetCE's case.

4. On August 9 and 14, 2017, and September 5, 2017, Dr. Jouria signed discovery responses indicating that his computer had "crashed," and stating that further supplementation of this responses was forthcoming.

5. Dr. Jouria did not inform NetCE that he threw away his computer until September 28, 2017.

6. The jury may infer from Dr. Jouria's destruction of his computer that evidence necessary to NetCE's claims and defenses resided therein. You may consider whether Dr. Jouria intentionally concealed or destroyed evidence. If you decide that Dr. Jouria did so, you may decide that the evidence would have been unfavorable to him.

As a further sanction, this Court grants NetCE's request for the entirety of its attorneys' fees and costs attributable to Jouria's evidence destruction, including all fees and costs associated with bringing this motion. NetCE shall file a motion for a specific amount of fees in compliance with Local Rule 7.1 within 14 days of entry of an order entitling NetCE to those fees.

Dated: March 27, 2018

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Philip E. Rothschild*
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

*/s/ John P. Kern*
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Jessica E. Lanier, Esq. (pro hac vice)
Email: Jessica.Lanier@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC.

4

#56022910_v3

d/b/a CME RESOURCES and NetCE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 27, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Philip E. Rothschild*
Philip E. Rothschild

## SERVICE LIST

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC MAIL SERVICE]**

Peter A. Chiabotti, Esq.
Kristin McKinney, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

#56022910_v3