# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# CASE NO. 0:15-61165-WPD

DR. JASSIN JOURIA, )
)
    Plaintiff, )
)
v. )
)
CE RESOURCE, INC. d/b/a CME )
RESOURCE and NetCE, )
)
    Defendant. )
_____)
CE RESOURCE, INC. d/b/a CME )
RESOURCE and NetCE, )
)
    Defendant/Counter-Plaintiff, )
)
v. )
)
DR. JASSIN JOURIA, )
)
    Plaintiff/Counter-Defendant. )
_____)
CE RESOURCE, INC. d/b/a CME )
RESOURCE and NetCE, )
)
    Defendant/Third-Party Plaintiff, )
)
v. )
)
Elite Continuing Education, Inc. and Alpine )
Management Services III, LLC, )
)
    Third-Party Defendants. )
_____)

## THIRD-PARTY DEFENDANT ELITE PROFESSIONAL EDUCATION, LLC'S
## MOTION TO STRIKE SUPPLEMENTAL REPORT OF JAMES E. PAMPINELLA

Pursuant to Fed. R. Civ. P. 37(c)(1), Third-Party Defendant Elite Professional Education, LLC ("Elite") moves to strike the Supplemental Expert Report of James Pampinella served by Defendant/Third-Party Plaintiff CE Resources, Inc. d/b/a CME Resource and NetCE ("NetCE").

## MEMORANDUM OF LAW

On March 22, 2018—approximately two months before calendar call—NetCE served the Supplemental Expert Report of James Pampinella (DE 247, sealed) ("Supplemental Report"). This report contains over 20 pages of new opinions, analyses, facts, and data not timely disclosed to Elite. The timing of the Supplemental Report is telling: NetCE served it two business days before its deadline to respond to Elite's *Daubert* motion (DE 217), which is directed to Mr. Pampinella's Initial Report (DE 218, sealed). NetCE then extensively relied on the Supplemental Report in its Opposition to Elite's Daubert Motion (DE 245). The Supplemental Report is a transparent attempt by NetCE to salvage Mr. Pampinella's deficient Initial Report with information that has been available to NetCE for months or years. As discussed in more detail below, the Supplemental Report is untimely under Rule 26(a)(2)(D), and is not a proper supplement under Rule 26(e). Thus, pursuant to Rule 37(c)(1), Elite respectfully submits that it must be stricken, and that NetCE must be precluded from relying on it to oppose Elite's *Daubert* motion or to present testimony at trial.

## ARGUMENT

Rule 26(a)(2)(B)(i)-(ii) requires that an expert witness provide a report containing "a complete statement of all opinions the witness will express and the basis and reasons for them," along with "the facts or data considered by the witness in forming them . . . ." Pursuant to Rule 26(e), an initial expert report must be supplemented or corrected "in a timely manner if the party learns that in some material respect the disclosure…is incomplete or incorrect…." Rule 37(c)(1) states that "[i]f a party fails to provide information…as required by Rule 26(a) or 26(e), the party is not allowed to use that information…to supply evidence on a motion,…or at a trial, unless the failure was substantially justified or is harmless."

### A.   The Supplemental Report Contains Untimely New Opinions.

There is no dispute that that the Supplemental Report is rife with new opinions, analyses, facts, and data, none of which were provided in the Initial Report.[1] By its service of this report

---

[1] While the Court's Scheduling Order is silent as to expert deadlines, discovery closed on November 15, 2017 (DE 76), and Rule 26(a)(2)(D) requires expert disclosures be made at least 90 days before trial.

1

and heavy reliance on it in opposition to Elite's *Daubert* motion, NetCE concedes this point. For example, Mr. Pampinella offers extensive new analysis of his reliance on NetCE's prior COPD and Multiple Sclerosis courses to estimate lost revenue for the Jouria courses at issue, with new discussion of the "audience," "featured course designation," "author," "content," "geography," "pricing," "customer reviews," and "timing of publication." Mr. Pampinella discusses NetCE's alleged decision to obtain "Joint Accreditation" to provide courses to pharmacists; NetCE's efforts to develop content in pharmacology and pharmacotherapuetics; the number of hours of pharmacology credit that allegedly would have been associated with the Jouria courses; commentary on the importance of "an author's style or voice;" specific continuing education requirements promulgated by various states and credentialing boards; the demand for pharmacology content, with reference to the number of nurses in the U.S. and specific NetCE customer and internal communications; a state-specific expected geographical reach for the Jouria courses; and extensive course evaluation results and quoted customer reviews. <u>None of this analysis was in his Initial Report</u>. Indeed, at least 20 of the NetCE documents cited by Mr. Pampinella have <u>never even been produced to Elite</u>. (*See* Supplemental Report, Attachment B.1, "NetCE Information"). Mr. Pampinella also offers extensive new opinion regarding why NetCE's lost revenue would allegedly be "additive" to its actual revenue. These opinions, as well as the analyses, facts, and data underlying them should have been disclosed in his Initial Report; they were not, and should therefore be stricken pursuant to Rule 37.[2]

## B. The Supplemental Report is Not a Proper Rule 26(e) Supplement.

NetCE may argue that the Supplemental Report is a supplementation under Rule 26(e). However, "a party cannot abuse Rule 26(e) to merely bolster a defective or problematic expert witness report." *United States v. Marder*, 318 F.R.D. 186, 190 (S.D. Fla. July 7, 2016) (quotation omitted). "It is not mere 'supplementation' when a party submits a manifestly incomplete report

---

[2] On January 5, 2018, a legal assistant to NetCE's counsel sent an email to Elite's counsel stating: "Please see the attached letter from James Pampinella in response to Elite's Rebuttal Expert Report of John R. Bone." (*See* Exhibit A). Attached to that email was a 6-page letter from Mr. Pampinella <u>addressed to NetCE's counsel</u>, John Kern. (NetCE's counsel also handed a copy of this letter to Elite's counsel during an in-person mediation held on January 4, 2018.) In that letter to Mr. Kern, Mr. Pampinella addressed several topics raised by Mr. Bone in his report. This discussion is largely repeated at pages 21-29 of the Supplemental Report. To the extent this January letter to Mr. Kern could constitute an expert "disclosure" or "report" served on Elite, the opinions contained therein are untimely and improper for the same reasons as the Supplemental Report.

lacking analysis or a supporting rationale, waits for the summary judgment deadline to pass, and then submits a fuller report that contains actual reasoning." *Id.* (quotation omitted).  It has been repeatedly recognized that "Rule 26(e) solely permits supplemental reports for the narrow purpose of correcting inaccuracies or adding information that was <u>not available at the time of the initial report</u>."  *Potish v. R.J. Reynolds Tobacco Co.*, 2017 U.S. Dist. LEXIS 196459, at *9 (S.D. Fla. Nov. 30, 2017) (emphasis added); *see also Wilshire Ins. Co. v. Casablanca on the Bay, Inc.*, 2016 U.S. Dist. LEXIS 190011, at *4 (S.D. Fla. Oct. 21, 2016) (same); *Jones Creek Investors, LLC v. Columbia Cnty.*, 98 F. Supp. 3d 1279, 1289 (S.D. Ga. 2015) (same); *Cochran v. The Brinkmann Corp.*, 2009 U.S. Dist. LEXIS 114895, at *15 (N.D. Ga. Dec. 9, 2009) (Rule 26(e) "is not a device to allow a party's expert to engage in additional work, or to annul opinions or offer new ones to perfect a litigating strategy."), *aff'd,* 381 F. App'x 968 (11th Cir. 2010).

While Mr. Pampinella suggests that his report is based on information not previously available to him, a detailed review of the discussion in his report and the information actually cited therein reveals otherwise—there is no discussion of or footnote citation to any new information.[3] To the contrary, he cites facts and data that have existed and/or been available to NetCE for months or years, such as NetCE's Joint Accreditation sought "in the 2014-2015 time period," specific accreditation requirements from 2002, 2009, 2014, 2015, and January/April 2017, NetCE communications from October 2010-October 2017, customer reviews and evaluations from 2013-2016, and general claims about NetCE's business, apparently gathered from "discussions" with NetCE employees, none of which is shown to be "new" or recent in any way.  As recognized in *In*

---

[3] Any information Mr. Pampinella gleaned from the deposition of, declarations of, or discussions with NetCE representatives was necessarily available to NetCE prior to the Initial Report.  Such information <u>in a party's own possession</u> cannot serve as the basis for supplementation.  *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) ("[W]e disagree with [Plaintiff's] characterization of the necessity of the…deposition transcripts to [Plaintiff's expert's] written report…. [Plaintiff's expert] could have rendered a report based upon…factual assumptions furnished to him by [Plaintiff].  If those assumptions subsequently turned out to be erroneous, [Plaintiff's expert] could have supplemented the report at a later time.") (affirming district court's exclusion of untimely expert disclosure); *Potish*, 2017 U.S. Dist. LEXIS 196459, at *11 ("[N]othing prevented the expert from interviewing the decedent's family or collecting further information regarding the decedent at an earlier date to allow for a more timely report.").  The only documents later produced by Elite and cited in the "List of Information Considered" in the Supplemental Report are five documents that were <u>not actually cited in the Supplemental Report or any footnotes thereto</u>: four documents produced by third parties, and Elite's Income & Expenses Statement for 2013-2016.

3

*re Fla. Cement & Concrete Antitrust Litigation*, a party may not use Rule 26(e) to "'tardily' incorporate information that was previously available." 2011 U.S. Dist. LEXIS 162924, at *21 (S.D. Fla. Nov. 17, 2011) ("Plaintiffs did not learn, after disclosing his opinion, that Dr. Singer's Report was incomplete; they were fully aware of this fact at the time of filing. If Dr. Singer is to later supplement his Report with additional evidence and analysis, then, of necessity, the [Plaintiffs] must concede the first disclosure did not comply with Rule 26.").[4]

### C. The Supplemental Report Is Not Substantially Justified Or Harmless.

A party's failure to comply with the expert disclosure requirements of Rule 26 results in an <u>automatic and mandatory</u> sanction of exclusion, unless the sanctioned party can show that its violation was either justified or harmless. Fed. R. Civ. P. 37(c)(1); *United States v. Batchelor-Robjohns*, 2005 U.S. Dist. LEXIS 13552, at *8 (S.D. Fla. June 3, 2005); *see also Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004) (noting that compliance with the expert disclosure requirements of Rule 26 is "not merely aspirational"), *overruled on other grounds, Ash*

---

[4] Nor does the Bone Rebuttal Report (DE 247, sealed), served by Elite on December 15, 2017, create an opportunity for Mr. Pampinella to bolster his opinions. Rule 26(a)(2)(D)(ii) grants each party the opportunity to, within 30 days, submit a rebuttal report "intended solely to contradict or rebut" evidence on the same subject matter identified by its opponent. The subject matter at issue here—NetCE's calculation of monetary damages—was identified by NetCE in its expert report, not by Elite. It is Elite, therefore, who is provided the opportunity for rebuttal under Rule 26. "[S]tatements in the [supplemental report at issue] that purport to rebut statements in the [opponent's] rebuttal report…are improper sur-rebuttal. Generally, sur-rebuttal reports are prohibited or require prior permission from the court." *Coward v. Forestar Realty, Inc.*, 2017 U.S. Dist. LEXIS 171747, at *34-35 (N.D. Ga. Oct. 11, 2017); *Carroll v. Allstate Fire & Cas. Ins. Co.*, 2013 U.S. Dist. LEXIS 102722, at *17 (D. Colo. July 22, 2013) ("Sur-reply expert disclosures are not anticipated by the Federal Rules of Civil Procedure…."). To hold otherwise would be to open the floodgates to a never-ending succession of back-and-forth rebuttal expert reports. *Boca Raton Cmty. Hosp., Inc. v. Tenet Healthcare Corp.*, 2006 U.S. Dist. LEXIS 97276, at *9 (S.D. Fla. Oct. 5, 2006) ("[T]o the extent the Supplement seeks to 'clarify' Dr. DaVanzo's earlier opinions by bolstering them in view of Tenet's subsequent objections, this is not proper supplementation."); *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) (cited with approval in *Boca Raton*, 2006 U.S. Dist. LEXIS 97276, at *9 ("The Court cannot accept a definition of supplementation which would essentially allow for unlimited bolstering of expert opinions …. It does not cover failures or omissions because the expert did an inadequate or incomplete preparation.") (citations omitted).

Even if the Court finds that Rule 26(a)(2) permits the parties to serve sur-rebuttal reports without prior permission of the Court, the Supplemental Report would be untimely under Rule 26(a)(2)(D)(ii), as more than 30 days passed after Elite served the Bone Rebuttal Report (even discounting the days during which the parties were engaged in settlement discussions).

*v. Tyson Foods, Inc.*, 546 U.S. 454, 457 (2006).  The burden rests on NetCE to demonstrate that its actions were substantially justified or harmless.  *Batchelor-Robjohns*, 2005 U.S. Dist. LEXIS 13552, at *8.  NetCE can show neither.

Mr. Pampinella's justification for this report is the "new" information he supposedly learned after his Initial Report.  As discussed above, <u>none</u> of the information actually cited and relied upon by Mr. Pampinella was unavailable to him or NetCE at the time of his Initial Report.  Nor is NetCE's untimely disclosure harmless: it was served months after the close of discovery, months after the deadline for dispositive motions, weeks after Elite filed its *Daubert* motion, and just two months before calendar call.  *Companhia Energetica Potiguar v. Caterpillar Inc.*, 2016 U.S. Dist. LEXIS 72102, at *18 (S.D. Fla. June 2, 2016) ("[I]t is difficult to discern a logical basis to conclude that the untimely declaration is not harmless.  To the contrary, it was filed after the close of discovery, after CAT filed its summary judgment motion, and after CAT filed its *Daubert* motion.").  Given the impending trial date, the passage of the *Daubert* deadline, and the significant pretrial disclosures and filings required between now and trial, Elite is not in a position to engage in discovery (which closed months ago) regarding the new opinions, facts, and data disclosed in the report.  Any argument from NetCE that Elite should now seek to depose Mr. Pampinella is unreasonable.  *O'Brien v. NCl Bah., Ltd.*, 2017 U.S. Dist. LEXIS 216815, at *16 (S.D. Fla. Oct. 13, 2017) ("Plaintiff argues that any prejudice could be cured by permitting Defendant to re-depose Mr. Crate.  However, discovery is closed, Defendant has filed its Motion for Summary Judgment, and we are now on the eve of trial.  Re-deposing Mr. Crate at this juncture is unfeasible."); *Mortg. Payment Prot., Inc. v. Cynosure Fin., Inc.*, 2010 U.S. Dist. LEXIS 149716, at *10 (M.D. Fla. Nov. 5, 2010) ("CFI proposes that MPPI re-depose Mr. Hammel, but a deposition at this stage would be patently unfair to MPPI.").  Elite has also been foreclosed from seeking discovery from NetCE and third parties regarding a host of new factual matters raised for the first time in the Supplemental Report, such as specific third party accreditation requirements, customer evaluations/reviews, third party correspondence with NetCE, and the like.  The lack of justification for and prejudice to Elite from this untimely report require exclusion under Rule 37(c).

## CONCLUSION

Elite requests that the Court strike the Supplemental Report and enter an order limiting Mr. Pampinella's testimony to the opinions disclosed in his Initial Report of November 16, 2017.

**Certificate of Good Faith Conference**

Pursuant to Local Rule 7.1(a)(3)(A), counsel for Elite conferred with counsel for NetCE and Dr. Jouria about this Motion on March 27, 2018, via email. NetCE is unwilling to withdraw the Supplemental Pampinella Report.

| | |
|---|---|
| Dated: March 27, 2018 | Respectfully submitted, |
| | /s/Peter A. Chiabotti |
| | Peter A. Chiabotti |
| | Florida Bar No. 0602671 |
| | Kristen M. McKinney |
| | Florida Bar No. 96677 |
| | AKERMAN LLP |
| | 777 South Flagler Drive |
| | Suite 1100, West Tower |
| | West Palm Beach, FL 33401 |
| | Telephone: (561) 653-5000 |
| | Fax: (561) 659-6313 |
| | Email: peter.chiabotti@akerman.com |
| | Email: kristen.mckinney@akerman.com |
| | |
| | J. Mark Wilson (*pro hac vice*) |
| | markwilson@mvalaw.com |
| | Kathryn G. Cole (*pro hac vice*) |
| | katecole@mvalaw.com |
| | MOORE & VAN ALLEN PLLC |
| | 100 North Tryon Street, Suite 4700 |
| | Charlotte, NC 28202 |
| | Telephone: (704) 331-1000 |
| | Facsimile: (704) 331-1159 |
| | |
| | *Attorneys for Third Party Defendant* |
| | *Elite Professional Education, LLC* |

**Certificate of Service**

      I hereby certify that on March 27, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

      /s/Peter A. Chiabotti
      Peter A. Chiabotti

**Service List**

Richard S. Ross
915 SE 2nd Court
Fort Lauderdale, FL 33301
Telephone: (954) 252-9110
Fax: (954) 252-9192
Email: prodp@ix.netcom.com
*Attorney for Plaintiff Dr. Jassin Jouria*

Philip E. Rothschild
Holland & Knight, LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 525-1000
Fax: (954) 463-2030
Email: phil.rothschild@hklaw.com
*Attorney for CE Resource, Inc. d/b/a CME Resource and NetCE*

John P. Kern
Jessica E. Lanier
Holland & Knight, LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415) 743-6900
Fax: (415) 743-6910
Email: john.kern@hklaw.com
Email: jessica.lanier@hklaw.com
*Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE*

Peter A. Chiabotti
Florida Bar No. 0602671
Kristen M. McKinney
Florida Bar No. 96677
Akerman LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Fax: (561) 659-6313
Email: peter.chiabotti@akerman.com
Email: kristen.mckinney@akerman.com
*Attorneys for Third-Party Defendant Elite Professional Education, LLC*

J. Mark Wilson (*pro hac vice*)
Kathryn G. Cole (*pro hac vice*)
Moore & Van Allen PLLCS
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-1000
Fax: (704) 331-1159
Email: markwilson@mvalaw.com
Email: katecole@mvalaw.com
*Attorneys for Third-Party Defendant Elite Professional Education, LLC*