## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## CASE NO. 0:15-61165-WPD

| | |
|---|---|
| DR. JASSIN JOURIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CE RESOURCE, INC. d/b/a CME RESOURCE and NetCE, | ) ) |
| | ) |
| Defendant. | ) |
| | ) |
| CE RESOURCE, INC. d/b/a CME RESOURCE and NetCE, | ) ) |
| | ) |
| Defendant/Counter-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DR. JASSIN JOURIA, | ) |
| | ) |
| Plaintiff/Counter-Defendant. | ) |
| | ) |
| CE RESOURCE, INC. d/b/a CME RESOURCE and NetCE, | ) ) |
| | ) |
| Defendant/Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Elite Continuing Education, Inc. and Alpine Management Services III, LLC, | ) ) |
| | ) |
| Third-Party Defendants. | ) |

**DECLARATION OF KATHRYN G. COLE**

I, Kathryn G. Cole, declare:

1. I am a licensed attorney in the State of North Carolina, and a member of the law firm of Moore & Van Allen PLLC, which represents Third-Party Defendant Elite Professional Education, LLC ("Elite") in the above-captioned case. I have personal knowledge of the matters stated herein.

2. The Declaration of John Kern (DE 245-3 ("Kern Decl.")) is factually inaccurate, as described below.

### First Set of Interrogatories

3. Elite's responses to each of NetCE's discovery requests have been timely.

4. NetCE served its First Set of Interrogatories on August 25, 2017, via U.S. Mail. Elite served its First Set of Interrogatories on August 28, 2017, via hand delivery.

5. Elite's deadline to respond to NetCE's First Set of Interrogatories was September 28, 2017. NetCE's deadline to respond to Elite's First Set of Interrogatories was September 26, 2017.

6. On September 13, 2017, counsel for NetCE requested a two-week extension of time to respond to Elite's First Set of Interrogatories. Pursuant to NetCE's request and a follow-up telephone conversation between Jesse Lanier (counsel for NetCE) and me (counsel for Elite), NetCE and Elite mutually agreed to a two-week extension of time for both parties, which extended Elite's deadline to respond to NetCE's First Set of Interrogatories to October 12, 2017, and NetCE's deadline to respond to Elite's First Set of Interrogatories to October 10, 2017. On September 15, 2017, NetCE sent an email to Elite confirming the new deadlines. A true and correct copy of the foregoing email exchange is attached at Exhibit 1.

7. In accordance with the agreed-upon extended deadlines, Elite served its Responses to NetCE's First Set of Interrogatories on October 12, 2017 (s*ee* Kern Decl., ¶ 10).

8. Mr. Kern states the following in his declaration:

> "On August 25, 2017, NetCE sent its First Set of Interrogatories to Elite. The Request provided that all responses shall be provided within (30) thirty days. Elite did not respond in time, but rather provided NetCE its Interrogatory Responses on October 12, 2017."

(Kern Decl., ¶ 10).

9. Elite's Responses to NetCE's First Set of Interrogatories were timely.

**First Set of Requests for Production**

10. NetCE served its First Set of Requests for Production on August 25, 2017. Elite served its First Set of Requests for Production on August 28, 2017.

11. Elite's deadline to respond to NetCE's First Set of Requests for Production was September 28, 2017. NetCE's deadline to respond to Elite's First Set of Requests for Production was September 26, 2017.

12. During a telephone call on September 25, 2017, between Jesse Lanier and me, NetCE and Elite mutually agreed to a one-week extension of time for both parties to respond to the production requests. The parties further agreed to produce documents on a rolling basis. Pursuant to the one-week extension, Elite's deadline to respond to NetCE's First Set of Requests for Production was October 5, 2017, and NetCE's deadline to respond to Elite's First Set of Requests for Production was October 4, 2017.

13. On September 25, 2017, Elite sent NetCE an email documenting the new deadlines, to which NetCE responded on September 25, 2017, and confirmed both the new deadlines and the parties' agreement that document production would be on a rolling basis. A true and correct copy of the foregoing email exchange is attached at Exhibit 2.

14. In accordance with the agreed-upon extended deadlines, Elite served its Responses to NetCE's First Set of Requests for Production on October 5, 2017.

15. In accordance with the parties' agreement to produce documents on a rolling basis and the extended deadlines, NetCE produced its "first round of rolling document production" (*see* Ex. 2) on October 4, 2017, and Elite produced its first set of documents on October 5, 2017.

16. Mr. Kern states the following in his declaration:

> "On August 25, 2017, NetCE sent its First Set of Requests for Production of Documents and Things to Elite. The Request provided that all documents shall be produced within (30) thirty days. Elite did not respond in time."

(Kern Decl., ¶ 11).

17. Pursuant to the parties' agreement, all documents were not required to be produced within thirty (30) days, but on a rolling basis through the discovery period. Elite's written responses and document productions were timely.

2

### Elite's November 14, 2017 Document Production

18. Contrary to Mr. Kern's statements in his Declaration, Elite did not make representations before the close of discovery that all responsive documents had already been produced.

19. In an email dated November 12, 2017, NetCE asked if "Elite completed its production", or "can [NetCE] expect another round of documents". On November 14, 2017, Elite's counsel responded, stating that "another production of documents [is] going out today." NetCE responded on November 14, 2017, confirming that Elite did not make any representations regarding the completeness of its document production before the close of discovery ("[NetCE] asked [Elite] on multiple occasions if your production was complete (no answer)."). A true and correct copy of the foregoing email exchange is attached at Exhibit 3.

20. Mr. Kern states the following in his declaration:

> "[D]espite Elite's representation that it had provided fulsome responses and that it believed it had produced all responsive documents—Elite produced documents on November 14, 2017, just prior to the November 15, 2017, discovery cut-off."

(Kern Decl., ¶ 12).

> "The documents Elite produced on the eve of the close of discovery … absolutely pertained to damages. Namely, these productions contained Elite's Financial Statements …."

(Kern Decl., ¶ 14).

21. A true and correct list of the file name and Bates range for the 19 documents produced in the November 14, 2017 document production (the "November 14th Production") is attached at Exhibit 4.

22. Elite's November 14th Production of 19 documents was comprised of:
   a. 10 publicly-available documents showing titles of courses available from third-party continuing education providers, which courses had the same or similar titles, with the same or similar content, as the Jouria Articles; this production included several third-party documents produced to Elite for the first time on November 8, 2017, pursuant to third-party subpoenas timely served by Elite.
   b. 2 samples of Elite course catalogs; and
   c. 7 documents that were already in NetCE's possession.

3

23. Elite's November 14th Production did not contain any financial statements, nor were any of the documents related to NetCE's lost profits claim or cited by Mr. Pampinella in his Initial Report or his Supplemental Report.

### Elite's Final Document Productions

24. Elite also produced 6 documents on November 21, 2017 (the "November 21st Production"), 5 documents on December 5, 2017 (the "December 5th Production"), and 2 documents on December 15, 2017 (the "December 15th Production") (collectively, the "Final Productions"). A true and correct list of the file name and Bates range for the 13 documents produced in the Final Productions is attached at Exhibit 5.

25. Mr. Kern states the following in his declaration:

> "The documents Elite produced … after the close of discovery absolutely pertained to damages. Namely, these productions contained Elite's Financial Statements—the very Financial Statements NetCE had been requesting for months and which were necessary to understand and assess Elite's use and sales of the infringed courses. There was no way for Mr. Pampinella to consider the late-produced records and data in his November 15, 2017 original report …."

(Kern Decl., ¶ 14).

26. Elite's Final Productions of 13 documents was comprised of:
   a. 6 ANCC-accreditation documents (which were produced by Elite in an effort to resolve NetCE's Motion to Compel);
   b. 3 Certification of Records executed by records custodian of the subpoenaed third parties referenced above, certifying the documents as business records;
   c. 3 additional third-party course listings; and
   d. 1 spreadsheet showing Elite's costs and expenses.

27. Mr. Pampinella does not cite to any of the documents produced in the Final Productions in his Supplemental Report, including the spreadsheet of Elite's costs and expenses.

### NetCE's Document Productions After the Close of Discovery

28. While NetCE complains of Elite's production of 13 documents after the close of discovery, NetCE made a document production on December 4, 2017 (more than 2 weeks after the discovery cut-off), which production was comprised of 43 internal NetCE documents.

29. NetCE made another document production on April 2, 2018 (the date of this Declaration), via email received by Elite's counsel at approximately 6:18 p.m. As of the

4

signing of this Declaration, I have not had the opportunity to download or review those documents.

### NetCE's Failure to Take Elite's 30(b)(6) Deposition

30. Due to repeated scheduling and rescheduling of depositions by NetCE, counsel for Elite and counsel for NetCE agreed to take two depositions outside the discovery period—namely, the deposition of Michelle Franchi (as Elite's Rule 30(b)(6) designee) on November 17, 2017, and the deposition of Erin Meinyer on December 5, 2017. NetCE requested to take Ms. Franchi's deposition on November 17 after it first scheduled and rescheduled her deposition for two other dates. NetCE also cancelled two prior deposition dates for Ms. Meinyer's deposition; at NetCE's request, Elite agreed to reschedule it again for December 5.

31. Despite NetCE having agreed to document production on a rolling basis (¶¶ 12-13, *supra*), Mr. Kern states that NetCE cancelled the November 17 deposition of Ms. Franchi as a result of Elite's production of 19 documents on November 14. (Kern Decl., ¶ 20).

32. Elite again agreed to work with NetCE to try to reschedule Ms. Franchi's deposition, this time for December 12, 2017. The deposition of Erin Meinyer was still scheduled for December 5, 2017.

33. On December 4, 2017, while Elite's counsel was boarding their flight from Charlotte to San Francisco for Ms. Meinyer's deposition, NetCE requested a postponement of one day. Elite's counsel agreed. While Elite's counsel was mid-flight to San Francisco, NetCE unilaterally cancelled Ms. Meinyer's deposition.

34. NetCE failed to uphold the agreed-upon deposition schedule twice—first by cancelling Ms. Franchi's November 17 deposition, and then again by cancelling Ms. Meinyer's December 5 deposition.

35. NetCE also did not file any motion to extend the discovery deadline or to take depositions outside the discovery period. However, NetCE did propose such an extension to Elite and Dr. Jouria, which Dr. Jouria opposed. NetCE then filed a motion for extension of time only to serve two Rule 45 subpoenas. (DE 142). In response, on December 5, Dr. Jouria filed a motion for protective order. (DE 148).

36. In view of the approaching dispositive motions deadline set for December 15, and NetCE's repeated and last-minute cancellations of the depositions of both Elite and NetCE witnesses, Elite's counsel explained the following in an email dated December 5: :

5

> At this point, given the unfortunate position that NetCE has put Elite in by canceling multiple depositions (both of Elite and NetCE witnesses), combined with the objection lodged by [Dr. Jouria's counsel], the motion filed with the Court, the fact that discovery closed on Nov. 15 without any extension of time to take fact witness depositions, and the impending summary judgment deadline, we believe the most prudent course of action is to proceed as required by the local rules. Accordingly, in light of our current situation and case schedule, we do not believe it is appropriate at this time to attempt to reschedule [Ms. Meinyer's] deposition or to proceed with [Ms. Franchi's] deposition. To the extent necessary, please consider this Elite's objection to NetCE's deposition notice emailed to us on Nov. 30.

37. A true and correct copy of the above email, reflecting the foregoing course of events and stating Elite's position on the matter, is attached at Exhibit 6.

**NetCE's Expert Disclosures**

38. NetCE served its Initial Report by Mr. James E. Pampinella on November 16, 2017.

39. NetCE served Mr. Pampinella's Supplemental Report on March 22, 2018. In the Supplemental Report, Mr. Pampinella states that "Attachment B.1 to this Report contains a listing of various documents and information considered in this matter received since the date of the Initial Report." (DE 247, ¶ 7).

40. Attachment B.1 to the Supplemental Report lists 153 items, of which only the following 8 items were unavailable to Mr. Pampinella prior to November 15, 2017:

- Rebuttal Expert Report of John R. Bone ("Bone Report");
- Elite's Response to NetCE's Motion to Compel (DE 154);
- Declaration of Michelle Franchi (DE154-3) in support of Elite's Response to NetCE's Motion to Compel;
- Elite's *Daubert* Motion (DE 217);
- The Court's Order Granting in Part Motion to Continue Deadlines (DE 220); and
- ELT0052474, ELT0052475, ELT0052477 (*see* ¶ 26, *supra*).

41. Other than the Bone Report, the above information does not pertain to Mr. Pampinella's lost profits opinion, nor does Mr. Pampinella cite to any of it in the Supplemental Report.

42. The Supplemental Report cites to and relies on NetCE documents (listed under "NetCE Information" in Attachment B.1) and third-party information (listed under "Other" of Attachment B.1) that were available to Mr. Pampinella before November 15, 2017.

6

43. Of the 51 documents listed under "NetCE Information" and "Other" in Attachment B.1 (excluding the Bone Report), NetCE has only produced 7 to Elite.

44. At 6:18 p.m. on April 2, 2018 (the date of this Declaration), counsel for NetCE sent an email with a link that purportedly contains additional documents from NetCE. As of the signing of this Declaration, I have not had the opportunity to download or review those documents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 2, 2018

*Kathryn A. Cole*
_____
Kathryn G. Cole

<table>
<tr><td>Dated: April 2, 2018</td><td>Respectfully submitted,<br><br>/s/Peter A. Chiabotti<br>Peter A. Chiabotti<br>Florida Bar No. 0602671<br>Kristen M. McKinney<br>Florida Bar No. 96677<br>AKERMAN LLP<br>777 South Flagler Drive<br>Suite 1100, West Tower<br>West Palm Beach, FL 33401<br>Telephone: (561) 653-5000<br>Fax: (561) 659-6313<br>Email: peter.chiabotti@akerman.com<br>Email: kristen.mckinney@akerman.com<br><br>J. Mark Wilson (*pro hac vice*)<br>markwilson@mvalaw.com<br>Kathryn G. Cole (*pro hac vice*)<br>katecole@mvalaw.com<br>MOORE & VAN ALLEN PLLC<br>100 North Tryon Street, Suite 4700<br>Charlotte, NC 28202<br>Telephone: (704) 331-1000<br>Facsimile: (704) 331-1159<br>*Attorneys for Third Party Defendant*<br>*Elite Professional Education, LLC*</td></tr>
</table>

## Certificate of Service

I hereby certify that on April 2, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/Peter A. Chiabotti
Peter A. Chiabotti

## Service List

Richard S. Ross
915 SE 2nd Court
Fort Lauderdale, FL 33301
Telephone: (954) 252-9110
Fax: (954) 252-9192
Email: prodp@ix.netcom.com
*Attorney for Plaintiff Dr. Jassin Jouria*

Philip E. Rothschild
Holland & Knight, LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 525-1000
Fax: (954) 463-2030
Email: phil.rothschild@hklaw.com
*Attorney for CE Resource, Inc. d/b/a CME Resource and NetCE*

John P. Kern
Jessica E. Lanier
Holland & Knight, LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415) 743-6900
Fax: (415) 743-6910
Email: john.kern@hklaw.com
Email: jessica.lanier@hklaw.com
*Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE*

Peter A. Chiabotti
Florida Bar No. 0602671
Kristen M. McKinney
Florida Bar No. 96677
Akerman LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Fax: (561) 659-6313
Email: peter.chiabotti@akerman.com
Email: kristen.mckinney@akerman.com
*Attorneys for Third-Party Defendant Elite Professional Education, LLC*

J. Mark Wilson (*pro hac vice*)
Kathryn G. Cole (*pro hac vice*)
Moore & Van Allen PLLCS
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-1000
Fax: (704) 331-1159
Email: markwilson@mvalaw.com
Email: katecole@mvalaw.com
*Attorneys for Third-Party Defendant Elite Professional Education, LLC*