**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

DR. JASSIN JOURIA

    Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

    Third Party Defendant.
_____/

## PLAINTIFF'S OBJECTIONS TO AND PARTIAL APPEAL OF MAGISTRATE JUDGE SNOW'S OMNIBUS ORDER, DE 244

COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully objects to and partially appeals Magistrate Judge Lurana Snow's Omnibus Order ("Order), DE 244, entered March 26, 2018. The objections and partial appeal relate to the magistrate's denial of: (1) Plaintiff's motions fo protective order, DE 148, and to quash, DE 161, and the related Defendant, CE Resource, Inc.'s d/b/a CME Resource and NetCE's ("Defendant") request to take judicial notice, DE 239, regarding a non-party subpoena issued by Defendant to the Educational Commission for Foreign Medical Graduates ("ECFMG"); and, (2) Plaintiff's motion to strike Defendant's expert and report as untimely, DE 156. The magistrate's ruling is clearly erroneous or contrary to law. As a result, the Plaintiff requests that the district judge reconsider the subject motions, sustain the objections,

and reverse the magistrate.

**I.      ECFMG (DE 148, 161, 249)**

      **1.      Factual Background**

Plaintiff is a medical doctor practicing in the United States. Before becoming a medical doctor, Plaintiff was a foreign medical school graduate. Foreign medical school graduates require certification from the ECFMG in order to apply for medical residency programs in the United States.

Completely unrelated to the Defendant's claims or defenses in this matter, specifically, allegations of breach of contract and copyright infringement, on or about 2007, Plaintiff obtained certification from the ECFMG to apply for medical residency programs. In 2008, a dispute arose between Plaintiff and the ECFMG regarding the submission of an alleged unauthorized letter of recommendation. As a result, the ECFMG withdrew its certification of Plaintiff. Plaintiff then resorted to civil litigation to regain his certification, at which time, on or about 2010, the parties resolved their dispute, and the ECFMG re-certified Plaintiff from the original date of certification.

On or about 2012 through 2013, the Defendant engaged the services of Plaintiff to write ten articles on certain medical subjects as a medical subject matter author. The engagements were reduced to writing in the form of ten written agreements, one for each subject matter, and all of which were drafted exclusively by Defendant. The Defendant, a continuing medical education ("CME") publisher, intended to convert the articles to CME courses to be sold to the public. Defendant published three of the CME courses based upon Plaintiff's articles, and did not publish any CME courses based on the seven remaining courses. Because Defendant did not approve the seven articles for publication, and did not publish them, Plaintiff rewrote the articles and sold them

to Defendant Elite Continuing Education, Inc. ("Elite"). From this action, Defendant has alleged in this proceeding that Plaintiff breached the seven contracts, DE 36-2, and committed copyright infringement in rewriting the articles for Elite. Nothing in this case has anything to do with the ECFMG certification process and Plaintiff's long-before resolved dispute with that entity.

Notwithstanding the lack of relevance to the claims or defenses in this matter, Defendant propounded written discovery, and attempted to take oral deposition testimony of Plaintiff, on the subject of the ECFMG "conflict" as Defendant describes it. At all times, Plaintiff timely objected to providing the ECFMG information as being beyond the scope of discovery. More specifically, Defendant propounded a request for production under Rule 34, Fed.R.Civ.P., Req. No. 28, seeking "All Documents reflecting, referring to, or related to [Plaintiff's] conflict with the Education Commission for Foreign Medical Graduates." DE 101-1 at 49. Upon Plaintiff's timely objection to the request, and other related ECFMG subject matter discovery requests by Defendant, Defendant filed a motion to compel, DE 100, among others, seeking the production of documents requested in Req. No. 28.

On November 9, 2017, Magistrate Snow heard argument on Defendant's motion to compel. Upon consideration of the parties' arguments, she denied Defendant the right to obtain information about ECFMG, ruling "[a]fter hearing the argument of counsel, the Court agrees with Dr. Jouria that documents concerning his dispute with ECFMG are not relevant to the claims and defenses in this case and his objection to producing them in connection with Request 28 is sustained."[1] DE 145 at 3.

---

[1] The magistrate similarly denied Defendant's motion to compel Plaintiff to give oral testimony relating to the ECFMG matter. *See* DE 145 at 4; *see also* DE 244 n.1 at 3.

On November 15, 2017, the date of discovery cutoff, *see* DE 76 at 2, Defendant moved this court to extend discovery for the purposes of, among others, issuing a non-party subpoena to the ECFMG notwithstanding the magistrate's oral pronouncement. DE 142. The subpoena to the ECFMG sought the same documents that Defendant sought from Plaintiff, to wit: "All records related to Dr. Jassin Jouria's submission of material to the Education Commission for Foreign Medical Graduates ("ECFMG"), including records regarding the conflict between the ECFMG and Dr. Jouria regarding his submitted letters of recommendation." DE 148-1 at 5. On the same day Magistrate Snow reduced to writing her oral ruling that Defendant was not entitled to ECFMG discovery for lack of relevance (November 16, 2017), this court signed its order permitting Defendant the extended time to serve the ECFMG subpoena. DE 145, 147.

Defendant appealed the magistrate's order, DE 145. *See* DE 159. In that appeal, Defendant acknowledged that the magistrate's basis of rejection of the ECFMG request was that it was "not relevant to the claims or defenses in the case." *Id*. at 6. Regardless, Defendant asserted that the order was clearly erroneous or contrary to law because the information could impact Plaintiff's veracity, and could be used for impeachment purposes.[2] Upon this court's "independent review," DE 192 at 3, the court denied the appeal and affirmed the magistrate. *Id.*

Despite the magistrate's and this court's orders denying Defendant discovery on the ECFMG matter, Defendant persisted and refused to withdraw the ECFMG subpoena. At hearing on Plaintiff's subject motions, DE 148, 161 and the DE 239 request to take judicial notice, the

---

[2] "[W]hether Dr. Jouria submitted false letters of recommendation, of course, has direct bearing on his verisimilitude and his reliability as a witness;" *id*. at 3; and "[ECFMG information will] have [a] direct bearing on Dr. Jouria's truthfulness and tendency for misrepresentation. As such, this information is relevant and useful, *at minimum*, for impeachment." *Id*. at 11.

magistrate entertained the very same argument of impeachment, and this time allowed Defendant to obtain from the ECFMG that which she, and this court, would not allow Defendant to obtain from Plaintiff. DE 244 at 5.

### 2. **Legal Argument**

Federal Rule of Civil Procedure 72 provides that a district court judge may modify or set aside any part of a magistrate judge's order on a non-dispositive matter if objections are timely filed and if the challenged portions of the magistrate's order are "clearly erroneous or contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A); S.D. Fla. Mag. R. 4(A). A finding is "clearly erroneous" when, although there may be some evidence to support it, the reviewing court, when reviewing the evidence in its entirety, is left with the "definite and firm" conviction that the order on review is a mistake. *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997). An order is "contrary to law" when it fails to apply or misapplies relevant statutes, case law, or **rules of procedure**. *Tolz v. Geico Gen. Ins. Co.*, No. 08–80663–CIV, 2010 WL 384745, at *2 (S.D. Fla. Jan. 27, 2010)(Emphasis Added). The test is whether there is evidence in the record to support the lower court's findings, and whether the construction of that evidence is a reasonable one. *Heights Comty. Congress v. Hilltop Realty, Inc.*, 774 F. 2d 135, 140-41 (6th Cir. 1985). There is no evidence to support the magistrate's conclusion that Defendant may obtain information from ECFMG under Rule 45 when it was not allowed to do so under Rule 34. The magistrate has erroneously ordered that Rule 45 is broader in scope and application than Rule 34.

The only difference between the information sought under the ECFMG subpoena and that sought directly from Plaintiff is the custodian of the information. Defendant had its bite at the apple, not once, but twice with its appeal, when it tried and failed to obtain the same information

5

directly from Plaintiff under Fed.R.Civ.P. 34. The Defendant made the same argument at that time - the need for possible impeachment - and was rejected.

To the extent the magistrate considered Plaintiff's bankruptcy testimony upon Defendant's request this time, DE 239; 239-1 at 55-58, *see* DE 244 at 4, that testimony, taken on April 6, 2017, was available at the first hearing on Defendant's motion to compel, DE 100, held on November 9, 2017. If Defendant thought it was meaningful to its motion, then it should have argued that testimony at that time. In fact, Mr. John Kern, who is Defendant's lead counsel in this action, was present when Plaintiff testified in the bankruptcy matter. DE 239-1 at 2. Furthermore, even Defendant concedes that its request to take judicial notice of the bankruptcy testimony requires that it be directed to an "adjudicative fact," DE 239 at 2; Fed. R. Evid. 201. In this circuit, adjudicative facts are facts that are relevant to a determination of the claims presented in a case. *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004). *See* DE 239 at 2. This standard is not unlike the Rule 26(b)(1) standard for discovery. The matter has to be relevant to a claim or defense.

Federal Rule of Civil Procedure 45 is not broader than Rule 34. "The non-party witness is subject to the same scope of discovery under [Rule 45] as that person would be as a party to whom a request is addressed pursuant to Rule 34." *See* Notes on Advisory Committee Rules 1991 Amendment. *See also* Fed.R.Civ.P. 34(c)("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."). The magistrate's different treatment under these rules is unsupported by the rules of procedure. Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...." At neither hearing on the same ECFMG subject has

6

Defendant proffered any evidence, admissible or not, as to why Plaintiff's foreign medical graduate certification status dispute, resolved years before the parties ever met, is relevant to its pending alleged breach of contract and copyright infringement claims. Without the requirement for relevance under Rule 26 being met, then parties can take discovery from non-parties who have, or had, even the slightest connection to a party under the guise of possible impeachment. Clearly the discovery rules are not so broad, especially when, as in this case, the Defendant has had a prior opportunity to be heard on the subject.

The magistrate's new ruling on the ECFMG document request is contrary to the rules of procedure. Magistrate Snow did not find the ECFMG subpoenaed information to be relevant to Defendant's claims or defenses, a finding which is necessary under the law. The Order impermissibly interprets Rule 45 more broadly than Rule 34 and should be overruled.

## II.     UNTIMELY EXPERT DISCLOSURE AND REPORT (DE 156)

### 1.     Factual Background

On May 30, 2017, this court entered its order setting the pretrial schedule and discovery deadlines. DE 76 ("Scheduling Order"). In the Scheduling Order, the court acknowledged that "[i]n setting the following deadlines, the Court has considered the parties' suggested discovery schedule. **Dates** and other agreements between the parties **not otherwise addressed herein shall be considered a part of this Order**." *Id*. at 2 (Emphasis Added).

Defendant suggested a discovery schedule that provided specific dates for an exchange of expert reports (October 20, 2017), an exchange of expert rebuttal reports (November 3, 2017), and for expert discovery cutoff (November 17, 2017). DE 70 at 5. Plaintiff and Elite suggested an exchange of expert and rebuttal expert reports, eight weeks and one month,

respectively, prior to "Discovery Cut Off." *Id*. at 6. The court, however, did not address specific dates for experts. Rather it ordered discovery to end upon the "Discovery Cutoff" date of November 15, 2017. DE 76 at 2. Accordingly, expert discovery, not being "otherwise addressed" in the Scheduling Order, was considered a part of it, and should have similarly ended on November 15th.

Defendant did not disclose the name its damages expert James E. Pampinella to Plaintiff, or serve his report on him, until November 16, 2017, one day after the discovery cutoff date. DE 156-1 at 2-3. In fact, Defendant only first retained the entity that engages Mr. Pampinella, "Navigant Consulting," on November 1, 2017, **more than five (5) months after** the court entered the Scheduling Order. *See* DE 171 at 1.

Defendant never identified to Plaintiff that Navigant Consulting was a damages expert entity. Defendant never supplemented, even to this date, its written disclosures under Federal Rules of Civil Procedure 26(a) and (e) to identify Mr. Pampinella as its damages expert. Most importantly, Defendant also never moved to extend discovery to disclose its expert or serve an expert report in a timely manner.[3]

Magistrate Snow, in the Order, found the disclosure of Mr. Pampinella and the service of his report on November 16, 2017 to be timely. She reasoned that "because the Court's Scheduling Order does not set a deadline for disclosure of experts, and the parties did not otherwise agree to one, the default deadline contained in Rule 26(a)(2)(D) applies. Mr. Pampinella was disclosed 90 days prior to trial. His disclosure was therefore timely." DE 244 at 4. Thus, the magistrate concluded that the expert disclosure date, which was not "otherwise addressed" in the Scheduling Order, would

---

[3] Though Defendant did move for, and receive, an extension of the November 15, 2017 discovery cutoff to serve the ECFMG with the aforementioned subpoena, *supra*.

**not** be considered a part of it.  Her ruling misapplies and completely alters the November 15, 2017 Discovery Cutoff date set by the court.

    **2.**    **Legal Argument**

The legal standard for reviewing the magistrate's ruling on the ECFMG subpoena is the same standard applied to the expert disclosure timeliness ruling.  However, there is a different legal standard that applies to the underlying issue assuming the Defendant's disclosure of Mr. Pampinella was untimely.

"[T]he expert disclosure rule is intended to provide opposing parties with a 'reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.' *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000) (quoting Fed. R.Civ.P. 26(a)(2) advisory committee's note)." *Reese v. Herbert*, 527 F.2d 1253, 1265 (11th Cir. 2008).  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed.R.Civ.P. 37(c)(1).  Substantial justification is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682 (M.D. Fla. 2010).  A failure to make the required disclosures timely is harmless when there is no prejudice to the party entitled to receive disclosure.  *Id*. at 683.  The party failing to comply with Rule 26(a) bears the burden of establishing that its nondisclosure was either substantially justified or harmless.  *Id*.

The magistrate's ruling is clearly erroneous for at least three separate reasons:

    A    First, as pointed out above, the ruling conflicts directly the district court's

express language contained in the Scheduling Order that dates not addressed in it shall be made a part of the order. The magistrate's decision to go outside of the Scheduling Order for dates not addressed in it, i.e., expert disclosure under Fed.R.Civ.P. 26(a)(2)(D) and expert discovery cutoff, is wholly inconsistent with the clear language of the order;

      B.      The math does not add up. The magistrate's interpretation of the Scheduling Order provides that expert reports would have been due by December 12, 2017 (90 days prior to the trial date commencing March 12, 2018 [Fed.R.Civ.P. 26(a)(2)(D)(i)]). Rebuttal expert reports would not have been due to be served until 30 days thereafter, *see* Fed.R.Civ.P 26(a)(2)(D)(ii), by **January 11, 2018**. However, Daubert Motions were due to be filed 60 days before calendar call. DE 76 at 2. Calendar call was set for March 9, 2018 making Daubert Motions due to be filed by **January 8, 2018**. The magistrate's application of Fed.R.Civ.P. 26(a)(2)(D) results in a Daubert Motion that would have to have been filed **3 days before** a rebuttal expert disclosure might even have occurred. Of course it is impossible for a party to challenge an expert under Daubert if that party has yet to receive the expert's name and report; and,

      C.      The magistrate's ruling substantially impacts all similarly worded scheduling orders entered by this court in other cases. To the extent such orders do not expressly set a deadline for the disclosure of experts or the cutoff of expert discovery, they all must permit the timing of expert disclosures to be conducted under Fed.R.Civ.P. 26(a)(2)(D) which likely is not the intention of the court.

      Defendant may not avail itself of the default deadline set forth in Federal Rule 26(a)(2)(D)(i) to assert that its expert disclosure is timely. The default deadline of the federal rule does not come into play because the court issued a Scheduling Order setting "Discovery Cutoff" for

November 15, 2017.

> Rule 26 provides the controlling deadline only in the absence of a scheduling order issued by the trial court. See Fed. R. Civ. P. 26(a)(2)(D) (providing deadlines that apply "[a]bsent a stipulation or a court order"). When, as in this case, the court has entered a scheduling order, the court's deadlines control. The fact that the disclosures complied with the general default deadlines embodied in the Federal Rule is therefore irrelevant because the disclosures did not comply with the trial court's unambiguous deadlines.

*Knight through Kerr v. Miami-Dade County*, 856 F.3d 795, 812 (11th Cir. 2017). *See also Hassebrock v. Bernhoft*, 815 F.3d 334, 341(7th Cir. 2016)(fact that court ordered that "[d]iscovery shall be completed by 5/10/2014" and referred to that date as the "close of discovery" even though the order didn't say "*all* discovery shall be completed" by that date "hardly matters. The addition of the word 'all' would have been superfluous."[Emphasis in Original]). Given that the court considered and rejected the Defendant's separate fact and expert discovery cutoff proposal, the omission of the superfluous word "all" to "Discovery Cutoff" creates no ambiguity here. Because the court issued its Scheduling Order, Fed.R.Civ.P. 26(a)(2)(D) does not come into play making the magistrates's Order contrary to law.

The local rules do not permit expert discovery now because discovery is complete. *See* L.R. 26.1(d). Certainly Defendant could have sought an extension of time, *see* n.3, *supra*, to offer an expert name and report timely, yet, it chose not to do so. This failure precludes any finding of substantial justification for Defendant's Scheduling Order violation. *See S.O.S. Resource Services, Inc. v. Bowers*, Case No. 14-Civ-22789-COOKE/TORRES, *4 (S.D. Fla. November 4, 2015)(failure to seek a continuance of pretrial deadlines).

To the extent Defendant retained Mr. Pampinella late into discovery, Defendant only has itself to blame. A review of the report shows Mr. Pampinella's opinion of damages is based

exclusively upon the Defendant's own sales records. DE 200-1. Thus, Defendant had all of the information it needed from its own records, from the inception of this action and before, to provide to an expert in order for that expert to prepare a timely report. "'Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational.' *Cooper v. S. Co.*, 390 F.3d 695, 728 (11th Cir. 2004), overruled on other grounds by *Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457-58, 126 S.Ct. 1195, 1197-98, 163 L.Ed.2d 1053 (2006) (citing *Sherrod*, 223 F.3d at 613)." *Id*.

Defendant was required to make its disclosure of expert testimony "at the times and in the sequence that the court orders." Fed.R.Civ.P. 26(a)(2)(D). This disclosure necessarily would have been well in advance of discovery cutoff to allow Plaintiff to take Mr. Pampinella's deposition, engage a rebuttal expert, permit that rebuttal expert to review Mr. Pampinella's report, and then give Defendant time to depose Plaintiff's rebuttal expert. That Plaintiff was not allowed conduct expert deposition discovery of Mr. Pampinella until "after [his] report [was] provided," Fed.R.Civ.P. 26(b)(4)(A), makes Defendant's service of the report after discovery cutoff extraordinarily harmful to Plaintiff.[4]

In *De Armas v. Miabraz, LLC*, Case No. 12-20063-CIV-COHN/SELTZER, 2012 U.S.

---

[4]The magistrate's after-the-fact permission to Plaintiff to allow him to depose Mr. Pampinella at this juncture in the case, *see* DE 244 at 4, is patently unfair. *See O'Brien v. NCl Bah., Ltd.*, 2017 U.S. Dist. LEXIS 216815, at *16 (S.D. Fla. Oct. 13, 2017) ("Plaintiff argues that any prejudice could be cured by permitting Defendant to re-depose Mr. Crate. However, discovery is closed, Defendant has filed its Motion for Summary Judgment, and we are now on the eve of trial. Re-deposing Mr. Crate at this juncture is unfeasible."); *Mortg. Payment Prot., Inc. v. Cynosure Fin., Inc.*, 2010 U.S. Dist. LEXIS 149716, at *10 (M.D. Fla. Nov. 5, 2010) ("CFI proposes that MPPI re-depose Mr. Hammel, but a deposition at this stage would be patently unfair to MPPI.").

Dist. LEXIS 104834 (S.D. Fla July 27, 2012), the court confronted a similar issue.  In *De Armas*, the expert was only first disclosed on the final day of discovery.  Judge Cohn recognized that the disclosing party had six months to complete discovery, like the Defendant had here.  "The obvious implication of that deadline was that each party would need to disclose any expert witnesses **well before [the deadline] so that the other side could seek discovery from those experts**."  *Id*. at *2 (Emphasis Added).[5]  Finding no sufficient explanation for the disclosure delay, Judge Cohn found no substantial justification for it.  Furthermore, because the expert disclosure occurred on the last day of discovery, the court found the delay to be harmful, because it prevented the opposing side from engaging in expert discovery.  Judge Cohn struck the expert.

Similarly, in *Cruz v. United States*, Case Number: 12-21518-CIV-MORENO, (S.D. Fla. January 22, 2013), the court faced the same issue as in *De Armas* but with respect to both expert witnesses and expert reports.  In *Cruz*, the plaintiff first disclosed his expert witness after the close of discovery by three weeks.  He also failed to "submit the proper expert documentation prior to the discovery deadline" for other purported experts.  *Id*. *7-8.  Relying on *De Armas*, the court struck the experts and excluded their reports as untimely, without substantial justification, and finding the delay was harmful because the opposing side did not have sufficient time, after discovery cutoff, to engage in expert discovery.  *Id*.

Compliance with Rule 26 is not aspirational.  *Reese*, *supra*.  Defendant should not be saved from its failure to abide by the rules of court and this court's unambiguous Scheduling

---

[5] The court may choose to be guided by Defendant's scheduling proposal to understand that expert disclosure "well before the deadline for discovery" meant at least four weeks (from October 20, 2017 to November 17, 2017), *see* DE 70 at 5, though Plaintiff and Elite suggested that it be eight weeks.  *Id*. at 6.

Order.  The Defendant could easily have filed a timely motion for extension of time to disclose its expert and provide a report, but refused to do so.  Pursuant to Scheduling Order, and Fed.R.Civ.P. 26 and 37, the untimely disclosure of Mr. Pampinella and service of his report was neither substantially justified nor harmless.  He should not be allowed to testify in this action and his report should be excluded.  The magistrate's Order to the contrary is both clearly erroneous and against well settled law.

WHEREFORE, Plaintiff objects to, and appeals from, Magistrate Snow's Order regarding ECFMG discovery, and the untimeliness of the disclosure of Mr. Pampinella and service of his report.  Plaintiff respectfully requests an order sustaining the objections, granting Plaintiff protection from the ECFMG subpoena, striking Mr. Pampinella as an expert witness, and excluding his report from use in this action.

Respectfully submitted,

/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

## **CERTIFICATE OF SERVICE**

        I HEREBY CERTIFY that on April 3, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        s/Richard S. Ross
        Richard S. Ross, Esq.

SERVICE LIST
Dr. Jassin Jouria v. CE Resource, et al.
Case No.: 15-61165-CIV-DIMITROULEAS
United States District Court, Southern District of Florida
(Ft. Lauderdale Division)

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL 33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Daniel Kappes, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
Kristen McKinney, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*


J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*