# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA

        Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

        Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

        Third Party Defendants.

_____/

## NETCE'S OPPOSITION TO ELITE'S MOTION TO STRIKE SUPPLEMENTAL REPORT OF JAMES E. PAMPINELLA

CE Resource, Inc. d/b/a CME Resource and NetCE ("NetCE"), hereby respectfully submits this Opposition to Elite Continuing Education, Inc.'s ("Elite's") Motion to Strike the Supplemental Report of James E. Pampinella ("Supplement") (DE 250). NetCE timely submitted the Supplement. Moreover, even if it had not, an untimely submission would have been both substantially justified and harmless. Fed. R. Civ. P. 37(c)(1).

## I.      The Supplement is Timely

NetCE timely served its initial Pampinella Expert Report just after midnight on November 16, 2017. At the time of that report, Elite had not yet provided documents pursuant to NetCE's discovery demands. Further, the deposition of NetCE's 30(b)(6) witness had occurred only the day prior.[1] NetCE asked for more time for Mr. Pampinella to issue his initial Report to account for this information, but Dr. Jouria's counsel threatened to move to exclude for lateness unless NetCE provided the Report on November 15th. Mr. Pampinella expressly reserved the right to supplement his Report. His Supplement was timely served on all parties on March 22, 2018.

A party must disclose expert testimony at least "90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. P. 26(a)(2)(D)(i). NetCE did just that, disclosing its expert report on November 16, 2017, for the then scheduled March 12, 2018, trial period. After Elite's late productions of documents (see Kern Dec., attached, at ¶¶ 2-3), Mr. Pampinella prepared the Supplement. Parties must disclose supplements "by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). Rule 26(a)(3) disclosures are due "at least 30 days before trial." *Id.* § (a)(3)(B). It is undisputed that NetCE disclosed the Supplement at least 30 days before trial. It therefore is timely.

Elite asks this Court to ignore the clear timing requirements for expert disclosure supplementation under the Federal Rules, because it claims the Supplement contains "new opinions" or is otherwise "not a proper Rule 26(e) supplement." Motion to Strike, p. 2.[2] First, Elite is wrong that it contains new opinions. It relies on some new *evidence* that was unavailable at the time of the initial report, due either to Elite's failure to meet its discovery obligations, or because Elite set the deposition of NetCE's 30(b)(6) witness a mere day before NetCE's initial report was due. For

---

[1]      No transcript was available at the time the expert report was served. See Kern Dec. at ¶ 6.

[2]      Elite claims that NetCE placed "heavy reliance" on the Supplement. Mtn. to Strike, p. 3. In fact, citations to the Supplement comprise only 4 out of approximately 131 citations (3.1%) in NetCE's Daubert opposition (DE 245). All but one occur in the final section on mootness.

example, the factors Mr. Pampinella used in determining the benchmark are not new, as Elite claims, but rather were discussed in the initial report. *See, e.g.*, Initial Report, p. 11 (content) (filed under seal at DE 218); 14 (author); 15 (audience and timing).   By way of a second example, Elite complains that Mr. Pampinella first discusses "the demand for pharmacology content." Mtn. to Strike, p. 2.  Again, Mr. Pampinella discussed this in his Initial Report. Initial Report, p. 8 (discussing "newly adopted CME requirements for nurses in the areas of pharmacology").[3]

Second, even if the Supplement did contain new opinions, there is no reason why it could not do so.  Rule 26(e)(2) plainly anticipates new material.  As the Rule states, it extends to "additions or changes." *Id.* For example, in *K & H Dev. Grp., Inc. v. Howard*, 255 F.R.D. 562 (N.D. Fla. 2009) plaintiffs produced an expert report. *Id.* at 564. They later supplemented that report with a letter from their expert which included new "questions posited to him by plaintiffs' counsel." *Id.* at 565. Defendants objected on the same grounds Elite does now, claiming plaintiffs sought "to change their damages theory in an effort to avoid summary judgment" and that their supplement was "untimely disclosed." *Id.*  Just like Elite, the *K&H* plaintiffs argued "that because the information providing the basis for [the expert's] opinion was available prior to the missed deadline for service of disclosures, the addendum should be rejected." *Id.* at 566.   The court rejected plaintiff's untimeliness argument by the plain terms of Rule 26(e)(2), noting that "additions or changes to an expert's report must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." *Id.*   As here, there was no question that the 26(a)(3) deadline had not passed, and therefore the supplement was timely. It further rejected the *K&H* plaintiff's argument that the supplement was "new."  The court noted that the expert "did not abandon or contradict his prior testimony … Instead, he provided information concerning … subjects which he previously had not addressed." *Id.* at 567.[4]

## II.     If The Supplement Were Late, It Would Be Justified or Harmless

As noted above, the Supplement is timely submitted.  However, even if it were late, its lateness would be substantially justified or harmless.  Fed. R. Civ. P. 37(c)(1).  NetCE's disclosure

---

[3]     *See* Declaration of James Pampinella, filed herewith.
[4]     The *K&H* court ultimately struck the supplement because plaintiffs could not explain why their expert "was not previously asked to prepare an opinion with respect to" the items in question. *Id.*  Here, by contrast, NetCE explains exactly why they could not produce this information earlier: Elite would not produce timely discovery and set NetCE's 30(b)(6) deposition for the day before the Initial Report was due.  These two events are the basis for Mr. Pampinella's Supplement.

was substantially justified because it was caused entirely by factors outside its control and within Elite's control. Further, disclosure is harmless as the initial report provided all the same opinions.[5]

The "term 'substantial justification' requires 'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.'" *Taylor v. Dean*, No. 5:05-CV-397-OC-10GRJ, 2007 WL 7622152, at *3 (M.D. Fla. Jan. 19, 2007). Elite scheduled NetCE's 30(b)(6) deposition for November 14, 2017. NetCE's expert disclosure was due November 15, 2017. Elite did not begin to meet its discovery obligations until November 14, 2017, with following productions as late as December 4 and 12, 2018. NetCE asked for an extension to disclose its initial report, but Dr. Jouria threatened to move to exclude it. Mr. Pampinella had no way to account for NetCE's 30(b)(6) witness' testimony or Elite's production at the time of his report. For that reason, Mr. Pampinella expressly noted "that discovery is ongoing and that … I reserve the right to amend the opinions contained in this Report if Elite produces additional information…" Initial report, p. 12. He did precisely that.[6]

For the same reason that the Supplement is substantially justified, it is harmless. In making the harmlessness inquiry, late disclosure is "harmless 'when there is no prejudice to the party entitled to the disclosure.'" *Ellison v. Windt*, No. 6:99-CV-1268-ORLKRS, 2001 WL 118617, at *2 (M.D. Fla. Jan. 24, 2001). Here, there is no prejudice. First, the Supplement contains no new opinions. Elite has known Mr. Pampinella's methodology and its basis since the time of the initial report. Second, despite repeated offers from NetCE, both Elite and Dr. Jouria have refused to depose Mr. Pampinella. That refusal baffled even this Court, which advised Defendants to take up NetCE's offer at the hearing on March 22, 2018. Notably, every one of Elite's cited cases involved having to take a *second* deposition. Elite could take Mr. Pampinella's *first* deposition (or have taken it) whenever they wished. They cannot delay, then decry the time.

III.   **Conclusion**

For the foregoing reasons, NetCE respectfully requests this Court deny Elite's motion to strike the Supplement.

---

[5]    As explained more fully in NetCE's Opposition to Elite's Daubert motion (Dkt. 245), Mr. Pampinella did not change his theory or methodology or even result. Rather, he confirmed it based on the new evidence Elite provided.

[6]    Elite's claim that Mr. Pampinella did not rely on Elite's production is inapposite. Only by examining Elite's production could Mr. Pampinella finalize his analysis. Mr. Pampinella had no other way to know whether Elite's information affected his analysis.

Dated:  April 4, 2018

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Philip E. Rothschild*
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

*/s/ John P. Kern*
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Jessica E. Lanier, Esq. (pro hac vice)
Email: Jessica.Lanier@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC.
d/b/a CME RESOURCES and NetCE

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 4, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Philip E. Rothschild
Philip E. Rothschild

4

### SERVICE LIST

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC MAIL SERVICE]**

Peter A. Chiabotti, Esq.
Kristen M. McKinney, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

#56306106_v1