UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA

        Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

        Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC. and ALPINE
MANAGEMENT SERVICES III, LLC,

        Third Party Defendants.

_____/

## DECLARATION OF JOHN KERN IN SUPPORT OF NETCE'S OPPOSITION TO MOTION TO STRIKE

1

#54813709_v5

I, John Kern, declare as follows:

1. I am a partner with the law firm of Holland & Knight LLP, counsel for CE Resource, Inc., d/b/a CME Resource, and NetCE ("NetCE"). I have personal knowledge of the circumstances described below and, if so called, can testify under oath regarding these events.

2. Elite Continuing Education, Inc. ("Elite") and Dr. Jouria each have obstructed timely discovery in this case. Dr. Jouria destroyed evidence, prompting a recommendation for sanctions to this Court by Magistrate Judge Snow. Elite refused to produce documents in a timely manner (when they produced them at all), breached an agreement to hold depositions after the close of discovery, consistently has refused to schedule Mr. Pampinella's deposition (while nevertheless complaining about his methodology), and now seeks to exclude him and strike the supplement to his initial Report.

3. Elite and NetCE sent each other requests for productions of documents. NetCE timely produced documents, starting in April of 2017. Elite, by contrast, stalled in its production of records. Despite its ongoing claims it had produced all responsive documents, it made a significant production on November 14, 2017, one day before the close of discovery. It made further productions on December 5, 2017, and on December 15, 2017, both after close of discovery. To date, Elite still has not produced considerable, important records, including financial statements in native format, course catalogues, and accreditation documentation. [Native documents are essential because they may be searched—a key factor in Mr. Pampinella's ability to use them for analysis.]

4. Dr. Jouria did no better on his document production. He kept documents on a single laptop computer, threw that computer away at the onset of discovery, and then misled NetCE about that fact in three separate discovery responses (claiming he was hard at work trying to "restore" potentially corrupted files). He serially claimed to be attempting to retrieve documents, when in fact the computer at issue was taking up space in a Broward County landfill. His deception prompted a motion for sanctions by NetCE, which Magistrate Judge Snow recommended granting by this Court.

5. In terms of depositions, Elite also has prevented evidence making it into the record. NetCE and Elite served each other with deposition notices, with depositions set for November 14 and 15, 2017, on opposite sides of the country.

6. To accommodate scheduling, Elite and NetCE agreed to take NetCE's deposition on November 14, 2017, and conduct Elite's depositions on November 17, 2017. However, after Elite produced further documents on November 14, 2017, and indicated that further productions were forthcoming, NetCE agreed to take Elite's deposition on December 12, 2017, after the close of discovery on November 15, 2017, in Charlotte, NC, for the convenience of Elite.

7. On November 14, 2017, Elite took the deposition of NetCE's 30(b)(6) witness, as scheduled. However, when Elite's turn came, it went back on its agreement with NetCE and refused to produce a witness for the deposition. To this day Elite refuses to produce a witness.

8. In terms of expert discovery, Elite and Dr. Jouria have done everything in their power to suppress, discredit, and disqualify Mr. Pampinella's opinions and testimony (bringing two separate motions to strike, a Daubert motion to exclude, and separate Joinders)—but they tellingly refuse to take his deposition, although NetCE has offered to produce him nearly anytime.

9. Forced into the production of an early, initial Report by Dr. Jouria's threats to suppress as untimely, Mr. Pampinella produced his initial Report on November 15, 2016 (more than 115 days prior to the original trial date). A month after that report Elite still was producing records. Mr. Pampinella produced a letter supplement on January 3, 2018, and a second, more substantial supplement on March 22, 2018—the most recent coming after a long ***mutually agreed upon pause*** in the litigation among the parties, who were hard at work on a possible settlement.

10. Long before even his initial November 15, 2017, Report, NetCE noted that the parties had the right to schedule Mr. Pampinella's deposition. NetCE reminded them of this on several

occasions, despite lacking any duty to do so. There have been no takers. Even Magistrate Snow, at this point, has advised the parties take NetCE up on its offer. Tr. Mar. 22, 2018, p. 50:3-5.

I declare under penalty of perjury and the laws of the United States, California, and Florida, that the foregoing is true and correct.

Dated this 4th day of April, 2018

By: _____
John Kern