UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA

    Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

    Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Defendant/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC. and ALPINE
MANAGEMENT SERVICES III, LLC,

    Third Party Defendants.

_____/

**DECLARATION OF JAMES E. PAMPINELLA IN SUPPORT OF NETCE'S
OPPOSITION TO MOTION TO STRIKE**

1

#54813709_v5

I, James Pampinella, declare as follows:

1. I am a Managing Director at Navigant Consulting. CE Resource, Inc., *d/b/a* CME Resource and NetCE ("NetCE") retained me as an expert in the above-captioned matter.

2. I have personal knowledge of the circumstances described below and, if so called, can testify under oath regarding these events without waiver of any applicable privilege.

3. On November 15, 2017, I issued my initial Report in this matter. I based my opinions in the Report on then-available evidence. I was aware at the time I issued the Report that Elite had not produced relevant financial information and that, while depositions had been taken, no transcripts were available for my consideration. I understood that I nevertheless had to issue my Report on November 15, 2017, because counsel for Dr. Jouria would otherwise move to exclude it for lateness. I did so, specifically noting in my Report that discovery was ongoing and reserving the right to supplement my opinions if and when I had access to additional and relevant discovery or evidence.

4. I understand that Elite made additional productions of records in November and throughout December, 2017. I also learned that the transcript for the deposition of NetCE's 30(b)(6) witness became available during that time period. I began reviewing this new information in order to assess, among other things, whether the new evidence impacted my conclusions. I had no bias one way or the other regarding the import of this evidence, but as a matter of being thorough I wanted to evaluate it, understand it, and consider whether and how it would impact my analysis.

5. Ultimately I determined that the new evidence did not impact my original opinion or cause me to modify my methodology or adopt a different methodology. I nevertheless felt it necessary to issue a Supplement to my Report to account for all the evidence I had considered (which again was not available when I issued my initial Report). I also reviewed again the evidentiary bases for my opinions in light of the additional evidence provided by Elite. I wanted to determine whether,

#54813709_v5

due to the new evidence, older evidence became more relevant or useful. I included some of this evidence in my Supplement to my Report.

6. At any time since the submission of my initial Report, I could have and would have willingly testified to the bases for my opinions and the methodology I employed to arrive at my opinions—which have not changed since the date of my initial Report. Had Elite taken my deposition, I would have provided this information through my testimony.

I declare under penalty of perjury and the laws of the United States, California, and Florida, that the foregoing is true and correct.

Dated this 4th day of April, 2018

By: _____
James E. Pampinella