UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA

        Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

        Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

        Third Party Defendants.

_____/

## **NETCE'S MOTION TO REALIGN THE PARTIES**

CE Resource, Inc. d/b/a CME Resource and NetCE ("NetCE") is referred to as the

Defendant, Defendant/Counter-Plaintiff, and Defendant/Third Party Plaintiff, in the above-captioned

case. Dr. Jouria and Elite Continuing Education, Inc. have similarly convoluted party names. This case is largely based upon competing views regarding NetCE's claim of copyright infringement. Having multiple names for each party, based on a tortured procedural history[1], is more likely to confuse the jury than provide any assistance. The mere fact Dr. Jouria was the first to file a complaint should not be dispositive on the issue of which party should open and close at trial. Traditionally, this opportunity goes to the party that carries the burden of proof on substantive claims. As such, NetCE respectfully requests this Court realign the parties to designate NetCE as the Plaintiff and Dr. Jouria and Elite as Defendants to avoid jury confusion and in accordance with the parties' true interests and substantive claims.

## **PROCEDURAL HISTORY**

Unbeknownst to NetCE (and while NetCE and Dr. Jouria's attorney were discussing settlement), Dr. Jouria filed the present lawsuit on June 2, 2015, seeking declaratory relief of no copyright infringement and no breach of contract. (Dkt. 1). Eventually settlement discussions broke down and NetCE filed a lawsuit with substantive claims against Dr. Jouria in California on September 4, 2015. Shortly thereafter, on September 15, 2015, Dr. Jouria served NetCE in this matter for the first time and NetCE ultimately dismissed the California case.

On October 6, 2015, NetCE timely filed its original Answer and Counterclaims. (Dkt. 10). On October 21, 2016, NetCE properly plead their causes of action for copyright infringement, tortious interference with contractual relations, and misappropriation of trade secrets against Elite.

---

[1] After Dr. Jouria filed this lawsuit without notice (seeking only declaratory judgment regarding NetCE's threatened, putative claims against him)—but before serving the Summons and Complaint on NetCE three months later —NetCE filed a Complaint in the U.S.D.C. for the Eastern District of California against Dr. Jouria for Breach of Contract and Copyright Infringement, and related claims. NetCE ultimately dismissed that case to avoid duplication and waste, but NetCE is nonetheless the natural plaintiff in these proceedings.

1

(Dkt. 36). After a largely unsuccessful motion to dismiss, Elite filed its answer to NetCE's Complaint on July 31, 2017, asserting declaratory judgment counterclaims of non-infringement against NetCE for each of the seven articles at issue in this litigation. (Dkt. 93). Due to the unique procedural posture of this case, the parties' nomenclature is unduly complex and unworkable.

## ARGUMENT

This Court should realign the parties according to their true interests as to the issues at the root of this case, *i.e.,* whether Dr. Jouria and Elite infringed NetCE's copyrights.[2] Both are adverse to NetCE on that issue. Here, NetCE must prove Dr. Jouria and Elite infringed its copyrights. Ordinarily, courts extend the privilege of opening and closing the case to the party that has the burden of proof. *Martin v. Chesebrough–Pond's, Inc*., 614 F.2d 498, 501 (5th Cir. 1980); *ADT Sec. Servs., Inc. v. Swenson*, 2011 WL 4396918, at *1 (D. Minn. Sept. 21, 2011) ("The Court finds that this realignment is warranted because the [movants] bear the burden of proof and the current alignment of the parties may confuse the jury."); *see e.g., Sweet Jan Joint Venture v. F.D.I.C*., 809 F. Supp. 1253, 1258 (N.D. Tex. 1992) ("clearest manner in which to present this case to the jury is for [defendant] to go first[.]"); *see Allendale Mut. Ins. Co. v. Bull Data Sys., Inc*., 1995 WL 5895, at *3 (N.D. Ill. Jan. 4, 1995) (concluding that allowing the counterclaimants to proceed first at trial promoted "the Court's goal of ensuring the presentation of evidence to the fact-finder in an orderly and sensible manner").

---

[2] In addition to the legal argument that follows, it cannot reasonably be disputed that NetCE's interests are adverse to both Elite and Dr. Jouria, while the respective interests between Dr. Jouria and Elite are not adverse to each other. Thus, the arrangement of the parties in the courtroom itself should have NetCE on one side of the courtroom, and Dr. Jouria and Elite on the other side of the courtroom. Putting either Dr. Jouria and Elite on the same side of the courtroom as NetCE would create both a misleading picture to the jury, and, create logistical awkwardness between whichever true defendant is sitting on the same side as NetCE. The simple solution is to put Dr. Jouria and Elite on the "defense" side of the courtroom.

Likewise, this Court must "look beyond the pleadings, and arrange the parties according to their sides in the dispute." *La Shangrila, Inc. v. Hermitage Ins. Co.*, 2007 WL 2330912 (M.D. Fla. 2007) (quoting *Earnest v. State Farm & Cas. Co.*, 475 F.Supp.2d 1113, 1117 (N.D. Ala. 2007) (citations omitted);[3] *Grayling Indus., Inc. v. GPAC, Inc.*, 1992 U.S. Dist. LEXIS 20702, at *2 (N.D. Ga. Feb. 11, 1992) ("The determination of the right to open and close a case rests largely in the sound discretion of the trial court[.]"). Here, even though Dr. Jouria is technically a plaintiff that seeks to recover attorney's fees and costs (and who rushed to file first during settlement discussions), in truth, he is really a defendant trying to avoid copyright liability. The same is true of Elite's Declaratory Relief action.

Moreover, the declaratory relief actions brought by Dr. Jouria and Elite are matters for the Court, not the jury. The central issues in this lawsuit: (1) whether Dr. Jouria and Elite infringed NetCE's copyrights, and (2) whether Elite misappropriated NetCE's trade secrets, are issues for the jury. Those issues should come before the jury with NetCE designated as the plaintiff and proceeding to put on its case in chief first, followed by Elite and Dr. Jouria as the defendants, putting on their defense case and their case in support of their declaratory claims – which should be the same evidence. Rather than use the convoluted names in the formal caption that are likely to confuse the jury, this Court should realign the parties so that Dr. Jouria and Elite are the defendants and NetCE is the plaintiff.

## CONCLUSION

Based on the foregoing, NetCE respectfully requests this Court enter an Order Realigning the Parties at trial and allow NetCE the opportunity to present opening and closing arguments first, and

---

[3] Admittedly, NetCE does not ask this Court to realign the parties for jurisdictional purposes, but rather in the interest of the parties and the jury.

proceed first with evidence in its case in chief, followed by Dr. Jouria and Elite as Defendants with their defense and counterclaim evidence, and then NetCE concludes with its rebuttal case, if necessary.

CERTIFICATE OF COUNSEL pursuant to L.R. 7.1(a)(3): Undersigned counsel for NetCE, Daniel Kappes, sought the position of Dr. Jouria and Elite through their counsel on the requested relief in this Motion. Dr. Jouria does not consent to the requested relief. As of this filing, counsel for NetCE has not heard back from counsel for Elite. Emails were sent by Mr. Kappes on April 3 at 9:37pm, and on April 4 at 5:58pm. NetCE does note that whether this relief is granted or not, Elite would remain as a defendant in this action.

WHEREFORE, NetCE requests that the Court enter an order that would: 1) realign the parties at trial and allow NetCE the opportunity to present opening and closing arguments first; 2) allow NetCE to proceed first with evidence in its case in chief, followed by Dr. Jouria and Elite as Defendants with their defense and counterclaim evidence, and then NetCE concludes with its rebuttal case, if necessary, and 3) any other relief that the Court deems necessary.

Dated: April 5, 2018                                    Respectfully submitted,

                                                        HOLLAND & KNIGHT LLP

                                                        */s/ Philip E. Rothschild*
                                                        Philip E. Rothschild
                                                        Florida Bar No. 0088536
                                                        Email: phil.rothschild@hklaw.com
                                                        HOLLAND & KNIGHT LLP
                                                        515 East Las Olas Blvd., 12th Floor
                                                        Fort Lauderdale, FL 33301
                                                        Telephone: (954)525-1000
                                                        Facsimile: (954)463-2030

                                                        */s/ John P. Kern*
                                                        John P. Kern, Esq. (pro hac vice)
                                                        Email: john.kern@hklaw.com

4

Daniel Kappes, Esq. (pro hac vice)<br>
Email: daniel.kappes@hklaw.com<br>
HOLLAND & KNIGHT LLP<br>
50 California Street, Suite 2800<br>
San Francisco, CA 94111<br>
Telephone: (415)743-6918<br>
Facsimile: (415)743-6910<br>
Attorneys for CE RESOURCE, INC.<br>
d/b/a CME RESOURCE and NetCE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 5, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Philip E. Rothschild*
Philip E. Rothschild

## SERVICE LIST

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC MAIL SERVICE]**

Peter A. Chiabotti, Esq.
Kristen M. McKinney, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**