UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA

        Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

        Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

        Third Party Defendants.

_____/

**NETCE'S MOTION TO DOWNWARD DESIGNATE THE ANCC RECORDS
PURSUANT TO THE STIPULATED PROTECTIVE ORDER**

Pursuant to the Stipulated Protective Order (DE 118) entered by this Court on October 13,

2017, Defendant/Third-Party Plaintiff, CE Resource, Inc., d/b/a CME Resource and NetCE ("NetCE"), respectfully moves this Court for an Order requiring Third-Party Defendants, Elite Continuing Education, Inc. ("Elite"), to agree to a ***downward designation*** of the American Nurses Credentialing Center records and the document bates stamped ELT0052101 - 0052202[1] ("ANCC Records") from their provisional designation of "Attorneys' Eyes Only" to "Confidential," and in support, states:

1. Section 6 of the Stipulated Protective Order permits a party to challenge the designation of confidentiality at any time consistent with the Court's Scheduling Order, or deemed necessary by the challenging party.

2. After NetCE's review of the Rule 45 production of the ANCC Records, NetCE challenges Elite's designation of the documents at issue of "Attorneys' Eyes Only." Under the Stipulated Protective Order, "Attorneys' Eyes Only" is "information . . . that qualify for protection under Federal Rule of Civil Procedure 26(c) . . . and which a Party has good cause to believe constitutes a trade secret or proprietary business information that would lose commercial value and/or its status as a trade secret if shared with a Non-Party or a non-Producing or non-Designation Party, or which a Party reasonably believes would put it at a competitive disadvantage or involves information of a highly personal and sensitive nature."

3. The ANCC Records do not warrant this designation. The ANCC, the entity whose records these are and who would have the most interest in keeping protected a trade secret or proprietary business information, *did not request* that the ANCC Records be designated "Attorneys' Eyes Only."

4. In fact, the "Attorneys' Eyes Only" designation at issue here resulted from NetCE's

---

[1] This document was produced by ANCC and Elite, so Elite has no separate protections.

own suggestion at the March 22, 2018 hearing before Magistrate Snow, where NetCE and Elite were tussling over the properness of NetCE's subpoena to the ANCC. During that hearing NetCE suggested as a compromise—in response to Elite's stated concern that the ANCC Records *could be* of some highly sensitive nature—that the records, when produced, could provisionally be designated as "Attorneys' Eyes Only," until all counsel had an opportunity to review.

5. Counsel have now had that opportunity, and it is manifestly apparent the ANCC Records—while certainly of a commercial nature—do not rise to a level of sensitivity requiring the highest designation.

6. Importantly, the documents at issue reflect Elite's submissions to the ANCC seeking accreditation as a Continuing Education provider, and the ANCC's evaluation of those submissions. The contents—dealing with Elite's strategies for accreditation and the content it relied on—***are at the core of NetCE's trade secret misappropriation claims in this case***. Simply put, NetCE has alleged Elite stole its ideas about what accreditations to seek, and how to obtain it. Client input is required to evaluate the meaning and weight of this new evidence which goes directly to NetCE's trade secret misappropriation claim.

7. By the same token, NetCE wholeheartedly acknowledges the ANCC Records should be treated as "Confidential" in this case, so that all parties take the proper measures to limit the use and disclosure to the narrow means permitted under the operative Protective Order.

8. Because the ANCC Records do not fall within the definition of "Attorneys' Eyes Only," and because in fact client review is required in this case to lend them any meaning, the ANCC documents should be downward-designated to "Confidential."

9. The designation of "Confidential," in addition to the Stipulated Protective Order, ensures that the ANCC Records will remain protected.

10. Pursuant to the Stipulated Protective Order, because Elite designated the ANCC Records as "Attorneys' Eyes Only," it is Elite's burden of persuasion to show why this designation is warranted.

11. Additionally, Section 5.1 of the Stipulated Protective Order prohibits "Mass, indiscriminate or routinized designations," and offers potential sanctions against the Designating Party, Elite, if the designations are clearly unjustified and not timely corrected.

CERTIFICATE OF COUNSEL pursuant to L.R. 7.1(a)(3):  Undersigned counsel certifies that it has made reasonable, good faith efforts to confer with Elite on this matter, but that the parties have been unable to resolve the issue. NetCE counsel, Daniel Kappes, emailed Elite's counsel requesting Elite's agreement to the downward designation of the ANCC records on April 3, 2018 at 7:09 PM, but Elite has not yet responded as to their position on the requested relief.

WHEREFORE, NetCE respectfully requests that this Court enter an order that would: 1) grant NetCE's Motion and designate that the ANCC Records be considered "Confidential"; and 2) grant any further and other relief as this Court deems necessary and proper.

Dated: April 5, 2018

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Philip E. Rothschild*
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

*/s/ John P. Kern*
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com

#56295818_v2

                                  Daniel Kappes, Esq. (pro hac vice)
                                  daniel.kappes@hklaw.com
                                  HOLLAND & KNIGHT LLP
                                  50 California Street, Suite 2800
                                  San Francisco, CA 94111
                                  Telephone: (415)743-6918
                                  Facsimile: (415)743-6910
                                  Attorneys for CE RESOURCE, INC.
                                  d/b/a CME RESOURCE and NetCE

## <u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY that on April 5, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                                      */s/ Philip E. Rothschild*
                                      Philip E. Rothschild

## <u>SERVICE LIST</u>

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC MAIL SERVICE]**

Peter A. Chiabotti, Esq.
Kristen M. McKinney, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

#56295818_v2