**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

DR. JASSIN JOURIA

       Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

       Third Party Defendant.

_____/

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE SNOW'S REPORT AND**
**RECOMMENDATION, DE 249**

       COMES NOW, the Plaintiff, Dr. Jassin Jouria ("Plaintiff"), who respectfully objects

to Magistrate Judge Lurana Snow's Report and Recommendation ("RR"), DE 249, entered March

27, 2018. The RR is directed to Defendant, CE Resource, Inc.'s d/b/a CME Resource and NetCE's

("Defendant") motion for terminating sanctions, DE 149. The magistrate's RR grants in part the

motion, and recommends that the court issue adverse instructions to the jury. DE 249 at 8. Because

the RR fails to find or conclude that Defendant met its burden of proof, and established by a

preponderance of the evidence that Plaintiff spoliated crucial evidence in bad faith, there is no

support for the imposition of any sanction. For these reasons, the RR is clearly erroneous or contrary

to law. Plaintiff requests the district judge to conduct a *de novo* determination of the findings to

which objections are made, 28 U.S.C. §636(b)(1), and deny the motion.

**ARGUMENT**

1.      **Standard of Review.**

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3).   Plaintiff objects to specific findings in Section 3, *infra*.

2.      **Legal Authority for Motion for Terminating Sanctions.**

Spoliation is "the destruction of evidence or the significant and meaningful alteration of a document or instrument." *Green Leaf Nursery v. E.I. DuPont de Nemours & Co.*, 341 F.3d 1292, 1308 (11th Cir. 2003) (internal quotation marks omitted).   Because spoliation sanctions constitute an evidentiary matter, federal law governs their imposition. *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005).

In this circuit, sanctions for spoliation of evidence may include "(1) dismissal of the case [or default judgment against the defendant]; (2) exclusion of expert testimony; or (3) a jury instruction on spoliation which raises a presumption against the spoliator." *Flury v. Daimler Chrysler Corp.*, 427 F.3d at 945 (11th Cir. 2005); *see also Walter v. Carnival Corp.*, No. 09-20962-CIV, 2010 WL 2927962, at *2 (S.D. Fla. July 23, 2010).

As the party seeking spoliation sanctions, Defendant has the burden of proof. "[T]he party seeking [spoliation] sanctions must prove . . . first, that the missing evidence existed at one time; second, that the alleged spoliator had a duty to preserve the evidence; and third, that the

evidence was **crucial to the movant being able to prove its prima facie case or defense**." *Walter*,

2010 WL 2927962, at *2 (citing *Floeter v. City of Orlando*, No. 6:05-cv-400-Orl-22KRS, 2007 WL

486633, at *5 (M.D. Fla. Feb. 9, 2007)(Emphasis Added); *see also Managed Care Solutions, Inc.*

*v. Essent Healthcare, Inc.*, 736 F. Supp. 2d 1317, 1322 (S.D. Fla. 2010) (O'Sullivan, J.).[1]   In meeting

the requirement to demonstrate that the spoliated evidence was crucial to the movant's ability to

prove its prima facie case or defense, it is not enough that the spoliated evidence would have been

relevant to a claim or defense.  *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 736 F.

Supp. 2d at 1327-28 (S.D. Fla. 2010)(finding that the allegedly spoliated evidence was not crucial

to the plaintiff's claims because it could still prove its case through other evidence already obtained

elsewhere); *see also Floeter v. City of Orlando*, 2007 WL 486633, at *6 (M.D. Fla. Feb. 9, 2007)

(finding that although missing emails were relevant to the plaintiff's case, they were not critical and

would have been cumulative).

      Sanctions for spoliation are appropriate only when there is evidence of bad faith.

*Flury v. Daimler Chrysler Corp.*, 427 at 944;  *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995).   In

this circuit, "[a] party's failure to preserve evidence" rises to the level of sanctionable spoliation

"only where the absence of that evidence is predicated on bad faith," such as where a party purposely

"tamper[s] with the evidence." *Bashir v. Amtrak*, 119 F.3d at 931; *see also Penalty Kick Mgmt. Ltd.*

*v. Coca Cola Co.*, 318 F.3d 1284, 1294 (11th Cir. 2003) (holding no adverse inference from missing

label because there was no indication of bad faith).

      Mere negligence in losing or destroying records is not enough for an adverse

inference instruction.  *Bashir v. Amtrak*, 119 F.3d 929, 931 (11th Cir. 1997).  *See also Cox v. Target*

---

[1]These elements mirror those under Florida law cited in the RR.  *See* DE 249 at 6.

*Corp.*, 351 F. App'x 381, 383 (11ᵗʰ Cir. 2009) (holding that "a jury instruction on spoliation of evidence is required only" when bad faith is responsible for the absence of the evidence).

Given the Eleventh Circuit's requirement that an adverse inference flowing from spoliation requires the presence of bad faith, **even grossly negligent discovery conduct does not justify that type of jury instruction**. *Preferred Care Partners Holding Corp. v. Humana, Inc.*, No. 08-20424-CIV, 2009 WL 982460, at *7 (S.D. Fla. Apr. 9, 2009) (Simonton, J.)(declining to order adverse inference even though party's performance in fulfilling discovery obligations was "clearly egregious" and even though the party's discovery failings "resulted from the grossly negligent oversights of counsel")(Emphasis Added).  For this reason, courts deny the requested instruction when no bad faith is shown. *Slattery v. Precision Response Corp.,* 167 F. App'x 139, 141 (11ᵗʰ Cir. 2006)(holding that employer's failure to produce documents did not justify an adverse inference because plaintiff had demonstrated "no evidence [of withholding] or tampering with any of the documents in bad faith"); *see also Penalty Kick Mgmt. Ltd. v. Coca Cola Co.*, 318 F.3d 1284, 1294 (11ᵗʰ Cir. 2003)(no evidence of bad faith in losing label at issue in lawsuit alleging improper disclosure of trade secrets).  In fact, district courts in this circuit regularly deny adverse inference requests even when there is an indisputable destruction of evidence. *Socas v. Nw. Mut. Life Ins. Co.*, No. 07-20336, 2010 WL 3894142 (S.D. Fla. Sept. 30, 2010) (denying motion to dismiss and for adverse inference jury instruction when doctor negligently failed to suspend her ordinary policy of purging inactive patient files after learning the information in those files was relevant to her disability claim); *Walter*, 2010 WL 2927962 (missing broken deck chair in lawsuit for injuries sustained when plaintiff's deck chair collapsed while he was a cruise ship passenger); *Atlantic Sea Co., S.A., v. Anais Worldwide Shipping, Inc.*, No. 08-23079-CIV, 2010 WL 2346665 (S.D. Fla. June

9, 2010) (Brown, J.)(failure to preserve spotlight and electrical wiring); *Calixto v. Watson Bowman Acme Corp.*, No. 07-60077-CIV, 2009 WL 3823390 (S.D. Fla. Nov. 16, 2009) (Rosenbaum, J.)(missing emails); see also *United States v. Barlow*, 576 F. Supp. 2d 1375, 1381 (S.D. Fla. 2008)(loss of PVC marker used to identify the location of a ship's grounding in a lawsuit brought by the government for damage to underwater sanctuary resources when defendant's boat ran aground).

Sanctions under Rule 37 of the Federal Rules of Civil Procedure similarly require a finding of bad faith.  The failure to preserve ESI permits harsh-type sanctions like an adverse inference "only upon finding that the party acted with the **intent to deprive** another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2) (Emphasis Added).  The advisory committee notes to the 2015 amendment to Rule 37 (which added the section for sanctions arising from failures to preserve ESI) explains that the "very severe measures" mentioned in subsection (e)(2) reject cases which "authorize the giving of adverse-inference instructions on a finding of negligence or gross negligence." Fed. R. Civ. P. 37 (advisory committee notes). The notes provide a policy theory for its position: negligent or even grossly negligent behavior "does not logically support" the "inference" that the missing or destroyed evidence "was unfavorable to the party responsible for loss or destruction of the evidence." *Id*.  In fact, the notes provide additional clarification for the provision requiring intent: "Information lost through negligence may have been favorable to either party, **including the party that lost it**, and inferring that it was unfavorable to that party may tip the balance at trial in ways the lost information never would have." *Id*. (Emphasis Added); *see, e.g., Living Color Enterprises, Inc. v. New Era Aquaculture, Ltd.*, No. 14-CV-62216, 2016 WL 1105297, at *6 n.6 (S.D. Fla. Mar. 22, 2016) (declining to impose Rule 37(e)(2) sanctions because there was no evidence that the defendant intentionally deleted text messages in order to

deprive the plaintiff of their use in the lawsuit, and observing that "intent to deprive" standard "may very well be harmonious with the 'bad faith' standard").

      **3.**      **Objections to Specific Findings.**

      Plaintiff objects to the magistrate's failure to find that: 1) missing evidence existed at one time; 2) any such missing evidence was crucial to the Defendant to be able to prove its *prima facie* case or defense; and, 3) Plaintiff acted in bad faith in discarding his crashed computer after it had become non-operational.  More specifically:

      A.      The RR makes no finding or conclusion that missing evidence existed at one time.  The RR correctly recites Defendant's contention regarding <u>possible</u> missing documents.  DE 249 at 3-4.  However, the magistrate made no finding that any of the purported missing documents ever actually existed.  The record reflects that Plaintiff declared that he was uncertain whether any of the unrecoverable files from his crashed computer related to this action.  *Id*. ¶7 at 4.  This is the only fact in evidence regarding the missing files.  Moreover, Defendant deposed Plaintiff on September 28, 2017, *id*. ¶10 at 3.  It could have inquired of him at that time whether any of the allegedly missing records ever existed but it either failed to do so, or failed to make a record of it in connection with its motion.  Because the RR fails to find that any case-related missing records existed at one time, the magistrate clearly erred in recommending adverse jury instructions.

      B.      The RR also correctly recites the legal standard that any missing evidence must be "crucial" to Defendant's case.  *Id*. at 6.  However, the magistrate then deviates from that standard when she misstates that law and concludes that an issue is "whether the missing evidence would have been **material**." *Id*. at 7 (Emphasis Added).  The magistrate does not explain why she considers the importance of the purportedly missing documents under "materiality" when the test

is whether the documents are "crucial."  Because the magistrate fails to find that any missing documents are crucial to Defendant, and fails to apply the correct legal standard, her RR is both clearly erroneous and contrary to law.

Even if the magistrate had applied the correct legal standard, none of the speculated missing documents is crucial to Defendant's case.  Crucial documents include the record contracts at issue, which Defendant authored solely, *see* DE 36-2, and for which there were no drafts; and copies of the works Plaintiff submitted to Defendant Elite - which Plaintiff produced to Defendant twice during discovery in different formats and which Elite also produced to Defendant (cumulative production).

C.      The magistrate never finds or concludes that Plaintiff acted in bad faith.  The magistrate found that Plaintiff "did not cause his computer to crash." DE 249 at 7.  She did state that at best, Plaintiff's conduct was "misleading, " DE 249 at 7, but neither the magistrate nor Defendant cites any authority that misleading conduct constitutes bad faith.  To the contrary, while the magistrate correctly states that negligence is not enough support bad faith, the "[p]laintiff had to fully appreciate the significance of the evidence to the litigation" *id*. (citation omitted), to be found to have acted in bad faith.  Despite the magistrate's understanding of the law, she did not make any finding that there was any evidence on the laptop that was significant to the litigation or that Plaintiff appreciated any such significance.  DE 249 ¶7 at 4 ("Plaintiff is unaware of the contents of the files he could not recover...[and] is unsure whether any of the unrecovered files were related to this action.").  The magistrate therefore clearly erred in granting the motion without any finding that Plaintiff acted in bad faith.  *See Atlantic Sea Co., S.A., v. Anais Worldwide Shipping, Inc.*; *Socas v. Nw. Mut. Life Ins. Co.*, *supra*.

The indisputable facts are that Plaintiff voluntarily informed Defendant on August 9, 2017 that "Plaintiff's records contained on his computer have been compromised in that his computer 'crashed' and documents might have been lost.  Plaintiff is producing what he has been able to recover."  DE 100-1 ¶7 at 6.  Not until September 28, 2017 did Defendant formally act on Plaintiff's information when it took his oral deposition.  At that deposition, Defendant had every opportunity to establish whether any allegedly missing documents ever existed and were crucial to its case.  It failed on both accounts.  Plaintiff made tremendous efforts to recover what he could from the computer, and was largely (70-80%) successful, DE 249 at 4; DE 163-1 ¶4 at 3, before the computer became non-operational.  Upon these facts, Plaintiff did not act in bad faith.

## CONCLUSION

Because the RR does not find that Plaintiff spoliated existing, crucial evidence in bad faith, the recommended adverse jury instructions are clearly erroneous or contrary to law. Plaintiff respectfully requests the court review the matter *de novo* and deny *in toto* Defendant's motion for terminating sanctions.

Respectfully submitted,

/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 10, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


s/Richard S. Ross
Richard S. Ross, Esq.

**SERVICE LIST**
**Dr. Jassin Jouria v. CE Resource, et al.**
**Case No.: 15-61165-CIV-DIMITROULEAS**
**United States District Court, Southern District of Florida**
**(Ft. Lauderdale Division)**

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Daniel Kappes, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
Kristen McKinney, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*


J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*