**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 0:15-cv-61165-WPD**

DR. JASSIN JOURIA

        Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

        Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

        Third Party Defendants.

_____/

**NETCE'S LIMITED OBJECTIONS TO REPORT AND RECOMMENDATION (DE 249)**
**REGARDING FORM OF RECOMMENDED RELIEF**

Pursuant to 28 U.S.C. § 636(b)(1), and S.D. Fl. Local Magistrate Rule 4(b), Defendant/ Third-Party Plaintiff, CE Resource, Inc. d/b/a CME Resource and NetCE's ("NetCE") respectfully files these limited objections to the Magistrate Judge's conclusions and recommended relief contained on pages 7-8 of the Magistrate's Report and Recommendation (DE 249) on NetCE's Motion for Terminating Sanctions (DE 149) ("Motion").

## INTRODUCTION[1]

NetCE files these objections because Dr. Jouria's actions, as found by the Magistrate Judge, warrant more severe sanctions than recommended by the Magistrate Judge.  Quite simply, Dr. Jouria's spoliation of evidence should result in the dismissal of his affirmative declaratory judgment claims, a more forceful adverse inference jury instructions, and the imposition of an attorney's fees award against Dr. Jouria for the time NetCE's counsel needed to expend because of Dr. Jouria's destruction of his computer.[2]

The Report and Recommendation found that NetCE met its burden of proof that Dr. Jouria was on notice of his duty to preserve evidence, and that he intentionally discarded the only computer he used for business purposes, "effectively preventing any records left on the hard drive from being retrieved forensically."  Report at p. 7.  The Magistrate further concluded that Dr. Jouria provided discovery responses "which were, at best, misleading because they suggested the possibility that more records might be retrieved in the future, when, in fact, the computer was no longer available."  *Id.*

---

[1] NetCE does not repeat here the full factual background, which is available to the Court in NetCE's Motion, exhibits, and the Transcript of the hearing.  *See* DE's 149 (Motion), 150 (declaration in support of Motion), and Transcript at pp. 50-63 (DE 262).

[2] All of these sanctions were requested in the Motion.  See DE 149 at p. 12.

2

**ARGUMENT**

Based upon the record and the Magistrate's findings, this Court should impose sanctions more severe than the limited jury instruction now recommended.  Pursuant to Local Magistrate Rule 4(b), NetCE does not object to Magistrate's Snow's factual findings, but rather, only objects to the remedies portion of the Report at pages 7-8.  Given Judge Snow's detailed factual findings, NetCE is entitled to a dismissal of Dr. Jouria's declaratory judgment claims, a more forceful adverse inference jury instruction, and an award of attorney's fees for Dr. Jouria's wrongful behavior.

This Court unquestionably has authority to impose the requested sanctions.[3]  Federal Rule of Civil Procedure 37(e)(2) provides specific authority to impose appropriate sanctions following a finding that Dr. Jouria acted with intent to deprive NetCE the use of electronically stored information in this action:

> (e)  Failure to Preserve Electronically Stored Information:  If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> …[4]
>
>     (2)  only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>         (A)  presume that the lost information was unfavorable to the party;
>         (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>         (C) dismiss the action or enter a default judgment.

It is clear that when litigation is reasonably anticipated, a party has an obligation to retain

---

[3]  NetCE's motion invoked the Court's inherent authority, but also referenced Rule 37 at the bottom of page 9 of the Motion (DE 149).

[4]  Subsection e(1) concerns situations where prejudice to NetCE could be cured, which is not the case here.  The record herein shows that the disposal of the hard drive of the computer eliminated the ability to cure any prejudice from the loss of metadata from relevant files.

evidence that they know or reasonably should have known to be relevant in the action, to be reasonably calculated to lead to the discovery of admissible evidence, and/or to be reasonably likely to be requested during discovery. *See United Bank Card, Inc. v. Powermedica, Inc.*, 2007 WL 9700504 at *10 (S.D. Fla. Dec. 20, 2007).  In addition, the Advisory Committee Notes to the 2015 Amendments to Federal Rule of Civil Procedure 37 recognize this common law duty. See p. 182 of 2018 Edition of Federal Civil Judicial Procedure and Rules (Thomson Reuters 2018).

The record in this case (confirmed by Magistrate Snow) indisputably proves that Dr. Jouria violated this duty with regard to the electronically stored information (ESI) that only existed on his computer—the computer that he intentionally discarded during this litigation.  The ESI Dr. Jouria destroyed goes to the heart of the issues in this dispute, that Dr. Jouria made only non-material changes to the courses he had previously sold to NetCE and then submitted to Defendant Elite.  However, this ESI (including metadata) has been irretrievably lost by Dr. Jouria.  Dr. Jouria's failure to preserve evidence prejudiced NetCE because he destroyed his computer containing evidence crucial to NetCE's case, and an adverse inference instruction is therefore warranted.  But even in the absence of prejudice, the finding that Dr. Jouria intentionally discarded his computer is sufficient under Rule 37(e)(2) to warrant serious and meaningful sanctions against him.

These sanctions should include the dismissal of Dr. Jouria's Declaratory Relief claims for non-infringement of copyright and non-breach of contracts with prejudice.  This sanction still permits Dr. Jouria to defend against NetCE's affirmative claims for copyright violations and breach of contract, but precludes him from obtaining any relief himself—a fair outcome considering he discarded the only piece of electronic evidence that shows exactly what changes

he made to the articles and when he made those changes after submitting them to NetCE and just before he submitted them to Elite.

In addition, NetCE should be awarded the entirety of its attorney's fees and costs attributable to Jouria's evidence destruction, including all fees and costs associated with bringing and arguing the Motion. The Magistrate's Report did not opine one way or another regarding the imposition of fees, yet fees were requested as part of the Motion, and given that relief was granted in the form of an adverse jury instruction, fees should be awarded as well. This Court should award NetCE entitlement to such fees and direct NetCE to follow the procedures in Local Rule 7.3 for the filing of a motion seeking a specific amount of fees.

Finally, as recommended by the Magistrate Judge, NetCE is entitled to an adverse jury instruction. NetCE does not propose any changes to Judge Snow's first two instructions. It does request Judge instructions 3 and 4 be slightly modified (with modifications in *italics*). Finally, NetCE requests the jury also be informed of instructions 5 and 6:

1. Dr. Jouria was served with a cease and desist order dated April 9, 2015, advising him of his duty to preserve evidence.[5]

2. This lawsuit was initiated on June 2, 2015.

3. Dr. Jouria *intentionally* discarded his computer in June 2017, allegedly because it had crashed and he was unable to recovery anything further from it.

4. Written discovery was served upon Dr. Jouria by NetCE in August *and September* of 2017, *with Dr. Jouria signing discovery responses indicating that his computer had "crashed," and stating that further supplementation of his responses was forthcoming.*

---

[5] This letter to Dr. Jouria was called a Litigation Hold Notice, but for purposes of the jury instruction, Judge Snow's language is more descriptive and informative for the jury.

5. Dr. Jouria did not admit to NetCE that he threw away his computer until September 28, 2017, months after its destruction.

6. You may presume the evidence Dr. Jouria disposed of was both relevant and favorable to NetCE's claims and defenses.

## CONCLUSION

This Court should affirm Judge Snow's factual findings but amend her recommendations regarding the scope of sanctions against Dr. Jouria.  This Court should enter an order granting NetCE's Motion based upon the factual findings of Judge Snow, and direct sanctions in the form of 1) dismissal with prejudice of Dr. Jouria's declaratory judgment claims for non-infringement of copyright and non-breach of contract; 2) an award of entitlement to attorney's fees to NetCE and against Dr. Jouria for bringing the Motion; and 3) a detailed adverse jury instruction including the portions recommended by Judge Snow, plus the additional instructions spelled out in the preceding paragraph of these Objections.


Dated: April 10, 2018                                      Respectfully submitted,

                                                           HOLLAND & KNIGHT LLP

                                                           */s/ Philip E. Rothschild*
                                                           Philip E. Rothschild
                                                           Florida Bar No. 0088536
                                                           Email: phil.rothschild@hklaw.com
                                                           HOLLAND & KNIGHT LLP
                                                           515 East Las Olas Blvd., 12th Floor
                                                           Fort Lauderdale, FL 33301
                                                           Telephone: (954)525-1000
                                                           Facsimile: (954)463-2030

                                                           */s/ John P. Kern*
                                                           John P. Kern, Esq. (pro hac vice)
                                                           Email: john.kern@hklaw.com
                                                           Daniel Kappes, Esq. (pro hac vice)
                                                           Email: daniel.kappes@hklaw.com

Case 0:15-cv-61165-WPD   Document 264   Entered on FLSD Docket 04/10/2018   Page 7 of 7

HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC.
d/b/a CME RESOURCES and
NetCE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 10, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Philip E. Rothschild*
Philip E. Rothschild

## SERVICE LIST

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC MAIL SERVICE]**

Peter A. Chiabotti, Esq.
Kristin McKinney, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

#56256280_v3