**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:15-61165-WPD**

DR. JASSIN JOURIA,

      Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME Resource and NetCE,

      Defendant/Counter-Plaintiff/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC. and ALPINE
MANAGEMENT SERVICES,

      Third Party Defendants.

_____/

## ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the March 27, 2018 Report and Recommendation of Magistrate Judge Lurana S. Snow (the "Report") [DE 249]. The Court has conducted a *de novo* review of CE Resource, Inc. d/b/a CME Resource and NetCE's Motion for Terminating Sanctions (the "Motion") [DE 149], the Report [DE 249], Plaintiff's Objections [DE 263], NetCE's Objections [DE 264], and is otherwise fully advised in the premises. The Magistrate Judge recommended the Motion [DE 149] be granted in party and that the Court inform the jury that: (1) Dr. Jouria was served with a cease and desist order dated April 9, 2015, advising him of his duty to preserve evidence; (2) that this lawsuit was initiated on June 2, 2015; (3) that written discovery was propounded by NetCE in August of 2017; and (4) that Dr. Jouria discarded his computer in June of 2017, because it had crashed and he was unable to recover anything further

form it. *See* [DE 249]. Judge Snow did not find that Plaintiff's action for declaratory judgment should be dismissed, nor did she find that NetCE was entitled to attorneys' fees.

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and the Objections to Magistrate Judge's Report and Recommendation.

The Court finds adopts the Report's recommendation in part only as to Judge Snow's recommendation that Plaintiff's declaratory judgment action should not be dismissed. The Court finds that Judge Snow's recommended jury instruction is persuasive but not controlling. The Court will determine the appropriate jury instructions at trial after the opportunity to hear testimony and arguments of counsel. The Court defers ruling on whether NetCE should be awarded attorneys' fees.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The March 27, 2018 Report and Recommendation of Magistrate Judge Lurana S.

       Snow [DE 249] is hereby **APPROVED in part** only as to the recommendation that Plaintiff's action for declaratory judgment remains pending;

2.    Plaintiff's Objections [DE 263] are **OVERRULED**;

3.    NetCE's Objections [DE 264] are **OVERRULED**;

4.    The Motion [DE 149] is **DENIED without prejudice;** and

5.    At trial, NetCE can renew its arguments **only** as to the jury instructions and attorneys' fees.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of April, 2018.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

cc: All counsel of record