UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61165-CIV-DIMITROULEAS/Snow

DR. JASSIN JOURIA,

    Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC., d/b/a CME Resource and NetCE,

    Defendant/Counter-Plaintiff/Third Part Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC.,

    Third Party Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Third Party Defendant Elite Professional Education, LLC's Motion to Strike Supplemental Report of James E. Pampinella (ECF No. 250), which was referred to Lurana S. Snow, United States Magistrate Judge.  The motion is ripe for consideration and a hearing was held before the undersigned on April 17, 2018.  This Order memorializes the Court's ruling from the bench.

## BACKGROUND

On June 2, 2015, Plaintiff Jassin Jouria, filed this action for declaratory judgment of non-infringement of alleged copyrights against NetCE, a California corporation for which Dr. Jouria provided medical research and writing services pursuant to contract.  NetCE threatened litigation when Dr. Jouria utilized the same research to prepare new articles which he sold to a third party. (ECF No. 1)  On October 6, 2015, NetCE filed its counterclaim alleging copyright infringement, breach of contract, and unfair business practices under California law.  (ECF No. 10)  On the same date, NetCE moved to dismiss the complaint and transfer venue to the Eastern District of California.

(ECF No. 11)  On October 23, 2015, Dr. Jouria notified the Court that he had filed for bankruptcy protection, and on October 26, 2015, the Court stayed this action. (ECF Nos. 17, 18)  The stay was lifted on June 15, 2016, after Dr. Jouria notified the Court that his bankruptcy petition had been dismissed.  (ECF Nos. 24, 25)

On October 21, 2016, NetCE, with leave of court, filed an amended answer, counterclaim and its third party complaint against Alpine Management Services and Elite Continuing Education. (ECF No. 36)  Both third party defendants moved to dismiss. (ECF Nos. 41, 43).  On January 11, 2017, the Court again stayed the case owing to Dr. Jouria's second bankruptcy filing.  Ultimately, on April 21, 2017, the bankruptcy stay was lifted, and on the same date, NetCE voluntarily dismissed its third party complaint against Alpine Management Services. (ECF Nos. 63, 64)

NetCE's third party complaint against Elite Continuing Education for copyright infringement and misappropriation of trade secrets remains pending.  On December 5, 2017, NetCE and Elite stipulated to the dismissal of NetCE's tortious interference with contractual relations claim against Elite.  (ECF No. 168)  NetCE alleges that Dr. Jouria published articles with Elite, a competitor, that he was under contract to prepare for NetCE.  NetCE's also alleges that after it entered into Freelance Writer Agreements with Dr. Jouria, it discovered that Dr. Jouria was involved in a lawsuit with the Education Commission for Foreign Medical Graduates, which revealed that Dr. Jouria submitted false letters of recommendation with his application to them.  The counterclaim also points to other red flags concerning Dr. Jouria's credentials, including the representation on his resume that he attended medical school at Ross University in New Jersey, actually an off-shore medical school in the Dominican Republic, and that although he has a medical degree, he has not completed medical residency in the U.S.

On January 5, 2018, the parties jointly requested a 90 day continuance of all deadlines so that they may pursue global settlement discussions.  (ECF No. 211)  On January 9, 2018, the

Court granted them 30 days, and on January 30, 2018, another 45 days. (ECF Nos. 220 and 233). On February 9, 2018, a Mediation Report was filed indicating that the parties had reached an impasse. (ECF No. 235) The trial period is set to commence on May 29, 2018. (ECF No. 233)

On January 8, 2018, Elite filed a Daubert motion challenging the proposed expert testimony of James E. Pampinella. (ECF No. 217) Pursuant to the Court's most recent order staying the deadlines in this case, NetCE's response to the motion was due on March 26, 2018. (ECF No. 233) On March 22, 2018, NetCE served the Supplemental Expert Report of James Pampinella.

Elite now moves to strike Mr. Pampinella's supplemental report. According to Elite, the report, which it contends contains new opinions, analysis, facts and data, is untimely, is not a proper supplement, and even if a proper supplement, its late disclosure was not substantially justified or harmless. Elite contends that the supplemental report is a transparent attempt by NetCE to salvage a deficient initial report with information that has previously been available to NetCE.

NetCE contends that the supplement is timely, and rather than containing new opinions, takes into consideration newly discovered evidence that was unavailable at the time of the initial report. NetCE argues that even if the supplement were late, its lateness was substantially justified or harmless.

## **ANALYSIS**

Fed.R.Civ.P. 26(a)(2) governs the disclosure of expert testimony. Absent stipulation or a court order, such disclosures must be made at least 90 days prior to trial and the parties must supplement their disclosures when required under Rule 26(e). Fed.R.Civ.P. 26(a)(2)(D) and (E). Fed.R.Civ.P. 26(e) requires parties to supplement disclosures made pursuant to Rule 26(a) "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. . . . " For an expert required to disclose a report, any additions or changes must be disclosed by the time the party's pretrial

disclosures under Rule 26(a)(3) are due.  Fed.R.Civ. P. 26(e)(2).  Rule 26(a)(3) pretrial disclosures are due at least 30 days prior to trial, unless the court orders otherwise.

"[A] party cannot abuse Rule 26(e) and use a supplement to 'merely bolster a defective or problematic expert witness report,'" however. Companhia Energetica Potiguar v. Caterpillar Inc., 2016 WL 3102225, at *6 (S.D. Fla., Jun. 2, 2016).  Supplemental reports are permitted "for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report." Potish v. R.J. Reynolds Tobacco Company, 2017 WL 5952892, at *3 (S.D. Fla., Nov. 30, 2017). citing Caterpillar Inc., 2016 WL 3102225 at *6.  Rule 26(e) "is not a device to allow a party's expert to engage in additional work, or to annul opinions or offer new ones to perfect a litigating strategy." Cochran v. Brinkman Corp., 2009 WL 4823858, at * 5 (N.D. Ga., Dec. 9, 2009).  Nor should Rule 26(e) be used to circumvent deadlines otherwise set by the court. Id. at *7.  The purpose of the rule is to safeguard against surprise. Kendall Lakes Towers Condo. Ass'n v. Pac. Ins. Co., 2011 WL 6372198, at *3 (S.D. Fla., Dec. 20, 2011).

Fed.R.Civ.P. 37(c)(1) empowers the court to strike an expert's testimony where a party has failed to comply with Rule 26(a) or (e) unless the failure was "substantially justified or harmless."  It is the nondisclosing party's burden to establish that a late disclosure was substantially justified or harmless. Mitchell v. Ford Motor Co., 318 Fed.Appx. 821, 824 (11th Cir. 2009).  Untimely expert reports are routinely stricken, "even if the consequence is to preclude a party's entire claim or defense." United States v. Marder, 318 F.R.D. 186, 191 (S.D. Fla., Jul. 8, 2016).  citing Warren v. Delvista Towers Condo. Ass'n, Inc., 2014 WL 3764126, at *1 (S.D. Fla., Jul. 30, 2014).

Because Mr. Pampinella's supplement was served more than 30 days prior to trial which is set to commence at the end of May, it was timely, assuming it was a proper supplement. See K & H Development Group, Inc., 255 F.R.D. 562, 566 (N.D. Fla., Jan. 16, 2009).  The question remains however, whether Mr. Pampinella's supplemental report qualifies as the kind of supplement contemplated by Rule 26(e).

NetCE argues that the supplement is proper because Mr. Pampinella did not change his opinion or methodology. Instead, he merely cited more evidence in support of his opinion. Although NetCE contends that it utilized newly discovered evidence to supplement, it cites only the deposition of its own Rule 30(b)(6) witness, and discovery produced late by Elite, which it reviewed, but did not utilize in the supplement. The additional information which actually was utilized in the supplement all appears to come from NetCE and to have been available from the outset. NetCE has failed to articulate how Mr. Pampinella's supplement does anything other than improperly bolster his earlier opinion. This use of supplementation is outside of the narrow purpose of correcting inaccuracies or adding information not previously available. See Boca Raton Community Hosp., Inc. v. Tenet Healthcare Corp., 2006 WL 5309506, at *3 (S.D. Fla., Oct. 18, 2006).

The only remaining issue is whether the late disclosure of this "supplement" was substantially justified or harmless. The undersigned notes that a Daubert motion challenging Mr. Pampinella's original report is fully briefed and the case is set for the trial docket commencing on May 29, 2018. Where, as is the case here, the information relied upon in the purported supplement previously was available to Mr. Pampinella, it cannot be said that its late disclosure was substantially justified. Although NetCE suggests that permitting Elite to depose Mr. Pampinella outside of the discovery cut-off would cure any prejudice, the Court agrees with Elite that at this late stage it would not, particularly in light of the fact that discovery from third parties upon whom Mr. Pampinella relied likely would be necessary. Being fully advised, it is hereby

ORDERED AND ADJUDGED that Third Party Defendant Elite Professional Education, LLC's Motion to Strike Supplemental Report of James E. Pampinella (ECF No. 250) is GRANTED.

DONE AND ORDERED at Fort Lauderdale, Florida, this 18th day of April, 2018.

Copies to:
All Counsel of Record and Pro Se Parties

*[signature]*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE