**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:15-61165-WPD**

DR. JASSIN JOURIA,

       Plaintiff/Counter-Defendant,

v.

CE RESOURCE, INC. d/b/a CME Resource and NetCE,

       Defendant/Counter-Plaintiff/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC. and ALPINE
MANAGEMENT SERVICES,

       Third Party Defendants.
_____/

## ORDER DENYING APPEAL OF MAGISTRATE ORDER

THIS CAUSE is before the Court upon Plaintiff's Objections to and Partial Appeal of Magistrate Judge Snow's Omnibus Order [DE 244], [DE 257] (the "Appeal"), filed herein on April 3, 2018 which seeks to appeal a March 26, 2018 Order issued by Magistrate Judge Snow [DE 244]. The Court has carefully considered Judge Snow's Order [DE 244], the Appeal [DE 257], Plaintiff's Response in Opposition [DE 270], the parties briefs underlying Judge Snow's Order, and is otherwise fully advised in the premises.

A magistrate judge is permitted to hear and determine any non-dispositive pretrial matter pending before the court, including discovery matters, and the decision of the magistrate judge is a final decision. 28 U.S.C. § 636(b)(1)(A). If a party objects to the magistrate judge's order, a district court may set aside or modify the order only if the district court finds that the magistrate's order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); S.D. Fla. Mag. R. 4(A). A finding is clearly erroneous when "although there is

evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Pullman-Standard v. Swint*, 456 U.S. 273, 285 n. 14 (1982); *see also Johnson v. Hamrick*, 296 F. 3d 1065, 1074 (11th Cir. 2002). The question for the reviewing court is not whether the finding is the best or only conclusion that can be drawn from the evidence. Instead, the test is whether there is evidence in the record to support the lower court's findings, and whether its construction of that evidence is a reasonable one. *Heights Comty. Congress v. Hilltop Realty, Inc.*, 774 F. 2d 135, 140-41 (6th Cir. 1985).

Plaintiff appeals two parts of Judge Snow's Order. The appeal relates to Judge Snow's denial of: (1) Plaintiff's motion for protective order [DE 148] and motion to quash [DE 161], and the related request to take judicial notice [DE 239]—regarding a non-party subpoena issued by Defendant to the Educational Commission for Foreign Medical Graduates ("ECFMG"); and (2) Plaintiff's motion to strike Defendant's expert and report as untimely, [DE 156]. Plaintiff requests an order sustaining his objections, granting Plaintiff protection from the ECFMG subpoena, striking James E. Pampinella as an expert witness, and excluding his report from use in this action.

Plaintiff argues that evidence related to Dr. Jouria's dispute with ECFMG will not be admissible in this action. Plaintiff may raise those arguments as a Motion in Limine; the Court will not disturb Judge Snow's findings relevant to the ECFMG subpoena because those findings are not clearly erroneous or contrary to law. Similarly, the Court does not find error in findings relevant to Pampinella's inclusion as an expert witness.

Upon this Court's independent review, and having carefully considered the parties' arguments, Plaintiff has not met the burden of demonstrating that Magistrate Judge Snow's

March 26, 2018 Order [DE 244] was clearly erroneous or contrary to law. Accordingly, the Court will affirm Judge Snow's Omnibus Order.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Appeal [DE 257] is **DENIED**;

2. Magistrate Judge Snow's Order [DE 244] is hereby **AFFIRMED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of April, 2018.

WILLIAM P. DIMITROULEAS
United States District Judge

cc: All counsel of record