UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 0:15-61165-WPD**

CE RESOURCE, INC. d/b/a CME Resource and NetCE,

    Plaintiff,

v.

DR. JASSIN JOURIA, and ELITE PROFESSIONAL EDUCATION, LLC.,

    Defendants.
_____/

DR. JASSIN JOURIA,

    Counter-Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME Resource and NetCE,

    Counter-Defendant,
_____/

**DEFENDANT ELITE PROFESSIONAL EDUCATION, LLC'S
MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE AND ARGUMENT
REGARDING DAMAGES FOR TRADE SECRET MISAPPROPRIATION
AND INCORPORATED MEMORANDUM OF LAW**

*ORAL ARGUMENT REQUESTED*

Pursuant to Fed. R. Civ. P. 26(a)(1)(a)(iii), 26(a)(2)(B), and 37(c), Defendant Elite Professional Education, LLC ("Elite") hereby moves *in limine* to preclude Plaintiff CE Resource, Inc. d/b/a CME Resource and NetCE ("NetCE") from eliciting testimony or presenting any evidence or argument regarding any theory of damages for its claim of trade secret misappropriation. NetCE—to this day—has never provided a computation of damages for its trade secret claim. In recent pretrial discussions between counsel, NetCE admitted that it still does not have a trade secret damages computation but instead plans to compute damages for the first time at trial. Given NetCE's failure to identify a trade secret damages theory or provide a computation as required in its initial disclosures and verified interrogatory responses, Elite submits that NetCE should be precluded from seeking damages for trade secret misappropriation at trial, and that its remedy for this claim should be limited to injunctive relief.

## MEMORANDUM OF LAW

### INTRODUCTION

In its Third-Party Complaint filed in October 2016, NetCE asserted three claims for relief against Elite. One of those claims having since been dismissed, the causes of action that remain pending against Elite are for (1) copyright infringement and (2) trade secret misappropriation. (DE 36, ¶¶ 82-86, 126-138). In seeking monetary damages from Elite, NetCE has provided a damages theory and computation <u>solely for its copyright infringement claim</u>, namely, a theory of lost profits based on the notion that Elite's publication of the Accused Courses deprived NetCE of the opportunity to publish the Jouria Articles and earn revenue on those materials. (DE 36, ¶¶ 69, 70, 133).[1]

At no point has NetCE provided any computation of damages for its claim of trade secret misappropriation. Nor does NetCE dispute this point. In a pretrial teleconference held among counsel for the parties on May 9, 2018, counsel for NetCE acknowledged that it has only provided

---

[1] In its initial disclosures and throughout discovery, NetCE's damages contentions have been exclusively limited to its claim for copyright infringement, arising from Elite's publication of the Accused Courses. For example, in its Initial Disclosures and interrogatory responses, NetCE stated that it suffered "$35 million dollars of lost revenue attributable entirely to Elite's infringement for the first year of circulation of each course alone." (<u>Exhibit A</u>, NetCE's Initial Disclosures, pp. 5-6; DE 188-9, NetCE's Responses to Interrogatory No. 8). Moreover, on November 16, 2017, NetCE served the report of James Pampinella, in which Mr. Pampinella opined that NetCE's lost profits arising from Elite's publication of the Accused Courses were in the amount of $7.1 million. (*Id.* at ¶¶ 32, 49-50).

1

a computation of damages for its copyright claim, and that its damages expert, Mr. Pampinella, has offered an opinion <u>only on damages for NetCE's copyright claim</u>. During this recent teleconference, counsel for NetCE contended that NetCE was under no obligation to provide a damages computation for each claim, and stated that trade secret damages "will be computed at trial through testimony and documents." To the extent NetCE wishes to seek monetary damages on its trade secret claim, it was obligated to provide a computation in its Initial Disclosures, in its verified responses to interrogatories seeking damage calculations, or in some timely supplement thereto. NetCE did none of the above.

Considering nearly identical facts, the Court of Appeals for the Eleventh Circuit has found that exclusion of damages is appropriate when a party fails to disclose a theory or computation of damages. Given the mandatory disclosure requirements of Rule 26(a)(1)(A)(iii), NetCE's obligations in responding to interrogatories on damages, and the remedy of exclusion mandated by Rule 37(c), NetCE should be precluded from eliciting testimony or offering evidence or argument at trial regarding any theory (or calculation) of damages for trade secret misappropriation. To the extent NetCE prevails on any part of its trade secret claim, its remedy should be limited to injunctive relief.

**ARGUMENT**

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires parties to disclose, without awaiting a discovery request, "a computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Rule 37(c)(1) mandates that a party be precluded from using at trial any information not timely disclosed in discovery: "If a party fails to provide information…as required by Rule 26(a) or (e), the party is not allowed to use that information…at a trial, unless the failure was substantially justified or is harmless."

NetCE's Initial Disclosures, served on October 4, 2017, make no mention of damages for trade secret misappropriation, much less any computation of such damages. (*See* Exhibit A). The only computation of damages provided was one for NetCE's claims of copyright infringement, specifically, "Lost Revenue" attributable to the alleged infringement and "Unrealized Costs"

related thereto. (*Id.* at 5-6).² Nor did NetCE provide any computation of damages for trade secret misappropriation in its verified responses to Elite's interrogatories, which requested that NetCE explain the bases for its damages claims. More specifically, in its Interrogatory No. 7, Elite requested the following:

> Explain how You have been damaged, if at all, by Elite's alleged conduct as set forth in the Third Party Complaint, **including a calculation of any monetary damages You believe You have suffered**.

(DE 188-9, Interrogatory No. 7) (emphasis added). In its verified responses, NetCE provided analysis and computations only for its claim of copyright infringement arising from Elite's publication of the Accused Courses. (DE 188-9, NetCE's Verified Responses to Interrogatory Nos. 7, 8). Nowhere in its verified interrogatory responses does NetCE provide any analysis or computation of damages pertaining to alleged trade secret misappropriation. At no point in discovery did NetCE provide any evidence related to the value of its "strategies for the marketplace, industry reports regarding competitors, the competitive landscape, and consumer needs, [] process for curating courses, and [] financial performance data," from which a trade secret damages amount could be calculated. *See AlphaMed Pharms. Corp. v. Arriva Pharms., Inc.*, 432 F. Supp. 2d 1319, 1336 (S.D. Fla. 2006) ("The FUTSA specifically provides for the types of damages recoverable in a claim for misappropriation of trade secrets[:] actual loss and unjust enrichment, or, in their absence, a reasonable royalty."). Indeed, with trial now just weeks away, Elite still has no idea of even what *type* of trade secret damages NetCE may attempt to pursue at trial (actual loss, unjust enrichment, or reasonably royalty), much less any computation or the bases for one.³

---

² On April 27, 2018, NetCE served a "Supplement" to its Initial Disclosures. However, this supplement merely lists "additional persons with knowledge," and does not disclose any additional damages computation.

³ During the aforementioned pretrial teleconference among counsel, NetCE's counsel suggested that its undisclosed computation of trade secret damages will be based in part on allegedly "late-produced" financial documents from Elite (though he did not disclose which particular financial documents would be used). The only financial document produced by Elite after the close of discovery is one spreadsheet showing Elite's costs and expenses, produced on December 15, 2017. (*See* DE 256, ¶¶ 24, 26). All of Elite's other financial documents were produced during the discovery period. Even if this one spreadsheet was relevant to any claim for trade secret damages, NetCE has had it (and all of Elite's other financial documents) in its possession for months. Given

3

The Court of Appeals for the Eleventh Circuit has confirmed that when a party fails to properly identify a category of damages or provide the calculations underlying it, exclusion is an appropriate remedy under Rule 37(c). *Mee Industries v. Dow Chemical Co.*, 608 F.3d 1202, 1221-22 (11th Cir. 2010) (affirming district court's exclusion of evidence relating to proposed theory of damages not included in initial disclosures or response to interrogatory directed to claims of damages); *see also Mirabilis Ventures, Inc. v. Rachlin Cohen & Holtz, LLP*, 2011 U.S. Dist. LEXIS 82758 (S.D. Fla. July 28, 2011) (granting motion *in limine* to exclude evidence of undisclosed damages). In *Mee*, the Eleventh Circuit considered a damages disclosure (or lack thereof) similar to that presented here:

> [Plaintiff's] initial disclosure did not include 'loss of goodwill' as a category of damages. During discovery, [defendant] propounded an interrogatory in which [plaintiff] was asked to identify any other claims of damages beyond the alleged lost sale…. In its response, [plaintiff] failed to identify 'loss of goodwill' as a category of damages. [Plaintiff] did not enumerate 'loss of goodwill' as a category of damages until the Joint Pretrial Statement. Moreover, **[plaintiff] never provided [defendant] a calculation for its alleged loss of goodwill damages**.

*Mee*, 608 F.3d at 1221 (emphasis added). As part of this analysis, the *Mee* court cited with approval *Design Strategy, Inc. v. Davis*, a decision issued by the Court of Appeals for the Second Circuit, affirming the district court's finding that the plaintiff failed to comply with its obligation to disclose a computation of damages:

> [N]owhere did [plaintiff] ever disclose "lost profits" as even a "category" of "damages" sought on its Initial Disclosure Statement. Although [plaintiff's] Complaint does include a generic reference to "damages" in its Initial Disclosure, plaintiff omitted any reference to its own lost profits as a measure of recompense, focusing instead on "monies earned" by the defendants. Moreover, the Record does not reflect any supplemental disclosures as required by Rule 26(e) of the Federal Rules of Civil Procedure. The defendants were, therefore, without notice that such claims would be an issue until they were provided, shortly before the commencement of trial….
> [B]y its very terms Rule 26(a) requires more than providing -- without any explanation -- undifferentiated financial statements; **it requires a "computation,"** supported by documents.
> Rule 26(a) requires a party to provide a computation of any category of damages voluntarily, i.e., "without awaiting a discovery request"; [plaintiff's] failure to comply with this requirement was especially troubling because, as noted by the

---

the supplementation requirements of Rule 26(e), Elite's production of documents in late 2017 provides no basis for NetCE's continued refusal to disclose a trade secret damages computation.

4

> District Court, [defendants] specifically requested a calculation of damages [in interrogatories].

469 F.3d 284, 295 (2d Cir. 2006) (emphasis added).

There is no dispute that NetCE has disclosed a computation of damages only for its claim of copyright infringement. NetCE's own counsel has conceded as much, claiming that "it will be computed at trial through testimony and documents." In view of the mandatory disclosure requirements of Rule 26(a)(1)(A)(iii), NetCE's discovery obligations in responding to interrogatories, and the absence of any supplemental disclosures or discovery responses, Elite respectfully submits that, consistent with the Eleventh Circuit precedent cited above, NetCE should be precluded from introducing evidence, testimony, or argument at trial regarding any theory of damages for its trade secret claim.

## CONCLUSION

Elite respectfully requests that the Court enter an order precluding NetCE from eliciting testimony or presenting evidence or argument regarding any damages for its claim of trade secret misappropriation, and limiting NetCE's remedy on this claim to injunctive relief.

## **Request for Hearing**

Pursuant to Local Rule 7.1(b)(2), Elite requests a hearing on this motion. Elite respectfully submits that this motion presents an important evidentiary challenge on a material issue that directly affects the respective positions of the parties in the scheduled trial of this case. Elite believes that the Court's decision making process will be aided by hearing from Elite prior to any ruling. Elite estimates that 15 minutes will be needed for oral argument on this motion.

## **Certificate of Good Faith Conference**

Pursuant to Local Rule 7.1(a)(3)(A), on May 9, 2018, counsel for Elite conferred with counsel for NetCE and Dr. Jouria about this motion via email. Counsel made a good faith effort to resolve the issues raised in the motion and were unable to do so.

5

Dated: May 11, 2018

Respectfully submitted,

/s/ Peter A. Chiabotti
Peter A. Chiabotti
Florida Bar No. 0602671
Kristen M. McKinney
Florida Bar No. 96677
AKERMAN LLP
peter.chiabotti@akerman.com
kristen.mckinney@akerman.com
777 South Flagler Driver
Suite 1100, West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Facsimile: (561) 659-6313

J. Mark Wilson (*pro hac vice*)
markwilson@mvalaw.com
Kathryn G. Cole (*pro hac vice*)
katecole@mvalaw.com
Minnie Kim (*pro hac vice*)
minniekim@mvalaw.com
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-1000
Facsimile: (704) 331-1159
*Attorneys for Third Party Defendant*
*Elite Professional Education, LLC*

**Certificate of Service**

      I hereby certify that on May 11, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

      /s/Peter A. Chiabotti
      Peter A. Chiabotti

**Service List**

Richard S. Ross
915 SE 2nd Court
Fort Lauderdale, FL 33301
Telephone: (954) 252-9110
Fax: (954) 252-9192
Email: prodp@ix.netcom.com
*Attorney for Defendant and Counter-Plaintiff Dr. Jassin Jouria*

Philip E. Rothschild
Holland & Knight, LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 525-1000
Fax: (954) 463-2030
Email: phil.rothschild@hklaw.com
*Attorneys for Plaintiff and Counter-Defendant CE Resource, Inc. d/b/a CME Resource and NetCE*

John P. Kern
Jessica E. Lanier
Daniel P. Kappes
David I. Holtzman
Holland & Knight, LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415) 743-6900
Fax: (415) 743-6910
Email: john.kern@hklaw.com
Email:  jessica.lanier@hklaw.com
Email: daniel.kappes@hklaw.com
Email: david.holtzman@hklaw.com
*Attorneys for Plaintiff and Counter-Defendant CE Resource, Inc. d/b/a CME Resource and NetCE*

Peter A. Chiabotti
Florida Bar No. 0602671
Kristen M. McKinney
Florida Bar No. 96677
Akerman LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Fax: (561) 659-6313
Email: peter.chiabotti@akerman.com
Email: kristen.mckinney@akerman.com
*Attorneys for Defendant Elite Professional Education, LLC*

J. Mark Wilson (*pro hac vice*)
Kathryn G. Cole (*pro hac vice*)
Minnie Kim (*pro hac vice*)
Moore & Van Allen PLLCS
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-1000
Fax: (704) 331-1159
Email: markwilson@mvalaw.com
Email: katecole@mvalaw.com
Email: minniekim@mvalaw.com
*Attorneys for Defendant Elite Professional Education, LLC*