# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 0:15-cv-61165-WPD**

DR. JASSIN JOURIA

        Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCES
and NetCE,

        Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCES
and NetCE,

        Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

        Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCES
and NetCE,

        Defendant/Third Party Plaintiff,

v.

ELITE CONTINUING EDUCATION, INC. and ALPINE
MANAGEMENT SERVICES III, LLC,

        Third Party Defendants.

_____

**CE RESOURCE, INC. d/b/a CME RESOURCES**
**and NetCE's INITIAL DISCLOSURES**

Defendant and Third Party Plaintiff CE Resource, Inc. d/b/a CME Resources and NetCE ("NetCE") by its attorneys, provides the following disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

**Reservations**

These initial disclosures are based on the information reasonably available to NetCE at this time. NetCE reserves the right to clarify, amend, or supplement the information contained in these intial disclosures in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. NetCE thus reserves the right to make additional disclosures, including the identification of persons with knowledge and additional documents, as informaiton and documents become available. NetCE also reserves the right to remove from these disclosures any individual in the event NetCE learns that the information known by such individual(s) is not discoverable. These initial disclosures are provided without prejudice to NetCE's right to introduce at a hearing or at trial any evidence subsequently discovered.

i. **PERSONS WITH KNOWLEDGE (Fed. R. Civ. P. A(1)(a)(i))**

Subject to continuing investigation, NetCE can identify the following persons or categories of persons likely to have discoverable information NetCE may use to support its claims and defenses:

    a.    Sarah Campbell, Director of Development, NetCE; available through Holland & Knight (information regarding course development, course planning, editing, NetCE finances, NetCE's relationship with Dr. Jassin Jouria, NetCE history with Elite, iThenticate, discovery of infringement)

    b.    Erin Meinyer, Executive Director, NetCE; available through Holland & Knight (information regarding course development,

2

#53890415_v1

  course planning, NetCE finances, NetCE's relationship with Dr. Jassin Jouria, NetCE history with Elite, discovery of infringement, NetCE's relationship with Alpine, information shared with Alpine)

c.  Julie Goodwin, Director of NetCE, NetCE; available through Holland & Knight (information regarding NetCE processes and systems and NetCE marketing, NetCE history with Elite)

d.  Lisa Patterson, Chief Operating Officer, NetCE; available through Holland & Kngiht (information regarding NetCE processes and systems and NetCE finances)

e.  Bob Creutz, NetCE Account Manager of iThenticate; 1111 Broadway, 3rd Floor, Oakland, CA 94607, (510) 764-7615 (information regarding functionality of iThenticate, NetCE's relationship with iThenticate)

f.  Dr. John Leonard, NetCE Division Planner and Advisor; available through Holland & Knight (information regarding editing of courses Dr. Jouria submitted to NetCE pursuant to the FWAs, typical editing process for NetCE courses, NetCE's awareness of problems with Dr. Jouria's bona fides)

g.  Dr. John Jurica, NetCE Division Planner and Advisor; available through Holland & Knight (information regarding editing of courses Dr. Jouria submitted to NetCE pursuant to the FWAs, typical editing process for NetCE courses, NetCE's awareness of problems with Dr. Jouria's bona fides)

h.  Jane Norman, NetCE Division Planner; available through Holland & Knight (information regarding editing of courses Dr. Jouria submitted to NetCE pursuant to the FWAs, typical editing process for NetCE courses, NetCE's awareness of problems with Dr. Jouria's bona fides)

3

#53890415_v1

    i.  Kate McPike, Tek-Ed, Inc. PO BOX 1521 Rancho Cordova, CA 95741, (916) 765-5492 (editing of "Cancer and Chemotherapy" course)

    j.  Dr. Jassin Jouria; available through Richard Ross (correspondence with NetCE, Elite, and other continuing education providers not party to this lawsuit)

    k.  As yet unidentified personnel at Elite (correspondence and relationship with Dr. Jouria, agreement to publish Infringing Courses, Elite's relationship with Alpine, materials Elite received from Alpine, Elite's course development and curation process)

    l.  As yet unidentified personnel at Alpine (correspondence and relationship with Elite, treatment of NetCE's trade secrets and confidential materials)

  ii.  CATEGORIES OF RESPONSIVE DOCUMENTS (Fed. R. Civ. P. A(1)(a)(ii)

Subject to continuing investigation, NetCE has in its possession the following documents supporting its claims and defenses

    a.  The courses Dr. Jouria submitted to NetCE ("Seven Courses")

    b.  Some of the versions of courses Elite published which infringe NetCE's copyrights to the courses.

    c.  Copyright certificates for the Seven Courses

    d.  Seven Freelance Writer Agreements Dr. Jouria executed

    e.  Documentation of the editing process of the Seven Courses

    f.  Internal communications regarding the Seven Courses

    g.  Communications between NetCE and Dr. Jouria

    h.  Marketing expenses and other outlaid costs regarding the Seven Courses

    i.  Records of payments NetCE made to Dr. Jouria

    j.  Documentation of typical revenue generated by NetCE courses

  iii.  CALCULATION OF DAMAGES (Fed. R. Civ. P. A(1)(a)(iii))

Subject to continuing investigation and the hiring of damages experts, NetCE currently calculates the damages owed by defedants Dr. Jassin Jouria and Elite as follows:

NetCE spent time and resources (personnel, material, monetary and otherwise) soliciting, approving, developing, editing, fact-checking, obtaining reprint approval for copyrighted materials contained in drafts, and otherwise curating seven (7) ultimately unusable courses. Accordingly NetCE seeks recovery of these expenses. NetCE also seeks actual damages for the infringement of seven of its copyrights. NetCE further seeks damages for the opportunity costs of being unable to publish the Seven Courses due to Elite's actions and/or any profits Elite reaped from the sale in any form of the Infringing Courses. NetCE seeks compensatory and actual damages, exemplary damages, punitive damages, and an award reflecting the amount by which Elite (and Dr. Jouria) were unjustly enriched.

*Lost Revenue*

An average NetCE continuing education course yields approximately $5 million dollars in income in its first year of circulation (including updates and revisions) from sales as an individual course and bundled with other courses.

For example, in 2014, NetCE's Multiple Sclerosis course (a 10-hour course) was featured (in other words, printed in its entirety) in booklets for nurses in various states. The total revenue (after subtracting the total expense of printing and marketing costs) for these booklets was $4.7 million dollars. NetCE also sold this course as a standalone offering—online and in print. Individual net course revenue totaled approximately $84,000. After three (3) years, NetCE updates most courses. The courses then continue to generate revenue.

NetCE believes—and there is no available fact to contradict this belief—that each of the Seven Courses would have earned as much, if not more, in its lifetime of circulation.

5

Multiplying $5 million by seven (7) yields $35 million dollars of lost revenue attributable entirely to Elite's infringement for the first year of circulation of each course *alone*.

*Unrealized Costs*

In addition, at the time NetCE discovered Elite's infringement, NetCE had expended considerable costs developing the Seven Courses, including:

| Course Title | Nature of Expense | Amount |
|---|---|---|
| *The Lymphatic and Immune System: A Comprehensive Review* | Payment to Dr. Jouria | $12,000 |
| | 47 hours of Sarah Campbell's time and miscellaneous NetCE employees | $1,000 |
| | Proposal Review payment (to Jane Norman) | $50 |
| *Traumatic Brain Injury* | Payment to Dr. Jouria | $4,000 |
| | 31 hours of Sarah Campbell's time and miscellaneous NetCE employees | $600 |
| | Proposal Review payment (to Jane Norman and John Leonard) | $100 ($50 each) |
| *Clinical Cardiovascular Pharmacology* | Payment to Dr. Jouria | $10,000 |
| | 47 hours of Sarah Campbell's time and miscellaneous NetCE employees | $1,000 |
| | Proposal Review payment (to Jane Norman) | $50 |
| *Non-antibiotic Antimicrobial Pharmacology: A Review* | Payment to Dr. Jouria | $12,000 |
| | 47 hours of Sarah Campbell's time and miscellaneous NetCE employees | $1,000 |

|  | Proposal Review payment (to Jane Norman) | $50 |
|---|---|---|
| *Gastroesophageal Reflux Disease* | Payment to Dr. Jouria | $4,000 |
|  | 109 hours of Sarah Campbell's time and miscellaneous NetCE employees | $3000 |
|  | Proposal Review payment (to Jane Norman and John Jurica) | $100 ($50 each) |
|  | Licensing fees to Nature Publishing Group | $966 |
| *Cancer and Chemotherapy* | Payment to Dr. Jouria | $12,000 |
|  | 68 hours of Sarah Campbell's time and miscellaneous NetCE employees | $1400 |
|  | Licensing fees to Wolters Kluwer Health | $380 |
|  | Licensing fees to Nature Publishing Group | $966 |
|  | Proposal Review payment (to Jane Norman) | $50 |
| *Depression and Dementia in the Elderly* | Payment to Dr. Jouria | $12,000 |
|  | 47 hours of Sarah Campbell's time and miscellaneous NetCE employees | $1,000 |
|  | Proposal Review payment (to Jane Norman) and to additional reviewers (James Trent, Alice Yick Flanagan) | $150 ($50 each) |

In addition, the iThenticate license to which NetCE is party has a cap for number of projects and word count. NetCE deployed iThenticate on each of the Seven Courses it was ultimately unable to publish due to Dr. Jouria's and Elite's infringement. This, of course, means that NetCE used up these "credits" under its iThenticate license for additional course analysis.

7

#53890415_v1

      iv.      INSURANCE (Fed. R. Civ. P. A(1)(a)(iv)

None applicable.

Dated: October 4, 2017

Respectfully submitted,

HOLLAND & KNIGHT LLP

/s/ Philip E. Rothschild
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

/s/ John P. Kern
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Jessica E. Lanier, Esq. (pro hac vice)
Email: Jessica.Lanier@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC.
d/b/a
CME RESOURCE and NetCE

#53890415_v1

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on October 4, 2017, that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via Electronic Mail.

                                               /s/Denise Harmon
                                               Denise Harmon

#53890415_v1

## SERVICE LIST

**Dr. Jassin Jouria v. CE Resource, et al.**
**Case No.: 15-61165-CIV-DIMITROULEAS**
**United States District Court, Southern District of Florida**
**(Ft. Lauderdale Division)**

## SERVICE LIST

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC MAIL SERVICE]**

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(Attorneys for Elite Continuing Education, Inc
**[VIA ELECTRONIC MAIL SERVICE]**

#53890415_v1