**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:15-61165-WPD**

CE RESOURCE, INC. d/b/a CME Resource and NetCE,

    Plaintiff,

v.

DR. JASSIN JOURIA, and ELITE PROFESSIONAL EDUCATION, LLC.,

    Defendants.
_____/

DR. JASSIN JOURIA,

    Counter-Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME Resource and NetCE,

    Counter-Defendant,
_____/

**DEFENDANT ELITE PROFESSIONAL EDUCATION, LLC'S
MOTION *IN LIMINE* NO. 3 TO EXCLUDE
HEARSAY EVIDENCE REGARDING DEMAND FOR PHARMACOLOGY CONTENT
AND INCORPORATED MEMORANDUM OF LAW**

*ORAL ARGUMENT REQUESTED*

Pursuant to Federal Rules of Evidence 801 and 802, Defendant Elite Professional Education, LLC ("Elite") hereby moves *in limine* to preclude Plaintiff CE Resource, Inc. d/b/a CME Resource and NetCE ("NetCE") from offering inadmissible hearsay evidence at trial regarding purported "demand" for pharmacology continuing education content.

## MEMORANDUM OF LAW

### INTRODUCTION

In offering its $7+ million damages computation for its claim for copyright infringement, NetCE has taken the position that each of the five accused Jouria Articles would have generated revenue for NetCE in an amount the same as some of NetCE's prior best-selling courses. As support for this assumption of sales success, NetCE has repeatedly claimed during discovery that these courses would satisfy some purported market demand for pharmacology continuing education content, and/or a need among certified nurses for pharmacology credit. NetCE's only evidence for this market demand or need is its own testimony, which is based on hearsay in the form of alleged third party accreditation requirements and customer feedback.

Evidence offered by a witness other than the declarant and for the purpose of proving the truth of the matter asserted is hearsay, unless it falls within a hearsay exception. Fed. R. Evid. 801(c), 802. Elite seeks to preclude NetCE from offering into evidence various statements, documents, and correspondence constituting hearsay which pertain to purported market demand or need for pharmacology continuing education content, and which do not fall within a hearsay exception.

### ARGUMENT

In seeking damages against Elite for alleged copyright infringement, NetCE claims that Elite's publication of the Accused Courses deprived NetCE of the opportunity to publish the Jouria Articles and earn revenue on those materials. (DE ¶¶ 69, 70, 133). NetCE's belief is not supported by any actual evidence. NetCE has merely assumed that, but for Elite's publication of the Accused Courses, NetCE would have developed, finalized, approved for publication, and published all five of the Articles. NetCE has also assumed that each of those articles would have been published in the exact same catalogs for the exact same states, and would have realized the exact same sales, as other articles written by Dr. Jouria and published by NetCE. The speculative nature of this damages claim is addressed in Elite's Motion *in Limine* No. 1.

1

Elite brings the present Motion to address specific hearsay that underlies NetCE's speculative assumptions as to lost sales. Through its pleading, deposition testimony, and expert report on damages, NetCE has suggested that the Jouria Articles would have enjoyed sales success due to some unsubstantiated market demand or need for pharmacology continuing education credits. In its Third Party Complaint, NetCE alleged:

> In early 2013, Dr. Jouria approached NetCE with a proposal to work on a series of CME courses in the areas of general medical, internal medicine, and pharmacology. At the time of Dr. Jouria's proposal, NetCE was looking to expand its course offerings in these areas **in response to newly adopted CME requirements for nurses across the country**, particularly in the areas of pharmacology and internal medicine.

(DE 36, pp. 17-18) (emphasis added). NetCE then testified as follows during its Rule 30(b)(6) deposition:

> Q. [D]uring the time period when you were considering having these courses to offer, did NetCE still have a full slate of course offerings to provide to its customers around the country?
> ….
> A. We specifically chose to move forward with these topics -- these subjects because we had identified a need or a gap in our offerings to meet a pharmacology requirement for advanced practice nurses and certified nurses.
>     \*    \*    \*
> Q. What market need is NetCE referring to?
> A. Specifically, the areas of pharmacology and advanced sciences.
> Q. What basis do you have to say there was a market need at the time on the subject matters of these courses?
> A. The ANCC had a requirement that certified nurses complete a minimum number of hours in pharmacology, and that that con- -- that continuing education was required to be completed over the span of their certification in order to maintain their standing as an advanced practice or certified nurse.
>     \*    \*    \*
> Q. There were lots of other continuing education providers offering pharmacology courses at the time; correct?
> A. Pharmacology courses, sure. Yes.
> Q. So there wasn't a market need for pharmacology courses. There was a need at NetCE to offer pharmacology courses; isn't that correct?
> A. No. Certified nurses require a large number of pharmacology credit, and, actually, a certain percentage of those credits have to be completed through an ANCC accredited provider; so whether or not other providers were offering pharmacology credits, it could potentially not meet the needs of those customers specifically.
> Q. Do you have any evidence and did you produce it in this case to support your testimony about a market need?

2

>    A. The evidence that we have is knowledge of the market in general but also feedback from customers requesting additional pharmacology credits and expressing difficulty obtaining all of the credits they needed.

(Excerpts of Rule 30(b)(6) Deposition of NetCE, attached hereto as Exhibit A, 141:21-142:8; 193:19-194:5; 195:14-196:5). NetCE also served the Expert Report of James Pampinella, in which Mr. Pampinella stated that "Dr. Jouria's proposal coincided with newly adopted CME requirements for nurses in the areas of pharmacology and internal medicine, areas into which NetCE was looking to expand its course offering." (DE 218, *under seal*, ¶ 19). As support, Mr. Pampinella cited only NetCE's Third Party Complaint.

As shown by the above, the source of this claim about purported CME requirements and customer need for pharmacology credits is necessarily based on some unidentified communications, statements, or documents issued by accrediting bodies or exchanged with NetCE customers. The only evidence of these matters is NetCE's own allegations and statements.[1]

Any testimony on these issues by NetCE should be excluded at trial as inadmissible hearsay. "'Hearsay' means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Testimony by NetCE's representatives regarding (1) requirements issued by continuing education accrediting bodies or (2) feedback and statements by NetCE's customers is, in the absence of admissible records or testimony *from the declarant* (i.e. the entity, person, or customer issuing those statements) inadmissible hearsay. Such out of court statements by these non-parties, if offered for the truth of the matter asserted—namely, that there are CME requirements or customer need for pharmacology credits—constitute inadmissible hearsay and should be excluded at trial, pursuant to Federal Rule of Evidence 802.

## CONCLUSION

For the foregoing reasons, Elite respectfully requests that the Court issue an order excluding any evidence or testimony regarding continuing education requirements or customer demand for pharmacology credits.

---

[1] NetCE did not produce during discovery any documents or evidence regarding these purported continuing education requirements or customer needs.

**Request for Hearing**

Pursuant to Local Rule 7.1(b)(2), Elite requests a hearing on this motion. Elite respectfully submits that this motion presents an important evidentiary challenge on a material issue that directly affects the respective positions of the parties in the scheduled trial of this case. Elite believes that the Court's decision making process will be aided by hearing from Elite prior to any ruling. Elite estimates that 15 minutes will be needed for oral argument on this motion.

**Certificate of Good Faith Conference**

Pursuant to Local Rule 7.1(a)(3)(A), on May 9, 2018, counsel for Elite conferred with counsel for NetCE and Dr. Jouria about this Motion via email. Counsel made a good faith effort to resolve the issues raised in the motion and were unable to do so.

Dated: May 11, 2018

Respectfully submitted,

/s/ Peter A. Chiabotti
Peter A. Chiabotti
Florida Bar No. 0602671
Kristen M. McKinney
Florida Bar No. 96677
AKERMAN LLP
peter.chiabotti@akerman.com
kristen.mckinney@akerman.com
777 South Flagler Driver
Suite 1100, West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Facsimile: (561) 659-6313

J. Mark Wilson (*pro hac vice*)
markwilson@mvalaw.com
Kathryn G. Cole (*pro hac vice*)
katecole@mvalaw.com
Minnie Kim (*pro hac vice*)
minniekim@mvalaw.com
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-1000
Facsimile: (704) 331-1159
*Attorneys for Third Party Defendant
Elite Professional Education, LLC*

4

45181208;1

**Certificate of Service**

      I hereby certify that on May 11, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                        /s/Peter A. Chiabotti
                                                        Peter A. Chiabotti

**Service List**

Richard S. Ross
915 SE 2nd Court
Fort Lauderdale, FL 33301
Telephone: (954) 252-9110
Fax: (954) 252-9192
Email: prodp@ix.netcom.com
*Attorney for Defendant and Counter-Plaintiff Dr. Jassin Jouria*

Philip E. Rothschild
Holland & Knight, LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 525-1000
Fax: (954) 463-2030
Email: phil.rothschild@hklaw.com
*Attorneys for Plaintiff and Counter-Defendant CE Resource, Inc. d/b/a CME Resource and NetCE*

John P. Kern
Jessica E. Lanier
Daniel P. Kappes
David I. Holtzman
Holland & Knight, LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415) 743-6900
Fax: (415) 743-6910
Email: john.kern@hklaw.com
Email: jessica.lanier@hklaw.com
Email: daniel.kappes@hklaw.com
Email: david.holtzman@hklaw.com
*Attorneys for Plaintiff and Counter-Defendant CE Resource, Inc. d/b/a CME Resource and NetCE*

Peter A. Chiabotti
Florida Bar No. 0602671
Kristen M. McKinney
Florida Bar No. 96677
Akerman LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Fax: (561) 659-6313
Email: peter.chiabotti@akerman.com
Email: kristen.mckinney@akerman.com
*Attorneys for Defendant Elite Professional Education, LLC*

J. Mark Wilson (*pro hac vice*)
Kathryn G. Cole (*pro hac vice*)
Minnie Kim (*pro hac vice*)
Moore & Van Allen PLLCS
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-1000
Fax: (704) 331-1159
Email: markwilson@mvalaw.com
Email: katecole@mvalaw.com
Email: minniekim@mvalaw.com
*Attorneys for Defendant Elite Professional Education, LLC*

5

45181208;1