**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 0:15-cv-61165-WPD**

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Plaintiff,

v.

DR. JASSIN JOURIA, and ELITE PROFESSIONAL EDUCATION, LLC.,

        Defendants.
_____/

DR. JASSIN JOURIA,

        Counter-Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Counter-Defendant,
_____/

**NETCE's MOTION IN LIMINE TO PRECLUDE EVIDENCE OF**
**NETCE'S VOLUNTARY DISMISSAL OF TWO COURSES**

**ORAL ARGUMENT REQUESTED AT CALENDAR CALL**

Plaintiff CE Resource, Inc. d/b/a CME Resource and NetCE ("NetCE") moves under Federal Rules of Evidence 402 and 403 to exclude any testimony, evidence, reference, or argument regarding NetCE's voluntary dismissal of claims related to two NetCE courses: (1) Cardiovascular Pharmacology; and (2) The Lymphatic and Immune Systems (the "Two Courses"). (*See* Stipulation of Partial Dismissal [Dkt. 121] ("Stipulation").

Defendants Dr. Jassin Jouria ("Dr. Jouria") and Elite Professional Education, LLC ("Elite") (together, "Defendants") have expressed in the parties' pretrial stipulation teleconference that they will seek to introduce evidence regarding NetCE's dismissal of the Two Courses.  However, the Court should exclude any such evidence because it is irrelevant and even if relevant, the probative value of the evidence, if any, is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, and wasting of time.[1]  Fed. R. Evid. 402 & 403.

## I.     ARGUMENT

### A.     Evidence of NetCE's Dismissal of the Two Courses is Irrelevant.

Any evidence regarding the two dismissed courses is irrelevant.  NetCE's voluntary dismissal of the Two Courses—effectuated at the sole discretion of NetCE—says nothing about the merits of the claims against Defendants with regard to the five remaining courses at issue.  It is thus irrelevant.  Fed. R. Evid. 402.

In a copyright claim, such as here, what matters is substantial similarity.  *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1223 (11th Cir. 2008).  Thus, the only relevant issue at trial for the copyright infringement claim is whether the five remaining courses are substantially similar—not the courses that NetCE no longer claims were infringed.  Evidence concerning the dismissal of courses not now at issue or the timeliness of any substantial similarity analysis as to those Two Courses has no tendency to make the existence of any relevant matter of disputed fact at issue more or less probable.

---

[1] NetCE will move to voluntarily dismiss the claims against Dr. Jouria concerning the Cardiovascular Pharmacology and The Lymphatic and Immune Systems courses, which NetCE has already voluntarily dismissed with regard to Elite.  (*See generally* Stipulation).  NetCE has already communicated to Dr. Jouria its intention of seeking dismissal of its claims related to the two courses.

2

### B. NetCE's Dismissal of the Two Courses Would Confuse the Issues.

Further, even if the Court finds evidence that NetCE's dismissal of the Two Courses is relevant for some purpose, the evidence should nonetheless be excluded under Rule 403 because it would be unfairly prejudicial, confuse the issues, mislead the jury, cause undue delay, and waste time. *See* Fed. R. Evid. 403; *see, e.g.*, *Bowe v. Pub. Storage*, No. 1:14-CV-21559-UU, 2015 WL 10857339, at *1 (S.D. Fla. June 2, 2015) (granting motion in limine that sought to exclude evidence of a withdrawn motion to disqualify because the evidence was not relevant, and "any relevance . . . is substantially outweighed by . . . unfair prejudice").

Evidence of NetCE's stipulated dismissal would likely confuse the jury as to why such a document came before them. The jury would likely understand Defendants' submission of the dismissal as evidence intended to attack the merits of NetCE's copyright claims in the five courses still at issue. The jury may also understand Defendants to argue that NetCE was not diligent in performing a substantial similarity analysis before commencing this action and therefore evaluate NetCE's claims other than on the merits. Obviously, these two bases are completely inappropriate and irrelevant.[2]

NetCE's voluntary dismissal of the Two Courses has no probative value regarding the merits of NetCE's claims as to the five remaining courses. Introduction of this evidence may confuse jurors, and lead them to believe that because NetCE voluntarily dismissed two of the courses, this somehow shows the claims regarding the five remaining courses lack merit.

While NetCE believes it could prevail at trial on the Two Courses, due to Dr. Jouria's destruction of evidence, continued prosecution of the Two Courses may ultimately sow jury

---

[2] Defendants' use of NetCE's dismissal of the Two Courses through evidence or argument would also violate the spirit of Fed. R. Evid. 408 regarding the prohibition on use of compromise negotiations to prove or disprove liability. Such a result would discourage litigants from narrowing a group of claims prior to trial.

confusion. Therefore, NetCE seeks to narrow the issues for the jury. It would unfairly prejudice NetCE to allow Defendants to use those actions against it.

CERTIFICATE OF COUNSEL under Local Rule 7.1(a)(3): During the parties' telephonic conference regarding the joint pretrial stipulation, exhibits, witnesses, and motions in limine held on May 9, 2018, counsel for Dr. Jouria and counsel for Elite stated that they oppose the relief requested in this motion in limine.

WHEREFORE, for the foregoing reasons, Plaintiff NetCE seeks oral argument on this motion and an order from this Court precluding Defendants from presenting any arguments or evidence regarding NetCE's dismissal of the Two Courses.

Dated: May 11, 2018

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Philip E. Rothschild*
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

*/s/ John P. Kern*
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Daniel P. Kappes, Esq. (pro hac vice)
Email: Daniel.kappes@hklaw.com
David Holtzman, Esq. (pro hac vice)
Email: david.holtzman@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111

Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC.
d/b/a CME RESOURCES and
NetCE

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 11, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Philip E. Rothschild*
Philip E. Rothschild

## **SERVICE LIST**

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
Email:  prodp@ix.netcom.com;
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC MAIL SERVICE]**

Peter A. Chiabotti, Esq.
Kristen M. McKinney, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Email:  peter.chiabotti@akerman.com; kristen.mckinney@akerman.com
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
Minnie Kim, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Email:  markwilson@mvalaw.com; katecole@mvalaw.com; minniekim@mvalaw.com
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**