**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 0:15-cv-61165-WPD**

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

      Plaintiff,

v.

DR. JASSIN JOURIA, and ELITE PROFESSIONAL EDUCATION, LLC.,

    Defendants.

_____/

DR. JASSIN JOURIA,

     Counter-Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

     Counter-Defendant,

_____/

**NETCE'S MOTION IN LIMINE TO PRECLUDE RE-LITIGATING OF**
**ISSUES ALREADY DECIDED BY THE COURT**

**ORAL ARGUMENT REQUESTED AT CALENDAR CALL**

  Plaintiff CE Resource, Inc. d/b/a CME Resource and NetCE ("NetCE"), hereby moves the court *in limine* to preclude Defendants from putting forth evidence or argument on an issue of contract interpretation already decided by this Court in its Omnibus Order Denying Motions for Summary Judgment (Dkt. 237).

**The Law of the Case Doctrine Does Not Allow Parties to Re-Litigate Issues Already Decided**

A district court's own prior rulings in the same case is governed by the law of the case doctrine. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (examining the law of the case doctrine and stating that courts should be "loathe" to revisit prior decision unless "the initial decision was clearly erroneous and would work a manifest injustice.") (internal quotations omitted). Here, this Court previously ruled on the parties' differing interpretations of the phrase "approved for publication," as used in the Freelance Writer Agreement contracts ("FWAs") at issue in this case. This Court ruled:

> "The meaning of "approved for publication" within the confines of the FWAs is an issue of contract interpretation—an issue of law for the Court. The FWAs state that Jouria would only be paid if the article was "approved for publication." **Jouria was paid. Therefore, within the meaning ascribed by the FWAs, the Articles were "approved for publication."** Further, Jouria agreed that the Articles "approved for publication" would belong exclusively to CME and that all such Articles would be works for hire under relevant copyright laws. **It follows that since Jouria was paid for 10 Articles, those 10 Articles were "approved for publication" and were the property of NetCE.**" (emphasis added) (Dkt. 237 at 6).

Nevertheless, in the Joint Pretrial Stipulation, Dr. Jouria identifies the following as "Issues of Fact for Trial":[1]

1. Whether the term "Articles" in the FWAs means the specific medical research papers written by Dr. Jouria, or whether it means similar medical research papers written by Dr. Jouria.

2. Whether NetCE expressly rejected Dr. Jouria's seven medical research papers by its conduct in refusing to publish them.

3. What did Dr. Jouria and NetCE intend regarding contract rights for Dr. Jouria's medical research papers not approved for publication by NetCE, and whether NetCE's course of

---

[1] It is unclear why Dr. Jouria identifies these issues as factual issues for the jury. Issues of contract interpretation are for the court, not jury. *Oceanside 84, Ltd. v. Fid. Fed. Bank*, 56 Cal. App. 4th 1441, 1448 (1997) ("interpretation of [] contract is a question of law for the trial court and for this court.") (the parties agree the contract is governed under California law).

conduct deviated from the FWAs' contract terms regarding if and when approval for publication occurred.

4.     Whether NetCE paid Dr. Jouria upon submission of his medical research papers prior to approval for publication for the seven at-issue medical research papers.

5.     Whether NetCE deviated in its course of conduct from its established Overview of Course Development procedure when it paid Dr. Jouria upon submission of his medical research papers rather than wait until he "signed off" on a final edited paper.

As shown above, this Court already ruled that the Articles, under the contracts at issue, were "approved for publication" and are the "property of NetCE."  (Dkt. 237 at 6).  But each of the "Issues of Fact" listed above goes to this same issue already decided and seeks to circumvent this Court's Order.  As such, this Court should preclude Defendants from a second bite out of the same apple.

Finally, Defendants have not shown that this Court's decision was clearly erroneous and would work a manifest injustice.  This Court is correct, "[t]he determinative dispute is whether the courses submitted by Jouria to Elite were substantially similar to the courses submitted to NetCE such that Jouria violated his agreement with NetCE and infringed NetCE's copyrights." (Dkt. 237 at 6).  Accordingly, Defendants should be prohibited from re-litigating these issues at trial.[2]

CERTIFICATE OF COUNSEL under Local Rule 7.1(a)(3):  During the parties' telephonic conference regarding the joint pretrial stipulation, exhibits, witnesses, and motions in limine held on May 9, 2018, counsel for Dr. Jouria stated that he included these issues to protect the record on appeal and could not therefore withdraw the issues.

---

[2]  Plaintiff includes in its Certificate of Counsel the position of Defendant Jouria.  Because Defendant Jouria insists on protecting the record on appeal, Plaintiff therefore needs an order from this Court protecting the jury from hearing evidence or argument on an issue that is for the Court to decide and that the Court has already decided.

#57492184_v2

WHEREFORE, Plaintiff NetCE seeks oral argument on this motion at Calendar Call, and an order from this Court precluding presentation of evidence or argument to the jury from Defendants on the issues listed above regarding the meaning of "approved for publication" under the FWAs.

Dated: May 11, 2018

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Philip E. Rothschild*
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

*/s/ John P. Kern*
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Daniel P. Kappes, Esq. (pro hac vice)
Email: Daniel.kappes@hklaw.com
David Holtzman, Esq. (pro hac vice)
Email: david.holtzman@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC.
d/b/a CME RESOURCES and
NetCE

#57492184_v2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 11, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Philip E. Rothschild*
Philip E. Rothschild

## SERVICE LIST

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
Email:  prodp@ix.netcom.com;
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC MAIL SERVICE]**

Peter A. Chiabotti, Esq.
Kristen M. McKinney, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Email:  peter.chiabotti@akerman.com; kristen.mckinney@akerman.com
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
Minnie Kim, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Email:  markwilson@mvalaw.com; katecole@mvalaw.com; minniekim@mvalaw.com
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

#57492184_v2