UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)

CASE NO.:15-61165-CIV-DIMITROULEAS

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Plaintiff,

v.

DR. JASSIN JOURIA, and ELITE PROFESSIONAL EDUCATION, LLC,

       Defendants,
_____/

DR. JASSIN JOURIA,

       Counter-Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Counter-Defendant.
_____/

**DEFENDANT DR. JASSIN JOURIA'S CONSOLIDATED MOTION IN LIMINE**

       COMES NOW, the Defendant, Dr. Jassin Jouria ("Jouria"), and pursuant to the order of the court, DE 233, who moves *in limine* for an order directed to the following issues:

**I.    FACTUAL BACKGROUND**

       This case comes to the court on Plaintiff's, CE Resource, Inc. d/b/a NetCE ("NetCE"), complaint that Jouria breached seven freelance writer agreements ("FWA"), and violated seven United States copyright registrations, for seven medical research papers ("Works") that Jouria wrote for it. NetCE, a publisher of continuing medical education ("CME") courses, as alleged, was

to use the works, once edited and revised by it, as CME courses to be offered to the public. As part of its complaint, DE 36, NetCE alleges that Jouria breached the FWAs and violated its alleged exclusive rights in the copyrights by among, other things, selling the Works, or substantially similar copies of them, to Defendant Elite Professional Education, LLC ("Elite"), also a CME course publisher and a competitor of NetCE. Jouria denies selling the Works to Elite, breaching any of the FWAs, or violating any purported copyright registrations.

On NetCE's contract claim, the parties dispute three terms or phrases contained in the FWA's: "Articles," "approved for publication,"[1] and "express rejection." For the copyright infringement claim, Jouria's Works are fact-based medical research papers. "Facts, whether alone or parts of a compilation, are not original and therefore may not be copyrighted." *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 350 (1991). Glaringly here, NetCE's alleged copyright registrations only recite "text" as the copyright authorship claim - they do not claim any compilation rights.[2]

Against this backdrop, Jouria seeks in limine rulings related to the NetCE's burdens of proof and the evidence. Jouria respectfully submits that NetCE has serious admissibility issues

---

[1] Jouria acknowledges the court's ruling, DE 237, concluding that "approval for publication" was subject to the court's right to interpret the contracts as a matter of law. However, Jouria raises the issue that the parties' intent regarding "approval for publication" is at least a mixed question of fact and within the jury's province. Thus, he reiterates his argument by this motion and in the pretrial stipulation in order to perfect the record.

[2] *See Buc International Corp. v. International Yacht Council Limited*, 489 F. 3d 1129, 1135 (11th Cir. 2007)(copyright registered in 1997 for "compilation, selection, and organization of [the BUCNET] database" and then the words "and text of vessel listings" were added in a 2002 registration); *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F. 2d 197, 199 (9th Cir. 1989)(under "Nature of Authorship" section in the certificates of registration, claim made to "[t]ext, compilation of data and editing of data").

regarding its case in chief evidence, and brings them to the court's attention by this consolidated motion.

## II.     STANDARD FOR RULING IN LIMINE

A motion in limine presents a trial court with pretrial issues regarding admissibility of evidence that a party is likely to present at trial. *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T-17-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007). "The real purpose of a Motion in Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial." *Id*. A trial court's authority to rule *in limine* derives from its inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41-42 (1984). Even when a trial court does rule in limine, a motion in limine "remains subject to reconsideration by the court throughout the trial" and the parties may renew their objections as may be appropriate. *Stewart*, 2007 WL 1752843, at *1.

## III.    LEGAL ARGUMENT

### A.     Jouria's First Motion in Limine - Derivative Work

Jouria requests the court prohibit NetCE from presenting evidence, testimony, or argument directed to NetCE's allegation of rights in a derivative of the Works. NetCE alleges that Jouria infringed its copyrights "by resubmitting the articles covered by the Contracts to Elite for further publication without NetCE's permission." DE 36 ¶86. This allegation of resubmitting the articles covered by the Contracts does not meet the definition of a derivative work.

> A "derivative work" is a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgment, condensation, or any other form in which a work may be recast, transformed, or adapted. A work consisting of editorial revisions, annotations, elaborations, or other modifications which, as a

whole, represent an original work of authorship, is a "derivative work".

17 U.S.C. §101.

"Under 17 U.S.C. § 101, a derivative work must incorporate a substantial element of a preexisting work of authorship *and* recast, transform, or adapt those elements."  *Latimer v. Roaring Toyz, Inc.*, 574 F.Supp.2d 1265, 1273 (M.D. Fla., 2008)(Emphasis in Original).  Here, NetCE has not alleged that the Works were recast, transformed or adapted by Jouria.  Rather, the allegation is that Jouria "resubmitted the articles covered by the Contract to Elite...."  DE 36 ¶86.  Resubmission of the alleged copyrighted work does not make it a "derivative work" as defined; it makes it a copy.  While Jouria does not dispute NetCE's right to claim that the medical research papers he wrote for Elite were copies of the Works, NetCE should not present evidence, testimony, or argument referring to Elite's medical research papers as "derivative" works of the Works.

In addition, NetCE has not raised the issue of a derivative work as one of fact or law to be determined by the jury or the court in the parties' pretrial stipulation ("PTS").  DE 300.  As such, NetCE has waived the contention and should be prohibited from addressing it at trial.

**B.    Jouria's Second Motion in Limine - Claimed Authorship:  Text v. Compilation**

Jouria requests the court prohibit NetCE from presenting evidence, testimony, or argument directed to any NetCE claim that the nature of authorship of the Works is more than "text" as stated in the copyright registrations. *See* DE 36-1. *See also* 17 U.S.C. §410(c)(presumption of registration's validity directed only to "the facts stated in the certificate").  Specifically, NetCE should be prohibited from claiming that it owns any "compilation" rights to selection, coordination and arrangement of the claimed text because the registration does not recite a compilation work. *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 856 F.3d 1338, 1341 (11th Cir.

2017)("'[R]egistration of [a] copyright ... has [not] been made in accordance with ... title [17],' 17 U.S.C. § 411(a), until 'the Register ... register[s] the claim,'").

"A 'compilation' is a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship." 17 U.S.C. §101. NetCE's operative pleading, DE 36, does not allege any copyright ownership in a compilation, and neither do the copyright registrations at issue. *See* DE 36-1. *See also Buc International Corp. v. International Yacht Council Limited*, 489 F. 3d at 1135 (copyright registered in 1997 for "compilation, selection, and organization of [the BUCNET] database" and then the words "and text of vessel listings" were added in a 2002 registration); *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F. 2d at 199 (under "Nature of Authorship" section in the certificates of registration, claim made to "[t]ext, compilation of data and editing of data").

NetCE's registrations claim "text" only. However, because Jouria's works are medical research papers, they are by definition fact-based. "[I]n determining whether a fact-based work is an original work of authorship, [courts] should focus on the manner in which the collected facts have been selected, coordinated, and arranged...Facts are never original, so the compilation author can claim originality, if at all, only in the way the facts are presented." *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. at 358.

Because NetCE does not allege in its pleading any rights to compilation copyrights, and the registrations at issue do not recite compilation rights as the nature of authorship, NetCE should not be able to present evidence, testimony, or argument asserting any claim to copyright compilations, i.e., to any selection, coordination or arrangement of preexisting material, facts or data,

5

contained in the Works. NetCE should be restricted to claiming copyright protection, if at all, only in the "text" recited in the registrations.

    **C.**    **Jouria's Third Motion in Limine - Indirect Copyright Infringement**

Jouria requests the court prohibit NetCE from presenting evidence, testimony, or argument directed to any assertion by NetCE that Jouria has committed indirect copyright infringement by either contributory or vicarious copyright infringement. NetCE's pleading only asserts direct copyright infringement (Claim One) against Jouria for "resubmitting the articles covered in the Contracts to Elite" in Claim One. *See* DE 36 at 29, ¶86. NetCE does not allege indirect copyright infringement against Jouria.

"Contributory copyright infringement occurs when one with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another. Contributory copyright infringement occurs where a party with knowledge of infringing activity materially contributes to the infringing conduct of another." *Coach, Inc. v. Swap Shop, Inc.*, 916 F.Supp.2d 1271, 1281 (S.D. Fla. 2012) citing *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 845 (11th Cir. 1990); *Casella v. Morris*, 820 F.2d 362, 365 (11th Cir. 1987); *Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971).

> With regard to federal copyright law, "[a] party infringes vicariously by 'profiting from direct infringement while declining to exercise a right to stop or limit it.'" *Pegasus Imaging Corp. v. Northrop Grumman Corp.*, 2008 WL 5099691 (M.D. Fla. Nov. 25, 2008) (quoting *Metro–Goldwyn–Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930, 125 S.Ct. 2764, 162 L.Ed.2d 781 (2005)). The defendant must have the right and ability to supervise the infringing activity and must have a direct financial interest. *Casella v. Morris*, 820 F.2d 362, 365 (11th Cir. 1987); *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d Cir. 1963). *See also Gershwin*, 443 F.2d at 1162 (holding that vicarious liability for copyright infringement occurs when one has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities).

*Coach, Inc. v. Swap Shop, Inc.*, 916 F.Supp.2d at 1282. NetCE's pleading never alleges that Jouria had "knowledge of allegedly infringing activity," or that he "induced," "caused" or "materially contributed to" Elite's conduct. Specifically, NetCE asserts only that Jouria committed direct infringement by the act of "resubmitting" and that Elite committed direct infringement by the act of "publishing." DE 36 at 29, ¶86. Moreover, NetCE's pleading does not allege that Jouria had any right or ability to supervise Elite, or to stop it from publishing the medical research papers he wrote for it.

As a result, Jouria requests the court to prohibit NetCE from presenting evidence, testimony, or argument directed to any contention by it that Jouria has any liability for the alleged conduct of Elite. This request includes any suggestion by NetCE to the jury that Jouria is jointly liable for damages resulting from Elite's alleged conduct.

### D. Jouria's Fourth Motion in Limine - Statutory Damages and Attorney Fees

Jouria requests the court prohibit NetCE from presenting evidence, testimony, or argument to the jury seeking a claim for statutory damages or attorneys' fees for alleged copyright infringement. Earlier in the case, NetCE acknowledged that it was not entitled to seek statutory damages or attorneys' fees for the alleged copyright infringement. *See* DE 66 at 20-21. As a result of the parties' meet and confer, NetCE has acknowledged in the PTS that it is not entitled to recover statutory damages or attorneys' fees for any alleged copyright infringement. DE 300, Section V ¶37.

### E. Jouria's Fifith Motion in Limine - Non-Admissibility of ECFMG Subject Matter

Jouria requests the court prohibit NetCE from presenting evidence, testimony, or argument regarding the subject matter of the Educational Commission for Foreign Medical Graduates ("ECFMG"). NetCE has made it a significant point to prejudice the jury and embarrass

Jouria regarding information concerning his certification from the ECFMG as a foreign medical school graduate. The subject matter involved Jouria's alleged misconduct in obtaining certification and a subsequent decision by the ECFMG to revoke Jouria's certification. After Jouria instituted litigation against the ECFMG for the certification revocation, the ECFMG settled and re-certified Jouria from the original date of certification. All of this took place years before Jouria engaged with NetCE, and none of it has anything to do with the alleged contracts or copyrights at issue.

The court prohibited NetCE from conducting discovery from Jouria regarding the ECFMG subject matter, DE 145; 192, however, then permitted it to obtain the same discovery directly from the ECFMG. *See* DE 244; 275. In the court's order, DE 275, it noted that Jouria may raise the inadmissibility of the ECFMG subject matter by this motion. *Id*. at 2. The Federal Rules of Evidence 608(b) states in part that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Throughout NetCE's attempt to inject the ECFMG matter into this action, the argument NetCE has made has been that Jouria's conduct with the ECFMG is probative of his character for truthfulness. Because NetCE is not permitted to use extrinsic evidence from the ECFMG directed to Jouria's alleged misconduct,³ that evidence is inadmissible in this proceeding to prove Jouria's character for truthfulness or untruthfulness.

Accordingly, Jouria requests the court prohibit NetCE from presenting evidence,

---

³And should not be allowed to use it on cross-examination because the conduct does not implicate Jouria's truthfulness or untruthfulness. The "extent to which a witness may be cross-examined for the purposes of showing bias rests on the sound discretion of the trial judge." *Howell v. American Live Stock Ins. Co.*, 483 F.2d 1354, 1357 (5th Cir. 1973); accord 33A Fed. Proc., L. Ed. § 80:159 (2011) (the "extent of impeachment under FRE 608(b) is expressly committed to the discretion of the trial court").

testimony, or argument regarding the subject matter of the ECFMG. Jouria's conduct with the ECFMG is entirely unrelated to the present lawsuit, and did not involve his truthfulness or untruthfulness. It should be prohibited under FRE 608(b). The ECFMG subject is not appropriate to use in any manner in this case, including impeachment.

### F.    Jouria's Sixth Motion in Limine - Exclude NetCE's Damages Expert Testimony and Report as Pure Speculation

Jouria requests the court prohibit NetCE from presenting evidence, testimony, or argument of its damages expert, Mr. James Pampinella, as pure speculation. Mr. Pampinella renders an opinion on NetCE's lost profits as actual damages based not upon the Works at issue, but rather based upon NetCE's prior sales of unrelated medical research papers that Jouria wrote for NetCE.

More specifically, Mr. Pampinella attempts to construct a theory of lost profits of the Works based upon the fact that Jouria authored prior, unrelated medical research papers for NetCE that comprised subject matters that are completely unrelated to the subject matters of the Works at issue. Mr. Pampinella cites to no consumer evidence supporting his theory that consumers who purchased NetCE published CME courses based upon Jouria-authored prior papers, which are not at issue in this case, would also have purchased CME courses from NetCE simply based upon the fact that Jouria authored the Works at issue.

Rule 702 of the Federal Rules of Evidence governs the admission of expert testimony. In applying Rule 702, "district courts must act as 'gatekeepers' which admit expert testimony only if it is both reliable and relevant." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)). "District courts are charged with this gatekeeping function to ensure that speculative, unreliable expert testimony does

not reach the jury under the mantle of reliability that accompanies the appellation 'expert testimony.'" *Id.* (internal quotation marks omitted).

Actual damages are "often measured by the revenue that the plaintiff lost as a result of the infringement," *Montgomery v. Noga*, 168 F.3d 1282, 1295 n.19 (11th Cir. 1999), including "lost sales, lost opportunities to license, or diminution in the value of the copyright," *On Davis v. The Gap, Inc.*, 246 F.3d 152, 164 (2d Cir. 2001). Here, NetCE concedes that it never earned any revenue from the Works and has no evidence of any lost sales "as a result of the infringement."[4] 17 U.S.C. §504(b)("The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement....").

In *Thornton v. J Jargon Co.*, 580 F. Supp. 2d 1261 (M.D. Fla.. 2008), the court considered the issue of claimed lost profits in a copyright infringement matter, when the copyright claimant admitted that it never earned revenue from the copyrighted work, and had no evidence that the allegedly infringing work had a negative effect on the claimant's website, *id*. at 1276, similar to NetCE's admissions here. The court denied the claimant any actual damages for lost profits. *Id*. at 1277.

Mr. Pampinella's opinion is not based upon the reality of the facts in this case. NetCE cannot have any lost profits, because it has no evidence of any lost sales as a result of the infringement. At a minimum, NetCE has no evidence of lost sales because it made a business decision not to publish CME courses based upon the Works. It would be a complete injustice for NetCE to recover lost profits as damages at trial, and then, afterward, publish the CME courses and generate a windfall in revenue. Any lost profits of NetCE is not due to the alleged infringement, but

---

[4] DE 183-2 at 10-11 (Sarah Campbell deposition testimony pages 259-260).

rather based upon its business decision not to publish the Works as CME courses.

For these reasons, Mr. Pampinella's report is wholly speculative, and Mr. Pampinella should be excluded from testifying at trial.

### G. Jouria's Seventh Motion in Limine - Jouria's Alleged Misrepresentation of Educational Background to NetCE

Jouria requests the court prohibit NetCE from presenting evidence, testimony, or argument regarding its contention that he misrepresented his educational background to NetCE. NetCE asserts that this is a fact that remains to be litigated in Section VI, No. 1, of the PTS, DE 300. Misrepresentation is not an element in either NetCE's breach of contract or copyright infringement claims against Jouria. NetCE has not asserted a claim of misrepresentation against Jouria in its operative pleading, DE 36. Thus, NetCE's proposed fact of misrepresentation to be litigated is completely irrelevant to this action, and should not be allowed. Even if the contention were relevant, it is more prejudicial than probative as NetCE is merely attempting to confuse the issues framed by the parties' pleadings, and paint Jouria in a negative light to the jury. *See* Fed.R.Evid. 403.

### H. Jouria's Eighth Motion in Limine - "Offering" Does Not Constitute Copyright Infringement or Breach of the FWAs

Jouria requests the court prohibit NetCE from presenting evidence, testimony, or argument regarding its contention that merely "offering" Works to Elite constitutes copyright infringement or breach of contract. During the parties' meet and confer regarding this issue, NetCE agreed to withdraw its contention that the mere offering of an alleged copyrighted work without the consummation of a sale can form the basis of copyright infringement, or constitutes a breach of the FWAs.

I. **Jouria's Ninth Motion in Limine - Presumption of Validity of Registration Rebuttable, and Rebutted; Evidence of a Valid Copyright Is on NetCE Which Has Not Identified Any Deposit Copy as a Trial Exhibit**

Jouria requests the court prohibit NetCE from presenting evidence, testimony, or argument regarding its contention that its purported copyright registrations are valid without first meeting its burden establishing validity. While the alleged registrations are presumed valid initially, that presumption is limited and rebutable. "In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court." 17 U.S.C §410 (c). Here, the registrations, and only uncertified copies at that, *see* DE 36-1, are fraught with inconsistencies.

The registrations recite that the titled works are published, when NetCE now asserts they were never published. The works identify titles containing different numbers, for example, 852 Gastroesophageal Relux Disease; 9538 Nonantibiotic Antimicrobial Pharmacology: A review; 875 The Lymphatic and Immune Systems: A Review, etc. Jouria never titled his works with corresponding numbers, so there is a question as to what was actually deposited with the Copyright Office. NetCE has not disclosed or identified any documents supporting its copyright applications, and, more specifically, has not identified any exhibit purporting to establish what works were deposited and registered. *See* 17 U.S.C. §411(a); *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 856 F.3d at 1341(a party may not bring suit for copyright infringement until the Copyright Register registers a claim).

The beginning of any copyright infringement analysis begins with the copy deposited

with the Copyright Office. *See Tavory v. NTP, Inc.*, 495 F. Supp. 2d 531, 536 (E.D. Va. 2007)(the deposit requirement "serves an evidentiary function. The copies that are submitted in connection with an application for registration then become part of a record by which claims of infringement are tested."); *Lanard Toys Ltd. v. Novelty, Inc.*, No. 05-cv-8406-CAS, 2007 WL 2439505, at *-7 (C.D. Cal. 2006)(certificates of registration, without the deposited copy, even when combined with the declaration of plaintiff, are insufficient to establish ownership); *Alaska Stock, LLC v. Pearson Education, Inc.*, 975 F. Supp. 2d 1027 (D. Alaska 2013)(same); *Abro Industries, Inc. v. 1 New Trade, Inc.*, Cause No. 3:14-CV-1984-TLS , at *9-11 (N.D. Ind. Oct. 30, 2017)(burden on copyright claimant to establish what was deposited with Copyright Office). *See also E. Mishan & Sons, Inc. v. Marycana, Inc*, 662 F. Supp. 1339 (an infringement analysis requires a comparison of work deposited with Copyright Office). That the registrations include titles not created by Jouria with no deposit copy evidence puts into question the "facts stated in the certificate." Additionally, there is a "bullet" on each registration next to the "Author." This bullet indicates that information was altered from the copyright application to the copyright registration. NetCE has not produced, despite being requested by Jouria, any of the copyright application files. Finally, the registrations recite that Erin Meinyer certified the applications to the Copyright Office. However, at NetCE's deposition, the 30(b)(6) witness Sarah Campbell identified a C.C. Chernev as the person who filed the applications, after first disclosing under oath, via signature by Ms. Meinyer by interrogatory response, that the applications were filed by Corrie Camp. *See* DE 183-6 at 12. NetCE has identified neither Ms. Chernev nor Ms. Camp as trial witnesses.

Because NetCE has not produced any copyright application file, and has not identified any certified deposit copy, Jouria submits that he has rebutted the presumption of validity of the

registration, which now shifts back to NetCE to establish what work was deposited, and thus registration, with the Copyright Office. *See Abro*, *supra*. NetCE cannot meet this burden as it has neither disclosed nor identified as a trial exhibit any certified records from the Copyright Office. As a matter of law, NetCE's copyright infringement claim cannot be sustained because there is no evidence for a reasonable jury to consider to find that NetCE owns any valid copyrights in the Works. *See Buc Intern. Corp. v. International Yacht Council*, 489 F.3d at 1142 (The copyright holder must prove both: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.).

**J.      Jouria's Tenth Motion in Limine - NetCE's Waiver of Motion for Terminating Sanctions**

Jouria requests the court prohibit NetCE from re-arguing its motion for terminating sanctions. *See* DE 149. The court denied NetCE's motion,[5] but permitted NetCE to renew its arguments at trial "**only** as to the jury instructions and attorneys' fees." *See* DE 269 at 3 (Emphasis in Original). However, NetCE has chosen not to include the motion in the PTS as one which requires action by the court. *See* PTS, DE 300, Section IV. Because NetCE has not included the motion in the PTS, the court should not allow it to renew the argument at trial. Accordingly, Jouria respectfully requests that NetCE not be permitted to take any further action on its motion for terminating sanctions.

**IV.     CONCLUSION**

WHEREFORE, Jouria respectfully requests the relief sought by his consolidated motion in limine.

---

[5]The court refused to dismiss Jouria's declaratory judgment action. DE 269 at 2.

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), counsel for Jouria conferred by telephone with counsel for NetCE (and Elite). NetCE agreed to the relief sought relative to motion's Section III (D) (no recovery to NetCE for statutory damages and attorneys' fees related to copyright infringement) and III (H) ("Offering" alone is not a basis to find copyright infringement or breach of contract). Elite expressed no objection to the consolidated motion.

Respectfully submitted,

/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Defendant Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 11, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        s/Richard S. Ross
        Richard S. Ross, Esq.

**SERVICE LIST**
**CE Resource, Inc. v. Dr. Jassin Jouria et al.**
**Case No.: 15-61165-CIV-DIMITROULEAS**
**United States District Court, Southern District of Florida**
**(Ft. Lauderdale Division)**

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Daniel Kappes, Esq.
David Holtzman, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
Kristen McKinney, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
Minnie Kim, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*