UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)

CASE NO.:15-61165-CIV-DIMITROULEAS

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Plaintiff,

v.

DR. JASSIN JOURIA, and ELITE PROFESSIONAL EDUCATION, LLC,

       Defendants,
_____/

DR. JASSIN JOURIA,

       Counter-Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Counter-Defendant.
_____/

**DEFENDANT DR. JASSIN JOURIA'S REQUEST TO TAKE JUDICIAL NOTICE OF U.S. COPYRIGHT OFFICE CIRCULAR 32 IN PREPARATION FOR TRIAL**

       COMES NOW, the Defendant, Dr. Jassin Jouria ("Jouria"), who, pursuant to Rule 201 of the Federal Rules of Evidence, and Rule 7.1 of the Local Rules of the United States District Court for the Southern District of Florida, respectfully requests the Court to take judicial notice of a public record that is a publication from the Library of Congress's Copyright Office, Circular 32, titled: Blank Forms and Other Works Not Protected by Copyright.  In support, Jouria states:

1.     Judicial notice is a means by which adjudicative facts not seriously open to dispute are

established as true without the normal requirement by proof of evidence. *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004); FED. R. EVID. 201 (2017). Adjudicative facts are facts that are relevant to a determination of the claims presented in a case. *Id*. 369 F.3d at 1204. Judicial notice of adjudicative facts may be taken at any stage in a proceeding. *Id.*

2. While the Court "*may* take judicial notice on its own," it "*must* take judicial notice if a party requests it and the court is supplied with the necessary information." FED. R. EVID. 201(c). (Emphasis Added).

3. Federal Rule of Evidence 201 provides that the Court may take judicial notice of facts that are not subject to reasonable dispute because they can accurately and readily be determined from sources whose accuracy cannot reasonably be questioned. FED. R. EVID. 201(b)(2) (2017). Courts have wide discretion to take judicial notice of facts. *Id.*

4. Jouria respectfully requests that this Court take judicial notice of the attached Copyright Office Circular 32, for the proposition stated in the circular, that "lists or tables taken from public documents or other commons sources" are not protectible by copyright.

5. The Circular 32 is a public record, and is not subject to reasonable dispute. It is issued by the Copyright Office. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. App'x. 52, 53 (11th Cir. 2006) ("Public records are among the permissible facts a district court may consider.").

**CERTIFICATE OF COUNSEL PURSUANT TO LOCAL RULE 7.1(a)(3)**

The undersigned counsel has exchanged emails with counsel for Plaintiff, CE Resource, Inc. ("NetCE"), the party affected by this request. Counsel for NetCE takes no position on the substance, but does not oppose the request.

**WHEREFORE**, Dr. Jouria respectfully requests that the Court take judicial notice of the statements contained in Copyright Office Circular 32, and grants any other further relief that the Court deems just and proper.

Respectfully submitted,

/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Defendant Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

## **CERTIFICATE OF SERVICE**

        I HEREBY CERTIFY that on May 12, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                s/Richard S. Ross
                                                Richard S. Ross, Esq.

**SERVICE LIST**
CE Resource, Inc. v. Dr. Jassin Jouria et al.
Case No.: 15-61165-CIV-DIMITROULEAS
United States District Court, Southern District of Florida
(Ft. Lauderdale Division)

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL 33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Daniel Kappes, Esq.
David Holtzman, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
Kristen McKinney, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
Minnie Kim, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*