UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:15-cv-61165-WPD

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Plaintiff,

v.

DR. JASSIN JOURIA, and ELITE PROFESSIONAL EDUCATION, LLC.,

        Defendants.

_____/

DR. JASSIN JOURIA,

        Counter-Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Counter-Defendant,

_____/

**PLAINTIFF NETCE'S MOTION TO VOLUNTARILY DISMISS ITS CLAIMS AS TO TWO COUNTS (PARTIAL DISMISSAL)**

Plaintiff CE Resource, Inc. d/b/a CME Resource and NetCE ("NetCE"), hereby moves the Court to dismiss its copyright infringement claims and breach of contract claims, with prejudice, against Dr. Jouria as to <u>two</u> courses.[1]

---

[1] NetCE does not dismiss, nor seek to dismiss its copyright and breach of contract claims as to the remaining five courses (Gastroesophageal Reflux Disease, Cancer and Chemotherapy, Traumatic Brain Injuries, Depression v. Dementia in the Elderly, and Non-antibiotic Antimicrobial Pharmacology).

| NetCE Copyrighted Courses | Dr. Jouria Courses |
|---|---|
| Cardiovascular Pharmacology | Women and Heart Disease; and Cardiovascular Diseases: The Leading Cause of Death in Women |
| The Lymphatic and Immune Systems | The Basics of Pathophysiology |

NetCE's request is now appropriate because:

1. The dismissal of NetCE's claims as to Cardiovascular Pharmacology and The Lymphatic and Immune Systems (collectively, "Two Courses") will simplify issues for both pretrial and trial presentation;

2. Dr. Jouria destroyed his computer on or about June 9, 2015.  Dr. Jouria's computer destruction resulted in Magistrate Snow issuing a Report and Recommendation recommending that this Court issue an adverse jury instruction at trial against Dr. Jouria for evidence spoliation.[2]

3. Elite, the party to which Dr. Jouria sold the infringing courses (and the only party with fulsome records), continued to produce documents after the close of discovery.  NetCE believed that the late production of documents would ultimately substantiate NetCE's claims against Dr. Jouria.  Elite last produced records in May 2018.

---

[2] This Court held that it "[W]ill determine the appropriate jury instructions at trial after the opportunity to hear testimony and arguments of counsel. The Court defers ruling on whether NetCE should be awarded attorneys' fees." DE 269 at 2.

2

#57601646_v2

4. NetCE sought Dr. Jouria's stipulation to dismiss the two courses. Dr. Jouria opposed. To avoid unnecessary costs and burdens for the respective parties, NetCE now seeks dismissal as soon as practical to avoid further costs and unnecessary pretrial preparation.

5. The dismissal, with prejudice, will not prejudice Dr. Jouria in the prosecution of his Declaratory Relief action against NetCE.

Moreover, the following reasons justify NetCE's late dismissal. Dr. Jouria concedes:

i. In June 2017, Dr. Jouria destroyed the only computer that contained relevant evidence;

ii. He concealed his destruction of evidence in response to discovery requests;

iii. He concealed his destruction of evidence in supplemental responses to discovery requests;

iv. That his Counsel concealed his destruction of evidence, despite a meet and confer on the issue;

v. That his computer contained potentially responsive evidence;

vi. He destroyed his computer immediately after this Court lifted the bankruptcy stay.

vii. That two years prior to his destruction of evidence he received instructions to: "take all necessary steps to ensure that you preserve and not destroy---even inadvertently---any records (electronic or otherwise) potentially relevant to the issues set forth in this letter."

#57601646_v2

[*See* DE 149 and 177].

Despite these admissions, Dr. Jouria refuses to stipulate to the dismissal of NetCE's copyright infringement claims relating to the Two Courses. NetCE believes that dismissal is in the interest of efficiency. The Court's time and the Parties' time is better spent on the remaining five courses, rather than unravelling the mystery of what evidence of the Two Courses would have been obtained from Dr. Jouria's destroyed computer. Moreover, it is unnecessary to burden the jury with inherently complex and inappropriate argument as to the Two Courses that NetCE no longer asserts. The trial will benefit from NetCE's timely request to narrow the claims that the jury will hear.

     <u>CERTIFICATE OF COUNSEL PURSUANT TO LOCAL RULES</u>: Counsel for NetCE and counsel for Dr. Jouria exchanged written proposals to accomplish dismissal of the two courses, but were unable to agree. Dr. Jouria opposes this request as filed by NetCE.

     WHEREFORE, Plaintiff NetCE seeks an order from this Court dismissing its copyright and breach of contract claims as to two courses: Cardiovascular Pharmacology and The Lymphatic and Immune Systems. NetCE maintains its claims and allegations against Dr. Jouria concerning the remaining five courses in the pleadings.

Dated: May 15, 2018                             Respectfully submitted,

                                                   HOLLAND & KNIGHT LLP

                                                   */s/ Philip E. Rothschild*
                                                   Philip E. Rothschild
                                                   Florida Bar No. 0088536
                                                   Email: phil.rothschild@hklaw.com
                                                   HOLLAND & KNIGHT LLP
                                                   515 East Las Olas Blvd., 12th Floor
                                                   Fort Lauderdale, FL 33301
                                                   Telephone: (954)525-1000
                                                   Facsimile: (954)463-2030

*/s/ John P. Kern*
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Daniel P. Kappes, Esq. (pro hac vice)
Email: Daniel.kappes@hklaw.com
David Holtzman, Esq. (pro hac vice)
Email: david.holtzman@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC. d/b/a CME RESOURCES and NetCE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 15, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Philip E. Rothschild*
Philip E. Rothschild

## SERVICE LIST

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
Email:  prodp@ix.netcom.com;
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC MAIL SERVICE]**

Peter A. Chiabotti, Esq.
Kristen M. McKinney, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Email:  peter.chiabotti@akerman.com; kristen.mckinney@akerman.com
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
Minnie Kim, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Email:  markwilson@mvalaw.com; katecole@mvalaw.com; minniekim@mvalaw.com
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

#57601646_v2