**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Plaintiff,

v.

DR. JASSIN JOURIA, and ELITE PROFESSIONAL EDUCATION, LLC,

       Defendants,
_____/

DR. JASSIN JOURIA,

       Counter-Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Counter-Defendant.
_____/

**DEFENDANT DR. JASSIN JOURIA'S MOTION TO COMPEL NETCE TO PRODUCE FORTHWITH THE SETTLEMENT AGREEMENT ENTERED INTO WITH DEFENDANT ELITE PROFESSIONAL EDUCATION, LLC**

COMES NOW, the Defendant, Dr. Jassin Jouria ("Dr. Jouria"), who, respectfully moves this court for an order compelling Plaintiff, CE Resource, Inc. d/b/a NetCE ("NetCE") to produce forthwith the settlement agreement ("Settlement Agreement") it recently entered into with Defendant Elite Professional Education, LLC ("Elite") resulting in Elite's dismissal from this action. Fed.R.Civ.P. 37.  The terms of the Settlement Agreement impact both liability and damages as to the claim of copyright infringement presently alleged by NetCE against Dr. Jouria.  *See* DE 36 at 29.

**FACTUAL BACKGROUND**

This action was filed on June 2, 2015. [DE 1]. Dr. Jouria filed the Complaint against CE Resource, Inc. d/b/a CME Resource and NetCE ("NetCE")[1], seeking a declaration that he did not violate NetCE's copyrights and did not breach contracts entered into with NetCE. *See* [DE 1]. NetCE filed its original Answer and Counterclaims on October 6, 2015. [DE 33]. A seven-month-long bankruptcy stay followed, and NetCE sought leave to amend its Answer on September 23, 2016, [DE 33], which the Court granted. *See* [DE 35]. On October 21, 2016, NetCE filed the Amended Answer, Affirmative Defenses, Amended Counterclaim, and Third-Party Complaint, (the "FAA"). [DE 36]. The FAA asserts a claim against Dr. Jouria for breach of copyright infringement, breach of contacts, and Unfair Business Practices under California Business & Professional Code (Cal. Bus. & Prof. Code § 17200 *et. seq.*). *Id.*[2]

NetCE is a California-based company that specializes in developing Continuing Medical Education ("CME") courses and materials. [DE 36 at 15]. To develop CME materials, NetCE contracts with independent authors, usually licensed medical professionals and/or credentialed medical scholars, ("Authors"). *Id.* The Authors work under standard template agreements, ("Freelance Writer Agreements"), which are identical for all Authors except for the name, deadlines, and subject matter areas. *Id.* at 15–16. Under the Freelance Writer Agreements, Authors agree to draft and submit articles to CME on a specific subject, in a specific format, and by a specific deadline. *Id. See id.*; *see also* Freelance Writer Agreements attached as Ex. B to FAA

---

[1] The court realigned the parties; Dr. Jouria is now a defendant and NetCE is the plaintiff. DE 289.

[2] The court granted Dr. Jouria Judgment on the Pleadings for the California Unfair Business Practices claim. DE 162.

[DE 36-2].

Defendant Elite also produces CME courses and materials and is a direct competitor of NetCE. [DE 36 at 17]. In 2012 and 2013, NetCE and Dr. Jouria executed ten Freelance Writer Agreements. [DE 36 at 18]. NetCE published three of courses based upon three of the ten articles written by Dr. Jouria; the remaining seven articles were not converted into courses by NetCE and were not published by NetCE. These articles are at issue in this case. *Id.* at 19.

The FAA does not allege indirect copyright infringement against Dr. Jouria. DE 36. NetCE alleges that Dr. Jouria committed copyright infringement by "resubmitting the articles covered by the Contracts to Elite." *Id*. at 29 ¶86. Furthermore, in the parties' pretrial stipulation ("PTS"), [DE 300], NetCE does not identify any issue of fact or law relating to indirect copyright infringement.[3]

Dr. Jouria has previously addressed the issue of NetCE's failure to allege indirect copyright infringement in both its motion for partial summary judgment, DE 183, and its consolidated motion in limine. DE 301 at 6-7.

Trial is set for the two week period commencing on May 29, 2018. On or slightly before May 14, 2018, NetCE and Elite settled the claims at issue with respect to them which was apparently reduced to writing and evidenced by the Settlement Agreement. As a result, NetCE and Elite submitted a Joint Stipulation for Dismissal with Prejudice Between NetCE and Elite ("Stipulation"). DE 303. The Stipulation dismissed, with prejudice, among other claims, NetCE's claims of copyright infringement by Elite. Dr. Jouria requested a copy of the settlement agreement

---

[3]In the PTS, NetCE only asserts, as an issue of fact to be tried, "[w]hether Dr. Jouria committed copyright infringement by selling the Articles to Elite." *Id*. at 12.

from NetCE,[4] but it has refused to produce it.

**LEGAL ARGUMENT**

An issue of indirect copyright infringement remains for determination by the court because NetCE intends to impute lost profits as actual damages onto Dr. Jouria based upon the conduct of Elite. While Dr. Jouria has sought to exclude indirect infringement as an issue from the action by his motion practice, *supra*, an additional argument in support of his position now exists resulting from the existence of the Stipulation and Settlement Agreement.

The Stipulation was filed under Fed.R.Civ.P. 41(a)(1)(A)(ii).[5] The effect of the filing alone "is self-executing and dismisses the case upon its becoming effective. The stipulation becomes effective upon filing unless it explicitly conditions its effectiveness on a subsequent occurrence." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012). Here, the Stipulation does not explicitly conditioned its effectiveness on a subsequent occurrence.

"[A] stipulation of dismissal with prejudice ... at any stage of a judicial proceeding, normally constitutes a final judgment on the merits which bars a later suit on the same cause of action.". *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501-02 (11th Cir. 1990). This adjudication by dismissal would include, of course, NetCE's claim that Elite is a copyright infringer.

However, in order for Dr. Jouria to be liable for indirect copyright infringement owing

---

[4]Dr. Jouria invited NetCE to produce the Settlement Agreement as "Atttorneys' Eyes Only" under the court's stipulated protective order, DE 118, but NetCE declined.

[5]While the subsection requires "all parties who have appeared in the action" to execute the Stipulation, and Dr. Jouria did not sign, it is still effective as between NetCE and Elite. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004)("Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant....").

to the conduct of Elite,[6] Elite first would have to be found to be an infringer of the copyrights at issue.

Indirect infringement includes the concepts of contributory and vicarious infringement. "Contributory copyright infringement occurs where a party with knowledge of infringing activity materially contributes to the **infringing conduct of another**." *Coach, Inc. v. Swap Shop, Inc.*, 916 F.Supp.2d 1271, 1281 (S.D. Fla. 2012)(Emphasis Added). *See Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 845 (11th Cir. 1990). NetCE's dismissal of its copyright claim against Elite adjudicates Elite's non-infringing conduct. Similarly, vicarious copyright infringement requires, among other things, the direct infringing conduct of another. *Coach, Inc. v. Swap Shop, Inc.*, 916 F.Supp.2d at 1281. Without any infringing conduct by Elite, Dr. Jouria cannot be liable for indirect copyright infringement.

The Settlement Agreement also impacts Dr. Jouria's potential liability for indirect copyright infringement. To the extent the agreement contains a release clause issued by NetCE in favor of Elite for copyright infringement, Elite's conduct could not form the basis of an infringement charge. Without Elite's direct infringement, Dr. Jouria cannot be liable for indirect infringement. This all leads to NetCE's damages claim. NetCE asserts damages, in part, based upon Elite's infringing conduct. Without that conduct, Dr. Jouria cannot be co-liable for Elite's damages. Accordingly, while Dr. Jouria has challenged the speculative nature of NetCE's damages expert, *see* DE 292; 301 at 9-11, a new basis to challenge damages based upon Elite's conduct exists due to both the Stipulation and the Settlement Agreement.

---

[6]Assuming *arguendo*, that NetCE has properly pled indirect copyright infringement against Dr. Jouria, *supra*.

Finally, regarding the damages claim, to the extent a finding is made that Dr. Jouria is liable for copyright infringement for his own conduct in selling articles to Elite, *See* DE 300 at 12 Section VI ¶3, n.3, *supra*, any payment made by Elite for allegations of copyright infringement pursuant to the Settlement Agreement would impact Dr. Jouria's financial exposure. Under the one-satisfaction rule, Dr. Jouria is entitled to a reduction of damages in the amount that Elite paid to settle the copyright infringement claim. *See Buc Intern. Corp. v. International Yacht Council*, 517 F.3d 1271 (11th Cir. 2008). There is no justification for making Dr. Jouria wait until a jury verdict is rendered and prejudice his preparation for trial by not seeing, pre-trial, the settlement amount recited in the Settlement Agreement. This is especially true since no prejudice will befall NetCE given that the agreement impacts liability as well as damages.

**CONCLUSION**

NetCE dismissed the action against Elite with prejudice. That dismissal acts as an adjudication on the merits that Elite did not commit copyright infringement. That is a claim for which the court no longer has jurisdiction. The Settlement Agreement likely also releases Elite for conduct that could include the copyright infringement claim. In either case, or both cases, Dr. Jouria's liability for indirect infringement would be rendered moot (without infringing conduct of Elite) to the extent NetCE claims damages against Dr. Jouria based upon Elite's conduct. The only question of liability and damages, therefore, lies in Dr. Jouria's own conduct (selling articles to Elite) and any actual damages sustained by NetCE as a result, if any. Accordingly, Dr. Jouria respectfully moves for an order from the court compelling NetCE to produce forthwith the Settlement Agreement.

**CERTIFICATE OF COUNSEL PURSUANT TO LOCAL RULE 7.1(a)(3)**

The undersigned counsel has exchanged emails with counsel for Plaintiff, CE Resource, Inc. ("NetCE"), who has refused to produce the Settlement Agreement.

Respectfully submitted,

/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Defendant Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 16, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Richard S. Ross
Richard S. Ross, Esq.

**SERVICE LIST**
**CE Resource, Inc. v. Dr. Jassin Jouria et al.**
**Case No.: 15-61165-CIV-DIMITROULEAS**
**United States District Court, Southern District of Florida**
**(Ft. Lauderdale Division)**

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Daniel Kappes, Esq.
David Holtzman, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
Kristen McKinney, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
Minnie Kim, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*