UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)

CASE NO.:15-61165-CIV-DIMITROULEAS

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Plaintiff,

v.

DR. JASSIN JOURIA, and ELITE PROFESSIONAL EDUCATION, LLC,

       Defendants,
_____/

DR. JASSIN JOURIA,

       Counter-Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Counter-Defendant.
_____/

**DEFENDANT DR. JASSIN JOURIA'S RESPONSE IN OPPOSITION TO NETCE'S MOTION FOR PARTIAL VOLUNTARY DISMISSAL WITH PREJUDICE**

COMES NOW, the Defendant, Dr. Jassin Jouria ("Dr. Jouria"), who respectfully responds in opposition to Plaintiff, CE Resource, Inc. d/b/a NetCE's ("NetCE"), motion for a partial dismissal of two courses from its breach of contract and copyright infringement claims. *See* DE 305. There is no procedure available for NetCE to dismiss selected portions of a claim. For this reason, the motion should be denied.

**LEGAL AUTHORITY**

Simply stated, "Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action," *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004), let alone selected issues within a single claim. Additionally, Dr. Jouria objects to the dismissal. Under Fed.R.Civ.P. 41(a)(2), an "action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Dismissal of the two works with prejudice will deprive the court of jurisdiction to adjudicate Dr. Jouria's declaratory judgment counterclaims relative to those works.

While NetCE complains of alleged destruction of evidence which never occurred, that argument is a red herring. The fact of the matter is NetCE failed to conduct any pre-suit investigation regarding the medical research papers that Dr. Jouria authored for Defendant Elite Professional Education, LLC ("Elite"). Had it done so, it would have known that Dr. Jouria did not author any papers remotely similar to Clinical Cardiovascular Pharmacology or The Lymphatic and Immune Systems which NetCE claims are copyright registered. *See* DE 36-1.[1]

NetCE concedes that it is no longer asserting breach of contract or copyright infringement claims against Dr. Jouria for the two works. DE 305 at 4. Accordingly, if NetCE is so inclined, Dr. Jouria does not object to the court's entry of a partial judgment under Fed.R.Civ.P. 54(b) in his favor for the two works as to both the contract and copyright claims, and his related

---

[1] The disingenuousness of the "destruction" argument is borne out by NetCE's admission that it received "fulsome" records from Elite which NetCE thought would substantiate its claims. *See* DE 305 at 2, ¶3. If NetCE really wanted to substantiate its claims, and it continued to receive document production through May 2018, *id.*, why then did it dismiss those same claims against Elite in October 2017? *See* DE 121.

counterclaims.[2]

**CONCLUSION**

Dr. Jouria opposes the dismissal sought by NetCE, but would not oppose entry of partial judgment in his favor for the two works, on both the claims and counterclaims at issue.

Respectfully submitted,

/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Defendant Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

---

[2] The court may also enter summary judgment in favor of Dr. Jouria "as to the Two Courses NetCE no longer asserts," *id.*, since they are not genuinely in dispute. *See* Fed.R.Civ.P. 56(f). *See also* DE 183 at 11-13 (Dr. Jouria's prior filed motion for summary judgment regarding the two works).

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 16, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        s/Richard S. Ross
        Richard S. Ross, Esq.

**SERVICE LIST**
**CE Resource, Inc. v. Dr. Jassin Jouria et al.**
**Case No.: 15-61165-CIV-DIMITROULEAS**
**United States District Court, Southern District of Florida**
**(Ft. Lauderdale Division)**

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL 33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Daniel Kappes, Esq.
David Holtzman, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
Kristen McKinney, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
Minnie Kim, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*