UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)

CASE NO.:15-61165-CIV-DIMITROULEAS

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Plaintiff,

v.

DR. JASSIN JOURIA, and ELITE PROFESSIONAL EDUCATION, LLC,

       Defendants,
_____/

DR. JASSIN JOURIA,

       Counter-Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Counter-Defendant.
_____/

**DEFENDANT DR. JASSIN JOURIA'S RESPONSE IN OPPOSITION TO NETCE'S MOTION IN LIMINE TO PRECLUDE RE-LITIGATING OF ISSUES ALREADY DECIDED BY THE COURT**

       COMES NOW, the Defendant, Dr. Jassin Jouria ("Dr. Jouria"), who respectfully responds in opposition to Plaintiff, CE Resource, Inc. d/b/a NetCE's ("NetCE"), motion in limine to preclude re-litigating issues already decided by the court. DE 299. Dr. Jouria presents three defenses to the motion: 1) Dr. Jouria seeks to preserve the record for appeal on the issue of "approved for publication;" Dr. Jouria believes the court is required to present this contract phrase to the jury because it goes to the parties' intent; 2) Dr. Jouria also believes that "expressly rejects"

is subject to the parties' intent, and also must be decided by the jury; and, 3) Dr. Jouria agrees with NetCE that "Articles" as that term in defined in the Freelance Writer Agreements ("FWA"), *see also* DE 36-2 at 2 ¶4, is not subject to the parties' intent any should be interpreted by the court.

**LEGAL ARGUMENT**

Initially, Dr. Jouria takes issue with NetCE asserting the law of the case doctrine. "Under the 'law of the case' doctrine, an appellate court's findings of fact and conclusions of law are 'generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." *This That & the Other Gift & Tobacco, Inc. v. Cobb Cnty.*, 439 F.3d 1275, 1284 (11th Cir. 2006) (citation omitted). Since no appellate court has made findings of fact or conclusions of law in this case, the doctrine does not apply.

Dr. Jouria's arguments of contract interpretation concern NetCE's allegation of breach, *see* DE 36-2 at 2 ¶5, which is independent of its allegation concerning transference of copyright ownership, *id*. at ¶9, both of which are mentioned in the FWAs. The court's prior ruling on summary judgment only dealt with the Paragraph 9 "approved for publication" language, relative to transferring copyright ownership, DE 237 at 5-6, and did not consider whether Dr. Jouria did anything that he was prohibited from doing under Paragraph 5. The court went on to say that "[t]he determinative dispute is whether the courses submitted by Jouria to Elite were substantially similar to the courses submitted to NetCE such that Jouria violated his agreement with NetCE and infringed NetCE's copyrights." *Id*. at 6. This statement, respectfully submitted, does not address the alleged contract breach. In other words, Dr. Jouria could have conveyed ownership of the copyrights to his papers to NetCE without breaching the FWAs; submitting "substantially similar" courses to Elite, or any other party for that matter, is not on its face contractually prohibited conduct under the FWAs

if NetCE expressly rejected them, *infra*. Thus, the court's prior ruling does not necessarily implicate a breach of contract analysis, and Dr. Jouria only seeks to preserve this issue as to "approved for publication."

Moreover, "approved for publication" is contract language that is subject to the jury's determination under California law[1] because it addresses the intent of the parties, which the court should allow regardless of its summary judgment order. *See* Fed.R.Civ.P. 54(b) ("[A]ny order...that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties...may be revised at any time before the entry of a judgment."). "In construing contract terms, the construction given the contract by the acts and conduct of the parties with knowledge of its terms, and before any controversy arises as to its meaning, is relevant on the issue of the parties' intent." *Southern Pacific Transportation Co. v. Santa Fe Pacific Pipelines, Inc.* (1999) 74 Cal.App.4th 1232, 1242 [88 Cal.Rptr.2d 777]. "This rule of practical construction is predicated on the common sense concept that 'actions speak louder than words.' Words are frequently but an imperfect medium to convey thought and intention. When the parties to a contract perform under it and demonstrate by their conduct that they knew what they were talking about the courts should enforce that intent." *Crestview Cemetery Assn. v. Dieden* (1960) 54 Cal.2d 744, 754 [8 Cal.Rptr. 427, 356 P.2d 171]. "The conduct of the parties after execution of the contract and before any controversy has arisen as to its effect affords the most reliable evidence of the parties' intentions." *Kennecott Corp. v. Union Oil Co. of California* (1987) 196 Cal.App.3d 1179, 1189 [242 Cal.Rptr. 403]. While interpretation of a contract can be a matter of law for the court, *Parsons v. Bristol Development Co.* (1965) 62 Cal.2d

---

[1] The parties stipulate that California law applies to the construction of the FWAs. *See* DE 300 (Pretrial Stipulation) at 19.

3

861, 865 [44 Cal.Rptr. 767, 402 P.2d 839], it is a question of fact for the jury if ascertaining the intent of the parties at the time the contract was executed depends on the credibility of extrinsic evidence. *City of Hope National MedicalCenter v. Genentech, Inc.* (2008) 43 Cal.4th 375, 395 [75 Cal.Rptr.3d 333, 181 P.3d142].

Dr. Jouria asserts the parties' course of conduct is that credible extrinsic evidence that defines that intent of the parties which is within the purview of the jury. The extrinsic evidence will establish that though the FWAs state Dr. Jouria would only be paid if the Articles were approved for publication, he was actually paid well in advance of the approval for publication process. This extrinsic evidence is supported by the admission of NetCE at its deposition that Dr. Jouria was actually paid prior to approval for publication, and, in fact, that NetCE never approved for publication the at-issue Articles. *See* DE 183-4 at 4 Req. No. 32 ("NetCE never had the opportunity to approve the publication of the Seven Courses....").

The same is true for the term "expressly rejects" found in Paragraph 5 of the FWAs. *See* DE 36-2 at 2. The burden is on NetCE to establish what that phrase meant to the parties and it should be up to the jury to determine what extrinsic evidence supports that interpretation. In this case, Dr. Jouria submits that NetCE expressly rejected the Articles by its conduct in refusing to publish them. NetCE takes the position that "expressly rejects" requires a written rejection, but a written requirement is not contained in the FWAs. *See* DE 36-2 at 2 ¶5(d).

So, while issues of contract interpretation are for the court generally, when extrinsic evidence has to be weighed, it is a jury determination. For the term "Articles," though, there is no extrinsic evidence to be weighed, and the court should interpret that term, a position to which NetCE agrees. *See* DE 299 at 2 n.1. The term either means the "written articles [by Dr. Jouria] to

[NetCE]," *see* DE 36-2 at 2 ¶4, or it means any similar article. This was an issue Dr. Jouria raised in his summary judgment motion that was not addressed in the court's order. *See* DE 183 at 7-8.[2] Because NetCE drafted the FWAs, DE 300 at 9 ¶13, and ambiguous terms are to be construed against it, *id*. at 19, Dr. Jouria again asks the court to construe "Articles" in the FWA, and submits that it can only be <u>the</u> "written articles" that he authored for NetCE, and not variations or similar versions of them.

**CONCLUSION**

Dr. Jouria maintains that it is within the jury's province to address the parties' intent for the FWA phrases "approved for publication" and "expressly rejects." Dr. Jouria seeks by this response to preserve the issue for appeal on the "approved for publication" summary judgment ruling. Dr. Jouria also contends, and agrees with NetCE, that the court should construe "Articles" as that term is defined in the FWAs.

Respectfully submitted,

/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Defendant Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

---

[2]The evidence will establish at trial that Dr. Jouria never submitted <u>the</u> "written article" he wrote for NetCE to Elite, or any other party. If the court agrees with Dr. Jouria's contract construction of that phrase, and once established, the interpretation of "expressly rejects" becomes moot. *See* DE 36-2 at 2 ¶5(d)("Writer will not submit the Article to any other party for publication unless and until [NetCE} expressly rejects the Article.")

5

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on May 18, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                s/Richard S. Ross
                Richard S. Ross, Esq.

SERVICE LIST
CE Resource, Inc. v. Dr. Jassin Jouria et al.
Case No.: 15-61165-CIV-DIMITROULEAS
United States District Court, Southern District of Florida
(Ft. Lauderdale Division)

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Daniel Kappes, Esq.
David Holtzman, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
Kristen McKinney, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
Minnie Kim, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*