**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Plaintiff,

v.

DR. JASSIN JOURIA, and ELITE PROFESSIONAL EDUCATION, LLC,

       Defendants,
_____/

DR. JASSIN JOURIA,

       Counter-Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Counter-Defendant.
_____/

**<u>DEFENDANT DR. JASSIN JOURIA'S RESPONSE IN OPPOSITION TO NETCE'S
MOTION IN LIMINE TO PRECLUDE EVIDENCE OF NETCE'S VOLUNTARY
DISMISSAL OF TWO COURSES</u>**

      COMES NOW, the Defendant, Dr. Jassin Jouria ("Dr. Jouria"), by and through his undersigned counsel, who responds in opposition to Plaintiff, CE Resource, Inc. d/b/a NetCE's ("NetCE"), motion in limine to preclude evidence of NetCE's voluntary dismissal of two courses (DE 121). DE 297.  The dismissal is relevant to the issue of NetCE's admission that the two courses have not been infringed by Dr. Jouria because NetCE admits to no substantial similarity, and to show that NetCE failed to investigate the claim prior to filing suit.  The evidence also will not create unfair

prejudice as the jury must assess substantial similarity of original text for each work. NetCE does not explain why it believes the jury will impute no substantial similarity to which it admits for the dismissed works onto the remaining works.

**LEGAL ARGUMENT**

Dr. Jouria previously argued to the court that the two dismissed works upon which the courses were derived were not substantially similar to any original text contained in the purportedly copyrighted works NetCE might own. *See* DE 183 at 11-13 (Dr. Jouria's motion for partial summary judgment). NetCE admitted at deposition there was no substantial similarity for the two courses but continued to sue Dr. Jouria regardless. *See* DE 183-2 pp. 248-250. NetCE also admitted that it never conducted any pre-suit investigation of any of the allegedly infringing works authored by Dr. Jouria. *See* DE 183-6 (Int. Response No. 6, last paragraph).

The dismissal of the two courses is relevant to the issue of copyright infringement that NetCE still has pending against Dr. Jouria for the two courses. NetCE never conducted a pre-suit investigation before alleging infringement against Dr. Jouria for the two works, and admits there is no substantial similarity. The jury needs a full picture to appreciate the frivolous conduct of NetCE in suing Dr. Jouria which it can use to assess the credibility of NetCE's witnesses. NetCE's "offer" to voluntarily dismiss the claims, DE 297 n.1,[1] does not render the dismissal of the two courses irrelevant.

Moreover, the conduct of NetCE is relevant to the issue of costs and attorney's fees.

---

[1] An empty offer at that since there Fed.R.Civ.P. 41 does not permit the dismissal of elements of a single claim. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004)("Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action."). *See also* DE 309.

*See* DE 17 U.S.C. §505.  Non-exclusive factors used to determine whether Dr. Jouria is the prevailing party for the two subject works include "1) motivation; (2) objective unreasonableness (both in the factual and legal components of the case); (3) frivolousness; and, (4) the need in particular circumstances to advance considerations of compensation and deterrence." *See Fogerty v. Fantasy, Inc.*, 510 U.S 517, 535 (1986); *Mitek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842 (11th Cir. 1994).  NetCE's admission that the two works do not support copyright infringement against Dr. Jouria certainly implicates most, if not all, of these factors.

Regarding prejudice, NetCE fails to explain why the jury, knowing that two of the seven works do not infringe any copyright allegedly owned by NetCE, will impute that knowledge onto the remaining five works.  A proper jury instruction directing the jury to assess substantial similarity of original text for each work adequately protects NetCE against any jury prejudice.

Finally, NetCE cites *Bowe v. Pub. Storage*, No. 1:14-CV-21559-UU 2015 WL 10857339, at *1 (S.D. Fla. June 2, 2015).  However, that case involved a **withdrawn** motion to disqualify.  Here, NetCE's dismissal, DE 121, is part of the record, and has not been withdrawn.  Moreover, NetCE's complaint that the spirit of Fed. R. Evid. 408 would be violated misses the mark for at least two reasons: 1) Dr. Jouria was not a party to that dismissal or any conversations leading up to it; and 2) any confidentiality was waived by NetCE when it filed the document with this court as a non-sealed, public record.

NetCE has provided no fact or law supporting the proposition that Dr. Jouria should be prohibited from presenting evidence of the dismissal (or any other court filing) to the jury.  It is relevant to the copyright infringement claim, to Dr. Jouria's related counterclaim, and to Dr. Jouria's claim for costs and attorney's fees.  There is no reason offered by NetCE why the jury cannot

distinguish one alleged work from another, especially upon being so instructed by this court.

    WHEREFORE, Dr. Jouria respectfully opposes the pending motion, and asks that it be denied.

              Respectfully submitted,


              /s/ Richard S. Ross, Esq.
              RICHARD S. ROSS, ESQ.
              Attorney for Defendant Dr. Jassin Jouria
              Fla. Bar No. 436630
              915 S.E. 2 Court
              Ft. Lauderdale, Florida 33301
              Tel 954/252-9110
              Fax 954/252-9192
              E mail: prodp@ix.netcom.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 18, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      s/Richard S. Ross
      Richard S. Ross, Esq.

**SERVICE LIST**
**CE Resource, Inc. v. Dr. Jassin Jouria et al.**
**Case No.: 15-61165-CIV-DIMITROULEAS**
**United States District Court, Southern District of Florida**
**(Ft. Lauderdale Division)**

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL 33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Daniel Kappes, Esq.
David Holtzman, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
Kristen McKinney, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
Minnie Kim, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*