UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:15-cv-61165-WPD

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Plaintiff,

v.

DR. JASSIN JOURIA,

    Defendants.

_____/

DR. JASSIN JOURIA,

    Counter-Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Counter-Defendant,

_____/

**NETCE's CONSOLIDATED OPPOSITION TO ELITE PROFESSIONAL EDUCATION,
LLC'S MOTION IN LIMINE, TO THE EXTENT APPLICABLE**

  **I. SUMMARY**

  Plaintiff CE Resource, Inc. d/b/a CME Resource and NetCE ("NetCE"), opposes the Motions in Limine filed by former Defendant Elite Professional Education, LLC ("Elite"), and attempted to be adopted in DE 304 by Dr. Jassin Jouria ("Jouria"). This Court should not allow Jouria to improperly adopt Elite's mooted motions in limine. Elite's motions represent its position and the arguments pertain to Elite. This Court should not permit Dr. Jouria to coopt those arguments and force NetCE into the position of guessing how they apply to Dr. Jouria. Had Dr.

Jouria wished to bring motions in limine on such topics, he should have done so. His failure moots his claim.

Moreover, to the extent this Court permits Dr. Jouria to adopt Elite's motions in limine, such motions merely seek to prevent NetCE from presenting all admissible and relevant evidence to the jury.[1] The Court should deny all such motions for the reasons stated below.

## II.     STANDARDS APPLICABLE FOR MOTIONS IN LIMINE

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *XTEC, Inc. v. Cardsmart Technologies, Inc.*, Case No.11-22866-CIV, 20 014 WL 10250973, at *1 (S.D.Fla. Dec. 2, 2014) (not reported elsewhere).

Motions in limine are disfavored because "[a] reviewing court is handicapped in any effort to rule on subtle evidentiary questions outside a factual context." *XTEC*, at *2. More specifically, as this court has stated, motions in limine do not allow for evidentiary rulings to be made in the proper context that is provided by "a full development of all relevant facts constituting the introductory predicate for admission" of the evidence. *Roberts v. Charter Nat'l Life Ins. Co.*, 105 F.R.D. 492, 493 (S.D.Fla. 1985). Rulings on motions in limine are therefore not binding on a trial court and may be reconsidered during the course of trial when such issues are raised in a better context. *Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153-CIV, 2013 WL 750309, at *1 (S.D.Fla. June 18, 2007) (not reported elsewhere.)

Jouria improperly tries to use Elite's motions in limine as a means to restrict the scope of the arguments that NetCE may make at trial. That is improper. Motions in limine are inappropriate for resolving substantive issues in the case. *Royal Indemnity Company v. Liberty Mutual Fire Ins. Co.*, No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D.Fla. June 5, 2008) (not reported

---

[1] This Court's Order of Dismissal as to Defendant Elite noted that Dr. Jouria has adopted Elite's Motions in Limine filed at DEs 292, 294 and 295. This Responses addresses those motions.

elsewhere.) As was stated in *Royal Indemnity*, "a motion in limine is not the mechanism by which we address or narrow the issues to be tried … [n]or is it the means of testing issues of law." *Id*.

### III.  DR. JOURIA MAY NOT JOIN ELITE'S MOTIONS

As of May 14, 2018, NetCE and Elite settled all outstanding disputes between them. As a result, no live controversy existed and NetCE and Elite promptly dismissed Elite from this action. DE 303. Prior to Elite's dismissal, Elite filed motions in limine. Dr. Jouria filed a notice claiming to join in Elite's motions. DE 298. However, as part of its dismissal, Elite withdrew its motions. DE 303. Thus there is nothing for Dr. Jouria to join.

Moreover, even to the extent such motions survive due to Dr. Jouria's notice, the arguments therein pertain only to Elite. Elite's motions assert Elite's positions with respect to the arguments it raises. Dr. Jouria may not subvert those motions and require NetCE to guess how he is allegedly prejudiced. It is improper for one party to join the motion of another party without any explanation of how the arguments transfer. *Cf. United States v. Ramirez-Rivera*, 800 F.3d 1, 12 (1st Cir. 2015) (Where a party "offer[s] no explanation as to why [his co-party's] arguments pertained to him," such "textbook perfunctory" treatment waives the [party's] attempts to adopt-by-reference his co-[party's] arguments."). Blanket adoption, as Dr. Jouria tries, is insufficient to join a motion.

### IV.  RESPONSE TO THE SPECIFIC MOTIONS

#### 1.  Elite's Motion, to Strike Mr. Pampinella's Testimony (DE 292), Should Be Denied.

Dr. Jouria (and Elite) previously sought to exclude the testimony of NetCE's expert Jim Pampinella. This Court denied their Daubert motion (DE 286) and ruled,

> "Having carefully considered the parties' arguments for and against the exclusion at trial of Mr. Pampinella's expert opinion, the Court denies the Daubert motion. Mr. Pampinella is sufficiently qualified in terms of both education and experience to provide helpful, relevant testimony that will

3

>likely assist the jury in understanding damages in this case, which are 'beyond the understanding of the average lay person.'" *Id*. at 4.

Dr. Jouria now seeks to rehash arguments this Court already denied. Moreover, Dr. Jouria filed a separate motion in limine on this exact issue. DE 301 at 9. Dr. Jouria's third try is no better than his first and second. Therefore, this Court should deny Elite's Motion on this subject as well.[2]

### 2. **Elite's Motion to Exclude Testimony Regarding Demand for Pharmacology Content (DE 294), Should be Denied.**

This motion is premature. To begin with, Dr. Jouria does not attach to this motion the alleged hearsay testimony he wishes to have excluded. NetCE (and this court) is thus left to argue (and rule) on evidentiary matters in a vacuum. It would be unfair to NetCE for the Court to enter an extraordinary order prohibiting all witnesses from testifying regarding pharmacology, just because some piece may contain hearsay. Moreover, the unidentified statements that Dr. Jouria seeks to exclude could either not be hearsay, or they could fall within any number of recognized exceptions to the hearsay rule. The better practice is for this Court to determine each statement's individual admissibility at trial.

Finally, to the extent NetCE's trial witnesses offer customer statements or new accreditation requirements as a basis for their understanding that pharmacology was a burgeoning field, this is simply not hearsay. A witness may testify at trial about the basis of their opinion, even if the basis for that statement is an out of court statement. But what the hearsay rule does not allow for is that the actual revelation of inadmissible hearsay be used *for the truth of the matter asserted*. Here, the statements (if actually offered) are offered to prove up NetCE's knowledge— not for the truth of the matter asserted. In other words, although NetCE may rely upon certain

---

[2] NetCE incorporates its arguments in its Opposition to the *Daubert* Motion to Exclude Evidence (DE 245) as set forth fully herein.

4

hearsay in rendering its opinion that pharmacology would be a lucrative and growing area of need, it may not cite that hearsay to the jury for the truth of the matter asserted, thereby circumventing the rules prohibiting hearsay.[3]

### 3. Elite's Motion in Limine to Exclude Course Comparison Documents (DE 295), Should be Denied

Dr. Jouria improperly adopted Elite's motion without explanation. As a result, his purported joinder should be denied. To the extent necessary, NetCE sets forth the following explanation of why the underlying motion should be denied. This necessarily forces NetCE to make certain assumptions on how Elite's arguments apply to Dr. Jouria.

Elite raised three arguments. First, that the comparisons and Plagiarism Checker X ("PCX") reports were untimely. This falls before the Court's own order. Second, that discussion of the PCX reports or comparisons will unfairly prejudice the jury. Elite's arguments, however, all turn on the credibility of the evidence, not on its admissibility. Finally, Elite argues that there is no foundation for the PCX reports or comparison. This too fails because NetCE's Fed. R. Civ. P. 30(b)(6) witness gave extensive testimony on the PCX reports. It also fails because the comparisons were manually done by NetCE, whose witnesses will testify in open court.

a. NetCE's Disclosures were Timely

NetCE timely produced all pretrial documents. This Court's pretrial orders (DE 76 and 233) set May 11, 2018, as the deadline for parties to exchange all documents and witness lists, and prepare objections thereto, for entry into the pretrial stipulation. This Court's pretrial Orders

---

[3] It is simply too early to rule on this issue. Any number of rules may allow the statements in at trial, for example, the customer statements may reveal NetCE's then existing state of mind. Fed. R. Evid. 803(3).

supersede the Local and Federal Rules.  Moreover, the parties had an agreement that NetCE would provide its exhibit list, witness list, and a draft pretrial stipulation on May 1, 2018, well before the May 11, 2018, Court ordered deadline. [4]

To that end, NetCE reached out to counsel on April 24, 2018, to set a mutual schedule with respect to that deadline.  The parties exchanged several communications regarding the subject and no party indicated that NetCE's proposed schedule conflicted with any other deadline or rule.  In fact, Dr. Jouria did not object to that schedule and proposed alternative dates to exchange pretrial materials.  NetCE advised Dr. Jouria that it needed at least until May 1, 2018, and exchanged its list that day.  Nevertheless,  almost two weeks later, on May 4, 2018, Elite then claimed (despite cooperation between the parties) that NetCE's exchange of materials was tardy because they were exchanged on May 1 and not on April 30.  Dr. Jouria may not raise Elite's objections on his own behalf when such objections conflict with his actions in this case.  Thus, even if this Court's pretrial order did not nullify Dr. Jouria's adoption of Elite's objection, Dr. Jouria's objection is waived.

    b.  <u>The PCX Reports were Timely Disclosed</u>

NetCE created one of the PCX reports on April 30, 2018, and the remaining four on May 1, 2018, and produced them that day.  One PCX report (which peculiarly Elite (and now Jouria) seek to exclude) was actually created by Elite and produced by Elite.  See ELT0051282.  NetCE has properly supplemented  under NetCE's continuing obligation to produce responsive material.  Fed R. Civ. P. 26(e)(1)(A).  Notably, NetCE was not the only party to produce additional

---

[4] NetCE understood that Defendants would provide NetCE their exhibit and witness lists on May 4, 2018.  Instead, Defendants set their own schedule without notifying NetCE and exchanged their witness and exhibit lists one day before NetCE exchanged theirs.  If Defendants truly felt the parties should exchange their lists on April 30th and not May 4th they could have notified NetCE. Rather, they stayed silent and two weeks later alleged NetCE was untimely.

material.  Elite themselves produced additional records on April 27, 2018, also after the purported deadline.  NetCE specifically told both Elite and Dr. Jouria that it could not produce earlier versions of the PCX report, as such were done pursuant to discussions with counsel and thus were privileged, but that it was happy to run them again if either Elite or Dr. Jouria wished. Campbell Deposition, 104:22-105:1 ("But to the extent that it's helpful in lubricating discussions and moving things along in the case, they can obviously be created anew if it's helpful evidence…").  See Campbell Deposition excerpts, at Exhibit A.  Neither Elite nor Dr. Jouria made that request and Dr. Jouria cannot rely on his failure to do so as a basis for joining Elite's motion to now exclude this evidence.

Dr. Jouria (again through Elite's motion, not his own) also claims that NetCE prevented him from taking discovery as to the PCX reports.  It is not clear how this argument can survive even casual scrutiny of the record.  First, both Elite and Dr. Jouria not only had opportunity to take discovery on PCX, they did so.  In the deposition of Sarah Campbell, Elite took extensive testimony on the very subject. *See* Campbell Deposition, 101:8-24; 102:7-103:19; 104:5-12; 105:3-11, attached as Exhibit A.  So did Dr. Jouria.  *See* Campbell Deposition, 254:21-257:2. Second, both Elite and Dr. Jouria were familiar with PCX as it is regularly used in the industry. Dr. Jouria gave testimony at his own deposition on the subject. *See* Jouria Deposition, 258:18-259:18 (Jouria Deposition excerpts, attached as Exhibit B).  Elite itself produced a PCX report.

### c. Comparison Documents Were Timely Disclosed

Dr. Jouria's adopted argument also fails fundamentally with respect to the comparison demonstratives.  Demonstrative aids are not evidence and thus need not be disclosed before trial at all.  *Cf. Colon-Fontanez v. Municipality of San Juan*, 660 F.3d 17, 30 (1st Cir. 2011).

However, NetCE voluntarily disclosed and served its demonstrative exhibits to counsel for Dr. Jouria and Elite on May 8.

Dr. Jouria's argument makes little sense because Demonstratives 2, 5, 6, 7, and 8 are manual comparisons of selected portions of the voluminous courses at issue and of which NetCE must show substantial similarity. No party disputes that NetCE timely disclosed the courses (which make up the demonstratives). That is the end of NetCE's obligations. What Dr. Jouria really objects to is the manual comparison showing how substantially similar the courses actually are—this is not properly the subject of a motion in limine. Finally, NetCE's demonstratives will aid the jury. In essence, Dr. Jouria seeks to have the jury manually compare, line by line, ten courses to one another, each of which is several hundred pages long. NetCE does not believe the jury should be burdened with such a daunting task, and using a visual depiction of the courses to prove substantial similarity is entirely appropriate for this case.

> d. The PCX Reports Are Not Prejudicial

Elite's second argument, also purportedly adopted by Dr. Jouria, complains that the comparisons and the PCX reports will mislead the jury into believing that the purported substantial similarity is indicative of copyright infringement. DE 295, p. 8. This argument fails because showing similarity between the courses is exactly NetCE's burden. *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 824 (11th Cir. 1982).

Dr. Jouria adopts the argument that this comparison is improper because it does not exclude "third-party content in which [NetCE] does not own copyright rights." DE 295, p. 8. This argument fails for two reasons. First, the manual comparisons done by NetCE *do* exclude that information. Second, to the extent the PCX report does include that information, that is a question as to the weight of the evidence, not its admissibility. Finally, the argument fails,

because under copyright law the third-party content within each of the Five Courses is part of the copyright work, and it can and should be considered by jurors when evaluating substantial similarity.  Works may contain copyrighted material from third parties and nevertheless still be copyrightable as a whole. *See Warren Pub., Inc. v. Microdos Data Corp.*, 115 F.3d 1509, 1515 (11th Cir. 1997) ("the compiler's choices as to selection, coordination, or arrangement" are copyrightable). This argument therefore somewhat misses the point.

Elite's citations to the Campbell deposition are misplaced.  The initial comparison Ms. Campbell did before the initiation of this action has nothing to do with NetCE's comparison demonstrative aid.  Presumably this is why Elite—and now Dr. Jouria—have identified no such third party content in any of NetCE's comparison demonstratives. As Elite painstakingly identified, NetCE had only conducted "spot checking" when developing cause to bring this action.  Campbell Deposition, 106:19-23.  NetCE's demonstrative aid is not merely reflective of Ms. Campbell's pre-trial examination, it illustrates the *forthcoming* testimony of Ms. Campbell, who since her deposition conducted a page by page comparison and will testify to the similarity.

With respect to the PCX reports, the question of whether they contain uncopyrightable material goes to the weight of the evidence, not its admissibility.  *See United States v. Guardiola-Castillo*, No. 8:14-CR-394-T-24AEP, 2015 WL 736925, at \*4 (M.D. Fla. Feb. 20, 2015).  To the extent Dr. Jouria believes that the PCX reports do not properly convey the similar material, he may explore that theory at trial.

Finally, Dr. Jouria argues that the PCX reports cannot be authenticated by any witness because none had knowledge regarding the PCX program.  However, Dr. Jouria conceded the reliability of the PCX program at his deposition, in response to a question from Elite's counsel:

> Q.     Dr. Jouria, do you have any reason to question the plagiarism detection program [PCX] used to create Exhibit 60 [a PCX report]?

9

      A.      I have used it before. I have used several of them before. I think it's fine.

Jouria Deposition, 259:14-18.  Further, as discussed above, Ms. Campbell testified extensively about her use of PCX and both Elite and Dr. Jouria admitted its regular use in the industry.  Ms. Campbell is fully capable of properly authenticating the PCX reports.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff NetCE seeks an Order from this Court denying Dr. Jouria's claimed joinder with Elite's motions or, in the alternative, a denial of such motions.

Dated: May 18, 2018

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Philip E. Rothschild*
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

*/s/ John P. Kern*
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Daniel P. Kappes, Esq. (pro hac vice)
Email: Daniel.kappes@hklaw.com
David Holtzman, Esq. (pro hac vice)
Email: david.holtzman@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC. d/b/a CME RESOURCES and NetCE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 18, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Philip E. Rothschild*
Philip E. Rothschild

**SERVICE LIST**

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
Email: prodp@ix.netcom.com;
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC MAIL SERVICE]**

Peter A. Chiabotti, Esq.
Kristen M. McKinney, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Email: peter.chiabotti@akerman.com; kristen.mckinney@akerman.com
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
Minnie Kim, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Email: markwilson@mvalaw.com; katecole@mvalaw.com; minniekim@mvalaw.com
(Attorneys for Elite Continuing Education, Inc.)
**[VIA ELECTRONIC MAIL SERVICE]**