**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Plaintiff,

v.

DR. JASSIN JOURIA, and ELITE PROFESSIONAL EDUCATION, LLC,

    Defendants,
_____/

DR. JASSIN JOURIA,

    Counter-Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Counter-Defendant.
_____/

**DEFENDANT DR. JASSIN JOURIA'S MOTION TO QUASH TRIAL SUBPOENA OF DR. JASSIN JOURIA**

COMES NOW, the Defendant, Dr. Jassin Jouria ("Dr. Jouria"), by and through his undersigned counsel, who respectfully moves to quash a trial subpoena Plaintiff, CE Resource, Inc. d/b/a NetCE ("NetCE"), attempted to serve on him. Dr. Jouria is an Indiana resident, is employed in Indiana, and does not regularly transact business in Florida. The trial subpoena attempts to command Dr. Jouria's attendance at the trial of this cause in Florida, and is invalid and should be quashed. Fed.R.Civ.P. 45 (d)(3)(A)(ii).

**FACTUAL BACKGROUND**

This case is scheduled for the two week trial calendar commencing on May 29, 2018. NetCE failed to identify Dr. Jouria as a witness on its exhibit list who would be or might be called by his deposition testimony. *See* DE 300-4. While counsel for Dr. Jouria will appear at trial on his behalf, it is uncertain whether Dr. Jouria himself will attend.

Due to NetCE's failure to designate Dr. Jouria's deposition testimony as trial testimony, on May 18, 2018, NetCE attempted to serve Dr. Jouria, in Indiana, with a trial subpoena to compel his physical attendance at trial. Exhibit 1. The subpoena identifies service in Indiana, and commands Dr. Jouria to attend trial in the Southern District of Florida from May 29, 2018 to June 8, 2018.

**LEGAL ARGUMENT**

As it pertains to this motion, "[a] subpoena may command a person to attend a trial...only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer...." Fed.R.Civ.P. 45(c)(1)(B)(i). Attached is a declaration from Dr. Jouria attesting to the fact that he resides in Indiana, is employed in Indiana, and does not regularly transact business in person in Florida. Exhibit 2. Accordingly, Dr. Jouria is not susceptible to being served with a trial subpoena commanding his compliance in Florida. *Id*.

A person seeking protection from a subpoena "[o]n timely motion," may move the court for the district where compliance is required to quash a subpoena that "(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed.R.Civ.P. 45(d)(3)(A)(ii).

The court is required to quash or modify the subpoena under this rule. *Id*.

Dr. Jouria should not be required to comply with the subpoena to cure trial error committed by NetCE in failing to identify him properly as a witness. Moreover, counsel for NetCE was fully aware that "trial subpoenas cannot reach Indiana," Exhibit 3, yet they issued and attempted to serve Dr. Jouria knowing full well there was no basis for doing so.

Because the issuance and attempted service of the subpoena was entirely frivolous, Dr. Jouria requests sanctions, including a reasonable attorney's fee, against NetCE. Dr. Jouria was unduly burdened in having to respond to the subpoena with the preparation and filing of this motion and any defense thereof. *See* Fed.R.Civ.P. 45(d)(1).

WHEREFORE, Dr. Jouria respectfully moves for an order quashing his trial subpoena.

## CERTIFICATE OF COUNSEL PURSUANT TO LOCAL RULE 7.1(a)(3)

The undersigned counsel has exchanged emails with counsel for NetCE who opposes the granting of this motion.

Respectfully submitted,

/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Defendant Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on May 18, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

            s/Richard S. Ross
            Richard S. Ross, Esq.

SERVICE LIST
CE Resource, Inc. v. Dr. Jassin Jouria et al.
Case No.: 15-61165-CIV-DIMITROULEAS
United States District Court, Southern District of Florida
(Ft. Lauderdale Division)

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Daniel Kappes, Esq.
David Holtzman, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
Kristen McKinney, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
Minnie Kim, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*