**EXHIBIT "A"**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:15-cv-61165-WPD

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Plaintiff,

v.

DR. JASSIN JOURIA, and ELITE PROFESSIONAL EDUCATION, LLC.,

        Defendants.

_____/

DR. JASSIN JOURIA,

        Counter-Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Counter-Defendant,

_____/

## JOINT PROPOSED VERDICT FORM[1]

<u>Copyright Validity Questions:</u>

**Do you find from a preponderance of the evidence:**

    1. That the claimed work was original to its author?

        Answer Yes or No    _____

---

[1] Unless noted by title for a particular instructions, these are submitted jointly by the parties.

2. That the claimed work possesses at least a minimal degree of creativity?

Answer Yes or No     _____

If your answer to either question 1 or 2 "No," don't continue with your analysis of NetCE's claim for infringement.

3. That NetCE registered the claimed work with the United States Copyright Office?

Answer Yes or No     _____

If your answer to this question is "Yes," answer the next question.

4. If so, when do you find that the registration occurred?

Date: _____

5. That the selection, arrangement, and coordination of the preexisting materials or data comprising the claimed compilation or collective work was independently created by its author – not copied from another work?

Answer Yes or No     _____

If your answer to this question is "Yes," answer the next question.

6. The selection, arrangement, and coordination of the preexisting materials or data comprising the claimed compilation or collective work possesses at least some minimal degree of creativity?

#57666143_v1

Answer Yes or No        _____

7. Do you find that Plaintiff is seeking copyright protection in:

a) A portion of a work that is not original to the author;

b) A portion of the work that is in the public domain; or

c) An idea, concept, principle, discovery, fact, actual event, process, or method expressed or described in a work?

Answer Yes or No        _____

If your answer to Question 7 is "Yes," as to any material in which NetCE is claiming copyright protection, you should exclude that material from the material NetCE's copyright-infringement claim can be based on.

<u>Copyright Infringement</u>

**Do you find from a preponderance of the evidence:**

8. That Dr. Jouria copied NetCE's work?

Answer Yes or No        _____

If you answered "Yes," please skip Questions 9, 10 and 11, and proceed to Question 12.

9.      (a) That Dr. Jouria had access to NetCE's work – that is, that Dr. Jouria had a reasonable opportunity to view it?

3

        Answer Yes or No        _____

(b) And that the allegedly copied portion of NetCE's work is substantially similar to Dr. Jouria's work?

        Answer Yes or No        _____

If you answered "No" to either portion of Question 9, proceed to Question No. 10. If you answered "Yes" to both portions of Question 9, you may skip Question No. 10 and proceed to No. 11.

10. That the allegedly copied part of NetCE's work is so strikingly similar to Dr. Jouria's work that the similarity is unlikely to have occurred unless there was copying?

        Answer Yes or No        _____

11. That Dr. Jouria's work was independently created and was not copied from NetCE's work?

        Answer Yes or No        _____

If you answered "No" to Question No. 11, you must find for NetCE on NetCE's copyright-infringement claim.

12. That an ordinary observer, upon looking at both Dr. Jouria's accused work and NetCE's copyrighted work, would conclude that there are similarities?

      Answer Yes or No  _____

If you answered "Yes," continue to the next question.

13. That the similarities are more than trivial?

      Answer Yes or No  _____

If you answered "Yes," continue to the next question.

14. That, even if the similarities are small in quantity, they are substantial in quality?

      Answer Yes or No  _____

If you answered "Yes," continue to the next question.

15. That the similarities are sufficiently substantial to cause an ordinary observer to conclude that Dr. Jouria unlawfully took NetCE's protectable expression by taking material of substance and value?

      Answer Yes or No  _____

16. On NetCE's claim that the copyrighted work and the accused work of Dr. Jouria are substantially similar we find for (check one):

Plaintiff:  _____

Defendant:  _____

17. That there was a direct infringement of NetCE's copyright?

      Answer Yes or No  _____

If you answered "No," you don't need to answer Questions 18, 19 or 20.

18. That Dr. Jouria induced, caused, or materially contributed to the infringing conduct of this other defendant?

      Answer Yes or No  _____

If you answered "No," you don't need to answer Questions 19 or 20.

19. That Dr. Jouria engaged in this contributory infringement with actual knowledge, or with reason to know, of the infringing activity relating to NetCE's copyright?

      Answer Yes or No  _____

If you answered "No," you don't need to answer Question 20.

20. That Dr. Jouria contributorily infringed NetCE's copyright(s)?

      Answer Yes or No  _____

21. Was there a direct infringement by someone or some entity other than Dr. Jouria (i.e., a third party)?

                    Answer Yes or No       _____

If the answer to the above question is "Yes," answer the next question. If not, skip Questions 22, 23, and 24.

22. Did Dr. Jouria directly profit from the third party's direct infringement?

                    Answer Yes or No       _____

If the answer to the above question is "Yes," answer the next question. If not, skip Questions 23 and 24.

23. Did Dr. Jouria have the right to stop or limit the direct infringement?

                    Answer Yes or No       _____

If the answer to the above question is "Yes," proceed to the next question. If not, skip Question 24.

24. Do you find that Dr. Jouria vicariously infringed NetCE's copyright either by controlling or supervising the direct infringement, or by failing to exercise its right to stop or limit the infringement?

                    Answer Yes or No       _____

Fair Use Defense

Do you find that Dr. Jouria has proved by a preponderance of the evidence that:

25. That Dr. Jouria's use is for the purpose of criticism, comment, news reporting, teaching, scholarship, or research?

      Answer Yes or No  _____

26. That Dr. Jouria's use adds new meaning or expression to NetCE's copyrighted work or otherwise uses NetCE's work for a different purpose?

      Answer Yes or No  _____

27. That Dr. Jouria's use of NetCE's copyrighted work is noncommercial?

      Answer Yes or No  _____

28. That NetCE's copyrighted work is factual – not creative – in nature?

      Answer Yes or No  _____

29. That NetCE's copyrighted work was previously published?

      Answer Yes or No  _____

30. That the amount and importance of the portion taken by Dr. Jouria is reasonable in light of the purpose of its use?

    Answer Yes or No  _____

31. That Dr. Jouria's use doesn't affect a protected (nontransformative) market, or potential market, for NetCE's copyrighted work?

    Answer Yes or No  _____

32. Balancing the factors and your responses to above questions, do you find that Dr. Jouria has proved fair use by a preponderance of the evidence?

    Answer Yes or No  _____

<u>Estoppel Defense</u>

33. Did NetCE know the facts of Dr. Jouria's infringing conduct?

    Answer Yes or No  _____

If the answer to the above question is "Yes," answer the next question; if not, you should skip Questions 34, 35, 36, 37, 38 and 39.

34. Did NetCE make a statement or act in a way that caused Dr. Jouria to believe that NetCE wouldn't pursue a claim of copyright infringement against him?

    Answer Yes or No  _____

#57666143_v1

If the answer to the above question is "Yes," answer the next question; if not, you should skip Questions 35, 36, 37, 38 and 39.

35. Did NetCE intend for Dr. Jouria to act on his statement or conduct, or did Dr. Jouria have a right to believe that NetCE intended him to act on its statement or conduct?

Answer Yes or No         _____

If the answer to the above question is "Yes," answer the next question; if not, you should skip Questions 36, 37, 38 and 39.

36. Did Dr. Jouria reasonably believe that NetCE would not pursue a claim for copyright infringement against him?

Answer Yes or No         _____

If the answer to the above question is "Yes," answer the next question; if not, you should skip Questions 37, 38 and 39.

37. Did Dr. Jouria rely on NetCE's conduct?

Answer Yes or No         _____

If the answer to the above question is "Yes," answer the next question; if not, you should skip Questions 38 and 39.

38. Was Dr. Jouria injured as a result of his reliance on NetCE's statement or conduct?

Answer Yes or No         _____

39. If the answer to the above question is "Yes," do you find that the doctrine of estoppel bars NetCE from asserting his copyright-infringement claim against Dr. Jouria?

      Answer Yes or No  _____

40. Do you find by a preponderance of the evidence that Dr. Jouria infringed NetCE's copyright?

      Answer Yes or No  _____

If you answered "Yes," proceed to the next question. If you answered "No," please skip ahead to Question 51 regarding breach of contract.

Copyright Damages:

41. Do you find to a reasonable probability that NetCE suffered a loss?

      Answer Yes or No  _____

If you answered "No," please skip to Question 51 regarding breach of contract.

42. Do you find to a reasonable probability that the loss suffered by NetCE was caused by Dr. Jouria's alleged act[s] of infringement?

      Answer Yes or No  _____

11

If you answered "No," please skip to Question 51 regarding breach of contract.

43. Do you find to a reasonable probability that this loss would have occurred even if there had been no infringement by Dr. Jouria?

Answer Yes or No     _____

If you answered "Yes," please skip to Question 51 regarding breach of contract.

44. What amount of money do you determine is adequate to compensate NetCE for the actual damages caused by the infringement?

$_____

45. Did NetCE prove by a preponderance of the evidence that Dr. Jouria received profits that were causally related to the infringement you found of the copyrighted work?

Answer Yes or No     _____

If you answered "Yes" for any [defendant], go to the next question. If you answered "No" you may go to Question 51.

46. What amount of gross revenue attributable to infringement of the copyrighted work, if any, has NetCE proven by a preponderance of the evidence was received by Dr. Jouria?

Dr. Jouria          $_____

47. What amount of deductible expenses, if any, has Dr. Jouria proven by a preponderance of the evidence?

    Dr. Jouria    $_____

48. What amount of deductible expenses, if any, has Dr. Jouria proven by a preponderance of the evidence was incurred in making the gross revenue above?

    Dr. Jouria    $_____

49. What portion of Dr. Jouria's profits, if any, has Dr. Jouria proven by a preponderance of the evidence is attributable to factors other than infringement?

    Dr. Jouria    $_____

50. What amount of money do you determine is Dr. Jouria's profits that are attributable to the infringement you found, that were not already taken into account in calculating NetCE's actual damages?

    Dr. Jouria    $_____

Breach of Contract

    51.    Has NetCE proved that Dr. Jouria breached any of the Freelance Writer Agreements?

(a) Gastroesophageal Reflux Disease   Yes _____   No_____

(b) Cancer and Chemotherapy   Yes _____   No_____

(c) Traumatic Brain Injuries   Yes _____   No_____

(d) Depression v. Dementia in the Elderly   Yes _____No_____

(e) Non-antibiotic Antimicrobial Pharmacology  Yes _____   No_____

If you answered "No" to all of Question 51, then please have the foreperson sign and date the verdict form. If you answered "Yes" to any of Question 51, please continue to Question 52.

    52.    Did Dr. Jouria's breach cause NetCE to incur damages?

    Yes _____        No_____

    53.    What is the total amount of damages caused by Dr. Jouria's breach of the contracts with NetCE?

    $_____

SO SAY WE ALL:

_____    Date:_____
Foreperson