UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:15-cv-61165-WPD

CE RESOURCES, INC. d/b/a CME Resources and NetCE

       Plaintiff,

v.

DR. JASSIN JOURIA, and ELITE PROFESSIONAL EDUCATION, LLC,

       Defendants.
_____/

DR. JASSIN JOURIA,

       Counter-Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE and NetCE,

       Counter-Defendant,
_____/

## NETCE'S PARTIAL OPPOSITION TO
## DR. JASSIN JOURIA'S MOTION TO QUASH DE 316

Plaintiff CE Resource, Inc. d/b/a CME Resource and NetCE ("NetCE") acknowledges the geographical limits of its trial subpoena, and on that basis withdraws it, making Defendant Dr. Jouria's Motion to Quash Trial Subpoena (Dkt. 316) moot. NetCE served the trial subpoena on Dr. Jouria in Indiana as a desperate measure to gain his attention and provide notice of the date, time, and location of the trial. NetCE took this action only after Dr. Jouria's counsel refused to accept service of a trial subpoena (See **Exhibit 1**) this week, and then shocked NetCE with the revelation he did not know whether Dr. Jouria would even attend the trial in a 3-year old case set into motion entirely by his client's own bad acts.

Although NetCE believes the Motion to Quash is now moot, it raises the following points in response to Dr. Jouria's Motion, for the Court's consideration:

First, contrary to Dr. Jouria's allegation, NetCE _did_ designate and disclose Dr. Jouria on its witness list.  In fact, NetCE listed Dr. Jouria as its first trial witness.  Dkt. 300-4.

Second, NetCE did not designate any Dr. Jouria deposition testimony on its witness list for one simple reason: Dr. Jouria represented—consistently—that he would attend trial.  Dr. Jouria's _own witness list_ designates him as a trial participant.

| JOURIA WITNESSES (EXPECTS TO CALL) | WITNESS ADDRESS |
|---|---|
| DR. JASSIN JOURIA | ADDRESS IN CARE OF COUNSEL FOR DR. JOURIA |

(Dkt. 300-5).

Based on Dr. Jouria's representations, four days before the parties' Joint Pretrial Stipulation and witness lists were due, NetCE communicated its intention to rely on Dr. Jouria's live testimony (in lieu of deposition excerpts).  NetCE wrote, "Second, NetCE reserves the right to rely on deposition transcripts for impeachment purposes, but currently does not intend to rely on deposition transcripts _when the witnesses are available to testify in person_."  **Exhibit 2** (emphasis added in highlight in exhibit).  Counsel for Dr. Jouria failed to inform NetCE that, despite his representation otherwise, Dr. Jouria may not appear at trial.  Instead, he did the exact opposite and continued to list Dr. Jouria as a trial witness.  It was only _after_ the parties filed their Joint Pretrial Stipulation that counsel for Dr. Jouria notified NetCE that Dr. Jouria might not attend trial.

Third, and notably, NetCE did not initiate this legal action.  Dr. Jouria did.  NetCE is a California company with all of its officers and employees reside in California.  It has invested

2

considerable time and money to travel to Florida in order to participate in an action that Dr. Jouria initiated in Florida. NetCE does not need Dr. Jouria's trial testimony to prevail, but it would like to know whether he will actually appear. The trial undoubtedly will operate more efficiently (for the Court, jury, and parties) if counsel for Dr. Jouria were willing to state definitively whether his client will or will not appear. Unfortunately, despite initiating the action, Dr. Jouria will not even do that.

Finally, Dr. Jouria's request to sanction NetCE is improper under these circumstances. NetCE was merely seeking to get Dr. Jouria's attention, and be in a position—if he decides not to appear at trial—to tell this Court: *We tried everything*. It is not an undue burden or expense to require Dr. Jouria to attend a trial he initiated. NetCE has made every effort to work cooperatively with Dr. Jouria and been rebuffed each time. **Exhibit 3**. It voluntarily dismissed its nearly identical (but inverted) California based lawsuit, in the interest of judicial economy, in order to settle all claims here in South Florida. It has sought to narrow the issues for trial. *See* Dkt. 305. Really, prior to the filing of Dr. Jouria's Declaration (Dkt. 316-2), it was not clear to NetCE that a trial subpoena could not compel his attendance at trial (*i.e.* NetCE did not know if he still resided in Indiana or also was in Florida part-time or whether he regularly transacted business in Florida). *See* Fed. R. Civ. P. 45(c). Given Dr. Jouria's representation he no longer regularly transacts business in Ft. Lauderdale, and that he continues to reside solely in Indiana, NetCE will voluntarily withdraw its subpoena.

NetCE respectfully requests this Court deny Dr. Jouria's request for sanctions and enter an Order that NetCE's voluntary withdrawal of its trial subpoena renders Dr. Jouria's motion to quash moot.

Dated: May 21, 2018                                    Respectfully submitted,

#57666290_v2

HOLLAND & KNIGHT LLP

*/s/ Philip E. Rothschild*
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

*/s/ John P. Kern*
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Daniel Kappes, Esq. (pro hac vice)
Email: daniel.kappes@hklaw.com
David Holtzman, Esq. (pro hac vice)
Email: david.holtzman@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC. d/b/a CME RESOURCES and NetCE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 21, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Philip E. Rothschild*
Philip E. Rothschild

## SERVICE LIST

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC MAIL SERVICE]**

4

#57666290_v2