**EXHIBIT "1"**

## AFFIDAVIT OF NON-SERVICE

UNITED STATES DISTRICT COURT
Southern District of Florida

Case Number: 15-61165-CIV-DIMITROULEAS

Plaintiff:
**CE RESOURCE, INC. d/b/a CME RESOURCE and NetCE,**

vs.

Defendant:
**DR. JASSIN JOURIA,**

For:
Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 E. Las Olas Blvd.
Suite 1200
Fort Lauderdale, FL 33301

Received by Professional Process Servers on the 17th day of May, 2018 at 9:00 am to be served on **DR. JASSIN JOURIA C/O RICHARD S. ROSS, ESQ., 915 S.E. 2ND COURT, FT. LAUDERDALE, FL 33301**.

I, Roberto DeLemos, being duly sworn, depose and say that on the **17th day of May, 2018** at **1:56 pm, I:**

**NON-SERVED** the **SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION** for the reason that I failed to find **DR. JASSIN JOURIA C/O RICHARD S. ROSS, ESQ.** or any information to allow further search. Read the comments below for further details.

**Additional Information pertaining to this Service:**
ATTEMPTED SERVICE AT THE GIVEN ADDRESS: 915 SE 2ND COURT, FORT LAUDERDALE, FL 33301 ON 5/17/18 @ 12:05 PM, SERVICE WAS REFUSED BY ATTORNEY RICHARD ROSS, AS HE STATED THAT HE HAS NO AUTHORITY TO ACCEPT SERVICE ON BEHALF OF THIS DOCTOR.

8242

## AFFIDAVIT OF NON-SERVICE For 15-61165-CIV-DIMITROULEAS

Under penalty of perjury, I declare that I have read the foregoing and that the facts stated in it are true, that I am a Sheriff Appointed Process Server in the county in which this defendant/witness was served and have no interest in the above action. Pursuant to FS 92.525(2), no notary is required.

Subscribed and Sworn to before me on the 17th day of May, 2018 by the affiant who is personally known to me.

NOTARY PUBLIC
CONCHITA NUNEZ
Commission # GG 214086
Expires May 4, 2022
Bonded Thru Budget Notary Services

Roberto DeLemos
SPS#1114

Professional Process Servers
& Investigators, Inc.
1749 N.E. 26th Street, Suite A
Wilton Manors, FL 33305
(954) 566-2523

Our Job Serial Number: FIS-2018008242
Ref: 145745-00001

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p

OBTAIN DESCRIPTION

**PRIORITY**

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
### Southern District of Florida

CE RESOURCE, INC. d/b/a CME RESOURCE and NetCE

    *Plaintiff*
    v.

Civil Action No. **15-61165-CIV-DIMITROULEAS**

DR. JASSIN JOURIA,

    *Defendant*

SERVED: N/S
DATE: 5/17/18  TIME: 1:56 P M
BY: RD
A BROWARD COUNTY SPECIAL PROCESS SERVER IN GOOD STANDING # 11FC

DR. JASSIN JOURIA,

    Counter-Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE and NetCE,

    Counter-Defendant.

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Dr. Jassin Jouria
c/o Richard S. Ross, Esq.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301

*(Name of person to whom this subpoena is directed)*

    **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Honorable William P. Dimitrouleas<br>U.S. Federal Courthouse<br>299 East Broward Blvd.<br>Ft. Lauderdale, FL 33301 | Courtroom No.: 205B |
|---|---|
| | Date and Time:<br>May 29, 2018 – June 8, 2018[1]<br>At 9:00 A.M. |

    You must also bring with you the following documents, electronically stored information, or objects *(leave blank if*

---

[1] **NOTE:** You will note that the subpoena specifies a date you are required to appear to testify. *We do not know the exact date or time during the trial that we will be calling you to testify as it depends on proceedings during the trial.* The trial period is two (2) weeks. Please be sure to call Philip Rothschild at 954-468-7881 before you make plans to appear, as we do not know the exact date and time you will be called to testify. **Please do not go to the courthouse before calling Philip Rothschild at 954-468-7881**

R

8242

*not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 16, 2018

CLERK OF COURT                                    OR              /s/ Philip E. Rothschild

_____                                        _____
Signature of Clerk or Deputy Clerk                                 Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* CE RESOURCE, INC. d/b/a CME RESOURCES and NetCE, who issues this subpoena is:

Philip Rothschild, Esq., Florida Bar No. 0088536, Holland & Knight LLP, 515 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, Florida 33301, Phil.Rothschild@hklaw.com; Tel. 954-468-7881

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).