UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA

        Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

        Plaintiff/Counter-Defendant.

_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Third Party Plaintiff,

v.

Elite Continuing Education, Inc. and Alpine
Management Services III, LLC,

        Third Party Defendant.

_____

**NETCE'S RESPONSES AND OBJECTIONS TO ELITE PROFESSIONAL
EDUCATION'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, and Magistrate Snow's Standing Order (Dkt. 77), Defendant/Counter-Plaintiff/Third Party Plaintiff CE Resource, Inc. ("NetCE"), hereby submits its response to Counter-Defendant Elite Continuing Education, Inc.'s Second Set of Requests for Production of Documents and Things.

## PRELIMINARY STATEMENT

NetCE's discovery, internal investigation, and preparation for trial is ongoing and has not been completed at the time of this response. The responses set forth below are based solely upon such information as is presently known to NetCE. Further discovery and investigation (including without limitation documents and information received from parties to this litigation and/or third parties) may reveal additional facts and evidence not presently known to NetCE and upon which NetCE may rely at the time of trial. NetCE specifically reserves the right at the time of trial to introduce evidence from any source which hereafter may be discovered and testimony from any witness whose identity may hereafter be discovered. If any information has unintentionally been omitted from these responses, NetCE reserves the right to rely upon and to present as evidence at trial such additional information as may be discovered and/or developed by Plaintiff and/or NetCE's attorneys during the course of this litigation.

NetCE will produce documents on a rolling basis as it completes its review of documents.

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 27:**

Please produce all Documents supporting or detracting from Your contention that "Dr. Jouria's publication with Elite prevented NetCE from featuring Dr. Jouria's courses in NetCE's direct mailings," as alleged in Paragraph 64 of the Third Party Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce all Documents supporting or detracting from Your contention that "NetCE is unable to use the content Dr. Jouria submitted," as alleged in Paragraph 65 of the Third Party Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 29:**

Please produce all Documents supporting or detracting from Your contention that "sales of Dr. Jouria's prior courses with NetCE may be depressed due to the high profile character of his relationship with Elite," as alleged in Paragraph 66 of the Third Party Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 30:**

Please produce all Documents supporting or detracting from Your contention that "[a]s a result of Elite's publication, NetCE was unable to publish any of the seven (7) at issue articles," as alleged in Paragraph 69 of the Third Party Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 31:**

Please produce all Documents related to Your decision not to publish any of the NetCE Courses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 32:**

Please produce all Documents related to whether the NetCE Courses were approved for publication by NetCE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

NetCE objects as this Request is ambiguous as to the phrase "approved for publication." NetCE never had the opportunity to approve the publication of the Seven Courses originally at issue in this lawsuit—NetCE discovered Elite's infringing publications before NetCE was able to approve and publish these courses. To the extent Elite requests documents discussing the decision whether to publish NetCE Courses, NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 33:**

Please produce all Documents related to Your allegations that Your alleged copyright rights were "infringed through publication with NurseCE4Less," as alleged in Your Complaint filed on September 4, 2015 in the California Litigation, including all Documents related to the allegedly infringing courses published by NurseCE4Less, the date(s) of publication of such courses, any communications between You and NurseCE4Less regarding Your allegations of infringement, and any actions You took to enforce Your alleged copyright rights against NurseCE4Less.

4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

NetCE shall produce non-privileged documents that are in its possession, custody, and control sufficient to support or detract from its allegations in the California Litigation and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 34:**

Please produce all Documents supporting or detracting from Your contention that You "provided Alpine with [Your] market strategies, industry reports regarding competitors and market need, information regarding the competitive landscape and consumer need, internal financial performance data (histories and projections), [Your] process for curating courses, and proprietary information concerning the type of content [You] furnished, developed, and [were] planning to develop (including without limitation the schedule for the upcoming catalog mailing year)," as stated in Your response to Elite's Interrogatory No. 3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 35:**

Please produce all Documents supporting or detracting from Your contention that You "provided Alpine with a list of courses currently in development, including their status, number of hours of credit, probable target audience(s), and faculty," as stated in Your response to Elite's Interrogatory No. 3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 36:**

Please produce all Documents supporting or detracting from Your contention that You shared with Alpine Your "accreditation schedule, listing all current accreditations and approvals," as stated in Your response to Elite's Interrogatory No. 3.

5

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 37:**

Please produce all Documents supporting or detracting from Your contention that You shared with Alpine Your "return-on-investment statistics ("ROI"), areas of future business development beyond (pharmacology credits, outreach to allied health professionals, etc.), and direct mailing information," as stated in Your response to Elite's Interrogatory No. 3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 38:**

Please produce all Documents supporting or detracting from Your contention that You "made Alpine aware of [Your] existing faculty (in other words, faculty who had already authored courses that [You] published and whose names were therefore publicly available) and authors with whom [You] had executed, or [were] close to executing, Freelance Writer Agreements for the first time," as stated in Your response to Elite's Interrogatory No. 3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 39:**

Please produce all Documents supporting or detracting from Your contention that You made Alpine aware of Dr. Jouria, as stated in Your response to Elite's Interrogatory No. 3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 40:**

Please produce all Documents supporting or detracting from Your contention that You shared with Alpine "drafts of certain of Dr. Jouria's courses (Lymphatic and Immune Systems: A Comprehensive Review, Non-Antibiotic Antimicrobial Pharmacology: A Review, Traumatic Brain Injury, Clinical Cardiovascular Pharmacology, and Gastroesophageal Reflux Disease—all courses for which [You] executed a contract with Dr. Jouria before or during these negotiations)," as stated in Your response to Elite's Interrogatory No. 3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 41:**

Please produce all Documents supporting or detracting from Your contention that You "shared with Alpine information related to courses in various stages of development (in other words, pre-publication): [Your] future products," as stated in Your response to Elite's Interrogatory No. 3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 42:**

Please produce any non-disclosure agreement entered between You and Dr. Jouria.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

NetCE is unaware of any non-disclosure agreements entered into with Dr. Jouria, as such, no response documents exist.

**REQUEST FOR PRODUCTION NO. 43:**

Please produce all Documents supporting or detracting from Your statement that "[a]t the time NetCE planners approved concepts for the Seven Courses, there was a market need for continuing education courses on the subject matters of the Seven Courses," as stated in Your response to Elite's Interrogatory No. 5.

7

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 44:**

Please produce all Documents related to market need for continuing medical education courses, including courses directed to nurses, physicians, and allied health professionals.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

NetCE objects to this request as overbroad, as it requests "all Documents related to market need for continuing medical education courses," without limiting the Request to the courses at issue. NetCE further objects to this Request to the extent it is duplicative to Request No. 43. NetCE shall otherwise produce non-privileged documents responsive to this Request that are in its possession, custody, and control and concern the NetCE Courses at issue in this litigation and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 45:**

Please produce all Documents supporting or detracting from Your contention that "Elite deprived NetCE of the first-to-market advantage upon which NetCE developed and planned," as stated in Your response to Elite's Interrogatory No. 6.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 46:**

Please produce all Documents related to the first-to-market advantage for continuing medical education courses, including courses directed to nurses, physicians, and allied health professionals.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and concern the courses at issue in this litigation and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 47:**

Please produce the "impermissibly published Elite courses" that Ms. Campbell allegedly used to conduct "a visual side-by-side comparison," as stated in Your response to Elite's Interrogatory No. 6.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 48:**

Please produce all Documents related to any analysis of the Accused Courses conducted by or for You, including all Documents relating to the "side-by-side comparison" allegedly conducted by Ms. Campbell, as stated in Your response to Elite's Interrogatory No. 6.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 49:**

Please produce Documents sufficient to identify the "literal and nonliteral similarity" allegedly exhibited by the Accused Courses, as stated in Your response to Elite's Interrogatory No. 6.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 50:**

Please produce all Documents reviewed or relied upon in Your calculation of monetary damages, including all Documents supporting or detracting from Your response to Interrogatory No. 7.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 51:**

Please produce all Documents related to Your calculation of monetary damages in the Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

NetCE shall produce non-privileged documents that are in its possession, custody, and control sufficient to support or detract from its calculation of monetary damages and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 52:**

Please produce all Documents reviewed or relied upon in preparing Your response to Interrogatory No. 8 related to "Lost Revenue".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 53:**

Please produce all Documents related to the alleged "Lost Revenue" identified in Your response to Elite's Interrogatory No. 8.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

NetCE objects to this Request as duplicative of Request No. 52.  NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 54:**

Please produce all Documents reviewed or relied upon in preparing Your response to Interrogatory No. 8 related to "Unrealized Costs".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 55:**

Please produce all Documents related [sic] the alleged "Unrealized Costs" identified in Your response to Elite's Interrogatory No. 8.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 56:**

Please produce all Documents related to "total revenue" for Your "booklets" from 2012-2016, as referenced in Your response to Elite's Interrogatory No. 8.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 57:**

Please produce all Documents related to "individual net course revenue," as referenced in Your response to Elite's Interrogatory No. 8, for all of Your courses from 2012-2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 58:**

Please produce all Documents related to sales and revenue for "updated courses," as referenced in Your response to Elite's Interrogatory No. 8, for all of Your courses from 2012-2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 59:**

Please produce all documents supporting or detracting from your statement that "NetCE believes—and there is no available fact to contradict this belief—that each of the Seven Courses would have earned as much, if not more, in its lifetime of circulation. Multiplying $5 million by seven (7) yields $35 million dollars of lost revenue attributable entirely to Elite's infringement for the first year of circulation of each course alone," as referenced in Your response to Elite's Interrogatory No. 8.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 60:**

Please produce Documents sufficient to show Your sales of all courses from 2012-2016, including all sales, units, and revenue, on a course-by-course basis.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and sufficient to show sales revenue from 2012-2016 and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 61:**

Please produce Documents sufficient to show Your annual sales and revenues (including sales, units, and revenues) for all continuing medical education courses from 2012- 2016, including courses directed to nurses, physicians, and allied health professionals.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 62:**

Please produce Documents sufficient to show Your sales by month for 2012-present, as reflected for prior years in the document produced by Alpine under Bates-label ALP0060 and entitled "Sales By Month".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 63:**

Please produce all Documents related to Your sales projections for 2012-present, as reflected for a prior year in the document produced by Alpine under Bates-label ALP0061 and entitled "Sales Projections 2012".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 64:**

Please produce all Documents related to Your sales projections for continuing medical education courses, including courses directed to nurses, physicians, and allied health professionals, including any sales projections for the NetCE Courses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 65:**

Please produce Your financials for 2012-present, as reflected for prior years in the documents produced by Alpine under Bates-labels ALP0004-ALP0061.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 66:**

Please produce all Documents related to any "consumer confusion," as referenced in Your response to Elite's Interrogatory No. 10.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 67:**

Please produce all Documents related to "Elite's purposeful aping of NetCE's content and design," as referenced in Your response to Elite's Interrogatory No. 10.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 68:**

Please produce all Documents related to your statement that Elite has acted in order to "trick consumers into believing they are purchasing NetCE content," as referenced in Your response to Elite's Interrogatory No. 10.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

**REQUEST FOR PRODUCTION NO. 69:**

Please produce all Documents related to your statement that "[t]his latest instance of infringement is but the latest in a series of Elite's inappropriate and impermissible actions," as referenced in Your response to Elite's Interrogatory No. 10.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control and to the extent it has not already produced such documents.

Dated: November 15, 2017

Respectfully submitted,

HOLLAND & KNIGHT LLP

/s/ Philip E. Rothschild
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

/s/ John P. Kern
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Jessica E. Lanier, Esq. (pro hac vice)
Email: Jessica.Lanier@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC. d/b/a
CME RESOURCE and NetCE

15

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 15, 2017, I electronically served the foregoing document this day on all counsel of record or pro se parties identified on the attached Service List via email.

/s/ Philip E. Rothschild
Philip E. Rothschild

**SERVICE LIST**

Richard S. Ross, Esq.
915 S.E. 2nd Court
Fort Lauderdale, FL 33301
Email:  prodp@ix.netcom.com
*Attorneys for Plaintiff Dr. Jassin Jouria*
**[VIA E-MAIL]**

Peter A. Chiabotti, Esq.
Akerman LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Email: peter.chiabotti@akerman.com
*Attorneys for Elite Continuing Education, Inc.*
**[VIA E-MAIL]**

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Email:  markwilson@mvalaw.com; katecole@mvalaw.com
*Attorneys for Elite Continuing Education, Inc.*
**[VIA E-MAIL]**