UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:15-cv-61165-WPD

DR. JASSIN JOURIA

        Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant.
_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Counter-Plaintiff,

v.

DR. JASSIN JOURIA,

        Plaintiff/Counter-Defendant.
_____/

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Defendant/Third Party Plaintiff,

v.

Elite Continuing Education, Inc. and Alpine
Management Services III, LLC,

        Third Party Defendants.
_____/

**DEFENDANT, COUNTER-PLAINTIFF, AND THIRD PARTY PLAINTIFF NETCE's
RESPONSE TO PLAINTIFF AND COUNTER-DEFENDANT DR. JASSIN JOURIA'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant/Counter-Plaintiff/Third

Party Plaintiff CE Resources, Inc. ("NetCE") hereby responds to Plaintiff AND Counter-

Defendant Dr. Jassin Jouria's ("Jouria") First Set of Requests for Production of Documents and Things.

## PRELIMINARY STATEMENT

NetCE's discovery, internal investigation, and preparation for trial is ongoing and has not been completed at the time of this response. The responses set forth below are based solely upon such information as is presently known to NetCE. Further discovery and investigation may reveal additional facts and evidence not presently known to NetCE and upon which NetCE may rely at the time of trial. NetCE specifically reserves the right at the time of trial to introduce evidence from any source which hereafter may be discovered and testimony from any witness whose identity may hereafter be discovered. If any information has unintentionally been omitted from these responses, NetCE reserves the right to rely upon and to present as evidence at trial such additional information as may be discovered and/or developed by Plaintiff and/or NetCE's attorneys during the course of this litigation.

## GENERAL OBJECTIONS

NetCE asserts the following general objections to Jouria's First Set of Requests for Production of Documents:

1. NetCE objects to each and every Request to the extent they seek documents not within NetCE's possession, custody, or control or documents that are publicly available and/or equally available to Jouria.

2. NetCE objects to each and every Request to the extent that it exceeds the permissible scope of discovery and the requirements set forth in the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Southern District of Florida, as interpreted by relevant case law.

1

3. NetCE objects to each and every Request to the extent that it is neither relevant to the subject matter of this Litigation nor reasonably calculated to lead to the discovery of admissible evidence.

4. NetCE objects to each and every Request to the extent that it seeks disclosure of any document which reflects NetCE's or any third party's confidential or proprietary information, or right to privacy. Counsel for Dr. Jouria and counsel for NetCE have reached an agreement regarding the treatment of confidential and proprietary information, superseded only by the execution of a Protective Order between counsel for Dr. Jouria and counsel for NetCE. NetCE is producing its confidential, proprietary, and trade secret-protected information and documents subject to Dr. Jouria's (and his counsel's) agreement to treat such information and documents according to the terms of this agreement.

5. NetCE objects to each and every Request to the extent that it seeks disclosure of any information, document, or other tangible thing that is protected by any applicable privilege, including, without limitation, the attorney-client privilege, the attorney work product doctrine, any trade secret or proprietary information privilege, the common interest doctrine, or the taxpayer privilege. Complying with any Request herein does not in and of itself constitute a waiver by NetCE of any privileges with respect to any discovery request, past, present, or future.

6. NetCE objects to each and every Request, Definition, and Instruction to the extent any such Request, Definition, or Instruction contains inaccurate, incomplete, or misleading descriptions of the facts, events, and pleadings underlying this action. The production of any document shall not constitute NetCE's agreement with or acquiescence to any such description.

7. NetCE objects to all Definitions and Instructions to the extent they seek Defendant to comply with requirements beyond those in the Federal Rules of Civil Procedure and as interpreted by case law.

**SPECIFIC OBJECTIONS AND RESPONSES**

Defendant incorporates the above General Objections, by reference, into each of the specific objections and responses set forth below.

**Request for Production No. 1:**

Every Freelance Writer Agreement ("FWA"), as that term is used in Para. 22, 34-35 of the Amended Counterclaim ("ACC"), between Plaintiff and Defendant, including those not at issue in this matter.

**Response to Request for Production No. 1:**

Subject to the foregoing general objections, NetCE shall produce the ten (10) FWAs responsive to this Request.

**Request for Production No. 2:**

A copy of all works submitted by Plaintiff to Defendants.

**Response to Request for Production No. 2:**

NetCE objects to this Request as vague, ambiguous, and overbroad, in that "works" is not a defined term and is subject to interpretation. NetCE further objects to this Request to the extent it seeks documents reflecting NetCE's confidential or proprietary information.

Subject to the foregoing general and specific objections—and subject to terms of the effective confidentiality agreement between the parties—NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control.

**Request for Production No. 3:**

A copy of all documents relating to approval or non-approval of publication of works submitted by Plaintiff to Defendant.

3

**Response to Request for Production No. 3:**

NetCE objects to this Request to the extent it seeks documents reflecting NetCE's confidential or proprietary information. NetCE further objects to this Request to the extent it seeks privileged documents or documents protected by work product privilege or any other applicable privilege or immunity.

Subject to the foregoing general and specific objections— and subject to terms of the effective confidentiality agreement between the parties—NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control.

**Request for Production No. 4:**

A copy of all of Defendant's publications based in whole or in part on any of Plaintiff's works.

**Response to Request for Production No. 4:**

NetCE objects to this Request as vague, ambiguous, and overbroad, in that "works" is not a defined term and is subject to interpretation.

Subject to the foregoing general and specific objections, NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control.

**Request for Production No. 5:**

A copy of all payments made by Defendant to Plaintiff.

**Response to Request for Production No. 5:**

Subject to the foregoing general objections, NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control.

**Request for Production No. 6:**

For each work submitted by Plaintiff to Defendant, a copy of all documents relating to the process that Defendant engaged in from the time when the works were submitted by Plaintiff to actual publication, in furtherance of publication or non-publication of each work.

**Response to Request for Production No. 6:**

NetCE objects to this Request as vague, ambiguous, and overbroad, in that "work" and "works" are not defined terms and are subject to interpretation. NetCE objects to this Request to the extent it seeks documents reflecting NetCE's confidential or proprietary information. NetCE further objects to this Request to the extent it seeks privileged documents or documents protected by work product privilege or any other applicable privilege or immunity.

Subject to the foregoing general and specific objections— and subject to terms of the effective confidentiality agreement between the parties —NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control.

**Request for Production No. 7:**

A complete copy of all copyright applications referenced in Para. 25 of the ACC.

**Response to Request for Production No. 7:**

NetCE objects to this Request to the extent it seeks documents reflecting NetCE's confidential or proprietary information. NetCE further objects to this Request to the extent it seeks privileged documents or documents protected by work product privilege or any other applicable privilege or immunity.

Subject to the foregoing general and specific objections— and subject to terms of the effective confidentiality agreement between the parties —NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control.

5

**Request for Production No. 8:**

A complete copy of all registrations issuing from applications referenced in Para. 25 of the ACC.

**Response to Request for Production No. 8:**

Subject to the foregoing general and specific objections, NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control.

**Request for Production No. 9:**

A copy of the complete deposit specimens supporting the copyright applications referenced in Para. 25 of the ACC.

**Response to Request for Production No. 9:**

NetCE objects to this Request as vague, ambiguous, and overbroad, in that "deposit specimens" is not a defined term and is subject to interpretation. NetCE objects to this Request to the extent it seeks documents reflecting NetCE's confidential or proprietary information. NetCE further objects to this Request to the extent it seeks privileged documents or documents protected by work product privilege or any other applicable privilege or immunity.

Subject to the foregoing general and specific objections— and subject to terms of the effective confidentiality agreement between the parties—NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control.

**Request for Production No. 10:**

A copy of all documents relating to the due diligence Defendant undertook prior to filing suit to determine that the works submitted to it by Plaintiff, were identical or substantially similar to the works Plaintiff allegedly submitted to Elite Continuing Education, Inc. ("Elite").

**Response to Request for Production No. 10:**

NetCE objects to this Request as vague and ambiguous, in that "due diligence" is not a defined term and is subject to interpretation. NetCE objects to this Request to the extent it seeks

6

documents reflecting NetCE's confidential or proprietary information. NetCE further objects to this Request to the extent it seeks privileged documents or documents protected by work product privilege or any other applicable privilege or immunity.

Subject to the foregoing general and specific objections— and subject to terms of the effective confidentiality agreement between the parties—NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control.

**Request for Production No. 11:**

A copy of all documents including correspondence that Defendant received from and/or sent to Plaintiff, related to the works he submitted to Defendant under the FWAs.

**Response to Request for Production No. 11:**

NetCE objects to this Request as overbroad, in that the Request seeks "all documents." NetCE objects to this Request to the extent it seeks documents reflecting NetCE's confidential or proprietary information.

Subject to the foregoing general and specific objections— and subject to terms of the effective confidentiality agreement between the parties—NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control.

**Request for Production No. 12:**

A copy of all documents related to the iThenticate search or searches Defendant undertook as alleged in Para. 55 of the ACC.

**Response to Request for Production No. 12:**

NetCE objects to this Request as overbroad, in that the Request seeks "all documents." NetCE objects to this Request to the extent it seeks documents reflecting NetCE's confidential or proprietary information. NetCE further objects to this Request to the extent it seeks privileged

7

documents or documents protected by work product privilege or any other applicable privilege or immunity.

Subject to the foregoing general and specific objections— and subject to terms of the effective confidentiality agreement between the parties—NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control.

**Request for Production No. 13:**

A copy of all documents related to any iThenticate program search between the works Plaintiff submitted to Defendant, and the works Defendant alleges Plaintiff submitted to Elite or comparing Plaintiff's works submitted to Defendant with any of Elite's publications.

**Response to Request for Production No. 13:**

NetCE objects to this Request to the extent it seeks documents reflecting NetCE's confidential or proprietary information. NetCE further objects to this Request to the extent it seeks privileged documents or documents protected by work product privilege or any other applicable privilege or immunity.

Subject to the foregoing general and specific objections— and subject to terms of the effective confidentiality agreement between the parties—NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control.

**Request for Production No. 14:**

All documents that support Defendant's contention that the works Plaintiff submitted to Elite are identical or substantially similar to the works Plaintiff submitted to Defendant.

**Response to Request for Production No. 14:**

NetCE objects to this Request as vague, ambiguous, and overbroad, in that the Request seeks "all documents." NetCE objects to this Request to the extent it seeks documents reflecting NetCE's confidential or proprietary information. NetCE further objects to this Request to the

8

extent it seeks privileged documents or documents protected by work product privilege or any other applicable privilege or immunity.

Subject to the foregoing general and specific objections— and subject to terms of the effective confidentiality agreement between the parties—NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control.

**Request for Production No. 15:**

All documents that support Defendant's contention that Elite's publications are identical or substantially similar to the works Plaintiff submitted to Defendant.

**Response to Request for Production No. 15:**

NetCE objects to this Request as overbroad, in that the Request seeks "all documents." NetCE objects to this Request to the extent it seeks documents reflecting NetCE's confidential or proprietary information. NetCE further objects to this Request to the extent it seeks privileged documents or documents protected by work product privilege or any other applicable privilege or immunity.

Subject to the foregoing general and specific objections— and subject to terms of the effective confidentiality agreement between the parties—NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control.

**Request for Production No. 16:**

A copy of all documents related to Defendant's allegation that Defendant was not able to use Plaintiff's works' "content" as alleged in Para. 65 of the ACC, including documents related to why Defendant contends it was not able to use such content.

**Response to Request for Production No. 16:**

NetCE objects to this Request as overbroad, in that the Request seeks "all documents." NetCE objects to this Request to the extent it seeks documents reflecting NetCE's confidential or

9

proprietary information. NetCE further objects to this Request to the extent it seeks privileged documents or documents protected by work product privilege or any other applicable privilege or immunity.

Subject to the foregoing general and specific objections— and subject to terms of the effective confidentiality agreement between the parties—NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control.

**Request for Production No. 17:**

A copy of all documents related to any damages Defendant alleges and will seek against Plaintiff.

**Response to Request for Production No. 17:**

NetCE objects to this Request as overbroad, in that the Request seeks "all documents." NetCE objects to this Request to the extent it seeks documents reflecting NetCE's confidential or proprietary information. NetCE further objects to this Request to the extent it seeks privileged documents or documents protected by work product privilege or any other applicable privilege or immunity.

Subject to the foregoing general and specific objections— and subject to terms of the effective confidentiality agreement between the parties—NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control.

**Request for Production No. 18:**

Any and all of the Defendant's intraoffice correspondence, letters, notes, memos, or documents of any kind or nature concerning, referencing, passing upon, evidencing, or in any way connected with the allegations made in the ACC by Defendant against Plaintiff and/or Elite.

**Response to Request for Production No. 18:**

NetCE objects to this Request as overbroad, to the extent the Request seeks "any and all." NetCE objects to this Request to the extent it seeks documents reflecting NetCE's confidential or proprietary information. NetCE further objects to this Request to the extent it seeks privileged documents or documents protected by work product privilege or any other applicable privilege or immunity.

Subject to the foregoing general and specific objections— and subject to terms of the effective confidentiality agreement between the parties—NetCE shall produce non-privileged documents responsive to this Request that are in its possession, custody, and control.

Dated:  July 3, 2017                                         Respectfully submitted,

                                                          HOLLAND & KNIGHT LLP

                                                          <u>/s/ Philip E. Rothschild</u>
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

<u>/s/ John P. Kern</u>
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Jessica E. Lanier, Esq. (pro hac vice)
Email: Jessica.Lanier@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC. d/b/a
CME RESOURCE and NetCE

12

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 3, 2017, I served the foregoing document on all counsel of record or pro se parties identified on the attached Service List by U.S. Mail.

13

Dr. Jassin Jouria v. CE Resource, et al.
Case No.: 15-61165-CIV-DIMITROULEAS
United States District Court, Southern District of Florida
(Ft. Lauderdale Division)

SERVICE LIST

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
(Attorney for Plaintiff Dr. Jassin Jouria)

Peter A. Chiabotti, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401

(Attorneys for Elite Continuing Education, Inc.)

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202

(Attorneys for Elite Continuing Education, Inc