**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

   Plaintiff,

v.

DR. JASSIN JOURIA, and ELITE PROFESSIONAL EDUCATION, LLC,

   Defendants,
_____/

DR. JASSIN JOURIA,

   Counter-Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

   Counter-Defendant.
_____/

**DEFENDANT DR. JASSIN JOURIA'S REPLY IN RESPONSE TO THE PARTIAL OPPOSITION OF NETCE TO DR. JOURIA'S MOTION TO QUASH TRIAL SUBPOENA**

   COMES NOW, the Defendant, Dr. Jassin Jouria ("Dr. Jouria"), by and through his undersigned counsel, who respectfully replies to the partial opposition of Plaintiff, CE Resource, Inc. d/b/a NetCE ("NetCE"), to quash the trial subpoena it attempted to serve on him. NetCE concedes in its opposition that it knew it had no authority under the facts to invoke the trial subpoena power of this federal court, and has voluntarily offered to withdraw the subpoena. DE 320 at 1. Accordingly, Dr. Jouria seeks an order quashing the trial subpoena, including the trial subpoena

NetCE attempted to serve on his counsel.[1] The only issue that remains is whether sanctions are appropriate against NetCE for issuing a trial subpoena and attempting to serve it when NetCE knew it lacked the authority to do so.

NetCE submits that it issued and attempted to serve the trial subpoena on Dr. Jouria "as a desperate measure to gain his attention." DE 320 at 1. Dr. Jouria contends that issuing and attempting service of the subpoena was not a means to gain his attention, but rather a means to intimidate him. Regardless, Fed.R.Civ.P. 45 does not allow a party to invoke the authority of a federal district court for NetCE's stated purpose. NetCE's action was a terrible abuse of the court's subpoena power given that NetCE knew Dr. Jouria was beyond the geographical limits of the subpoena. *See* DE 316-3 at 1. This conduct alone should warrant sanctions at a minimum to deter such abuse in the future.

Additionally, NetCE improperly presumes that identification of a witness on a trial witness list compels that witness's attendance at trial. The problem here is that NetCE was negligent in not accounting for the possibility that Dr. Jouria would not appear at his trial, which NetCE could have rectified under the rules by designating his deposition transcript. This it failed to do. *See* DE 279-1; 300-4. Unlike NetCE, both Dr. Jouria, and Elite Professional Education, LLC ("Elite")(now dismissed with prejudice), identified witnesses through deposition testimony. *See* 277-2 at 2; 278 at 2; 300-5 at 4; 300-6 at 2.

None of the excuses offered by NetCE dismisses its clear abuse of the trial subpoena powers of this court. NetCE knew it had no authority to issue and attempt to serve the subpoena(s),

---

[1]That NetCE issued a second trial subpoena, DE 320-1, and attempted to serve it on counsel for Dr. Jouria, when NetCE was aware that counsel would not accept service, DE 316-3 at 2, is evidence of additional abuse by NetCE of the court's subpoena power.

yet it did so anyway. The result is needless motion practice to the detriment of all, and to the expense of Dr. Jouria. Rather than protracting this issue even more, Dr. Jouria asks the court to assess sanctions in an amount it deems appropriate.

WHEREFORE, Dr. Jouria respectfully seeks an order quashing the subpoena(s), and sanctioning NetCE for its abusive conduct in an amount it deems appropriate.

Respectfully submitted,

/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Defendant Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 22, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Richard S. Ross
Richard S. Ross, Esq.

**SERVICE LIST**
CE Resource, Inc. v. Dr. Jassin Jouria et al.
Case No.: 15-61165-CIV-DIMITROULEAS
United States District Court, Southern District of Florida
(Ft. Lauderdale Division)

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Daniel Kappes, Esq.
David Holtzman, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
Kristen McKinney, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
Minnie Kim, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*