## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 0:15-cv-61165-WPD

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

                    Plaintiff,

v.

DR. JASSIN JOURIA, and ELITE PROFESSIONAL EDUCATION, LLC.,

                    Defendants.

_____/

DR. JASSIN JOURIA,

                    Counter-Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

                    Counter-Defendant,

_____/

### NETCE's REPLY IN SUPPORT OF ITS MOTION FOR
### PARTIAL VOLUNTARY DISMISSAL OF TWO COURSES

       Plaintiff/Counter-Defendant CE Resource, Inc. d/b/a CME Resource and NetCE ("NetCE"), hereby responds to the Opposition of Defendant Dr. Jassin Jouria (DE 309) to NetCE's Motion for Partial Voluntary Dismissal with prejudice (DE 305). Dr. Jouria incorrectly claims there is "no procedure available" for NetCE's motion. DE 309, p. 1. In fact, the Federal Rules provide that mechanism.

       It is well-settled that a motion to voluntarily dismiss as to certain claims, rather than an entire action, is "more appropriately considered to be an amendment to the complaint under Rule

15." *Klay v. United Healthgroup, Inc*., 376 F.3d 1092, 1106 (11th Cir. 2004); *see also, e.g.*, *Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 302 (5th Cir. 1978) (overruled on other grounds) ("plaintiff's elimination of a fragment of an action as was the case here is more appropriately considered to be an amendment to the complaint under Rule 15"); *Gronholz v. Sears, Roebuck & Co.*, 836 F.2d 515, 518 (Fed. Cir. 1987) (Partial dismissal "more properly viewed as a Rule 15 amendment to the complaint").

Amendments to complaints may happen at any time, even after trial. *See* Fed. R. Civ. P. 15(b); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) ("Amendment can be appropriate as late as trial or even after trial").

While NetCE initially believed that it could obtain from Elite or Dr. Jouria the evidence Dr. Jouria destroyed, it is now apparent that it cannot do so. As such, there is no way to know whether Dr. Jouria violated his contracts with NetCE through the use of the Cardiovascular Pharmacology course and Lymphatic and Immune Systems course (the "Two Courses"), or whether he violated NetCE's copyrights by offering them for sale to Elite Professional Education, LLC (or some other continuing education provider). Given the absence of evidence, NetCE no longer claims breach of contract or copyright infringement as to the Two Courses. None of the damages NetCE's expert will testify about relate to the Two Courses. NetCE will not put on a case at trial related to the Two Courses, period.

The Court should freely give leave to amend in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, there

are none of those things.  NetCE moved to dismiss as soon as it concluded that there would be no further discovery or revelation by either defendant concerning the Two Courses.

NetCE moved to dismiss as soon as it concluded (quite sensibly) during its trial preparation that the jury would only be confused if NetCE insisted on presenting a case with the following narrative: "*This case is about 5 medical courses NetCE owns, and the evidence that shows defendants stole and copied those 5 medical courses*; *oh, and it is also about 2 other medical courses we initially suspected defendants stole, but don't know for certain, but where we have our suspicions, because one defendant destroyed possible evidence, making us hesitant to dismiss the other 2 medical courses, on the off chance that at trial or through some other last minute means new evidence might emerge which at long last would shed light on these 2 medical courses.*"

NetCE decided it would be better for its case, and for the jury, if its narrative were simply: "*This case is about 5 medical courses NetCE owns, and the evidence that shows defendants stole and copied those 5 medical courses.*"

Dr. Jouria will suffer no prejudice if the Court permits NetCE to amend its claims by dropping allegations concerning the Two Courses.  Dr. Jouria concedes that NetCE's amendment of the complaint to dismiss as to the Two Courses will strip this Court of subject matter jurisdiction for Dr. Jouria's declaratory relief action.  What is not clear is how that is prejudicial.  This Court would lose jurisdiction only because NetCE no longer asserted the claims in question—exactly what Dr. Jouria seeks through his complaint for declaratory relief.  It is not clear how obtaining the relief he seeks causes Dr. Jouria any harm.  This Court should therefore grant NetCE's Motion for Partial Voluntary Dismissal.

Evidence of the Two Courses is gone.  Dr. Jouria admits he destroyed his computer[1] before discovery began and Elite, having settled this matter, is no longer in a position to potentially provide that missing evidence (through witness testimony or any other means). NetCE therefore promptly moved this Court to partially dismiss as to the Two Courses for which evidence may never be found.  Such motions are properly viewed as Rule 15 motions to amend, for which a liberal standard applies.  This Court should therefore grant NetCE's motion.

Dated: May 23, 2018

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Philip E. Rothschild*
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

*/s/ John P. Kern*
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Daniel P. Kappes, Esq. (pro hac vice)
Email: Daniel.kappes@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC.
d/b/a CME RESOURCES and
NetCE

---

[1]  Dr. Jouria's claim that he did not throw away his computer is belied by his prior admissions and Magistrate Snow's prior finding.  His argument otherwise is, quite frankly, baffling.

4

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on May 23, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.


*/s/ Philip E. Rothschild*
Philip E. Rothschild

<u>**SERVICE LIST**</u>

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
Email:  prodp@ix.netcom.com;
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC MAIL SERVICE]**