UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:15-cv-61165-WPD

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Plaintiff,

v.

DR. JASSIN JOURIA,

        Defendant.

_____/

DR. JASSIN JOURIA,

        Counter-Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Counter-Defendant,

_____/

**PLAINTIFF NETCE'S OPPOSITION TO DEFENDANT DR. JASSIN JOURIA'S MOTION TO COMPEL NETCE TO PRODUCE FORTHWITH THE SETTLEMENT AGREEMENT ENTERED INTO WITH DEFENDANT ELITE PROFESSIONAL EDUCATION, LLC**

Plaintiff, CE Resource, Inc. d/b/a CME Resource and NetCE ("NetCE"), hereby files this Opposition to Defendant Dr. Jassin Jouria's Motion to Compel NetCE to Produce Forthwith the Settlement Agreement Entered into with Defendant Elite Professional Education, LLC (DE 306) (the "Motion"). The Confidential Settlement Agreement between Elite Professional Education, LLC ("Elite"), and NetCE (the "Settlement Agreement") is not relevant to Defendant Dr. Jassin Jouria ("Defendant"), either to the issue of liability or damages. Contrary to Dr. Jouria's argument,

the Settlement Agreement has no impact on liability, because it contains no admissions of liability. Moreover, the Settlement Agreement has no impact on damages, because it contains no allocation that any monies paid thereunder were paid to resolve any specific claim or address damages flowing from any specific act. To the extent the Settlement Agreement affects damages—which NetCE contends it does not—Dr. Jouria is free to move for an offset of damages, if applicable, if or when the jury reaches a verdict and assesses damages in this case, and the Court can decide for itself what impact, if any, the settlement of different claims with a different party has on damages assessed against Dr. Jouria. NetCE, therefore, respectfully asks that this Court deny Dr. Jouria's Motion.

## I.     THE SETTLEMENT AGREEMENT DOES NOT AFFECT DEFENDANT'S LIABILITY

The Settlement Agreement does not impact Defendant's liability, because the Settlement Agreement contains no admissions of liability. NetCE is suing Dr. Jouria for direct copyright infringement. Dr. Jouria incorrectly assumes the Settlement Agreement has an effect on NetCE's claims. It does not. A plaintiff may settle with one defendant while continuing to pursue claims against another defendant. *See, e.g.*, *Luken v. Int'l Yacht Council, Ltd.*, 581 F. Supp. 2d 1226, 1245 (S.D. Fla. 2008) ("As is apparent from the proceedings in the immediate case, [Plaintiff] chose to settle with the other defendants and proceed to trial against Defendants MLS Solutions and IYC"). Dr. Jouria's argument is predicated on the misguided notion his liability in the instant case would be based on indirect copyright liability, but that is not so. NetCE's case against Dr. Jouria is based on Dr. Jouria's direct copyright infringement, and Dr. Jouria's breach of five (5) contracts (the "Freelance Writer Agreements") between NetCE and him. NetCE does not allege indirect copyright liability. *See* Netce's Opposition to Dr. Jassin Jouria's Consolidated Motion in Limine, DE 314 at 7. Accordingly, the Settlement Agreement between NetCE and Elite is

2

irrelevant to NetCE's case that Dr. Jouria directly infringed NetCE's copyrights and breached the five (5) at issue contracts.[1]

## II.     NETCE'S SETTLEMENT OF DIFFERENT CLAIMS AGAINST A DIFFERENT PARTY (ELITE) HAS NO IMPACT ON ANY PUTATIVE FUTURE DAMAGES ASSESSED AGAINST DR. JOURIA

It is no secret that the Settlement Agreement reached between NetCE and Elite resolved the litigation between them.  That litigation involved claims and counterclaims, relating to copyright infringement *and* trade secret misappropriation.[2]  The parties' reasons for entering the agreement no doubt included their desire to resolve those specific claims and counterclaims, but no doubt also included their desire to avoid additional litigation-related expense, further attorneys' fees, the risks and uncertainties of trials, including the risks of possible injunctive relief, bad press, or reputational damage to their companies.  The parties' reasons are not germane to Dr. Jouria and are quite irrelevant to any liability Dr. Jouria might face in the instant case.  Nowhere in the Confidential Settlement Agreement is there any effort to allocate or explain what amounts of money paid under the agreement, if any, was designed to address any specific dismissed claim or counterclaim or other resolved issue.  Its terms are irrelevant to the case at hand.

---

[1]     The Settlement Agreement between NetCE and Elite is—by its terms—confidential, so NetCE certainly could not have disclosed it to Dr. Jouria merely at his asking.  NetCE would gladly make the Settlement Agreement available for the Court if the Court orders an *in camera* review, if the Court would like to verify any of NetCE's claims or characterizations in this Opposition.

[2]     NetCE's case against Dr. Jouria does not include a claim for trade secret misappropriation, as its case against Elite did.  NetCE's case against Dr. Jouria does include a claim for Dr. Jouria's breach of Five (5) bilateral contracts he entered into with NetCE (NetCE's case against Elite did not include these contract claims).   The cases are not congruent.

3

#57813452_v1

## III.       IF DAMAGES ARE AFFECTED, DEFENDANT CAN MOTION THE COURT AFTER A VERDICT

NetCE contends the Settlement Agreement has no impact on the issue of what putative, future damages Dr. Jouria might be obligated to pay. If, as Dr. Jouria foreshadows, down the road "a finding is made that Dr. Jouria is liable for copyright infringement for his own conduct in settling [sic] articles to Elite," then we suspect this Court would hear some renewed motion addressing the notion of an offset. Now is not that time. At trial, Dr. Jouria will not be prejudiced by the absence of the Settlement Agreement, because there is no issue at the trial that is impacted by the amount of the settlement between NetCE and Elite.

This Court previously accepted Defendant's argument that financial discovery is not appropriate until after judgment is entered. *See* Dr. Jouria's Response to Defendant NetCE's Motion to Compel Responses to Requests for Production at 3, footnote 2 (DE 110). Magistrate Snow ultimately agreed with Dr. Jouria that the financial discovery requests made by NetCE "lack relevance to the claims and defenses in this case," and sustained Dr. Jouria's objections to requests for production regarding Dr. Jouria's financial assets. *See* Omnibus Order at 2-3 (DE 145). The same holds true now—and then some, as the Settlement Agreement at issue involves a different party and different claims.

Finally, in his Motion, Defendant suggests he will prepare differently for trial depending on the amount NetCE received in the Settlement Agreement. How Defendant chooses to prepare for trial, and why he does so, is not a basis to compel NetCE to produce a confidential agreement whose terms are not relevant to Dr. Jouria's counterclaim, defense, or his putative, future obligation to pay damages. Inevitably, NetCE expects that counsel for Dr. Jouria will seek to admit the Settlement Agreement into evidence to unduly prejudice the jury. It would be improper to compel NetCE to produce the Settlement Agreement, so that Defendant can shape his case for

trial with irrelevant and prejudicial evidence.

## IV.  CONCLUSION

The Settlement Agreement is not relevant to Defendant, because it does not affect Defendant's liability, and because it has no impact on Dr. Jouria's obligation to pay damages in the instant case.  NetCE, therefore, respectfully asks this Court to deny Defendant's Motion.

Dated: May 23, 2018

Respectfully submitted,
HOLLAND & KNIGHT LLP
*/s/ Philip E. Rothschild*
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954)525-1000
Facsimile: (954)463-2030

*/s/ John P. Kern*
John P. Kern, Esq. (pro hac vice)
Email: john.kern@hklaw.com
Daniel P. Kappes, Esq. (pro hac vice)
Email: Daniel.kappes@hklaw.com
David Holtzman, Esq. (pro hac vice)
Email: david.holtzman@hklaw.com
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415)743-6918
Facsimile: (415)743-6910
Attorneys for CE RESOURCE, INC. d/b/a CME RESOURCES and NetCE

#57813452_v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 23, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Philip E. Rothschild*
Philip E. Rothschild

## SERVICE LIST

Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
915 S.E. 2nd Court
Ft. Lauderdale, Florida 33301
Email:  prodp@ix.netcom.com;
(Attorney for Plaintiff Dr. Jassin Jouria)
**[VIA ELECTRONIC MAIL SERVICE]**

#57813452_v1