**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Plaintiff,

v.

DR. JASSIN JOURIA, and ELITE PROFESSIONAL EDUCATION, LLC,

       Defendants,
_____/

DR. JASSIN JOURIA,

       Counter-Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Counter-Defendant.
_____/

**DEFENDANT DR. JASSIN JOURIA'S RESPONSE IN OPPOSITION TO NETCE'S MOTION TO REVISE EXHIBIT LIST SUBMITTED WITH JOINT PRETRIAL STIPULATION**

       COMES NOW, the Defendant, Dr. Jassin Jouria ("Dr. Jouria"), by and through his undersigned counsel, who responds in opposition to the motion, DE 323, of Plaintiff, CE Resource, Inc. d/b/a NetCE ("NetCE"), to revise its exhibit list filed with the parties' joint pretrial stipulation, DE 300; 300-1. NetCE's motion is based on multiple failures by its four attorneys of record to comply timely with the rules of procedure. More importantly, the motion would allow NetCE to cure a glaring omission in its exhibits to the extreme prejudice of Dr. Jouria. Accordingly, Dr. Jouria

respectfully requests the court to deny the motion.

**FACTUAL BACKGROUND**

On May 1, 2018, NetCE served and filed its exhibit list under Fed.R.Civ.P. 26(a)(3)(A)(iii). *See* 279; 279-2. The exhibit list was filed late as it was due to be filed by April 30, 2018. *See* Fed.R.Civ.P. 26(a)(3)(B)(30 days before trial set to commence on May 29, 2018 [DE 233]).[1] Then, NetCE filed a "corrected" exhibit list, still further late, on May 2, 2018. *See* DE 281; 281-1. NetCE attached its original exhibit list to the parties' pretrial stipulation, DE 300; 300-1, filed on May 11, 2018, to which Dr. Jouria timely objected to NetCE's identified trial exhibit numbers NC 272-278,[2] due to foundation, inadmissibility, authenticity, relevance, hearsay, and unduly prejudicial. DE 300-1 at 25. NetCE seeks to add new exhibits NC 272-290 by its motion.

**LEGAL ARGUMENT**

NetCE does not cite any case law supporting its argument that Fed.R.Civ.P. 60(b)(1) for excusable neglect applies to a party who fails to comply timely with the federal rules of civil procedure. *See Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Systems, Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986)("[A]n attorney's negligent failure to respond to a motion does not constitute excusable neglect, even if that attorney is preoccupied with other litigation."*)*. NetCE failed to file the proposed additional exhibits timely under Fed.R.Civ.P. 26(a)(3) on two occasions, and has failed to file its proposed exhibit list timely by the pretrial stipulation cutoff of May 11, 2018. *See* DE 233 at 1; a third time NetCE missed a deadline for filing its trial exhibits. At all appropriate times, Dr.

---

[1] Thirty days prior to trial actually was April 29, 2018, a Sunday, making April 30, 2018 the cutoff date.

[2] NetCE's final trial exhibit listed is numbered NC-278.

Jouria has objected to NetCE's untimeliness, *see* DE 295 at 3 n.1; 298; 304; 307, and to the substance, *see* DE 300-1 at 25, of the proposed exhibits.

NetCE should be bound by its pretrial stipulation. *See G.I.C. Corp. v. United States*, 121 F. 3d 1447, 1450 (11th Cir. 1997)("parties are bound by their stipulations and a pretrial stipulation frames the issue for trial."); *DPC Gen. Contractors, Inc. V. Cobo Co.*, 715 F. Supp. 367, 369 (S. D. Fla. 1989)("The pretrial stipulation in this case clearly sets forth the claims of the parties, and thus, supercedes the Complaint."). Since NetCE has failed to follow the rules of procedure including the court's pretrial stipulation deadline order in three attempts, there is no justification for the court to give NetCE a fourth bite at the apple.

As the burden is on NetCE to establish its claims of breach of contract and copyright infringement, any additional evidence allowed now and not timely preserved by the pretrial stipulation will be extremely prejudicial to Dr. Jouria. The glaring omission in the exhibit list filed by NetCE in the pretrial stipulation, DE 300-1, is that it fails to include any of the contracts and medical research papers at issue. Should the court correct this error for NetCE, Dr. Jouria's defense presentation will be inextricably altered. There is no reason to facilitate NetCE's burden of proof by permitting NetCE to add to its exhibits just days before trial, and NetCE provides no case law explaining why it is appropriate for Dr. Jouria to bear the burden of NetCE's litigation error.

NetCE, through its counsel Mr. Kappes, asserts that the omission was a mistake. *See generally* DE 323-1. Even if true, mistakes by counsel should never be corrected by the court to the prejudice of the opposing party. Moreover, Mr. Kappes correctly identifies no fewer than four attorneys who are presently appearing in the action on behalf of NetCE. *See* DE 323-1 at 1 ¶1. NetCE's failure to list the contracts and papers as exhibits in the pretrial stipulation was not due to

3

the failure of one attorney as Mr. Kappes' suggests in his declaration, *see generally* DE 323-1; it was a team effort, and inexcusable. NetCE's lead counsel, Mr. John Kern, and local counsel Mr. Philip Rothschild, both seasoned attorneys, coordinated the preparation of joint pretrial stipulation. They were the counsel who actually filed it with the court, along with NetCE's trial exhibit list, while Mr. Rothschild certified that he served the filings on counsel of record. *See* DE 300 at 22.

The court ordered the parties to file a "Mandatory Pretrial Stipulation," DE 76 at 3, and that it comply with Local Rule 16.1(e). Local Rule 16.1(e) requires each party to include in the pretrial stipulation a list of numbered trial exhibits. L.R. 16.1(e)(9). NetCE filed that list, and now wants to supplement it to correct a substantive error committed by its four-person legal team. Dr. Jouria vigorously objects as the proposed exhibits will cause him extraordinary prejudice at trial by facilitating NetCE's burden of proof.

**CONCLUSION**

Dr. Jouria opposes NetCE's motion. Three missed deadlines by four attorneys is not excusable neglect. The proposed revision to the exhibits is untimely, and tips the balance of justice decidely against Dr. Jouria, to his severe detriment. Upon the foregoing, Dr. Jouria respectfully requests the court enter an order denying NetCE's motion.

Respectfully submitted,


/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Defendant Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 23, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Richard S. Ross
Richard S. Ross, Esq.

SERVICE LIST
CE Resource, Inc. v. Dr. Jassin Jouria et al.
Case No.: 15-61165-CIV-DIMITROULEAS
United States District Court, Southern District of Florida
(Ft. Lauderdale Division)

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Daniel Kappes, Esq.
David Holtzman, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
Kristen McKinney, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
Minnie Kim, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*