**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Plaintiff,

v.

DR. JASSIN JOURIA, and ELITE PROFESSIONAL EDUCATION, LLC,

       Defendants,
_____/

DR. JASSIN JOURIA,

       Counter-Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

       Counter-Defendant.
_____/

**DEFENDANT DR. JASSIN JOURIA'S REPLY TO NETCE'S RESPONSE IN
OPPOSITION TO DR. JOURIA'S MOTION TO COMPEL NETCE TO PRODUCE
FORTHWITH THE SETTLEMENT AGREEMENT ENTERED INTO WITH
DEFENDANT ELITE PROFESSIONAL EDUCATION, LLC**

       COMES NOW, the Defendant, Dr. Jassin Jouria ("Dr. Jouria"), by and through his undersigned counsel, who respectfully replies to the response in opposition filed by Plaintiff, CE Resource, Inc. d/b/a NetCE ("NetCE"), DE 328, to Dr. Jouria's motion to compel the forthwith production of the NetCE settlement agreement ("Settlement Agreement") entered into with the now-dismissed defendant Elite Professional Education, LLC ("Elite"). *See* DE 306. As grounds

therefore, Dr. Jouria replies as follows:

1. NetCE does not address the adjudicatory nature of its dismissal with prejudice with Elite, *see* DE 306 at 4-5, thus rendering Elite a non-infringer of the copyrights at issue;

2. NetCE asserts the Settlement Agreement "contains no admission of liability." DE 328 at 2. However, Dr. Jouria's argument is that the Settlement Agreement likely contains a "release clause issued by NetCE in favor of Elite for copyright infringement." DE 306 at 5. To the extent Elite was released from liability pursuant to the terms of the Settlement Agreement, regardless of no "admission of liability," this would form an additional basis for the proposition that Elite cannot be a copyright infringer;[1]

3. NetCE concedes that it is not suing Dr. Jouria for indirect copyright infringement. DE 328 at 2. Accordingly, Dr. Jouria's third motion in limine regarding indirect infringement should be granted, DE 301 at 6-7. As such, NetCE should not be able to present testimony, evidence or argument that Dr. Jouria is liable for the conduct Elite or responsible for any alleged damages it might have caused NetCE. Because the report of NetCE's damages expert, Mr. James Pampinella, is solely based upon the theory that NetCE's actual damages in the form of lost profits are due exclusively to "Elite's alleged misconduct," DE at 200-1 at 16 (page 14), Mr. Pampinella should be excluded from testifying because his testimony is now irrelevant to Dr. Jouria's conduct, and it would be unduly prejudicial to him;[2] and,

---

[1] It is likely that both a release clause and a no admission of liability clause are part of the Settlement Agreement.

[2] In addition to Dr. Jouria's sixth motion in limine asserting that Mr. Pampinella's testimony is purely speculative. *See* DE 301 at 9-10; DE 292 (Elite motion adopted by Dr. Jouria, DE 298; 304; 307).

4. NetCE cites no law in response to Dr. Jouria's request that he should be apprised in advance of trial, to avoid prejudice, of his potential exposure to copyright infringement damages as a direct infringer under the one-satisfaction rule. *Buc Intern. Corp. v. International Yacht Council*, 517 F. 3d 1271 (11th Cir. 2008).

WHEREFORE, Dr. Jouria respectfully moves for an order compelling NetCE to produce the Settlement Agreement to Dr. Jouria forthwith.

Respectfully submitted,

/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Defendant Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 23, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Richard S. Ross
Richard S. Ross, Esq.

## SERVICE LIST
### CE Resource, Inc. v. Dr. Jassin Jouria et al.
### Case No.: 15-61165-CIV-DIMITROULEAS
### United States District Court, Southern District of Florida
### (Ft. Lauderdale Division)

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Daniel Kappes, Esq.
David Holtzman, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
Kristen McKinney, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
Minnie Kim, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*