# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
## CASE NO. 0:15-61165-WPD

CE RESOURCE, INC. d/b/a CME Resource and NetCE,

    Plaintiff,

v.

DR. JASSIN JOURIA, and ELITE PROFESSIONAL EDUCATION, LLC,

    Defendants.

_____/

DR. JASSIN JOURIA,

    Counter-Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME Resource and NetCE,

    Counter-Defendant,

_____/

## DEFENDANT DR. JASSIN JOURIA'S PROPOSED VOIR DIRE QUESTIONS

    Defendant, Dr. Jassin Jouria, submits the following proposed voir dire questions for the jury:

1. Is there anyone here who is being called as a witness?

2. Do any of you have difficulty understanding or reading English?

3. How would you describe your ability to read and understand English?

4. What is your native language? How long have you lived in the US?

5. What is your occupation?

6. Do any of you read lips?

7. A typical court day will begin at _____am and end at _____pm with several breaks. This trial is expected to take 2-4 days to complete. Will any of you find it difficult or impossible to participate for this period of time?

8. Do any of you have a physical disability, such as a hearing or vision problem, that would prevent you from serving as a member of the jury?

9. Next I would like the parties to introduce themselves. Please pay careful attention because in a few minutes I will ask whether any of you have met any of these people before, or have had any dealings or other connections with any of them.

10. Have any of you heard of, or been acquainted with, any of these parties or their attorneys, or any persons employed in the same offices as the attorneys?

11. Are any of you related to me, friends of mine, or related to, or friends of, any of the court staff whom I introduced?

12. Do any of you have a personal interest in the outcome of this case?

**BACKGROUND**

1. Please state your name:

2. Please state the city in which you live: a. How long have you lived there?

    b. Where else have you lived in the past 5 years?

3. Please state your current occupation: a. How long have you been so employed?

    b. What were your previous occupations, if any?

4. Have you ever owned a business? a. If so, how many employees?

5. Please give us the following information about your family: a. If you are married what is your spouse's current occupation? b. If you have children? 1. How many? 2. What ages? 3. What are their occupations if any?

6. Are there any other adults living in your household? If so, how are they related to you, and what is their age and occupation?

7. Do any of you have educational degrees more than high school?  What degrees?

**PREVIOUS LAWSUITS/JUROR SERVICE**

If any of you would answer yes to any of these questions, please raise your hand.

1. During the past five years, have any of you served on a jury or been excluded from a jury?

2. Was it a civil or a criminal case? If civil, what, in general, was the case about?

3. Without telling me the outcome, or who won, please tell me whether or not the jury reached a verdict.

4. Were you ever the foreperson?

5. Will you be able to put aside your prior jury experience as you sit in this case, to ignore completely anything you learned about the law or evidence in those cases, and decide this case solely on the basis of the evidence that I admit during this trial and on the law as I instruct you in it?

6. What do you think are the most important qualities a juror should have?

**BURDEN OF PROOF**

There is a substantial difference between the burden of proof in a criminal trial and the burden of proof in a civil trial. In a criminal trial, the prosecution must prove all the essential facts beyond a reasonable doubt. In a civil trial such as this one, by contrast, the burden of proof is less demanding. To win a civil case, plaintiff NetCE generally must prove all the essential facts by a preponderance of the evidence,

though I will instruct you later on this if you are selected as a juror. Preponderance of the evidence means that after the jury takes into account the evidence the defendants have presented, the jury concludes that the essential facts are more likely true than not true.

1. Do any of you think you would have any difficulty in applying the preponderance of the evidence standard in this civil action?

2. Does anyone think that if a lawsuit makes it all the way to trial, that it must be a strong case?

3. Does anyone think that just because a party files a lawsuit that it must have merit, and be entitled to recover money?

**LITIGANT-WITNESS HISTORY**

1. Have you, or has anyone in your immediate family, been a party (either as a plaintiff or as a defendant) to any lawsuit, civil or criminal? If so, please raise your hand.

2. If so, who (you or a family member) was the party to the case?

3. Was the person a plaintiff or a defendant?

4. What was the nature of the case?

5. Was it tried by jury?

6. Outcome?

7. Is there anything about that experience that would cause you to question your ability to decide this case fairly and impartially, only on the basis of the evidence I admit during this trial and the law as I instruct you in it?

8. Have any of you ever been a witness in state or federal court in any lawsuit, civil or criminal? Raise your hand.

9. Did you testify for the plaintiff or the defendant?

10. What was the nature of the case?

11. Is there anything about that experience that would cause you to question your ability to decide this case fairly and impartially, solely on the basis of the evidence I admit during this trial and the law as I instruct you in it?

**LAWS GENERALLY**

1. Have you, or has anyone in your immediate family, attended law school or had any other training in the law?

2. If so, will you put whatever knowledge of the law you may have acquired before today out of your mind during this trial, and will you promise to apply only those

legal principles in which I instruct you?

3. Do any of you have any specific feelings or opinions about lawsuits, lawyers or the parties who bring lawsuits, either positive or negative?

4. Do any of you have any personal objection to lawsuits that seek monetary compensation for injuries and damages suffered?

5. Do you have any specific feelings about the size of jury awards?

**COPYRIGHT AND CONTRACT EXPERIENCE**

1. Do you know what a patent, trademark or copyright is?

2. Are you an author of any books?

3. Have you ever authored any books, movies, video, or art that was published or sold?

4. There is a form of property called intellectual property. It emanates from the creator of the property, and has commonly been referred to as inventions, names or expression of ideas, under the general headings of patents, trademarks, and copyrights. Some people think intellectual property should be shared freely. Others favor strong protection for the creator of intellectual property. What do you think?

5. Do any of you own any patents, trademarks or copyrights?

6. Have any of you ever been accused of infringing someone else's patent, trademark or copyright?

7. Do you think that when a United States government entity such as the United States Copyright Office issues a copyright registration, that it has more importance simply because the government issued it?

8. Do you think the government can be wrong in the actions it takes like issuing patents, trademarks, or copyrights?

9. Do you think you have the ability to determine if the government might have made a mistake in issuing the intellectual property, several copyright registrations, in this case?

10. Have any of you ever been a party to a contract to perform services? Explain.

11. Have any of you ever sued someone, or been sued by someone, for breach of contract? Explain.

**PARTIES**

1. The plaintiff is a publisher of continuing education courses for medical professionals by the trade name of NetCE. Are any of use medical professionals? Have you ever

heard of NetCE? Have you ever purchased any courses from continuing education providers whether or not NetCE for any field of practice?

2. The defendant is an emergency room physician. He is also a writer of medical research papers. His name is Dr. Jassin Jouria. Do any of you know him?

3. Have you ever had a bad experience with a medical doctor or an emergency room physician? Explain.

4. Dr. Jouria might not be able to attend some or all of the court proceedings due to his work schedule. Will any of you find that that shows that Dr. Jouria does not care about this case or somehow that he is uninterested in the outcome his case? Will you still be able to act fairly towards Dr. Jouria if he cannot attend and base your decision solely upon the evidence and the instructions I give you?

**CLOSING QUESTIONS**

1. Do any of you have any reluctance about serving as a juror?

2. Is there anyone who would feel any reluctance in joining the discussion with the members of the jury during deliberations?

3. Would any of you feel offended if other members of the jury disagreed with your

view of the evidence?

4. It is your duty as a juror to listen to the opinions and points of view of the other members of the jury. Would any of you be unwilling to listen to a fellow juror who disagreed with you?

5. It is also your duty as a juror to express your opinion or point of view regarding the evidence to the other members of the jury. Is there anyone who would be unwilling to speak up and try to persuade other members of the jury who disagreed with your view of the evidence?

6. Is there anyone who would be unwilling to change an opinion if, after listening to the arguments of the other members of the jury, you were persuaded that your opinion was wrong?

7. In a trial the plaintiff puts on his evidence first, and then the defendant has the opportunity to put on his evidence. Do any of you think you might have difficulty keeping an open mind regarding this case until you have heard all the evidence and I have instructed you on the law?

8. If you are selected to sit as a juror, will you be able and willing to render a verdict solely on the evidence presented at the trial and the law as I instruct you and not based upon your emotions, or any preconceived notions about the facts or the law in

this case? Is there anyone who thinks he or she cannot do that?

9. Do you understand that you must follow my instructions regarding the law whether you agree with the law or not? If that idea troubles you, please let me know.

10. As a juror, you may have to resolve conflicts in the testimony of witnesses. This means you may have to decide whether to believe or reject all or part of a witness's testimony or who is telling the truth. Is there any juror who feels this is not something he or she can do?

11. Can you think of any experience in your life or any other matter which occurs to you now that you think you should bring to my attention because it may have some bearing on your ability to be fair as a juror in this case?

12. From what you have heard about this case thus far, is there anything that causes any of you to believe that you cannot be fair and impartial as a juror in this case?

13. Is there anything which has happened here this morning which any of you think may affect your ability to be fair and impartial to the parties that you have not told us about up to now?

14. Do you have any bias or prejudice, for or against, any of the parties or attorneys in this case? Is there any reason at all why you can't be absolutely fair to the plaintiff in this case?

15. Is there any reason at all why you can't be absolutely fair to the defendant in this case?

16. If you were the client for either of the attorneys, what would you want them to know about someone like you on the jury?

17. Having heard all the questions put to you, do you know of any reason why you could not sit on this jury and render a fair verdict based on the evidence presented and the legal instructions I give you?

Respectfully submitted,

/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Defendant Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: **prodp@ix.netcom.com**

## **CERTIFICATE OF SERVICE**

        I HEREBY CERTIFY that on May 24, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                   s/Richard S. Ross  
                                                                    Richard S. Ross, Esq.

SERVICE LIST
CE Resource, Inc. v. Dr. Jassin Jouria et al.
Case No.: 15-61165-CIV-DIMITROULEAS
United States District Court, Southern District of Florida
(Ft. Lauderdale Division)

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Daniel Kappes, Esq.
David Holtzman, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
Kristen McKinney, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
Minnie Kim, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*