**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Plaintiff,

v.

DR. JASSIN JOURIA, and ELITE PROFESSIONAL EDUCATION, LLC,

        Defendants,

_____/

DR. JASSIN JOURIA,

        Counter-Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

        Counter-Defendant.

_____/

**DEFENDANT DR. JASSIN JOURIA'S TRIAL BRIEF**

        COMES NOW, the Defendant, Dr. Jassin Jouria ("Dr. Jouria"), who respectfully files

his trial brief.

**I.      FACTUAL BACKGROUND**

        This case comes to the court on Plaintiff's, CE Resource, Inc. d/b/a NetCE

("NetCE"), first amended complaint, DE 36, alleging that Dr. Jouria breached five freelance writer

agreements ("FWA"), and violated five United States copyright registrations, for five medical

research papers ("Works") that Dr. Jouria wrote for it.[1]  NetCE, a publisher of continuing medical

education ("CME") courses, as alleged, was to use the Works, once edited and revised by it, as CME

courses to be offered to the public.  As part of its complaint, NetCE alleges that Dr. Jouria breached

the FWAs and violated its alleged exclusive rights in the copyrights by, among other things, selling

the Works to Defendant Elite Professional Education, LLC ("Elite"), also a CME course publisher

and a competitor of NetCE.[2]  Dr. Jouria denies selling the Works to Elite, breaching any of the

FWAs, or violating any purported copyright registrations.

On NetCE's contract claim, the parties dispute three terms or phrases contained in

the FWA's: "Articles," "approved for publication,"[3] and "expressly rejects."  For the copyright

infringement claim, Dr. Jouria's Works are fact-based, public domain derived medical research

papers.  "Facts, whether alone or parts of a compilation, are not original and therefore may not be

copyrighted."  *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 350 (1991).

Public domain text similarly is not subject to copyright protection.  Glaringly here, NetCE's alleged

copyright registrations only recite "text" as the copyright authorship claim - they do not claim any

---

[1]Originally NetCE had a claim for seven contracts and seven copyrights, but dismissed two of those claims with prejudice, DE 305, which the court stated at calendar call, held on May 25, 2018, that it would allow.

[2]Elite has been dismissed with prejudice as to all claims, upon reaching a settlement with NetCE.  *See* DE 303; 335, 335-1.  Thus, Elite is not an infringer by operation of law, and by agreement with NetCE as NetCE released Elite from any copyright infringement liability in the settlement (The release was confirmed from the bench on May 29, 2018).

[3]Dr. Jouria acknowledges the court's ruling, DE 237, concluding that "approval for publication" was subject to the court's right to interpret the contracts as a matter of law.  At calendar call, the court stated that Dr. Jouria would be able to address the issue at court outside the presence of the jury.  The court has yet to rule on interpretation of the terms "Articles," or "expressly rejects."  *Id*.

compilation rights.[4]  Additionally, NetCE has not identified as trial exhibits the purported copyright

applications, or the purported deposit copies submitted to the United States Copyright Office.

NetCE has also not identified as a trial witness the person from NetCE who actually completed and

filed the alleged copyright applications and who allegedly submitted the deposit copies to the

Copyright Office.

## II.     LEGAL ARGUMENT

### 1.     Claimed Authorship:  Text v. Compilation

At calendar call, counsel for NetCE argued, on one hand, that NetCE is not asserting

a claim for a compilation work, but on the other, that it is asserting a claim of originality based upon

the selection and arrangement of facts that Dr. Jouria chose to include in his Works.  These

assertions are diametrically opposed to one another, and matter greatly.  If the Works only cover

"text," then Dr. Jouria asserts the standard of comparison is substantial similarity.  However, if the

Works cover "compilations," then Dr. Jouria asserts the standard of comparison is virtual

identicality.  *See* DE 319 at 71-72 n.20 (proposed jury instructions).

The certificates of copyright registration recite "text" as the author-created work.

They do not recite "compilations."[5]  *See* DE 36-1.  If NetCE wanted to limit its claim to compilations

---

[4]*See Buc International Corp. v. International Yacht Council Limited*, 489 F. 3d 1129, 1135 (11th Cir. 2007)(copyright registered in 1997 for "compilation, selection, and organization of [the BUCNET] database" and then the words "and text of vessel listings" were added in a 2002 registration); *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F. 2d 197, 199 (9th Cir. 1989)(under "Nature of Authorship" section in the certificates of registration, claim made to "[t]ext, compilation of data and editing of data").  *See also* 17 U.S.C. §101; 409(9)(there is no identification in the certificates of registration of "compilation," or of any preexisting materials as required by statute).

[5]*See* n.4, *supra*.

in the registered copyrights, it was required to identify in the copyright applications "any preexisting work or works that it is based on or incorporates, and a brief, general statement of the additional material covered by the copyright claim being registered."   17 U.S.C. §409(9).   None of the registrations at issue identify "compilations" or any preexisting works or a general statement of additional material "covered by the copyright claim being registered."

NetCE's counsel is wrong on the law to believe that the registrations at issue, whether or not termed "compilations," cover the selection and arrangement of Dr. Jouria's Works.  Counsel's belief is refuted by the statutory definition of a "compilation."

"A 'compilation' is a work formed by the collection and assembling of preexisting materials or of data **that are selected, coordinated, or arranged** in such a way that the resulting work as a whole constitutes an original work of authorship. The term 'compilation' includes collective works." 17 U.S.C. §101 (Emphasis Added).  Thus, by statutory definition, only in a "compilation" registered claim can originality be based upon the selection, coordination, or arrangement of preexisting materials or data.  Because the certificates of registration do not recite a claim for compilation works, NetCE is prohibited from asserting them as such at trial.  *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 856 F.3d 1338, 1341 (11ᵗʰ Cir. 2017)("'[R]egistration of [a] copyright ... has [not] been made in accordance with ... title [17],' 17 U.S.C. § 411(a), until 'the Register ... register[s] the claim,'").  Under *Fourth Estate*, NetCE has no authority now to assert any form of compilation, i.e., selection and arrangement, because the registrations are devoid of the claim.

While the court denied without prejudice Dr. Jouria's second motion in limine covering this subject at calendar call, Dr. Jouria submits that the issue requires resolution before any

statements are made to the jury regarding the standard for copyright infringement.  NetCE contends

the standard is substantial similarity, while Dr. Jouria submits the standard is substantial similarity

if the Works cover "text," and virtual identicality if the Works cover "compilations."  *See* DE 319

at 69-70; 71-72 n.20.

In *Buc*, *supra*, the Eleventh Circuit faulted defense counsel for not objecting during

opening statements made by plaintiff's counsel to the jury to the reference of a "substantial

similarity" standard for the compilations at issue.  *Buc International Corp. v. International Yacht*

*Council Limited*, 489 F.3d at 1146 n.35.  Accordingly, Dr. Jouria respectfully requests the court

resolve this issue in advance of trial, and even in advance of opening statements.

### 2.     Dr. Jouria Cannot Be Indirectly Liable to NetCE Without Direct Infringement by Elite

NetCE intends to assert damages against Dr. Jouria for the conduct of Elite, under a

theory of indirect infringement through either contributory or vicarious copyright infringement.

First, NetCE never pled any theory that Dr. Jouria is liable for indirect infringement, and never

preserved any such argument in the pretrial stipulation, DE 300.  Second, while Dr. Jouria may be

found liable for his own conduct, upon appropriate proof, he cannot be indirectly liable to NetCE

for Elite's conduct because Elite has been adjudicated as a non-infringer, and because NetCE

released Elite from any liability for copyright infringement when it settled with it.  *See* DE 335-1.

"Contributory copyright infringement occurs when one with knowledge of the

infringing activity, induces, causes or materially contributes to **the infringing conduct of another**.

Contributory copyright infringement occurs where a party with knowledge of infringing activity

materially contributes to **the infringing conduct of another**." *Coach, Inc. v. Swap Shop, Inc.*, 916

F.Supp.2d 1271, 1281 (S.D. Fla. 2012)(Emphasis Added) citing *Cable/Home Commc'n Corp. v.*

*Network Prods., Inc.*, 902 F.2d 829, 845 (11th Cir. 1990); *Casella v. Morris*, 820 F.2d 362, 365 (11th

Cir. 1987); *Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159, 1162

(2d Cir. 1971).

> With regard to federal copyright law, "[a] party infringes vicariously by 'profiting from **direct infringement** while declining to exercise a right to stop or limit it.' " *Pegasus Imaging Corp. v. Northrop Grumman Corp.*, 2008 WL 5099691 (M.D. Fla. Nov. 25, 2008) (quoting *Metro–Goldwyn–Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930, 125 S.Ct. 2764, 162 L.Ed.2d 781 (2005)). The defendant must have the right and ability to supervise **the infringing activity** and must have a direct financial interest. *Casella v. Morris*, 820 F.2d 362, 365 (11th Cir. 1987); *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d Cir. 1963). *See also Gershwin*, 443 F.2d at 1162 (holding that vicarious liability for copyright infringement occurs when one has the right and ability to supervise **the infringing activity** and also has a direct financial interest in such activities).

*Coach, Inc. v. Swap Shop, Inc.*, 916 F.Supp.2d at 1282 (Emphasis Added).

NetCE, by stipulation, has dismissed its claims of copyright infringement against Elite

with prejudice.  DE 303; 307.  The stipulation of dismissal with prejudice constitutes a final

judgment and operates as an adjudication on the merits.  *Citibank, N.A. v. Data Lease Fin. Corp.*,

904 F.2d 1498, 1501-02 (11th Cir. 1990).  *See also Kernel Records Oy v. Mosley*, Case No.

09-21597-CIV-TORRES, *6 (S.D. Fla. July 16, 2013)(dismissal with prejudice in copyright action

acts as adjudication on merits, entitling prevailing defendant to obtain attorney's fees).  Thus, by the

terms of the dismissal, Elite is not an infringer, and can never be so found.

Since there is no direct infringement by Elite, Dr. Jouria cannot be held indirectly

liable for Elite's conduct, or any damages arising thereunder.  *See Sony Corporation of America v.*

*Universal City Studios, Inc.*, 464 U.S. 417, 434 (1983)(Universal has "the burden of proving that

users of the Betamax have infringed their copyrights and that Sony should be held responsible for

that infringement."). Accord *Chamberlain Group v. Skylink Tech., Inc.*, 381 F.3d 1178, 1196 n.13

(Fed. Cir. 2004)(no copyright liability under §1201(a)(2) by inducement if no direct liability by

another under §1201(a)(1)). *See also Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct.

2111, 2115 (2014)(no indirect patent infringement by inducement, when there is no direct

infringement by another).

Dr. Jouria cannot be held liable for Elite's conduct, because Elite cannot be deemed

an infringer by operation of law, and by agreement of the parties. The significance of this is NetCE's

damages expert, Mr. James Pampinella, has given an opinion which relies not upon Dr. Jouria's

conduct, but, rather, solely upon Elite's "alleged" infringing conduct. Without that infringement by

Elite, Mr. Pampinella's damages opinion is neither reliable nor fit as applied to Dr. Jouria. *See* 17

U.S.C. §504(b)("The copyright owner is entitled to recover the actual damages suffered by him or

her as a **result of the infringement**)(Emphasis Added).

3.     **No Presumption of Validity of Registration; NetCE Has Not Identified Any Original Copyright Applications or Deposit Copies as Trial Exhibits**

The copyright holder must prove both: (1) ownership of a valid copyright, and (2)

copying of constituent elements of the work that are original. *Buc Intern. Corp. v. International*

*Yacht Council*, 489 F.3d at 1142 citing *Feist*, 499 U.S. at 361. NetCE admits that it must prove the

validity of its copyrights. *See* DE 319 at 53. It also has the burden of proving of copying.

In order to prove validity of its copyrights, NetCE must prove that the Works are

original and that it complied with statutory formalities. *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532,

1541 (11th Cir. 1996). *See also Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir.

2010)("plaintiff bears the burden of proving compliance with statutory formalities."). "A copyright

owner who wishes to register must: (1) complete an application [17 U.S.C. §409]; (2) deposit with the Copyright Office a copy of the work to be copyrighted, *id*. §408(b); and (3) pay a modest fee, *id*. §[4]08." *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1301 (11th Cir. 2012). Aside from the originality requirement, NetCE cannot prove that it complied with the statutory formalities.

NetCE has identified as trial exhibits neither the copyright applications nor the deposit copies with the Copyright Office. Under the Federal Rules of Evidence, "[a]n original writing, recording, or photograph is **required in order to prove its content** unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002. The Notes of Advisory Committee (2011) expressly state that copyright "falls in this [1002] category." Without the originals of these documents, NetCE cannot meet its burden of proving that it has any valid copyrights because it cannot meet its burden that it has complied with statutory formalities.

For the same reason, NetCE cannot prove the second prong of *Feist*, namely, that there was copying of constituent elements of the works that are original. Without the deposit copies introduced into evidence, there is no means by which the court or the jury can assess either substantial similarity or virtual identicality of the Works in question.

The beginning of any copyright infringement analysis commences with the copy deposited with the Copyright Office. *See Tavory v. NTP, Inc.*, 495 F. Supp. 2d 531, 536 (E.D. Va. 2007)(the deposit requirement "serves an evidentiary function. The copies that are submitted in connection with an application for registration then become part of a record by which claims of infringement are tested."); *Lanard Toys Ltd. v. Novelty, Inc.*, No. 05-cv-8406-CAS, 2007 WL 2439505, at \*-7 (C.D. Cal. 2006)(certificates of registration, without the deposited copy, even when combined with the declaration of plaintiff, are insufficient to establish ownership); *Alaska Stock,*

*LLC v. Pearson Education, Inc.*, 975 F. Supp. 2d 1027 (D. Alaska 2013)(same); *Abro Industries, Inc. v. 1 New Trade, Inc.*, Cause No. 3:14-CV-1984-TLS , at *9-11 (N.D. Ind. Oct. 30, 2017)(burden on copyright claimant to establish what was deposited with Copyright Office). *See also E. Mishan & Sons, Inc. v. Marycana, Inc*, 662 F. Supp. 1339 (S.D.N.Y. 1987) (an infringement analysis requires a comparison of the work deposited with the Copyright Office).

Even if the court went outside the best evidence rule Fed. R. Evid. 1002, and contrary to *Lanard Toys*, *supra*, and allowed testimony from a witness to lay the foundation regarding the statutory formalities, NetCE's 30(b)(6) witness Sarah Campbell admits that she did not file the copyright applications or submit the deposit copies with the Copyright Office.  DE 337-1 at 233. The person who did, identified as C.C. Chernev by Ms. Campbell, is not on NetCE's trial witness list.

Fed. R. Evid. 1002 requires the original copyright applications and original deposit copies to be introduced into evidence.  Because NetCE has failed to identify any in its trial exhibit list, NetCE cannot prevail on its copyright infringement claims as a matter of law under both *Feist* prongs.

4.      **Contract Interpretation**

At calendar call, the court granted without prejudice NetCE's motion in limine to preclude litigating issues decided by the court, DE 299.  *See* DE340 at 2.  This ruling pertains to the court's contract interpretation of "approved for publication." However, under California law, which governs the contracts at issue,[6] contract interpretation that requires consideration of the parties' intent

---

[6]The parties stipulate that California law applies to the construction of the FWAs.  *See* DE 300 (Pretrial Stipulation) at 19.

is a jury question.

"Approved for publication" is contract language that is subject to the jury's determination under California law because it addresses the intent of the parties.  "In construing contract terms, the construction given the contract by the acts and conduct of the parties with knowledge of its terms, and before any controversy arises as to its meaning, is relevant on the issue of the parties' intent." *Southern Pacific Transportation Co. v. Santa Fe Pacific Pipelines, Inc.* (1999) 74 Cal.App.4th 1232, 1242 [88 Cal.Rptr.2d 777].  "This rule of practical construction is predicated on the common sense concept that 'actions speak louder than words.' Words are frequently but an imperfect medium to convey thought and intention. When the parties to a contract perform under it and demonstrate by their conduct that they knew what they were talking about the courts should enforce that intent." *Crestview Cemetery Assn. v. Dieden* (1960) 54 Cal.2d 744, 754 [8 Cal.Rptr. 427, 356 P.2d 171]. "The conduct of the parties after execution of the contract and before any controversy has arisen as to its effect affords the most reliable evidence of the parties' intentions." *Kennecott Corp. v. Union Oil Co. of California* (1987) 196 Cal.App.3d 1179, 1189 [242 Cal.Rptr. 403].  While interpretation of a contract can be a matter of law for the court, *Parsons v. Bristol Development Co.* (1965) 62 Cal.2d 861, 865 [44 Cal.Rptr. 767, 402 P.2d 839], it is a question of fact for the jury if ascertaining the intent of the parties at the time the contract was executed depends on the credibility of extrinsic evidence. *City of Hope National Medical Center v. Genentech, Inc.* (2008) 43 Cal.4th 375, 395 [75 Cal.Rptr.3d 333, 181 P.3d 142].

Dr. Jouria asserts the parties' course of conduct is that credible extrinsic evidence that defines that intent of the parties which is within the purview of the jury.  The extrinsic evidence will establish that though the FWAs state Dr. Jouria would only be paid if the Articles were approved for

publication, he was actually paid well in advance of the approval for publication process. This extrinsic evidence is supported by the admission of NetCE at its deposition that Dr. Jouria was actually paid prior to approval for publication, and, in fact, that NetCE never approved for publication the at-issue Articles. *See* DE 183-4 at 4 Req. No. 32 ("NetCE never had the opportunity to approve the publication of the Seven Courses....").

The same is true for the term "expressly rejects" found in Paragraph 5 of the contracts. *See* DE 36-2 at 2. The burden is on NetCE to establish what that phrase meant to the parties and it should be up to the jury to determine what extrinsic evidence supports that interpretation. In this case, Dr. Jouria submits that NetCE expressly rejected the Articles by its conduct in refusing to publish them. NetCE takes the position that "expressly rejects" requires a written rejection, but a written requirement is not contained in the FWAs. *See* DE 36-2 at 2 ¶5(d).

For the term "Articles," it either means the "written articles [by Dr. Jouria] to [NetCE]," *see* DE 36-2 at 2 ¶4, or it means any variation thereof. This was an issue Dr. Jouria raised in his summary judgment motion that was not addressed in the court's order. *See* DE 183 at 7-8.[7] Because NetCE drafted the FWAs, DE 300 at 9 ¶13, and ambiguous terms are to be construed against it, *id*. at 19, Dr. Jouria again seeks construction of "Articles" as the "written articles" that he authored for NetCE, and not variations or similar versions of them.

---

[7]The evidence will establish at trial that Dr. Jouria never submitted the "written article" he wrote for NetCE to Elite, or any other party. If the court agrees with Dr. Jouria's contract construction of that phrase, and once established, the interpretation of "expressly rejects" becomes moot. *See* DE 36-2 at 2  ¶5(d)("Writer will not submit the Article to any other party for publication unless and until [NetCE] expressly rejects the Article.")(Underline Added).

Respectfully submitted,


/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Defendant Dr. Jassin Dr. Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 30, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


s/Richard S. Ross
Richard S. Ross, Esq.

**SERVICE LIST**
**CE Resource, Inc. v. Dr. Jassin Dr. Jouria et al.**
**Case No.: 15-61165-CIV-DIMITROULEAS**
**United States District Court, Southern District of Florida**
**(Ft. Lauderdale Division)**

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12ᵗʰ Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Daniel Kappes, Esq.
David Holtzman, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
Kristen McKinney, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
Minnie Kim, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*