# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No.: 0:15-cv-61165-WPD

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

           Plaintiff,

v.


DR. JASSIN JOURIA, and ELITE PROFESSIONAL EDUCATION, LLC.,

           Defendants.

_____/

DR. JASSIN JOURIA,

           Counter-Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

           Counter-Defendant,

_____/

## JURY INSTRUCTIONS

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this

case.

When I have finished you will go to the jury room and begin your discussions,

sometimes called deliberations.

### 3.2.2 The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it -- even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

### 3.3 Consideration of Direct and Circumstantial Evidence;
###    Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

### 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Notetaking**

In this case you have been permitted to take notes during the course of the trial, and most of you -- perhaps all of you -- have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

### 3.6.2 Expert Witness – When Expert Fees Represent a Significant Portion of the Witness's Income

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

**3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims,
   Counterclaims – Preponderance of the Evidence**

In this case it is the responsibility of the party bringing any claim to prove every essential part of the claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the party's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a party's claims by a preponderance of the evidence, you should find for the other party as to that claim.

8

**300. Breach of Contract**

Introduction

NetCE claims that it and Dr. Jouria entered into five contracts for Dr. Jouria to author medical research papers on different medical subject matters. NetCE claims that Dr. Jouria breached the contracts by selling those research papers to ELITE. NetCE also claims that Dr. Jouria's breach of the contracts caused harm to NetCE for which Dr. Jouria should pay. Dr. Jouria denies that he sold the research papers to Elite, rather Dr. Jouria claims that he rewrote his research papers and sold the revised papers to Elite. Dr. Jouria contends that he was only prohibited from selling to Elite the very same research papers that he wrote for NetCE, and thus he did not breach the contracts.

**303. Breach of Contract**

Essential Factual Elements

To recover damages from Dr. Jouria for breach of contract, NetCE must prove all of the following:

1. That NetCE and Dr. Jouria entered into a contract which is not in dispute;

2. That NetCE did all, or substantially all, of the significant things that the contract required it to do;

3. That Dr. Jouria did something that the contract prohibited him from doing;

4. That NetCE was harmed; and,

5. That Dr. Jouria's breach of contract was a substantial factor in causing NetCE's harm.

**Definitions**

      Within the meaning ascribed by the Freelance Writer Agreements ("FWAs"), the Articles written by Dr. Jouria and submitted to NetCE were "approved for publication."

      "Expressly rejects" means that NetCE expressed a rejection.

      "Articles" means only the medical research papers that Dr. Jouria wrote for NetCE.

**350. Introduction to Contract Damages**

If you decide that NetCE has proved its claim against Dr. Jouria for breach of contract, you also must decide how much money will reasonably compensate NetCE for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put NetCE in as good a position as it would have been if Dr. Jouria had performed as promised. To recover damages for any harm, NetCE must prove that when the contracts were made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contracts. NetCE also must prove the amount of its damages according to the following instructions. It does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages. NetCE'S damages cannot, however, exceed what it would have received if the contract had been fully performed on both sides.

**358. Mitigation of Damages**

If Dr. Jouria breached the contracts and the breach caused harm, NetCE is not entitled to recover damages for harm that Dr. Jouria proves NetCE could have avoided with reasonable efforts or expenditures. You should consider the reasonableness of NetCE's efforts in light of the circumstances facing it at the time, including its ability to make the efforts or expenditures without undue risk or hardship. If NetCE made reasonable efforts to avoid harm, then your award should include reasonable amounts that it spent for this purpose.

**360. Nominal Damages**

If you decide that Dr. Jouria breached the contracts but also that NetCE was not harmed by the breach, you may still award it nominal damages such as one dollar.

**9.1: Copyright – Validity – General Charge**

NetCE has also brought claims against Dr. Jouria for copyright infringement. To establish infringement, NetCE must prove two things:

First, you must find that NetCE owned a valid copyright.

And second, you must find that Dr. Jouria copied the work's original components.

I'll begin with instructions on validity and then explain ownership and infringement. After that I'll explain remedies.

**9.2: Copyright – Validity – Originality**

To qualify for copyright protection, the claimed work must be original to the author. "Original" means only that the author independently created the work – the author didn't copy it from other works -- and it possesses at least a minimal degree of creativity. However, facts are never original.

**9.4: Copyright – Validity – Effect of Registration**

For original works created after 1977, the work is automatically copyrighted at the moment of creation – even if the work is never registered with the United States Copyright Office. But generally, no suit for copyright infringement can be brought if the copyright hasn't been registered.

A certificate of registration made within five years after the first publication of the claimed work is evidence of the copyright's validity and the facts stated in the certificate. Specifically, the copyright registration creates a rebuttable presumption of validity. This means that the presumption would shift NetCE's burden of proving validity to Dr. Jouria to prove that the claimed copyright is invalid.

**9.7: Copyright – Validity – How Obtained**
**(For Use Where No Presumption of Validity Applies)**

Copyright automatically exists in a work the moment it is created. The owner may register the copyright by depositing a copy of the copyrighted work in the Library of Congress's Copyright Office. After determining that the material is copyrightable and that legal and formal requirements have been satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner. There's no administrative investigation on the originality or uniqueness of the work or a determination of the claim's validity. A certificate of copyright registration is refused only if the work falls outside the broad category of matter eligible for copyright registration.

So while the existence of a copyright registration may create some presumption that a work is indeed entitled to copyright protection, the fact that a copyright registration has been issued doesn't conclusively establish whether the work is entitled to copyright protection.

NetCE has the burden of establishing by a preponderance of the evidence that it owns a valid copyright.

**9.10 Copyright – Validity – Ideas and Expression**

Copyright protection doesn't extend to all the elements of a copyrighted work. Elements covered by the copyright protection are called "protected matter," and non-covered elements are "unprotected matter." Because unprotected matter isn't entitled to copyright protection, another author may copy it.

There are various types of unprotected matter. They include:

- a portion of the work, including tables and charts, that isn't original to the author;

- a portion of the work that's in the public domain; and

- an idea, concept, principle, discovery, fact, actual event, process, or method contained in a work.

A work that's "in the public domain" is one that does not have copyright protection, so anyone may use all or part of it in another work without charge.

In copyright law, it's important to distinguish between the ideas in a work and the author's expression of the ideas. The ideas in a work are unprotected matter. But an idea must be expressed in some way, and the expression or means of expression of an idea is protected matter.

For example, copyright law doesn't protect the idea of a determined captain hunting a giant whale. But copyright law does protect the particular expression of this idea in the book *Moby-Dick*.

Put another way, the author of a work has no exclusive right to the underlying ideas, concepts, principles, discoveries, facts, actual events, processes, or methods contained in a work. But the author's copyright does extend to the means by which those are expressed, described, depicted, implemented, or otherwise communicated in the work.

19

If you find that NetCE is seeking copyright protection in:

- a portion of a work, including tables and charts, that isn't original to the author;

- a portion of the work that's in the public domain; or

- an idea, concept, principle, discovery, fact, actual event, process, or method expressed or described in a work,

then you should exclude that material from the protected matter NetCE's copyright-infringement claim can be based on.

**9.11 Copyright – Validity – The Merger Doctrine**

Copyright law provides that an author can usually copy unprotected matter but not copy the manner another author selected for expressing a particular matter. But there's an exception to this prohibition if there's only one way, or only a few ways, of expressing the ideas or other unprotected matter in a work. In such cases, an author may copy the expression in the work to the extent necessary to express the unprotected matter. Dr. Jouria claims that this exception applies in this case.

This exception is called the "merger doctrine" because when there are only a few ways of expressing unprotected matter, the expression is said to have "merged" with the unprotected matter. The merger doctrine can apply to any unprotected matter such as ideas, facts, or events. The doctrine can apply to literal text, such as when facts can be effectively expressed only by using specific words or a limited range of words.

**9.12 Copyright – Ownership – General Charge**

Now that I've explained validity, we'll move to the issue of ownership.

NetCE must prove ownership of a copyright in Gastroesophageal Reflux Disease, Cancer and Chemotherapy, Traumatic Brain Injury, Depression v. Dementia in the Elderly, and Non-antibiotic Antimicrobial Pharmacology by a preponderance of the evidence. NetCE can prove ownership by evidence showing that it:

- is an author (or creator) of the work [and didn't transfer to another the exclusive rights being asserted], or

- acquired legal ownership by transfer of the copyright in the exclusive right[s] Dr. Jouria allegedly infringed.

**9.15 Copyright – Ownership – Work Made for Hire**

NetCE claims ownership of Gastroesophageal Reflux Disease, Cancer and Chemotherapy, Traumatic Brain Injury, Depression v. Dementia in the Elderly, and Non-antibiotic Antimicrobial Pharmacology (the "Five Courses") based on the creation of the works for it as works made for hire, under the terms of five (5) contracts between NetCE and Dr. Jouria known as the "Freelance Writer Agreements" (FWAs). If the work is a work made for hire, NetCE is considered the author and the copyright's owner. To prove ownership of a work for hire, NetCE must prove one of the following:

First, that Dr. Jouria created the Five Courses within the scope of the FWAs, and that NetCE didn't sign a written document giving the copyright to the Dr. Jouria.

Or second, that NetCE specifically ordered or commissioned the Five Courses for use as an instructional text, and NetCE and Dr. Jouria signed a written document confirming that the work was to be considered a work made for hire.

**9.17 Copyright – Infringement – Introduction to Elements**

If you're persuaded that NetCE owns a valid copyright, you can consider whether Dr. Jouria improperly copied NetCE's copyrighted material. It is the burden of NetCE to show that Dr. Jouria infringed on its valid copyright. This is called "infringement" of a copyright. NetCE must show that Dr. Jouria infringed on its valid copyright.

In this case, NetCE claims that Dr. Jouria infringed its copyright in the Five Courses by selling parts of the articles to Elite Professional Education, LLC ("Elite"), entitled Gastroesophageal Reflux Disease, Cancer and Chemotherapy, Traumatic Brain Injury, Depression v. Dementia in the Elderly, and Non-antibiotic Antimicrobial Pharmacology (the "Five Courses"). To succeed on this claim, NetCE must prove that Dr. Jouria copied the parts of NetCE's copyrighted work that the law protects.

There are two ways in which NetCE can prove a claim of copyright infringement.

First, NetCE can show direct evidence that Dr. Jouria actually copied the copyrighted material. For example, NetCE could introduce believable eyewitness testimony or an admission by Dr. Jouria. Such direct evidence is rare.

Or second, NetCE can show indirect or circumstantial evidence that Dr. Jouria copied its work. For example, indirect evidence of infringement may be proof that Dr. Jouria tried to get a copy of NetCE's work and then published a course that is substantially similar to Plaintiff's courses. In general, the two elements of infringement are (1) access and (2) substantial similarity.

**9.18 Copyright – Infringement – Access**

Remember, I described the two general elements of infringement as (1) access and (2) substantial similarity of original, protectable expression. I'll now discuss access in more detail.

NetCE can show that Dr. Jouria had "access" to its works by showing that Dr. Jouria had a reasonable opportunity to see the works. Dr. Jouria concedes that he had access to the works because he wrote them for NetCE.

**9.19 Copyright – Infringement – Substantial Similarity**

Having discussed access, I'll now discuss the issue of substantial similarity. NetCE must prove that Dr. Jouria's accused work is substantially similar to its copyrightable expression in the copyrighted work. Dr. Jouria's accused work is substantially similar in expression to NetCE's if an ordinary observer would conclude that Dr. Jouria unlawfully took NetCE's protectable expression by taking material of substance and value.

Even if the degree of similarity between NetCE's copyrighted work and Dr. Jouria's accused work is small in quantity, you can still find that there's substantial similarity if the copied portions of NetCE's copyrighted work are important in quality.

But if Dr. Jouria's copying is minimal or trivial, you shouldn't find infringement.

**Instruction Regarding Unavailability of Dr. Jouria's Computer**

If you find the following factors, you may presume that there was evidence favorable to NetCE on Dr. Jouria's computer: (1) evidence once existed that could fairly be supposed to have been material to the proof or defense of a claim at issue in the case; (2) Dr. Jouria engaged in an affirmative act causing the evidence to be lost; (3) Dr. Jouria did so while he knew or should have known of his duty to preserve the evidence; and (4) the affirmative act causing the loss cannot be credibly explained as not involving bad faith by the reason proffered by Dr. Jouria.

**9.20 Copyright – Infringement – Contributory Infringement**

In this case, NetCE claims that in addition to direct infringement, Dr. Jouria also is a contributory infringer. A "contributory infringer" is one who, with knowledge of another's infringing conduct, induces, causes, or materially contributes to the infringing conduct. "Knowledge" means the alleged contributory infringer actually knew, or had reason to know, of the infringement. If you find that there has been a direct infringement of NetCE's copyrighted materials by one party (*e.g.*, as here, by a company called Elite Professional Education, which is no longer a party in the case), you can also consider whether there has been "contributory infringement" by another defendant (or a third party).

**9.21 Copyright – Infringement – Vicarious Infringement**

If you find that there is a direct infringement, you can then consider whether there has also been a vicarious infringement. A "vicarious infringer" is one who profits from a direct infringement while declining to exercise its right and ability to stop or limit the infringement.

Under this doctrine a party is responsible for the direct infringer's acts if the party controlled or supervised, or had the right and ability to control or supervise, the direct infringer's actions.

If you find that there has been a direct infringement of NetCE's copyrighted materials by one defendant (or third party), you can consider whether there has been "vicarious infringement" by another defendant.

To find that Dr. Jouria is liable for another party's infringement, you must first find that Dr. Jouria had the right and ability to control or supervise the other party's infringing action and either controlled the action, or failed to exercise its right and ability to prevent the infringement. Also, you must find that Dr. Jouria directly profited from the other's infringement.

**9.30 Copyright – Damages – General Charge**

If you find that NetCE has failed to prove ownership of a valid copyright or failed to prove by a preponderance of the evidence its copyright infringement claim, you are not to consider the question of damages. If you find that NetCE has proved by a preponderance of evidence that Dr. Jouria has infringed one or more of NetCE's valid copyrights that it owns, then you must determine whether NetCE has proved damages. NetCE may recover its actual damages, if any.

In the next instruction, I'll define how you must determine the amount of damages, if any, to award to NetCE.

**9.31 Copyright – Damages – Actual Damages**

NetCE is entitled to recover any actual damages suffered because of the infringement found. "Actual damages" means the amount of money adequate to compensate NetCE for any losses caused by the infringement. In this case, NetCE claims its actual damages are measured by:

> 1. the profits NetCE should have received for sales lost because of the infringement; ~~or~~

NetCE has the burden of first proving to a reasonable probability a causal connection between Dr. Jouria's alleged act of infringement and any loss claimed. If NetCE does so, Dr. Jouria must show that the claimed loss would have occurred even if there had been no infringement by Dr. Jouria.

However, any actual damages that you might find against Dr. Jouria should be based upon his acts alone, and not upon acts of any other person or entity.

### 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

