**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Fort Lauderdale Division)**

**CASE NO.:15-61165-CIV-DIMITROULEAS**

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Plaintiff,

v.

DR. JASSIN JOURIA, and ELITE PROFESSIONAL EDUCATION, LLC,

    Defendants,
_____/

DR. JASSIN JOURIA,

    Counter-Plaintiff,

v.

CE RESOURCE, INC. d/b/a CME RESOURCE
and NetCE,

    Counter-Defendant.
_____/

**DEFENDANT DR. JASSIN JOURIA'S REPLY TO NETCE'S OPPOSITION TO CONSOLIDATED POST-TRIAL MOTION PURSUANT TO FED.R.CIV.P. 50, 59 AND 60; MOTION TO STAY EXECUTION OF JUDGMENT**

COMES NOW, the Defendant, Dr. Jassin Jouria ("Dr. Jouria"), who respectfully replies to Plaintiff, CE Resource, Inc.'s ("NetCE"), opposition to Dr. Jouria's motion for post-trial relief under Rules 50, 59 and 60, Federal Rules of Civil Procedure. Dr. Jouria's three grounds for relief[1] are not met with any substantial argument, grounded in fact or law, by NetCE. Accordingly,

---

[1] 1) The settlement amount ("Settlement Amount") contained in the Settlement Agreement ("Settlement Agreement"), *see* DE 335-1, between NetCE and the settling Defendant Elite Professional Education, LLC ("Elite") affords Dr. Jouria a reduction in the Final Judgment

Dr. Jouria is entitled to the relief he seeks.

## I. LEGAL ARGUMENT

### A. Sameness of the Copyright Infringement Injury.

The binding authority of the Eleventh Circuit Court of Appeal's decision in *BUC* resolved the same issue presented by this motion, where, like here, some defendants settled a copyright infringement claim while others did not. "[T]he Copyright Act allows only a single recovery for a single sale; where multiple defendants are all involved with sales, as are the [non-settling] and the settling defendants here, their liability is joint and several and recovering from one reduces the liability of the others." *Id*. at 1278 (internal quotation marks omitted). NetCE concedes in its reply that both Dr. Jouria and Elite were involved in the same alleged copyright infringement (DE 36, Claim 1 at 29 ¶86), *see* Response, DE 365 at 6 n.5. So, it is rather nonsensical for NetCE to argue that there is no sameness of the injury it settled with Elite, and the injury it tried against Dr. Jouria.

Furthermore, as in *BUC*, there can be no doubt but that the Settlement Amount NetCE received from Elite is for the same copyright infringement injury to which Dr. Jouria was found liable. First, the Settlement Agreement between NetCE and Elite actually settled the copyright infringement claims that are identical to the claims (the same copyright registrations for the same research papers) that NetCE tried against Dr. Jouria. Second, the only remaining claim against Elite,

---

("Judgment"), DE 351, under the one-satisfaction rule. *See BUC International Corp. v. International Yacht Council Limited*, 517 F.3d 1271, 1275 (11th Cir. 2008); *see also* Fed.R.Civ.P. 60(b)(5); 2) regardless of Elite's Settlement Amount paid to NetCE, Dr. Jouria is entitled to judgment as a matter of law, or, in the alternative, to an amendment of the Judgment, on the issue of copyright infringement damages, *see* Fed.R.Civ.P. 50(b); 59(e); and 3) the court's contract construction of "Articles," DE 350 at 11, made after the close of evidence, precludes a finding of breach. *See* Fed.R.Civ.P. 50(b).

other than copyright infringement claim, was NetCE's trade secret misappropriation claim. However, that claim alleges the same injury which "injury is in essence identical to the injury caused by the infringing acts" of Dr. Jouria. *See id*. at 1279 (The *BUC* court found that a breach of contract claim alleged the same injury as the copyright infringement claim.). As Dr. Jouria argued in his motion and copied here,[2] NetCE's alleged misappropriation claim resides in the fact that Elite published infringing articles authored by Dr. Jouria. This is the same injury alleged in NetCE's copyright infringement claim made against both Elite and Dr. Jouria.

Finally, Dr. Jouria's motion asks for a *pro tonto* dollar-for-dollar reduction approach to the one-satisfaction rule, as did the non-settling defendants in *BUC,* which that court ordered without remand. For reasons stated in the motion, and now coupled with NetCE's lack of any objection to the *pro tonto* application in its opposition, NetCE has waived any right to assert otherwise.

Dr. Jouria moves for an order reducing the copyright infringement $2 million verdict against him by the full Settlement Amount contained in the NetCE-Elite Settlement Agreement, *pro tonto*. Upon entry of that reduction, Dr. Jouria respectfully requests the court amend the Judgment accordingly.

---

[2]NetCE alleged in its first amended complaint that: 1) that Elite's predecessor was given trade secret information from NetCE including the name of Dr. Jouria and copies of the Articles he wrote for NetCE, DE 36 at 21 ¶¶45, 46; 2) that NetCE's copyrights were infringed by the collective efforts of Elite, its predecessor, and Dr. Jouria, *id*. at 25 ¶69; at 26 ¶77; 3) that Elite used the trade secret information learned from its predecessor to infringe NetCE's copyrights, *id*. at 27, ¶¶78, 79; 4) that Dr. Jouria and Elite together infringed NetCE's copyrights (Claim One), *id*. at 29 ¶¶82-86; and, 5) that Elite, through its predecessor, misappropriated NetCE's confidential work product by publishing "offending articles" created from the Articles Dr. Jouria authored for NetCE. *Id*. at 36-38 ¶¶127-134.

B.     **NetCE Submits No Evidence Supporting Copyright Infringement Damages.**

NetCE's opposition fails to refute the lack of evidence supporting Mr. Pampinella's expert opinion regarding lost profits as damages. NetCE correctly notes that Dr. Jouria raised this issue three times prior to trial, DE 365 at 8 n.6, and the evidence at trial bore out the legitimacy of Dr. Jouria's position. NetCE acknowledges that it did not produce any evidence of even a single lost sale.[3] Mr. Pampinella testified on cross-examination that without proof of lost sales there would be no basis to claim lost profits as damages.

NetCE's primary fact witness conceded no lost sales; its expert witness testified that without lost sales there would be no lost profits. Thus, no reasonable jury could arrive at a verdict of lost profits as damages based upon the evidence, contrary to the result that occurred here, *see* DE 349 at 4. The purpose of Rule 59(e) is to provide the district court with a means for correcting errors that may have "crept into the proceeding" while it still has jurisdiction over the case. *See Sosebee v. Astrue*, 494 F.3d 583, 589 (7th Cir. 2007). The district court now has the opportunity to correct the jury's verdict of lost profits where there was no evidence of any NetCE lost sales. Dr. Jouria submits that NetCE simply provided no evidence upon which to assert a claim for actual damages, including lost profits, and the full $2 million copyright damages award should be reduced to zero.

C.     **NetCE Misconstrues Dr. Jouria's Motion Regarding the Court's Construction of "Articles".**

NetCE misconstrues Dr. Jouria's argument regarding the court's construction of "Articles" in the Freelance Writer Agreements (FWAs). *See generally* DE 36-2. The court construed

---

[3]Though NetCE couches the testimony in terms of identification of specific customers, *see* DE 365 at 8-9, Ms. Campbell actually admitted through her testimony that she had no evidence of any NetCE **lost sales** (not specific customer names) resulting from the infringement.

"Articles" as "only the medical research papers that Dr. Jouria wrote for NetCE," and so instructed the jury. DE 350 at 11. The court, in its construction, rejected an interpretation of "Articles" to include rewrites or revisions. Thus, contrary to NetCE's position, Dr. Jouria concurs in the court's construction of the term.

It is NetCE who argues in its opposition, for the first time, for a different construction. NetCE contends that the court should have construed "Articles" to include "*any part*" of the Articles. DE 365 at 10. It is plain from the instruction that the court did not construe the term as NetCE asserts, and for an obvious reason - the FWA language exclusively drafted by NetCE does not state "any part" of the Articles. *See e.g.*, DE 36-2 at 2 ¶5.

The evidence presented at trial supports only that the medical research papers Dr. Jouria submitted to Elite were not the medical research papers he wrote for NetCE. NetCE does not deny this in its response, or cite to any opposing evidence at trial because it cannot do so. NetCE introduced Ms. Campbell who testified that the Elite medical research papers were not identical to the NetCE medical research papers, but only were similar or substantially similar. NetCE's own trial exhibits of the works themselves bear this out as well. *See* Motion, DE 364 at 9-10.

Dr. Jouria argued this precise issue under Rule 50, and then renewed the argument at the close of all the evidence. No reasonable jury could have found Dr. Jouria to be in breach given the court's construction of "Articles," based upon the evidence in the case. Dr. Jouria submits that, on this issue, he is entitled to judgment as a matter of law.[4]

---

[4] In the alternative, Dr. Jouria seeks a remittitur of the contract damages to an amount totaling $43,950.00. *See* DE 364 at 10-11. NetCE's contention that the evidence supported the $1 million contract damages verdict, based upon Mr. Pampinella's lost profits theory, *see* DE 365 at 11, is misplaced. NetCE did not advocate for, and the court did not instruct the jury to consider, lost profits to support contract damages. *See* DE 350 at 12.

**II.     CONCLUSION**

Wherefore, Dr. Jouria respectfully moves this court for relief from the Judgment and/or a new trial. Dr. Jouria submits that he is entitled to a reduction of the Judgment amount in its entirety to zero as a matter of law.  Otherwise, Dr. Jouria seeks a reduction of the Judgment in an amount equal to the Settlement Amount paid by Elite to NetCE, plus a reduction in contract damages to that which is supported by the evidence, to wit:  $43,950.00.

Finally, should the court not grant Dr. Jouria the relief he seeks, he respectfully asks the court to stay execution of the judgment pending appeal.  *See* Fed.R.App.P. 8(a)(1)(A).

Respectfully submitted,


/s/ Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Defendant Dr. Jassin Jouria
Fla. Bar No. 436630
915 S.E. 2 Court
Ft. Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 9, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                               s/Richard S. Ross
                                                                               Richard S. Ross, Esq.

**SERVICE LIST**
*CE Resource, Inc. v. Dr. Jassin Dr. Jouria et al.*
Case No.: 15-61165-CIV-DIMITROULEAS
United States District Court, Southern District of Florida
(Ft. Lauderdale Division)

Philip E. Rothschild, Esq.
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., 12th Floor
Ft. Lauderdale, FL  33301
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Daniel Kappes, Esq.
David Holtzman, Esq.
John P. Kern, Esq.
HOLLAND & KNIGHT, LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Method of Service: NEF
*(Attorneys for CE Resource, Inc. d/b/a CME Resource and NetCE)*

Peter A. Chiabotti, Esq.
Kristen McKinney, Esq.
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*

J. Mark Wilson, Esq.
Kathryn G. Cole, Esq.
Minnie Kim, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Method of Service: NEF
*(Attorneys for Elite Continuing Education, Inc.)*